1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants | Case No. 3:25-cv-03698-SI <br><br> **[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

[PROPOSED] ORDER GRANTING TRO AND ORDER TO SHOW CAUSE, No. 3:25-cv-03698-SI

1    Plaintiffs' application for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue came before this Court for consideration on _____, 2025.  Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the TRO application is GRANTED.

    The Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public interest.  In support of this Order, the Court makes the following findings:

- On February 11, 2025, President Trump issued his Workforce Executive Order No. 14210 to "commence a critical transformation of the Federal bureaucracy" and directed all federal agencies to "eliminat[e] waste, bloat, and insularity" by immediately engaging in mandatory "large-scale reductions-in-force (RIFs)" in furtherance of "reorganization" of the government. *See* 90 Fed. Reg. 9669 (Feb. 11, 2025).  Among other things, the Executive Order also directs federal agencies to eliminate all "agency initiatives, components, or operations that my Administration suspends or closes." *Id.*

- The Plaintiffs are likely to prevail on their claim that the Executive Order is *ultra vires* and exceeds President Trump's authority; that no provision of the Constitution grants the President the power to order federal agencies to engage in large-scale reductions in force, to reorganize or eliminate the various departments between and within agencies, or to otherwise restructure the federal government; and that Congress has not delegated to the President the authority to do so by statute.

- On February 26, 2025, Defendants Office of Management and Budget ("OMB") and Office of Personnel Management ("OPM") issued a Memorandum to all federal agencies directing compliance with the Executive Order.  *See* OMB/OPM Memorandum re: Guidance on Agency RIF and Reorganization Plans Requested by Implementing The President's "Department of Government Efficiency" Workforce Optimization Initiative (Feb. 26, 2025). The Memorandum requires agencies to submit to OMB and OPM for approval under

unreasonable timeframes, and to implement according to specific instructions and requirements, Agency RIF and Reorganization Plans ("ARRPs") for large-scale RIFs and closure of agency programs. *See id.* Defendant Department of Government Efficiency ("DOGE") is imposing and enforcing directives to agencies to cut staff, programs, and offices in furtherance of the Executive Order and as part of these ARRPs.

- Plaintiffs are likely to prevail on their claims that the actions by OPM, OMB, and DOGE implementing Executive Order 14210 exceed those agencies' authority and are ultra vires; and that OPM's, OMB's, and DOGE's actions also violate the Administrative Procedure Act ("APA") because they exceed authority; are arbitrary and capricious; and OPM and OMB failed to comply with notice-and-comment rulemaking.

- Defendants AmeriCorps, Department of Agriculture, Department of Commerce, Department of Energy, Environmental Protection Agency, General Services Agency, Department of Health and Human Services, Department of Housing and Urban Development, Department of Interior, Department of Labor, National Labor Relations Board, National Science Foundation, Small Business Association, Social Security Administration, Department of State, Department of Treasury, and Department of Veteran Affairs and their agency heads named in their official capacities as Defendants in this lawsuit ("Federal Agency Defendants") are implementing the Executive Order pursuant to OMB and OPM's Memorandum, including through ongoing and imminent RIFs.

- Plaintiffs are likely to succeed on their claims that Federal Agency Defendants' implementation of Executive Order 14210 is arbitrary and capricious, because by relying on the President's, OPM and OMB's, and DOGE's orders to execute large-scale RIFs, including by dismantling agency programs, offices, and functions, the agencies have failed to consider important aspects of the problem and all relevant factors, failed to provide any reasoned explanation for their action, reversed position without explanation, and otherwise failed to engage in reasoned decision-making.

- Plaintiffs have demonstrated that Defendants' challenged actions have caused and will continue to cause irreparable injury in the form of, *inter alia*, violation of constitutional separation of powers mandates; harm to federal, state, local, and private employees who are members of and/or represented by Plaintiffs, including the imminent loss of jobs and employer-provided health insurance coverage; adverse impacts on the members of plaintiff non-profit organizations, cities, and counties due to the loss of government services on which they rely; injury to the labor unions and other plaintiff organizations that have been forced to divert resources to aid their members and obtain information in the face of many Defendant Agencies' lack of transparency as to current plans for RIFs; and deprivation of all Plaintiffs' opportunity to provide comments through notice-and-comment rulemaking.
- The balance of equities and public interest favor injunctive relief, particularly in light of the imminent harm to government services caused by impending terminations of tens of thousands of federal employees.

This Court has subject matter jurisdiction to hear Plaintiffs' claims, including because Plaintiffs have demonstrated Article III standing and because Congress has not required that Plaintiffs' claims be initially adjudicated by any administrative agency prior to this Court's exercise of jurisdiction pursuant to 28 U.S.C. §1331.

Accordingly, pursuant to this Court's authority including but not limited to authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" (5 U.S.C. §705), IT IS HEREBY ORDERED that, pending an order by this Court as to whether a preliminary injunction should issue, OMB, OPM, and Federal Defendant Agencies identified above; their officers, agents, servants, employees, and attorneys; and all persons acting by, through, under, or in concert with these Defendants (referred to collectively hereinafter as "TRO Defendants") are hereby enjoined and/or stayed from taking any actions to implement or enforce Executive Order 14210 or the OMB/OPM Memorandum, including but not limited to:

(1) any further approval of ARRPs by OMB and OPM;

(2) any further orders by DOGE to agencies to cut programs or staff in conjunction with

implementing the Executive Order, the OMB/OPM Memorandum, or the ARRPs;

(3) any further implementation of the Executive Order, the OMB/OPM Memorandum, or ARRPs by Federal Agency Defendants, including but not limited to execution of any existing RIF notices, issuance of any further RIF notices, and placement of employees on administrative leave; and

(4) any further transfer of functions or programs between any Federal Agency Defendants in conjunction with implementing the Executive Order, the OMB/OPM Memorandum, or the ARRPs.

IT IS FURTHER ORDERED that, good cause having been shown pursuant to Federal Rule of Civil Procedure 26(d), OMB and OPM must provide to the Court and to Plaintiffs the current versions of all Federal Defendant Agency ARRPs within two (2) business days.

IT IS FURTHER ORDERED that, within two (2) business days, TRO Defendants shall serve and file a declaration(s) verifying that they have complied with this Order and detailing what steps, if any, they have taken to do so.

IT IS FURTHER ORDERED that Plaintiffs' moving papers for a preliminary injunction shall be filed no later than _____, 2025; opposition papers to Plaintiffs' request for a preliminary injunction shall be filed by TRO Defendants no later than _____, 2025; Plaintiffs may file a reply in support of their motion for preliminary injunction no later than _____, 2025; and a hearing on Plaintiffs' request for a preliminary injunction will be held on _____, 2025 at _____.

IT IS SO ORDERED.

Dated: _____, 2025      _____
                                        The Honorable Susan Illston
                                        United States District Court Judge