David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY
FOR THE CITY AND COUNTY OF
SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

Attorneys for Plaintiff
City and County of San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-03698<br><br>**DECLARATION OF SAN FRANCISCO FIRE CHIEF DEAN CRISPEN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY RELIEF** |

**DECLARATION OF FIRE CHIEF DEAN CRISPEN**

I, Dean Crispen, declare as follows:

1. I am the Chief of the San Francisco Fire Department (SFFD). I am 34-year SFFD veteran and began my career with the SFFD in July of 1990 as a Firefighter EMT. Since the beginning of my career, I have worked at several of the busiest fire stations in San Francisco. I was promoted to Battalion Chief over ten years ago, and most recently served as Battalion Chief in the Downtown and South of Market (SoMa) districts. I have responded to over fifty major incidents in San Francisco as an Incident Commander and participated in relief efforts in New York City after the September 11, 2001 attacks. I am highly trained and certified in Hazardous Materials (HazMat), Heavy Rescue, Confined Space Rescue, Scuba and Surf Rescue, Fire Investigation and Prevention, and Wildland Firefighting. Except where otherwise indicated, the following facts are known to me personally, and if called upon as a witness, I would testify to them competently.

2. As part of the SFFD's work, the department renders mutual aid to other jurisdictions addressing large fire incidents such as wildfires. Mutual aid is driven by reciprocity—we expect other jurisdictions to come help San Francisco if it faced widespread fires, just as they expect us to provide assistance. And mutual aid is required by California law. The SFFD's responsibilities for mutual aid to other California jurisdictions are set forth in California laws including the California Emergency Services Act (Chapter 7 of Division 1 of Title 2 of the Government Code) 1970 Statutes, California Labor Code section 3211.92, and Government Code section 8690.6. Consistent with these requirements, the City and County of San Francisco (San Francisco) is a party to the California Master Mutual Aid Agreement. The Master Mutual Aid Agreement is an agreement among the State of California, its various departments and agencies, and the various political subdivisions, municipal corporations, and other public agencies of the State of California including San Francisco. The California Governor's Office of Emergency Services, representing the California Fire and Rescue Mutual Aid System, executed the California Fire Assistance Agreement with federal fire agencies

(USDA Forest Service, USDI National Park Service, Bureau of Land Management, Fish and Wildlife Services, and Bureau of Indian Affairs) to coordinate the use of and reimbursement for local government fire and rescue resources used at wildfire incidents.

3. Given this governing structure for mutual aid in California, significant layoffs of firefighters and command staff in California by federal fire agencies such as the Forest Service will also trigger increased mutual aid obligations on the SFFD, which will stress the SFFD's resources. SFFD pulls from active members to fill positions needed for mutual aid. This triggers an overtime expense for firefighters remaining in San Francisco and puts a strain on those members to fill the required positions. There is an element of cost sharing to meet mutual aid obligations, so increased mutual aid obligations would increase local costs, and San Francisco is already facing a deficit in the coming budget cycle. Not all SFFD members are qualified in mutual aid training so increasing local obligations to fill a gap created by federal layoffs would put an additional strain on qualified members of the SFFD and drain the "recall" pool of members available for local disasters. Increased mutual aid obligations would also add wear and tear on the SFFD's equipment, likely resulting in the need to replace equipment more frequently. Incident management additionally requires trained personnel, which local departments like the SFFD will need to fill if the federal government steps back from its obligations. Furthermore, training costs will increase if local jurisdictions are required to fill a gap created by the federal government's absence.

4. California has large areas of federal land that fall under the primary jurisdiction of the federal fire agencies. Beyond effects on mutual aid, reducing the workforce at those agencies will require increased response from local and state firefighters to protect land bordering federal property and address the spread of wildfire to non-federal land.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed April 29, 2025 at San Francisco, California.

Dean Crispen