| | |
|---|---|
| HARRIS COUNTY, TEXAS<br>CHRISTIAN D. MENEFEE (pro hac forthcoming)<br>JONATHON G.C. FOMBONNE (pro hac forthcoming)<br>TIFFANY BINGHAM (pro hac forthcoming)<br>SARAH UTLEY (pro hac forthcoming)<br>BETHANY DWYER (pro hac forthcoming)<br>R. CHAN TYSOR (pro hac forthcoming)<br>ALEXANDRA KEISER (pro hac forthcoming)<br>1019 Congress Street<br>15th Floor<br>Houston, Texas 77002<br>Telephone: (713) 274-5102<br>Email: jonathan.fombonne@harriscountytx.gov<br>tiffany.bingham@harriscountytx.gov<br>sarah.utley@harriscountytx.gov<br>bethany.dwyer@harriscountytx.gov<br>chan.tysor@harriscountytx.gov<br>alex.keiser@harriscountytx.gov | DEMOCRACY FORWARD FOUNDATION<br>ELENA GOLDSTEIN (pro hac forthcoming)<br>SKYE PERRYMAN (pro hac forthcoming)<br>P.O. Box 34553<br>Washington, D.C. 20043<br>Telephone: (202) 448-9090<br>Fax: (202) 796-4426<br>Email: egoldstein@democracyforward.org<br>sperryman@democracyforward.org<br><br>PUBLIC RIGHTS PROJECT<br>JILL HABIG, State Bar # 268770<br>490 43rd Street, Unit #115<br>Oakland, CA 94609<br>Telephone: (510) 738-6788<br>Email: jill@publicrightsproject.org |
| *Attorneys for Plaintiff*<br>*Harris County, Texas* | *Attorneys for Plaintiff*<br>*Harris County, Texas* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-03698<br><br>**DECLARATION OF DARRELL HAHN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY RELIEF** |

# DECLARATION OF DARRELL HAHN

J, DARRELL HAHN, declare:

1. I am a Director of Permits for the Harris County Office of the County Engineer (OCE). As Director of Permits, I manage groups relating to permitting for unincorporated Harris County, including residential, commercial site development, buildings, public works and infrastructure, right of way projects, floodplain management, inspections and compliance. I also serve as Floodplain Administrator and Community Rating System Coordinator for Harris County.

2. I have held this position since 2024 and have worked in permitting for Harris County for 17 years. I previously served in the United States Air Force for ten years. I am a licensed professional engineer in the State of Texas and a Certified Floodplain Manager.

3. I am familiar with the facts and circumstances of this matter, in which President Trump issued Executive Order 14210 to "commence a critical transformation of the Federal bureaucracy". Specifically, the Order directed all federal agencies to "eliminat[e] waste, bloat, and insularity" by engaging in "large-scale reductions-in-force (RIFs)" and preparing "reorganization plans."[1] This overhaul has included actual, impending and potential RIFs to agencies which would impact the operations of the Harris County Office of the County Engineer and cause harm to residents of Harris County.

4. I make this declaration in support of the above-captioned case. Except as otherwise stated, I have personal knowledge of the matters set forth herein and can and will testify thereto if called upon to do so.

## Harris County, Texas

5. Harris County has a population of over 5 million residents and is continuing to grow.[1] Harris County is the most populous county in Texas and along the coast of the Gulf Coast, as well as the third most populous county in the nation. Harris County has a land area coverage of 1,706.96 square miles, which includes the City of Houston; complex highway infrastructure and industrial

---

[1] *Quick Facts: Harris County, Texas,* U.S. CENSUS BUREAU, https://www.census.gov/quickfactsTact/table/harriscountytexas/LNDI10220 (last visited Apr. 23, 2025).

development; and interconnected waterways including bayous, reservoirs, and the Houston Ship Channel.2

6. Harris County is prone to flooding and other natural disasters due to its proximity to the Gulf Coast, flat and low-level elevation, and rapid urbanization. Harris County experiences a major flooding event approximately every two years, resulting in hundreds of millions of dollars in damages since the inception of the Harris County Flood Control District in 1937. More funds have been paid to Harris County than to any other community under the National Flood Insurance Program (NFIP).3

**Harms Related to Reorganization of U.S. Department of Homeland Security**

7. In the past 10 years, FEMA has declared 14 disasters in Harris County, including four declarations in 2020.4 These disaster declarations have included hurricanes, biological events, severe thunderstorms, and severe ice storms and cold. Major disaster declarations provide federal assistance to the impacted area through individual assistance, public assistance, and hazard mitigation assistance. These supplemental grants and loan programs support individuals, households, government entities, and certain non-profits in recovery from disaster damages. Additionally, FEMA has operated Disaster Recovery Centers within Harris County to provide one-on-one support for impacted constituents following disasters.5

8. Harris County has reviewed information related to the RIFs the Trump Administration is currently implementing. It is clear that large-scale cuts to the federal workforce are underway and more are anticipated. Department of Homeland Security Secretary, Kristi Noem, has stated that FEMA should be completely eliminated.

---

[2] *Id.*

[3] *Harris County's Flooding History,* HARRIS CNTY Flood CONTROL DIST., https://www.hcfcd.org/About/Harris-Countys-Flooding-History (last accessed April 24, 2025).

[4] *Disaster Declarations for States and Counties,* Fed. Emergency Mgmt. Agency, https://www.fema.gov/data-visualization/disaster-declarations-states-and-counties (last accessed April 24, 2025).

[5] Press Release, Fed. Emergency Mgmt. Agency, Disaster Recovery Center Opens in Harris County (June 17, 2024), https://www.fema.gov/press-release/2024Q617/disaster-recovery-center-opens-harris-county.

9. Harris County will be impacted by significant reductions in the federal workforce across agencies because it relies on the critical services that many of these federal agencies provide. However, Harris County will be particularly impacted by any cuts made to FEMA personnel, given its susceptibility to natural disasters and frequent disaster declarations.

10. The most significant assistance that FEMA provides to my division of Harris County takes the form of routine, non-emergency "steady state" services. Letters of Map Revisions (LOMR) are an example of these types of steady state FEMA interactions. OCE receives weekly, if not daily, emails from developers who are attempting to have their properties removed from federally designated floodplains based on improvements they have already undertaken at the property. Developers send their designs to OCE for comments and approval. If OCE determines the developer's actions are sufficient to mitigate the effects of flooding, OCE approves the change and sends the letter to FEMA for approval. FEMA reviews OCE's work and then returns the letter to the developer. These letters are important to developers because the property's presence in a floodplain requires the developer to obtain flood insurance. Redesignating the property as not being in the floodplain saves the developer from having to obtain flood insurance, thereby saving money for local businesses and residents. This is a critical part of our regulations that implement the National Flood Plain Insurance Program, which provides flood insurance our 5 million residents.

11. If FEMA experiences a RIF, developers will experience longer wait times before they receive their LOMRs and will incur extra costs as a result. Any additional time and cost incurred by these developers, would be detrimental to economic development in Harris County. Delays in processing LOMR's add to the workload of OCE by necessitating increased communication required with each application. OCE also works routinely with FEMA on flood insurance denials (Section 1316 of the National Flood Insurance Act of 1968) which are issued against properties whose owners have demonstrated a refusal to comply with the Regulations of Harris County, Texas for Floodplain Management. OCE relies on a responsive FEMA staff particularly when attempting to reverse one of these Section 1316 denials to restore flood insurance availability once a property owner comes into compliance. A reduction in available staff at FEMA to assist in this complicated process would cause these reversals to take even longer than they do now and would unduly add to OCE workload.

In order to obtain coverage under NFIP, a local government must have controls adequate to ensure flooding damage is mitigated. To that end, the State of Texas directed Harris County to implement regulations to obtain NFIP coverage. Harris County promulgated the Harris County Regulations for Floodplain Management (Floodplain Regulations) to satisfy NFIP requirements. As a part of that process, Harris County must obtain approval from FEMA before making any changes to the Floodplain Regulations. Substantial FEMA staff reduction would impair our ability to process important regulatory updates in a timely manner thereby impacting our ability to comply with statutory obligations such as "adopting permanent land use and control measures with enforcement provisions" as well as "participating in floodplain management and mitigation initiatives such as the [NFIP]'s Community Rating System..."[6] Without FEMA staff to process these important documents, our regulatory program would be hamstrung and cause irreparable harm to both our operations and our communities.

12. Another facet of FEMA's assistance to Harris County comes from its grant programs. FEMA has provided many grants to Harris County to ensure the protection of its residents. Harris County receives FEMA funds for its Home Buyout Program, Community Rating System, MAAPNext, and has even received funds to update its Hazard Mitigation Plan. Each of these programs help to keep Harris County residents safe by ensuring homeowners have updated and accurate information regarding their property's risk in case of flood; are able to sell said property to the county if it is in a floodway or repetitive loss area; and that the county is able to provide best hazard mitigation strategies to reduce community threat. Without timely funds for these programs, Harris County residents would be uninformed and at-risk.

13. Given the extensive coordination required between OCE and FEMA, any RIF that impacts the efficacy of FEMA would have a direct negative impact upon residents of Harris County. OCE depends on FEMA staff to ensure local developers are complying with floodplain regulations; that citizens are not incurring additional costs from unnecessary insurance; and to fund projects which provide essential information and buy-out programs for those at risk. Thus, delays in documentation

---

[6] Tex. Water Code § 16.315.

review or in receiving grant funds would harm Harris County residents.

14.     Thus, Harris County will be imminently harmed by any RIF that impacts FEMA because FEMA will no longer be as effective in administering the steady state programs described above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2025 at Houston, Texas.

_____
DARRELL HAHN