PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
ANDREW M. BERNIE
Trial Attorney
Civil Division, Federal Programs Branch

   1100 L Street, NW
   Washington, DC 20005
   Telephone: (202) 353-7203
   andrew.m.bernie@usdoj.gov

Counsel for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED TRO SCHEDULE AND DEFENDANTS' PROPOSED BRIEFING SCHEDULE; [PROPOSED] ORDER** |

On April 28, 2025 Plaintiffs filed a 403-paragraph, 115-page complaint seeking broad relief against virtually every cabinet-level department and other agencies within the Executive Branch, plus the President himself. After close of business today, Plaintiffs filed a motion for a temporary restraining order (TRO), accompanied by a 50-page brief (twice the limit permitted under this Court's local rules), attaching approximately 60 declarations, in a filing collectively comprising almost 1,400 pages, seeking to enjoin the Office of Management and Budget (OMB), the Office of Personnel Management (OPM), as well as numerous agencies and officials (collectively, Defendants[1]) from implementing Executive Order 14,210 (issued February 11, 2025), as well as a February 26, 2025 OMB and OPM Memorandum implementing that Executive Order. Plaintiffs now ask the Court to require the Government to respond to the TRO by this Tuesday (May 6) and to set a hearing for next week. After Plaintiffs informed the government yesterday evening that they intended to file this motion today, undersigned counsel conferred with counsel for Plaintiffs and attempted to reach agreement on a schedule. Because the parties were unable to reach agreement, we now file this opposition to Plaintiffs' proposed schedule.

Defendants respectfully oppose this proposed schedule as patently unreasonable under the circumstances. The scope of this lawsuit and Plaintiffs' proposed TRO is massive—both in terms of the scope of the relief and the volume of the filing itself. But notwithstanding this scope, the allegations relevant to the Complaint and TRO motion are for the most part (by the standards of emergency litigation) not even based on particularly recent events. Instead, Plaintiffs are seeking to challenge guidance issued more than *two months ago*, and an Executive Order issued nearly *three months ago*. *See* ECF No. 1 (Compl.) ¶ 7 (Plaintiffs' Complaint describing Executive Order 14,210, issued on February 11, as "the subject of this lawsuit"). In the intervening time, multiple similar suits have been filed challenging, inter alia, Executive Order 14,210, reductions in force (RIFs) across numerous federal agencies, as well as other relief overlapping with relief Plaintiffs

---

[1] For ease of reference, we refer to the Executive Branch components as agencies here. In doing so, we do not concede that they are agencies for purpose of the APA, FOIA, or any other purpose.

seek in this action. Other allegations in the Complaint concern potential future RIFs at numerous agencies that may occur at some point in the future (and that, if previous litigation is instructive, will likely be the subject of challenge when those RIFs occur or when they are announced). And while Plaintiffs also discuss in their TRO motion specific RIF-related activities that have occurred more recently, here too Plaintiffs do not at all limit themselves to events that have just taken place or are about take place. Indeed, their lead example (HHS), involves RIFs that were announced more than a month ago (on March 27).

In short, this is not the stuff of a ***TRO*** schedule at all. Under the circumstances, Defendants respectfully request that the Court treat Plaintiffs' motion for a TRO as a motion for a preliminary injunction (PI) and give the government a typical PI response date. Last month, AFGE and some of the other plaintiffs here sued many of the same defendants in a different lawsuit challenging those defendants' implementation of a different executive order. *Am. Fed. of Gov't Emps., AFL-CIO v. Trump*, No. 3:25-cv-3698, ECF No. 1 (N.D. Cal.). Noting that plaintiffs' chilling-effects argument "d[id] not establish the immediacy required for a TRO," Judge Donato "treat[ed] plaintiffs' motion for a TRO . . . as a motion for a preliminary injunction." *Id.*, ECF No. 28, at 1. He made defendants' opposition due 18 days after plaintiffs had filed their motion for a TRO.

If the Court declines to take this step, the United States respectfully requests that the Court direct it to respond on or before May 12, 2025. If the Court sets this deadline and Plaintiffs wish to reply on or before May 14, 2025, Defendants respectfully suggest that the Court could set a hearing for late that week. Alternatively, if Plaintiffs wish more time for their reply (or if the Court is unavailable late that week), Defendants respectfully suggest that the Court could set a hearing for the following week. We address each point discussed above in turn, and explain why the highly expedited schedule Plaintiffs have proposed is both unreasonable and entirely unwarranted.

First, as in the suit AFGE is litigating before Judge Donato, Plaintiffs cannot establish the immediacy required for a TRO. Plaintiffs filed their motion for a TRO ***more than eleven weeks*** after the President signed the executive order that they seek to vacate. The OMB memo they challenge was issued ***more than nine weeks*** before they filed their motion. Plaintiffs' delay forecloses preliminary injunctive relief—let alone a temporary restraining order (and *certainly*

counsels against imposing on the government and the Court the highly expedited schedule they suggest). A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993). "Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny temporary relief based on delays of as little as ten days." *Int'l Tech. Univ. Found. v. WASC Senior Coll. & Univ. Comm'n*, No. 22-cv-4576, 2023 WL 2621344, at *3 (N.D. Cal. Mar. 23, 2023).

This Court and other federal district courts in California have denied motions for TROs by plaintiffs who delayed much less than Plaintiffs' 11-week delay. *See, e.g.*, *Perez v. City of Petaluma*, No. 21-CV-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (one-month delay); *West v. PBC Mgmt. LLC*, No. 23-cv-3283, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (eight-week delay); *Devasahayam v. DMB Cap. Grp.*, No. 3:17-cv-02095-BEN-WVG, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (one-month delay was "reason enough to deny a TRO"). In February, a federal judge in Washington, D.C., criticized attorneys who waited 21 days before filing a motion for a TRO challenging President Trump's removal of inspectors general and set the matter for a longer briefing and hearing schedule. Chris Cameron, *Judge Refuses to Immediately Reinstate Inspectors General Fired by Trump*, N.Y. Times (Feb. 14, 2025), https://www.nytimes.com/2025/02/14/us/politics/trump-inspectors-general-ruling.html.

Second, the scope of the Complaint is immense. The Complaint spans 403 paragraphs across 115 pages. *See* ECF No. 1 (Compl.). President Trump, OMB, OPM, and nearly every federal government agency are named defendants. Compl. ¶¶ 55-106. Plaintiffs' claims for relief, far from asserting ordinary statutory and APA claims, for the most part assert sweeping legal theories based on, inter alia, the relationship between the President and federal agencies (and other components of the Executive Branch), as well as the division of authority between the President and Congress, the resolution of which will have significant implications for the Executive Branch. And despite the far-reaching nature of Plaintiffs' claims, Plaintiffs' alleged entitlement to relief—at least as they have framed the relevant issues—appears to rest on Plaintiffs' fact-bound and agency-specific contentions. Plaintiffs contend, for example, that each agency has in fact ceded their authority to

make specific staffing cuts "to the President, OMB, OPM, or DOGE," *id.* ¶ 396, and that RIFs at each agency are such that the particular agency cannot perform its statutorily required functions." *Id.* ¶ 403. And indeed, Plaintiffs sought and received leave to file a brief in support of the TRO that is twice the limit provided by this Court's local rules. *See* Local Rule 7-2(b).

Third, this is far from the first lawsuit concerning these issues. For example, in *Nat'l Treasury Emps. Union v. Trump*, No. 25-CV-420 (CRC), 2025 WL 561080 (D.D.C.), Plaintiffs—naming President Trump, the Director of OPM, and others as Defendants—sought, among other relief, to enjoin Defendants from preparing to implement large-scale RIFs under Executive Order 14210. Indeed, Plaintiffs sought that TRO on February 14, three days after the Executive Order's issuance. *See* No. 25-cv-420, ECF No. 11. The Court denied a preliminary injunction on February 20, holding that the Federal Service Labor-Management Relations Statute precluded subject-matter jurisdiction. *See Nat'l Treasury Emps. Union v. Trump*, No. 25-CV-420 (CRC), 2025 WL 561080 (D.D.C. Feb. 20, 2025). Before this Court, in *AFGE v. OPM*, No. 3:25-cv-1780-WHA (N.D. Cal.), the Court entered a TRO on February 27, 2025, finding that a January 20, 2025, OPM guidance, February 13-14 OPM emails to Executive branch agencies, and an OPM termination-template-letter improperly directed agencies to terminate probationary employees at Executive Branch agencies and declared that guidance ultra vires. The Court entered a preliminary injunction on March 13, 2025 ordering reinstatement of probationary employees at six agencies (an injunction stayed by the Supreme Court on April 8). The Court then entered a more limited preliminary injunction that did not order reinstatement on April 18; that order is currently on appeal. *See also Rhode Island v. Trump*, 25-cv-00128 (D. R.I.) (lawsuit filed April 4 concerning RIFs at the Institute of Museum and Library Services, the Minority Business Development Agency, and the Federal Mediation and Conciliation Service); *ALA v. Sonderling*, 25-cv-01050 (D.D.C.) (lawsuit filed April 7, seeking relief against only the Institute of Museum and Library Services); *Nat'l Treasury Emps. Union v. Vought*, No. 25-0381, 2025 WL 942772 (D.D.C. Mar. 28, 2025) (lawsuit filed concerning CFPB on February 9); *State of Maryland v USDA*, 25-cv-748-JKB (D. Md) (lawsuit filed March 6 by various states and District of Columbia against 21 federal agencies challenging termination of probationary employees). Given these lawsuits seeking in some cases overlapping

relief, in some cases filed months ago, this Court should reject out of hand the notion that Plaintiffs' sprawling current challenge constitutes an emergency that requires affording the Government three business days to respond to their broad request for an expansive TRO.

Finally, it bears mentioning that while the TRO largely consists of a programmatic attack against an Executive Order and implementing steps that were taken weeks or months ago, to the extent the Complaint relies on RIFS at particular agencies as the basis for its TRO requests, some of those RIFs were announced weeks ago. *See, e.g.*, Compl. ¶ 191 (noting March 27 announcement of RIFs at HHS). Conversely, the Complaint appears to allege that eleven of the agency defendants have not yet begun to engage in RIFs at all. Compl. ¶¶ 216-61. This is simply not the stuff of a TRO—which is intended for Plaintiffs who immediately seek emergency relief to forestall grave harm from something that has just happened or will imminently happen, not for programmatic challenges to Executive action taken months in the past, or based on unspecified personnel actions that may be taken at a future date (and that can be challenged at that time). But at the very least, the extraordinarily expedited briefing schedule proposed by Plaintiffs is unwarranted and unfair to the United States.

For the foregoing reasons, Defendants respectfully request that the Court treat this motion as a preliminary-injunction motion and set the briefing schedule set forth in the included proposed order (or another schedule chosen by the Court), or order the government to respond to the TRO motion on or before May 12, 2025.

1 | Dated: May 1, 2025

Respectfully submitted,

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

<u>s/ Andrew M. Bernie</u>
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-7203
andrew.m.bernie@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**[PROPOSED] ORDER** |

The Court will treat Plaintiffs' motion for a TRO, Dkt. No. 37, as a motion for a preliminary injunction. The government may file an opposition brief by May 15, 2025, and plaintiffs may file a reply by May 22, 2025. The Court will set a hearing as warranted.

SO ORDERED.

Date: _____ _____

Hon. Susan Illston
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28