Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org

*Attorneys for Plaintiffs*

[*Additional counsel and affiliations identified on signature page*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>      Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>      Defendants. | Case No. 3:25-cv-03698-SI<br><br>**PLAINTIFFS' RESPONSE TO GOVERNMENT DEFENDANTS' OPPOSITION TO PROPOSED SCHEDULE ON TRO MOTION AND DEFENDANTS' PROPOSED BRIEFING SCHEDULE** |

The coalition of labor, non-profit organization, and local government Plaintiffs respectfully submit this brief response to Defendants' opposition to Plaintiffs' proposed TRO briefing schedule and proposed briefing schedule (ECF 40), which effectively asks the Court to deny a TRO without applying the relevant factors.

Plaintiffs seek a TRO to freeze the status quo in place and prevent further irreparable injury caused by the ongoing implementation of the President's unlawful orders during the time that a preliminary injunction can be briefed and considered. ECF 37. That relief is necessary because Defendants are—often without any notice to those who will be affected—proceeding on the President's orders to implement restructuring and reduction-in-force ("RIF") plans (called "Agency RIF and Reorganization Plans" or ARRPs) that they are keeping secret.[1] As a result, delaying a decision on injunctive relief will necessarily allow irreparable injury to continue to unfold, as set forth in Plaintiffs' Motion. *Id.* Defendants' position is that, at the President's direction and effectuated by Defendants Office of Management and Budget ("OMB"), Office of Personnel Management ("OPM") and the new Department of Government Efficiency ("DOGE"), agencies across the federal government should be permitted to continue placing employees on administrative leave without notice, terminating employees, eliminating offices and functions, and otherwise inflicting injury on Plaintiffs and the public—and that Plaintiffs should challenge those actions *after* the fact or on the standard motions briefing timeline—and should be rejected.

Defendants primarily complain that Plaintiffs waited too long to file this TRO request. But Plaintiffs filed their TRO motion as soon as was reasonably practicable under the circumstances. After issuance of the Workforce Executive Order (ECF 37-1, TRO Mem. Appendix A), President Trump and his agents at OMB and OPM gave agencies two deadlines for ARRPs, making

---

[1] See ECF 37-1 (TRO Mem.) at 11-29. Many agencies that have begun implementing ARRPs— including AmeriCorps, Labor, and HHS— have not provided the required RIF notice period, but closed offices and programs immediately by placing everyone on administrative leave. ECF 37-26 (Neuman Decl.) ¶¶29, 31. The limited advance warning that has been provided has typically been far from precise as to timing, referring to actions that would take place in "coming weeks" or "imminent[ly]." ECF 37-16 (Gamble Decl.) ¶14 & Ex. E); SBA, Small Business Administration Announces Agency-Wide Reorganization (Mar. 21, 2025), available at:  https://www.sba.gov/article/2025/03/21/small-business-administration-announces-agency-wide-reorganization; ECF 37-31 (Soldner Decl.) ¶¶13-14 & Ex. B).

"submission" for OMB "approval" due by April 14, 2025. *See* ECF 37-1, App. B. But neither the White House, OMB, OPM, nor any of the implementing agencies made those plans public. Instead, throughout this time period, Defendants have actively concealed their plans regarding the "large-scale" RIFs and agency reorganization they were directed to undertake. Defendants have denied requests from Plaintiffs, the press, and the public to uncover those plans (as of at least April 8, 2025, claiming the "approved RIF plans" do not yet exist and so the AARPs were "pre-decisional" for purposes of FOIA[2]). Indeed, the White House has publicly stated that the public (and federal employees directly affected) would learn those RIF and reorganization plans "once the plans are *enacted*."[3] Thus, Plaintiffs have been required to uncover the evidence to support this TRO request by relying on leaks and unfolding events.

Plaintiffs bring this lawsuit and file this TRO request now, rather than earlier, because these previously secret RIF and reorganization plans are now being uncovered and implemented. The actions causing the actual and imminent harm to Plaintiffs—the implementation of the ARRPs, including through RIFs—are taking place now, not months ago, as Defendants claim. Plaintiffs diligently filed this TRO motion as soon as reasonably possible after federal employees across the government began to receive RIFs (often with no notice at all) and be placed on administrative leave, as plans were leaked to the press, and as agencies began to implement the ARRPs that were due for "approval" by April 14, 2025. *See* ECF 37-1 at 14-29 (summarizing evidence of recent implementation of Executive Order 14210 and ARRPs by agency). Had Plaintiffs filed suit earlier, Defendants would likely have argued that these claims were unripe or speculative and that Plaintiffs' showing of actual or imminent injury was insufficient to support standing or relief.

---

[2] *Democracy Forward Foundation v. OMB*, D.D.C. Case No. 1:25-cv-00858, ECF 19 at 6 (OMB/OPM Reply Brief in lawsuit challenging failure to disclose ARRPs created pursuant to President's Workforce Executive Order).

[3] Wash. Post, *White House expects 'mass reduction' of federal workforce as deadline looms* (Mar. 13, 2025), available at: https://www.washingtonpost.com/politics/2025/03/13/government-agency-reorganization-rif-federal-workers/ (emphasis added); *see also* Wash. Post, *Internal White House document details layoff plans across U.S. agencies* (Mar. 27, 2025), available at: https://www.washingtonpost.com/politics/2025/03/27/federal-worker-layoffs-government-agencies.

Defendants also complain at the same time, essentially, that Plaintiffs filed this suit too *early* and seek relief that is too broad, because layoffs are appropriately challenged on a case-by-case basis—which would necessarily take place after they occur, since they are ordinarily not being announced in advance. But the harm Plaintiffs seek to prevent involves tens of thousands of federal employees and the disruption of important services across the government, with new RIFs and reorganizations announced or otherwise revealed each day. In the two weeks since the April 14, 2025 deadline, the following agencies have issued RIFs or announced (or leaked) plans to do so:

- AmeriCorps (RIF notices on April 24);

- Environmental Protection Agency (RIF notices sent April 21);

- Department of the Interior (order authorizing consolidation and optimization April 17, which will reportedly result in widespread RIFs beginning May 4);

- Department of Labor (entire contract compliance office sent RIF notice and placed on leave April 16, with further layoffs expected);

- National Science Foundation (April 24 media reports that NSF will cut staff by half, likely the second week of May);

- Small Business Administration (second round of layoffs announced April 18, beginning in May);

- State Department (office/programs closed April 16, and reorganization plan announced April 22); and

- Treasury Department (internal memo showing 40% planned cuts to IRS leaked on April 15, to begin imminently).

*See* ECF 37-1 at 14-29 (citing sources). This is ongoing; the press reported last night that "The EPA staff braces for Friday [May 2] reorganization announcement."[4] Severe harm has been and will continue to be inflicted by these actual, ongoing, and impending terminations and the restructuring of agencies. Defendants' representation that "the TRO largely consists of a programmatic attack against an Executive Order and implementing steps that were taken weeks or months ago," ECF 40 at 6, is

---

[4] E&E News (May 1, 2025) (available at https://subscriber.politicopro.com/article/ eenews/2025/05/01/epa-staff-braces-for-friday-reorganization-announcement-00322083) (reporting that EPA is expected to inform employees of elimination of office at all-hands meeting on May 2).

1    incorrect.

2        Prompt briefing and consideration of Plaintiffs' TRO motion will permit this Court to utilize

3    the TRO mechanism for its precise purpose: to maintain the status quo and avoid additional

4    irreparable injury while fuller briefing and hearing can take place.  *See*, *e.g.*, *National Urban League*

5    *v. Ross*, 484 F.Supp.3d 802, 805 (N.D. Cal. 2020) (citing *Granny Goose Foods, Inc. v. Bhd. of*

6    *Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty*., 415 U.S. 423, 439 (1974); *E. Bay*

7    *Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018)); *see also AFGE v. OPM*, No. 3:25-

8    cv-01780-WHA (N.D. Cal.), ECF No. 45 (Feb. 28, 2025 Order) (TRO re: probationary employee

9    terminations; Complaint filed Feb. 19, 2025, TRO motion filed Feb. 23, 2025).  Plaintiffs' TRO

10    motion shows why the relevant standard is met.  *See C2 Educational Sys., Inc. v. Lee*, 2018 WL

11    3328143, *3 (N.D. Cal. Jul. 6, 2018) (standard for TRO is same as for preliminary injunction).

12    Defendants, on the other hand, ask this Court to de facto deny a TRO without establishing a single

13    relevant factor in their favor.

14        Finally, the size and scope of the impacts of the President's Workforce Executive Order and

15    the resulting ARRPs, which is an ongoing and imminent situation of Defendants' own making, is no

16    reason to deny Plaintiffs' request for emergency injunctive relief.  During the weeks that Defendants

17    ask the Court to allow them to continue implementing that order before any ruling, tens of thousands

18    of additional federal employees will likely receive RIF notices and/or be placed on immediate

19    administrative leave; additional offices and programs will likely be eliminated as a result; and

20    Plaintiffs and the public will continue to be injured by the loss of federal government services—harm

21    that cannot ever be fully unwound.  Plaintiffs understand that the scope of this case warrants full

22    briefing on the weighty issues raised by the President's and implementing agencies' actions.  But that

23    briefing may appropriately take place with a TRO in effect.

24        For all of these reasons, Plaintiffs' TRO papers requested that Defendants respond by

25    Tuesday and that a hearing be set as promptly thereafter as the Court's schedule allows.  Defendants'

26    proposed extended alternative effectively would deny Plaintiffs' TRO request, and should be

27    rejected.  If the Court is inclined to craft an alternative, Plaintiffs respectfully request that

28

Defendants' response date be set sometime next week, with a hearing to follow as shortly thereafter as possible.

Respectfully submitted,

DATED: May 2, 2025

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne Johnson
Alice X. Wang
Robin S. Tholin
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org

By: */s/ Elena Goldstein*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

1
2
3

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

4
5
6
7
8
9

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

10

By: */s/ Jules Torti*                                    _____

11
12

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

13
14
15
16
17

Norman L. Eisen (pro hac vice app. forthcoming)
Spencer W. Klein (pro hac vice app. forthcoming)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

18

By: */s/ Norman L. Eisen*                              _____

19
20

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

21
22
23
24
25

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

26

By: */s/ Rushab Sanghvi*                               _____

27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice app. forthcoming)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO

1  1390 Market Street, 7th Floor
   San Francisco, CA 94102
2  molly.alarcon@sfcityatty.org
   alexander.holtzman@sfcityatty.org
3

4  By:  */s/ David Chiu*
       David Chiu
5      City Attorney

6      *Attorneys for Plaintiff City and County of San Francisco*

7

8      Tony LoPresti (SBN 289269)
       COUNTY COUNSEL
9      Kavita Narayan (SBN 264191)
       Meredith A. Johnson (SBN 291018)
10     Raphael N. Rajendra (SBN 255096)
       Hannah M. Godbey (SBN 334475)
11     OFFICE OF THE COUNTY COUNSEL
       COUNTY OF SANTA CLARA
12     70 West Hedding Street, East Wing, 9th Floor
       San José, CA 95110
13     Tel: (408) 299-5900

14

15     By:  */s/ Tony LoPresti*

16     *Attorneys for Plaintiff County of Santa Clara, Calif.*

17

18     David J. Hackett (pro hac vice  app. forthcoming)
       General Counsel to King County Executive & Special
19     Deputy Prosecutor
       Alison Holcomb (pro hac vice app. forthcoming)
20     Deputy General Counsel to King County Executive &
       Special Deputy Prosecutor
21     Erin King-Clancy (pro hac vice app. forthcoming)
       Senior Deputy Prosecuting Attorney
22     OFFICE OF KING COUNTY PROSECUTING
       ATTORNEY LEESA MANION
23     401 5th Avenue, Suite 800
       Seattle, WA 98104
24     (206) 477-9483
       David.Hackett@kingcounty.gov
25     aholcomb@kingcounty.gov
       aclancy@kingcounty.gov
26
       By: */s/ David J. Hackett*
27
       David J. Hackett
28
       *Attorneys for Plaintiff Martin Luther King, Jr. County*

1

2     Jill Habig (SBN 268770)
      PUBLIC RIGHTS PROJECT
3     490 43rd Street, Unit #115
      Oakland, CA 94609
4     Tel: (510) 738-6788
5     jill@publicrightsproject.org

6     By: */s/ Jill Habig*_____

7     *Attorneys for Plaintiffs Baltimore, MD, Chicago, IL,*
8     *Harris County, TX, and King County, WA*

9

10    Christian D. Menefee
      Harris County Attorney

11
      Jonathan G.C. Fombonne (pro hac vice app. forthcoming)
12    Deputy County Attorney and First Assistant
      Tiffany Bingham (pro hac vice app. forthcoming)
13    Managing Counsel
      Sarah Utley (pro hac vice app. forthcoming)
14    Division Director – Environmental Division
      Bethany Dwyer (pro hac vice app. forthcoming)
15    Deputy Division Director - Environmental Division
      R. Chan Tysor (pro hac vice app. forthcoming)
16    Senior Assistant County Attorney
      Alexandra "Alex" Keiser (pro hac vice app. forthcoming)
17    Assistant County Attorney
      1019 Congress, 15th Floor
18    Houston, Texas 77002
      Tel: (713) 274-5102
19    Fax: (713) 437-4211
20

21    jonathan.fombonne@harriscountytx.gov
      tiffany.bingham@harriscountytx.gov
22    sarah.utley@harriscountytx.gov
      bethany.dwyer@harriscountytx.gov
23    chan.tysor@harriscountytx.gov
24    alex.keiser@harriscountytx.gov

25    By: */s/ Jonathan G.C. Fombonne*
26    Jonathan G.C. Fombonne

27    *Attorneys for Plaintiff Harris County, Texas*

28

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago

Stephen J. Kane (IL ARDC 6272490) (pro hac vice app.
forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice
app. forthcoming)
Lucy Prather (IL ARDC 6337780) (pro hac vice app.
forthcoming)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By:    */s/Stephen J. Kane*
         Stephen J. Kane

*Attorneys for Plaintiff City of Chicago*


Ebony M. Thompson
Baltimore City Solicitor

Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By*: /s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*