1  Michael S. Kwun (SBN 198945)
   mkwun@kblfirm.com
2  Kate E. Lazarus (SBN 268242)
   klazarus@kblfirm.com
3  Amy Le (SBN 341925)
   ale@kblfirm.com
4  KWUN BHANSALI LAZARUS LLP
   555 Montgomery Street, Suite 750
5  San Francisco, CA 94111
   (415) 630-2350
6
7  Carey R. Dunne (pro hac vice forthcoming)
   carey@freeandfair.org
   FREE AND FAIR LITIGATION GROUP, INC.
8  266 W. 37th St., 20th Floor
   New York, NY 10018
9  646-434-8604

10 *Counsel for Amici Curiae*
   (Amici listing on signature page)
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15
   AMERICAN FEDERATION OF                  Case No. 3:25-cv-03698-SI
16 GOVERNMENT EMPLOYEES, AFL-CIO;
   AMERICAN FEDERATION OF STATE            **BRIEF AMICI CURIAE OF FORMER**
17 COUNTY AND MUNICIPAL                    **GOVERNMENT OFFICIALS AND**
   EMPLOYEES, AFL-CIO; SERVICE             **ADVISORS IN SUPPORT OF**
18 EMPLOYEES INTERNATIONAL UNION,          **PLAINTIFFS' MOTION FOR**
   AFL-CIO; AFGE LOCAL 1122; AFGE          **TEMPORARY RESTRAINING ORDER**
19 LOCAL 1236; AFGE LOCAL 2110; AFGE
   LOCAL 3172; SEIU LOCAL 1000;
20 ALLIANCE FOR RETIRED AMERICANS;
   AMERICAN GEOPHYSICAL UNION;
21 AMERICAN PUBLIC HEALTH
   ASSOCIATION; CENTER FOR
22 TAXPAYER RIGHTS; COALITION TO
   PROTECT AMERICA'S NATIONAL
23 PARKS; COMMON DEFENSE CIVIC
   ENGAGEMENT; MAIN STREET
24 ALLIANCE; NATURAL RESOURCES
   DEFENSE COUNCIL, INC.; NORTHEAST
25 ORGANIC FARMING ASSOCIATION,
   INC.; VOTEVETS ACTION FUND INC.;
26 WESTERN WATERSHEDS PROJECT;
   COUNTY OF SANTA CLARA,
27 CALIFORNIA; CITY OF CHICAGO,
   ILLINOIS; MARTIN LUTHER KING, JR.
28 COUNTY, WASHINGTON; HARRIS
   COUNTY, TEXAS; CITY OF BALTIMORE,

1   MARYLAND; and CITY AND COUNTY OF
    SAN FRANCISCO, CALIFORNIA,
2
                    Plaintiffs,
3
            v.
4
    DONALD J. TRUMP, in his official capacity
5   as President of the United States; UNITED
    STATES OFFICE OF MANAGEMENT
6   AND BUDGET; RUSSELL VOUGHT, in his
    official capacity as Director of U.S. Office of
7   Management and Budget; UNITED STATES
    OFFICE OF PERSONNEL
8   MANAGEMENT; CHARLES EZELL, in his
    official capacity as Acting Director of the U.S.
9   Office of Personnel Management;
    DEPARTMENT OF GOVERNMENT
10  EFFICIENCY; ELON MUSK, in his official
    capacity as the actual head of the Department
11  of Government Efficiency; AMY GLEASON,
    in her official capacity as the titular Acting
12  Administrator of the Department of
    Government Efficiency; UNITED STATES
13  DEPARTMENT OF AGRICULTURE;
    BROOKE ROLLINS, in her official capacity
14  as Secretary of the U.S. Department of
    Agriculture; UNITED STATES
15  DEPARTMENT OF COMMERCE;
    HOWARD LUTNICK, in his official capacity
16  as Secretary of the U.S. Department of
    Commerce; UNITED STATES
17  DEPARTMENT OF DEFENSE; PETE
    HEGSETH, in his official capacity as
18  Secretary of the U.S. Department of Defense;
    UNITED STATES DEPARTMENT OF
19  ENERGY; CHRIS WRIGHT, in his official
    capacity as Secretary of the U.S. Department
20  of Energy; UNITED STATES
    DEPARTMENT OF HEALTH AND
21  HUMAN SERVICES; ROBERT F.
    KENNEDY JR., in his official capacity as
22  Secretary of the U.S. Department of Health
    and Human Services; UNITED STATES
23  DEPARTMENT OF HOMELAND
    SECURITY; KRISTI NOEM, in her official
24  capacity as Secretary of the U.S. Department
    of Homeland Security; UNITED STATES
25  DEPARTMENT OF HOUSING AND
    URBAN DEVELOPMENT; SCOTT
26  TURNER, in his official capacity as Secretary
    of the U.S. Department of Housing and Urban
27  Development; UNITED STATES
    DEPARTMENT OF JUSTICE; PAM
28  BONDI, in her official capacity as Attorney
    General of the U.S. Department of Justice;

1  UNITED STATES DEPARTMENT OF THE
   INTERIOR; DOUG BURGUM, in his official
2  capacity as Secretary of the U.S. Department
   of the Interior; UNITED STATES
3  DEPARTMENT OF LABOR; LORI
   CHAVEZ-DEREMER, in her official capacity
4  as Secretary of the U.S. Department of Labor;
   UNITED STATES DEPARTMENT OF
5  STATE; MARCO RUBIO, in his official
   capacity as Secretary of the U.S. Department
6  of State; UNITED STATES DEPARTMENT
   OF TREASURY; SCOTT BESSENT, in his
7  official capacity as Secretary of U.S.
   Department of Treasury; UNITED STATES
8  DEPARTMENT OF TRANSPORTATION;
   SEAN DUFFY, in his official capacity as
9  Secretary for the U.S. Department of
   Transportation; UNITED STATES
10 DEPARTMENT OF VETERANS AFFAIRS;
   DOUG COLLINS, in his official capacity as
11 Secretary of Veterans Affairs; AMERICORPS
   (a.k.a. the CORPORATION FOR
12 NATIONAL AND COMMUNITY
   SERVICE); JENNIFER BASTRESS
13 TAHMASEBI, in her official capacity as
   Interim Agency Head of AmeriCorps;
14 UNITED STATES ENVIRONMENTAL
   PROTECTION AGENCY; LEE ZELDIN, in
15 his official capacity as Administrator of U.S.
   Environmental Protection Agency; UNITED
16 STATES GENERAL SERVICES
   ADMINISTRATION; STEPHEN EHIKIAN,
17 in his official capacity as Acting
   Administrator for U.S. General Services
18 Administration; NATIONAL LABOR
   RELATIONS BOARD; MARVIN KAPLAN,
19 in his official capacity as Chairman of the
   National Labor Relations Board; WILLIAM
20 COWEN, in his official capacity as the Acting
   General Counsel of the National Labor
21 Relations Board; NATIONAL SCIENCE
   FOUNDATION; BRIAN STONE, in his
22 official capacity as Acting Director of the
   National Science Foundation; UNITED
23 STATES SMALL BUSINESS
   ADMINISTRATION; KELLY LOEFFLER,
24 in her official capacity as Administrator of the
   U.S. Small Business Administration; UNITED
25 STATES SOCIAL SECURITY
   ADMINISTRATION; and LELAND
26 DUDEK, in his official capacity as Acting
   Commissioner of the U.S. Social Security
27 Administration,

28                    Defendants.

**Introduction**

Amici file this brief in support of the motion of Plaintiffs, American Federation of Government Employees, AFL-CIO, et al., for a temporary restraining order enjoining the ongoing implementation of Executive Order No. 14210, 90 Fed. Reg. 9669 (Feb. 11, 2025). That Order exceeds the President's lawful authority by directing the restructuring of entire federal agencies, the elimination of programs and functions, and the drastic reduction of the number of employees within every agency, all without any Congressional authorization.

Plaintiffs have identified the principles embodied in the Constitution, federal statutes, and applicable decisional law that prevent the President from mandating and implementing "a critical transformation of the Federal bureaucracy" by Presidential fiat alone. In this brief, amici supplement Plaintiffs' arguments by highlighting how the President's wide-ranging Executive Order violates the carefully constructed checks and balances that are built into our Constitution. Plaintiffs' motion for a temporary restraining order should be granted.

**Argument**

The constitutional genius of America is the establishment of checks and balances among the three branches of federal government. In discussing "the necessary partition of power among the several departments," the Framers contemplated an "interior structure of the government" that would provide "the means of keeping each other in their proper places." The Federalist No. 51 (James Madison or Alexander Hamilton). They understood that the branches' functions were not designed to be "wholly unconnected" and "should not be so far separated as to have no constitutional control over each other." The Federalist No. 48 (James Madison).

Unchecked presidential power is not what the Framers had in mind. Although the Constitution vests the President with all executive authority, it vests Congress with all legislative authority, including, significantly, the power to set fundamental policies and procedures for the executive branch. By proclaiming and implementing Executive Order 14210, the President has usurped for himself the power to restructure entire federal agencies, which can only be accomplished through the constitutionally mandated collaboration between the President and Congress.

## I.

The Constitution grants Congress the authority to "make all Laws which shall be necessary and proper for carrying into Execution" not just the Article I legislative powers, but also any necessary and proper laws for "all other Powers vested by this Constitution in the Government of the United States." U.S. CONST. art. I, § 8, cl. 18. Since the nation's founding, federal courts have recognized that the Constitution gives the legislative power to create, regulate, and restructure federal agencies to Congress—not to the President. *Myers v. United States,* 272 U.S. 52, 129 (1926). Congress, therefore, creates and organizes the offices and departments of the federal government by virtue of the Necessary and Proper Clause. Indeed, "among Congress's first acts were establishing executive departments and staffs . . . ." Gary Lawson, *Necessary and Proper Clause*, THE HERITAGE GUIDE TO THE CONSTITUTION (2014).[1]

The President's constitutional authority, by contrast, is set forth in Article II. U.S. CONST. art. II, § 1, cl. 1. The President has no constitutional legislative authority. *INS v. Chadha,* 462 U.S. 919, 951, 956–59 (1983); *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 655 (1952) (Jackson, J., concurring). And none of the President's enumerated powers in the Constitution entitle the President to unilaterally initiate and carry out a massive restructuring of the executive branch. Paul Larkin & John-Michael Seibler, *The President's Reorganization Authority,* Heritage Found. Legal Memorandum No. 210, at 3 (July 12, 2017).[2] The Constitution in turn requires that the President "take Care that the Laws be faithfully executed." U.S. CONST. art. II, § 3. By bypassing Congress, Executive Order 14210 is an affront to that directive.

## II.

If the President disagrees with the legislative choices made by Congress—if he believes, for example, that the government is bloated, spending is out of control, or that programs and policies are poorly conceived—under our Constitutional scheme, he may recommend to Congress corrective measures that he deems "necessary and expedient." U.S. CONST. art. II, § 3. The President can, for example, recommend spending rescissions and government reorganizations for

---

[1] http://www.heritage.org/constitution/#!/articles/1/essays/59/necessary-and-proper-clause.
[2] https://www.heritage.org/sites/default/files/2017-07/LM-210_0.pdf

2

Congress to vote on. *See* 2 U.S.C. §§ 684–688; 5 U.S.C. §§ 901–912.[3] But he cannot unilaterally rework those structures of government without Congressional action.

The Supreme Court's decision in *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 587 (1952), illustrates the limitations on the President's powers. There, the Court struck down President Harry S. Truman's executive order taking possession of a steel mill. *Id.* at 583, 589. President Truman claimed this action was necessary to prevent a nationwide strike that would jeopardize national security. *Id.* at 583. The Court held, however, that the executive order usurped legislative power, and was impermissible in the absence of a law from Congress or a clear authorization in the Constitution itself. *Id.* at 588–89.

/ / /

/ / /

---

[3] Congress's current understanding of the balance of powers is in accord. For example, in February, Rep. James Comer (R-Kentucky) introduced the Reorganizing Government Act of 2025. H.R. 1295, 119th Cong. (2025). "Under this bill, *Congress must vote* on proposed reorganization plans within 90 days." Press Release, House Committee on Oversight and Government Reform, Chairman Comer and Senator Lee Introduce Bill to Fast-Track President Trump's Government Reorganization Plans (Feb. 13, 2025) (emphasis added), https://oversight.house.gov/release/chairman-comer-and-senator-lee-introduce-bill-to-fast-track-president-trumps-government-reorganization-plans/.

1

### Conclusion

2    The wisdom of the Founders in creating a system of checks and balances and the principle

3    underlying *Youngstown* should guide the Court in its consideration of the plaintiffs' motion for a

4    temporary restraining order. The President's actions are based in radical claims of powers that do

5    not exist. For the foregoing reasons, *amici* respectfully support the plaintiffs' motion for a

6    temporary restraining order.

7    Dated:  May 8, 2025                    KWUN BHANSALI LAZARUS LLP

8

9                                    By:    */s/ Michael S. Kwun*
                                          Michael S. Kwun (SBN 198945)
10                                         mkwun@kblfirm.com
                                          Kate E. Lazarus (SBN 268242)
11                                         klazarus@kblfirm.com
                                          Amy Le (SBN 341925)
12                                         ale@kblfirm.com
                                          555 Montgomery Street, Suite 750
13                                         San Francisco, CA  94111
                                          (415) 630-2350
14
                                          Carey R. Dunne (pro hac vice forthcoming)
15                                         carey@freeandfair.org
                                          FREE AND FAIR LITIGATION GROUP, INC.
16                                         266 W. 37th St., 20th Floor
                                          New York, NY 10018
17                                         646-434-8604

18                                         *Counsel for Amici Curiae Donald B. Ayer, Ty*
                                          *Cobb, Barbara Comstock, Mickey Edwards, Philip*
19                                         *Lacovara, Michael Luttig, Carter Phillips, Trevor*
                                          *Potter, Alan Charles Raul, Paul Rosenzweig,*
20                                         *Nicholas Rostow, Robert Shanks, Fern Smith,*
                                          *Peter Smith, William Joseph Walsh, and Christine*
21                                         *Todd Whitman*

22

23

24

25

26

27

28