Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
dleonard@altber.com
bchisholm@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **DECLARATION OF LARHONDA D. GAMBLE IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER** |

## DECLARATION OF LARHONDA D. GAMBLE

I, LaRhonda D. Gamble, declare as follows:

1.    I am the President of Local 12 of the American Federation of Government Employees ("AFGE" or "Union"), which represents employees at the Department of Labor ("DOL") who are assigned to work at DOL Headquarters located in Washington, D.C.  This declaration is based on my personal knowledge, information, and belief, and if called upon I could competently testify thereto.

2.    Through my role as President of Local 12, I became aware that on April 15, 2025, all employees in the Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP") were placed on administrative leave, effective immediately.

3.    On May 6, 2025, AFGE Local 12 received an email from the Department of Labor's Office of Human Resources, with the subject line: "NOTICE (Local 12): Reduction in Force – OFCCP has been approved."  A true and correct copy of that email is attached hereto as Exhibit A.

4.    That email stated that:

In early 2025, Executive Order 14173, signed by President Trump, revoked Executive Order 11246. As a result, the statutory and regulatory foundation for OFCCP's core mission has been eliminated. With the revocation of this authority, approximately 90% of OFCCP's previous workload is no longer applicable, rendering the vast majority of functions within the agency unnecessary.

Given these developments, a Reduction in Force – OFCCP has been approved.

The Enforcement Division in DC, in its own competitive area, is being abolished as a whole, so there are no bump and retreat rights for those affected employees. All positions are being abolished.

The anticipated effective date will be Friday, June 6, 2025.

5.    On May 6, 2025, employees within the OFCCP received RIF notices.  A true and correct copy of a RIF notice that I have reviewed, which was sent to an OFFCP employee dated May 6, 2025, is attached hereto as Exhibit B (redacted to remove personal information).

6.    The RIF notice attributes the RIF to the President's elimination of the OFFCP and the President's Workforce Order, as follows:

A reduction in force (RIF) within your competitive area will be conducted effective June 6, 2025. This action is due to the impact of the Executive Order (EO) titled, "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative" (February 11, 2025). Section 3(c) of the EO states:

Agency Heads shall promptly undertake preparations to initiate large-scale reductions in force (RIFs), consistent with applicable law . . . All offices that perform functions not mandated by statute or other law shall be prioritized in the RIFs . . . ; all agency initiatives, components, or operations that my Administration suspends or closes; and all components and employees performing functions not mandated by statute or other law who are not typically designated as essential during a lapse in appropriations as provided in the Agency Contingency Plans on the Office of Management and Budget website.

I must inform you that your position of [redacted for privacy] is being abolished and you have been identified for separation as part of this RIF action.
…

In accordance with these provisions, you will be released from your competitive level, and you do not have an assignment right to another position in your competitive area. As a result, you will be separated from the Federal service by RIF on June 6, 2025.

*Id.*

7.      Attached hereto as Exhibit C is a true and correct copy of an April 14, 2025 letter from Department of Labor Chief Human Capital Officer Sydney Rose to the U.S. Office of Personnel Management, requesting a waiver of the 90-day notice period for RIFs involving newly-established competitive areas, and seeking approval for a 30-day notice period under the OPM regulations.  That letter explains:

In early 2025, Executive Order 14173, signed by President Trump, revoked Executive Order 11246. As a result, the statutory and regulatory foundation for OFCCP's core mission has been eliminated. With the revocation of this authority, approximately 90% of OFCCP's previous workload is no longer applicable, rendering the vast majority of functions within the agency unnecessary.

Given these developments, we are formally requesting a waiver of the 90-day notice period for newly established competitive areas and seek approval for a 30-day notice period for a full reduction in force affecting these now-obsolete functions.

The only justification for the requested waiver is the President's elimination of the office by Executive Order:  "This request is submitted pursuant to 5 C.F.R. § 351.801(b), based on unforeseen and substantial changes in mission scope due to Executive Order 14173."

8.     Attached hereto as Exhibit D is a true and correct copy of an April 16, 2025 letter from OPM to the Department of Labor granting the requested waivers, eliminating the 90-day requirement for RIFs involving new competitive areas and reducing employee notice to 30 days. The only justification given by OPM for its decision is:   "*In accordance with the E.O. stated above, DOL must act quickly to conduct a RIF of employees in the divisions, offices, and units, mentioned in your request.*"

9.     As described above, these notices indicate that the OFCCP will be effectively eliminated.  The OFCCP is responsible for overseeing and auditing federal contracts to ensure that they are complying with federal anti-discrimination laws.  Without an Enforcement Division, there will be no federal agency charged with effectively deterring discrimination by federal contractors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed May __7__, 2025, in Washington, D.C.

LaRhonda D. Gamble

LaRhonda D. Gamble

Exhibit A

| | |
|---|---|
| **From:** | Amaya, Kimberly - OASAM OHR |
| **To:** | LaRhonda Gamble - UNION; Gregory B. Green - UNION |
| **Cc:** | LMR Union Notices; Patton, Tyion L - OASAM OHR |
| **Subject:** | NOTICE (Local 12): Reduction in Force – OFCCP has been approved |
| **Date:** | Tuesday, May 6, 2025 12:36:51 PM |
| **Attachments:** | image001.png |
| | Local 12 BUE Retention Register- OFCCP.xlsx |

Local 12,

In early 2025, Executive Order 14173, signed by President Trump, revoked Executive Order 11246. As a result, the statutory and regulatory foundation for OFCCP's core mission has been eliminated. With the revocation of this authority, approximately 90% of OFCCP's previous workload is no longer applicable, rendering the vast majority of functions within the agency unnecessary.

Given these developments, a Reduction in Force – OFCCP has been approved.

The Enforcement Division in DC, in its own competitive area, is being abolished as a whole, so there are no bump and retreat rights for those affected employees. All positions are being abolished.

The anticipated effective date will be Friday, June 6, 2025.

There are no employees covered by the notice whose current annual ratings of record are overdue.

Also attached is the annotated Retention Register, including the employee's tenure group, competitive level, and original service computation credit date; the ratings of record used to compute credit for performance; the amount of credit for performance; and the adjusted service computation date.

-Kim

Kimberly Amaya
(Acting) Division Chief
Division of Employee and Labor Management Relations (DELMR)
Office of Human Resources (OHR)
Office of the Assistant Secretary for Administration Management (OASAM)
U.S. Department of Labor (USDOL)
Cell Phone: 202-557-1710



# Exhibit B

# U.S. DEPARTMENT OF LABOR

WASHINGTON, DC 20210

May 6, 2025

MEMORANDUM FOR ███████████████

FROM:            Catherine Eschbach     CATHERINE  Digitally signed by
                                              CATHERINE ESCHBACH
            Director                       ESCHBACH  Date: 2025.05.06
                                                    09:04:05 -04'00'
            Office of Federal Contract Compliance Programs

SUBJECT:            Reduction in Force Notice

A reduction in force (RIF) within your competitive area will be conducted effective June 6, 2025. This action is due to the impact of the Executive Order (EO) titled, "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative" (February 11, 2025). Section 3(c) of the EO states:

> Agency Heads shall promptly undertake preparations to initiate large-scale reductions in force (RIFs), consistent with applicable law . . . All offices that perform functions not mandated by statute or other law shall be prioritized in the RIFs . . . ; all agency initiatives, components, or operations that my Administration suspends or closes; and all components and employees performing functions not mandated by statute or other law who are not typically designated as essential during a lapse in appropriations as provided in the Agency Contingency Plans on the Office of Management and Budget website.

I must inform you that your position of ███████████████████████ is being abolished and you have been identified for separation as part of this RIF action. This memorandum constitutes a specific RIF notice.

This RIF is being carried out in accordance with current law and regulations, which include Chapter 35 of Title 5, United States Code, 5 Code of Federal Regulations, Part 351, Office of Personnel Management (OPM) policy, and internal Department of Labor (DOL) policy. In accordance with these provisions, you will be released from your competitive level, and you do not have an assignment right to another position in your competitive area. As a result, you will be separated from the Federal service by RIF on June 6, 2025.

To conduct this RIF, the Department's Office of Human Resources (OHR) reviewed and relied on guidance in OPM's Workforce Reshaping Operations Handbook, dated March 2017. Based on this guidance, OHR determined that, since all positions in the competitive area are to be abolished, the "liquidation provision" applies. As a result, all employees will be released regardless of retention standing in their competitive area.

The Office of Human Resources (OHR) prepared retention registers which listed employees in retention standing order based on civil service tenure, veterans' preference, length of Federal service, and performance ratings. We used the following information to determine your retention standing as of the RIF effective date:

1

**Competitive Area:** ██

**Type of Service:** ████████

**Position Title, Series, Grade:** █████████████████████

**Competitive Level:** ████

**Tenure Group and Subgroup:** █████

**Service Computation Date (SCD):** ████████

**Latest Three Performance Evaluations (if available):** ████████████████████████

**Adjusted SCD (SCD adjusted by latest three performance ratings):** ████████

You may be eligible for benefits such as Discontinued Service Retirement or Severance Pay. You will be contacted within two weeks from the date of this letter by the Office of Human Resources with details concerning your eligibility.

Attached to this letter is an "Employee's Guide to RIF Benefits" which contains information regarding leave and other benefits available to employees separated by RIF. If requested, you will also receive career transition assistance within 72 hours. Information regarding benefits available under the Workforce Investment Act of 1998 Program, including unemployment insurance, can be found at http://www.doleta.gov/usworkforce/WIA/planstatus.cfm.

If you resign on or before the RIF effective date of June 6, 2025, your separation will be considered voluntary. Please be advised that resigning may affect your appeal rights. You are strongly encouraged to contact OHR or OPM for information if you are considering resigning during this specific notice period.

OHR staff are available to assist you by explaining this proposed action and will provide you with copies of pertinent regulations, benefits information, or other material related to this action that you may wish to review. You are entitled to a copy of DOL's retention regulations found in 5 CFR Part 351, which will be provided to you upon request, and you may inspect the appropriate retention register through OHR. You may obtain any information in writing by sending your request to OHR, email: CareerTransitionServices@dol.gov.

**Notice of Potential Appeal Rights**

**1. Merit Systems Protection Board (MSPB):** If you believe this decision is unwarranted, you may file an appeal with the MSPB. If you elect to file an appeal with the MSPB, your petition for appeal **must** be filed during the period beginning the day after the effective date of the **decision** on this proposal and ending no later than **30 calendar days after the effective date**, in accordance with 5 C.F.R. § 1201.22(b)(1). In an appeal to the MSPB, affirmative defenses (such as allegations of prohibited personnel practices) as set forth in 5 U.S.C. § 7701(c)(2) may be raised. A copy of the MSPB regulations (5 C.F.R. § 1201 *et seq.*) and a copy of the MSPB appeal form can be found at www.mspb.gov. If you decide to file an appeal with the MSPB, you have the option of filing electronically or by paper. You may file an appeal electronically by using e-Appeal, the MSPB's online filing system, at http://e-appeal.mspb.gov. You may file an appeal by facsimile at (703) 756-7112, or by mail (regular mail, commercial overnight delivery, or personal delivery).

<u>Where to File</u>.  You must file an appeal with the MSPB's regional or field office serving the area where your duty station was located when the action was taken, or, if the appeal relates to a final decision of the Office of Personnel Management regarding retirement benefits, or an adverse suitability determination, with the regional or field office that has jurisdiction over the area where you live.  For a complete listing of the coverage of our regional and field offices, see <u>Appendix II</u> of Part 1201 of the Board's regulations.

You must submit an original and one copy of the appeal. In accordance with 5 C.F.R. § 1201.24(a)(7), you must also submit a copy of (1) the RIF Notice, and (2) if available, the SF-50 or similar notice of the personnel action. No other attachments should be included with the appeal as the agency will be responsible for submitting certain documents and there will be several opportunities to submit evidence and argument after the appeal is filed. You are advised not to miss the deadline for filing merely because you do not currently have all of these documents in your possession. If you do not submit your appeal within the 30-day period as described herein, your case will be dismissed as untimely filed unless you can show a good reason for the delay.

In accordance with the MSPB regulations, at 5 CFR § 1201.21(f), an appeal should include the following information identifying the U.S. Department of Labor officials to receive the MSPB's acknowledgment order and copy of the appeal:

Office of the Solicitor
Management and Administrative Legal Services (MALS)
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C.
Zzsol-mals-hr@dol.gov

**2. <u>Equal Employment Opportunity</u>:** If you believe this action is being taken because of discrimination based on race, color, sex, religion, national origin, age, disability, genetic information, and/or because of participation in a protected Equal Employment Opportunity (EEO) activity, you may include this allegation when appealing to the MSPB (*see* 1., above) or you may initiate a discrimination complaint by seeking pre-complaint counseling with a DOL EEO Counselor. The names and contact information for DOL EEO Counselors are available at https://www.dol.gov/oasam/programs/crc/counseling-mediation-staff.htm. In order to pursue this matter through the discrimination complaints process, you must contact a DOL EEO Counselor within **45 days after the effective date of this action.** In addition to the information available at the link above, you may also initiate the discrimination complaints process by contacting Jehad Ali, Chief of the Office of Internal Enforcement at: (202) 693-6500; (800) 877-8339 (relay); Ali.Jehad@dol.gov; or by mail at:

Jehad Ali
Civil Rights Center
U.S. Department of Labor
200 Constitution Avenue, N.W. Room N-4123
Washington, D.C. 20212

3

The election to proceed either before the MSPB or with the EEO complaint process is determined by which proceeding was filed first. You do not make an election until you file an appeal with the MSPB or a formal EEO complaint. Contacting an EEO counselor or filing an informal complaint with the EEOC does not prevent you from filing a mixed case appeal with the MSPB. If you elect to pursue this matter through the discrimination complaints process, it will be deemed a "mixed case complaint," and upon acceptance of your formal complaint of discrimination you will be advised of the mixed case processing procedures.

**3. Office of Special Counsel (OSC):** Further, in addition to your right to pursue an EEO complaint, if you believe this action is being taken because of reprisal for making a protected disclosure as covered by the Whistleblower Protection Act and/or on the basis of any other prohibited personnel practice (including but not limited to discrimination claims based on marital status and/or political affiliation), you may seek corrective action under subchapters II and III of 5 U.S.C. chapter 12, by filing a complaint with OSC (*see* www.osc.gov). If you choose to file a complaint with OSC, it is considered an election of remedies between OSC and MSPB, *see* 5 U.S.C. § 7121(g), and you may be limited to the rights associated with filing an Individual Right of Action (IRA) appeal pursuant to 5 U.S.C. § 1221. The filing of a discrimination complaint or seeking corrective action with OSC will not extend the time limit for filing an appeal with MSPB.

It is recommended you consult your own representative on any appeal or claims you may wish to bring.

Again, your election of one of these avenues of review will be considered final on the date any appeal or complaint is filed. In addition, filing a discrimination complaint, or seeking corrective action with OSC, will not extend the time limit for filing an appeal with MSPB.

This RIF action should not be considered as reflecting upon your performance or conduct. It is being taken solely due to the abolishment of your position as described earlier in this letter. The Department of Labor sincerely appreciates the services you have rendered during your employment.

Please sign and return a copy of this notice to acknowledge receipt and send it to RIFNoticeAcknowledgementOfReceipt@dol.gov.

Attachments:   1. RIF Information Sheet
               2. Employee Guide to RIF Benefits

Sent by email to: ▮▮▮▮▮▮▮▮▮▮▮

No hard copy to follow.

4

**Receipt Acknowledged:**

███████████

Employee Name

_____

Employee's Signature                          Date

Attachment 1

## ATTACHMENT 1
## REDUCTION IN FORCE INFORMATION

As an affected employee of the recently announced reduction in force (RIF), we realize your interest in understanding more about the RIF procedures and how the process impacts you. The following has been prepared to assist you in better understanding RIF.

**Use of RIF Procedures:**

An activity has the right to decide where a RIF is necessary, when it will take place, and what positions are to be abolished. Four retention factors, as implemented through the Department of Labor's RIF regulations described in 5 CFR 351, are used to determine which employee is actually reached for a RIF action as a result of the abolishment of a position. These are:

1. Tenure (i.e., type of appointment)
2. Veterans Preference
3. Length of Service
4. Performance Ratings

**Applying RIF Regulations:**

- Competitive Area – The competitive area sets the limits within which employees compete for retention and is defined based on organizational and geographic limits.
- Competitive Level – Within each competitive area, interchangeable positions are grouped into competitive levels based upon similarity of grade, series, qualifications and working conditions.
- Retention Registers – The four retention factors mentioned above are applied to positions and the competitive level becomes a retention register listing employees in the order of their retention standing.

**Retention Factors:**

1. Tenure. In the competitive service, employees are ranked on a retention register in three groups according to their type of appointment (Note: excepted service tenure are similarly ranked):

   GROUP I – Career employees who are not serving on probation.
   GROUP II – Career employees who are serving a probationary period and career-conditional employees.
   GROUP III – Employees who are serving under a term or similar non-status appointment.

2. Veterans' Preference. Each of these groups is divided into three subgroups reflecting their entitlement to veterans' preference:

1

Attachment 1

> SUBGROUP AD – Veterans' preference eligibles with a compensable service-connected disability of 30 percent or more.
> SUBGROUP A – Veterans' preference eligibles not included in Subgroup AD.
> SUBGROUP B – Non-veteran preference eligibles.

3. Length of Service. Employees are ranked by service dates within each subgroup. The service dates include creditable civilian and military service.

4. Performance. Employees receive extra RIF service credit for performance based upon the average of their last three annual performance ratings of record received during the four-year period prior to the date the agency issues RIF notices.

**Rights to Other Positions:**

Competitive service employees in Groups I or II with current performance ratings of at least minimally successful who are released from the competitive level are entitled to an offer of assignment if they have bump or retreat rights to an available position in the same competitive area and they would otherwise be separated by RIF.

Promotion potential is not considered in filling a position under the Department of Labor's RIF regulations. A RIF offer may have less, more, or the same promotion potential. Generally, assignment rights are limited to positions within three grades (or levels) of release from the position the employee occupies.

- BUMP. Bumping means displacing an employee in a lower tenure group or in a lower subgroup within the released employee's own tenure group.
- RETREAT. Retreating means displacing an employee with less service within the released employee's own tenure group and subgroup.

**RIF Notices:**

Employees are entitled to 30 days' specific written notice in a RIF.

**Additional Information:**

If you desire additional or more detailed information concerning RIF, please contact the Office of Human Resources at CareerTransitionServices@dol.gov.

2

Attachment 2

## ATTACHMENT 2
## FEDERAL EMPLOYEE BENEFITS FOR
## THOSE AFFECTED BY REDUCTION IN FORCE

There are a variety of potential benefits available to employees facing separation because of Reduction in Force (RIF). The information presented in this Guide is intended to provide an overview of how RIF affects various benefits and entitlements of a federal employee. The information is general and cannot possibly cover every circumstance. It is not necessarily applicable to every Federal employee. If you need specific information or more details, please contact the Office of Human Resources at CareerTransitionServices@dol.gov.

**Severance Pay**

Severance pay eligibility requirements at a glance:

- Be a part-time or full-time employee
- Be removed from Federal service by involuntary separation
- Have completed at least 12 months of continuous service
- Not entitled to an immediate annuity (must not currently be receiving Federal retirement pay or be eligible to receive it)
- Not be receiving injury compensation
- Not have declined a reasonable offer

Severance pay is available to you if you are involuntarily separated, provided that you do not refuse an offer of a position that is (1) in the same commuting area, (2) in the same agency, and (3) no more than two grades lower than your current grade level. In addition, you must be serving under a qualifying appointment*, have a regularly scheduled tour of duty, have been employed at least 12 continuous months of service, and you cannot be eligible for an immediate annuity as a federal employee or as a retired member of the armed forces. You also cannot be receiving workers' compensation benefits for wage loss due to an on-the-job injury.

*A qualifying appointment is generally defined as (1) a career or career-conditional appointment in the competitive service or the equivalent in the excepted service; (2) an excepted appointment without time limitation, except under Schedule C or equivalent; (3) a time-limited appointment (including a series of time-limited appointments by the same agency without any intervening break in service) for full-time employment that takes effect within 3 calendar days after the end of one of the qualifying appointments listed above.

**Computation of Severance Pay**

Only civilian service is creditable for severance pay. You are entitled to 1 week's basic pay for each year of civilian service up through 10 years, plus 2 weeks' basic pay for each year of creditable service beyond 10 years. In addition, an age adjustment allowance of 2.5 percent is added for each full quarter of a year you are over 40 years of age. The maximum amount of severance pay eligibility is one year's salary (52 weeks). (This is a lifetime limitation; thus, any severance pay you received in the past is taken into account in applying the limit.) Severance payments are equal to your rate of basic pay at

1

Attachment 2

separation and are paid out at regular pay period intervals (usually biweekly) until the severance pay is exhausted. The only deductions made from severance pay are taxes, social security (if applicable), and Medicare.

**Unemployment Compensation**

The unemployment insurance program for Federal employees is administered by the Department of Labor through State governments. States, including the District of Columbia, determine the eligibility for benefits and the amounts to be paid to unemployed individuals. The program provides a weekly income for a limited period of time. The length of time is determined by the jurisdictional State's law. A separated employee should file a claim for benefits at his or her State Employment Service office. State offices also allow you to register for potential employment opportunities. You must provide them with your social security card, official notice of separation or non-pay status (Standard Form 50) and specific RIF notice letter and any other additional information as required. The Department of Labor's web site is http://www.doleta.gov.

**Retraining Opportunities**

Many states offer excellent opportunities for displaced employees to take various types of training through government funding to help them qualify for jobs. This may include the opportunity to train for a new career field.

For information on training or retraining opportunities, contact your local State employment services department and ask about training/retraining possibilities under the Workforce Investment Act of 1998. The U.S. Department of Labor administers a dislocated worker program to assist laid off workers who are unlikely to return to their previous industry or occupation. The dislocated worker program authorizes a wide range of services to help individuals obtain meaningful re-employment. These services may include assessments of skills and interests, job development, counseling, job search assistance, career exploration, and occupational skills retraining, like computer training.

States and local grantees decide on the particular mix and availability of services. Information on job training, resume writing, and employment assistance is available for each state and territory and can be obtained at: http://www.doleta.gov/usworkforce/WIA/planstatus.cfm.

**Unused Annual Leave**

All civilian employees covered by annual leave laws are entitled to receive a lump sum payment for accrued annual leave when separated from the Federal Government. In some cases, employees close to retirement eligibility may be able to use annual leave to qualify for retirement benefits. See the "Retirement" section later in this guide for more information.

**Unused Sick Leave**

There is no payment for unused sick leave. However, if you are separated from the Federal Government, you are entitled to have your sick leave restored to your sick leave account if you

Attachment 2

are reemployed in the Federal Government. All unused sick leave is added to the total service of an employee who is eligible for an annuity under the Civil Service Retirement System (CSRS) and Federal Employees Retirement System (FERS).

**Federal Employees Health Benefits Program (FEHBP)**

*Separated Employees Only:*

After separation, an employee not eligible for an immediate annuity can continue health insurance free for 31 days. The employee may then elect to continue receiving benefits under FEHBP. However, this request for continued coverage is not automatic--it must be requested in writing within 60 days of separation (or within 60 days of receiving a notice from the agency that FEHB coverage is terminating) and the employee must pay their own share, the government's cost, and an additional 2% administrative fee (this totals 102 percent of the cost). This temporary extension of coverage can only last for 18 months. Dependents of employees may carry this coverage for up to 36 months. An employee may also convert to a private plan.

Another option that may be available to you for health care coverage is the Patient Protection and Affordable Care Act (ACA) coverage. The ACA did not eliminate or change the TCC rules; however, it is an alternative approach to health care coverage. To learn more about the ACA including the health insurance marketplace, please visit www.healthcare.gov.

**Federal Employees Group Life Insurance (FEGLI) Program**

*Separated Employees Only:*

Separated employees are provided free FEGLI coverage for 31 days. If you separate and you are not eligible for an immediate annuity, you may convert all or part of the life insurance to an individual policy without having to take a medical examination. You may purchase an individual policy from any eligible insurance company (choices are provided by FEGLI) and this is considered a private transaction between you and the company. You pay the entire premium of the conversion policy, and the conversion must be made within 31 days after the effective date of the separation. Upon separation, you will be provided with a form to make this election.

**Thrift Savings Plan (TSP)**

*Withdrawing Money:*

Employees who separate from Federal service for more than 31 days may choose to either leave their money in their TSP account or to withdraw the vested TSP account balance. There are several options for withdrawal:

1. If your account balance is under a certain amount (currently $200 or less), the TSP Service Office will notify you and your account balance will be paid to you automatically in a single payment, unless you request that it be retained or you select another withdrawal option.

3

Attachment 2

*Using Annual Leave to Reach Eligibility*

If you are scheduled for RIF separation, you may use your accumulated annual leave to remain on an agency's rolls past the RIF effective date if doing so allows you to reach your first retirement eligibility date. You must have enough annual leave to cover the period from the RIF effective date to the first date you meet the minimum age and service criteria for CSRS or FERS retirement (as applicable). You must meet the other eligibility requirements for optional or discontinued service retirement as described below.

The accumulated annual leave balance generally includes all annual leave in your account as of the RIF effective date, plus the annual leave earned while on leave between the RIF effective date through first retirement eligibility date. Employees wishing to exercise this option should check with their Human Resources office for the necessary steps to take.

*Immediate Annuity (CSRS)*

If you are covered under CSRS and have been for at least 1 of the last 2 years before your separation, you are eligible for an immediate annuity if you meet the following minimum age and service requirements:

Optional Retirement:

- Age 62 and 5 years creditable civilian service.
- Age 60 and 20 years total creditable service.
- Age 55 and 30 years total creditable service.

Discontinued Service or Early Retirement:

- Age 50 and 20 years total creditable service.
- Any age and 25 years total creditable service.

The CSRS annuity of an employee who retires before age 55 is reduced by 2 percent for each year the employee is under age 55 at the time of retirement.

You are eligible for discontinued service retirement under both CSRS and FERS only if you are reached for an involuntary action (such as job abolishment or reassignment to a position in a different commuting area), and you do not receive an offer of another position in the same local commuting area that is within two grades of your present position.

*Immediate Annuity (FERS)*

If you are covered under FERS, you are eligible for an immediate annuity if you meet the following minimum age and service requirements:

5

Attachment 2

2. After separation from Federal service, you may:

- Leave your entire account balance in the TSP and make a withdrawal decision later. The account will continue to draw interest and you can continue to move the money around between the investment funds.
- Transfer your account balance to an Individual Retirement Account (IRA) or other eligible retirement plan.
- Elect a life annuity.
- Elect to receive a single lump sum payment.
- Elect to receive a series of equal monthly payments.
- Elect any combination of the options specified above (a mixed withdrawal).

Special Note: Any funds paid directly to you from TSP are taxable. Also, a 10 percent penalty will be charged for early withdrawal if you separate before the year in which you attain age 55.

Otherwise, if you are over age 59 1/2, you will not be subject to the 10% early withdrawal penalty. Options are outlined in detail in the booklet, "Withdrawing Your TSP Account" dated June 2007. You will also receive all appropriate forms to exercise the withdrawal option.

**Retirement Benefits**

Most Federal employees who were first hired before January 1, 1984, are covered by CSRS. Most employees first hired on or after January 1, 1984, are automatically covered by FERS.

*Refunds*

If you separate from Federal employment before completing a minimum of 5 years of creditable civilian service, you are not eligible to receive optional or deferred annuity benefits under CSRS or FERS. If you receive a refund of retirement deductions under CSRS and FERS, you may, after reemployment with the Federal Government, repay the amount refunded plus interest so that the period of service covered by the refund may be included in the computation of annuity benefits. (See an HR representative for more details about a refund.) A separated employee does not have to take a refund. Interest is paid on all funds in a FERS account, while CSRS employees receive no interest for accounts more than 5 years old. Taxes have already been paid on the deductions themselves, so no further taxes will be withheld.

*Deferred Annuity*

If you separate from the Federal service after completing at least 5 years of creditable civilian service, but before becoming eligible for an immediate annuity, you are entitled to a deferred annuity at age 62 under both CSRS and FERS. If you are covered by FERS, you may be eligible for a deferred annuity when you reach the following conditions: age 62 with 5 years of civilian service; at age 60 with 20 years of service; at your minimum retirement age with 30 years of service; and at your minimum retirement age with at least 10 years of service. The MRA + 10 condition is subject to a reduced benefit amount. (Consult an HR representative for more information/details on this annuity.)

4

Attachment 2

Optional Retirement:

- Age 62 and 5 years creditable civilian service.
- Age 60 and 20 years total creditable service.
- Minimum retirement age and 30 years total creditable service.
- Minimum retirement age and 10 years of total service (*reduced benefit amount).

The minimum retirement age for FERS employees born before 1948 is 55, but gradually increases from 55 to 57 for employees born between 1948 and 1970. Also, the MRA + 10 FERS annuity is reduced by 5 percent for each year the employee is under age 62.

Discontinued Service/Early Retirement:

- Age 50 and 20 years total creditable service.
- Any age and 25 years total creditable service.

There is no annuity reduction in FERS for employees who retire on a discontinued service or early annuity under the age of 55. Transferees with a CSRS annuity component will have the CSRS portion of the annuity reduced by 2 percent per year if he or she is under age 55.

*MRA + 10 Postponed Annuity*

If you are covered under FERS and upon separation, you are at your minimum retirement age and you have 10 years of service, you can postpone your MRA + 10 annuity and receive it at some point in the future to eliminate or lessen the age reduction to the annuity. You will be able to pick up your FEHB and FEGLI coverage when you start your postponed annuity, provided you met the 5-year requirement of having this coverage upon separation.

6

Exhibit C

## U.S. DEPARTMENT OF LABOR
WASHINGTON, DC 20210

April 14, 2025

Latonia Page
Deputy Associate Director
Talent Acquisition, Classification, and Veterans Programs
Workforce Policy and Innovation
Office of Personnel Management
1900 E Street, NW
Washington, DC 20415

Dear Latonia,

The Office of Federal Contract Compliance Programs (OFCCP) was established under Executive Order 11246, signed by President Lyndon B. Johnson on September 24, 1965. This Executive Order required Federal contractors to develop and maintain affirmative action programs.

In early 2025, Executive Order 14173, signed by President Trump, revoked Executive Order 11246. As a result, the statutory and regulatory foundation for OFCCP's core mission has been eliminated. With the revocation of this authority, approximately 90% of OFCCP's previous workload is no longer applicable, rendering the vast majority of functions within the agency unnecessary.

Given these developments, we are formally requesting a waiver of the 90-day notice period for newly established competitive areas and seek approval for a 30-day notice period for a full reduction in force affecting these now-obsolete functions.

Proposed Reduction in Force – OFCCP (313 Positions Total):
- Northeast Region – 57 Positions
- Mid-Atlantic Region – 47 Positions
- Southeast Region – 81 Positions
- Midwest Region – 55 Positions
- Pacific Region – 57 Positions
- Division of Enforcement – 16 Positions

This request is submitted pursuant to 5 C.F.R. § 351.801(b), based on unforeseen and substantial changes in mission scope due to Executive Order 14173. We respectfully request that OPM expedite its consideration of this waiver, given the unique and urgent circumstances.

Thank you for your attention to this matter.

Sincerely,

*Carin M. Otero*

Sydney T. Rose
Chief Human Capital Officer
U.S. Department of Labor

Exhibit D



**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT**
Washington, DC 20415

April 16, 2025

Ms. Sydney T. Rose
Chief Human Capital Officer
U.S. Department of Labor
500 C St., NW STE 600
Washington, DC 20001

Dear Ms. Rose:

The U.S. Office of Personnel Management (OPM) approves the U.S. Department of Labor's (DOL) April 14, 2025, request on behalf of the DOL's Office of Federal Contract Compliance Programs (OFCCP), for approval of competitive areas which will be in effect less than 90 days prior to the proposed effective date of a reduction in force (RIF).  Your request indicates the urgency for a RIF in OFCCP is necessary due to an unforeseen circumstance resulting in the elimination of the organization's statutory and regulatory underpinnings based on the impact of Executive Order (E.O.) 14173 that revoked E.O. 11246.  As a result, the statutory and regulatory foundation for OFCCP's core mission has been eliminated and approximately 90% of OFCCP's previous workload is no longer applicable, rendering the vast majority of functions within the agency unnecessary.

OPM approves your request in accordance with 5 CFR 351.402(c).  This provision requires OPM approval when a competitive area will be in effect less than 90 days prior to the effective date of a RIF.  The competitive areas proposed in your request were not previously established.  They comprise the groups mentioned in your request as well as DOL's clarification to include the Southwest and Rocky Mountain region as a separate competitive area.  OFCCP must confirm and document that any competitive area established meets the definition for separate administration:

- The organizational unit or subdivision is separately organized;

- It is clearly distinguished from other units with regard to operation, work function, staff, and personnel management; and
- It has the authority to take or direct personnel actions (e.g., establish or abolish positions).

Additionally, OPM approves DOL's April 14, 2025, request for OPM approval of an exception to the 60-day notice period provided to employees selected for release through a RIF.  Your request indicates that an exception is necessary due to the reason stated above.

Ms. Sydney T. Rose                                                                          Page 2

OPM approves your request in accordance with 5 CFR 351.801(b).  Under this
provision, OPM may approve a notice period of less than 60 days when a RIF is caused
by unforeseeable circumstances.  The minimum notice period must cover at least
30 full days.  In accordance with the E.O. stated above, DOL must act quickly to conduct
a RIF of employees in the divisions, offices, and units, mentioned in your
request.  OPM is approving a notice period of 30-days for employees in the entities in
your request.  RIFs must have an effective date that is 30 days from the date an
employee receives their notice.  DOL should also review all applicable collective
bargaining agreements for any additional requirements necessary to effectuate a RIF.

Please contact Katika Floyd by email at katika.floyd@opm.gov or phone at 202-606-9531
should you or staff have any questions with this response.

Sincerely,

Veronica E. Hinton
Associate Director
Workforce Policy and Innovation