1  NICHOLAS W. BROWN
   Attorney General of Washington
2  CRISTINA SEPE, SBN #308023
   CYNTHIA L. ALEXANDER
3  Deputy Solicitors General
   1125 Washington Street SE, PO Box 40100
4  Olympia, WA  98504-0100
   (360) 753-6200
5  Cristina.Sepe@atg.wa.gov
   Cynthia.Alexander@atg.wa.gov
6  Attorneys for *Amicus Curiae* State of Washington

7  [*Additional amici and counsel listed on signature page*]

8              UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION

10 AMERICAN FEDERATION OF                 NO. 3:25-cv-03698-SI
   GOVERNMENT EMPLOYEES, AFL-CIO,
11 et al.,                                BRIEF OF AMICI CURIAE
                                          WASHINGTON, ARIZONA,
12              Plaintiffs,               CALIFORNIA, COLORADO,
                                          CONNECTICUT, DISTRICT OF
13      v.                                COLUMBIA, DELAWARE,
                                          HAWAI'I, ILLINOIS, MARYLAND,
14 DONALD J. TRUMP, in his official       MAINE, MICHIGAN, MINNESOTA,
   capacity as President of the United States, et   NEVADA, NEW JERSEY, NEW
15 al.,                                   MEXICO, NEW YORK, NORTH
                                          CAROLINA, OREGON, RHODE
16              Defendants.               ISLAND, AND VERMONT IN
                                          SUPPORT OF PLAINTIFFS'
17                                        MOTION FOR TEMPORARY
                                          RESTRAINING ORDER
18

19

20

21

22

23

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

# TABLE OF CONTENTS

I.    INTRODUCTION AND INTERESTS OF AMICI CURIAE ........................................... 1

II.   BACKGROUND ............................................................................................................ 2

III.  ARGUMENT .................................................................................................................. 3

    A.  Defendants' Extensive RIFs and Reorganizations of
        Federal Agencies Impermissibly Trample on Power
        Reserved to Congress ........................................................................................ 3

    B.  The Dismantling of Federal Agencies and Mass Firing
        of Federal Employees Harm Amici States ........................................................ 5

IV.   CONCLUSION ............................................................................................................. 10

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

# TABLE OF AUTHORITIES

## Cases

*Aids Vaccine Advoc. Coal. v. U.S. Dep't of State*,
__ F. Supp. 3d __, No. 25-00400 (AHA),
2025 WL 752378 (D.D.C. Mar. 10, 2025) ........................................... 4

*City & County of San Francisco v. Trump*,
897 F.3d 1225 (9th Cir. 2018) ......................................................... 3-4

*Clinton v. City of New York*,
524 U.S. 417 (1998) ........................................................................ 3

*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*,
561 U.S. 477 (2010) ........................................................................ 4

*Gregory v. Ashcroft*,
501 U.S. 452 (1991) ........................................................................ 5

*In re Aiken County*,
725 F.3d 255 (D.C. Cir. 2013) ....................................................... 3-4

*La. Pub. Serv. Comm'n v. FCC*,
476 U.S. 355 (1986) ........................................................................ 4

*League of Women Voters of U.S. v. Newby*,
838 F.3d 1 (D.C. Cir. 2016) ............................................................ 5

*Myers v. United States*,
272 U.S. 52 (1926) .......................................................................... 4

*Seila Law LLC v. CFPB*,
591 U.S. 197 (2020) ........................................................................ 3

*Youngstown Sheet & Tube Co. v. Sawyer*,
343 U.S. 579 (1952) ........................................................................ 3

## Constitutional Provisions

U.S. Const. art. I, § 1 ....................................................................... 3

U.S. Const. art. II ........................................................................... 3

## Statutes

2 U.S.C. § 683(b) ............................................................................ 3

6 U.S.C. § 753(b)(2) ....................................................................... 2

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

7 U.S.C. § 7656(b)(6) ................................................................................................ 2

7 U.S.C. § 7656(d) .................................................................................................... 2

7 U.S.C. § 8914(b)(2) ................................................................................................ 2

16 U.S.C. § 551c-1(b) ............................................................................................... 2

33 U.S.C. § 3204(b) .................................................................................................. 2

42 U.S.C. § 247b-13(a) ............................................................................................. 6

42 U.S.C. § 280b ....................................................................................................... 7

42 U.S.C § 290bb-36c(c) .......................................................................................... 2

42 U.S.C. § 5143(b)(3) .............................................................................................. 2

42 U.S.C. § 5143(c) ................................................................................................... 2

43 U.S.C. § 3101(8) .................................................................................................. 2

43 U.S.C. § 3102(b) .................................................................................................. 2

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

1

## I.    INTRODUCTION AND INTERESTS OF AMICI CURIAE

2    The States of Washington, Arizona, California, Colorado, Connecticut, Delaware,

3    Hawaiʻi, Illinois, Maryland, Maine, Michigan, Minnesota, Nevada, New Jersey, New Mexico,

4    New York, North Carolina, Oregon, Rhode Island, and Vermont and the District of Columbia

5    (Amici States) are collectively home to tens of thousands of federal employees, including

6    members of Plaintiffs and their local affiliates, who provide important government services to

7    Amici States and their residents. Collaborations and partnerships with federal agencies and

8    employees are integral to the Amici States' ability to deliver critical services to their citizens.

9    The dismantling of federal agencies and mass federal employee layoffs at issue in this

10    case exceed the power of the Executive under separation of powers principles. Defendants'

11    unlawful actions substantially disrupt the ability of Amici States to protect and serve the public,

12    and pose serious risk to their citizens' health, safety, and even lives. All manner of state

13    programs—including emergency planning and response, infrastructure repair, environmental

14    protection, public health, and much more—depend on federal counterparts to provide necessary

15    services, information, and resources to function effectively. Defendants' unlawful actions

16    disrupt these partnerships and impair Amici States' ability to respond to natural disasters,

17    manage health emergencies, conduct scientific research, enforce safety and labor standards, and

18    minimize environmental harm, and fulfill many other obligations to their citizens.

19    The harms that the Amici States are experiencing, and will continue to experience,

20    support a finding that the public interest would be served by entering a temporary restraining

21    order.

22

23

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

1                              **II.    BACKGROUND**

2          Federal and state governments cooperate with each other regularly to share resources and

3   information, respond to emergencies, protect the environment, and perform a wide range of work

4   to protect the health, welfare, and well-being of the public. When the federal government

5   destabilizes and dismantles its own agencies, including by terminating a substantial proportion

6   of its employees, with little planning or notice to affected individuals or States, it abruptly upends

7   the States' ability to protect and serve their residents.

8          Numerous federal statutes ensure that the federal government collaborates with state and

9   local governments on a broad range of issues, such as the U.S. Geological Survey's work to

10  identify, assess, and plan for landslide hazards, 43 U.S.C. §§ 3101(8), 3102(b); the creation of a

11  tsunami hazard mitigation program by the Environmental Protection Agency and Federal

12  Emergency Management Agency (FEMA), 33 U.S.C. § 3204(b); the U.S. Forest Service's

13  extensive coordination with states when managing national land and conducting prescribed

14  burns, 16 U.S.C. § 551c-1(b); HHS's national suicide and mental health hotlines, 42 U.S.C.

15  §§ 280g-18(c)(4), 290bb-36c(c); U.S. Department of Agriculture's (USDA) deployment of a

16  team to address "threat[s] to human health from food-borne pathogens," 7 U.S.C. §

17  7656(b)(6),(d); FEMA's responsibilities to develop operational plans, 6 U.S.C. § 753(b)(2), and

18  "coordinate the administration of relief" after emergency declarations, 42 U.S.C. § 5143(b)(3),

19  (c); and USDA's plans to respond to diseases or pests of concern, 7 U.S.C. § 8914(b)(2), to name

20  a few. These partnerships and collaborations are indispensable to the ability of Amici States to

21  effectively perform their duties to their citizens.

22          Amici States have already experienced the extraordinarily widespread impact of

23  Defendants' attempt to abruptly demolish the work and workforce of so many federal agencies

1  and departments at once, and are increasingly concerned that their ability to manage natural

2  disasters like floods and wildfires, treat emergent diseases, protect workers from workplace

3  safety hazards, address homelessness, and provide innumerable other critical services that their

4  constituents depend upon, will be substantially, if not catastrophically, impaired.

5  ### III.    ARGUMENT

6  ### A.    Defendants' Extensive RIFs and Reorganizations of Federal Agencies Impermissibly Trample on Power Reserved to Congress

7

8  Defendants' mass layoffs and wholesale closure of offices, departments and agencies

9  exceed the Executive's authority, and have impermissibly prevented those federal entities from

10  performing statutorily mandated work. Defendants' actions violate the separation of powers

11  doctrine, a foundational tenet of our Constitution. *Seila Law LLC v. CFPB*, 591 U.S. 197, 227

12  (2020).

13  Article I of the Constitution vests all legislative powers in Congress. U.S. Const. art. I,

14  § 1. The Constitution also "exclusively grants the power of the purse to Congress, not the

15  President." *City & County of San Francisco v. Trump*, 897 F.3d 1225, 1231 (9th Cir. 2018)

16  (citing U.S. Const. art. I, § 9, cl. 7). The President's constitutional authority, set forth in

17  Article II, "must stem either from an act of Congress or from the Constitution itself."

18  *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585 (1952). "[T]he President's power

19  to see that the laws are faithfully executed refutes the idea that he is to be a lawmaker." *Id.* at 587.

20  Accordingly, the Executive has no power "to enact, to amend, or to repeal statutes." *Clinton v.*

21  *City of New York*, 524 U.S. 417, 438 (1998). And "settled, bedrock principles of constitutional

22  law" require the Executive to expend the funds that Congress duly authorizes and appropriates.

23  *In re Aiken County*, 725 F.3d 255, 259 (D.C. Cir. 2013)); 2 U.S.C. § 683(b) (all funds

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI                    3            ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

1    appropriated by Congress "shall be made available for obligation" unless Congress has rescinded

2    the appropriation). "[E]ven the President does not have unilateral authority to refuse to spend

3    the funds" Congress appropriates. *Aiken County*, 725 F.3d at 261 n.1.

4          The constitutional separation of powers ensures that only Congress may create, define,

5    or dismantle federal agencies. *See Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S.

6    477, 500 (2010) ("Congress has plenary control over the salary, duties, and even existence of

7    executive offices."); *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986) ("[A]n agency

8    literally has no power to act . . . unless and until Congress confers power upon it."); *Myers v.*

9    *United States*, 272 U.S. 52, 129 (1926) ("To Congress under its legislative power is given the

10   establishment of offices" and "the determination of their functions and jurisdiction."). No

11   authority allows the President or the head of an agency to take actions that incapacitate core

12   functions of an agency that Congress created and funded. *See Aids Vaccine Advoc. Coal. v. U.S.*

13   *Dep't of State*, __ F. Supp. 3d __, No. 25-00400 (AHA), 2025 WL 752378, at *17 (D.D.C.

14   Mar. 10, 2025) (explaining that it is not for the Executive to refuse to undertake statutorily

15   prescribed work for which Congress has power of the purse by disregarding mandatory statutory

16   duties and congressional appropriations), *appeal docketed*, No. 25-5098 (D.C. Cir.). "And 'the

17   President may not decline to follow a statutory mandate . . . simply because of policy

18   objections.'" *City & County of San Francisco*, 897 F.3d at 1232 (quoting *Aiken County*, 725

19   F.3d at 259).

20         Defendants' structural dismantling of federal agencies and departments cannot be

21   reconciled under the separation of powers doctrine with statutes mandating that federal agencies

22   undertake specific activities, for which Congress appropriated funds. For this reason, Plaintiffs

23   are likely to succeed on the merits of their separation of powers claim.

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**B.     The Dismantling of Federal Agencies and Mass Firing of Federal Employees Harms Amici States**

Defendants' extensive reorganization of federal agencies and mass firing of federal employees have damaging—in some cases devastating—repercussions in the Amici States. These harms are spread across countless state agencies and programs that rely every day on the services of agencies and employees throughout the federal government to protect and serve their constituents. Because the States "possess sovereignty concurrent with that of the Federal Government," *Gregory v. Ashcroft*, 501 U.S. 452, 457-58 (1991), they are equal sovereign entities charged to advance the public interest. The harms the Amici States have experienced as a result of Defendants' unlawful actions thus constitute a distinct harm to the public interest. A temporary restraining order would advance the public interest in that it would stop unlawful actions that harm the Amici States and their residents. *See League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (emphasizing a "substantial public interest 'in having governmental agencies abide by the federal laws that govern their existence and operations'" (quoting *Washington v. Reno*, 35 F.3d 1093, 1103 (6th Cir. 1994)).

The significant cuts in programs and workforce Defendants have already made at the Centers for Disease Control (CDC) are illustrative of the harms Amici States face. For example, the work of the National Center for Chronic Disease Prevention and Health Promotion within the CDC focuses on leading causes of preventable deaths in the United States. It oversaw the Division of Reproductive Health (DRH) and Office on Smoking and Health (OSH) until Defendants effectively eliminated both.

DRH worked to improve the health of women and infants by studying maternal mortality, improving quality of care for mothers and infants, and collecting quality data on women and

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

1    infants, including through the Pregnancy Risk Assessment Monitoring System (PRAMS), a

2    population-based surveillance system mandated by Congress to collect data nationwide

3    regarding maternal and infant health outcomes. 42 U.S.C. § 247b-13(a). Defendants fired nearly

4    all of the employees in DRH, and the CDC has notified states that it is unable to continue to

5    provide resources promised under PRAMS agreements it entered with them. It is unclear how

6    the statutorily mandated collection, review, and publication of DRH data, or the maintenance of

7    DRH data systems, can continue without a workforce to conduct the work. Amici States have

8    lost their PRAMS partnership support and the critical reproductive health data that came with it,

9    including data on maternal and infant health outcomes, maternal mortality, and pregnancy

10   success rates in IVF. The PRAMS agreements also committed substantial grant funding and

11   provided post-award trainings and technical assistance by CDC program officials. These

12   resources will be lost to Amici States with the termination of DRH staff who managed the grants

13   and ran the trainings.

14        OSH is the lead federal agency for tobacco prevention and control, and played a critical

15   role in preventing smoking and tobacco use among youth and adults. It also funded tobacco

16   control efforts in the states. Defendants terminated nearly all of OSH's employees, leaving it

17   unable to fulfill its statutory mandates to collect and publish relevant data, manage annual

18   submissions of cigarette ingredient reports from manufacturers and importers, and monitor

19   tobacco use trends and health impacts. Amici States rely on these reports, including as a basis

20   for their tobacco control or enforcement laws. Losing OSH resources will also impair Amici

21   States' ability help their citizens quit tobacco use.

22        The National Center for HIV, Viral Hepatitis, STD and Tuberculosis Prevention within

23   the CDC fulfills its mission to reduce the incidence of infection, morbidity, mortality, and health

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

disparities in the U.S. and abroad by monitoring public health, researching disease prevention, funding local disease-prevention programs, and developing tools for providers and at-risk communities. It oversees the Division of HIV Prevention (DHP), whose mission includes preventing HIV infection and reducing HIV-related illness and death. Defendants fired the entire staff of several DHP branches, including those responsible for behavioral and clinical surveillance HIV research, HIV prevention capacity development, prevention communications, quantitative sciences, and all global work. As a result, Amici States have lost important resources for reducing HIV-related illness and death.

Defendants also eliminated entire teams at the National Center for Injury Prevention and Control (NCIPC),whose mission is to prevent injury, overdose, suicide and violence across the lifespan through science and action. 42 U.S.C. § 280b. Among the teams eliminated were those that focused on motor vehicle crashes, child maltreatment, rape prevention and education, drowning, traumatic brain injury, falls in the elderly, and other topics. Amici States relied on NCIPC and its data on injury and violence in efforts to prevent these types of lethal accidents. The significant workforce cuts mean that data collection efforts will be significantly limited, and data previously collected from hospitals throughout the country on injuries from motor vehicle crashes, falls, adverse drug and alcohol effects and work-related injuries in the National Electronic Injury Surveillance System will no longer be collected.

Defendants also eliminated the Division of Environmental Health Science and Practice within the CDC, which provided critical environmental health support and funding for environmental health departments and other partners. This Division was responsible for asthma control and lead poisoning prevention, and maintained the Environmental Public Health Tracking Program, which provided Amici States with data to inform their responses to

BRIEF OF AMICI CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER – NO. 3:25-cv-03698-SI

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

environmental health emergencies. The loss of these resources impairs Amici States' ability to prepare for and manage such emergencies.

Defendants eliminated a substantial percentage of the scientists and public health workers at the National Center for Birth Defects and Developmental Disabilities within the CDC, including eliminating the Division of Blood Disorders and Public Health Genomics, which performed research on conditions affecting blood, such as hemophilia and sickle cell disease. Defendants also completely eliminated the Disability and Health Promotion Branch. Amici States will lose federal expertise and support in these areas.

Cuts at the CDC are by no means the only ones that harm Amici States. In Washington State, for example, federal agencies are invaluable partners for the State Department of Ecology (Ecology), which relies extensively on work performed by employees at FEMA, the Bureau of Reclamation, the National Oceanic and Atmospheric Administration (NOAA), the United States Forest Service, the National Parks Service, and the Fish and Wildlife Service, among others. Washington's Department of Ecology relies on its federal partners to protect Washington's citizens and infrastructure from flood risk, manage water resources throughout the State, protect State coastal resources, manage millions of acres of national forest, maintain and restore ecological forest health, protect wetlands, and address drought conditions. Disruptions in staffing at these federal agencies substantially impair this work. Terminations at NOAA also threaten the existence of data critical to Ecology's management of Washington's shellfish, its shellfish industry, and water quality generally.

The Washington Department of Fish and Wildlife, which is responsible for managing fish and wildlife resources throughout the State, also interacts extensively with employees at NOAA, and mass terminations have interfered with projects aimed at releasing salmon from

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

1    hatcheries and reintroducing salmon into the ocean as a food source for killer whales, which is

2    predicted to have a devastating impact on important sectors of Washington's economy, as well

3    as a deleterious effect on salmon populations that will affect the State for years to come.

4    Sweeping terminations of employees at the Department of Housing and Urban Development

5    could effectively incapacitate Washington's housing authorities, which provide vital services to

6    low-income Washingtonians. Mass firings at the National Institutes of Health have deep

7    financial implications for Washington's top research institutions. Terminations of National Park

8    Service employees will lead to unsafe conditions in Washington's national parks—which receive

9    tens of millions of visitors per year—and hamper park rangers' ability to assist or rescue injured

10   visitors. Terminations at agencies like the Bureau of Reclamation and the U.S. Army Corps of

11   Engineers risk compromising critical infrastructure such as the Grand Coulee Dam, the largest

12   hydropower producer in the United States. And employee terminations impacting wildfire

13   response will significantly diminish Washington's ability to prevent, respond, and contain

14   catastrophic wildfires. These harms are just a few of those experienced by Washington, and the

15   other Amici States similarly face a variety of harms and challenges as a result of Defendants'

16   actions.

17        In sum, the Amici States rely extensively on programs mandated by Congress, data

18   created by the federal government, and on collaboration and partnership with federal agencies

19   and employees to protect the health and welfare of their citizens, fight communicable diseases,

20   combat homelessness, keep waters clean, and respond to natural disasters such as floods and

21   wildfires, among many other critical functions. Defendants' dismantling of federal agencies and

22   termination of federal employees impedes these efforts, and the harm will only compound over

23

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    time if allowed to stand. Harm to the public interest, including that of the Amici States, weighs

2    heavily in favor of injunctive relief.

3                                   **IV.    CONCLUSION**

4          For all the reasons above, and those in Plaintiffs' motion, this Court should enter a

5    temporary restraining order.

6          DATED this 8th day of May, 2025.

7                                        NICHOLAS W. BROWN
                                         Attorney General
8
                                         *s/ Cristina Sepe*
9                                        CRISTINA SEPE, SBN #308023
                                         CYNTHIA L. ALEXANDER
10                                         *Deputy Solicitors General*
                                         1125 Washington Street SE,
11                                       PO Box 40100
                                         Olympia, WA  98504-0100
12                                       (360) 753-6200
                                         Cristina.Sepe@atg.wa.gov
13                                       Cynthia.Alexander@atg.wa.gov
                                         Attorneys for *Amicus Curiae*
14                                       State of Washington

15                                       (*Additional counsel on next page*)

16

17

18

19

20

21

22

23

| | | |
|---|---|---|
| 1 | KRIS MAYES | ROB BONTA |
| | *Attorney General* | *Attorney General* |
| 2 | *State of Arizona* | *State of California* |
| | 2005 N. Central Avenue | 1300 I Street |
| 3 | Phoenix, AZ 85004 | Sacramento, CA 95814 |
| 4 | | |
| | PHILIP J. WEISER | WILLIAM TONG |
| 5 | *Attorney General* | *Attorney General* |
| | *State of Colorado* | *State of Connecticut* |
| 6 | 1300 Broadway, 10th Floor | 165 Capitol Avenue |
| | Denver, CO 80203 | Hartford, CT 06106 |
| 7 | | |
| 8 | KATHLEEN JENNINGS | BRIAN L. SCHWALB |
| | *Attorney General* | *Attorney General* |
| 9 | *State of Delaware* | *District of Columbia* |
| | 820 N. French Street | 400 6th Street, NW |
| 10 | Wilmington, DE 19801 | Washington, D.C. 20001 |
| 11 | | |
| | ANNE E. LOPEZ | KWAME RAOUL |
| 12 | *Attorney General* | *Attorney General* |
| | *State of Hawai'i* | *State of Illinois* |
| 13 | 425 Queen Street | 115 S. LaSalle Street |
| | Honolulu, HI 96813 | Chicago, IL 60603 |
| 14 | | |
| 15 | AARON M. FREY | ANTHONY G. BROWN |
| | *Attorney General* | *Attorney General* |
| 16 | *State of Maine* | *State of Maryland* |
| | 6 State House Station | 200 Saint Paul Place |
| 17 | Augusta, ME 04333 | Baltimore, MD 21202 |
| 18 | | |
| | DANA NESSEL | KEITH ELLISON |
| 19 | *Attorney General* | *Attorney General* |
| | *State of Michigan* | *State of Minnesota* |
| 20 | P.O. Box 30212 | 102 State Capitol |
| | Lansing, MI 48909 | 75 Rev. Dr. Martin Luther King Jr. Blvd. |
| 21 | | St. Paul, MN 55155 |
| 22 | | |
| 23 | | |

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

11

AARON D. FORD
   *Attorney General*
   *State of Nevada*
100 North Carson Street
Carson City, NV 89701

RAÚL TORREZ
   *Attorney General*
   *State of New Mexico*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501

JEFF JACKSON
   *Attorney General*
   *State of North Carolina*
114 W. Edenton Street
Raleigh, NC 27603

PETER F. NERONHA
   *Attorney General*
   *State of Rhode Island*
150 South Main Street
Providence, RI 02903

MATTHEW J. PLATKIN
   *Attorney General*
   *State of New Jersey*
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625

LETITIA JAMES
   *Attorney General*
   *State of New York*
28 Liberty Street
New York, NY 10005

DAN RAYFIELD
   *Attorney General*
   *State of Oregon*
1162 Court Street NE
Salem, OR 97301

CHARITY R. CLARK
   *Attorney General*
   *State of Vermont*
109 State Street
Montpelier, VT 05609

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

BRIEF OF AMICI CURIAE IN SUPPORT
OF PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER –
NO. 3:25-cv-03698-SI

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200