PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
ANDREW M. BERNIE
Trial Attorney
Civil Division, Federal Programs Branch

   1100 L Street, NW
   Washington, DC 20005
   Telephone: (202) 353-7203
   andrew.m.bernie@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER OR IN THE ALTERNATIVE FOR RECONSIDERATION AND REQUEST FOR AN IMMEDIATE ADMINISTRATIVE STAY; MEMORANDUM OF POINTS AND AUTHORITIES** |

    Defendants respectfully move, pursuant to Federal Rules of Civil Procedure 26(c)(1) and 59(e), for either a protective order relating to or reconsideration of the Court's order that Agency

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

1

RIF and Reorganization Plans (ARRPs) submitted to the Office of Management and Budget (OMB) and Office of Personnel Management (OPM) be disclosed by Tuesday, May 13 at 4:00 p.m. Pacific Time (Disclosure Order). Defendants respectfully request that the Court rescind the requirement that Defendants produce these documents, either by issuing a protective order or reconsidering the Disclosure Order. At the very least (and although Defendants would still seek relief from the Court of Appeals from any such modified order), Defendants respectfully ask the Court to enter a protective order restricting any produced ARRPs to Plaintiffs' counsel and prohibiting Plaintiffs' counsel from further disclosing the ARRPs (including to their clients). Further, Defendants also request an immediate administrative stay of the Disclosure Order while the Court considers this motion and, if the Court denies this motion, a seven-day administrative stay to allow for orderly briefing in the Court of Appeals. Given the imminence of the deadline, Defendants also intend to seek mandamus relief from the Disclosure Order in the Ninth Circuit tomorrow morning, as well as an immediate administrative stay from that Court. Defendants do not through this motion seek a stay of the Court's order granting a temporary restraining order (TRO).[1] Defendants are seeking a stay of that order from the Ninth Circuit. But this Court already denied a motion to stay its injunctive order, and Defendants have appealed that order.[2]

Defendants emailed counsel for Plaintiffs at 1:26 pm Pacific Time today to obtain their position on this motion but, as of the filing of this motion, Defendants have not received a response. Due to the urgency of this motion, Defendants are filing this motion now.[3]

---

[1] To be clear, Defendants do not accept that this order is properly characterized as a TRO, *see Sampson v. Murray*, 415 U.S. 61, 86-87 (1974), but for ease of reference, Defendants will refer to it as a TRO here..

[2] The Court has jurisdiction to enter the relief requested. The Court issued two orders in one document (the TRO and the Disclosure Order), and Defendants are appealing only the former. And even if the Disclosure Order were before the Court of Appeals, at most, this Court would be divested of jurisdiction to quash that Order; it would not be divested of the authority to impose a protective order, in the same way a district court can still grant a full or partial stay of a preliminary injunction that has been appealed.

[3] Defendants acknowledge that this Court's Local Rules provide that party must obtain leave of Court prior to filing a reconsideration motion. Defendants are filing this motion now given the exigent circumstances and to give the Court a reasonable opportunity to rule on the motion before the Tuesday deadline.

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

2

## ARGUMENT

Upon a party's showing of "good cause," courts may issue protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A district court has "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A court may also grant a motion for reconsideration "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "A court considering a Rule 59(e) motion is not limited merely to these four situations." *Id.*

The Court should either grant Defendants a protective order from the obligation to disclose the ARRPs or reconsider the Disclosure Order because the ARRPs are privileged pre-decisional and deliberative agency planning documents. They also contain significant, highly sensitive information the disclosure of which will irreparably harm OPM, OMB, and the Defendant Agencies, harm that cannot be undone once the documents are disclosed. Defendants submit that the Court's grant of this extraordinary relief was both substantively and procedurally erroneous. And although the Court need not consider this separate question to grant the relief requested, the ARRPs are also simply irrelevant to future proceedings in this Court, and at the very least no one will be irreparably harmed by granting relief from disclosure (let alone by a brief administrative stay).

### I. The ARRPs are Privileged

"Federal law recognizes a privilege for pre-decisional, non-factual, non-public communications occurring within federal agencies." *United States v. Irvin,* 127 F.R.D. 169, 172 (C.D. Cal.1989). This deliberative process privilege protects confidential exchanges of opinions and advice within the executive branch of government. *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, No. CIVS 03-2591 FCD EFB, 2007 WL 4557104, at *4 (E.D. Cal. Dec. 21, 2007). Its purpose "is to prevent injury to the quality of agency decisions by ensuring that the frank
Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

3

discussion of legal or policy matters in writing, within the agency, is not inhibited by public disclosure." *Maricopa Audubon Soc'y v. U.S. Forest Service,* 108 F.3d 1089, 1092 (9th Cir. 1997) (quoting *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 148 (1975)) (internal quotations omitted). "The deliberative process privilege is designed to allow agencies to freely explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1019 (E.D. Cal. 2010). "To fall within the deliberative process privilege, a document must be both 'predecisional' and 'deliberative.'" *Carter v. U.S. Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002). The ARRPs satisfy both requirements.[4]

The ARRPs are predecisional. "A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision." *Assembly of State of Cal. v. U.S. Dep't of Com.*, 968 F.2d 916, 920 (9th Cir. 1992) (quotation marks omitted). That is satisfied here. For one, as explained in the attached declaration, ARRPs are "subject to change at any moment as the agency's needs, missions, and staffing evolve or as new leadership joins an agency." Declaration of Stephen M. Billy ¶ 5 (Decl.). An ARRP is never final and may change drastically as the agency's priorities and thinking changes. *Id.* ¶ 6. "Indeed, the non-final and frequently changing nature of ARRPs is one of the reasons OMB and OPM requested that the agencies submit monthly progress reports in May, June, and July." *Id.* Nothing in an ARRP irrevocably commits an agency to taking any specific step. *Id.* ¶ 5. But in addition, the ARRPs have *many* recommendations distinct from specific RIFs. *Id.* ¶ 3; *see also* TRO Opposition at 15-16 (summarizing information to be included in Phase 1 and Phase 2 ARRPs). They typically include plans for changes that would take place many years in the future, if at all. Decl. ¶ 3.

---

[4] The privilege is qualified and may be overcome if a litigant's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *FTC v. Warner Communc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (per curiam). In assessing a claim under the privilege, a court must consider "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* The Court conducted no such analysis here before ordering disclosure. And Defendants would prevail in any such analysis since the ARRPs contain significant highly sensitive information, while, on the other hand, they bear no relevance to this action globally challenging implementation of the Executive Order and Workforce Memorandum.

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

They are also deliberative. "A predecisional document is a part of the deliberative process, if the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Carter*, 307 F.3d at 1089. The foregoing discussion demonstrates why that requirement is clearly satisfied here. As the Workforce Memorandum and Declaration both make clear, Phase 1 and Phase 2 ARRPs contain a significant amount of information concerning the agencies' future plans and strategies, not all of which will actually be acted upon, at least not right away. And as discussed further in the next section, that information is highly sensitive, concerning plans and strategies in a number of core areas. *See infra* p. 6.

The Court's opinion appears to reflect fundamental misconceptions about ARRPs. First, the Court suggested that ARRPs are set in stone following a single discrete event (their "approval" by OPM/OMB). *See* TRO Opinion at 35. As explained above, that is incorrect. *See supra* p. 4; *see also* Decl. ¶ 5 ("Nothing in an ARRP, or its review or approval by OPM or OMB, binds the agency to any particular course of action."). As a formal matter, ARRPs are always subject to change based on, among other things, intervening events and changes in the agency's thinking. The Court's opinion, relatedly, appears to rest on a mistaken understanding that the only content in ARRPs concerns upcoming RIFs and other related subjects directly tied to the TRO decision, essentially analogizing the ARRPs to an administrative record for imminent RIFs. *See* TRO Opinion at 35 ("While the ultimate impacts of the RIFs may yet be unknown (in part due to defendants' refusal to publicize the ARRPs)…"). Again, as discussed above, that is mistaken. The ARRPs are extensive long- and intermediate-term agency planning documents containing the agencies' detailed analysis, plans, and strategies on a range of regulatory, legislative, and organizational subjects. *See supra* p. 4; *infra* p. 6.

## II.   Disclosure of the ARRPs would Irreparably Harm the Government

Publication of confidential documents is irreversible. "[O]nce a secret is revealed, there is nothing for [a court order] to protect." *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009). A party erroneously required to disclose privileged materials or communications" is likely to suffer irreparable harm. *See Admiral Ins. Co. v. U.S. Dist. Ct.*, 881

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

5

F.2d 1486, 1491 (9th Cir. 1989) (collecting cases). "[A]n order that information be produced that brushes aside a litigant's claim of a privilege not to disclose, leaves only an appeal after judgment as a remedy. Such a remedy is inadequate at best. Compliance with the order destroys the right sought to be protected." *In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987). If Defendants are required to disclose the ARRPs on Tuesday, there can be no putting that toothpaste back in the tube. That is quintessential irreparable harm.

The irreparable harm to the government would be particularly severe here given the contents of the ARRPs, which "include highly sensitive information that would seriously undermine agency operations if they were released." Decl. ¶ 4. This "information includes strategies for agency negotiations with unions; plans and strategies for personnel reorganization that may or may not materialize, but might seriously hurt agency recruitment and retention if released; plans and strategies regarding present and future regulatory changes; plans and strategies for present and future appropriations requests; plans and strategies for congressional engagement; and plans and strategies for agency IT management." *Id.*

### III.     The Disclosure Order is Substantively and Procedural Flawed and Highly Unfair to the Government

The Court should not require the Government to hand over this massive trove of information and suffer this grave and irreparable harm in this highly expedited context. Based on its opinion, however, the Court may be of the view that the Government did not adequately oppose Plaintiffs' supposed discovery request. *See* TRO Opinion at 35 ("Nor do any defendants claim that the ARRPs, once approved, may be modified or rescinded."). Respectfully, that is not the case, and there is no basis for the Court's grant of this extraordinary relief.

Initially, the Court did not even have before it a proper motion for discovery. The caption to Plaintiffs' motion did not indicate that Plaintiffs were seeking discovery. *Compare* TRO Motion ("Motion for Temporary Restraining Order and Order to Show Cause"), *with* TRO Decision ("Order Granting Temporary Restraining Order and Compelling Certain Discovery Production."). Plaintiffs also did not follow any of the local rule requirements for resolving discovery and disclosure disputes. *See* Local Rule 37-1. When counsel for Plaintiffs emailed counsel for Defendants to obtain a position on their emergency motion and proposed schedule, they did not

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

6

indicate that the motion would seek discovery.[5] Nor did Plaintiffs attempt to serve Defendants with discovery requests, and Defendants never had a chance to make formal objections to any such request.

Putting those procedural defects aside, Plaintiffs provided no meaningful *legal* basis for these materials to be released. Indeed, the entire basis for Plaintiffs' demand that the ARRPs be produced in their TRO Brief was a postcard conclusory statement at the bottom of page 50 of their 51-page brief, in which they made no attempt to establish that the ARRPs were non-privileged and otherwise subject to disclosure. In that context—a TRO briefing posture, where the government had only three business days to respond to Plaintiffs' 51-page brief backed by nearly 1,400 pages of exhibits—Defendants were not required to treat this conclusory and procedurally improper request as effectively requiring the type of response they would have provided in formal discovery objections and responses. Rather, Defendants quite appropriately pointed out that Plaintiffs had provided no legal basis for this request. TRO Opposition at 48.

Notwithstanding all of this, the government explained that "the ARRPs are deliberative agency planning documents that discuss a number of steps the agency plans to take t[o] … improve the agency's efficiency, as well as to focus on statutorily required functions activities that directly serve the public." ECF No. 60 at 21. Such documents, "which reflect the agency's group thinking in the process of working out its policy," are definitionally deliberative materials shielded from disclosure. *See NLRB. v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975). And the Workforce Memorandum itself and the Government's extensive discussion of it made clear that ARRPs contain significant information about the agency's long term strategies and recommendations. *See supra* p. 4; TRO Opposition at 15-16. But without addressing those concerns or purporting to engage in balancing analysis, this Court concluded that Plaintiffs had shown "good cause" under

---

[5] The substantive text of that email is as follows: "We are writing to inform you that Plaintiffs in the above-referenced case will tomorrow be filing a motion for temporary restraining order and to show cause why a preliminary injunction should not issue. We intend to ask the Court to set a deadline for the government's response of Monday, and will ask for a hearing as soon as possible next week. Please let me know whether Defendants will consent to this schedule on the TRO. We will be asking the Court for additional pages on the memorandum in support of the TRO motion, of up to 50 pages. Please let us know if Defendants will consent."

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

7

Federal Rule of Civil Procedure 26(d), and then ordered the government to produce the Plans and other documents by 4:00 p.m. PDT on Tuesday, May 13.

That analysis is plainly inadequate to dispense with the privilege. In *Karnoski v. Trump*, the Ninth Circuit issued a writ of mandamus vacating discovery orders because the district court did not perform a sufficiently "granular" balancing analysis before holding that the plaintiffs in that case had overcome the deliberative process privilege. 926 F.3d 1180, 1206 (9th Cir. 2019) (*per curiam*) ("The district court appears to have conducted a single deliberative process privilege analysis covering all withheld documents, rather than considering whether the analysis should apply differently to certain categories."); *see also id.* at 1195 (order covered 15,000 documents). Here, the problem is not that the Court's analysis was too vague, but that it conducted no analysis at all.

Indeed, the scope of the disclosure the Court ordered exceeds even what Plaintiffs sought in their motion. *See* ECF No. 37-3 (requesting only "current versions" of the Plans). Plaintiffs first asked for "waivers" of the 60-day RIF notice period at the end of the live hearing, and they never asked for "agency applications for waivers" at all. Tr. at 43.

### IV.    The ARRPs Are Not Relevant to Future Proceedings before this Court

Given the foregoing, the Court should grant a protective order or reconsider the Disclosure Order. To grant either form of relief, the Court need not decide whether disclosure of the ARRPs could be required or should be required in the future. The Court could simply order briefing on whether the ARRPs should be withheld and the applicability of privileges.

In any event, Defendants respectfully submit that the ARRPs are not relevant to the preliminary injunction proceedings this Court intends to conduct in the coming weeks—and certainly no party would be irreparably harmed by the relief the Government seeks here. The Court enjoined *all* implementation of the Workforce Executive Order and Workforce Memorandum, as to *all* the 21 components against which Plaintiffs sought a TRO. TRO Decision at 40. And the Court clearly held that both the Workforce Executive Order and the Workforce Memorandum were *ultra vires*. TRO Opinion at 26-34. It is unclear how the contents of the ARRPs could affect the

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

8

conclusions the Court reached in issuing the TRO—since the Court held that the Workforce Executive Order and Workforce Memorandum *cannot* be lawfully implemented.

The Court also stated that "the release of the ARRPs will significantly aid the Court's review of the merits of" the claims that individual ARRPs are arbitrary and capricious. TRO Opinion at 37. But Plaintiffs' arbitrary-and-capricious claims were directly tied to the Workforce Executive Order and Workforce Memorandum. Plaintiffs did not make freestanding claims that particular ARRPs violated the APA for reasons *independent of* these sources—for example, that particular elements of the ARRPs flunked the arbitrary-and-capricious standard. And any such fact-bound claim directed at individual ARRPs would of course not provide any basis for enjoining implementation of the Executive Order and Memorandum, let alone enjoining its implementation virtually government-wide. In short, no matter how detailed or well-supported the ARRPs may be, the Court's opinion indicates that the Court believes they are tainted by an unlawful Executive Order and Memorandum. True, the Court framed all of its merits conclusions in terms of "likelihood of success" and Defendants obviously hope that the Court reconsiders these legal conclusions (which Defendants respectfully submit are mistaken) at a later stage of the case. But if the Court adheres to its legal conclusion that the Executive Order and Memorandum are themselves unlawful, an analysis of specific ARRPs would not appear to in any way change those conclusions.

Even if this Court had conducted a balancing analysis, the deliberative privilege would not be overcome. Plaintiffs allege that the President has called for "large scale" changes to agencies and that the separation of powers forbids him from so reforming federal agencies absent express statutory authorization. Plaintiffs' claim thus does not turn on the specific Plans agencies have prepared. Indeed, Plaintiffs do not challenge any Plan at all. Rather, they challenge the President's authority to ask agencies to prepare Plans and OPM and OMB's ability to offer guidance on what those documents should contain. Because the content of the ARRPS is legally irrelevant to the claims as pled, Plaintiffs are not entitled to these ARRPs, and the Court erred in concluding otherwise.

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

9

### V. At a minimum, the Court Should Grant a Protective Order Restricting Disclosure of the ARRPs to the Court and Plaintiffs' Counsel

At the very least, Defendants ask that its disclosure obligation be restricted to only Plaintiffs' counsel; this smaller disclosure would obviate some of the most significant harms to Defendants of having their deliberative work-product made public. The Court should accordingly direct any ARRPs to be filed under seal and should enter a protective order directing that Plaintiffs' counsel may not disclose the ARRPs to anyone else (including their clients). Such limited relief would not eliminate the chilling effect created by disclosures of deliberative materials, nor would it justify disregarding the government's interest in maintaining the documents' confidentiality. *Cf. Perry v. Schwarzenegger*, 591 F.3d 1147, 1163-64 (9th Cir. 2009) (granting defendants' mandamus petition and overruling a district court's order compelling the defendants to produce documents whose disclosure threatened to "inhibi[t] internal campaign communications that are essential to effective association and expression," while emphasizing that "[a] protective order limiting dissemination of this information will ameliorate but cannot eliminate these threatened harms"). And it would not cure the procedural and substantive flaws associated with the Court's Disclosure Order discussed in detail above. But it would temper some of the effects of the disclosure that are most likely to hinder agency operations.

### VI. The Court Should Grant an Immediate Administrative Stay

Given the pending Tuesday, May 13 deadline, and the grave and irreversible injury to the government associated with the disclosure of the ARRPs, Defendants respectfully request that the Court rule on this motion as soon as possible and to grant an immediate administrative stay of the Disclosure Order. Given the imminence of the deadline, Defendants also intend to seek mandamus relief from the Disclosure Order in the Ninth Circuit tomorrow morning, as well as an immediate administrative stay from that Court. Defendants will promptly inform this Court of any relevant developments in the Ninth Circuit.

### CONCLUSION

For the foregoing reasons, the Court should relieve Defendants of the obligation to produce the ARRPs, and grant an immediate administrative stay while it considers this motion.

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

10

Dated: May 11, 2025

Respectfully submitted,

PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

s/ Andrew M. Bernie
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-7203
andrew.m.bernie@usdoj.gov

*Counsel for Defendants*

Defendants' Motion for a Protective Order or in the Alternative for Reconsideration and Request for an Immediate Administrative Stay
3:25-cv-3698-SI

11