Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel.: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DECLARATION OF GIORGIA LINGIARDI** |

Declaration of Giorgia Lingiardi; Case No: 3:25-cv-03698-SI

**DECLARATION OF GIORGIA LINGIARDI**

I, Giorgia Lingiardi, declare as follows:

1. I am employed as a legal assistant by the law firm of Altshuler Berzon LLP. I make the following declaration from personal knowledge and if called upon could competently testify thereto. I am providing this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Protective Order and/or Reconsideration of Expedited Discovery.

2. Attached as Exhibit A are true and correct excerpts of the Transcript of Proceedings prepared and certified by the official court reporter from the hearing on Plaintiffs' Motion for a Temporary Restraining Order conducted on Friday, May 9, 2025.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed May 13, 2025, in San Francisco, California.

Giorgia Lingiardi

# Exhibit A

```
                                              Pages 1 - 54

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Susan Illston, Judge

AMERICAN FEDERATION OF           )
GOVERNMENT EMPLOYEES, AFL-CIO,   )
et al.,                          )
                                 )
          Plaintiffs,            )
                                 )
  VS.                            )  NO. 3:25-cv-03698-SI
                                 )
PRESIDENT DONALD J. TRUMP, in    )
his official capacity as         )
President of the United States,  )
et al.,                          )
                                 )
          Defendants.            )
                                 )

                                     San Francisco, California
                                     Friday, May 9, 2025

                   TRANSCRIPT OF PROCEEDINGS
APPEARANCES:

For Plaintiffs:
                        ALTSHULER BERZON LLP
                        177 Post Street, Suite 300
                        San Francisco, California 94108
                   BY:  DANIELLE E. LEONARD, ATTORNEY AT LAW
                        STACEY M. LEYTON, ATTORNEY AT LAW
                        CORINNE F. JOHNSON, ATTORNEY AT LAW
                        BARBARA J. CHISHOLM, ATTORNEY AT LAW

                        DEMOCRACY FORWARD FOUNDATION
                        PO Box 34553
                        Washington, D.C. 20043
                   BY:  ELENA GOLDSTEIN, ATTORNEY AT LAW



            (APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG
              Official Reporter, CSR No. 12219
```

```
 1   APPEARANCES:   (CONTINUED)

 2   For Plaintiffs:

 3                             OFFICE OF THE CITY ATTORNEY
                               Sixth Floor - Fox Plaza
 4                             1390 Market Street
                               San Francisco, California  94102
 5                        BY:  YVONNE R. MERE, ATTORNEY AT LAW

 6                             OFFICE OF THE COUNTY COUNSEL
                               70 West Hedding Street
 7                             East Wing - Ninth Floor
                               San Jose, California 95110
 8                        BY:  RAPHAEL N. RAJENDRA, ATTORNEY AT LAW

 9                             KING COUNTY EXECUTIVE
                               401 5th Avenue - Suite 800
10                             Seattle, Washington 98104
                          BY:  ALISON C. HOLCOMB, ATTORNEY AT LAW
11
     For Defendants:
12                             DEPARTMENT OF JUSTICE
                               Civil Division
13                             950 Pennsylvania Avenue NW
                               Washington, D.C. 20530
14                        BY:  ERIC J. HAMILTON
                               DEPUTY ASSISTANT ATTORNEY GENERAL
15
                               DEPARTMENT OF JUSTICE
16                             20 Massachusetts Avenue NW
                               Washington, D.C. 20530
17                        BY:  ANDREW M. BERNIE
                               DEPUTY ASSISTANT ATTORNEY GENERAL
18

19

20

21

22

23

24

25
```

```
 1   Friday - May 9, 2025                              10:30 a.m.
 2                        P R O C E E D I N G S
 3                              ---o0o---
 4        THE CLERK:  All rise.  Court is now in session, the
 5   Honorable Susan Illston presiding.
 6        THE COURT:  Good morning.
 7        ALL:  Good morning.
 8        THE COURT:  You may all be seated.
 9        THE CLERK:  Now calling Civil Matter 25-CV-3698,
10   American Federation of Government Employees, AFL-CIO, et al.
11   versus Trump, et al.
12        Counsel, please approach the podiums and state your
13   names for the record.
14        MS. LEONARD:  Good morning, Your Honor.  Danielle
15   Leonard from Altshuler Berzon.  With me at counsel table,
16   appearing on behalf of the plaintiff coalition, are Stacey
17   Leyton from Altshuler Berzon, Corinne Johnson from Altshuler
18   Berzon, Elena Goldstein from Democracy Forward, Ravi Rajendra
19   from Santa Clara County, and Yvonne Mere from San Francisco.
20        THE COURT:  Good morning.
21        MR. HAMILTON:  Good morning, Your Honor.  Eric
22   Hamilton from the U.S. Department of Justice for defendants.
23   With me is Andrew Bernie from the U.S. Department of Justice,
24   also for defendants.
25        THE COURT:  Good morning.
```

```
 1   earlier in my presentation, the plaintiffs aren't actually
 2   structuring any of their claims around particular reductions in
 3   forces in agencies, which reveals a serious mismatch between
 4   the injury that they're claiming and the types of claims that
 5   they're trying to litigate --
 6            THE COURT:  I wonder if you could just start that
 7   sentence over again.  I didn't follow you.
 8            MR. HAMILTON:  Yes.
 9            So the plaintiffs, especially in trying to explain
10   their lengthy delay in filing the motion --
11            THE COURT:  Three months.
12            MR. HAMILTON:  Yes.
13            They talk about reductions in force happening at
14   different agencies.  Their brief ticks through a number of the
15   defendants explaining what they have heard about as far as
16   reductions in force.
17            But reviewing the complaint and the claims, they don't
18   actually structure their claims around specific reduction in
19   force --
20            THE COURT:  Well, let me ask you this question:
21            The Senate sent a letter to, I guess, OMB and OPM,
22   maybe to the President, saying could we see your ARRPs, please,
23   which is what you're talking about, the various proposed
24   reductions in force.
25            Was there a response to that?
```

1             **MR. HAMILTON:** I do not know, Your Honor.
2             And plaintiffs have requested the same document. We
3    think that the right way for that to be litigated is --
4             **THE COURT:** Is through FOIA.
5             **MR. HAMILTON:** Is through Freedom of Information --
6             **THE COURT:** There's no need to speed up FOIA, so we
7    can go through the normal 18- to 24-month time frame on getting
8    a response to FOIA requests. I know there's another lawsuit
9    pending on that.
10            But my question to you is: You're about to say, well,
11   they haven't tailored their complaint to the specific RIFs.
12   Well, they haven't been told what they are. The Senate asked
13   for that and didn't get it.
14            So how are challenges supposed to be tailored if you
15   won't tell them what's happening?
16            **MR. HAMILTON:** Well, actually, the February memorandum
17   specifies a notice process through which agencies will notify
18   individuals affected by reductions in force as a default
19   60 days before it takes effect, and there's a minimum of
20   30 days.
21            So plaintiffs' argument that defendants are acting in
22   secrecy is belied by the February memorandum --
23            **THE COURT:** Why don't -- why won't you, counsel for
24   the defendants in this case, give counsel for plaintiffs a copy
25   of the ARRPS -- ARRPs?

1          **MR. HAMILTON:**  Those documents are deliberative
2    documents.  They're planning documents.  They're the sort of --
3    you know, deliberative documents that are typically held
4    confidential.  And as our brief explains, they aren't -- they
5    aren't final agency actions.  And, you know, the fact that OMB
6    and OPM will review them highlights that.
7          And there's multiple stages to them.  There's the
8    initial document that the memo makes due in mid-March and then
9    additional documents due in mid-April.
10         And as I --
11         **THE COURT:**  We're now in May, so because they've
12   waited three months, we are now to the point where those things
13   should be available.
14         **MR. HAMILTON:**  Well, so -- so -- I think the bottom
15   line point, though, here is to the extent that plaintiffs want
16   to challenge specific RIFs, it should be in the context of
17   specific RIFs that have gone out and that employees have
18   received notice of.  And we've seen litigation like that.  I
19   cited the *USAGM* case in the DDC District Court that went up to
20   the DC circuit.  That was based on specific reduction in force
21   actions.
22         And, you know, we made the argument there, which the
23   DC circuit accepted, that that still was not the right forum.
24   But what we've identified here is an additional problem on top
25   of that problem of this fundamental mismatch with the way that

1 government actors that then touch on the plaintiffs.  That's
2 absolutely -- that doesn't defeat final agency action that is
3 reviewable for the APA.
4     So the OMB and OPM action here, which is what the
5 injunction of the TRO is aimed at, along with the implementing
6 agencies -- absolutely final agency action.
7     And then the final -- the agencies themselves are also
8 now taking action to effectuate those instructions, and that
9 should be enjoined, whether it's by way of -- because they're
10 Rule 19 defendants effectuating the unlawful OMB and OPM
11 actions or stand-alone, arbitrary and capricious claims against
12 them for their further unlawful actions -- we address both of
13 those in our briefs -- the Court has absolutely the authority
14 to do it under the APA as well as top-down, all the way *ultra*
15 *vires* within the equitable power of the Court.
16     **THE COURT:**  What about the publication of the ARRPs?
17     **MS. LEONARD:**  So counsel's argument that the only way
18 to do that is through FOIA is wrong.  This Court absolutely has
19 the authority to order the defendants to turn those over to the
20 plaintiffs and the Court and -- so that the Court can review
21 and understand the facts of what is happening related to this
22 challenge, both under the *ultra vires* and the APA in the
23 preliminary injunction context.
24     So that the Court can understand the facts and assess
25 a preliminary injunction in that context, we would

1  absolutely ask the Court for expedited immediate discovery to
2  allow us to have those documents.
3          And that discovery order is a separate -- as we have
4  asked for, can be separate and apart from the stay that is
5  issued as part of any temporary restraining order.
6          **THE COURT:** Okay.
7          **MS. LEONARD:** I think that's an answer to Your Honor's
8  question.  The Court absolutely has the authority to issue
9  that.
10         There's another thing that's been happening which I
11 also wanted to raise because it came in the reply documents.
12         In the attachment to the Gamble Declaration, we also
13 give the Court two documents that are quite significant.
14 They're dated April 14th and April 16th, and it's the
15 Department of Labor's request to OPM to waive the RIF statutory
16 notice requirement -- to cut it down.
17         There are two different interrelated notice
18 requirements:  One is 90 days and one is 60 days, and they are
19 cutting those down.
20         And OPM granted it like that, and the only basis for
21 the request to shorten the RIF notice time to employees was the
22 argument that the office has been eliminated by the President
23 in an executive order.  So the statutory and regulatory basis
24 for the office is gone, and now you're RIF'd, and now we
25 shorten the time, and now we put everyone on administrative

```
 1   leave.
 2           That is what they are doing, Your Honor.
 3           And so to the extent that OPM is -- I know this is not
 4   in our papers, but to the extent that OPM is receiving and
 5   granting waivers, we would ask that they be required to turn
 6   those documents over as well.
 7           The Court should decide this case on the facts, not on
 8   the Government's contentions, which are divorced from an actual
 9   record.
10           And it's notable here, as I'm sure Your Honor is
11   aware, that they have not put in a single piece of evidence in
12   response to this request.
13           So with respect to the very end of that exchange with
14   counsel when they asked for a stay pending appeal, as we all
15   know, TROs are not appealable, and the stay is particularly
16   inappropriate where they've made no showing at all and they
17   have not even made an attempt to show the factors that they
18   would need to show of harm to the government.
19           There will be no harm to the government of maintaining
20   the status quo, Your Honor, of keeping in place the important
21   functions, offices, programs, and people who do the work in
22   this government that we all rely on.  Keeping them in place and
23   maintaining the status quo for now is not going to harm our
24   Federal Government.  I want to make that very, very clear.
25           So I think the final question to address with
```

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Friday, May 9, 2025

_____
Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG, CSR No. 12219
Official Reporter, U.S. District Court