UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** |

1    Plaintiffs' motion for a preliminary injunction came before this Court for consideration on
2    May 22, 2025. Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the
3    Motion is GRANTED.
4    The Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their
5    claims, a likelihood of irreparable harm in the absence of injunctive relief, that the balance of equities
6    tips in their favor, and that a preliminary injunction is in the public interest. In support of this Order,
7    the Court makes the following findings:

- On February 11, 2025, President Trump issued his Workforce Executive Order No. 14210 to "commence a critical transformation of the Federal bureaucracy" and directed all federal agencies to "eliminat[e] waste, bloat, and insularity" by immediately engaging in mandatory "large-scale reductions-in-force (RIFs)" in furtherance of "reorganization" of the government. *See* 90 Fed. Reg. 9669 (Feb. 11, 2025). Among other things, the Executive Order also directs federal agencies to eliminate all "agency initiatives, components, or operations that my Administration suspends or closes." *Id.*

- The Plaintiffs are likely to prevail on their claim that the Executive Order is *ultra vires* and exceeds President Trump's authority; that no provision of the Constitution grants the President the power to order federal agencies to engage in large-scale reductions in force under his ordered parameters, to reorganize or consolidate programs, offices, and functions between and within agencies, or to otherwise restructure the federal government; and that Congress has not delegated to the President the authority to do so by statute.

- On February 26, 2025, Defendants Office of Management and Budget ("OMB") and Office of Personnel Management ("OPM") issued a Memorandum to all federal agencies directing compliance with the Executive Order. *See* OMB/OPM Memorandum re: Guidance on Agency RIF and Reorganization Plans Requested by Implementing The President's "Department of Government Efficiency" Workforce Optimization Initiative (Feb. 26, 2025). The Memorandum requires agencies to submit to OMB and OPM for approval under unreasonable timeframes, and to implement according to specific instructions and

requirements, Agency RIF and Reorganization Plans ("ARRPs") for large-scale RIFs and closure of agency programs. *See id.* Defendant Department of Government Efficiency ("DOGE") is imposing and enforcing directives to agencies to cut staff, programs, and offices in furtherance of the Executive Order, the OMB/OPM Memorandum, and as part of these ARRPs.

- Plaintiffs are likely to prevail on their claims that the actions by OPM, OMB, and DOGE implementing Executive Order 14210 exceed those agencies' authority and are ultra vires; and that OPM's, OMB's, and DOGE's actions also violate the Administrative Procedure Act ("APA") because they exceed authority and are arbitrary and capricious; and OPM and OMB failed to comply with notice-and-comment rulemaking.

- Defendants AmeriCorps, Department of Agriculture, Department of Commerce, Department of Energy, Environmental Protection Agency, General Services Agency, Department of Health and Human Services, Department of Housing and Urban Development, Department of Interior, Department of Labor, National Labor Relations Board, National Science Foundation, Peace Corps, Small Business Association, Social Security Administration, Department of State, Department of Transportation, Department of Treasury, and Department of Veteran Affairs and their agency heads named in their official capacities as Defendants in this lawsuit ("Federal Agency Defendants") are implementing the Executive Order pursuant to OMB and OPM's Memorandum, including through ARRPs that include, among other things, large-scale RIFs.

- Plaintiffs are likely to succeed on their claims that Federal Agency Defendants' implementation of Executive Order 14210 is arbitrary and capricious, because by relying on the President's, OPM and OMB's, and DOGE's orders to create and implement ARRPs in service of reorganizing and downsizing the entire federal government, including but not limited to by executing large-scale RIFs, dismantling agency programs, offices, and functions, and transferring functions between agencies, the agencies have abused any discretion afforded them by Congress; have foregone decision-making entirely by following the President, OMB,

OPM, and DOGE orders, have failed to consider important aspects of the problem and all relevant factors, have failed to provide any reasoned explanation for their actions, have reversed positions without explanation, and have otherwise failed to engage in reasoned decision-making.

- Plaintiffs have demonstrated that Defendants' challenged actions have caused and will continue to cause irreparable injury in the form of, *inter alia*, violation of constitutional separation of powers mandates; harm to federal, state, local, and private employees who are members of and/or represented by Plaintiffs, including the imminent loss of jobs and employer-provided health insurance coverage; adverse impacts on the members of plaintiff non-profit organizations, cities, and counties due to the loss of government services on which they rely; injury to the labor unions and other plaintiff organizations that have been forced to divert resources to aid their members and obtain information in the face of many Defendant Agencies' lack of transparency as to current plans for these ARRPs; and deprivation of all Plaintiffs' opportunity to provide comments through notice-and-comment rulemaking.

- The balance of equities and public interest strongly favor injunctive relief, particularly in light of the imminent harm to federal employees and government services caused by impending terminations of tens of thousands of federal employees and other actions taken to implement the ARRPs.

This Court has subject matter jurisdiction to hear Plaintiffs' claims, including because Plaintiffs have demonstrated Article III standing and because Congress has not required that Plaintiffs' claims be initially adjudicated by any administrative agency prior to this Court's exercise of jurisdiction pursuant to 28 U.S.C. §1331.

Accordingly, pursuant to this Court's authority including but not limited to authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" (5 U.S.C. §705), IT IS HEREBY ORDERED as follows:

1. Defendants OMB, OPM, DOGE, and Federal Agency Defendants, as well as their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in

concert with these Defendants, are hereby enjoined, ordered, and/or stayed from taking any action to implement or enforce Sections 3(c) and (e) of Executive Order 14210, 90 Fed. Reg. 9669 (Feb. 11, 2025) or the OMB/OPM Memorandum re: Guidance on Agency RIF and Reorganization Plans Requested by Implementing The Presidents "Department of Government Efficiency" Workforce Optimization Initiative (Feb. 26, 2025), including but not limited to:

 (a) any further OMB or OPM action to implement Sections 3(c) and (e) of Executive Order 14210 or the February 26, 2025 OMB/OPM Memorandum, including but not limited to approval or disapproval of any federal agency's Agency RIF and Reorganization Plans ("ARRPs"), whether express or implied, formal or informal;

 (b) any further orders, directives, or commands by DOGE to any federal agency to eliminate programs, functions, or staff in conjunction with implementing Executive Order 14210, the OMB/OPM Memorandum, or ARRPs, whether express or implied, formal or informal;

 (c) any further implementation of Executive Order 14120, the OMB/OPM Memorandum, or ARRPs by Federal Agency Defendants, including but not limited to any of the following actions to the extent taken to implement Executive Order 14210 and/or the OMB/OPM Memorandum:

  i. elimination or consolidation of programs or functions;

  ii. transfer of functions or programs between any Federal Agency Defendants or to/from any other federal agency;

  iii. execution of any existing reduction in force ("RIF") notices including final separation of employees,

  iv. issuance of any further RIF notices, and

  v. placement of employees on administrative leave.

 2. Defendant DOGE as well as its officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with it, is hereby enjoined, ordered, and/or stayed to rescind and/or take no further action to enforce any prior orders, directives, or commands to Federal Agency Defendants regarding any aspect of ARRPs, including but not limited to RIFs or amounts of staff to cut (whether communicated by way of target numbers of employees, positions, or

amounts of spending) or programs, functions, and offices to cut;

      3.     Federal Agency Defendants as well as their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with these Defendants, are hereby enjoined, ordered, and/or stayed to rescind and/or take no further action to enforce any prior action taken to implement Executive Order 14210 and/or the OMB/OPM Memorandum and/or the ARRPs, including but not limited to rescinding any RIFs issued to effectuate Executive Order 14210; restoring offices, programs, and functions previously eliminated to effectuate Executive Order 14210; and transferring any federal employees previously moved into administrative leave status to effectuate Executive Order 14210 back to the status they held prior to implementation of the Executive Order;

It is further ORDERED that by no later than _____, 2025, Defendants shall provide to Plaintiffs and the Court a proposed compliance plan that, at a minimum, identifies and describes all actions previously taken to implement the EO, the OMB/OPM Memo or any DOGE orders or ARRP to implement the EO or OMB/OPM Memo at each covered agency and details the specific proposed steps for implementation of this Court's orders; Plaintiffs shall review and respond with any objections or concerns; and by no later than _____, 2025, the parties shall jointly submit an agreed upon plan for implementation of these orders, or, if agreement cannot be reached in whole or part, Defendants shall submit their proposal as previously provided to Plaintiffs, and Plaintiffs shall submit their objections thereto.

This Order does not supersede any reporting or compliance required by any other order of this Court.

IT IS SO ORDERED.


Dated: _____, 2025      _____
                                                      The Honorable Susan Illston
                                                      United States District Court Judge