UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> Defendants. | Case No. 25-cv-03698-SI <br><br> **ORDER RE: PRODUCTION OF CERTAIN DISCOVERY DOCUMENTS** <br><br> Re: Dkt. No. 88 |

This order addresses the government's request to reconsider, rescind, and/or otherwise modify the Court's order that the government must produce Agency RIF[1] and Reorganization Plans (ARRPs) on an expedited basis. Pursuant to the President's Executive Order 14210 and a February 26, 2025 joint memorandum, the Office of Management and Budget (OMB) and the Office of Personnel Management (OPM) required the heads of federal departments and agencies to submit "Phase 1" and "Phase 2" ARRPs by March 13 and April 14. Dkt. No. 37-1, Exs. A, B. In its May 9, 2025 order granting a temporary restraining order, the Court ordered the ARRPs of the federal agency defendants produced (both the ARRPs the agencies submitted and the versions that OMB and OPM approved). Dkt. No. 85 at 40.

The government now argues that these plans "are simply irrelevant to future proceedings in this Court," that the plans are covered by the deliberative process privilege, and that "[n]othing in an ARRP irrevocably commits an agency to taking any specific step." Dkt. No. 88 ("Mot.") at 3, 4 & n.4. Meanwhile, heads of defendant agencies have announced their intent to lay off large swathes

---

[1] A "RIF" is a reduction in force.

of their agencies, and employees are receiving RIF notices.[2] Based on the positions the parties have staked out thus far, it is clear this case is headed toward a factual dispute: did President Trump, OPM, OMB, and DOGE simply instruct agencies *to begin planning* for RIFs in the future and *provide guidance* on how to make those plans? Or are these defendants *directing* agencies to make "large-scale" RIFs and to make them now? If the government's position is to be believed—that the ARRPs are non-final planning documents that do not commit an agency to take any specific action—that begs another question: pursuant to *what*, then, are the agencies implementing their large-scale RIFs?

On May 9, 2025, this Court issued a temporary restraining order putting in place a two-week pause on implementation of RIFs at the defendant agencies, in order to preserve the status quo while this case can be more fully litigated. At that point, the Court had received more than 1,000 pages of declarations in support of plaintiffs' position and no evidence to support the government's contentions. The temporary restraining order is set to expire on May 23, 2025, and the Court set a preliminary injunction hearing for May 22 at 10:30 a.m.

Given the gravity of what defendants assert is at issue, and in the interest of transparency, the Court now reconsiders the question of whether defendants must provide copies of ARRPs to plaintiffs and the Court.

**BACKGROUND**

In its May 9, 2025 order, the Court ordered defendants to provide to the Court and to plaintiffs the following categories of documents: "(1) the versions of all defendant agency ARRPs submitted to OMB and OPM, (2) the versions of all defendant agency ARRPs approved by OMB and OPM, (3) any agency applications for waivers of statutorily-mandated RIF notice periods, and

---

[2] *See, e.g.*, Am. Compl. ¶ 20 & n.11 (March 27 press release that the Department of Health and Human Services plans to RIF 10,000 employees), ¶ 20 n. 13 (Environmental Protection Agency RIF notices sent to certain staff, and agency head targeting 65% budget cut), ¶ 213 & n.63 (March 21 Small Business Administration announcement of plan to reduce workforce by 43%, pursuant to Executive Order 14210), ¶¶ 251-252 (National Science Foundation's 37 divisions are being abolished and RIF notices to some staff went out on May 9).

(4) any responses by OMB or OPM to such waiver requests[.]"³ Dkt. No. 85 at 40. The Court ordered this production because it "requires more information to evaluate the individual ARRPs and what roles OMB, OPM, and DOGE have played in shaping them." *Id.* at 39. The Court set a production deadline of 4:00 p.m. (PDT) on May 13, 2025. *Id.*

On May 11, 2025, defendants moved for a protective order or in the alternative for reconsideration and request for an immediate administrative stay of the Court's discovery order. Dkt. No. 88 ("Mot."). Defendants support their arguments with a declaration from Stephen Billy, a Senior Advisor in the Office of Management and Budget. Dkt. No. 88-1 ("Decl. Billy").

The Court set a briefing schedule on defendants' motion and stayed the deadline for the government to produce the materials until after the Court ruled on the motion. Dkt. No. 92. Plaintiffs have filed an opposition and the government has filed a reply. Dkt. Nos. 96, 103.

## DISCUSSION

Defendants invoke the deliberative process privilege to argue that they should not be compelled to release the ARRPs. As the Ninth Circuit has explained,

> This privilege permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975). It was developed to promote frank and independent discussion among those responsible for making governmental decisions, *Environmental Protection Agency v. Mink,* 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), and also to protect against premature disclosure of proposed agency policies or decisions. *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 866 (D.C. Cir.1980). The ultimate purpose of the privilege is to protect the quality of agency decisions. *Sears,* 421 U.S. at 151, 95 S.Ct. at 1517.

*F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

To resolve whether the government may assert the deliberative process privilege to avoid production of ARRPs involves asking several questions. First, are the documents relevant to the litigation? If so, are the documents of the nature to be covered by the privilege—that is, are they

---

³ Plaintiffs had asked for disclosure of "current versions" of ARRPs. The Court provided greater specificity in its order to assist in evaluating one of the core factual disputes between the parties: the extent of OMB/OPM/DOGE's involvement in directing the content of the ARRPs.

1  pre-decisional and deliberative? Even if so, should the privilege be overridden by other
2  considerations?[4] Finally, if the documents are ordered produced, should their disclosure be limited
3  by a protective order?

4      The challenge facing the Court is that the parties characterize the contents of the ARRPs in
5  starkly different terms. According to the government's declaration, "Nothing in an ARRP, or its
6  review or approval by OPM or OMB, binds the agency to any particular course of action." Decl.
7  Billy ¶ 5. Moreover, "[a]n ARRP is never final and may change drastically as the agency's priorities
8  and thinking changes." Mot. at 4 (citing Decl. Billy ¶ 6). The government further asserts that
9  ARRPs "include highly sensitive information that would seriously undermine agency operations if
10 they were released," including labor negotiation strategy, reorganization plans that might hurt
11 agency recruitment and retention, and plans for regulatory changes or future appropriations requests.
12 Decl. Billy ¶ 4. On the other hand, the evidence presented by plaintiffs so far in this litigation
13 suggest the plans are final agency decisions that have led to quick, tangible actions with widespread
14 effects. Plaintiffs have received one ARRP from a non-defendant federal agency (the National
15 Endowment for the Humanities) and the contents of that plan do not neatly align with the
16 government's characterization of ARRPs in general. *See* Dkt. No. 96-1, Ex. 1, Attachs. C, D. The
17 Court sees no "highly sensitive information [that] would seriously undermine agency operations if
18 they were released," *see* Decl. Billy ¶ 4, though the Court acknowledges the government's position
19 that this ARRP is not representative of ARRPs in general and that plaintiffs attached only the Phase
20 2 cover sheet, not the full Phase 2 ARRP.

21     To assess whether the deliberative process privilege applies to the ARRPs of the federal
22 agency defendants in this case, the Court would benefit from a better understanding of their contents.
23 The Court therefore ORDERS as follows:

24     By Monday, May 19, 2025 at 12:00 p.m. (PDT), defendants shall submit to the Court for *in*

---

[4] The deliberative process privilege is qualified, not absolute. *See Warner Commc'ns*, 742 F.2d at 1161. "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* (citations omitted).

4

*camera* review the following documents for *four federal agency defendants*:[5] (1) the versions of ARRPs submitted to OMB and OPM and (2) the versions of ARRPs approved by OMB and/or OPM. Plaintiffs shall designate two of the agencies for which the ARRPs are to be produced and shall provide those agency names to defendants by 10:00 a.m. (PDT) on Friday, May 16, 2025. Defendants may designate the other two agencies for which it will provide ARRPs.

By Monday, May 19, 2025 at 12:00 p.m. (PDT), defendants will also provide the same ARRPs to plaintiffs' counsel, but plaintiffs' counsel may not share the plans or their contents with their clients or any third parties unless or until the Court orders otherwise.

The parties should be prepared to argue the merits of applying the deliberative process privilege to the ARRPs at the May 22, 2025 hearing.

**IT IS SO ORDERED**.

Dated: May 15, 2025

_____
SUSAN ILLSTON
United States District Judge

---

[5] Documents for *in camera* review may be mailed or hand-delivered to the Clerk's Office, clearly stamped "DO NOT FILE—IN CAMERA REVIEW."