Michael R. Lozeau (SBN 142893)
LOZEAU DRURY LLP
1939 Harrison Street, Suite 150
Oakland, California 94612
Tel: (510) 836-4200
michael@lozeaudrury.com

Peter T. Jenkins (appearance *pro hac vice*)
PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY
962 Wayne Avenue, Ste. 610
Silver Spring, MD 20910
Tel: (202) 265-4189
pjenkins@peer.org

*Counsel for Amicus Curiae*

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al. <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **CONSENT MOTION OF PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Pursuant to Civil Local Rule 7-11, Public Employees for Environmental Responsibility (PEER) respectfully move the Court for leave to file a brief of Amicus curiae in the above-captioned case in support of Plaintiffs' Motion for Preliminary Injunction. Dkt. No. 101. A copy of the proposed brief of Amicus curiae is attached to this Motion. PEER contacted lead counsel for the parties seeking their consent to filing the brief by email dated May 13, 2025. The response of counsel for the Plaintiffs, by email of May 18, was to grant their consent. The response of counsel for the Agencies, by email of May 15, also was to grant their consent.[1]

**Interest of Amicus.** PEER is a national nonprofit, non-partisan organization incorporated in the District of Columbia. PEER serves environmental and public health professionals, land managers, scientists, enforcement officers, and other civil servants dedicated to upholding environmental laws and values. PEER provides *pro bono* legal services to public employees who hold government agencies accountable to environmental ethics, compliance with environmental laws, and scientific integrity standards. PEER represents and defends environmental whistleblowers, investigates and exposes improper or illegal

---

[1] No person or entity other than Amicus and its counsel assisted in or made a monetary contribution to the preparation or submission of the brief.

government actions, and works to improve laws and regulations impacting PEER's clients and its supporters.

PEER has direct experience with the abuses of paid administrative leave, which is the focus of this Amicus brief. It has represented several Federal employee clients who have been placed on extensive administrative leave, including one agency Managing Director for approximately three years. Now PEER represents eight Environmental Protection Agency (EPA) employees, all of whom worked in some connection with Environmental Justice (EJ), who were all placed on paid administrative leave beginning on February 7 of this year.[2] PEER has worked hard to get them relief in their efforts to return to active duty.[3]

Further, for several years, PEER has directly engaged in urging full agency compliance with the Administrative Leave Act of 2016 (ALA),[4] the primary statute addressed in the proposed brief. PEER represented the plaintiffs, and was itself a co-plaintiff, in the litigation that pressed the U.S. Office of Personnel Management

---

[2] See Bogardus, K. 2025. EPA places 168 environmental justice staffers on leave. *Climatewire*, Feb. 7. Available at: https://subscriber.politicopro.com/article/eenews/2025/02/07/epa-places-168-environmental-justice-staffers-on-leave-cw-00202978?source=email .

[3] See Reilly, S., and E. Borst. 2025. Group claims EPA bars environmental justice staff from other jobs. *Greenwire*, May 14. Available at: https://subscriber.politicopro.com/article/eenews/2025/05/14/group-claims-epa-bars-environmental-justice-staff-from-other-jobs-00347689 .

[4] 5 U.S.C. §§ 6329a, 6329b and 6329c, enacted under section 1138 of the National Defense Authorization Act for FY 2017 (Pub. L. 114–328, 130 Stat. 2000, December 23, 2016).

(OPM) to issue its Final Rule implementing that Act in December of 2024.[5] The proposed Amicus brief analyzes the ALA and de-constructs the legal defects in a key section of that Final Rule, which has led to the Defendant Agencies' overly-broad use of administrative leave.

**<u>Importance of the Amicus brief.</u>** The proposed brief addresses just one of the relief provisions granted in the ruling by the United States District Court for the Northern District of California, the Honorable Susan Illston, in which she issued an Order Granting Temporary Restraining Order and Compelling Certain Discovery Production. Dkt. No. 85. That provision is the one that prohibits "placement of employees on administrative leave". The Plaintiffs' Motion for a Preliminary Injunction seeks continuation of that relief provision, as well as rescission of administrative leave that was imposed in furtherance of the Administration's illegal RIF actions. Dkt. No. 101, at p. 1-2. ¶¶ 1(c)(v.) and 3. This brief supports Plaintiffs' Motion with respect to all relief sought with respect to administrative leave.

Judge Illston's comprehensive TRO that will affect tens of thousands of government employees across virtually all Federal agencies established that this is a case of vast stakes and public interest. No party has made or addressed any of the

---

[5] *Public Employees for Environmental Responsibility v. Office of Personnel Management*, Case No. 1:24-cv-01918, USDC D.C. (voluntarily dismissed as moot.)

legal arguments in the attached Amicus brief, which illuminate a key aspect of the relief that is appropriate here, in their pleadings to date. The brief offers unique perspectives from PEER's extensive involvement with, and understanding of, the law around Federal administrative leave.

**Argument.** Based on the interests described by PEER and the important new perspective on the law regarding administrative leave that PEER proposes to offer, as described in detail in the attached brief, the Court should grant permission to file it. See *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) ("The district court has broad discretion to appoint amici curiae."), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995); *Miller-Wohl Co. v. Comm'r of Lab. & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) ("[T]he classic role of amicus curiae . . . [is to assist] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration."); see also *California v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163-64 (N.D. Cal. 2019) (noting "liberality" with which district courts in this district permit amicus briefs); *California v. Azar*, No. 3:19-cv-01184-EMC, 2019 WL 2029066, at *1 (N.D. Cal. May 8, 2019) ("District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective

that can help the court beyond the help that the lawyers for the parties are able to provide.").

**Conclusion.** For the foregoing reasons, PEER requests leave to file the attached Amicus curiae brief. A proposed order is attached.

Dated: May 19, 2025

Respectfully submitted,

/s/ Peter T. Jenkins
Peter T. Jenkins (appearance *pro hac vice*)
Paula Dinerstein
PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
Tel: (202) 265-4189
pjenkins@peer.org; pdinerstein@peer.org

Michael R. Lozeau (SBN 142893)
LOZEAU DRURY LLP
1939 Harrison Street, Suite 150
Oakland, California 94612
Tel: (510) 836-4200
michael@lozeaudrury.com

*Counsel for Amicus Curiae*