UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 25-cv-03698-SI<br><br>**ORDER RE: PRODUCTION OF CERTAIN DISCOVERY DOCUMENTS**<br><br>Re: Dkt. No. 88 |

This order considers next steps in the Court's assessment of defendants' assertion of the deliberative process privilege for Agency RIF[1] and Reorganization Plans (ARRPs).

**BACKGROUND**

Pursuant to the President's Executive Order 14210 and a February 26, 2025 joint memorandum, the Office of Management and Budget (OMB) and the Office of Personnel Management (OPM) required the heads of federal departments and agencies to submit "Phase 1" and "Phase 2" ARRPs for review and approval by March 13 and April 14. Dkt. No. 37-1, Exs. A, B. In its May 9, 2025 order, the Court ordered defendants to provide to the Court and to plaintiffs the following categories of documents: "(1) the versions of all defendant agency ARRPs submitted to OMB and OPM, (2) the versions of all defendant agency ARRPs approved by OMB and OPM, (3) any agency applications for waivers of statutorily-mandated RIF notice periods, and (4) any responses by OMB or OPM to such waiver requests[.]" Dkt. No. 85 at 40.

---

[1] A "RIF" is a reduction in force.

On May 11, 2025, defendants moved for a protective order or in the alternative for reconsideration and request for an immediate administrative stay of the Court's discovery order. Dkt. No. 88 ("Mot."). Although plaintiffs had requested disclosure of the ARRPs in their May 1 emergency motion for a temporary restraining order, the May 11 motion for reconsideration was the first time defendants expressly invoked the deliberative process privilege. Defendants supported their arguments with a declaration from Stephen Billy, a Senior Advisor in the Office of Management and Budget. Dkt. No. 88-1 ("Decl. Billy"). The Court then ordered defendants to produce ARRPs from a sampling of four agency defendants to the Court for *in camera* review and to plaintiffs' counsel for counsel's eyes only. Dkt. No. 109. Defendants timely provided the documents for review.[2]

## DISCUSSION

Defendants invoke the deliberative process privilege to argue that they should not be compelled to release the ARRPs. As the Ninth Circuit has explained,

> This privilege permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975). It was developed to promote frank and independent discussion among those responsible for making governmental decisions, *Environmental Protection Agency v. Mink,* 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), and also to protect against premature disclosure of proposed agency policies or decisions. *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 866 (D.C. Cir.1980). The ultimate purpose of the privilege is to protect the quality of agency decisions. *Sears,* 421 U.S. at 151, 95 S.Ct. at 1517.

*F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Factual material is not protected unless it cannot be severed from deliberative material. *Id.*

To assert the deliberative process privilege, the government must "provide sufficient detail 'to insure that the privilege remains a narrow privilege which is not indiscriminately invoked.'" *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 611 n.4 (N.D. Cal. 2020) (quoting

---

[2] The parties continue to dispute whether the ARRPs defendants provided are the versions "approved" by OMB and OPM. *See* Dkt. No. 119.

*United States v. Rozet*, 183 F.R.D. 662, 665 (N.D. Cal. 1998)). The privilege must be asserted by someone with significant responsibility within the agency that produced the documents. *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 601 (N.D. Cal. 2009) (citing *Rozet*, 183 F.R.D. at 665 (citing *Coastal Corp. v. Duncan*, 86 F.R.D. 514, 516-17 (D. Del. 1980))). Defendants' provided declaration from OMB Senior Advisor Stephen Billy is currently insufficient to meet this standard.

Accordingly, as the Court continues to assess whether the privilege applies to the ARRPs in whole or in part, the Court ORDERS defendants to provide declarations to the Court from appropriate individuals within the four agencies for which defendants have already provided ARRPs to the Court for *in camera* review. The declarations should provide sufficient detail as to which parts of the ARRPs for that agency may be protected by the privilege and why. The declarations should indicate whether any versions of the submitted ARRPs have been approved formally or informally by OMB or OPM. Defendants should likewise identify any proposed redactions to the portions of the submitted ARRPs for which they assert the privilege.

The Court orders defendants to file the above material, under seal where appropriate, by Friday, June 13, 2025. Defendants shall refer to the Court's standing orders and the civil local rules of the Northern District of California regarding filing material under seal.

**IT IS SO ORDERED**.

Dated: May 29, 2025

SUSAN ILLSTON
United States District Judge