Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-03698-SI<br><br>**PLAINTIFFS' URGENT REQUEST FOR STATUS CONFERENCE RE: NON-COMPLIANCE WITH PRELIMINARY INJUNCTION ORDER** |

**INTRODUCTION**

Plaintiffs request a status conference to address urgent issues regarding at least two federal agencies' apparent noncompliance with this Court's preliminary injunction. Plaintiffs attempted to resolve these issues informally with Defendants, but the disputes remain unresolved. Plaintiffs therefore request a status conference to discuss these issues and determine the manner the Court would like the parties to proceed with respect to these disputes.

The compliance issues concern actions by Federal Agency Defendants implementing reorganization plans pursuant to the Executive Order at issue in this case, through actions that post-date this Court's temporary restraining order ("TRO") and preliminary injunction rulings. The barebones "compliance" Declaration submitted by Defendants on May 30, 2025 did not reveal any details pertaining to agency action subsequent to this Court's orders. Notwithstanding this Declaration, Plaintiffs have received reports that the State Department, Department of Housing and Urban Development ("HUD"), and Department of Health and Human Services ("HHS") have continued to implement Executive Order 14210 notwithstanding this Court's TRO and preliminary injunction, as follows:

- The State Department has given notice to Congress that it is continuing to implement the reorganization plan (announced April 22, 2025) that was the subject of Plaintiffs' TRO and preliminary injunction motions, and which was specifically referenced by this Court's preliminary injunction order. Specifically, last week the State Department announced that it intends to shortly issue widespread RIF notices to effectuate this reorganization, and counsel for Defendants has taken the new position that this reorganization is not, in fact, covered by this Court's injunction.
- With respect to HUD, probationary employees have been re-terminated in furtherance of the HUD reduction in workforce efforts, again, after this Court's injunctive orders.
- HHS employees have been placed on administrative leave or subjected to further off-boarding actions after the TRO and preliminary injunction.

Plaintiffs' counsel promptly raised these issues with Defendants' counsel. Defendants acknowledged that HHS took actions subsequent to the Court's orders and represented that HHS

would take prompt corrective action, which Plaintiffs are monitoring and therefore do not raise for resolution by this Court at this time.[1]  With respect to State and HUD, however, Defendants have acknowledged the actions that Plaintiffs contend conflict with the preliminary injunction, but are taking the position that they are not covered by this Court's orders.

Plaintiffs respectfully request that the Court hold a status conference as soon as possible this week, so the parties may address how to resolve disputes regarding State Department and HUD actions subsequent to the Court's orders.  Defendants' counsel's position on this request for a status conference is that they are in compliance with the preliminary injunction so a status conference is unnecessary, but they will participate in any conference that is set, and that if a conference is set they request an opportunity for remote participation and that it take place *prior to Friday, June 6* based on planned absence by counsel.[2]

**BACKGROUND**

On May 9, 2025, this Court issued a TRO enjoining the "implement[ation] or enforce[ment] [of] sections 3(c) and 3(e) of Executive Order 14210 or the February 26, 2025 OMB/OPM Memorandum, or the ARRPs." ECF 85 at 40.  Specifically, the Court enjoined, among other things, "any further implementation of the Executive Order, the OMB/OPM Memorandum, or ARRPs by Federal Agency Defendants, including but not limited to: execution of any existing RIF notices (including final separation of employees), issuance of any further RIF notices, placement of employees on administrative leave, and transfer of functions or programs between the agency

---

[1] Defendants have represented that all affected employees will be restored to work status by the close of business today, and the parties are continuing to confirm that all off-boarding actions have been suspended or reversed.  Leonard Decl. Ex. D.

[2] Defendants' full response, which they requested be shared with this Court, is as follows: "Defendants are working diligently to comply with the injunction and have been working constructively with Plaintiffs' counsel to address their concerns, and that a status conference is thus unnecessary. But of course, if the Court determines that a status conference is appropriate, Defendants stand ready to participate in any such conference. Defendants respectfully request that any status conference be conducted via telephone or Zoom given that counsel is located in Washington, D.C. In addition, if at all possible, Defendants respectfully request that any status conference be scheduled prior to Friday June 6 because counsel for the government who presented argument at the preliminary injunction hearing will be out of the office beginning June 6, returning June 16."  Leonard Decl. Ex. D.

1  defendants." *Id.* The TRO applied to Defendants including the State Department, HUD, and HHS. *Id.*

On May 22, 2025, this Court issued a preliminary injunction that included extending the relief granted in the TRO. ECF 124. Like the TRO, the preliminary injunction "enjoined" 22 defendant agencies "and their officers or employees or any other individuals acting under their authority … from taking any actions to implement or enforce sections 3(c) and 3(e) of Executive Order 14210 or the February 26, 2025 OMB/OPM memorandum." *Id.* at 47-48. This Court therefore enjoined, among other things, "any further implementation of ARRPs, including but not limited to the following actions, to the extent they are taken to implement Executive Order 14210 and/or the OMB/OPM Memorandum: (a) execution of any existing RIF notices (including final separation of employees), (b) issuance of any further RIF notices, (c) placement of employees on administrative leave, and (d) transfer of functions or programs between the agency defendants." *Id.* at 48. The Court clarified that "this injunction shall not limit federal agency defendants from presenting reorganization proposals for legislative approval or engaging in their own internal planning activities without the involvement of OMB, OPM, or DOGE, provided that they do not implement any of the prohibited actions above." *Id.* And, "[t]o the extent that defendants need clarification about whether certain activities are prohibited or allowed by the order," the Court instructed, "they may seek such clarification from the Court." *Id.*

To date, Defendants have sought no clarification from this Court regarding the meaning or application of the injunction.

The preliminary injunction order directed Defendants to submit a declaration by 3:00 PM on Friday, May 30, 2025, "verifying that all defendants have been given notice of [the preliminary injunction] order and have taken steps to comply." ECF 85 at 48. On May 30, 2025, Defendants filed a four-paragraph, one-page declaration from OMB employee Stephen M. Billy, which does not state that it is based on personal knowledge. ECF 141-1. That declaration states that "counsel for the Government has … provided compliance instructions to all enjoined components." *Id.* ¶4. According to the declaration, those instructions included an explanation of "what the preliminary injunction prohibits" and "emphasized that enjoined components must comply with the injunction

1    until there is relief from that injunction from this Court or a higher court." *Id.* Defendants'

2    declaration does not detail any steps taken by the agencies to comply with the Court's preliminary

3    injunction, but states that "[a]ll Defendants have been given notice of this Order and have taken

4    steps to comply." *Id.* ¶3.  The declaration does not inform the Court that Defendants are taking

5    actions with respect to reorganization or reduction in the federal workforce that they contend fall

6    outside the scope of this Court's injunction.  *See generally id.*

## DISCUSSION

Plaintiffs' efforts to resolve disputes regarding the State Department's and HUD's compliance with the Court's orders have not been successful.  Plaintiffs briefly describe these reports of non-compliance, efforts to resolve these issues, and the basis for Plaintiffs' position that the actions as described raise significant and credible compliance concerns, and request the Court's assistance in addressing the appropriate next steps.

**A.    State:**

   1.    Reports of Non-Compliance

Approximately a week after the OMB/OPM deadline for submission of "Phase 2" ARRPs (see ECF 37-1, Ex. B), on April 22, 2025, the State Department announced a "comprehensive reorganization plan."  ECF 37-20, Ex. E (Secretary Rubio announcement, crediting "President Trump's leadership"); *id.* ("Region-specific functions will be consolidated to increase functionality, redundant offices will be removed, and non-statutory programs that are misaligned with America's core national interests will cease to exist."); *see also id*. Exs. F-G (New Organizational Charts); Ex. H ("Department Reorganization FAQs"); Ex. I ("State Department Reorganization Fact Sheet").  In particular, the April 22, 2025 "Fact Sheet" explained, "the Under Secretaries will … submit a path to reducing staff in domestic offices by 15 percent, consistent with the President's Workforce Optimization Initiative."[3]  Leonard Decl. Ex. B (including ECF 37-20 Ex. I again for this Court's convenience).  The "Workforce Optimization Initiative" is a direct reference to Executive Order 14210, which is titled "Implementing the President's 'Department of

---

[3] It has come to Plaintiffs' attention that this document was altered to remove the reference to "Workforce Optimization" after this Court's TRO.  *Compare* Leonard Decl. Ex. B *with* Ex. C.

Government Efficiency' Workforce Optimization Initiative." *See also, e.g.*, White House, *Fact Sheet: President Donald Trump Works to Remake America's Federal Workforce* (Feb. 11, 2025) ("Today, President Donald J. Trump signed an Executive Order implementing the President's Department of Government Efficiency (DOGE) workforce optimization initiative.").[4]

In addition, on April 22, 2025, the State Department conducted a Department Press Briefing, in which its spokesperson stated the following, in response to questions regarding the announced reorganization:

> QUESTION: Is DOGE involved at all on this plan, or was this just a State Department proposal?
>
> MS BRUCE: This I think is a very good example of the importance – we know the American people love the result of DOGE. I think there were some questions, perhaps, about how it was applied. And what we do know is that the DOGE approach, the goal of that entity and of that committee, is something the President appreciated and still does, as do the American people very much.
>
> But when – **I believe the President said a few weeks ago that ultimately this was going to be approach – an approach that the secretaries were going to begin to apply**. And also that does make sense, because whether it's the secretaries or the under secretaries or the people running the offices, it is a daily – the daily work of individuals committed to the country, making a difference for the world, and the people on the ground working together know best about how this works, what could change, and how it should change.
>
> So this is, I think, a very good example of the continuation of that mission and the value of that mission to cut government down to size, get people used to the idea that it can happen without it being a bad thing, and then watching the benefits that flow. **So secretaries now in charge of this – remember, this is a – from an executive order. This is a whole-of-government – every department looking at how they can make their department more efficient, less burdensome, less bureaucratic. This is the State Department's version of that.** …

Leonard Decl. Ex. A (emphasis added).

Plaintiffs identified this specific "reorganization" as action in furtherance of the EO in both their TRO and preliminary injunction motions. *See e.g.*, ECF 37-1 at 26-27; ECF 101-1 at 7 (citing ECF 101-11 Ex. A); *see also* ECF 37-20 Ex. I. At no point did Defendants contest whether this

---

[4] Available at: https://www.whitehouse.gov/fact-sheets/2025/02/fact-sheet-president-donald-j-trump-works-to-remake-americas-federal-workforce/.

1   State Department reorganization was being conducted pursuant to the EO. *See generally* ECF 60;
2   ECF 117. Moreover, in arguing against the disclosure of ARRPs, Defendants invoked the State
3   Department reorganization as an example of the public learning of plans once they are made. ECF
4   117 at 5 n.3. In the preliminary injunction order, this Court specifically referenced the State
5   Department reorganization. ECF 124 at 37.
6       On May 29, 2025, the State Department informed congressional oversight committees that
7   it intends to proceed with this reorganization including large-scale RIFs *imminently.* Leonard Decl.
8   ¶3.
9       2.    <u>Efforts to Resolve Non-Compliance Issues</u>
10      On May 29, Plaintiffs' counsel alerted Defendants' counsel and inquired about the
11  imminent reorganization and RIFs, which appeared to violate the preliminary injunction. Leonard
12  Decl. ¶7, Ex. D. Defendants' counsel responded by confirming that State is proceeding with its
13  reorganization and asserted, for the first time, that this reorganization is *not* pursuant to the EO but
14  "was undertaken solely at the direction of Secretary Rubio" and "the result of an internal process."
15  *Id.* Ex. D. Defendants' counsel also suggested that no RIF notices would be sent until 15 days after
16  the State Department's notice to Congress. *Id.* In subsequent communications, Defendants'
17  counsel reiterated these points. *Id.*
18      Defendants have thus far declined Plaintiffs' requests that the State Department comply
19  with the preliminary injunction by ceasing further implementation of this reorganization, including
20  by halting forthcoming RIFs. Leonard Decl. Ex. D.
21      3.    <u>Non-Compliance Concerns</u>
22      There is no reasonable argument that further implementation of the State Department
23  reorganization is outside the scope of this Court's injunction. Plaintiffs described this planned
24  reorganization in their TRO and preliminary injunction briefs; Defendants never argued in response
25  that this reorganization was "independent" of the EO; and the Court specifically referenced the
26  reorganization in its preliminary injunction decision. Moreover, this newly asserted position is
27  contrary to the State Department's contemporaneous statements, as previously explained.
28      If Defendants disagreed with the Plaintiffs' characterization of the State Department

1  reorganization as being pursuant to the EO, they should have raised that disagreement in opposition
2  to the TRO or preliminary injunction. And if they disagreed with the Court's injunction of the
3  State Department's reorganization plan on the basis that it was not pursuant to the EO, the
4  appropriate step would have been to move for relief from or modification of the preliminary
5  injunction—not to unilaterally decide that it did not apply. At the least, Defendants could have
6  requested "clarification about whether [State's reorganization was] prohibited or allowed by the
7  order." ECF 124 at 48. At a minimum, Defendants should have revealed to the Court this new
8  position in the compliance declaration that they submitted on May 30, 2025.
9      However, Defendants took none of these steps. Having failed to ask this Court for relief,
10 any further implementation of this reorganization plan by Defendants, including any imminent RIF
11 notices, is already enjoined by this Court's preliminary injunction. As previously noted, Defendant
12 State Department is taking the position that it is free to issue widespread RIF notices to employees
13 as soon as June 13 (15 days after the notification of Congress described above).
14     The steps taken to notify Congress do not alleviate Defendants from the obligation of
15 complying with this Court's preliminary injunction. This Court clearly instructed that agencies
16 were free to submit plans "for legislative approval," "provided that they do not implement any of
17 the prohibited actions above." ECF 124 at 48. The State Department is therefore already enjoined
18 from issuing RIF notices in furtherance of the President's Workforce Optimization objectives in
19 the coming days, or taking any further action to implement this reorganization plan.

20 **B.     HUD**

21     1.     Reports of Non-Compliance

22 The OMB/OPM Memorandum lists "continuing to evaluate probationary employees" as
23 among the "available tools" for agencies to implement their ARRPs. ECF 100-2 at 2-3. Further,
24 what appears to be a cover sheet for Phase 2 ARRPs created by OPM/OPM for agency use
25 identifies the termination of probationary employees as a "Strateg[y]" for reducing the number of
26 employees at agencies and directs agencies to list the number of probationary employees they plan
27 to terminate. *See* ECF 96-1 at 23 (non-defendant agency Phase 2 ARRP Cover Sheet).
28

During the week of May 26, Plaintiffs received reports, Leonard Decl. ¶5, which Defendants' counsel confirmed, that "HUD has recently terminated approximately 79 probationary employees" after entry of the TRO on May 9. *Id.* Ex. D.

### 2. Efforts to Resolve Non-Compliance Issues

Plaintiffs' counsel also notified Defendants' counsel of this non-compliance concern on May 29. Leonard Decl. Ex. D. When asked about the terminations, Defendants' counsel took the position that "[t]hese termination notices were ... entirely independent of Executive Order 14,210, the February 26 OPM/OMB memorandum, and any HUD submission(s) in response to that Memorandum, including ARRPs" and were instead "based on assessments separate and apart from HUD's ARRP." *Id.* In subsequent communications, Defendants' counsel invoked "a separate Executive Order" titled "Strengthening the Probationary Period." *Id.*

Defendants declined Plaintiffs' requests for corrective action. Leonard Decl. Ex. D. Plaintiffs asked for further factual support for Defendants' position that these actions were independent of the HUD ARRP (including whether the HUD ARRP includes discussion of probationary employee terminations), which Defendants' counsel refused to provide on the ground that "HUD's ARRP is confidential" and that, therefore, counsel cannot "characterize it." *Id*.

### 3. Non-Compliance Concerns

Defendants have confirmed that HUD did in fact terminate 79 probationary employees after issuance of this Court's TRO. In light of the specific instructions to agencies to use probationary terminations as a "tool" in their ARRPs to achieve workforce reductions in furtherance of the goal of the EO, and inclusion of probationary terminations on what appears to be the ARRP cover sheet, the evidence supports the conclusion that these terminations were in furtherance of the President's EO and OMB/OPM Memorandum, unless Defendants can show otherwise. If the termination of probationary employees is a "tool" in furtherance of the ARRP's workforce reduction goals, then that "tool" was enjoined by this Court's injunctive orders. The Executive Order invoked by

defense counsel, notably, does not order the termination of any probationary employees.[5] Plaintiffs again request this Court's assistance in determining the appropriate next steps.

### C. Defendants' Compliance Declaration

Neither of these actions (nor the HHS actions that Plaintiffs identified) were described in Defendants' May 30 compliance declaration, which asserted that all Defendants, across the board, were taking steps to comply with the preliminary injunction, without providing any specific information and without personal knowledge. ECF 141-1. Plaintiffs would also request the opportunity to address at the upcoming status conference the need for more fulsome reporting of steps taken to comply with this Court's orders.

## CONCLUSION

Because the parties have been unable to resolve these disputes, Plaintiff respectfully request an urgent status conference to discuss next steps with the Court.

Respectfully submitted,

DATED: June 3, 2025

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Alice X. Wang
Robin S. Tholin
Aaron Schaffer-Neitz
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

---

[5] *See* Exec. Order No. 14288 (April 28, 2025); *see also* OMB/OPM April 28, 2025 Memorandum, available at https://www.opm.gov/policy-data-oversight/latest-memos/initial-guidance-on-president-trump-s-executive-order-strengthening-probationary-periods-in-the-federal-service-2.pdf ("The EO establishes rules and policies for managing probationary and trial periods across both the competitive and excepted services.").

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Elena Goldstein*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND

600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.

```
                                Washington, D.C. 20036
                                Tel: (202) 730-7428
                                steven.ury@seiu.org

                           By: /s/ Steven K. Ury

                                Attorneys for Plaintiff Service Employees
                                International Union, AFL-CIO (SEIU)


                                David Chiu (SBN 189542)
                                City Attorney
                                Yvonne R. Meré (SBN 175394)
                                Chief Deputy City Attorney
                                Mollie M. Lee (SBN 251404)
                                Chief of Strategic Advocacy
                                Sara J. Eisenberg (SBN 269303)
                                Chief of Complex and Affirmative Litigation
                                Molly J. Alarcon (SBN 315244)
                                Alexander J. Holtzman (SBN 311813)
                                Deputy City Attorneys
                                OFFICE OF THE CITY ATTORNEY FOR THE
                                CITY AND COUNTY OF SAN FRANCISCO
                                1390 Market Street, 7th Floor
                                San Francisco, CA 94102
                                molly.alarcon@sfcityatty.org
                                alexander.holtzman@sfcityatty.org

                           By:  /s/ Alexander Holtzman

                                Attorneys for Plaintiff City and County of San
                                Francisco


                                Tony LoPresti (SBN 289269)
                                COUNTY COUNSEL
                                Kavita Narayan (SBN 264191)
                                Meredith A. Johnson (SBN 291018)
                                Raphael N. Rajendra (SBN 255096)
                                Hannah M. Godbey (SBN 334475)
                                OFFICE OF THE COUNTY COUNSEL
                                COUNTY OF SANTA CLARA
                                70 West Hedding Street, East Wing, 9th Floor
                                San José, CA 95110
                                Tel: (408) 299-5900
                                Kavita.Narayan@cco.sccgov.org
                                Meredith.Johnson@cco.sccgov.org
                                Raphael.Rajendra@cco.sccgov.org
```

```
                                    Hannah.Godbey@cco.sccgov.org

                            By: /s/ Tony LoPresti

                                Attorneys for Plaintiff County of Santa Clara, Calif.


                                David J. Hackett (pro hac vice)
                                General Counsel to King County Executive & Special
                                Deputy Prosecutor
                                Alison Holcomb (pro hac vice)
                                Deputy General Counsel to King County Executive &
                                Special Deputy Prosecutor
                                Erin King-Clancy (pro hac vice app. forthcoming)
                                Senior Deputy Prosecuting Attorney
                                OFFICE OF KING COUNTY PROSECUTING
                                ATTORNEY LEESA MANION
                                401 5th Avenue, Suite 800
                                Seattle, WA 98104
                                (206) 477-9483
                                David.Hackett@kingcounty.gov
                                aholcomb@kingcounty.gov
                                aclancy@kingcounty.gov

                            By: /s/ David J. Hackett

                                Attorneys for Plaintiff Martin Luther King, Jr. County


                                Sharanya Mohan (CABN 350675)
                                PUBLIC RIGHTS PROJECT
                                490 43rd Street, Unit #115
                                Oakland, CA 94609
                                Tel: (510) 738-6788
                                sai@publicrightsproject.org

                            By: /s/ Sharanya Mohan

                                Attorney for Plaintiffs Baltimore, MD, Chicago, IL,
                                Harris County, TX, and King County, WA


                                Christian D. Menefee
                                Harris County Attorney
                                Jonathan G.C. Fombonne (pro hac vice)
                                Deputy County Attorney and First Assistant
                                Tiffany Bingham (pro hac vice app. forthcoming)
                                Managing Counsel
                                Sarah Utley (pro hac vice app. forthcoming)
                                Division Director – Environmental Division
                                Bethany Dwyer (pro hac vice app. forthcoming)
```

|   |   |
|---|---|
| 1 | Deputy Division Director - Environmental Division |
| 2 | R. Chan Tysor (pro hac vice app. forthcoming)<br>Senior Assistant County Attorney |
| 3 | Alexandra "Alex" Keiser (pro hac vice)<br>Assistant County Attorney |
| 4 | 1019 Congress, 15th Floor<br>Houston, Texas 77002 |
| 5 | Tel: (713) 274-5102<br>Fax: (713) 437-4211 |
| 6 | jonathan.fombonne@harriscountytx.gov |
| 7 | tiffany.bingham@harriscountytx.gov<br>sarah.utley@harriscountytx.gov |
| 8 | bethany.dwyer@harriscoupntytx.gov<br>chan.tysor@harriscountytx.gov |
| 9 | alex.keiser@harriscountytx.gov |

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Stephen J. Kane*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202

Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*