UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 25-cv-03698-SI |
| Plaintiffs, | ORDER RE: SCOPE OF INJUNCTIVE RELIEF |
| v. | |
| DONALD J. TRUMP, et al., | DKT. NOS. 148, 155, 160, 161 |
| Defendants. | |

Plaintiffs filed a notice on June 3, 2025 raising concerns over apparent non-compliance with the Court's May 9, 2025 temporary restraining order (TRO) and/or with the Court's May 22 preliminary injunction. *See* Dkt. No. 148. Specifically, plaintiffs expressed concern about the termination of probationary employees at defendant Department of Housing and Urban Development (HUD) after the issuance of the Court's TRO., and with the defendant State Department's notification to Congress that it would soon initiate widespread reductions in force. *Id.* On June 4, 2025, the Court directed defendants to provide a factual showing as to why these actions were not prohibited by the injunction. Dkt. No. 151. Defendants subsequently submitted declarations from officials at the State Department and HUD. Dkt. No. 155. Plaintiffs submitted additional documentary evidence to the Court, to which defendants responded with an additional declaration from the same State Department official. Dkt. Nos. 160, 161.

For the reasons stated in its hearing on June 13, 2025, the Court finds that actions to be taken pursuant to the State Department's reorganization plans first announced publicly on April 22, 2025 and later provided to Congress are prohibited by the Court's injunctive relief, as are all final separations scheduled in the State Department's Counter Foreign Information Manipulation and

United States District Court
Northern District of California

1     Interference program.  If the State Department has any question about whether planned actions fall

2     within the scope of the Court's injunction, the Court ORDERS the Department to first raise those

3     questions with the Court before taking action.  Further, if the State Department determines that it

4     needs to correct any factual information in the various Holler declarations presented to the Court, it

5     should do so forthwith.

6           Regarding the termination of probationary employees at HUD, the Court does not have

7     enough information to determine whether or not this action was prohibited by the Court's injunction.

8     The Court therefore directs defendant HUD to provide to the Court for *in camera* review a copy of

9     any Phase 1 or Phase 2 Agency RIF and Reorganization Plans (ARRPs) it has submitted to the

10    Office of Management and Budget and/or the Office of Personnel Management and any versions of

11    ARRPs that the OMB and/or OPM have approved.  Defendant HUD must also provide the same

12    ARRPs to plaintiffs' counsel, but plaintiffs' counsel may not share the plans or their contents with

13    their clients or any third parties unless or until the Court orders otherwise.  The Court requests that

14    defendant HUD provide these plans by 3:00 p.m. (PDT) on Tuesday, June 17, 2025.

15

16         **IT IS SO ORDERED**.

17    Dated: June 13, 2025

18    _____

19       SUSAN ILLSTON
         United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California