CRAIG H. MISSAKIAN
United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
ANDREW M. BERNIE
Trial Attorney
Civil Division, Federal Programs Branch

    1100 L Street, NW
    Washington, DC 20005
    Telephone: (202) 353-7203
    andrew.m.bernie@usdoj.gov

Counsel for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SUBMISSIONS RE: DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** |

    Defendants submit this short reply in response to Plaintiffs' "response to Defendants' submissions." ECF No. 171 (some capitalizations omitted). As the Court is aware, the Court initially "direct[ed] defendant HUD to provide to the Court for in camera review a copy of any Phase 1 or Phase 2 Agency RIF and Reorganization Plans (ARRPs) it has submitted to the Office

of Management and Budget and/or the Office of Personnel Management and any versions of ARRPs that the OMB and/or OPM have approved." ECF No. 162. After Defendants provided the materials the Court requested (which did not include a Phase 2 ARRP), the Court issued an order later that day stating that "Defendant HUD is directed to provide the Phase 2 ARRP(s) as previously ordered, or else provide a declaration explaining why such ARRP is not available." ECF No. 169. Defendants timely provided the declaration the Court directed, explaining that "HUD has not finalized its Phase 2 ARRP, and therefore, no Phase 2 ARRP has been submitted either to OMB or OPM." ECF No. 170-1 ¶ 4.

This Court did not invite Plaintiffs to weigh in after Defendants submitted the materials that it directed for in camera review. But Plaintiffs did so anyway, and "request that the Court now direct HUD to produce for in camera review any and all versions of the Phase 2 ARRP, drafts or otherwise." ECF No. 171 at 1. Plaintiffs misleadingly characterize the Court's prior orders—describing them as "order[ing] HUD to present for in camera review the March and April versions of the" ARRPs, state that "[t]he Court ordered HUD to provide the Phase 2 ARRP" but that "HUD submitted a declaration rather than provide any Phase 2 ARRP to the Court." *Id.* at 1-2. But as recounted above, Plaintiffs functionally seek to rewrite the Court's order. Defendants plainly complied with the Court's orders requiring the production of documents "submitted to" or "approved by" OPM or OMB. If Plaintiffs desire additional relief, they should file a motion consistent with the local rules. Unless and until they do so (and that motion is fully briefed), the Court should ignore Plaintiffs' response.

In any event, Plaintiffs' contention—that draft ARRPs that have not even been submitted to OMB or OPM are somehow relevant to whether HUD's termination of a small number of probationary employees runs afoul of the Court's preliminary injunction—is absurd. To be sure, Defendants have previously argued that ARRPs are always subject to change, and that an agency is not obligated to follow the techniques, strategies, and proposals in an ARRP. But the documents Plaintiffs request are purely intra-agency pre-decisional and deliberative documents that would not have even received final approval from the Department. They cannot be produced even *in camera* and with an attorneys-eyes-only limitation without violating the deliberative process privilege that

Defendants' Notice of Filing of Declaration
3:25-cv-3698-SI

plainly applies. Putting that aside, it is preposterous to contend that the injunction prohibits an agency from taking an otherwise lawful action on any subject that happened to be addressed in a draft document, that was never submitted outside the agency, and has not even cleared the drafting and review processes for them to represent *the agency's* views on a subject (even the agency's non-final views). But in any event, Defendants will further address the merits of Plaintiffs' argument if and when Plaintiffs file a motion consistent with the Federal Rules of Civil Procedure and the Local Rules.

Dated: June 23, 2025                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

s/ Andrew M. Bernie
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-7203
andrew.m.bernie@usdoj.gov

*Counsel for Defendants*