Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **URGENT ACTION REQUESTED** <br><br> **PLAINTIFFS' URGENT REQUEST FOR RULING CONFIRMING PRIOR EXPEDITED DISCOVERY ORDER, DENIAL OF DEFENDANTS' MOTION FOR RECONSIDERATION AND PROTECTIVE ORDER, AND REQUEST FOR MODIFICATION** |

**INTRODUCTION**

Plaintiffs return to this Court with this urgent request to (1) confirm this Court's prior order granting expedited discovery with respect to the Agency RIF and Reorganization Plans ("ARRPs") at issue in this litigation and deny Defendants' request for reconsideration and protective order; and (2) modify that order to require identification of the seventeen federal agencies that, according to Defendants, had RIFs in progress when the Court ordered the now-stayed injunctive relief.

This Court's May 22 preliminary injunction was granted based on Plaintiffs' likelihood of success on facial challenges to the President's Workforce Optimization Executive Order and the Office of Management and Budget ("OMB") and the Office of Personnel Management ("OPM")'s February 26 implementing Memorandum.  Yesterday's Supreme Court order staying that injunction "express[ed] no view" on the lawfulness of "any Agency RIF and Reorganization Plan produced or approved pursuant to the Executive Order and Memorandum," and emphasized, "Those plans are not before this Court."  *Trump v. AFGE*, Case No. 24A1174 (Jul. 8, 2025) ("S. Ct. Order") at 1-2.  Plaintiffs' other claims in this litigation, on which this Court reserved prior analysis, challenge the lawfulness of the ARRPs as approved by OMB/OPM and implemented by the Federal Agency Defendants, including, as Justice Sotomayor explained in concurrence, "whether they can and will be carried out consistent with the constraints of law."  *Id*. at 2.

Plaintiffs understand (and the prior record before this Court shows) that Defendants intend to implement these ARRPs imminently following the Supreme Court's stay of this Court's preliminary injunction, including through actions that have already been approved by OMB/OPM to proceed.  Those actions include, according to Defendants, at least 40 RIFs that were in progress at seventeen federal agencies.  Further relief, in the form of an injunction and/or interim stay pursuant to the Administrative Procedure Act ("APA") section 705, is not foreclosed by the Supreme Court's stay decision, and Plaintiffs intend to seek such further relief as is warranted by the facts and circumstances of these ARRPs and OMB/OPM approvals.  As this Court previously explained, and as further confirmed by the Supreme Court's ruling, review of these documents will facilitate this Court's consideration of the unlawfulness of these agency actions.  Continued confidentiality is neither required by law nor appropriate in light of Plaintiffs' pending claims.  In

light of the imminent implementation of what Plaintiffs contend are unlawful actions, Plaintiffs request this Court urgently confirm the prior order, deny Defendants' subsequent request for reconsideration and protective order, and require production of the ARRPs and related documents previously ordered.  In addition, given the imminence of agency implementation of these *already approved* ARRPs, Plaintiffs also ask the Court to modify the prior expedited discovery order to require the immediate disclosure of the timing and scope of the 40 RIFs at seventeen agencies identified by Defendants as "in progress" (as of May 16, when Defendants filed their initial stay application in the Supreme Court).

As further detailed below, the Supreme Court's order highlights the relevance of the ARRPs and related communications to key issues before this Court, including but not limited to Plaintiffs' arbitrary-and-capricious and other APA claims on which this Court previously reserved analysis.  Defendants' assertion of deliberative process privilege does not shield them from the required production.  Deliberative process is a *qualified* privilege, so even if it were held to apply here, the privilege would be overcome based on the direct relevance of the contents of the ARRPs to the legality of the actions taken to implement Executive Order No. 14210 and the OMB/OPM Memorandum.  This Court should act expeditiously to order their production.

Defendants have informed Plaintiffs that they oppose this request and intend to file a response.

**BACKGROUND**

This Court granted a TRO (Dkt. No. 85) and then a preliminary injunction (Dkt. No. 124) based on Plaintiffs' ultra vires claims challenging the Executive Order and Memorandum as unlawful and exceeding any constitutional or statutory authority, as well as the parallel exceeds-authority (and procedural) APA claims against OMB and OPM.  The Court did not reach, and specifically reserved, resolution of Plaintiffs' arbitrary-and-capricious APA claims against OMB, OPM, and DOGE, as well as Plaintiffs' APA claims against the Federal Agency Defendants.  Dkt. No. 124 at 44.

Plaintiffs' TRO motion had requested expedited production of the ARRPs and related documents, in light of factual disputes regarding the OMB/OPM approvals and decision-making

and imminence of agency action under plans that the government continued to refuse to reveal to its employees, their representatives, or the public.  This Court initially ordered production of four categories of documents including all versions of ARRPs submitted to OMB and OPM and/or approved by OMB and OPM, based on the Court's conclusion that they would "significantly aid the Court's review of the merits of these APA claims."  Dkt. No. 85 at 37, 39-40; *see also* Dkt. No. 124 at 44.  After Defendants invoked the deliberative process privilege and moved for a protective order and/or for reconsideration (Dkt. No. 88), this Court postponed Defendants' production deadline (Dkt. No. 92).  The Court later decided that it would partially reconsider its order and determined that, "To assess whether the deliberative process privilege applies to the ARRPs of the federal agency defendants in this case, the Court would benefit from a better understanding of their contents."  Dkt. No. 109 at 4.  The Court therefore directed Defendants to submit for *in camera* review ARRPs from four agencies  *Id*.  The parties disputed the completeness of Defendants' submission.  The Court subsequently ordered Defendants to submit declarations from each of those agencies setting forth which versions of the ARRPs have been approved and which parts they contend are protected by the privilege and why.  Dkt. No. 139.  Defendants subsequently submitted those declarations *in camera* for this Court's review.

## DISCUSSION

### I.  This Court Should Confirm the Prior Order and Require Immediate Production of the ARRPs and Related Documents

#### A.  Application of the balancing test favors disclosure, as the Supreme Court order underscores.

As Plaintiffs have previously explained—in reasoning that is bolstered by the Supreme Court's order—even if it were assumed that the deliberative process privilege does apply to any of the ARRPs previously submitted to OMB/OPM, the application of the balancing test for that qualified privilege would require production of the ARRPs and related documents previously ordered by this Court.

The Supreme Court's order underscores Plaintiffs' argument.  That order stayed this Court's preliminary injunction (Dkt. No. 124) based on the Supreme Court's conclusion that

1  Defendants are likely to succeed in defending the facial legality of the Executive Order and the
2  OMB/OPM Memorandum.  However, the Supreme Court was explicit that it was "express[ing] no
3  view on the legality of any Agency RIF and Reorganization Plan produced or approved pursuant to
4  the Executive Order and Memorandum."  S. Ct. Order at 1.  The concurring opinion of Justice
5  Sotomayor further noted that the agencies' "plans themselves are not before the Court, at this stage,
6  and we thus have no occasion to consider whether they can and will be carried out consistent with
7  the constraints of law."  *Id.* at 2.  Instead, Justice Sotomayor noted, the Supreme Court's stay order
8  "leaves the District Court to consider those questions in the first instance."  *Id.*  The Supreme
9  Court's order thus contemplates, and certainly does not interfere with, this Court's consideration of
10  these important issues, including whether the approval and implementation of any of the ARRPs
11  violates the law.  On that, the Supreme Court majority reached no conclusions, and on those issues
12  this Court can and should proceed.

13      Defendants' prior objection to production of the ordered documents was grounded in the
14  deliberative process privilege.  It is uncontested that the deliberative process is a qualified privilege
15  that can be overridden if the litigant's "need for the materials and the need for accurate fact-finding
16  override the government's interest in nondisclosure."  *FTC v. Warner Commc'ns*, 742 F.2d 1156,
17  1161 (9th Cir. 1984); Dkt. No. 88 at 4 n.4; Dkt. No. 96 at 12.  In deciding whether to override the
18  privilege, courts consider "1) the relevance of the evidence; 2) the availability of other evidence; 3)
19  the government's role in the litigation; and 4) the extent to which disclosure would hinder frank
20  and independent discussion regarding contemplated policies and decisions."  *Id*.  Even if the
21  privilege were to apply, application of these factors require disclosure of the ARRPs and related
22  documents.  *See also* Dkt. No. 96 at 12-14.

23      First, the ARRPs and related documents are highly relevant to the issue that the Supreme
24  Court's order expressly leaves open: the "legality of any Agency RIF and Reorganization Plan
25  produced or approved pursuant to the Executive Order and Memorandum."  S. Ct. Order at 1-2.
26  The ARRPs and related documents will shed light on the scope and nature of actions implementing
27  these orders, and, in particular, whether Defendants are "engag[ing] in reasoned decisionmaking,"
28  *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020) (cleaned up), which

PLAINTIFFS' REQUEST FOR RULING ON EXPEDITED DISCOVERY, No. 3:25-cv-03698-SI

means that the agency actions must be both "reasonable and reasonably explained," *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021).  Without those ARRPs and related documents, this Court will be hampered from evaluating the issue that the Supreme Court has specifically directed that it may now consider. *See also* Dkt. No. 85 at 37 (finding that "the release of the ARRPs will significantly aid the Court's review of the merits of these APA claims").  Moreover, as this Court previously noted, notwithstanding Defendants' failure to produce any evidence, Defendants continue to contest significant facts relevant to Plaintiffs' claims of unlawful action, including whether Defendants have approved these plans at all, and what, if any, approved actions are imminent.  Dkt. No. 109.  The disclosure of Defendants' plans is necessary for this Court to resolve these fact disputes that Defendants have put at issue.

"[T]he second and third criteria [also] favor Plaintiffs. The evidence sought is … exclusively[] under Defendants' control, and the government—the Executive—is a party to and the focus of the litigation."  *Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019).  As this Court is well aware, Defendants have refused to reveal ARRPs to federal employees, their labor representatives, the public, or even in response to requests by Congress, notwithstanding imminent implementation. May 9, 2025 Hearing Transcript at 20:20–21:13.  Therefore, this expedited discovery is required for Plaintiffs and this Court to fully assess the legality of Agency plans.

Finally, as to the fourth prong, Defendants have never made a specific showing of harm from disclosure, either in this Court or in Defendants' later-withdrawn mandamus petition to the Ninth Circuit.  "To test whether disclosure of a document is likely to adversely affect the purposes of the privilege, courts ask themselves whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).  Defendants have made no showing that disclosure of ARRPs would have such a chilling effect on internal agency communications.  Their assertion of privilege rests on boilerplate statements that ARRPs contain "highly sensitive information," Dkt. No. 88-1 ¶4, without specific factual explanation of the basis for that claim or how much of the information in ARRPs can be characterized as such, or any factually grounded reason to believe that the declarant's boilerplate

assertion is true for all ARRPs for the dozen-plus agencies at issue in this case. *See Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 370 (D.C. Cir. 2021) ("A perfunctory statement that disclosure of all the withheld information—regardless of category or substance—would jeopardize the free exchange of information … will not suffice.") (cleaned up); *see also In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). And as this Court previously acknowledged, the claims of chill, when compared to the contents of the documents, were overstated and unsupported. Dkt. No. 109 at 4. Indeed, the NEH ARRP publicly filed in this case, *see* Soriano Supp. Decl. & Ex. 1, simply reveals the extent of Defendants' unlawful plans to transform the government. *Id.* Nor do the ARRPs and declarations subsequently filed *in camera* support the government's invocation of privilege with the required specificity.

As Plaintiffs explained in opposing Defendants' request for reconsideration, the government's other asserted interests likewise fail to support the deliberative process privilege. *See* Dkt. No. 96 at 18. Defendants' claim that disclosure "might seriously hurt agency recruitment and retention if released," Dkt. No. 88 at 6 (citing Dkt. No. 88-1 ¶4), cannot be squared with the government's public statements that it plans to radically dismantle the federal workforce through "40 RIFs in 17 agencies" previously enjoined in this case. Stay Application at 32–33, *Trump v. Am. Fed. of Gov't Emps., AFL-CIO*, No. 24A1174 (U.S. June 2, 2025) (hereinafter "S. Ct. Stay App."). And "agencies must concretely explain how disclosure 'would'—not 'could'—adversely impair *internal deliberations*." *Reps. Comm. for Freedom of the Press*, 3 F.4th at 369–70 (emphasis added). Defendants have not done so here.[1]

**B. The deliberative process does not even apply to most of what Defendants seek to shield.**

To qualify for the deliberative process privilege, a document must be both (1) predecisional, having been "generated before the adoption of an agency's policy or decision," and (2) deliberative in nature, "containing opinions, recommendations, or advice about agency policies." *Warner Commc'ns*, 742 F.2d at 1161; *see also* Dkt. No. 109 at 3–4.

---

[1] If this Court is concerned that Defendants should be able to shield any statements in ARRPs regarding strategies for agency negotiations with unions, the Court could authorize redaction of those portions of the ARRPs.

1    At a minimum, ARRPs are not predecisional once agencies have begun implementing them.

2    Defendants represented to the Supreme Court that about 40 RIFs in 17 agencies "were in progress"

3    before they were enjoined by this Court's preliminary injunction order.  S. Ct. Stay App. at 32–33.[2]

4    Those agencies' ARRPs and these implementing actions have necessarily already been approved.

5    As the Court is aware, by the terms of the OMB/OPM Memorandum, agencies could not begin

6    implementation of ARRPs until they were approved by OMB and OPM.  Dkt. No. 100-2 at 3–4;

7    *see also id*. at 6 (prohibiting implementation of ARRPs for agencies that provide direct services

8    until specific OMB and OPM certification). As this Court found, OMB/OPM approval is a

9    "necessary triggering step" in agencies' RIF and reorganization processes, and the factual record

10    shows that OMB and OPM rejected ARRPs that did not include enough cuts.  Dkt. No. 124 at 36.

11    A plan that has been approved is being implemented is not predecisional.[3]  The government

12    declarant's bare (and entirely unsupported) assertion that no ARRP is ever final, Dkt. No. 88-1 at 2,

13    cannot shield the ARRPs from production.  If the mere possibility of future revision were enough

14    to support the deliberative process privilege, then no decision would ever be final and the

15    government could operate in perpetual secrecy.  Dkt. No. 96 at 13.  In any case, that assertion

16    contradicts the record, which shows that OMB and OPM imposed specific deadlines for ARRP

17    submission, and that implementation by at least seventeen agencies was "in progress."

18    Also, at a minimum, the factual material within ARRPs (approved or not) is not

19    deliberative.  The deliberative process privilege does not protect facts unless they are interwoven

20    with deliberative material and not segregable.  *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143,

21    1148 (9th Cir. 2008); *Assembly of State of Cal. v. U.S. Dep't of Com.*, 968 F.2d 916, 921 (9th Cir.

22    1992).  The OMB/OPM Memorandum dictates the contents of ARRPs, and many of the required

23

---

24    [2] If the Court wishes to limit the required disclosure at this time to those ARRPs that are being

25    implemented and so have necessarily been approved, it could order disclosure of the ARRPs of the
seventeen Federal Agency Defendants that, according to Defendants' stay applications in the Ninth
Circuit and Supreme Court, had planned to implement RIFs but were blocked by this Court's

26    preliminary injunction (and, if not included in that number, the nine agencies that had already noticed
RIFs before this Court's TRO, *see infra*).

27    [3] One federal agency disclosed both its Phase 1 and 2 ARRPs to its employees' union, presumably
because they were approved and so no longer predecisional.  Dkt. No. 96-1 at 2, 16–23.  This

28    disclosure also belies the assertion that disclosure would cause harm.

1   elements call for factual submissions.  Dkt. No. 100-2.  The ARRPs disclosed by the government in

2   camera and under protective order, Dkt. No. 109, confirm that ARRPs contain segregable factual

3   material.  Defendants' sweeping invocation of the deliberative process privilege belies the non-

4   deliberative nature of significant portions of the ARRPs.

5         Ultimately, the purpose of the deliberative process privilege is to promote good government

6   by protecting the quality of agency decisions.  Dkt. No. 109 at 3 (quoting *Warner Commc'ns Inc.*,

7   742 F.2d at 1161).  The government serves the people, and withholding agencies' plans from the

8   public as the agencies begin implementing them does not serve the purposes of the deliberative

9   process privilege.

10        **C.    The Court should rule expeditiously.**

11        The parties have extensively briefed the deliberative process issue as relates to the ARRPs.

12  *See* Dkt. No. 96.  If this Court requires any further briefing, it should take place expeditiously.

13  Plaintiffs documented the issuance of RIF notices to employees of at least nine Federal Defendant

14  Agencies before this Court granted a TRO.  Dkt. No. 101-1 at 8.[4]  Further, in their stay applications

15  to the Ninth Circuit and Supreme Court, Defendants represented that "[d]ozens of RIF actions

16  affecting thousands of federal employees," or "about 40 RIFs in 17 agencies," were in process and

17  enjoined by this Court's orders.  9th Cir. Case No. 25-330, Dkt. No. 35-1, at 23; S. Ct. Stay App. at

18  32.[5]  The ARRPs and related documents will shed light on whether these imminent RIF and

19  reorganization actions are unlawful, including whether they are arbitrary and capricious.  Given the

20  imminence of further implementation of the ARRPs and OMB/OPM approval thereof, this Court

21  should order disclosure of the ARRPs and previously-ordered documents as soon as practicable.

22

23

24  [4] *See, e.g.*, Dkt. No. 37-12 ¶¶14, 20-22, Ex. D (AmeriCorps); Dkt. No. 37-14 ¶¶12-15, Exs. D, F, K
25  (GSA); Dkt. No. 37-18 ¶¶8-9, 13, Exs. B, D, G (SBA); Dkt. No. 37-19 ¶¶12-14, Ex. D (EPA); Dkt.
    No. 37-20 ¶12 (State); Dkt. No. 37-21 ¶¶9-12, 18, Exs. A, D (HHS); Dkt. No. 41-1 ¶¶13-17 Exs. C,
26  D (HUD); Dkt. No. 41-4 ¶¶18-22, Ex. F (HHS); Dkt. No. ¶17, Ex. K (HHS); Dkt. No. 70-2 ¶¶4-6,
    Ex. B (DOL); Dkt. No. 96-1 ¶¶15-19, Exs. 2-3 (NSF).
27  [5] *See also*, *e.g.*, *Agencies ready to move quickly on RIFs if court block falls*, Government Executive
    (June 6, 2025), available at: https://www.govexec.com/workforce/2025/06/agencies-ready-move-
28  quickly-rifs-if-court-block-falls/405895/ (discussing imminent post-injunction plans to implement
    RIFs and reorganizations by at least the Interior, Agriculture and State).

PLAINTIFFS' REQUEST FOR RULING ON EXPEDITED DISCOVERY, No. 3:25-cv-03698-SI

1

2

**II.    The Court Should Modify the Existing Order to Grant Further Limited Expedited Discovery**

3

4

         As discussed, Defendants have repeatedly represented that this Court's injunction halted seventeen agencies from implementing roughly 40 RIFs that were in progress at the time of the TRO on May 9.  Plaintiffs understand that such implementation is imminent.  There is no justification for maintaining secrecy as to such actions by Defendants.  Plaintiffs request Defendants be ordered to immediately disclose the scope and timing of those 40 RIFs at seventeen agencies.

5

6

7

8

                                  **CONCLUSION**

9

10

         The Court should grant Plaintiffs' request to confirm the prior order granting expedited discovery seeking production of all ARRPs that the Federal Defendant Agencies had submitted to OMB and/or OPM and related documents, deny Defendants' motion for protective order, and modify that order to require the further production of relevant information regarding imminent RIFs.

11

12

13

14

15

16

DATED: July 9, 2025                    Respectfully submitted,

17

                                       Stacey M. Leyton
                                       Barbara J. Chisholm
                                       Danielle E. Leonard
                                       Corinne F. Johnson
                                       Alice X. Wang
                                       Robin S. Tholin
                                       Aaron Schaffer-Neitz
                                       ALTSHULER BERZON LLP
                                       177 Post St., Suite 300
                                       San Francisco, CA 94108
                                       Tel: (415) 421-7151
                                       sleyton@altshulerberzon.com
                                       bchisholm@altshulerberzon.com
                                       dleonard@altshulerberzon.com

18

19

20

21

22

23

24

25

                                   By: */s/ Danielle Leonard*

26

                                       *Attorneys for All Union and Non-Profit Organization Plaintiffs*

27

28

                                       Elena Goldstein (pro hac vice)

Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jacek Pruski*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: /s/ Norman L. Eisen

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: /s/ Rushab Sanghvi

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: /s/ Teague Paterson

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: /s/ Steven K. Ury

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By:  */s/ Alexander Holtzman*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By:  */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

David J. Hackett (pro hac vice)
General Counsel to King County Executive & Special
Deputy Prosecutor
Alison Holcomb (pro hac vice)
Deputy General Counsel to King County Executive &
Special Deputy Prosecutor

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Erin King-Clancy (pro hac vice app. forthcoming)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov
aclancy@kingcounty.gov

By: */s/ David J. Hackett*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (CABN 350675)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: */s/ Sharanya Mohan*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL,
Harris County, TX, and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)
Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov

alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac
app. forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac
vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Stephen J. Kane*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*