UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 25-cv-03698-SI<br><br>**ORDER FOR GOVERNMENT TO RESPOND ON EXPEDITED DISCOVERY REQUEST** |

The Supreme Court has granted the government's application for a stay of this Court's injunction, which paused the federal agency defendants' implementation of large-scale reductions in force (RIFs) during the pendency of this litigation. *See Trump v. Am. Fed. of Gov't Emps.*, No. 24A1174, 2025 WL 1873449, 606 U.S. ____ (July 8, 2025). Now, plaintiffs have filed an "urgent request" that this Court resolve the discovery dispute regarding whether the government may continue to withhold "Agency RIF and Reorganization Plans" (ARRPs) under the deliberative process privilege. Dkt. No. 176.

In the application for a stay, the U.S. Solicitor General represented that "about 40 RIFs in 17 agencies were in progress and are currently enjoined." Application for Stay at 32-33, *Trump v. Am. Fed. of Gov't Emps., AFL-CIO*, No. 24A1174 (U.S. June 2, 2025). In granting the stay, the Supreme Court stated,

> We express no view on the legality of any Agency RIF and Reorganization Plan produced or approved pursuant to the Executive Order and Memorandum. The District Court enjoined further implementation or approval of the plans based on its view about the illegality of the Executive Order and Memorandum, not on any assessment of the plans themselves. Those plans are not before this Court.

*Trump*, 2025 WL 1873449, at *1. In a concurrence, Justice Sotomayor noted that the Supreme Court's decision allows the district court to consider the legality of the ARRPs "in the first instance." *Id.* (Sotomayor, J., conc.). The content of the ARRPs thus remains squarely at issue in this case.

The Court has reviewed *in camera* the ARRPs of four of the federal agency defendants as well as defendants' proposed redactions to the material defendants assert is privileged. *See* Dkt. Nos. 109, 139.[1] The Court is of the view that, at minimum, the final versions of the ARRPs at the 17 agencies referenced before the Supreme Court are not covered by the deliberative process privilege. If defendants considered these RIFs enjoined by the Court's preliminary injunction, then it follows that the RIFs resulted from the defendant agencies' ARRPs.[2] As such, the ARRPs at these agencies are likely not pre-decisional and deliberative documents. Even if they were, the Court finds persuasive plaintiffs' arguments about the qualified nature of the privilege.

Defendants are ordered to respond to plaintiffs' most recent filing at Dkt. No. 176 **by 3:00 p.m. (PDT) on Monday, July 14, 2025.** In or attached to their response, defendants shall provide a list of the "about 40 RIFs in 17 agencies" that defendants referenced in their Supreme Court stay application. Should defendants have a proposal for how to make disclosure of the ARRPs more workable or more narrowly tailored, the Court encourages defendants to include that proposal in their response, with the caveat that the Court is not inclined to order the near-total redactions defendants have proposed to date.

**IT IS SO ORDERED**.

Dated: July 9, 2025

SUSAN ILLSTON
United States District Judge

---

[1] The government's proposed redactions cover close to all of the material at issue.

[2] Among other actions, the preliminary injunction prohibited "any further implementation of ARRPs, including but not limited to the following actions, to the extent they are taken to implement Executive Order 14210 and/or the OMB/OPM Memorandum: (a) execution of any existing RIF notices (including final separation of employees), (b) issuance of any further RIF notices, (c) placement of employees on administrative leave, and (d) transfer of functions or programs between the agency defendants." Dkt. No. 124 at 48.