Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-03698-SI<br><br>**PLAINTIFFS' MOTION TO SHORTEN TIME FOR DEFENDANTS TO RESPOND TO REQUEST FOR PRODUCTION**<br><br>**(LOCAL RULE 6-3)** |

**INTRODUCTION**

Plaintiffs respectfully move for an order shortening Defendants' time to respond to a single targeted discovery request for communications between Federal Agency Defendants and Defendants Office of Management and Budget ("OMB"), Office of Personnel Management ("OPM"), or Department of Government Efficiency ("DOGE") regarding Agency RIF and Reorganization Plans ("ARRPs") that provide essential evidence regarding the legality of decision-making and implementation of the ARRPs at issue in this case. *See* Local Rule 6-3. This request supplements this Court's prior expedited discovery order requiring Defendants to produce the ARRPs (and RIF-notice waivers or approvals (ECF 85)) that is pending before this Court for confirmation (ECF 177). Given the imminence of Defendants' actions to implement these ARRPs and the centrality of these communications to the contested legality of these actions, Plaintiffs request that Defendants be required to respond to Plaintiffs' request for all communications between Federal Agency Defendants and OMB, OPM, or DOGE regarding the ARRPs by July 25, 2025, including by producing all documents as to which no objection is asserted. This would shorten Defendants' time to respond from the usual thirty (30) to fourteen (14) days.

There is good cause to shorten the deadline, because these documents are highly relevant to the claims that the Supreme Court's recent stay order expressly leaves open: the "legality of any Agency RIF and Reorganization Plan produced or approved pursuant to the Executive Order and Memorandum." *See Trump v. AFGE*, 2025 WL 1873449, 606 U.S. ____ (July 8, 2025). There is no dispute that Defendants intend to immediately resume the large-scale RIFs and reorganizations that were previously enjoined and that are the subject of Plaintiffs' claims challenging the ARRPs. The forthcoming RIFs and reorganizations will cause irreparable harm to Plaintiffs, and Plaintiffs intend to expeditiously seek further interim relief as is warranted by the facts, circumstances, and law. Good cause exists to shorten the time to respond to this discovery request, which will permit the parties and the Court to evaluate the facts and legal issues that Defendants continue to contest.

Consistent with Rule 34, the Court's order should make clear that any documents as to which no objection is raised must be produced by this deadline. *See* Fed. R. Civ. P. 34(b)(2)(A), (B). Plaintiffs also respectfully request that in light of the exigent circumstances of this case, to the

1   extent that Defendants intend to raise any categorical objections, they should be required to

2   identify the bases for such objections in their response to this motion, so that such issues may be

3   resolved in advance of the deadline. Further, the Court should make clear that Defendants' Rule 34

4   response must include a privilege log for any documents for which Defendants assert privilege.

## BACKGROUND

The Supreme Court's July 8, 2025 order, which stayed the prior preliminary injunction issued with respect to Plaintiffs' separation of powers challenges to the EO and OMB/OPM Memorandum, explicitly "express[ed] no view on the legality of any Agency RIF and Reorganization Plan produced or approved pursuant to the Executive Order and Memorandum." S. Ct. Order at 1. Justice Sotomayor's concurrence noted that the Supreme Court's decision leaves this Court to "consider … in the first instance" whether the agencies' ARRPs "can and will be carried out consistent with the constraints of law." *Id.* (Sotomayor, J., conc.).

On July 9, 2025, Plaintiffs requested that the Court confirm its prior order granting expedited discovery with respect to Federal Agency Defendants' ARRPs and deny Defendants' request for reconsideration and protective order. ECF 176 at 1. The Court ordered Defendants to respond to Plaintiffs' request by Monday, July 14. ECF 177.

That prior order granted expedited discovery requiring production of four types of documents. ECF 85 (ARRPs submitted to or approved by OMB/OPM; agency applications for waivers of statutorily-mandated RIF notice periods; and OMB/OPM's responses). Plaintiffs' fact development and investigation has shown that OMB and OPM have provided written responses to at least some ARRP submissions, and engaged in other communications regarding those submissions in conjunction with OMB/OPM's "approval" process. *E.g.*, ECF 36, Ex. 1 ("Reviewers from [OMB] recently deemed the [NLRB's] rationale for avoiding layoffs inadequate. 'Without more, the agency cannot fully exempt itself from further staff reductions,' OMB staff said in a response to the NLRB. The memo urged the labor board to 'think creatively' about how to use a set of tactics, including layoffs, to reduce headcount."); ECF 37-12 ¶24 (OMB rejected AmeriCorps ARRP for not including RIF); ECF 37-32 ¶¶8-14 (NSF); ECF 96-1 ¶¶15-20 (same); ECF 96-1 ¶¶6-13, Ex. 1 at 4-6 & Atts. D, I. (non-party NEH). And as this Court has recognized

during its review of Defendants' assertion of deliberative process privilege, Defendants continue to contest the most basic facts regarding these ARRPs, including whether OMB/OPM are approving these agency proposals at all (and if not, then "pursuant to what, then, are the agencies implementing their large-scale RIFs?") (ECF 109 at 2).

On July 10, 2025, Plaintiffs provided Defendants advance notice of a Rule 34 request for production of documents, invoking their Rule 26(d)(2) right to serve early Rule 34 requests that would be deemed served as of a Rule 26(f) conference. Chisholm Decl. ¶2. That request was deemed served on Defendants today, July 11, 2025, as of the parties' Rule 26(f) conference. *See id.* ¶4; Fed. R. Civ. P. 26(d)(2)(b). Plaintiffs' Request No. 1 seeks:

> All communications between any Federal Agency Defendant and OMB, OPM, or DOGE discussing any Agency RIF and Reorganization Plan ("ARRP") (in whole or any part), including but not limited to any approvals or disapprovals of those Plans (in whole or any part, formally or informally) and any discussion of whether the contents of those Plans meets or do not meet expectations, communicated by OMB, OPM, or DOGE to any Federal Agency Defendant, from February 26, 2025 to the present.

Chisholm Decl., Ex. A. In light of Defendants' imminent intent to implement the ARRPs, Plaintiffs requested that Defendants stipulate to answering this request within two weeks. *Id.*, Ex. B. Defendants declined to stipulate to an expedited response time. *Id.* ¶4

**ARGUMENT**

There is good cause to shorten the response time for Request No. 1. The requested communications between Federal Agency Defendants and OMB, OPM, and DOGE regarding ARRPs are directly relevant and important to Plaintiffs' claims challenging the legality of OMB/OPM and Federal Agency Defendants' approval and implementation of ARRPs (including, as Plaintiffs contend, as directed by OMB/OPM/DOGE with respect to timing and content).

As this Court has recognized, Defendants contest essential facts relevant to these claims, including which agency/agencies have made the actual decisions at issue regarding the content and implementation of the ARRPs (ECF 109). They have repeatedly tried to shield their actions from review by blocking public access to the ARRPs submitted or approved by OMB/OPM and basic information about decisions regarding the ARRPs' content and implementation. *See* ECF 109 at 1-

2. They continue to contend that OMB/OPM are not approving or disapproving, or not *formally* approving or disapproving, ARRPs. *Id.* That is inconsistent with the record, which establishes that agencies were already implementing, or were poised to implement, their ARRPs, including through large-scale RIFs, and that the OMB/OPM Memorandum does not allow agencies to begin such implementation until the ARRPs are approved by OMB and OPM. ECF 100-2 at 3–4; *see also id.* at 6 (prohibiting implementation of ARRPs for agencies that provide direct services until specific OMB/OPM certification). As this Court found, OMB/OPM approval is a "necessary triggering step" in agencies' RIF and reorganization processes. ECF 124 at 36. Given these established facts, the communications between the agencies and OMB/OPM will with certainty provide relevant evidence regarding the actions, and the legality of those actions, here at issue.

Further, the factual record regarding Defendants' actions establishes that there are substantial communications between OMB/OPM/DOGE and the agencies regarding the content, timing, and decision-making with respect to agencies' ARRPs. *See* ECF 124 at 36-37 (citing ECF 36, Ex. 1 (OMB/OPM returned NLRB's proposed ARRP with notations that the cuts did not "meet expectations" and ordered resubmission of plan with greater cuts)); ECF 96-1 ¶¶8-14 (OMB, OPM, and DOGE rejected NSF's phase 1 ARRP that lacked large-scale RIFs and directed large-scale RIFs instead); ECF 37-12 ¶24-25 (OMB rejected AmeriCorps' mid-March ARRP that did not recommend RIFs and Americorps implemented large-scale RIFs shortly thereafter).

Therefore, communications between OMB/OPM/DOGE and the Federal Defendant Agencies regarding the ARRPs will shed light on OPM/OMB/DOGE's orders and directives to agencies that may constitute approval or rejection (whether formal or informal) of all defendant agencies' ARRPs, as well as the reasons and bases for Federal Agency Defendants' actions in creating, modifying, and implementing ARRPs. Those communications are therefore highly relevant to the lawfulness of the ARRPs, including the question whether Defendants have exceeded authority or acted contrary to law, or are "engag[ing] in reasoned decisionmaking." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020) (cleaned up). Any evaluation of Plaintiffs' claims without these communications would be based on an incomplete picture of Defendants' decision-making.

These communications should be produced immediately because Defendants' massive RIFs of employees pursuant to the ARRPs are indisputably imminent. *See* ECF 177 at 2 ("about 40 RIFs in 17 agencies" are planned in the near future); ECF 176 at 9 & n.5.[1] The irreparable harm that Plaintiffs face from the RIFs is well documented. ECF 124 at 44-45; ECF 37-1 at 14-28. Plaintiffs intend to move for further interim injunctive relief as appropriate, consistent with the record and the Supreme Court's order. The timing of any such motion will be determined by the exigency of the circumstances, the information available to Plaintiffs, and the legality of Defendants' imminent actions. Regardless of that motion's timing, the swift production of these communications will further the Court and the parties' ability to evaluate the important issues raised by this case that indisputably survive the Supreme Court's stay, by the Supreme Court's own express direction.

Rule 34(b)(2)(B) requires that "production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Given Defendants' imminent implementation of ARRPs, Plaintiffs have proposed a reasonable time period of two weeks to permit Defendants the time to collect and produce documents and prepare a privilege log. Under these exigent circumstances, there is no other "reasonable time" for production. Plaintiffs thus request that, consistent with Rule 34(b)(2)(B), the Court require that any documents for which no objection is asserted be produced at the time of Defendants' written response to Request No. 1. And to the extent Defendants have categorical objections to production of documents, Plaintiffs request that the Court order Defendants to identify those objections in their opposition to this motion, to facilitate the parties and Court efficiently addressing those disputes.[2]

## CONCLUSION

For the above reasons, Plaintiffs request that the Court order Defendants to respond to Request No. 1 by July 25, 2025, including by producing any responsive documents for which a objection is not asserted and providing a privilege log. Plaintiffs also request the Court order Defendants to identify any categorical objections to production in their opposition to this motion.

---

[1] *See State Dep't to begin layoffs in effort to downsize government*, Wash. Post (July 10, 2025), https://www.washingtonpost.com/politics/2025/07/10/state-department-layoffs-federal-employees.

[2] Plaintiffs are available to meet and confer about any such categorical objections at any time before Defendants file their response.

| | |
|---|---|
| DATED: July 11, 2025 | Respectfully submitted, |

                                            Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Alice X. Wang
Robin S. Tholin
Aaron Schaffer-Neitz
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Corinne F. Johnson*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)

Plfs.' Motion to Shorten Time for Defs. to Respond to Request for Production, No. 3:25-cv-03698-SI

6

PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jacek Pruski*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 775-5900

Plfs.' Motion to Shorten Time for Defs. to Respond to Request for Production, No. 3:25-cv-03698-SI

7

TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ Alexander Holtzman*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)

Plfs.' Motion to Shorten Time for Defs. to Respond to Request for Production, No. 3:25-cv-03698-SI

8

```
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org
```

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

```
David J. Hackett (pro hac vice)
General Counsel to King County Executive & Special
Deputy Prosecutor
Alison Holcomb (pro hac vice)
Deputy General Counsel to King County Executive &
Special Deputy Prosecutor
Erin King-Clancy (pro hac vice app. forthcoming)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov
aclancy@kingcounty.gov
```

By: */s/ David J. Hackett*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

```
Sharanya Mohan (CABN 350675)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
```

By: */s/ Sharanya Mohan*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and King County, WA*

Plfs.' Motion to Shorten Time for Defs. to Respond to Request for Production, No. 3:25-cv-03698-SI

9

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)
Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Stephen J. Kane*

*Attorneys for Plaintiff City of Chicago*

Plfs.' Motion to Shorten Time for Defs. to Respond to Request for Production, No. 3:25-cv-03698-SI

>    Ebony M. Thompson
>    Baltimore City Solicitor
>    Sara Gross (pro hac vice app. forthcoming*)*
>    Chief of Affirmative Litigation
>    Baltimore City Department of Law
>    100 N. Holliday Street
>    Baltimore, Maryland 21202
>    Tel: (410) 396-3947
>    sara.gross@baltimorecity.gov
>
> By: */s/ Sara Gross*
>
>    *Attorneys for Plaintiff City of Baltimore*

Plfs.' Motion to Shorten Time for Defs. to Respond to Request for Production, No. 3:25-cv-03698-SI

11