CRAIG H. MISSAKIAN
United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
ANDREW M. BERNIE
Trial Attorney
Civil Division, Federal Programs Branch

   1100 L Street, NW
   Washington, DC 20005
   Telephone: (202) 353-7203
   andrew.m.bernie@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME FOR DEFENDANTS TO RESPOND TO REQUEST FOR PRODUCTION** |

      The Court should deny Plaintiffs' motion to shorten Defendants' time to respond to Plaintiffs' Request for Production of Documents, ECF NO. 178-1 Ex. A (RFPs). For the reasons set forth in Defendants' motion to quash those RFPs and for a protective order, Defendants should be relieved of any obligation to respond to the RFPs at all. As the motion explains, the RFPs: (1) seek discovery that should be deferred pending resolution of Defendants' forthcoming motion to dismiss; (2) improperly seek discovery on Administrative Procedure Act claims; (3) seek discovery related to legal theories foreclosed by the Supreme Court's recent order staying this Court's preliminary injunction; (4) seek discovery concerning the Department of Governmental Efficiency (DOGE) that is particularly improper, including that it seeks intra-agency documents that would be both extraordinarily burdensome to collect and irrelevant to even Plaintiffs' legal theories; (5) seek information that is privileged; and (6) otherwise seek discovery that is overly burdensome, irrelevant, and relates to potential relief that this Court could not grant. Defendants incorporate by reference those arguments here. *See* ECF No. 210 at 5-17.

      To be clear, there is no lawful basis for the discovery Plaintiffs seek, and Defendants reserve the right to seek mandamus relief if they are required to provide this discovery on any timetable. But at the very least, the Court should deny the motion to shorten Defendants' time to respond to their requests for many of the same reasons set forth above and in Defendants' motion— in particular, because there is no urgency associated with Plaintiffs' request, which amounts to a fishing expedition for a broad swathe of almost certainly privileged communications relating to arguments that are meritless and/or foreclosed by the Supreme Court, and in apparent aid of future requests for injunctive relief that this Court could not grant. But in addition to these points and all the other considerations set forth above and in Defendants' motion filed earlier this afternoon, it would be impossible for Defendants to comply with an order requiring them to respond by July 28[1] as to "DOGE"—given that, as discussed above and in Defendants' motion, Plaintiffs define

---

[1] Plaintiffs' motion to shorten time seeks to require Defendants to respond by July 25. In discussions this afternoon concerning the briefing schedule for Defendants' since filed motion to quash and for a protective order, Plaintiffs stated that they were willing to extend that deadline to July 28 in exchange for Defendants' agreement that they could have until July 21 to respond to that motion to quash and for a protective order.

Defendants' Opposition to Plaintiffs' Motion to Shorten Time for Defendants to Respond to Request for Production
3:25-cv-3698-SI

1

DOGE to include intra-agency communications from every Federal Agency Defendant "discussing any" ARRP "in whole or any part," at least insofar as those communications concern agency DOGE Teams.

In its Friday evening order directing Defendants to respond to the motion to shorten time by today, the Court instructed that "defendants shall identify any categorical objections to production of documents responsive to plaintiffs' Request No. 1." Defendants respectfully refer the Court to, and incorporate by reference, Part V of the Argument in their motion to quash and for a protective order.

Dated: July 15, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
Acting United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

s/ Andrew M. Bernie
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-7203
andrew.m.bernie@usdoj.gov

*Counsel for Defendants*

Defendants' Opposition to Plaintiffs' Motion to Shorten Time for Defendants to Respond to Request for Production
3:25-cv-3698-SI

2