UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 25-cv-03698-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER OR RECONSIDERATION AND REQUIRING PRODUCTION OF AGENCY RIF AND REORGANIZATION PLANS**<br><br>Re: Dkt. Nos. 88, 165 |

On May 9, 2025, the Court ordered defendants to disclose their Agency RIF[1] and Reorganization Plans (ARRPs). Dkt. No. 85 at 40. Defendants moved for a protective order or for reconsideration. Dkt. No. 88. The Court partly granted defendants' motion by staying the production deadline pending further briefing. Dkt. No. 92. For the reasons explained below, the Court now GRANTS in part and DENIES in part defendants' motion.

**BACKGROUND**

Pursuant to the President's Executive Order 14210 and a February 26, 2025 joint memorandum, the Office of Management and Budget (OMB) and the Office of Personnel Management (OPM) required the heads of federal departments and agencies to submit "Phase 1" and "Phase 2" ARRPs for review and approval by March 13 and April 14. Dkt. No. 37-1, Exs. A, B. On May 1, 2025, plaintiffs in this action moved for a temporary restraining order and requested,

---

[1] A "RIF" is a reduction in force.

among other relief, "that the Court order that OMB and OPM immediately provide to the Court and to Plaintiffs the Federal Defendant Agency ARRPs, which Defendants have to date kept secret." Dkt. No. 37 at 50. In its May 9, 2025 order granting a temporary restraining order, the Court ordered defendants to provide to the Court and to plaintiffs the following categories of documents: "(1) the versions of all defendant agency ARRPs submitted to OMB and OPM, (2) the versions of all defendant agency ARRPs approved by OMB and OPM, (3) any agency applications for waivers of statutorily-mandated RIF notice periods, and (4) any responses by OMB or OPM to such waiver requests[.]" Dkt. No. 85 at 40. The Court ordered the production by May 13, 2025. *Id.*

On May 11, 2025, defendants moved for a protective order or in the alternative for reconsideration and requested an immediate stay of the Court's discovery order. Dkt. No. 88. The May 11 motion for reconsideration was the first time defendants expressly invoked the deliberative process privilege. The Court set a briefing schedule and stayed the May 13 production deadline pending resolution of defendants' motion. Dkt. No. 92. Plaintiffs submitted an opposition, Dkt. No. 96, and defendants replied, Dkt. No. 103. "To assess whether the deliberative process privilege applies to the ARRPs of the federal agency defendants in this case," the Court ordered defendants to produce ARRPs from a sampling of four agency defendants to the Court for *in camera* review and to plaintiffs' counsel for counsel's eyes only. Dkt. No. 109 at 4-5. Defendants timely provided the documents for review along with a declaration from Stephen Billy, a Senior Advisor at OMB. Dkt. No. 88-1. Upon a finding that the Billy declaration was insufficient to support the deliberative process privilege, the Court further ordered defendants to provide more detailed declarations from agency decisionmakers supporting application of the privilege. Dkt. No. 139. Defendants produced those declarations under seal.[2] Dkt. No. 165. At this point, therefore, the Court has reviewed *in camera* the ARRPs of four of the federal agency defendants as well as the declarations submitted to support the privilege assertion.

On May 22, 2025, the Court issued a preliminary injunction but did not rule on the question of whether the ARRPs should be disclosed. *See* Dkt. No. 124. After the Supreme Court stayed this

---

[2] The Court GRANTS defendants' administrative motion to file these declarations under seal. *See* Dkt. No. 165.

Court's preliminary injunction, *Trump v. Am. Fed. of Gov't Emps.*, No. 24A1174, 2025 WL 1873449, 606 U.S. \_\_\_\_ (July 8, 2025), plaintiffs filed an "urgent request" for a final ruling on defendants' motion to reconsider the Court's May 9 order. Dkt. No. 176. The Court ordered defendants to submit a response by July 14. Dkt. No. 177. Defendants responded, Dkt. No. 208, and plaintiffs replied, Dkt. No. 213. The matter is now ripe for review.

**LEGAL STANDARD**

**I.    Discovery**

"'[A] district court has wide discretion in controlling discovery.'" *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

**II.   Deliberative Process Privilege**

Defendants invoke the deliberative process privilege to argue that they should not be compelled to produce the ARRPs. As the Ninth Circuit has explained,

> This privilege permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975). It was developed to promote frank and independent discussion among those responsible for making governmental decisions, *Environmental Protection Agency v. Mink,* 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), and also to protect against premature disclosure of proposed agency policies or decisions. *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 866 (D.C. Cir. 1980). The ultimate purpose of the privilege is to protect the quality of agency decisions. *Sears,* 421 U.S. at 151, 95 S.Ct. at 1517.

*F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Factual material is not protected unless it cannot be severed from deliberative material. *Id.*

The deliberative process privilege is qualified, not absolute. *Id.* "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* (citations omitted).

3

**DISCUSSION**

**I.     Deliberative Process Privilege**

To resolve whether the government may assert the deliberative process privilege to avoid production of submitted ARRPs and approved ARRPs involves asking several questions. First, are the documents relevant to the litigation? If so, are the documents of the nature to be covered by the privilege—that is, are they pre-decisional and deliberative? Even if so, should the privilege be qualified and overridden by other considerations? Finally, if the documents are ordered produced, should their disclosure be limited by a protective order?

**A.     Relevance**

Defendants' recent filing argues repeatedly that the Supreme Court's order staying the preliminary injunction "effectively ends this case[.]" *See* Dkt. No. 208 at 1. This Court disagrees with defendants' reading. In granting the preliminary injunction, this Court did not reach several of the claims in the amended complaint. The Supreme Court's stay of the injunction therefore did not have any bearing on those claims.

Moreover, the high Court's terse order to stay an injunction—and its statement that "the Government is likely to succeed on its argument that the Executive Order and Memorandum are lawful"—are inherently preliminary.[3] *See Trump*, 2025 WL 1873449, at *1. The Court of Appeals still must determine whether the preliminary injunction is appropriate, a question defendants raised to that court and a question that may ultimately return to the Supreme Court. Meanwhile, here below, these preliminary decisions do not foreclose claims or otherwise halt proceedings on the merits on any claim in this case.

Further, in granting the stay, the Supreme Court stated,

> We express no view on the legality of any Agency RIF and Reorganization Plan produced or approved pursuant to the Executive Order and Memorandum. The District Court enjoined further

---

[3] Since the Supreme Court included no explanation of its conclusion, this Court cannot say whether the Supreme Court determined the claims underlying the preliminary injunction fail as a matter of law or if the evidentiary record has not yet sufficiently developed to support the claims.

>implementation or approval of the plans based on its view about the illegality of the Executive Order and Memorandum, not on any assessment of the plans themselves. Those plans are not before this Court.

*Id.* In a concurrence, Justice Sotomayor noted that the Supreme Court's decision allows the district court to consider the legality of the ARRPs "in the first instance." *Id.* (Sotomayor, J., conc.). As this Court has since observed, the content of the ARRPs thus remains squarely at issue in this case. *See* Dkt. No. 177 at 2.

Litigants in a civil case "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence. . . . District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotation marks and citations omitted).

Here, the ARRPs are relevant to the claims in the amended complaint. To argue otherwise is to ignore the allegations of the operative complaint. The Court will take just one clear-cut example: Claim VII, the Administrative Procedure Act (APA) claim alleging arbitrary and capricious action by the federal agency defendants, remains at issue. The Court reserved ruling on this claim (along with two other APA claims) at the preliminary injunction stage, explaining that "a full review of the ARRPs will significantly aid the Court's review of the merits of these APA claims." Dkt. No. 124 at 44. Count VII alleges, among other things, that the "implementation of ARRPs by RIFing federal employees, closing offices, functions, and programs, and otherwise reorganizing agency functions are all final agency action under the APA" and that the "actions of the Federal Agency Defendants . . . violate the APA because they are arbitrary and capricious" for numerous alleged reasons, including that the agencies "conduct the process for the creation and approval of plans to radically transform the entire federal government in secret." Dkt. No. 100 ¶¶ 429, 431. To prove this claim, plaintiffs will need to show that an agency has failed to consider an important aspect of a problem, that the agency offers an explanation for a decision that is contrary to the evidence, that the agency's decision is so implausible that it could not be ascribed to a

difference in view or be the product of agency expertise, or that the agency's decision is contrary to governing law. *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2005) (citations omitted). In the context of this case, the ARRPs *are* the documents in which OMB and OPM directed the federal agency defendants to outline their initial agency cuts and reductions and the agencies' "positive vision for more productive, efficient agency operations going forward." Dkt. No. 37-1, Ex. B at 3-4. These plans are highly relevant to plaintiffs' Claim VII.

Confusingly, defendants state in their brief that "Plaintiffs do not challenge any ARRP as unlawful by arguing that an ARRP's plan is arbitrary and capricious . . . ." Dkt. No. 208 at 6. Perhaps by this statement defendants intend to say that plaintiffs cannot challenge the plans because those plans have not been made public. Numerous times, defendants argue essentially that plaintiffs cannot prove their case because plaintiffs do not have the ARRPs because the ARRPs have not been made public. *See id.* at 1, 6. By this logic, any defendant could withhold relevant discovery on the grounds that the plaintiff had not yet proven his or her case. The Court will not countenance such reasoning.

Additionally, the Court rejects defendants' argument that the ARRPs could not be disclosed pursuant to an APA claim because, in their view, "APA claims, even if cognizable in district court at all, must be adjudicated based on the administrative record" and the ARRPs would not be part of the administrative record. Dkt. No. 208 at 1-2. The Ninth Circuit has recognized "narrow exceptions" to the general rule that courts reviewing an agency decision are limited to the administrative record. *Lands Council*, 395 F.3d at 1030. The district court may admit extra-record evidence, for instance, in limited circumstances "if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision" or "when plaintiffs make a showing of agency bad faith." *Id.* (internal quotation marks and citation omitted). It is premature for the government to assert that such exceptions would never apply here.

To summarize, the ARRPs are plainly relevant. The Court therefore turns to defendants' argument that the ARRPs should nevertheless be protected from disclosure because of the deliberative process privilege.

### B. Pre-decisional and Deliberative

"To fall within the deliberative process privilege, a document must be both 'predecisional' and 'deliberative.'" *Carter v. U.S. Dep't of Com.*, 307 F.3d 1084, 1089 (9th Cir. 2002) (citation omitted). Predecisional documents are "prepared in order to assist an agency decisionmaker in arriving at his decision." *Id.* (internal quotation marks and citation omitted). "A predecisional document is a part of the deliberative process, if the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.* (internal quotation marks, brackets, and citation omitted).

The Court has now reviewed *in camera* four agencies' ARRPs, the contents of which vary widely. The Court has also reviewed declarations from officials in those four agencies asserting the privilege. The Court questions whether ARRPs that have been approved by OMB and OPM in any fashion remain "predecisional," though defendants assert that "[a]n ARRP is never final and may change drastically as the agency's priorities and thinking changes." *See* Dkt. No. 88 at 4. Nonetheless, at this stage, the Court assumes without deciding that at least some ARRPs may include pre-decisional and deliberative materials.

### C. Qualified Privilege

The Court therefore proceeds to the next inquiry—whether a party's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Warner*, 742 F.2d at 1161. Courts consider the following factors when evaluating this question: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* Considering these factors, the Court holds that the need for accurate fact-finding in this litigation overrides any interest in non-disclosure.

First, the relevance of the evidence has already been discussed above. In short, the ARRPs remain relevant to the current proceedings.

Second, plaintiffs cannot seek the relevant information in the ARRPs elsewhere. U.S.

7

1  Senators have requested much of the same information from OMB and OPM, but at this Court's
2  hearing on May 9, 2025, counsel for the government could not say whether the information had
3  been provided. Dkt. No. 85 at 41 n.22. Nor have Freedom of Information Act requests resulted in
4  release of the plans. *See Democracy Forward Found. v. Off. of Mgmt. & Budget*, No. CV 25-858
5  (SLS), 2025 WL 1078778, at *3 (D.D.C. Apr. 9, 2025). The government has developed and begun
6  to implement elements of ARRPs without transparency to the general public or the affected federal
7  employees. Defendants may not attack plaintiffs' case for failing to "challenge the content of
8  particular ARRPs" while simultaneously withholding those same ARRPs. *See* Dkt. No. 208 at 1.

        The third factor also favors plaintiffs, as "the government—the Executive—is a party to and the focus of the litigation." *See Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019).

        Finally, considering the limited information it has access to, the Court does not find that a protected disclosure of the ARRPs as outlined below would chill future frank and independent discussions within agencies. As plaintiffs persuasively argue, defendants' contention that release of the ARRPs could hurt employee recruitment and retention or harm agencies' positions at the bargaining table are specious when defendants are attempting to make large-scale reductions in force and, separately, to eliminate collective bargaining rights of federal employees. *See* Dkt. No. 96 at 13-14. The damage to the federal government's employee recruitment, retention, and labor relations has already been done, and the wounds are self-inflicted. Revealing these plans to the Court and to plaintiffs' counsel only under the terms of the protective order discussed below would not chill future lawful deliberations by defendants.

        As plaintiffs have noted, defendants are moving forward with RIFs in the wake of the Supreme Court's ruling. Dkt. No. 213 at 2 n.1. The issues in this case remain of significant public importance. The Court concludes that, even assuming at least some material within ARRPs may be predecisional and deliberative, the need for accurate fact-finding overrides the government's interests in non-disclosure.

### D. Protective Order

At this stage, however, the Court will grant defendants' request for a protective order.

8

1   Defendants request that, if the Court ultimately orders disclosure of ARRPs, that the documents be
2   filed under seal and plaintiffs' counsel prohibited from disclosing their contents to anybody else,
3   including their clients. Dkt. No. 88 at 10. Rule 26 of the Federal Rules of Civil Procedure allows a
4   court to impose a protective order on discovery material for "good cause." Fed. R. Civ. P. 26(c)(1).

5   "The presumption of access is based on the need for federal courts, although independent—
6   indeed, particularly because they are independent—to have a measure of accountability and for the
7   public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp.,*
8   *LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citation omitted). When
9   matters involve government actors and issues of public concern, a higher showing of harm is
10  necessary to avoid disclosure. *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417,
11  424 n.5 (9th Cir. 2011) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)
12  (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994))).

13  Notwithstanding the Court's finding that the information at issue is of grave public concern,
14  at this still-early stage of the case, the Court will grant defendants' request for a protective order
15  that limits distribution of the ARRPs to plaintiffs' counsel and the Court only. *See* Dkt. No. 88 at
16  10. All federal agency defendants' ARRPs must be produced.

17  For the versions provided to plaintiffs' counsel, the Court will also allow defendants to redact
18  any material addressing union negotiating strategy. The versions provided to the Court must
19  highlight any redacted material. This Court has afforded defendants several opportunities to propose
20  redactions to the ARRPs, Dkt. Nos. 139 at 3, 177 at 2, but defendants have come back only with
21  near-total redactions. The Court cautions defendants not to abuse this allowance by redacting
22  material unrelated to union negotiation strategies.

23

24  **II.     The "40 RIFs in 17 Agencies"**

25  In defendants' application for a stay to the Supreme Court, the U.S. Solicitor General
26  represented that "about 40 RIFs in 17 agencies were in progress and are currently enjoined."
27  Application for Stay at 32-33, *Trump v. Am. Fed. of Gov't Emps., AFL-CIO*, No. 24A1174 (U.S.
28  June 2, 2025). Defendants made this assertion to the Supreme Court to highlight the urgency of

their stay request and the extent of irreparable injury facing the government. Yet defendants now back-track, telling this Court that, actually, "those RIFs have not been finalized, many were in an early stage, and some are not now going forward." Dkt. No. 208 at 12. Defendants have submitted a declaration from Noah Peters, a senior advisor in OPM, stating that the numbers given to the Supreme Court "reflect[] results from an early, initial step in RIF planning" and "did not derive from how many RIFs were mentioned in any Agency RIF and Reorganization Plans (ARRPs)." Dkt. No. 208-1 ¶¶ 11-12. But if RIFs do not flow from ARRPs, Executive Order 14210, or the OMB/OPM Memo at issue in this case, they would not have been enjoined by the Court's preliminary injunction. The government's shifting positions degrade the Executive's credibility and further underscore the need for an examination of the documents themselves. The Court repeats a query that it previously posed: if the ARRPs are non-final planning documents that do not commit an agency to take any specific action, pursuant to *what*, then, are the agencies implementing their large-scale reorganizations and RIFs?

Further, in its order on July 9, 2025, the Court directed defendants to "provide a list of the 'about 40 RIFs in 17 agencies' that defendants referenced in their Supreme Court stay application." Dkt. No. 177 at 2. Defendants provided a list of agencies, not a list of the RIFs. *See* Dkt. No. 208-1 ¶ 14. Defendants must file with the Court, not under seal, a list of the RIFs referenced in the Supreme Court stay application. Defendants may note which RIFs, if any, agencies have decided not to move forward, or provide any other details they wish.

**CONCLUSION**

Defendants' motion for a protective order or reconsideration is GRANTED in part and DENIED in part, as described above. By Wednesday, July 23, 2025 at 12:00 p.m. (PDT), defendants shall submit to the Court for *in camera* review paper copies of the following documents for the federal agency defendants in this case: (1) the versions of ARRPs submitted to OMB and OPM and (2) the versions of ARRPs approved by OMB and/or OPM. The federal agency defendants in this case consist of the departments of Agriculture, Commerce, Defense, Energy, Health and Human Services, Homeland Security, Housing and Urban Development, Justice, Interior, Labor, State,

Treasury, Transportation, and Veterans Affairs; AmeriCorps; the Peace Corps; the General Services Administration; the National Labor Relations Board; the National Science Foundation; the Small Business Administration; the Social Security Administration; and the Environmental Protection Agency. Documents for *in camera* review may be mailed or hand-delivered to the Clerk's Office, clearly stamped "DO NOT FILE—IN CAMERA REVIEW."

By Wednesday, July 23, 2025 at 12:00 p.m. (PDT), defendants shall provide the same material to plaintiffs' counsel, but plaintiffs' counsel may not share the plans or their contents with their clients or any third parties unless or until the Court orders otherwise. The Court will not order broader disclosure without prior notice to defendants' counsel.

By Wednesday, July 23, 2025 at 12:00 p.m. (PDT), defendants shall also publicly file a list of the RIFs referenced in its application for a stay before the Supreme Court, as explained above.

**IT IS SO ORDERED**.

Dated: July 18, 2025

_____
SUSAN ILLSTON
United States District Judge