Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

**INTRODUCTION**

Pursuant to the Court's April 29, 2025 order setting the initial case management conference and ADR deadlines (ECF No. 22), the Standing Order for All Judges of the Northern District of California, Federal Rules of Civil Procedure 16(b) and 26(f), and Civil L.R. 16-9, Plaintiffs and Defendants submit this Joint Case Management Statement in advance of the Initial Case Management Conference scheduled for August 1, 2025 at 2:30PM.

### 1. JURISDICTION AND SERVICE

This Court has issued two orders addressing jurisdiction to date. ECF 85, 120. Plaintiffs invoke the Court's jurisdiction under 28 U.S.C. § 1331. ECF 100 ¶ 26. Defendants dispute this Court's subject matter jurisdiction in a pending motion to dismiss. ECF 216 at 20–22. Plaintiffs disagree and will address that argument in their forthcoming response to the motion to dismiss. There are no disputed issues about personal jurisdiction, venue, or service.

### 2. FACTS

The facts are extensively addressed in the parties' briefing on Plaintiffs' motions for a temporary restraining order and preliminary injunction and this Court's orders resolving those motions. ECF 85, 124. In short, Plaintiffs challenge what they contend are unlawful reorganization of the federal government by the President and actions taken by the Office of Management and Budget ("OMB"), Office of Personnel Management ("OPM"), Department of Government Efficiency ("DOGE"), and Federal Agency Defendants to implement the reorganization. In Plaintiffs' view, the principal factual issues in dispute are the nature of and justifications for the direction, approvals, and requirements imposed on federal agencies by OMB, OPM, and DOGE, and the nature of and justifications for the reorganization actions taken by Federal Agency Defendants. In Defendants' view, the Complaint fails as a matter of law for reasons they have laid out in their motion to dismiss and in other filings in this case. Defendants do not think any factual disputes in this case are material or require further factual development.

### 3. LEGAL ISSUES

The principal disputed points of law are whether the President's Executive Order is ultra vires; whether the actions of OMB, OPM, and DOGE to implement the Executive Order, including

but not limited to the Memorandum as well as any direction, approval, or requirement imposed on federal agencies, are ultra vires; whether those actions by OMB, OPM, and DOGE are not in accordance with law, in excess of statutory authority, arbitrary and capricious, or taken without observance of procedure required by law, 5 U.S.C. § 706(2); and whether actions by Federal Agency Defendants to implement ARRPs are not in accordance with law or arbitrary and capricious, *id.*  The parties dispute whether this Court has subject matter jurisdiction, and whether there is final agency action reviewable under the APA.  The parties also dispute whether the Complaint adequately pleads any action of the President, OMB, OPM, or DOGE apart from the Executive Order and Workforce Memorandum, and further dispute whether any such alleged actions would properly be the subject of challenge in this case.

### 4.    MOTIONS

The parties have engaged in significant motions practice regarding preliminary relief.  The Court's preliminary injunction, ECF 124, was the subject of stay decisions by the Ninth Circuit and the Supreme Court.  That injunction remains currently on appeal before the Ninth Circuit.

There are two currently pending motions that are fully briefed: (1) Plaintiffs' motion to shorten time for Defendants to respond to a request for production, ECF 178, which is fully briefed as of July 21, 2025; and (2) Defendants' motion for a protective order and order quashing Plaintiffs' first set of requests for the production of documents, ECF 210, which is fully briefed as of July 23, 2025.

There is one currently pending motion that is still being briefed: Defendants' motion to dismiss, ECF 216.  Plaintiffs intend to ask the Court for a 14-day extension of time to respond to the motion; Defendants consent to that request.

Plaintiffs are evaluating whether a motion for further preliminary relief is warranted by the facts and circumstances.  The parties anticipate filing motions addressing any discovery issues and any issues about the scope of the administrative record that cannot be resolved by consent. Plaintiffs anticipate filing a summary judgment motion.  Defendants believe the Complaint fails as a matter of law and should be dismissed but of course reserve the right to seek summary judgment or any other relief if the case proceeds past the motion to dismiss stage.

**5.     AMENDMENT OF PLEADINGS**

The parties do not anticipate amending their pleadings at this time but reserve the right to seek amendment consistent with the Federal Rules of Civil Procedure.

**6.     EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The parties have met and conferred pursuant to Federal Rule 26(f) about their preservation obligations.

**7.     DISCLOSURES**

The Court's initial scheduling order set a July 25, 2025 deadline for initial disclosures. ECF 22.  The parties intend to comply by exchanging disclosures.

**8.     DISCOVERY**

**A.     Plaintiffs' Position**

Plaintiffs disagree with Defendants' position that no discovery is appropriate in this case pending the resolution of Defendants' motion to dismiss and in light of the Supreme Court's stay order.  Plaintiffs have addressed these arguments extensively in the briefing on motions related to expedited discovery pending before the Court.  ECF 178 (Plaintiffs' motion to shorten time); ECF 210 (Defendants' motion for protective order and to quash).  Plaintiffs' claims include both ultra vires and APA claims and are not limited to an administrative record, although even with respect to the APA claims and that record, Plaintiffs anticipate disputes and the need for extra-record discovery.

This Court has ordered expedited production of ARRPs (ECF 214), which has been administratively stayed by the Ninth Circuit pending review of Defendants' motion for emergency stay pending resolution of their petition for mandamus.  *In re Trump*, No. 25-4476 (9th Cir. filed July 21, 2025).

Once discovery was open as of the Rule 26(f) conference on July 11, 2025, Plaintiffs served an initial set of requests for production and moved to shorten Defendants' time to respond.  ECF 178.  Plaintiffs anticipate seeking additional written discovery on communications between OMB, OPM, and DOGE and Federal Agency Defendants regarding the EO, Memorandum, and ARRPs,

including submissions, responses, and discussions of the contents and timing of the ARRPs, any approvals or disapprovals in whole or part, and any discussions of the requirements or adequacy of ARRPs. Plaintiffs also anticipate seeking written discovery on OMB, OPM, DOGE, and Federal Agency Defendants' internal documents regarding the EO, Memorandum, and ARRPs, including documents pertaining to ongoing implementation of the ARRPs. Discovery may also be necessary to "ascertain the contours of the precise policy at issue." *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018); *see also Doe 1 v. Nielsen*, No. 18-CV-02349-BLF(VKD), 2018 WL 4266870, at *2 (N.D. Cal. Sept. 7, 2018); *All. for Retired Americans v. Bessent*, No. CV 25-0313 (CKK), 2025 WL 1114350, at *3 (D.D.C. Mar. 20, 2025).

Plaintiffs also anticipate taking depositions, including depositions under Federal Rule 30(b)(6). Because of Defendants' position that no discovery is warranted, the parties have not agreed to an E-Discovery order or reached any agreement about the scope or timing of discovery.

## B.     Defendants' Position

Defendants believe that no discovery is warranted in this case for many of the same reasons they believe the document requests Plaintiffs have issued should be the subject of a protective order. Defendants' arguments are set forth in those filings, and thus are not repeated at length here. But in short, to the extent Plaintiffs have cognizable APA claims, which Defendants dispute, such claims should be limited to the administrative record for any final agency actions challenged. As to Plaintiffs' ultra vires claims, those fail as a matter of law. And in any event, Plaintiffs' request for communications between OMB, OPM, and DOGE and Federal Agency Defendants regarding the subjects at issue is not plausibly relevant to any issue, since, among other reasons, such communications are likely privileged in substantial part and in any event would not be a basis for challenging *otherwise lawful* agency actions (and, to the extent agencies take actions Plaintiffs believe are unlawful. Plaintiffs can attempt to challenge those actions if and when they occur).

## 9.     CLASS ACTIONS

This case is not a class action.

**10.    RELATED CASES**

There are no related cases pending before this Court as defined by Civil L.R. 3-12. Currently pending in the Ninth Circuit is a mandamus petition filed by Defendants seeking to compel the district court to vacate its July 18 order for production of ARRPs. *In re Trump*, No. 25-4476 (9th Cir. filed July 21, 2025).

**11.    RELIEF**

As set forth in the operative complaint, Plaintiffs seek declaratory relief, vacatur and preliminary relief under 5 U.S.C. §§ 705–06, preliminary and permanent injunctive relief, costs and fees, and other relief as the Court may deem proper.  ECF 100 at 111–13.

**12.    SETTLEMENT AND ADR**

The parties have not engaged in ADR.  Plaintiffs have filed ADR certifications in compliance with Civil L.R. 16-8(b) and ADR L.R. 3-5(b).  ECF 179–205.  The parties will be prepared to discuss settlement and ADR options at the August 1, 2025 case management conference.

**13.    OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    NARROWING OF ISSUES**

The parties do not believe that it is possible to narrow the issues by agreement at this time.

**15.    SCHEDULING**

**A.    Plaintiffs' Position**

Plaintiffs propose that discovery be completed by the end of 2025, with a schedule for summary judgment briefing thereafter.

In addition, the administrative record deadline is July 28, 2025.  *See* Civil L.R. 16-5; ECF 25.  Defendants have informed Plaintiffs that they do not intend to comply with this deadline, both because they believe that the Local Rule does not require it when a party files a motion to dismiss and because they do not think it is possible to assemble an administrative record given Defendants' uncertainty about the exact actions under challenge.

1      Defendants' position is based on a misreading of Civil Local Rule 16-5.  The rule provides
2  that in an administrative record action, "the defendant must serve and file an answer, together with
3  a certified copy of the transcript of the administrative record, within 90 days of receipt of service of
4  the summons and complaint."  The plain terms of this Rule do not provide an exception for filing a
5  motion to dismiss, which will significantly delay this case.  The lack of any such exception is
6  consistent with the general practice of this Court not to stay discovery pending such motions.
7  Defendants' filing of a motion to dismiss rather than an answer does not relieve them of the
8  obligation to serve and file the administrative record within 90 days of service.  In addition, good
9  cause exists for the Court to enforce this deadline and prevent further delays, in light of
10  Defendants' ongoing and imminent actions challenged as unlawful.

11      Defendants' claim that they cannot assemble an administrative record lacks merit.
12  Plaintiffs have extensively explained their claims, including in the recent briefing after the
13  Supreme Court's stay order.  Plaintiffs challenge, among other things, the actions that OMB, OPM,
14  DOGE, and the Federal Agency Defendants have taken to implement the President's Executive
15  Order, the OMB/OPM Memorandum, and the ARRPs.  Defendants are well aware of the actions
16  they themselves have taken, including OMB and OPM approvals and OMB, OPM, and DOGE
17  directives to agencies regarding reorganization and workforce reduction.  Defendants are, in
18  particular, well aware of the actions implementing the ARRPs that have already been approved and
19  are being implemented by the Federal Agency Defendants, including but not limited to 40 RIFs at
20  17 agencies discussed in Defendants' Supreme Court and Ninth Circuit filings, and addressed by
21  this Court's recent order.  ECF 214.  That there may be multiple actions taken by agencies does not
22  insulate Defendants from judicial review. *See New York v. Trump*, 133 F.4th 51, 68 (1st Cir. 2025)
23  ("[W]e are not aware of any supporting authority for the proposition that the APA bars a plaintiff
24  from challenging a number of discrete final agency actions all at once.").  The administrative
25  record due Monday should include, at a minimum, all materials considered for the following
26  actions: any OMB/OPM approvals of Federal Agency Defendants ARRPs; any OMB, OPM, or
27  DOGE directives to agencies regarding the timing or amount of workforce reduction pursuant to
28  the EO; and agency actions implementing the approved ARRPs, including, at a minimum, 40 RIFs

at 17 agencies. To the extent that Plaintiffs have not been able to identify with further specificity the actions taken to approve or implement the ARRPs, that is because Defendants have carried out their implementation of ARRPs in secret, and that only serves to justify discovery to determine the contours of the actions. *Doe 1*, 2018 WL 4266870, at *2 (finding "that discovery of the nature of the agency action issue is necessary in order for the parties and the Court to determine the scope of the administrative record to be produced").

## B.  Defendants' Position

Local Rule 16-5 is tied to the filing of Defendants' "answer," so by its terms does not apply when Defendants file a motion to dismiss that does not implicate the contents of the administrative record. The plain language (as well the intent) of this provision suggests that the administrative record is not required until the defendant answers and, if a motion to dismiss is filed, the requirement is deferred until the answer is filed—because only then the case is at issue and ready to be briefed on the merits. And that makes particular sense here, where the parties dispute whether this Court has jurisdiction over Plaintiffs' APA challenges (especially now that Plaintiffs characterize those challenges as not tied to the Workforce Executive Order and Workforce Memorandum), and where the parties also dispute whether Plaintiffs have even properly identified agency actions for which Defendants would certify a record. Indeed, Defendants understand Plaintiffs' position to be that they need discovery to even determine what alleged policies they are challenging, which only confirms that these are not proper APA claims.

And in any event, it is simply impossible for Defendants to file an administrative record for, to use the Amended Complaint's sprawling language, "[t]he implementation of ARRPs by RIFing federal employees, closing offices, functions, and programs, and otherwise reorganizing agency functions," since this does not identify any distinct agency action and encompasses many potential actions that have not even taken place (and might not take place). Plaintiffs' example of 40 RIFs at 17 agencies simply illustrates the point since, as Defendants have explained, the source of that estimate included actions that were not yet final and may not even take place (and particularly may not take place given potentially changed circumstances since the Court's May 9 TRO). This is not because, as Plaintiffs insist, "Defendants have carried out their implementation of ARRPs in

secret." RIFs and reorganizations, if and when they occur, will not be carried out in secret. Plaintiffs' "secret" characterization simply reflects their own choice to bring a broad systemic challenge that is not tied to any specific agency action, rather than wait for specific agency actions, and attempt to challenge them on grounds specific to that action, as the APA requires.

**16.    TRIAL**

The parties suggest that consideration of trial format be deferred until after the close of discovery and disposition of any summary judgment motions.

**17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs filed their Certification of Conflicts and Interested Entities or Persons on April 28, 2025. ECF 2. As stated in the certificate, Plaintiffs are not aware of any conflict or interest (other than the named parties) to report.

**18.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The parties have not identified any such other matters at this time.

DATED: July 25, 2025                    Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Alice X. Wang
Robin S. Tholin
Aaron Schaffer-Neitz
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

1

2                By: */s/ Danielle Leonard*

3                    *Attorneys for All Union and Non-Profit Organization Plaintiffs*

4

5                    Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)

6                    Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION

7                    P.O. Box 34553
Washington, D.C. 20043

8                    Tel: (202) 448-9090
Fax: (202) 796-4426

9                    egoldstein@democracyforward.org
sperryman@democracyforward.org

10                 thoshijima@democracyforward.org

11

12           By: */s/ Tsuki Hoshijima*

13                    *Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

14

15                    Jules Torti (pro hac vice)

16                 PROTECT DEMOCRACY PROJECT
82 Nassau St., #601

17                 New York, NY 10038

18

19                 Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)

20                 PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163

21                 Washington, D.C. 20006
Tel: 202-579-4582

22                 jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org

23                 jacek.pruski@protectdemocracy.org

24           By: */s/ Jacek Pruski*

25                    *Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

26

27                 Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)

28                 STATE DEMOCRACY DEFENDERS FUND

600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

Attorneys for Plaintiff Service Employees
International Union, AFL-CIO (SEIU)

Simi Bhat (SBN 289143)
Katherine K. Desormeau (SBN 266463)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
sbhat@nrdc.org
kdesormeau@nrdc.org

By: */s/ Simi Bhat*

Attorneys for Plaintiff Natural Resources Defense
Council

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By:  */s/ Alexander Holtzman*

Attorneys for Plaintiff City and County of San
Francisco

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)

Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti* _____

*Attorneys for Plaintiff County of Santa Clara, Calif.*

David J. Hackett (pro hac vice)
General Counsel to King County Executive & Special
Deputy Prosecutor
Alison Holcomb (pro hac vice)
Deputy General Counsel to King County Executive &
Special Deputy Prosecutor
Erin King-Clancy (pro hac vice app. forthcoming)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov
aclancy@kingcounty.gov

By: */s/ David J. Hackett* _____

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (CABN 350675)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: */s/ Sharanya Mohan* _____

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL,*
*Harris County, TX, and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)

1
2
3
4
5
6
7
8
9
10
11
12

Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

13
14

By: */s/ Jonathan G.C. Fombonne*

15

*Attorneys for Plaintiff Harris County, Texas*

16
17
18
19
20
21
22
23
24

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

25

By: */s/ Stephen J. Kane*

26

*Attorneys for Plaintiff City of Chicago*

27
28

Ebony M. Thompson
Baltimore City Solicitor

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sara Gross (pro hac vice app. forthcoming)
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*


CRAIG H. MISSAKIAN
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director

*s/ Andrew M. Bernie*
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-7203
andrew.m.bernie@usdoj.gov

*Counsel for Defendants*