UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 25-cv-03698-SI<br><br>**ORDER DENYING PLAINTIFFS' REQUEST FOR ORDER SHORTENING TIME AND DENYING DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 178, 210 |

Now pending before the Court are plaintiffs' motion for an order shortening time for defendants to respond to plaintiff's Request for Production (RFP) No. 1 and defendants' motion for a protective order and order quashing plaintiffs' first set of RFPs, which includes RFP No. 1. Dkt. Nos. 178, 210. The parties have briefed the matters on a shortened schedule, including opposition briefs and replies. *See* Dkt. Nos. 207, 211, 218, 219, 222. Neither party noticed their motion for a hearing and the Court finds a hearing is not needed. *See* Civ. L.R. 7-1(b).

**BACKGROUND**

The Court does not recite in full the factual and procedural background of this case. Of immediate relevance here, on July 11, 2025, the parties conferred pursuant to Federal Rule of Civil Procedure 26(f). On that date, plaintiffs served discovery requests as follows:

> **REQUEST FOR PRODUCTION NO. 1:**
> All COMMUNICATIONS between any Federal Agency Defendant and OMB, OPM, or DOGE discussing any Agency RIF and Reorganization Plan ("ARRP") (in whole or any part), including but not limited to any approvals or disapprovals of those Plans (in whole or any part, formally or informally) and any discussion of whether the contents of those Plans meets or do not meet expectations,

communicated by OMB, OPM, or DOGE to any Federal Agency Defendant, from February 26, 2025 to the present.

**REQUEST FOR PRODUCTION NO. 2:**
To the extent not previously produced by Defendants in this litigation pursuant to court order, all Federal Agency Defendant applications for waivers of statutorily-mandated RIF notice periods.

**REQUEST FOR PRODUCTION NO. 3:**
To the extent not previously produced by Defendants in this litigation pursuant to court order, all responses by OMB or OPM to any Federal Agency Defendant's request for waivers of statutorily-mandated RIF notice periods.

Dkt. No. 178-1, Chisolm Decl., Ex. A at 8.[1] Plaintiffs now move for an order shortening time for defendants' response to RFP No. 1, asking that defendants have fewer than the usual 30 days and that they be ordered to respond by July 28, 2025. Meanwhile, on July 15, 2025, defendants filed a motion to quash or for a protective order, asking that the Court "reliev[e] Defendants of any obligation to respond to the RFPs" at all. Dkt. No. 210 at 1.

**DISCUSSION**

The Court denies plaintiffs' request for an order shortening time to respond to RFP No. 1. Although plaintiffs urge that the exigent nature of this case warrants an expedited discovery response, the Court questions whether it would be fruitful to order an expedited response in a case of this size and involving so many federal agency defendants. A proper response to the discovery request will undoubtedly take more than a few days. The Court declines to alter the current discovery response deadline of August 11, 2025.

However, the Court agrees with plaintiffs that the information sought in the RFPs is relevant and should be produced. The Court refers to and incorporates its reasoning from its recent Order that defendants shall produce their Agency RIF and Reorganization Plans (ARRPs).[2] *See* Dkt. No. 214.[3] For the same reasons stated in that Order, the Court finds that the information sought by

---

[1] In the absence of page numbers on the document itself, the Court will cite to page numbers according to the ECF-stamped number at the top righthand corner of the page.

[2] A "RIF" is a reduction in force.

[3] Defendants have filed a writ of mandamus seeking Ninth Circuit review of the discovery Order at Dkt. No. 214. *See Trump v. United States Dist. Ct. for the N. Dist. of Cal.*, No. 25-4476

plaintiffs' RFP Nos. 1, 2, and 3 is relevant to claims in this case and, even assuming that the deliberative process privilege applies, that privilege is overridden.

In addition to the reasons given in its prior Order at Dkt. No. 214, the Court emphasizes several new points. First, in response to the prior Order, defendants have now produced the list of the RIFs that they represented to the Supreme Court were in progress and were halted by this Court's preliminary injunction. *See id.* at 9-10 (ordering production); Dkt. No. 224 (RIF list). In defendants' application for a stay from the Supreme Court, the U.S. Solicitor General represented that "about 40 RIFs in 17 agencies were in progress and are currently enjoined." Application for Stay at 32-33, *Trump v. Am. Fed. of Gov't Emps., AFL-CIO*, No. 24A1174 (U.S. June 2, 2025). Now that defendants have filed their RIF list, Dkt. No. 224, it is apparent that the figure presented to the Supreme Court included numerous agencies that are not defendants in this case and therefore were not enjoined by this Court.[4] Specifically, the list of "40 RIFs in 17 agencies" included the following non-defendant agencies:

- Federal Mediation and Conciliation Service (2 RIFs)
- US Agency for Global Media (2 RIFs)
- Institute of Museum and Library Services (1 RIF)
- National Archives and Records Administration (1 RIF)
- National Endowment for Humanities (1 RIF)
- US African Development Foundation (1 RIF)
- Wilson Center (1 RIF)

Dkt. No. 224-1, Attach. to Peters Decl. Based on this list, defendants' application to the Supreme Court should have stated that the injunction paused **31 RIFs in 10 agencies**, not 40 RIFs in 17 agencies. This discrepancy is not insignificant. It further underscores the Court's previous finding that any deliberative process privilege, if it exists at all, is overridden by "the need for accurate fact-

---

(9th Cir. July 21, 2025). That writ is currently pending, though the Ninth Circuit has granted defendants an immediate administrative stay of the production deadline. *See id.*, Dkt No. 5.

[4] Defendants now say that this count was both an underestimate and an overestimate in various ways.

finding in this litigation . . . ." Dkt. No. 214 at 7-8.  Plaintiffs are entitled to discovery relevant to their claims rather than simply taking defendants' word for it.

Second, defendants' papers on the discovery dispute continue to take the position that the Supreme Court's July 8, 2025 order staying the preliminary injunction "effectively ends this case[.]" *See* Dkt. No. 214 at 4 (citing Dkt. No. 208 at 1).  As explained, Dkt. No. 214 at 4, this Court disagrees with defendants' reading.  In addition to the prior explanation, plaintiffs have cogently laid out why their *ultra vires* claims, and not only their Administrative Procedure Act claims, remain live following the Supreme Court's stay order.  *See* Dkt. No. 218 at 7-8 & n.6.  For instance, setting aside any facial challenges to the lawfulness of the Executive Order and OMB/OPM Memorandum themselves, plaintiffs have alleged that OMB, OPM, and DOGE have acted *ultra vires* in "approving or disapproving ARRPs and ordering specific staffing and spending cuts."  *Id.* at 7.  The Court agrees with plaintiffs that the Supreme Court's stay order does not "address the legality or scope of authority for OMB, OPM, and DOGE's decisions and directives with respect to implementing workforce reduction or reorganization at any agency."[5]  *See id.*

Finally, the Court rejects defendants' contention that discovery should be put on hold until after resolution of its recently filed motion to dismiss.  *See* Dkt. No. 216.  The parties held their Rule 26(f) conference on July 11 and discovery is now open.  *See* Fed. R. Civ. P. 26(d)(1).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *In re Nexus 6p Products Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)).  Nor does the Court have before it a formal motion to stay discovery.  In any event, "district courts look unfavorably upon such blanket stays of discovery." *Cain v. JPay, Inc.*, No. 21-cv-7401-FLA (AGRx), 2022 WL 1840342, at *1 (C.D. Cal. Apr. 4, 2022)

---

[5] Some of the parties' discovery dispute centers around the discovery plaintiffs seek with respect to "DOGE," which defendants state is an "umbrella term for a government-wide *initiative* that includes . . . DOGE teams within federal agencies—teams comprised of *agency employees* who report to agency leadership."  *See* Dkt. No. 210 at 1-2.  In response, plaintiffs clarify that their discovery request "does not encompass communications within agencies (i.e., between members of DOGE who are embedded at Federal Agency Defendants and other employees of the same agency)." Dkt. No. 218 at 14.  The Court therefore finds defendants' concerns regarding the definition of "DOGE" in plaintiffs' RFPs does not supply a reason to decline to produce documents.

(citation omitted). Much of what defendants argue puts the cart before the horse. They essentially urge that plaintiffs cannot obtain the discovery they seek because plaintiffs have not yet proven their case. What plaintiffs seek to prove their case is solely within defendants' possession, and yet defendants seek to keep this information secret.

The parties may jointly request from the Court an appropriate protective order regarding the discovery that defendants produce. To the extent defendants' motion seeks a blanket protective order that documents responsive to RFPs Nos. 1, 2, and 3 need not be produced at all, that request is denied.

## CONCLUSION

For the reasons stated above, the Court denies defendants' motion for a protective order or to quash plaintiffs' RFP Nos. 1, 2, and 3. The Court also denies plaintiffs' motion for an order shortening the time for defendants to respond to RFP No. 1. Defendants shall produce the requested discovery on the ordinary timetable, i.e., by August 11, 2025. To the extent defendants withhold relevant documents that they assert are privileged, defendants shall provide plaintiffs with a privilege log for any specific assertions.

**IT IS SO ORDERED**.

Dated: July 25, 2025

SUSAN ILLSTON
United States District Judge

5