Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR AN ORDER REQUIRING PRODUCTION OF ADMINISTRATIVE RECORD(S)** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

1    Under this Court's Civil Local Rule 16-5, the deadline for Defendants to serve and file the

2    administrative record ("AR") with respect to all of Plaintiffs' Administrative Procedure Act

3    ("APA") claims was July 28, 2025.  Defendants did not meet that deadline or move for relief from

4    that deadline.  Instead, Defendants have taken the position (1) that the Local Rule does not require

5    production of an AR where Defendants have moved to dismiss and (2) that Defendants cannot

6    assemble an AR due to purported factual and legal questions regarding the existence of final

7    agency action.  ECF 226 (Joint Case Management Statement) at 7.  As Plaintiffs explain below,

8    these points lack merit, and indeed, reinforce the need for production of the record in this case.

9    Plaintiffs therefore respectfully request an order requiring the swift production and filing of the AR

10   with respect to the actions challenged by Plaintiffs under the APA.").

11   To foreclose any further dispute or debate as to what remains at issue and subject to

12   Plaintiffs' APA claims, Plaintiffs have identified the agency actions, at a minimum, for which an

13   AR must be produced below.  Finally, as Plaintiffs have previously explained, exigent

14   circumstances, including Defendants' ongoing and imminent implementation of unlawful actions,

15   provide good reason to avoid any further delays by Defendants in producing documents pertinent

16   to the agency action challenged here.  Plaintiffs therefore request that Defendants be provided with

17   a short compliance deadline.  Plaintiffs were unable to resolve this dispute (both before and after

18   the deadline) and understand that Defendants oppose this motion.

19                                              **DISCUSSION**

20   Plaintiffs bring claims pursuant to the APA against the Office of Management and Budget

21   ("OMB"), Office of Personnel Management ("OPM"), Department of Government Efficiency

22   ("DOGE"), and Federal Agency Defendants (in addition to claims regarding ultra vires action).

23   ECF 1, 100; *see also* ECF 214, 228.  Plaintiffs do not dispute that these APA claims are typically

24   reviewed on an administrative record, triggering Civil Local Rule 16-5.  Nor do Defendants:  "Any

25   such APA claim would need to be adjudicated based on the administrative record."  ECF 222.

26   Local Rule 16-5 provides Defendants 90 days from the date of service of a complaint to produce

27   such a record.  In this case, that deadline was July 28, 2025.  ECF 25 (April 29, 2025 proof of

28   service of summons and complaint).  Defendants' failure to meet the July 28, 2025 deadline

1    violated the plain language of that rule.

2        1.      This Court should reject Defendants' position that Local Rule 16-5 should be

3    construed to permit a Defendant to avoid production of an AR by filing a motion to dismiss.

4    Nothing in the rule expressly states that cases in which a Defendant moves to dismiss are an

5    exception to production.  Defendants point to the reference to filing and serving the AR along with

6    an "answer" as the basis for their delay (ER 226 at 7), but that argument is inconsistent with both

7    the general practice of this Court not to stay discovery pending motions to dismiss, and this Court's

8    specific orders rejecting a stay of discovery pending resolution of Defendants' motion.  ECF 214,

9    228.  Even if there were any ambiguity in the language of the rule, this Court has the authority to

10    require production of the record.  There is no more valid reason to stay production of an AR

11    pending resolution of Defendants' motion to dismiss than to stay discovery on Plaintiffs' ultra vires

12    claims, and this Court has now already rejected that argument, twice.  As with discovery, there is

13    very good cause in this case, on the established record of Defendants' ongoing and imminent

14    actions to implement the Executive Order and OMB, OPM, and DOGE approvals and directives,

15    and ARRPs at issue, not to delay production of the record with respect to Plaintiffs' APA claims

16    any further.

17        This Court should therefore conclude that Defendants' filing of a motion to dismiss rather

18    than an answer does not relieve them of the obligation to serve and file the administrative record

19    within 90 days of service.

20        2.      Defendants have taken the position that they cannot comply with the AR deadline

21    because Plaintiffs' claims "do[] not identify any distinct agency action and encompass[] many

22    potential actions that have not even taken place (and might not take place)."  ECF 226 at 7-8

23    (claiming impossibility given scope of Plaintiffs' claims).  That there may be multiple actions

24    taken by defendant agencies does not insulate Defendants from judicial review.  *See New York v.*

25    *Trump*, 133 F.4th 51, 68 (1st Cir. 2025) ("[W]e are not aware of any supporting authority for the

26    proposition that the APA bars a plaintiff from challenging a number of discrete final agency

27    actions all at once.").

28        Moreover, there are specific actions challenged by Plaintiffs that this Court and the Ninth

Circuit have already ruled are final agency actions—the OMB/OPM Memorandum, and any OMB/OPM approval of ARRPs—for which Defendants were clearly obligated to produce an AR, and yet did not attempt to comply with the deadline for production. ECF 124 at 42-43; *AFGE v. Trump*, 139 F.4th 1020, 1038-39 (9th Cir. 2025). Any claim of confusion regarding the nature of Plaintiffs' claims challenging these actions by OMB and OPM is disingenuous. Nor is there any mystery as to the nature of Plaintiffs' remaining claims, particularly in light of this Court's recent orders addressing the impact of the Supreme Court stay order on those claims (ECF 214, 228): Plaintiffs challenge the actions that Defendants, including OMB, OPM, DOGE, and the Federal Agency Defendants, have decided to take and have actually taken to implement Executive Order 14210, including approvals of ARRPs, and agency actions implementing those approved ARRPs. Information in possession of Defendants themselves, as to what actions have or have not been approved, decided upon, or implemented with respect to the Executive Order and ARRPs, should dispel any claimed uncertainty about the nature of those actions.[1]

But to speed things along, Plaintiffs identify the following agency actions for which an AR should be produced, *at a minimum*: the OMB/OPM Memorandum;[2] any OMB/OPM approval, whether formal or informal, of a Federal Agency Defendant ARRP (including but not limited to the ARRPs pertaining to the 31 RIFS at 10 *defendant* agencies referenced in Defendants' appellate filings, *see* ECF 228); any OMB, OPM, or DOGE directive to any Federal Agency Defendants regarding the implementation of Executive Order 14210 including: the closure of programs or offices (as the President characterized such orders: "all agency initiatives, components, or

---

[1] Defendants persist in feigning ignorance before this Court regarding what has or has not been approved by submitting declarations from individuals who work for OMB or OPM, rather than the Federal Defendant Agencies, who possess information regarding the actions they have submitted for approval and that have been approved, and have been implemented (ECF 224-1, 208-1, 141-1). When forced, those agency declarants (ECF 165) have revealed facts that support Plaintiffs.

[2] The Supreme Court granted a stay predicated on an initial assessment that the Memorandum is "likely" to be lawful. But that statement did not reflect consideration of Plaintiffs' APA claim that actions by OMB and OPM were arbitrary and capricious, since this Court did not rely on that claim in its preliminary injunction order. ECF 124 at 44. In any case, the Supreme Court's stay decision was not a final merits ruling, and an emergency stay order does not foreclose discovery on a pending claim, or the considered and reasoned assessment on a full and complete record.

1    operations that my Administration suspends or closes", ECF 371-1, Ex. A at 2) or the number,

2    amount or specific positions to eliminate for purposes of "workforce reduction"; or any Federal

3    Agency Defendant action taken to date to implement any ARRP, including but not limited to RIFs,

4    or the closure of offices, programs and functions.

5            The actions known to Plaintiffs to have been approved and taken to date to implement

6    Executive Order 14210 and the ARRPs at Federal Agency Defendants include RIF notices issued

7    prior to the Court's May 9 TRO at the following agencies: HHS, HUD, Labor, State, AmeriCorps,

8    GSA, and SBA.  ECF 85 at 8.  (Plaintiffs therefore understand, on these facts, some version of the

9    ARRPs at these agencies were in fact approved).  And, subsequent to the Supreme Court's stay

10   order:  the implementation of agency reorganization and execution of prior RIF notices separating

11   employees at HHS; the implementation of agency reorganization and RIF of thousands of

12   employees of the State Department; the reorganization and RIF of employees of EPA; the

13   reorganization of USDA; and the RIF of employees at the National Science Foundation.

14           3.      The requirement that the federal government disclose the administrative record to

15   permit proper judicial review is a bedrock principle of administrative law:

16           [I]n order to permit meaningful judicial review, an agency must "disclose the basis"
             of its action. *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 167–169,
17           83 S.Ct. 239, 9 L.Ed.2d 207 (1962) (internal quotation marks omitted); *see also SEC
             v. Chenery Corp.,* 318 U.S. 80, 94, 63 S.Ct. 454, 87 L.Ed. 626 (1943) ("[T]he
18           orderly functioning of the process of review requires that the grounds upon which
             the administrative agency acted be clearly disclosed and adequately sustained.").
19

20   *Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019).  As this Court has previously concluded,

21   Defendants' objections to producing factual information regarding their actions rest on self-serving

22   arguments prematurely construing the facts and law in their favor.  ECF 228 at 5 ("Much of what

23   defendants argue puts the cart before the horse.  They essentially urge that plaintiffs cannot obtain

24   the discovery they seek because plaintiffs have not yet proven their case.  What plaintiffs seek to

25   prove their case is solely within defendants' possession, and yet defendants seek to keep this

26   information secret.").  Defendants' arguments that the Court should simply adopt their version of

27   the facts without allowing plaintiffs to review the factual record is not a persuasive basis to deny

28   the prompt production of a required administrative record, a record that will facilitate the Court's

ability to assess the legality of Defendants' actions.

4.    This Court has already decided that documents such as the ARRPs, and communications between OMB, OPM, DOGE and Federal Agency Defendants will help shed light on the facts and, ultimately, Plaintiffs' claims.  ECF 214, 228.  The Court's conclusions apply equally to an AR that would contain those documents.  *Cf. Swedish Am. Hosp. v. Sebelius*, 691 F.Supp.2d 80, 88 (D.D.C. 2010) (denying motion to dismiss and granting motion to compel production of the administrative record because, "[w]ithout the administrative record, the court is unable" to assess whether agency action is arbitrary and capricious); *Hamal v. U.S. Dep't of Homeland Sec.,* No. CV 19-2534, 2020 WL 2934954, at *4 (D.D.C. June 3, 2020) (denying motion to dismiss because, "without fully reviewing the entire administrative record, it would be premature to declare that the agency acted reasonably").  This is all the more true where, as here, Defendants profess to be eschewing factual representations about their actions (ECF 117), yet persist in making factual representations to the Court regarding OMB/OPM approvals (or lack thereof), and the lack of final agency decisions and actions.

5.    A short deadline for production is appropriate for several reasons.

a. Plaintiffs filed their complaint months ago, on April 28, 2025, and Defendants have been on notice of the deadline set forth in the Local Rules for months.

b. Defendants' non-compliance is part of an established pattern to prevent Plaintiffs and this Court from accessing the facts regarding Defendants' actions implementing Executive Order 14210.  As this Court has now repeatedly recognized, the "the need for accurate fact-finding in this litigation" is significant, and is underscored by Defendants' attempt to shield their actions from judicial review.  ECF 214 at 7; ECF 228 at 3; ECF 232 at 2.  And, that need is only heightened by the recent revelation that Defendants' affirmative factual representations to the Supreme Court and Ninth Circuit were not, in fact, accurate.  ECF 228, 232.

c. As Plaintiffs have previously established, Defendants' implementation of the Executive Order through agency actions challenged as unlawful is ongoing.  ECF 176.  In the context of ongoing and imminent action implementing the Executive Order directing agencies to downsize and dismantle the federal government, the Court should not countenance Defendants' attempts to

1   tie plaintiffs' hands in presenting to the Court the case for any further injunctive relief warranted by

2   law.

3          d.  Finally, it is fair to anticipate, given Defendants' factual denials to date regarding the

4   approval and implementation of actions pursuant to the Executive Order, that there will be disputes

5   with respect to the content of any AR(s) that Defendants produce.  Good cause exists to move

6   matters forward quickly, so as to avoid further delay.

7

8                                    **CONCLUSION**

9          For all the foregoing reasons, Plaintiffs respectfully request that this Court order

10  Defendants to produce the Administrative Record of agency action subject to Plaintiffs' claims in

11  this litigation, including but not limited to: the OMB/OPM Memorandum; any OMB/OPM

12  approval, either formally or informally, of any Federal Agency Defendant ARRP; any OMB, OPM,

13  or DOGE order to any Federal Agency Defendants regarding the implementation of Executive

14  Order 14210 including but not limited to directives with respect to the closure of programs or

15  offices, or elimination of positions, or number or amount of positions to reduce at any Federal

16  Agency Defendants; and Federal Agency Defendants' actions taken to implement any ARRP,

17  including but not limited to RIFs, or the closure of offices, programs and functions.

18

19                                    Respectfully submitted,

20

21  DATED: July 30, 2025              Stacey M. Leyton
                                      Barbara J. Chisholm
22                                    Danielle E. Leonard
                                      Corinne F. Johnson
23                                    Alice X. Wang
                                      Robin S. Tholin
24                                    ALTSHULER BERZON LLP
                                      177 Post St., Suite 300
25                                    San Francisco, CA 94108
                                      Tel: (415) 421-7151
26                                    sleyton@altshulerberzon.com
                                      bchisholm@altshulerberzon.com
27                                    dleonard@altshulerberzon.com
28

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jacek Pruski*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

1  
2  
3  
4  
5

Norman L. Eisen (pro hac vice)  
Spencer W. Klein (pro hac vice)  
STATE DEMOCRACY DEFENDERS FUND  
600 Pennsylvania Avenue SE #15180  
Washington, D.C. 20003  
Tel: (202) 594-9958  
Norman@statedemocracydefenders.org  
Spencer@statedemocracydefenders.org

6  

By: */s/ Norman L. Eisen*

7  
8

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

9  
10  
11  
12  
13

Rushab Sanghvi (SBN 302809)  
AMERICAN FEDERATION OF GOVERNMENT  
EMPLOYEES, AFL-CIO  
80 F Street, NW  
Washington, D.C. 20001  
Tel: (202) 639-6426  
Sanghr@afge.org

14  

By: */s/ Rushab Sanghvi*

15  
16  
17

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

18  
19  
20  
21  
22  
23

Teague Paterson (SBN 226659)  
Matthew Blumin  (pro hac vice)  
AMERICAN FEDERATION OF STATE, COUNTY,  
AND MUNICIPAL EMPLOYEES, AFL-CIO  
1625 L Street, N.W.  
Washington, D.C.  20036  
Tel: (202) 775-5900  
TPaterson@afscme.org  
MBlumin@afscme.org

24  

By: */s/ Teague Paterson*

25  
26  
27

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

28  

Steven K. Ury (SBN 199499)

1
2
3
4

SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

5

By: */s/ Steven K. Ury*

6
7

*Attorneys for Plaintiff Service Employees
International Union, AFL-CIO (SEIU)*

8
9
10
11
12
13

Simi Bhat (SBN 289143)
Katherine K. Desormeau (SBN 266463)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
sbhat@nrdc.org
kdesormeau@nrdc.org

14

By: */s/ Simi Bhat*

15
16

*Attorneys for Plaintiff Natural Resources Defense
Council*

17
18
19
20
21
22
23
24
25
26

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

27

By:  */s/ Alexander Holtzman*

28

1

*Attorneys for Plaintiff City and County of San Francisco*

2

3

Tony LoPresti (SBN 289269)

4

COUNTY COUNSEL
Kavita Narayan (SBN 264191)

5

Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)

6

Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL

7

COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor

8

San José, CA 95110

9

Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org

10

Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org

11

Hannah.Godbey@cco.sccgov.org

12

By: */s/ Tony LoPresti*

13

14

*Attorneys for Plaintiff County of Santa Clara, Calif.*

15

16

David J. Hackett (pro hac vice)
General Counsel to King County Executive & Special
Deputy Prosecutor

17

Alison Holcomb (pro hac vice)
Deputy General Counsel to King County Executive &

18

Special Deputy Prosecutor
Erin King-Clancy (pro hac vice app. forthcoming)

19

Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING

20

ATTORNEY LEESA MANION
401 5th Avenue, Suite 800

21

Seattle, WA 98104
(206) 477-9483

22

David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov

23

aclancy@kingcounty.gov

24

By: */s/ David J. Hackett*

25

*Attorneys for Plaintiff Martin Luther King, Jr. County*

26

27

Sharanya Mohan (CABN 350675)

28

PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: */s/ Sharanya Mohan*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)
Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Stephen J. Kane*

*Attorneys for Plaintiff City of Chicago*


Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*