Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR AN ORDER REQUIRING PRODUCTION OF ADMINISTRATIVE RECORD(S)** |

1	Instead of asking this Court for an extension of the July 28, 2025 deadline to produce an
2	Administrative Record ("AR"), or for this Court to stay their obligation to produce that AR until
3	after resolution of the motion to dismiss, Defendants allowed that deadline to pass without seeking
4	relief from this Court.  Now, they ask to be excused from the obligation to produce the AR, without
5	citing any authority at all supporting such a request.  Instead, the justification they now assert for
6	failing to comply with that deadline rests largely on their attempt to revisit numerous arguments
7	that have already been rejected by this Court and/or the Ninth Circuit.

8	First, this Court has determined that the Supreme Court's stay order did not address all of
9	Plaintiffs' claims, including Plaintiffs' arbitrary and capricious Administrative Procedure Act
10	claims against OMB, OPM, and DOGE and any of Plaintiffs' APA claims against the Federal
11	Agency Defendants.  ECF 214 at 5; *see* ECF 100 (Claims IV, VI, and VII).

12	Second, this Court has recognized that even those claims that were before the Supreme
13	Court are not foreclosed by the stay order, because that stay order was a preliminary determination.
14	ECF 214 at 4 & n.3.

15	And third, this Court and the Ninth Circuit have both held that OMB and OPM approvals of
16	Agency RIF and Reorganization Plans ("ARRPs")—which Plaintiffs challenge as arbitrary and
17	capricious (among other grounds)—are final agency action subject to APA review.  ECF 124 at 42-
18	43; *AFGE v. Trump*, 139 F.4th 1020, 1038-39 (9th Cir. 2025).  Defendants' primary argument that
19	"[b]y definition, a 'plan' is not a final agency action," fails to address these rulings, and ignores
20	that this issue has already been resolved against them.  Opp. at 3.

21	Defendants' attempt to continue to avoid shedding public light on their actions to dismantle
22	the federal government must be rejected, and the AR relating to Plaintiffs' pending APA claims
23	must be produced.  Plaintiffs briefly respond to the points made by Defendants not already
24	addressed by Plaintiffs' opening motion:

25	1.	*Civil Local Rule 16-5*.  Although the Rule sets the deadline for filing both the
26	answer and AR within 90 days of service of the summons and complaint, it nowhere states that the
27	deadline for producing the AR is automatically stayed should Defendants choose to file a motion to
28

dismiss rather than an answer.[1]

2. *Memorandum*. Defendants protest that, under Plaintiffs' view of the Rule, even a frivolous APA challenge would require production of an AR. Opp. at 4. But no one disputes that Defendants could move for, and this Court could issue, an order staying or postponing the obligation in a truly meritless case. This is not such a case. And even under Defendants' interpretation, nothing in the Rule bars this Court from ordering production of the AR on an expedited basis when warranted. *See, e.g.*, *National Urban League v. Ross*, No. 20-CV-05799-LHK, 2020 WL 5441356, at *13 (N.D. Cal. Sept. 10, 2020) (ordering partial production of an administrative record eight days after TRO issued, in advance of PI hearing). The circumstances here justify ordering production of the AR for all of Plaintiffs' APA claims under any interpretation of the local rule.

2. *Memorandum*. The Supreme Court did not reach the question whether the OMB or OPM Memorandum was arbitrary and capricious under the APA, because neither this Court nor the Ninth Circuit reached that claim. ECF 124 at 44; *see AFGE*, 139 F.4th at 1039. Nor did the Supreme Court disturb the conclusions of this Court and the Ninth Circuit that the Memorandum is final agency action. ECF 124 at 42-43; *AFGE*, 139 F.4th at 1038-39. Defendants therefore are obligated to produce an administrative record with respect to this Memorandum.

3. *ARRP Approvals*. This Court and the Ninth Circuit have also held that the record evidence demonstrated that OMB and OPM were, in fact, approving ARRPs (as required by the Memorandum) and that these approvals are final agency action, and therefore subject to Plaintiffs' APA claims. ECF 124 at 42-43; *AFGE*, 139 F.4th at 1038-39. Defendants cannot continue to argue both fact and law as if this Court and the Ninth Circuit had not addressed and resolved these issues against them. Opp. at 3, 6-7. Accordingly, they also must produce an AR as to these actions by OMB and OPM.

Defendants also argue that "Plaintiffs do not explain why they also urgently require the 'record' of these purported approvals." Opp. at 7. At this stage of the litigation, Plaintiffs have

---

[1] To be clear, Plaintiffs raised this issue at the Rule 26 conference held on July 11, more than two weeks in advance of that deadline; Defendants were on notice of Plaintiffs' position with respect to the application of the Local Rule, and still took no steps to move the Court for relief.

Plaintiffs' Reply ISO Mot. for Production of Administrative Record, No. 3:25-cv-03698-SI      2

1   amassed a substantial record reflecting the manner in which Defendants were implementing the
2   Executive Order and the required ARRPs prior to the May 9 TRO by issuing RIF notices, placing
3   employees on administrative leave, and closing offices and programs. ECF 101-1 at 4-7.
4   Following the Supreme Court's stay order, Defendants resumed taking their reorganization actions,
5   as this Court has already recognized. ECF 214 at 8. The very first implementation (by the State
6   Department), tracked what had previously been announced and was subject to OMB/OPM
7   approval, as did the next, at EPA. *See* ECF 213 n.1, 13-14; ECF 218 at 10 nn.7-9; ECF 162.
8   Plaintiffs have established the urgency of the need for the AR, and supported their arguments with
9   facts and evidence, unlike Defendants.

10              3.      *OMB, OPM, and DOGE Directives to Reduce the Federal Workforce and Close*
11  *Offices and Programs*. Plaintiffs have pleaded, and provided credible (and unrebutted) evidence at
12  the preliminary injunction stage, that OMB, OPM, and DOGE have made and enforced final
13  decisions directing agencies to cut the federal workforce. *E.g.*, ECF 96-1 ¶15 (reporting that NSF
14  management informed employees that RIF of Division of Equity for Excellence in STEM resulted
15  from "following orders from OPM, OMB, and DOGE"); ECF 37-1 at 4–5 (HHS Secretary
16  Kennedy statements re: DOGE-ordered cuts). These are not mere inter-agency "communications."
17  Opp. at 7-8. Rather, they apparently were orders, which makes them the consummation of the
18  decision-making process, from which actual consequences will flow, and therefore action subject
19  to APA review. 5 U.S.C. §704; *Bennett v. Spear*, 520 U.S. 154, 175, 178 (1997); *AFGE*, 139 F.4th
20  at 1038. The Court will decide whether OMB and/or OPM have violated the law by ordering
21  agencies to implement the Executive Order in a manner that is arbitrary and capricious or violates
22  or exceeds statutory authority, but it cannot do so until Defendants produce the AR showing what
23  exactly OMB and OPM ordered agencies to do.
24          Moreover, any dispute over whether Defendants have taken final action supports production
25  of the AR. Courts have ordered production in cases where the government contends that it "has not
26  engaged in any final agency action," but "[w]ithout production of the administrative record, it will
27  be difficult conclusively to determine whether the agency action was final." *Doe #1 v. Trump*, 423
28  F. Supp. 3d 1040, 1046 (D. Or. 2019) (explaining that the Court could not determine whether State

1  Department "amendments to the Foreign Affairs Manual were fully drafted or only partially
2  drafted"); *see also, e.g.*, *Friends of the River v. U.S. Army Corps of Eng'rs*, 870 F. Supp. 2d 966,
3  976–77 (E.D. Cal. 2012) ("Determining whether the ETL, PGL, and White Paper are final agency
4  actions in the instant case requires a review of the full administrative record….").

5        As for Defendants' objection to inclusion of directives from DOGE to Federal Agency
6  Defendants, Opp. at 7-8, the APA applies to the component parts that Defendants argue make up
7  DOGE, and these actions are equally final. The APA applies broadly to any "authority of the
8  Government of the United States." 5 U.S.C. §701(b)(1). The component parts of DOGE,
9  including the USDS and related Temporary Service, qualify under this broad definition. ECF 218
10 at 15 (citing *AFL-CIO v. Dep't of Lab.*, No. CV 25-339 (JDB), 2025 WL 1129227, at *22 n.19
11 (D.D.C. Apr. 16, 2025); *AFL-CIO v. Dep't of Lab.*, 766 F. Supp. 3d 105, 111 (D.D.C. 2025)).
12 Plaintiffs have already responded to Defendants' points regarding DOGE teams within agencies
13 (*see* ECF 218 at 13-15): their decisions should be part of agency records, discussed in the next
14 section. But to the extent the USDS or the Temporary Service were providing orders to DOGE
15 teams or to others at agencies requiring how much, who, and when to cut (which the record
16 evidence supports), those are final decisions subject to the APA.

17     4. *Agency Implementation of Executive Order and ARRPs Pre-May 9 and Post-July 8*.
18 Defendants' representations that the ARRPs are merely perpetual planning documents has, as
19 discussed *supra*, been resolved against them. Moreover, Defendants' representations to this Court
20 that actions taken *pursuant to* the ARRPs are "arguably a null set" (Opp. at 9), is inconsistent with
21 the Federal Defendant Agency's knowledge (and admissions) of the actions they have taken to
22 implement ARRPs since those documents were created and approved. ECF 214, 228, 232
23 (discussing Defendants' representations to appellate courts).

24     Plaintiffs have identified numerous specific and concrete actions that Federal Agency
25 Defendants have taken (often expressly and admittedly) to implement the Executive Order, and
26 each of these qualifies as final agency action that determines the "rights and obligations" of, and
27 has "legal consequences" for, thousands of federal employees. *Bennett*, 520 U.S. at 177-78;
28 *Prutehi Litekyan: Save Ritidian v. United States Dep't of Airforce*, 128 F.4th 1089, 1108 (9th Cir.

2025) (the finality requirement is "interpreted in a pragmatic and flexible manner" that "focus[es] on the practical … effects of the agency action"). An administrative record should be produced for each:

Prior to May 9, RIFs were announced and/or notices were sent with the purpose of reducing the federal workforce at the following agencies: AmeriCorps, EPA, GSA, HHS, HUD, DOI, Labor, NSF, SBA, State, DOT, and OPM. ECF 101-1 at 7.

Prior to May 9, the following agencies publicly announced substantial reorganizations including office and program closures and transfer of functions between agencies, pursuant to the EO: HHS, DOL, AmeriCorps, EPA, USDA, and State. ECF 101-1 at 6-7.

Defendants have now confirmed to this Court that 31 RIFs pursuant to the ARRPs were enjoined by this Court's injunction at ten agencies. ECF 228 at 3.

After the July 8 Supreme Court stay, the following agencies have announced the re-implementation of reorganization efforts: State (reorganization and RIF); EPA (reorganization and RIF); HHS (execution of previous RIF notices to separate employees); USDA (reorganization); and National Science Foundation (RIF). ECF 218 at 10; ECF 234 at 4.

Plaintiffs' claims challenge these reorganization actions, and Defendants must produce the AR for at least these identified actions (as well as any other that they have taken to implement the Executive Order). The scope of this case reflects the unprecedented action to dismantle, reduce, and reorganize the federal government that, at a very minimum, violates the APA's prohibition on arbitrary and capricious agency action from OMB, OPM, and DOGE directive and approval through agency implementation.

Defendants argue that "Plaintiffs' complaint cannot properly be construed as raising claims to challenge specific RIFs or other agency actions on arbitrary and capricious grounds." Opp. at 9. As previously explained, this assertion misreads Plaintiffs' complaint. *See* ECF 234 at 3; ECF 218 at 7. And Defendants are also incorrect in contending that Plaintiffs cannot assert an APA claim without alleging that specific agency actions were "were contrary to agency governing statutes." Opp. at 9. The APA is not limited to a claim that an agency exceeds or acts contrary to authority. Rather, the APA also makes arbitrary and capricious action unlawful, and "requires agencies to

engage in reasoned decisionmaking," *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020) (cleaned up), which means that agency action must be both "reasonable and reasonably explained," *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021); *see* ECF 37-1 at 38-40, 42-44.  To avoid arbitrary and capricious action in violation of the APA, an agency must both "consider[] … the relevant factors," *Michigan v. EPA*, 576 U.S. 743, 750 (2015), and "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made," *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quotation omitted).  Moreover (as Plaintiffs argued with respect to agency implementation at the TRO stage, ECF 37-1 at 43), agencies that reverse established policies are required to "take[] into account" the "serious reliance interests" in such policies and "weigh any such interests against competing policy concerns" before acting. *Regents of the Univ. of Cal.*, 591 U.S. at 30, 33 (quoting *Encino Motorcars, LLC v. Navarro,* 579 U.S. 211, 221-22 (2016)).  "It would be arbitrary and capricious to ignore such matters."  *Id.* at 30 (quotation omitted).

Plaintiffs have alleged in their complaint and throughout this litigation that agencies have implemented the President's Executive Order in an arbitrary and capricious manner, in particular by disregarding authorized and required agency functions and public impacts, altering established programs without explanation; adhering to timeframes unsupported by rational reasoning or agencies' considered judgment, and for all these reasons and more agencies necessarily "entirely fail[] to consider … important aspect[s] of the problem." *Id.*  (citation omitted); ECF 100 at 111 (stating at least eight reasons agency implementation is arbitrary and capricious).

The evidence before the Court thus far, established without the benefit of the AR, already reveals that OMB, OPM, and DOGE have approved and ordered actions to take place to cut the federal workforce, to close offices and even entire agencies like AmeriCorps, and to take other reorganization actions.  It is past time for Defendants to reveal the AR for these decisions, so that the Court can assess whether their actions were, as Plaintiffs contend, unlawful.

Respectfully submitted,

DATED: August 5, 2025

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Alice X. Wang
Robin S. Tholin
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jacek Pruski*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin (pro hac vice)

AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*


Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*


Simi Bhat (SBN 289143)
Katherine K. Desormeau (SBN 266463)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
sbhat@nrdc.org
kdesormeau@nrdc.org

By: */s/ Simi Bhat*

*Attorneys for Plaintiff Natural Resources Defense Council*


David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney

Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ Alexander Holtzman*

*Attorneys for Plaintiff City and County of San Francisco*


Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*


David J. Hackett (pro hac vice)
General Counsel to King County Executive & Special Deputy Prosecutor
Alison Holcomb (pro hac vice)
Deputy General Counsel to King County Executive & Special Deputy Prosecutor
Erin King-Clancy (pro hac vice app. forthcoming)
Senior Deputy Prosecuting Attorney

Plaintiffs' Reply ISO Mot. for Production of Administrative Record, No. 3:25-cv-03698-SI     10

OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov
aclancy@kingcounty.gov

By: */s/ David J. Hackett*

*Attorneys for Plaintiff Martin Luther King, Jr. County*


Sharanya Mohan (CABN 350675)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: */s/ Sharanya Mohan*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and King County, WA*


Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)
Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov

Plaintiffs' Reply ISO Mot. for Production of Administrative Record, No. 3:25-cv-03698-SI            11

|   |   |
|---|---|
| 1 | alex.keiser@harriscountytx.gov |
| 2 | By: */s/ Jonathan G.C. Fombonne* |
| 3 | *Attorneys for Plaintiff Harris County, Texas* |

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Stephen J. Kane*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*