UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 25-cv-03698-SI |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ORDER REQUIRING PRODUCTION OF ADMINISTRATIVE RECORD** |
| v. | |
| DONALD J. TRUMP, et al., | Re: Dkt. No. 234 |
| Defendants. | |

On July 30, 2025, plaintiffs filed a motion for an order requiring production of the administrative record. Dkt. No. 234. The parties agreed to a shortened briefing schedule, which the Court approved. Dkt. Nos. 235, 236. Defendants have now filed an opposition brief and plaintiffs have filed a reply. Dkt. Nos. 240, 241. Plaintiffs did not set the motion for a hearing, and the Court finds that a hearing is not needed. *See* Civ. L.R. 7-1(b).

Plaintiffs argue that, under this district's Civil Local Rule 16-5, the administrative record was due July 28, 2025, which is 90 days after defendants were served with the summons and complaint.[1] Defendants counter that Civil Local Rule 16-5 refers to when the defendant "must serve

---

[1] Civil Local Rule 16-5 governs "Procedure in Actions for Review on an Administrative Record." It states, in relevant part,

> In actions for District Court review on an administrative record (except cases governed by the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g)), the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint. . . .

Civ. L.R. 16-5.

1    and file an answer, together with a certified copy of the transcript of the administrative record," and

2    that the Rule is suspended while a motion to dismiss is pending.  *See* Civ. L.R. 16-5; Dkt. No. 240

3    at 3-4.  Defendants filed a motion to dismiss on July 21, 2025, and that motion is set for a hearing

4    on August 29, 2025.  *See* Dkt. No. 216.  Defendants offer additional arguments in their opposition,

5    including that some of the challenged final agency actions "are not sufficiently described."  Dkt.

6    No. 240 at 3.

7         Having reviewed the papers submitted, the Court denies without prejudice plaintiffs' request

8    for an order requiring production of the administrative record.  From what the Court can discern,

9    much of the information plaintiffs seek from an administrative record overlaps with other discovery

10   requests that plaintiffs have issued and on which the Court has already ruled.  In particular, the Court

11   has ordered production of the federal agency defendants' Agency RIF and Reorganization Plans

12   (ARRPs), Dkt. No. 214, and has also denied defendants' motion to quash plaintiffs' requests for

13   production of communications regarding the ARRPs and waivers of statutorily-mandated RIF notice

14   periods, Dkt. No. 228.[2]  Defendants' discovery responses on the requests for production of

15   documents are due August 11, 2025.  *See* Dkt. No. 228 at 2, 5.  The Court expects defendants to

16   comply with that discovery production date, and the discovery plaintiffs seek is likely to shed more

17   light on the "contours of the precise policy at issue."  *See Hisp. Affs. Project v. Acosta*, 901 F.3d

18   378, 388 (D.C. Cir. 2018) (quoting *Venetian Casino Resort, LLC v. Equal Emp. Opportunity*

19   *Comm'n*, 530 F.3d 925, 928 (D.C. Cir. 2008)); *see also Doe 1 v. Nielsen*, No. 18-CV-02349-

20   BLF(VKD), 2018 WL 4266870, at *2 (N.D. Cal. Sept. 7, 2018) (allowing discovery "to determine

21   the scope of the administrative record to be produced").

22        Currently, the Court agrees with defendants that some—although certainly not all—of the

23   agency actions challenged by plaintiffs in their Administrative Procedure Act claims should be

24   identified with greater precision.  Without a more specific understanding of the challenged final

25

26        [2] Defendants have sought mandamus review of this Court's Order that defendants shall
27   produce the ARRPs, and the Ninth Circuit has granted an administrative stay of production of the
     ARRPs pending further order from the appellate court.  *See Trump v. United States District Court*
28   *for the Northern District of California*, No. 25-4476, Dkt. No. 5 (9th Cir. July 22, 2025).

United States District Court
Northern District of California

agency actions, defendants cannot be expected to produce an administrative record for those actions. After plaintiffs receive the discovery materials to which they are entitled, plaintiffs may be able to present a more precise request for an administrative record to defendants and the Court.

In their reply brief, plaintiffs note how the Court previously determined, based on the record before it at the preliminary injunction stage, that the memorandum issued on February 26, 2025 by the Office of Management and Budget (OMB) and the Office of Personnel Management (OPM) and approvals of ARRPs by OMB and/or OPM were final agency actions. Dkt. No. 241 at 1 (citing Dkt. No. 124 at 42-43). The Court also recognizes that plaintiffs have specifically identified specific actions taken by some agencies to implement reductions in force or reorganizations. *See id.* at 5. However, defendants have not yet produced discovery material to illuminate the full scope of OMB/OPM direction over agency reorganizations. And without full disclosure of the ARRPs themselves, it is difficult to understand exactly how agency reorganizations are connected to the ARRPs and the central executive actions challenged in this case. The production of administrative records for these actions may be necessary for the Court's review in the future, but the discovery presently due August 11 is sufficient to advance this litigation in the meantime.

At this stage of the proceedings and considering the pending resolution of defendants' motion to dismiss, the Court denies plaintiff's motion without prejudice.

**IT IS SO ORDERED**.

Dated: August 6, 2025

_____
SUSAN ILLSTON
United States District Judge