Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFICATION OF ORDERS RE: DISCOVERY** |

Plaintiffs submit this request for a status conference, or in the alternative, for clarification from this Court regarding the production deadline for Defendants' documents responsive to Plaintiffs' Requests for Production of Documents. Plaintiffs sought Defendants' position with respect to this request for a status conference and/or clarification and have not yet received a response.

Plaintiffs understood this Court's prior orders (ECF 228, 242) to require Defendants to produce responsive documents and a privilege log by yesterday, August 11, 2025. As set forth in the "Notice" filed by Defendants with the Court yesterday (ECF 244), Defendants have chosen to interpret this Court's orders differently, requiring only written responses and objections, and have commenced, by their own election, a "rolling" production with no firm deadline for production, and to produce a privilege log in 30 days from yesterday.

On July 25, 2025, this Court resolved the parties' competing motions with respect to Plaintiffs' first set of document requests: denying Plaintiffs' request to expedite the response, and denying Defendants' request to quash and/or for a protective order relieving them of the obligation to respond and produce documents. ECF 228. That order stated:

> Defendants **shall produce** the requested discovery on the ordinary timetable, i.e., by August 11, 2025. To the extent defendants withhold relevant documents that they assert are privileged, defendants shall provide plaintiffs with a privilege log for any specific assertions.

ECF 228 at 5 (emphasis added). Subsequently, Defendants failed to comply with the deadline for producing and filing the certified Administrative Record, without seeking leave from this Court. Accordingly, Plaintiffs moved for an order requiring the production. ECF 234. On August 6, 2025, this Court denied Plaintiffs' motion without prejudice. ECF 242. This Court explained that "much of the information" sought is covered by the pending document requests, and:

> Defendants' discovery responses on the requests for production of documents are due August 11, 2025. *See* Dkt. No. 228 at 2, 5. **The Court expects defendants to comply with that discovery production date**, and the discovery plaintiffs seek is likely to shed more light on the "contours of the precise policy at issue" …
> The production of administrative records for these actions may be necessary for the Court's review in the future, but **the discovery presently due August 11** is sufficient to advance this litigation in the meantime.

ECF 242 at 2-3 (emphasis added).

Plaintiffs recognize that in the normal course of discovery, where the parties have not previously sought and obtain orders pertaining to a particular production, Rule 34 permits a party

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

1

to respond by the 30-day deadline and to "complete[]" their production of responsive documents by that response date, or "another reasonable time specified in the response." Fed. R. Civ. Pro. 34(b)(2)(B). However, having resolved the parties' competing positions on the urgency of this request and production, Plaintiffs understood this Court's prior orders to require production by August 11, 2025. Defendants' Notice takes a different position:

> Defendants will produce those portions of any responsive documents located after a reasonable search…
>
> Defendants anticipate making an **initial production** of such records today. Defendants have not yet completed processing of all responsive and non-privileged records but are working diligently to do so as expeditiously as possible, and will make **rolling productions** of responsive records beginning August 11, 2025 (i.e., today). In addition, Defendants intend to produce a privilege log in a format consistent with the Federal Rules of Civil Procedure **within 30 days of today**.

ECF 244 (emphasis added). Defendants do **not** provide an alternative date by which the production will be completed. Defendants argue that this position is consistent with Rule 34 and this Court's July 25 Order, taking the position that Order did not require production by August 11, 2025:

> Defendants would disagree with any such reading of the Court's July 25 order, since it denied a motion to quash, and **did not compel production or grant other relief**. Defendants could not have sought a stay or appellate relief of the Court's July 25 Order, since a denial of a motion to quash does not do anything other than decline to relieve Defendants of their obligations to respond to Plaintiffs' RFPs—an obligation imposed by the Federal Rules of Civil Procedure, not any prior order from this Court.

ECF 244 (emphasis added).

Defendants' position, in Plaintiffs' view, is inconsistent with the language of this Court's prior orders. ECF 228, 242.

Plaintiffs also note that despite the representation to *this Court* that "Defendants could not have sought a stay or appellate relief of the Court's July 25 Order," just one business day prior, On Friday, August 8, 2025, they did exactly that, asking the Ninth Circuit:

> If necessary, this Court may construe this reply as a petition for writ of mandamus or prohibition to establish jurisdiction over the district court's denial of the government's motion to quash. *See, e.g.*, *Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc); *In re: GTE Service Corp.,* 762 F.2d 1024, 1026 (D.C. Cir. 1985). Alternatively, if the Court so directs, the government is prepared to file a *pro forma* supplemental petition to avoid any doubt that this court may properly exercise All Writs Act jurisdiction over the denial of the motion to quash.

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

2

Case No. 25-3293, Dkt. 12-1 at 15-16.[1]

Plaintiffs further note that Defendants have been aware of Plaintiffs' request for production since July 10, 2025, and of this Court's order regarding production since July 25, 2025.  At no time did Defendants raise, prior to the August 11, 2025 production date, their interpretation of the Court's prior orders or seek to resolve any disputes with Plaintiffs, but rather waited until August 11, 2025 to inform Plaintiffs and the Court they intended only to commence a rolling, open-ended production.  Plaintiffs also note that even if Defendants' response were governed *only* by Rule 34 and not also by pre-existing court orders, announcing an intention to provide a "rolling" open-ended production does not comply with Rule 34's requirement of providing a reasonable production date.

This Court has previously addressed the circumstances surrounding this discovery (ECF 242) so Plaintiffs will not repeat that background here.  For the reasons explained by the Court, swift production will allow the parties and the Court to move forward expeditiously, in light of Defendants' ongoing efforts to implement the EO and ARRPs at issue in this case.  Defendants' position here also potentially resurrects the issues with respect to the production of the Administrative Record, which this Court resolved in Defendants' favor based in part on the expected swift production ( ECF 242).

Plaintiffs therefore request the Court either schedule a status conference to discuss and resolve the parties' respective positions regarding the meaning of this Court's prior orders with respect to Defendants' production, or provide clarification as to meaning of those orders.

Respectfully submitted,

---

[1] Upon review of Defendants Notice to this Court (ECF 244), Plaintiffs met and conferred by email with Defendants about these conflicting statements, and requested Defendants withdraw their request to the Ninth Circuit in light of the representation to this Court.  Defendants declined, and have taken the position there is no inconsistency.

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

3

| | | |
|---|---|---|
| 1 | DATED: August 12, 2025 | Stacey M. Leyton |
| 2 | | Barbara J. Chisholm |
| | | Danielle E. Leonard |
| 3 | | Corinne F. Johnson |
| | | Alice X. Wang |
| 4 | | Robin S. Tholin |
| | | ALTSHULER BERZON LLP |
| 5 | | 177 Post St., Suite 300 |
| | | San Francisco, CA 94108 |
| 6 | | Tel: (415) 421-7151 |
| 7 | | sleyton@altshulerberzon.com |
| | | bchisholm@altshulerberzon.com |
| 8 | | dleonard@altshulerberzon.com |

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

4

2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jacek Pruski*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

5

        Washington, D.C.  20036
        Tel: (202) 775-5900
        TPaterson@afscme.org
        MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*


Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*


Simi Bhat (SBN 289143)
Katherine K. Desormeau (SBN 266463)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
sbhat@nrdc.org
kdesormeau@nrdc.org

By: */s/ Simi Bhat*


David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

6

Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ Alexander Holtzman*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

David J. Hackett (pro hac vice)
General Counsel to King County Executive & Special Deputy Prosecutor
Alison Holcomb (pro hac vice)
Deputy General Counsel to King County Executive & Special Deputy Prosecutor
Erin King-Clancy (pro hac vice app. forthcoming)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

7

aholcomb@kingcounty.gov
aclancy@kingcounty.gov

By: */s/ David J. Hackett*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (CABN 350675)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: */s/ Sharanva Mohan*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)
Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

8

|   |   |
|---|---|
| | Mary B. Richardson-Lowry, |
| | Corporation Counsel of the City of Chicago |
| | Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming) |
| | Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice) |
| | Lucy Prather (IL ARDC 6337780) (pro hac vice) |
| | City of Chicago Department of Law, |
| | Affirmative Litigation Division |
| | 121 N LaSalle Street, Suite 600 |
| | Chicago, Illinois 60602 |
| | Tel: (312) 744-6934 |
| | Stephen.kane@cityofchicago.org |
| | Rebecca.Hirsch2@cityofchicago.org |
| | Lucy.Prather@cityofchicago.org |

By: */s/ Stephen J. Kane*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*

PLAINTIFFS' REQUEST FOR STATUS CONFERENCE AND/OR CLARIFCATION, No. 3:25-cv-03698-SI

9