CRAIG H. MISSAKIAN
United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
ANDREW M. BERNIE
CESAR E. AZRAK
Trial Attorneys
Civil Division, Federal Programs Branch

    1100 L Street, NW
    Washington, DC 20005
    Telephone: (202) 353-7203
    andrew.m.bernie@usdoj.gov

Counsel for Defendants

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.* | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **REVISED NOTICE** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| Defendants. | |

Notice
3:25-cv-3698-SI

Defendants respectfully provide this Revised Notice to inform the Court about both Defendants' discovery responses and Defendants' position regarding the current status of discovery. After the filing of the original Notice on August 11, 2025 (ECF 244), Plaintiffs asked a question about the relationship between the Notice and the pending mandamus petition in the Ninth Circuit. Defendants file this Revised Notice to be sure that Plaintiffs' question is resolved via a public filing.

On August 11, 2025, Defendants served responses and objections to Plaintiffs' Request for Production of Documents, ECF NO. 178-1 Ex. A (RFPs). As to RFPs 2 and 3, subject to and without waiving their stated objections, Defendants produced all documents located after a reasonable search that are responsive to those RFPs (all responsive documents are maintained by the Office of Personnel Management); Defendants did not withhold any documents responsive to these two RFPs, either on the basis of privilege or on any other ground.

As to RFP 1, subject to and without waiving their stated objections, Defendants are in the process of producing those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege. Defendants have made an initial production of such records. Defendants have not yet completed the processing of all responsive and non-privileged records but are working diligently to do so as expeditiously as possible, and will make rolling productions of responsive records beginning August 11, 2025 (i.e., yesterday). In addition, Defendants intend to produce a privilege log in a format consistent with the Federal Rules of Civil Procedure within 30 days of the start of production (i.e., 30 days from yesterday).

Although Plaintiffs' RFPs purported to direct Defendants to provide all responsive documents by August 11, Defendants are permitted to object to this instruction and they have done so. *See* Fed. R. Civ. P 34(2)(B). Likewise, Defendants are permitted to object to Plaintiffs' purported directive that a privilege log be supplied by yesterday, and they have also done so, while providing a reasonable later date by which they will in fact provide a privilege log. All of this is consistent with both the Federal Rules of Civil Procedure and ordinary discovery practice.

Defendants nonetheless file this Revised Notice now because they anticipate that Plaintiffs will in fact object to these responses and seek relief from the Court. Defendants will file an

appropriate response to any such motion if and when it is filed but, to be clear, Defendants' position does not reflect noncompliance with any order of this Court. On July 25, 2025, the Court denied Defendants' motion to quash, *see* ECF No. 228—i.e., it denied Defendants' July 15, 2025 motion which requested that the Court "reliev[e] Defendants of any obligation to respond to the RFPs" at all. ECF No. 210 at 1. Since the Court denied Defendants' motion to quash, Defendants are not relieved of their obligation under the Federal Rules of Civil Procedure *to respond* to the RFPs. *See* ECF No. 228 at 2 ("The Court declines to alter the current discovery response deadline of August 11, 2025."). And although the Court repeated its prior conclusion, with which Defendants' disagree, that any privilege, "if it exists at all," is overcome by Plaintiffs' need for the requested materials, *id.* at 2-3, the Court's denial of the motion also anticipated that Defendants would withhold responsive documents that they believe are privileged, and did not prohibit them from doing so. *See id.* at 5 ("To the extent defendants withhold relevant documents that they assert are privileged, defendants shall provide plaintiffs with a privilege log for any specific assertions.").

Plaintiffs may argue that Defendants have misunderstood the Court's intentions as reflected in that order; for example, Plaintiffs may argue that in its July 25 denial of Defendants' motion to quash, the Court *did intend* (i) to preclude Defendants' ability to withhold records they deem privileged, (ii) to prevent Defendants from objecting to Plaintiffs' purported directive to *produce* all responsive non-privileged documents by yesterday, (iii) to object to the purported directive to produce a completed privilege log by yesterday, or (iv) to otherwise cut off Defendants' ability to advance reasonable objections permitted by the Federal Rules of Civil Procedure. Defendants would disagree with any such reading of the Court's July 25 order, since it denied a motion to quash, and did not compel production or grant other relief. Defendants could not have sought a stay of the Court's July 25 Order, since a denial of a motion to quash does not do anything other than decline to relieve Defendants of their obligations to respond to Plaintiffs' RFPs—an obligation imposed by the Federal Rules of Civil Procedure, not any prior order from this Court. To be clear, however, Defendants did argue, in the reply brief supporting their pending mandamus petition, that the Ninth Circuit's writ of mandamus should not only require vacatur of the July 18 order requiring production of the ARRPs, but also prohibit this Court from compelling other

Notice
3:25-cv-3698-SI

2

additional discovery at this time—the type of discovery that the denial of the motion to quash contemplates, but does not yet compel. *See* Reply in Support of Petition for Writ of Mandamus, *In re Trump*, No. 25-4476, at 15 (9th Cir. August 8, 2025)

    To be sure, if Plaintiffs seek and the Court grants further relief—and in particular, if the Court issues an order that actually requires Defendants to produce privileged material—Defendants may seek relief from any such order from the Ninth Circuit. And of course, if Defendants are unable to secure relief from a future order from this Court or a higher court, Defendants recognize their obligation to comply with any such order. But no such order has yet been issued. For the reasons previously explained, Defendants' responses and objections to the RFPs are consistent with this Court's prior orders and all applicable legal requirements.

Dated: August 12, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
Acting United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

*s/ Cesar Azrak*
Cesar Azrak
Andrew Bernie
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0693
cesar.e.azrak@usdoj.gov

*Counsel for Defendants*