Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

*[Additional counsel and affiliations identified on signature page]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **JOINT STATEMENT REGARDING DISCOVERY DISPUTES** |

This Joint Statement pertains to Defendants' Response to Plaintiffs' RFP No. 1, previously the subject of competing motions to expedite and quash, resolved on July 25, 2025. ECF 178, 210, 228; *see* App. A hereto (Request and Response). The Request sought all communications between any Federal Agency Defendant and OMB, OPM, or USDS regarding any Agency RIF and Reorganization Plan ("ARRP"). Having met and conferred by video and telephone conference three times, and exchanged extensive information by e-mail, the parties are at impasse as to the following:[1]

**1.      Plaintiffs' Position**

**A.      Attachments to Emails Categorically Withheld Pursuant to Deliberative Process**

In resolving the prior motions, this Court ordered Defendants to produce responsive documents and a privilege log by August 11, 2025. ECF 228 at 5. Defendants instead engaged in rolling production, and confirmed on August 29 their view that production of documents from Defendants OMB, OPM, and USDS was complete.[2] Defendants did not identify the documents or attachments that they withheld as privileged and have not yet provided a privilege log, having unilaterally asserted they will do so a month after it was due on August 11. Upon Plaintiffs' review of the emails produced, it was apparent that Defendants had withheld *all* email attachments. Defendants confirmed during a meet and confer that: 1) they did not produce any attachment to any email, and all were categorically withheld for deliberative process privilege; and 2) they do not intend to produce redacted versions.

Defendants produced 225 emails (including duplicates). Of these, **52** refer to attachments that were apparently withheld. The attachments include: OMB/OPM "feedback" on ARRPs; templates and instructions for reporting/submissions to OPM/OMB, a "mock timeline" provided by OMB/OPM; "RIF worksheets," and the submitted Phase 1 and Phase 2 ARRPs and attachments.[3]

This Court previously rejected the categorical assertion of the deliberative process privilege. ECF 214. This Court also already ruled that "the information sought in the RFPs is relevant and should

---

[1] Defendants have authorized Plaintiffs to file this Joint Statement incorporating Defendants' position.
[2] The parties continue to meet and confer regarding the scope of the searches by OMB, OPM and USDS and production format issues. Plaintiffs, however, would be prejudiced by waiting for resolution of those further issues before presenting the instant dispute to the Court.
[3] The ARRPs themselves are subject to the Ninth Circuit's administrative stay of this Court's July 18, 2025 production order. *Trump v. U.S. Dist. Court*, No. 25-4476 (9th Cir. July 22, 2025), ECF 5. Should the stay be lifted or the mandamus petition denied, Plaintiffs request immediate production.

JOINT STATEMENT RE: DISCOVERY DISPUTES, No. 3:25-cv-03698-SI                                        1

be produced." ECF 228 at 2. Further, this Court has already specifically ruled that "[f]or the same reasons stated in that Order [ECF 214], the Court finds that the information sought by plaintiffs' RFP Nos. 1, 2, and 3 is relevant to claims in this case and, *even assuming that the deliberative process privilege applies, that privilege is overridden*." ECF 228 at 2-3 (emphasis added); *see also id.* at 5 ("What plaintiffs seek to prove their case is solely within defendants' possession, and yet defendants seek to keep this information secret."). Defendants' blanket withholding of all responsive email attachments cannot be justified and disregards this Court's previous rulings.[4]

Defendants have also confirmed that they are withholding additional responsive documents in their entirety pursuant to a claim of deliberative process privilege. Defendants also partially redacted the substance of at least two emails, without explanation. Defendants should not be permitted to withhold or redact documents pursuant to blanket claims of this privilege given the Court's ruling that the privilege is overridden. ECF 228 at 2-3. To the extent Defendants have *other* privileges to assert, Plaintiffs will review the privilege log when it is produced, but seek the Court's assistance in resolving the parties' dispute regarding Defendants' continued reliance on the deliberative process privilege.

Defendants assert that this dispute should wait until they complete their privilege log, but any further delay prejudices Plaintiffs. The Court previously denied without prejudice the administrative record with respect to Plaintiffs' APA claims in part contingent on review of the documents responsive to this discovery request. ECF 242. Defendants have not identified any document-specific issues among the documents being categorically withheld and there is no reason to believe that production of a privilege log will add any relevant information that would aid the Court revisiting a qualified privilege that the Court has previously concluded is outweighed by relevance to this case.

**B.     Production of Responsive Documents by Federal Agency Defendants**

All Federal Agency Defendants have objected completely to searching for and producing responsive documents to Request No. 1, on the grounds that such searches would be duplicative of

---

[4] Defendants respond by repeating their prior statements that this Court's July 25 ruling does not mean what it says (that the deliberative process privilege is overridden for documents responsive to RFP Nos. 1-3). ECF 247. Remarkably, Defendants repeat here that they "could not have sought a stay of the Court's July 25 Order" when they have, in fact, sought such relief from the Ninth Circuit. *See* Case No. 25-4776, Dkt. 12.1 at 13-15 (seeking to add July 25 order to mandamus petition).

JOINT STATEMENT RE: DISCOVERY DISPUTES, No. 3:25-cv-03698-SI                      2

OMB, OPM, and USDS. That objection is not well-taken, for two primary reasons. First, these Defendants do not deny possessing responsive documents; they only speculate that the documents are *entirely* duplicative. Defendants assume that OMB, OPM and USDS did not discard or delete responsive communications, particularly in the time frame prior to this litigation was filed, but with no factual basis for that assumption. No litigation hold was in place in the relevant months prior to the Complaint, and Defendants have provided, through the meet and confer process, no foundation for their claim that the searches would in fact be duplicative. Indeed, during the meet and confer Defendants revealed that one agency (GSA) did an initial search and found "4477 files"; and yet, OPM, OMB, and USDS have collectively produced *one* document for GSA. It is inconceivable that the emails produced to date by OMB, OPM, and USDS are the entire universe of communications about ARRPs between the Federal Agency Defendants, OMB, OPM, and USDS. Next, modern electronic document management systems, which the Department of Justice uses, can identify and eliminate duplicative documents, eliminating the need for burdensome review. Plaintiffs have no objection to the removal of true duplicates. Federal Agency Defendants have provided no valid basis to override their obligations to search for and produce responsive documents.

**2. Defendants' Position**

    **A.**    **Email Attachments Withheld Pursuant to the Deliberative Process Privilege**

On July 25, the Court denied Defendants' motion to quash Plaintiffs' RFPs, leaving intact Defendants' obligations to engage in ordinary discovery practice. ECF 228. Since then, Defendants have diligently worked to identify responsive documents, screen for privilege, and generate a privilege log. The Court's order *expressly contemplated* that Defendants would assert privilege protections and provide a log where appropriate. *Id.* at 5. Accordingly, Defendants timely served their Responses and Objections; produced all responsive, non-privileged documents located after a reasonable search; and have reiterated to Plaintiffs their intention to produce a privilege log within days of this filing.

But instead of awaiting that privilege log, Plaintiffs now rush to the Court, claiming some unidentified "prejudice" and that "Defendants' blanket withholding of all responsive email attachments cannot be justified and disregards this Court's previous rulings." *Ante* at 2. Why *now*—rather than after the production of a privilege log, as normal—Plaintiffs do not explain. But in any event,

1  Defendants have not refused on principle to produce all attachments to responsive, non-privileged
2  emails; each privilege assertion has been made in good faith, in keeping with the Executive Branch's
3  prerogative to protect its ability to "engage in candid discussion," "freely … explore possibilities,
4  engage in internal debates, or play devil's advocate without fear of public scrutiny," all of which are
5  critical to agencies' very "ability to perform [their] functions." *Hongsermeier v. C.I.R.*, 621 F.3d 890,
6  904 (9th Cir. 2010). And the attachments identified by Plaintiffs—putting aside the ARRPs themselves,
7  the production of which has been administratively stayed by the Ninth Circuit—fall squarely within
8  the scope of the privilege. *See ante* at 1 (describing attachments withheld from production). Items
9  such as inter-agency templates, timelines, instructions, and feedback on ARRPs are predecisional
10 because they were prepared to assist agencies in their decision-making processes, and deliberative
11 because they reflect the nature of those processes. This is a straightforward application of the privilege.
12 *Cf. Hongsermeier*, 621 F.3d at 904. ("The documents … are both predecisional and deliberative, for
13 the privilege log describes them as materials created during decision-making processes").

14 Nor does the privilege assertion exhibit noncompliance with any Court order. Indeed,
15 anticipating this sort of dispute, Defendants filed a notice with the Court explaining that "although the
16 Court['s denial of Defendants' motion to quash, ECF 228], repeated its prior conclusion, with which
17 Defendants' disagree, that any privilege, 'if it exists at all,' is overcome by Plaintiffs' need for the
18 requested materials[,] the Court's denial of the motion also anticipated that Defendants would withhold
19 responsive documents that they believe are privileged, and did not prohibit them from doing so." ECF
20 247 at 3 (citing ECF 228 at 2–3, 5). Defendants explained that they see no inconsistency in this view
21 because they "could not have sought a stay of the Court's July 25 Order [ECF 228], since a denial of a
22 motion to quash does not do anything other than decline to relieve Defendants of their obligations to
23 respond to Plaintiffs' RFPs—an obligation imposed by the Federal Rules of Civil Procedure, not any
24 prior order from this Court." ECF 247 at 3.[5] It would be unreasonable to interpret the Court's prior
25 order to mean that Defendants cannot assert any privileges and must turn over any privileged material.

---

[5] And as explained in the same document, while Defendants' mandamus efforts seek protection from "additional discovery at this time," that is discovery "that the denial of the motion to quash contemplates, but does not yet compel." *Id.* at 3–4.

JOINT STATEMENT RE: DISCOVERY DISPUTES, No. 3:25-cv-03698-SI                    4

**B.     Scope of Agency Searches**

RFP #1 seeks all communications between OMB, OPM, and USDS on the one hand; and on the other, the remaining agency defendants. Because either set of those entities would be privy to *both* communications *sent to* and *received from* the other, a thorough, reasonable search of either set would yield the requested communications. And that approach comports with discovery's governing legal standard: that it be broad, but subject to "reasonable limits … through increased reliance on the common-sense concept of proportionality … 'to guard against redundant or disproportionate discovery.'" *Humanmade v. SFMade*, No. 23-cv-02349, 2024 WL 3378326, at *1 (N.D. Cal. July 10, 2024) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment).

Plaintiffs resist this reasonable, straightforward approach, insisting that Defendants should also conduct parallel searches of over twenty agency defendants for the same communications between them and OPM, OMB, and USDS—on the theory that searches of those various agencies *might* not be duplicative of searches already run, and on the sheer speculation that OMB, OPM, and USDS have discarded or deleted responsive communications (even though OMB and OPM are subject to the Federal Records Act (FRA), and USDS is subject to the Presidential Records Act, the requirements of which are broader than those of the FRA). Such unfounded speculation offers no basis to discard the governing principles of reasonableness and proportionality. To the contrary, proportionality "is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse," and "even in complex litigation, discovery does not require leaving no stone unturned." *Ibid.* (citations omitted). Plaintiffs' insistence on this scorched-earth approach to searches is particularly unreasonable given that they have repeatedly also demanded production as quickly as possible (including seeking discovery before Defendants' motion to dismiss is decided), and have otherwise treated ordinary discovery practice as urgent.[6] And central to their theory of liability was the allegedly unlawful role of OMB and OPM. Accordingly, Plaintiffs should not be heard now to complain about Defendants focusing their searches on those entities.

---

[6] Plaintiffs' citation to GSA's preliminary hit report, *ante* at 3, highlights both the pitfalls of moving for relief before seeing a privilege log and the sheer manpower that would be required to filter documents for responsiveness across so many agency defendants—an unwarranted effort given the Defendants' reasonable and appropriately focused approach.

JOINT STATEMENT RE: DISCOVERY DISPUTES, No. 3:25-cv-03698-SI                    5

DATED: September 5, 2025              *Respectfully submitted,*

                            Stacey M. Leyton
                            Barbara J. Chisholm
                            Danielle E. Leonard
                            Corinne F. Johnson
                            Robin S. Tholin
                            ALTSHULER BERZON LLP
                            177 Post St., Suite 300
                            San Francisco, CA 94108
                            Tel: (415) 421-7151
                            sleyton@altshulerberzon.com
                            bchisholm@altshulerberzon.com
                            dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

                            Elena Goldstein (pro hac vice)
                            Skye Perryman (pro hac vice)
                            Tsuki Hoshijima (pro hac vice)
                            DEMOCRACY FORWARD FOUNDATION
                            P.O. Box 34553
                            Washington, D.C. 20043
                            Tel: (202) 448-9090
                            Fax: (202) 796-4426
                            egoldstein@democracyforward.org
                            sperryman@democracyforward.org
                            thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

                            Jules Torti (pro hac vice)
                            PROTECT DEMOCRACY PROJECT
                            82 Nassau St., #601
                            New York, NY 10038

                            Erica J. Newland (pro hac vice)
                            Jacek Pruski (pro hac vice)
                            PROTECT DEMOCRACY PROJECT

```
                    2020 Pennsylvania Ave., N.W., Suite 163
                    Washington, D.C. 20006
                    Tel: 202-579-4582
                    jules.torti@protectdemocracy.org
                    erica.newland@protectdemocracy.org
                    jacek.pruski@protectdemocracy.org

                By: /s/ Jacek Pruski

                    Attorneys for All Union and Non-Profit Organization
                    Plaintiffs (except NRDC)

                    Norman L. Eisen (pro hac vice)
                    Spencer W. Klein (pro hac vice)
                    STATE DEMOCRACY DEFENDERS FUND
                    600 Pennsylvania Avenue SE #15180
                    Washington, D.C. 20003
                    Tel: (202) 594-9958
                    Norman@statedemocracydefenders.org
                    Spencer@statedemocracydefenders.org

                By: /s/ Norman L. Eisen

                    Attorneys for All Union and Non-Profit Organization
                    Plaintiffs (except NRDC)

                    Rushab Sanghvi (SBN 302809)
                    AMERICAN FEDERATION OF GOVERNMENT
                    EMPLOYEES, AFL-CIO
                    80 F Street, NW
                    Washington, D.C. 20001
                    Tel: (202) 639-6426
                    Sanghr@afge.org

                By: /s/ Rushab Sanghvi

                    Attorneys for Plaintiffs American Federation of
                    Government Employees, AFL-CIO (AFGE) and AFGE
                    locals

                    Teague Paterson (SBN 226659)
                    Matthew Blumin  (pro hac vice)
                    AMERICAN FEDERATION OF STATE, COUNTY,
                    AND MUNICIPAL EMPLOYEES, AFL-CIO
                    1625 L Street, N.W.
                    Washington, D.C.  20036
                    Tel: (202) 775-5900
                    TPaterson@afscme.org
```

JOINT STATEMENT RE: DISCOVERY DISPUTES, No. 3:25-cv-03698-SI         7

|   |   |
|---|---|
| 1 | MBlumin@afscme.org |
| 2 | By: */s/ Teague Paterson* |
| 3 | |
| 4 | *Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)* |
| 5 | Steven K. Ury (SBN 199499) |
| 6 | SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO |
| 7 | 1800 Massachusetts Ave., N.W. Washington, D.C. 20036 |
| 8 | Tel: (202) 730-7428 steven.ury@seiu.org |
| 9 | |
| 10 | By: */s/ Steven K. Ury* |
| 11 | *Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)* |
| 12 | |
| 13 | Simi Bhat (SBN 289143) Katherine K. Desormeau (SBN 266463) |
| 14 | NATURAL RESOURCES DEFENSE COUNCIL 111 Sutter St Fl 21, |
| 15 | San Francisco, CA 94104 Tel: (415) 875-6100 |
| 16 | sbhat@nrdc.org kdesormeau@nrdc.org |
| 17 | |
| 18 | By: */s/ Simi Bhat* |
| 19 | *Attorneys for Plaintiff Natural Resources Defense Council* |
| 20 | |
| 21 | David Chiu (SBN 189542) City Attorney |
| 22 | Yvonne R. Meré (SBN 175394) Chief Deputy City Attorney |
| 23 | Mollie M. Lee (SBN 251404) Chief of Strategic Advocacy |
| 24 | Sara J. Eisenberg (SBN 269303) Chief of Complex and Affirmative Litigation |
| 25 | Molly J. Alarcon (SBN 315244) |
| 26 | Alexander J. Holtzman (SBN 311813) Deputy City Attorneys |
| 27 | OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO |
| 28 | 1390 Market Street, 7th Floor |

|   |   |
|---|---|
| 1 | San Francisco, CA 94102 |
| 2 | molly.alarcon@sfcityatty.org |
|   | alexander.holtzman@sfcityatty.org |
| 3 | By: */s/ Alexander Holtzman* |
| 4 |   |
|   | *Attorneys for Plaintiff City and County of San Francisco* |
| 5 |   |
| 6 | Tony LoPresti (SBN 289269) |
|   | COUNTY COUNSEL |
| 7 | Kavita Narayan (SBN 264191) |
|   | Meredith A. Johnson (SBN 291018) |
| 8 | Raphael N. Rajendra (SBN 255096) |
|   | Hannah M. Godbey (SBN 334475) |
| 9 | OFFICE OF THE COUNTY COUNSEL |
|   | COUNTY OF SANTA CLARA |
| 10 | 70 West Hedding Street, East Wing, 9th Floor |
|   | San José, CA 95110 |
| 11 | Tel: (408) 299-5900 |
| 12 | Kavita.Narayan@cco.sccgov.org |
|   | Meredith.Johnson@cco.sccgov.org |
| 13 | Raphael.Rajendra@cco.sccgov.org |
|   | Hannah.Godbey@cco.sccgov.org |
| 14 |   |
| 15 | By: */s/ Tony LoPresti* |
| 16 | *Attorneys for Plaintiff County of Santa Clara, Calif.* |
| 17 | David J. Hackett (pro hac vice) |
|   | General Counsel to King County Executive & Special |
| 18 | Deputy Prosecutor |
|   | Alison Holcomb (pro hac vice) |
| 19 | Deputy General Counsel to King County Executive & |
|   | Special Deputy Prosecutor |
| 20 | Erin King-Clancy (pro hac vice app. forthcoming) |
|   | Senior Deputy Prosecuting Attorney |
| 21 | OFFICE OF KING COUNTY PROSECUTING |
|   | ATTORNEY LEESA MANION |
| 22 | 401 5th Avenue, Suite 800 |
|   | Seattle, WA 98104 |
| 23 | (206) 477-9483 |
|   | David.Hackett@kingcounty.gov |
| 24 | aholcomb@kingcounty.gov |
|   | aclancy@kingcounty.gov |
| 25 |   |
| 26 | By: */s/ David J. Hackett* |
| 27 | *Attorneys for Plaintiff Martin Luther King, Jr. County* |
| 28 | Sharanya Mohan (CABN 350675) |

JOINT STATEMENT RE: DISCOVERY DISPUTES, No. 3:25-cv-03698-SI          9

PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: /s/ Sharanya Mohan

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)
Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: /s/ Jonathan G.C. Fombonne

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division

121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Stephen J. Kane*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
Sara.gross@baltimorecity.gov

By: */s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*

CRAIG H. MISSAKIAN
Acting United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director

*/s/ Andrew M. Bernie*
Andrew M. Bernie
Cesar Azrak
Trial Attorneys
United States Department of Justice
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-7203
andrew.m.bernie@usdoj.gov

*Counsel for Defendants*