Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org

*Attorneys for Plaintiffs*

*[Additional counsel and affiliations identified on signature page]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **JOINT STATEMENT REGARDING DISCOVERY DISPUTES** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

1    This Joint Statement pertains to the scope of Defendants' search for documents in response to

2    Plaintiffs' RFP No. 1, previously the subject of motions to expedite and quash.  ECF 178, 210, 228;

3    *see* App. A hereto (Request and Response).  The Request sought all communications between any

4    Federal Agency Defendant and OMB, OPM, or USDS regarding any Agency RIF and Reorganization

5    Plan ("ARRP").  Defendants have authorized Plaintiffs to file this Joint Statement incorporating

6    Defendants' position.  Having met and conferred by e-mail, video and telephone conference, the

7    parties are at impasse as to the following disputes:[1]

8    **1.    Plaintiffs' Position**

9    **A.    Production of Responsive Documents by Federal Agency Defendants**

10    All Federal Agency Defendants have objected completely to searching for and producing

11    responsive documents to Request No. 1, on the grounds that such searches would be duplicative of

12    OMB, OPM, and USDS.  That objection is not well-taken, for two primary reasons.  First, these

13    Defendants do not deny possessing responsive documents; they only speculate that the documents are

14    *entirely* duplicative.  Defendants assume that OMB, OPM and USDS did not discard or delete

15    responsive communications, particularly in the time frame prior to this litigation was filed, but with

16    no factual basis for that assumption.  No litigation hold was in place in the relevant months prior to

17    the Complaint, and Defendants have provided, through the meet and confer process, no foundation

18    for their claim that the searches would in fact be duplicative.  Indeed, during the meet and confer

19    Defendants revealed that one agency (GSA) did an initial search and found "4477 files"; and yet,

20    OPM, OMB, and USDS have collectively produced *one* document for GSA.  It is inconceivable that

21    the emails produced to date by OMB, OPM, and USDS are the entire universe of communications

22    about ARRPs between the Federal Agency Defendants, OMB, OPM, and USDS.  Next, modern

23    electronic document management systems, which the Department of Justice uses, can identify and

24    

25    _____

[1] The description of the dispute presented in each party's Section A mirrors the description presented
26    to the Court in the parties' September 5, 2025 joint discovery letter (ECF 257).  That September 5
     letter identified two disputes: one involving Defendants' invocation of the deliberative process
27    privilege, an issue the Court took under advisement pending resolution of proceedings in the Ninth
     Circuit; and a second that is reproduced here and which the Court asked the parties to re-submit as
28    part of this joint letter.  *See* ECF 280.  The parties continue to meet and confer regarding Defendants'
     invocation of privileges in response to Plaintiffs' document requests and will present any further
     disputes in the event they reach impasse.

1  eliminate duplicative documents, eliminating the need for burdensome review.  Plaintiffs have no

2  objection to the removal of true duplicates.  Federal Agency Defendants have provided no valid basis

3  to override their obligations to search for and produce responsive documents.

4  **B.      Scope of Searches By OMB, OPM, and USDS**

5        Defendants have refused to search the communications of high-level decision-making

6  positions, including OMB Director Russell Vought and his immediate advisors, former USDS head

7  Elon Musk, and the others described in more detail below.  Defendants' categorical ex ante limitation

8  on their searches for responsive records to exclude high-level individuals, rather than searching their

9  email domains by search terms, is inappropriate for the following reasons.

10       As the complete record in this case demonstrates, Defendants have not revealed to the public,

11  this Court, or Plaintiffs the identities of the individuals involved in communications and decision-

12  making regarding the implementation of Executive Order 14210 and the OMB/OPM Memorandum

13  through ARRPs.  Plaintiffs have good reason to believe that high-ranking individuals at OMB, OPM,

14  and USDS have been involved in discussions with federal agencies regarding the scope of the

15  President's directives regarding workforce reduction, including based on frequent press reports, and

16  information from other litigation.[2]  Plaintiffs have therefore reasonably requested that Defendants'

17  searches include high-level decision-makers at the agencies, including but not limited to individuals

18  that Plaintiffs have been able to determine hold such positions.[3]

19       Yet Defendants have agreed to search the records of only a subset of agency employees that

20  *they* contend, without supporting information, are the individuals likely to have responsive

21  communications.  Plaintiffs believe this list is almost certainly under-inclusive, and that Defendants'

22

23  _____

[2] *E.g.*, Los Angeles Times, *The Trump loyalist who picked up where Musk left off with slashing

24  federal workforce: 'We're having fun'.* (Oct. 10. 2025), available at:
   https://www.latimes.com/politics/story/2025-10-10/russ-vought-trump-budget-director-federal-

25  workforce-cuts; *AFGE v. OPM*, 2025 WL 2633791 (N.D. Cal. Sept. 12, 2025) (discussing high-level
   OPM directives to federal agencies, including through political appointees).

26  [3] By way of example, Plaintiffs specifically objected to excluding the following custodians from
   Defendants' searches:  Russell Vought, Eric Ueland, and Dan Bishop at OMB; Charles Ezell and Scott

27  Kupor at OPM; Elon Musk, Justin Aimonetti, James Burnham, Austin Raynor, and Steven Davis; and
   any other political appointees or Special Government Employees at OMB, OPM, or USDS.  Plaintiffs

28  offered to consider excluding subcomponents of OMB or OPM from the search, but Defendants did
   not make such a proposal.

counsel has no basis to conclusively state *before* having conducted searches of all records that these individuals are the only individuals with responsive documents.

In addition, the parties have already agreed to limited searches using specific search terms.[4] Defendants have also agreed that they are able to use email domains to electronically sort and identify the Federal Agency Defendants with whom the communications took place (thereby electronically excluding internal communications not responsive to this request) (*e.g.*, @Americorps.gov; @Doc.gov). And Defendants have admitted to the ability to search entire email domains for these relatively small agencies using such search terms and parameters. For these reasons, the searches Defendants will conduct are narrow and targeted and unlikely to draw in non-responsive material. There is no valid basis to exclude high-ranking individuals from these searches. Defendants invoke burdensomeness, but cannot support that claim ex ante, having not conducted these searches and have no basis to assert that these targeted searches will include additional *non-responsive* material. If Defendants are correct that these individuals have no responsive documents (or even only duplicative documents), any burden is de minimus. *E.g., Williams v. Apple, Inc*., No. 19CV04700LHKVKD, 2020 WL 5107639, at *2 (N.D. Cal. Aug. 31, 2020) ("Apple's burden can be substantially mitigated by application of appropriately narrow search terms and de-duplication of ESI across custodians. If, as Apple contends, the ESI of Messrs. Fischer, Billingsley, and Gates is largely duplicative of the ESI already collected from other custodians, then Apple may limit the extent of its document review by removing the duplicate files from the three custodians' collections before applying search terms and conducting a review for responsive documents."). In sum, if any documents exist within these agencies that are responsive to these searches, they should be produced.

## 2.    Defendants' Position

### A.    Scope of Agency Searches

RFP #1 seeks all communications between OMB, OPM, and USDS on the one hand; and on the other, the remaining 22 agency defendants. Because either set of those entities would be privy to *both* communications *sent to* and *received from* the other, a thorough, reasonable search of either set

---

[4] Including: [ARRP*], [RIF*], [Re-Org*], [Reorg*], [14210], [Reduction in force], [Reduction-in-force], [workforce reduction], and [workforce optimization].

1    would yield the requested communications.  And that approach comports with discovery's governing

2    legal standard: that it be broad, but subject to "reasonable limits … through increased reliance on the

3    common-sense concept of proportionality … 'to guard against redundant or disproportionate

4    discovery.'"  *Humanmade v. SFMade*, No. 23-cv-02349, 2024 WL 3378326, at *1 (N.D. Cal. July 10,

5    2024) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment).

6         Accordingly, Defendants searched OMB, OPM, and USDS for responsive documents.

7    Plaintiffs resist this reasonable approach, insisting that Defendants should conduct parallel searches

8    of 22 agency defendants for the same communications—theorizing that such searches *might* not be

9    duplicative of searches already run, and speculating that OMB, OPM, and USDS have discarded or

10   deleted responsive communications (even though OMB and OPM are subject to the Federal Records

11   Act (FRA), and USDS is subject to the even broader Presidential Records Act).  Plaintiffs' unfounded

12   speculation offers no basis to discard the governing principles of reasonableness and proportionality.

13   To the contrary, proportionality "is intended to encourage judges to be more aggressive in identifying

14   and discouraging discovery overuse," and "even in complex litigation, discovery does not require

15   leaving no stone unturned."  *Ibid.* (citations omitted).

16        Plaintiffs emphasize two points, but neither supports their demand for enormously

17   burdensome discovery on 22 agencies.  First, they cite GSA's preliminary hit report and complain that

18   because only "one document" from GSA has yet been produced, independent searches of GSA (and

19   other agencies) must be allowed.  But as the Government's privilege log reflects, the paucity of GSA

20   documents *produced* is because the remainder are privileged, not because of any search defect.

21   Second, Plaintiffs discount the extraordinary efforts required were the Government to search the

22   records of 25 different agencies for responsive documents—all because, Plaintiffs contend, the

23   Department of Justice uses "modern" e-discovery tools.  Plaintiffs overlook that DOJ would not

24   conduct those searches; that would fall to each individual agency, privy to only its own documents.

25   Further, Plaintiffs ignore that even after de-duplication, document collection and review would not

26   itself be an automated process.  Namely, each of the 25 individual agencies would—at minimum—

27   need to collect and upload the files from their respective custodians and carefully review them, one

28   by one, for responsiveness and privilege.  Because the Federal Rules do not contemplate a fishing

1    expedition, and Plaintiffs will receive proportionate, relevant discovery from the three central

2    agencies at issue in their Complaint (OMB, USDS, OPM), Plaintiffs' request should be denied.

3        **B.    OMB, OPM, and USDS Searches**

4        Following a diligent search, Defendants identified over 60 custodians from three agencies

5    (OMB, OPM, and USDS) likely to have communications responsive to RFP #1.  In response,

6    Plaintiffs have made two demands.  First, they demand that, rather than running search parameters on

7    some set of custodians, the three agencies instead search their *entire email domains*.  Second, they

8    demand that any searches include "high-level" decision-makers.

9        As the Court knows, the norm in modern e-discovery is to identify custodians likely to have

10   responsive documents in their possession or control, then run searches of those custodians.  So

11   Defendants refused Plaintiffs' first demand, instead offering to add to an already expansive list of

12   custodians any individuals Plaintiffs reasonably believed likely to have responsive documents.  But

13   Plaintiffs continue to insist on domain-wide searches, for no other reason, their arguments suggest,

14   than to ensure that all "high-level" decision-makers are captured in the searches.

15       But domain-wide searches are *far* too over-inclusive to reasonably identify responsive

16   documents.  And as for senior officials, Defendants are not categorically opposed to searches of their

17   documents—but only where there is some indication that those officials possess responsive, **inter-**

18   **agency** communications.  That Russell Vought heads OMB, or Elon Musk played a prominent role at

19   USDS, does not *ipso facto* indicate that either individual communicated with other agencies

20   regarding the minutiae of those agencies' respective ARRP submissions (if any exist).

21       In the face of that practical reality, Plaintiffs guess that OMB, OPM, or USDS leadership *must*

22   have been personally communicating with other agencies, therefore necessitating searches of those

23   agency leaders.  But speculation provides no basis to doubt Defendants' good-faith efforts to identify

24   appropriate custodians.  Instead, **if** Plaintiffs identify other likely custodians as they review document

25   productions, they may then, if appropriate, ask that fulsome searches be conducted of those additional

26   custodians.  But at this stage, Plaintiffs' demand for searches of all agency leadership again amounts

27   to little more than a "burdensome fishing expedition."  *Turner v. Apple, Inc.*, No. 5:20-cv-07495,

28   2025 WL 1518043, at *1 (N.D. Cal. May 28, 2025).

1

2    DATED: November 25, 2025              *Respectfully submitted,*

3                                         Stacey M. Leyton
                                          Barbara J. Chisholm
4                                         Danielle E. Leonard
                                          Corinne F. Johnson
5                                         Robin S. Tholin
6                                         ALTSHULER BERZON LLP
                                          177 Post St., Suite 300
7                                         San Francisco, CA 94108
                                          Tel: (415) 421-7151
8                                         sleyton@altshulerberzon.com
                                          bchisholm@altshulerberzon.com
9                                         dleonard@altshulerberzon.com

10
                                   By: */s/ Danielle Leonard*
11
12                                        *Attorneys for All Union and Non-Profit Organization*
                                          *Plaintiffs*
13
                                          Elena Goldstein (pro hac vice)
14                                        Skye Perryman (pro hac vice)
                                          Tsuki Hoshijima (pro hac vice)
15                                        DEMOCRACY FORWARD FOUNDATION
                                          P.O. Box 34553
16                                        Washington, D.C. 20043
                                          Tel: (202) 448-9090
17                                        Fax: (202) 796-4426
18                                        egoldstein@democracyforward.org
                                          sperryman@democracyforward.org
19                                        thoshijima@democracyforward.org

20
                                   By: */s/ Tsuki Hoshijima*
21
22                                        *Attorneys for All Union and Non-Profit Organization*
                                          *Plaintiffs (except NRDC) and for Plaintiffs City of*
23                                        *Chicago, IL; Martin Luther King, Jr. County, WA;*
                                          *Harris County, TX; and City of Baltimore, MD*
24
                                          Jules Torti (pro hac vice)
25                                        PROTECT DEMOCRACY PROJECT
                                          82 Nassau St., #601
26                                        New York, NY 10038

27                                        Erica J. Newland (pro hac vice)
                                          Jacek Pruski (pro hac vice)
28                                        PROTECT DEMOCRACY PROJECT

2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jacek Pruski*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org

1    MBlumin@afscme.org

2    By: /s/ Teague Paterson

3    Attorneys for Plaintiff American Federation of State
4    County and Municipal Employees, AFL-CIO (AFSCME)

5    Steven K. Ury (SBN 199499)
     SERVICE EMPLOYEES INTERNATIONAL UNION,
6    AFL-CIO
     1800 Massachusetts Ave., N.W.
7    Washington, D.C. 20036
     Tel: (202) 730-7428
8    steven.ury@seiu.org

9
     By: /s/ Steven K. Ury
10

11   Attorneys for Plaintiff Service Employees International
     Union, AFL-CIO (SEIU)
12

13   Simi Bhat (SBN 289143)
     Katherine K. Desormeau (SBN 266463)
14   NATURAL RESOURCES DEFENSE COUNCIL
     111 Sutter St Fl 21,
15   San Francisco, CA 94104
     Tel: (415) 875-6100
16   sbhat@nrdc.org
     kdesormeau@nrdc.org
17

18   By: /s/ Simi Bhat

19   Attorneys for Plaintiff Natural Resources Defense
     Council
20

21   David Chiu (SBN 189542)
     City Attorney
22   Yvonne R. Meré (SBN 175394)
     Chief Deputy City Attorney
23   Mollie M. Lee (SBN 251404)
     Chief of Strategic Advocacy
24   Sara J. Eisenberg (SBN 269303)
     Chief of Complex and Affirmative Litigation
25   Molly J. Alarcon (SBN 315244)
     Alexander J. Holtzman (SBN 311813)
26   Deputy City Attorneys
     OFFICE OF THE CITY ATTORNEY FOR THE CITY
27   AND COUNTY OF SAN FRANCISCO
     1390 Market Street, 7th Floor
28

San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ Alexander Holtzman*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

David J. Hackett (pro hac vice)
General Counsel to King County Executive & Special
Deputy Prosecutor
Alison Holcomb (pro hac vice)
Deputy General Counsel to King County Executive &
Special Deputy Prosecutor
Erin King-Clancy (pro hac vice app. forthcoming)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov
aclancy@kingcounty.gov

By: */s/ David J. Hackett*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (CABN 350675)

PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: */s/ Sharanya Mohan*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL,
Harris County, TX, and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)
Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming)
Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division

1
2
3
4

121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

5         By: */s/ Stephen J. Kane*

6         *Attorneys for Plaintiff City of Chicago*

7
8
9
10
11

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming)
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
Sara.gross@baltimorecity.gov

12         By: */s/ Sara Gross*

13         *Attorneys for Plaintiff City of Baltimore*

14
15
16
17

CRAIG H. MISSAKIAN
Acting United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

18
19
20
21

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director

22         By: */s/     Cesar Azrak*
23
24
25
26
27

Cesar Azrak
Marianne Kies
Trial Attorneys
United States Department of Justice
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0693
Cesar.E.Azrak@usdoj.gov

28         *Counsel for Defendants*

# APPENDIX A

Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

PROPOUNDING PARTY:   PLAINTIFFS

RESPONDING PARTY:    DEFENDANTS

SET NO.:                       ONE

      Under Federal Rule of Civil Procedure 34, Plaintiffs request that Defendants produce electronic copies of all documents and materials described below, pursuant to the instructions set forth below and an ESI protocol to be negotiated between the parties, to the office of Altshuler Berzon LLP, 177 Post Street, Suite 300, San Francisco, California 94108, within thirty days of the Parties' Rule 26(f) conference.  Given the need for discovery to prevent imminent irreparable harm, Plaintiffs further request that Defendants stipulate to provide the documents and materials within fourteen days of the Parties' Rule 26(f) conference, and will seek expedited discovery from the Court if a stipulation cannot be reached.

      Plaintiffs' Counsel are amenable to discuss methods of electronic production prior to the deadline for production of documents and any privilege log.

## **INSTRUCTIONS**

1.     All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether you consider the attachments and enclosures to be relevant or responsive to the Request.

2.     DOCUMENTS attached to each other should not be separated.

3.     In responding to each Request, DEFENDANTS are to produce each and every responsive DOCUMENT in DEFENDANTS' possession, custody, and/or control. If no such DOCUMENTS exist in DEFENDANTS' possession, custody, and/or control, please state that fact in the response.  DEFENDANTS need not produce exact duplicates of the same document from multiple custodians.

4.     For purposes of these Requests, a DOCUMENT is deemed to be in DEFENDANTS' "control" if any of DEFENDANTS' attorneys, agents, employees, accountants, financial or tax advisors, or any other persons and/or entities purporting to act on DEFENDANTS' behalf have actual physical possession of the DOCUMENT or a copy thereof, or if DEFENDANTS have the right to

access or secure the DOCUMENT or copy thereof from another person having actual physical possession of the DOCUMENT.

5.     When producing DOCUMENTS in response to these Requests, please identify, by name, the specific custodian on whose behalf the DOCUMENT is being produced and in whose possession the DOCUMENT was found.

6.     These Requests should be construed as broadly as possible with all doubts resolved in favor of production. The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive. Except as specifically provided in these Requests, words imparting the singular shall include the plural and vice versa, where appropriate. Except as specifically provided in these Requests, words imparting the present tense shall also include the past and future tense and vice versa, where appropriate.

7.     If any requested DOCUMENT is withheld on the basis of any claim of privilege, PLAINTIFFS request a privilege log served by no later than the document response date. DEFENDANTS must set forth the information sufficient for Plaintiffs to ascertain whether the privilege properly applies, including but not limited to, describing the DOCUMENT withheld, stating the privilege being relied upon, identifying all persons and/or entities (by name, title, address, and relationship to DEFENDANTS) who have had access to such DOCUMENT (including but not limited to all the identity(ies) of the author(s) or maker(s), recipient(s), and cc and bcc recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the applicable date(s), and the subject matter(s) in a privilege log.

8.     If any portion of any DOCUMENT responsive to these Requests is withheld under the claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

9.     If DEFENDANTS object to a portion of any Request, DEFENDANTS should respond to any portion of the Request to which DEFENDANTS have no objection.

10.     These Requests are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. DEFENDANTS are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by DEFENDANTS or any person

acting on DEFENDANTS' behalf that will augment or modify the answers now given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, DEFENDANTS are required to supplement these responses and provide additional DOCUMENTS without a specific request from Plaintiffs.

11.     Plaintiffs serve these requests without prejudice to their rights to serve additional requests for production of DOCUMENTS.

## **DEFINITIONS**

1.     COMMUNICATION or COMMUNICATIONS mean communication of thoughts, opinions, information, or documents, including orally or by handwriting, typewriting, e-mail, text messages, chat messages, telephone messages, voicemail, tape-recording, digital recording AND every other means of recording upon any tangible thing, including ESI.

2.     DEFENDANTS means all defendants identified in Plaintiffs' First Amended Complaint, ECF Dkt. 100, other than the President of the United States Donald J. Trump.

3.     DOCUMENT or DOCUMENTS have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, any and all drafts; COMMUNICATIONS; correspondence; memoranda; records; reports; books; records, reports, and summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, reports, and summaries of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten, and any other notes; work papers; checks, front and back; check vouchers, check stubs, and receipts; tape data sheets, data processing cards and discs, and any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer. Any production of electronically stored information shall include the information needed to understand such information. The terms DOCUMENT or DOCUMENTS further includes all copies where the copy is not identical to the original.

4.     FEDERAL AGENCY DEFENDANTS means defendants so identified in the District Court's Order Granting Preliminary Injunction as well as anyone acting on their behalf

including employees, agents, representatives, officials, and any other affiliated individuals.  *See* ECF Dkt. 124 at 6.

5.     OMB means the United States Office of Management and Budget and anyone acting on its behalf including employees, agents, representatives, officials, and any other affiliated individuals.

6.     OPM means the United States Office of Personnel Management and anyone acting on its behalf including employees, agents, representatives, officials, and any other affiliated individuals.

7.     DOGE means the Department of Government Efficiency as established by Executive Order No. 14,158, 90 Fed. Reg. 8,441 (Jan. 20, 2025), including the U.S. DOGE Services (USDS), the U.S. DOGE Service Temporary Organization, members of Agency DOGE Teams, and anyone acting on behalf of any of those components, including employees, agents, representatives, officials, and any other affiliated individuals.

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between any Federal Agency Defendant and OMB, OPM, or DOGE discussing any Agency RIF and Reorganization Plan ("ARRP") (in whole or any part), including but not limited to any approvals or disapprovals of those Plans (in whole or any part, formally or informally) and any discussion of whether the contents of those Plans meets or do not meet expectations, communicated by OMB, OPM, or DOGE to any Federal Agency Defendant, from February 26, 2025 to the present.

**REQUEST FOR PRODUCTION NO. 2:**

To the extent not previously produced by Defendants in this litigation pursuant to court order, all Federal Agency Defendant applications for waivers of statutorily-mandated RIF notice periods.

**REQUEST FOR PRODUCTION NO. 3:**

To the extent not previously produced by Defendants in this litigation pursuant to court order, all responses by OMB or OPM to any Federal Agency Defendant's request for waivers of statutorily-mandated RIF notice periods.

CRAIG H. MISSAKIAN
United States Attorney

    450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
ANDREW M. BERNIE
CESAR E. AZRAK
Trial Attorneys
Civil Division, Federal Programs Branch

    1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-7203
andrew.m.bernie@usdoj.gov

Counsel for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.* <br><br>     Plaintiffs, <br><br>       v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br>     Defendants. | Case No. 3:25-cv-03698-SI <br><br> **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF</u>
### <u>REQUESTS FOR PRODUCTION</u>

Defendants respond to Plaintiffs' First Set of Requests for Production as follows:

### Form of Production

Plaintiffs did not specify any requested form of electronically stored information in their requests. Defendants will produce any documents in PDF format. *See* Fed. R. Civ. P. 34(D).

### Objections to Instructions

1.      Defendants object to Instruction No. 2 because it is unduly vague and it is not clear what Instruction No. 2 is intended to convey. Defendants further object to Instruction No. 2 to the extent it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure. To the extent Defendants understand Instruction No. 2, Defendants object to this instruction to the extent it is inconsistent with the operation of any document processing software used by Defendants or to which it purports to impose an obligation inconsistent with Defendants' ability to withhold privileged materials.

2.      Defendants object to Instruction No. 3 to the extent it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure.

3.      Defendants object to Instruction No. 4 to the extent it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure and for being unduly burdensome insofar as it purports to require more than a reasonable search.

4.      Defendants object to Instruction No. 5 to the extent that it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure, and because it is impracticable in the time in which Plaintiffs have sought a response. Defendants will convey to Plaintiffs which agency or government entity provided any documents produced.

5.      Defendants object to Instruction No. 6 to the extent that it seeks to impose upon Defendants any obligation to rewrite any requests where they are vague, overbroad, or unclear. Where Defendants object to a request as vague, overbroad, or unclear, they will endeavor to provide an alternative understanding in light of the claims and defenses in this case and the parties' rights and obligations under Rules 26 and 34.

6.      Defendants object to Instruction No. 7 to the extent that it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure in general and Rule 26(b)(5) in particular, and on the ground that it is unduly burdensome. Defendants shall produce any privilege log in a format consistent with the Federal Rules of Civil Procedure within 30 days of service of these responses. Defendants further object to this instruction and anything else in these requests that may imply Defendants will complete any production of documents by the response date; in accordance with Rule 34(b)(2)(B), Defendants anticipate making rolling productions of responsive documents beginning August 11, 2025.

7.      Defendants object to Instruction No. 11 in that they reserve all objections to any future discovery that may be propounded by the Plaintiffs, including that no such discovery is appropriate or permissible.

## Objections to Definitions

1.      Defendants object to Definition No. 1 to the extent it encompasses any material beyond the scope of Federal Rule of Civil Procedure 34(a) or purports to encompass any materials outside of Defendants' possession, custody, or control. Defendants will construe this definition, and the requests generally, to seek documents and electronically stored information responsive to Plaintiffs' requests for production.

2.      Defendants object to Definition No. 3 to the extent it encompasses any material beyond the scope of Federal Rule of Civil Procedure 34(a) or purports to encompass any materials outside of Defendants' possession, custody, or control. Defendants will construe this definition, and the requests generally, to seek documents and electronically stored information responsive to Plaintiffs' requests for production.

3.      Defendants object to Definition No. 4 as vague and overbroad to the extent it includes "anyone acting on behalf of these components," including "agents," "representatives," and "any other affiliated individuals." Defendants will construe the term "Federal Agency Defendants" in these requests to mean the entities so identified in the District Court's Order Granting Preliminary Injunction, ECF No. 124, including any persons employed by these entities reasonably likely to have information responsive to these requests.

4.      Defendants object to Definition No. 5 as vague and overbroad to the extent it includes "anyone acting on behalf of these components," including "agents," "representatives," and "any other affiliated individuals." Defendants will construe the term "OMB" in these requests to mean the United States Office of Management and Budget, including any persons employed by this entity reasonably likely to have information responsive to these requests.

5.      Defendants object to Definition No. 6 as vague and overbroad to the extent it includes "anyone acting on behalf of these components," including "agents," "representatives" and "any other affiliated individuals." Defendants will construe the term "OPM" in these requests to mean the United States Office of Personnel Management, including any persons employed by this entity reasonably likely to have information responsive to these requests.

6.      Defendants object to Definition No. 7 as vague and overbroad to the extent it includes "anyone acting on behalf of these components," including "agents," "representatives" and "any other affiliated individuals." Defendants will construe the term "DOGE" in these requests to mean the US DOGE Services and the U.S. DOGE Service Temporary Organization, as well as any persons employed by these entities reasonably likely to have information responsive to these requests.  Defendants further object to Definition No. 7 to the extent it purports to encompass "Agency DOGE Teams." Pursuant to Plaintiffs' representations that Request No. 1 "does not encompass communications . . . between members of DOGE who are embedded at Federal Agency Defendants and other employees of the same agency," *see* ECF No. 228 at 4 n.5 (quoting ECF No. 218 at 4), Defendants will construe the term "DOGE" in these requests to exclude "Agency DOGE Teams."

### Objections to All Requests for Production

1.      Defendants object to the requests to the extent that they seek information protected against disclosure by: (a) the attorney work-product doctrine; (b) the attorney-client privilege; (c) the deliberative-process privilege, the joint-defense privilege, the common-interest privilege, the law-enforcement privilege, or the state-secrets privilege; (d) any other form of executive privilege; or (e) any other applicable privilege or protection. Any inadvertent production of privileged or otherwise protected information in response to the Requests shall not be deemed to be a waiver by

Defendants of any such privilege or protection from disclosure.

2.    Defendants object to the requests to the extent they seek documents created by or sent to litigation counsel, agency counsel assigned to this litigation, or other legal staff assigned to any inquiry related to the topics of the requests either for the defense of this litigation or for purpose of responding to inquiries outside of this litigation (including, but not limited to, Freedom of Information Act (FOIA) requests or congressional inquiries), which are protected against disclosure by the attorney-client privilege and the attorney work-product doctrine. Documents created by or sent to litigation counsel, agency counsel assigned to this litigation, or other legal staff assigned to collateral FOIA requests will not be included on Defendants' privilege logs.

3.    Defendants object to the requests to the extent that they seek information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation.

4.    Defendants object to each of the requests to the extent they are duplicative of other requests. Documents responsive to multiple requests will be produced only once.

5.    Defendants object to the requests to the extent they seek documents that are publicly available or are readily accessible to Plaintiffs or otherwise would be less burdensome for Plaintiffs to obtain than Defendants. *See* FRCP 26(b)(2)(C).

6.    Defendants incorporate all of the foregoing objections in each of the responses below regardless of whether a specific objection is reasserted with respect to a specific request. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, the assertion of the same, similar, or additional objections in response to a specific request does not waive, limit, or modify any of Defendants' general objections or similar or separate specific objections raised in response to a request.

7.    Defendants' response to a request indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents, that Defendants performed any of the acts described in the document request, or that Defendants agree with the characterization of the conduct or activities described in the document request.

8.      Defendants expressly reserve the right to supplement, clarify, review, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**Objections and Responses to Specific Requests for Production**

**REQUEST FOR PRODUCTION NO. 1:** All COMMUNICATIONS between any Federal Agency Defendant and OMB, OPM, or DOGE discussing any Agency RIF and Reorganization Plan ("ARRP") (in whole or any part), including but not limited to any approvals or disapprovals of those Plans (in whole or any part, formally or informally) and any discussion of whether the contents of those Plans meets or do not meet expectations, communicated by OMB, OPM, or DOGE to any Federal Agency Defendant, from February 26, 2025 to the present.

**Objections:** Defendants object to this request for the reasons set forth in their Reply in Support of Petition for Writ of Mandamus and Emergency Motion for Stay, *In re Donald J. Trump*, No. 25-4476 (9th Cir. Aug. 8, 2025), and in their motion for Protective Order and Order Quashing Plaintiffs' First Set of Request for the Production of Documents and reply in support thereof, ECF Nos. 210 & 222. This request is premature because Defendants' Motion to Dismiss has not yet been adjudicated, because Defendants have not yet filed an Answer to the operative Amended Complaint, because it is foreclosed by the Supreme Court's stay order, and because it seeks materials related to potential future RIFs which have not been finalized, announced, or implemented. Defendants further object that this request is irrelevant and that this court is without jurisdiction to adjudicate any challenge to any such RIF, which is subject to the comprehensive statutory scheme under the CSRA and related statutes. To the extent this court would have jurisdiction over any such RIF at all, it would only be after any such RIF is finalized and based on the administrative record supporting that final decision (which necessarily cannot exist prior to the decision at issue being finalized).

Defendants further object to this request on the ground that the materials sought are predominantly protected by the deliberative-process privilege, as it seeks communications involving the planning of contemplated potential agency actions that have yet to be finalized or implemented, and may never be finalized or implemented. *See, e.g., Carter v. U.S. Department of*

*Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002); *Assembly of State of Cal. v. U.S. Dep't of Com.*, 968 F.2d 916, 920 (9th Cir. 1992); *see generally* ECF No. 210 at 14-15.

Defendants further object to this request because it is overbroad, unduly burdensome, and not proportional to the needs of the case, because it seeks substantially all communications regarding "any Agency RIF and Reorganization Plan" regarding more than 25 different federal agencies and government entities. The Defendant agencies have conducted initial searches that have yielded a wide range of volumes of potentially responsive documents, including 4477 files totaling 1.4GB from one agency, thousands of documents from others, and hundreds of documents comprising thousands of pages from others. This burden is compounded to the extent this request purports to require each of those agencies to search their records for materials that are likely to be duplicative, particularly since Plaintiffs have represented that this request "does not encompass communications within agencies." *See* ECF No. 228 at 4 n.5 (quoting ECF No. 218 at 14). Accordingly, Defendants will construe this request as requiring searches of materials only in the possession, custody, and control of Defendants OMB, OPM, and DOGE.

Defendants further object to this request as overbroad, unduly burdensome, unduly vague, and not proportional to the needs of the case to the extent that it seeks "[a]ll communications," broadly defined, that "discuss[]" Agency RIF and Reorganization Plans (AARPs) in any manner. Defendants will construe this request as both (1) excluding communications addressing the implementation of any agency's AARP or reorganization and (2) excluding any discussions related to potential responses to inquiries from entities outside the Executive Branch or with any agency Inspectors General regarding Agency RIF and Reorganization Plans.

Defendants further object to this request on the ground that the phrase "the present" is unduly vague; Defendants construe "the present" to refer to July 10, 2025, the date these requests were served. Defendants also object to this request to the extent it seeks information protected against disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or by any relevant statutes or regulations by which Defendants are bound. In light of Defendants' other objections, particularly those relating to overbreadth and privilege, Defendants further object to this request to the extent it purports to require production of any

1   materials before the Court has entered a suitable Protective Order for the protection of confidential

2   information and Clawback Order governing the protection of inadvertently produced privileged

3   information. To the extent Defendants produce any materials in response to this request,

4   Defendants do not intend to waive any privilege or protection from disclosure and do so with the

5   understanding that they will be able to claw back any inadvertently produced privileged materials

6   and subsequently designate any confidential materials as confidential under appropriate Clawback

7   and Protective Orders. Accordingly, Defendants' production of documents pursuant to this request

8   is based on the understanding that any produced documents will not be made public until 14 days

9   after the parties have agreed on a protective order, the Court has entered the order, and Defendants

10  complete their review of the produced material to determine what material should be deemed

11  protected.

12       **Response:** Subject to and without waiving the foregoing objections, Defendants will

13  produce those portions of any responsive documents located after a reasonable search over which

14  Defendants are not claiming a privilege.

15

16  **REQUEST FOR PRODUCTION NO. 2:** To the extent not previously produced by Defendants

17  in this litigation pursuant to a court order, all Federal Agency Defendant applications for waivers

18  of statutorily-mandated RIF notice periods.

19       **Objections:** Defendants object to this request as irrelevant to the claims before the court

20  and any plausible relief that could be granted, because the documents sought would relate to

21  potential future RIFs which have not been finalized, announced, or implemented. Further, this

22  court is without jurisdiction to adjudicate any challenge to any such RIF, which is subject to the

23  comprehensive statutory scheme under the CSRA and related statutes. To the extent this court

24  would have jurisdiction over any such RIF at all, it would only be after any such RIF is finalized

25  and based on the administrative record supporting that final decision (which necessarily cannot

26  exist prior to the decision at issue being finalized). Defendants object to this request as overbroad,

27  unduly burdensome, and not proportional to the needs of the case to the extent it purports to require

28  more than 25 different federal agencies and government entities to search their records for

materials that are likely to be duplicative; Defendants will construe this request as requiring a reasonable search in the possession of the agency most likely to have such information, i.e., Defendant OPM. Defendants further object to this request as overbroad and unduly vague in that it contains no date limitation. Defendants construe this request as being limited to the period from February 11, 2025, the date Executive Order 14,210 was issued, to July 10, 2025, the date these requests were served. Defendants also object to this request to the extent it seeks information protected against disclosure by the deliberative-process privilege, the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or by any relevant statutes or regulations by which Defendants are bound. To the extent Defendants produce any materials in response to this request, Defendants do not intend to waive any privilege or protection from disclosure and do so with the understanding that they will be able to claw back any inadvertently produced privileged materials and subsequently designate any confidential materials as confidential under appropriate Clawback and Protective Orders. Defendants' production of documents pursuant to this Request is based on the understanding that any produced documents will not be made public until 14 days after the parties have agreed on a protective order, the Court has entered the Order, and Defendants complete their review of the produced material to determine what material should be deemed protected.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege.

**REQUEST FOR PRODUCTION NO. 3:** To the extent not previously produced by Defendants in this litigation pursuant to court order, all responses by OMB or OPM to any Federal Agency Defendant's request for waivers of statutorily mandated RIF notice periods.

**Objections:** Defendants object to this request as irrelevant to the claims before the court and any plausible relief that could be granted, because the documents sought would relate to potential future RIFs which have not been finalized, announced, or implemented. Further, this court is without jurisdiction to adjudicate any challenge to any such RIF, which is subject to the

comprehensive statutory scheme under the CSRA and related statutes. To the extent this court would have jurisdiction over any such RIF at all, it would only be after any such RIF is finalized and based on the administrative record supporting that final decision (which necessarily cannot exist prior to the decision at issue being finalized). Defendants object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require more than 25 different federal agencies and government entities to search their records for materials that are likely to be duplicative; Defendants will construe this request as requiring a reasonable search for documents in the possession of the agency most likely to have such information, i.e., Defendant OPM. Defendants further object to this request as overbroad and unduly vague in that it contains no date limitation. Defendants construe this request as being limited to the period from February 11, 2025, the date Executive Order 14,210 was issued, to July 10, 2025, the date these requests were served. Defendants also object to this request to the extent it seeks information protected against disclosure by the deliberative-process privilege, the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or by any relevant statutes or regulations by which Defendants are bound. To the extent Defendants produce any materials in response to this request, Defendants do not intend to waive any privilege or protection from disclosure and do so with the understanding that they will be able to claw back any inadvertently produced privileged materials and subsequently designate any confidential materials as confidential under appropriate Clawback and Protective Orders. Defendants' production of documents pursuant to this Request is based on the understanding that any produced documents will not be made public until 14 days after the parties have agreed on a protective order, the Court has entered the Order, and Defendants complete their review of the produced material to determine what material should be deemed protected.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege.

Dated: August 11, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
Acting United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

s/ Cesar Azrak
Cesar Azrak
Andrew Bernie
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0693
cesar.e.azrak@usdoj.gov

*Counsel for Defendants*