CRAIG H. MISSAKIAN
United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-6748

BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
MARIANNE F. KIES
CESAR E. AZRAK
Trial Attorneys
Civil Division, Federal Programs Branch

    1100 L Street, NW
    Washington, DC 20005
    Telephone: (202) 353-1819
    Marianne.F.Kies@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*, <br><br>     *Plaintiffs,* <br><br>       *v.* <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br>     *Defendants.* | No. 3:25-cv-03698-SI <br><br><br> **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT (DKT. 270)** |

Defendants hereby answer the claims of the Second Amended Complaint (Dkt. 270) ("SAC") as follows.

## PRELIMINARY STATEMENT

A. The SAC contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in their entirety, in context, and in unmodified form.

B. Except as otherwise expressly stated herein, the United States denies each and every allegation in the SAC—including any allegations in preambles, unnumbered paragraphs, subparagraphs, prayer for relief, titles, headings, and subheadings.

C. The United States reserves the right to seek to amend and supplement its Answer and its defenses as may be appropriate or necessary.

## INTRODUCTION[*]

The first paragraph of Plaintiffs' Introduction consists of Plaintiffs' characterization of this action, to which no response is required. The second paragraph of Plaintiffs' Introduction similarly consists of Plaintiffs' characterization of this action, as well as legal conclusions and Plaintiffs' characterization of Executive Order 14210, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

1.    The allegations contained in Paragraph 1 consist of legal conclusions and Plaintiffs' characterizations of Supreme Court caselaw, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

2.    The allegations contained in Paragraph 2 consist of legal conclusions and Plaintiffs'

---

[*] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of Plaintiffs' Second Amended Complaint. Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated.

characterizations of Supreme Court caselaw and a Report by the Congressional Research Service, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

3.    The allegations contained in Paragraph 3 consist of legal conclusions and Plaintiffs' characterizations of a presidential announcement, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited announcement for a full and accurate statement of its contents.[1]

4.    The allegations contained in Paragraph 4 consist of Plaintiffs' characterizations of a presidential announcement, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited announcement for a full and accurate statement of its contents.

5.    The allegations contained in Paragraph 5 consist of Plaintiffs' characterizations of Executive Order 14158 and presidential memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.[2]

6.    The allegations contained in Paragraph 6 consist of legal conclusions and Plaintiffs' characterizations of various Executive Orders, an agency Press Release, and a decision by the U.S. District Court for the District of Columbia, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited

---

[1] The allegations contained in Footnote 1 consist of Plaintiffs' characterizations of a presidential announcement, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited announcement for a full and accurate statement of its contents.

[2] The allegations contained in Footnote 2 consist of Plaintiffs' characterizations of an online Reuters article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

authorities for a full and accurate statement of their contents.

7.    The allegations contained in Paragraph 7 consist of Plaintiffs' characterizations of Executive Order 14210, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to Executive Order 14210 for a full and accurate statement of its contents.

8.    The allegations contained in Paragraph 8 consist of legal conclusions and Plaintiffs' characterizations of Executive Order 14210, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to Executive Order 14210 for a full and accurate statement of its contents, and otherwise deny the allegations.

9.    The allegations contained in Paragraph 9 consist of legal conclusions and Plaintiffs' characterizations of Executive Order 14210 and a White House Fact Sheet, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to Executive Order 14210 and the cited Fact Sheet for a full and accurate statement of their contents, and otherwise deny the allegations.[3]

10.    The allegations contained in Paragraph 10 consist of legal conclusions and Plaintiffs' characterizations of various presidential remarks and a White House Fact Sheet, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

11.    The allegations contained in Paragraph 11 consist of legal conclusions and Plaintiffs' characterizations of a Congressional Research Service Report and a Heritage Foundation Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents. Defendants specifically deny that the President lacked

---

[3] Footnote 3 consists of a citation to a White House Fact Sheet, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Fact Sheet for a full and accurate statement of its contents.

authority to propound Executive Order 14210.

12.     The allegations contained in Paragraph 12 consist of legal conclusions and Plaintiffs' characterizations of an Executive Order and Office of Management and Budget ("OMB") Recommendations, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents, and otherwise deny the allegations.[4] Defendants specifically deny that the President lacked authority to propound Executive Order 14210.

13.     The allegations contained in Paragraph 13 consist of legal conclusions and Plaintiffs' characterizations of an OMB Memorandum and Fox News video, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents, and otherwise deny the allegations.[5] Defendants specifically deny that Defendants are implementing "unconstitutional and unlawful orders."

14.     The allegations contained in Paragraph 14 consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, denied.

15.     The allegations contained in Paragraph 15 consist of legal conclusions and Plaintiffs' characterizations of various court decisions, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

16.     The allegations contained in Paragraph 16 consist of Plaintiffs' characterizations of various sources putatively quoting presidential statements, to which no response is required. To

---

[4] The allegations contained in Footnote 4 consist of Plaintiffs' characterizations of an Executive Order and citation to OMB recommendations, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

[5] Footnote 5 consists of a citation to a Fox News video, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited video for a full and accurate statement of its contents.

the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.[6],[7]

17.    The allegations contained in Paragraph 17 consist of Plaintiffs' characterizations of various statements putatively made by members of the Administration, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.[8], [9],[10]

18.    The allegations contained in Paragraph 18 consist of legal conclusions and Plaintiffs' characterizations of unspecified communications and a Washington Post article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[11]

19.    The allegations contained in Paragraph 19 consist of legal conclusions, argument, and Plaintiffs' characterizations of unspecified "RIF notices," "press coverage," "leaked government documents," and other unidentified materials, to which no response is required. To

---

[6] Footnote 6 consists of a citation to remarks at the Sean Hannity Show, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited remarks for a full and accurate statement of their contents.

[7] Footnote 7 consists of a citation to presidential remarks, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited remarks for a full and accurate statement of their contents.

[8] Footnote 8 consists of a citation to a White House Press Briefing, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited remarks for a full and accurate statement of their contents.

[9] Footnote 9 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

[10] Footnote 10 consists of a citation to a Fox News video, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited video for a full and accurate statement of its contents.

[11] Footnote 11 consists of a citation to a Washington Post article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19.

20.    The allegations contained in Paragraph 20 consist of legal conclusions, argument, and Plaintiffs' characterizations of myriad third-party sources or agency press releases, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.[12], [13], [14]

21.    The allegations contained in Paragraph 21 consist of legal conclusions and argument, to which no response is required. To the extent that a response is deemed required, denied.

22.    The allegations contained in Paragraph 22 consist of legal conclusions and argument, to which no response is required. To the extent that a response is deemed required, denied.

23.    The allegations contained in Paragraph 23 consist of legal conclusions, argument, and Plaintiffs' characterizations of a Yahoo news article and Health and Human Services ("HHS") Fact Sheet, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of

---

[12] Footnote 12 consists of a citation to an Agency Press Release, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Press Release for a full and accurate statement of its contents.

[13] Footnote 13 consists of citations to articles on various websites, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited websites for a full and accurate statement of their contents.

[14] Footnote 14 consists of a citation to an online Reuters article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

their contents. Otherwise, denied.[15],[16]

24.    The allegations contained in Paragraph 24 consist of legal conclusions, argument, and Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is deemed required, denied.

25.    The allegations contained in Paragraph 25 consist of legal conclusions, argument, and Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is deemed required, denied.

## JURISDICTION AND VENUE

26.    The allegations contained in Paragraph 26 consist of a legal conclusion, to which no response is required. To the extent that a response is deemed required, denied.

27.    The allegations contained in the first sentence of Paragraph 27 consist of a legal conclusion, to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 27.

28.    The allegations contained in Paragraph 28 consist of a legal conclusion, to which no response is required.

## PARTIES

29.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29.

30.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30.

31.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31.

---

[15] Footnote 15 consists of a citation to a Yahoo News article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[16] Footnote 16 consists of a citation to an HHS Fact Sheet, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Fact Sheet for a full and accurate statement of its contents.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 56.

57.     Defendants admit that Donald J. Trump is the President of the United States. The remainder of Paragraph 57 consists of Plaintiffs' characterization of this action, to which no response is required.

58.     Defendants admit that the Office of Management and Budget ("OMB") is a federal

agency headquartered in Washington, D.C. The remainder of Paragraph 58 consists of legal conclusions, to which no response is required.

59.    Defendants admit that Russell Vought is the Director of OMB. The remainder of Paragraph 59 consists of Plaintiffs' characterization of this action, to which no response is required.

60.    Defendants admit that the Office of Personnel Management ("OPM") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 60 consists of legal conclusions, to which no response is required.

61.    Defendants admit that Scott Kupor is the Director of OPM. The remainder of Paragraph 61 consists of Plaintiffs' characterization of this action, to which no response is required.

62.    Defendants admit that United States DOGE Service ("USDS") is headquartered in Washington, D.C. The remainder of Paragraph 62 consists of legal conclusions, to which no response is required. Defendants specifically deny that USDS is an "agency" under the APA.

63.    Defendants admit that Amy Gleason is the Acting Administrator of USDS. The remainder of Paragraph 63 consists of Plaintiffs' characterization of this action, to which no response is required.

64.    Paragraph 64 consists of legal conclusions and Plaintiffs' characterization of this action, to which no response is required.

65.    Defendants admit that the United States Department of Agriculture ("USDA") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 65 consists of legal conclusions, to which no response is required.

66.    Defendants admit that Brooke Rollins is the Secretary of Agriculture. The remainder of Paragraph 66 consists of Plaintiffs' characterization of this action, to which no response is required.

67.    Defendants admit that the United States Department of Commerce ("Commerce") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 67 consists of

legal conclusions, to which no response is required.

68.    Defendants admit that Howard Lutnick is the Secretary of Commerce. The remainder of Paragraph 68 consists of Plaintiffs' characterization of this action, to which no response is required.

69.    Defendants admit that the United States Department of Defense ("DoD") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 69 consists of legal conclusions, to which no response is required.

70.    Defendants admit that Pete Hegseth is the Secretary of Defense. The remainder of Paragraph 70 consists of Plaintiffs' characterization of this action, to which no response is required.

71.    Defendants admit that the United States Department of Energy ("Energy") is a federal agency headquartered in Washington, D.C. The remainder of paragraph 71 consists of legal conclusions, to which no response is required.

72.    Defendants admit that Chris Wright is the Secretary of Energy. The remainder of Paragraph 72 consists of Plaintiffs' characterization of this action, to which no response is required.

73.    Defendants admit that the United States Department of Health and Human Services ("HHS") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 73 consists of legal conclusions, to which no response is required.

74.    Defendants admit that Robert F. Kennedy Jr. is the Secretary of HHS. The remainder of Paragraph 74 consists of Plaintiffs' characterization of this action, to which no response is required.

75.    Defendants admit that the United States Department of Homeland Security ("DHS") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 75 consists of legal conclusions, to which no response is required.

76.    Defendants admit that Kristi Noem is the Secretary of DHS. The remainder of Paragraph 76 consists of Plaintiffs' characterization of this action, to which no response is

required.

77.     Defendants admit that the United States Department of Housing and Urban Development ("HUD") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 77 consists of legal conclusions, to which no response is required.

78.     Defendants admit that Scott Turner is the Secretary of HUD. The remainder of Paragraph 78 consists of Plaintiffs' characterization of this action, to which no response is required.

79.     Defendants admit that the United States Department of Justice ("DOJ") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 79 consists of legal conclusions, to which no response is required.

80.     Defendants admit that Pam Bondi is the Attorney General. The remainder of Paragraph 80 consists of Plaintiffs' characterization of this action, to which no response is required.

81.     Defendants admit that the United States Department of the Interior ("DoI") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 81 consists of legal conclusions, to which no response is required.

82.     Defendants admit that Doug Burgum is the Secretary of Interior. The remainder of Paragraph 82 consists of Plaintiffs' characterization of this action, to which no response is required.

83.     Defendants admit that the United States Department of Labor ("DoL") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 83 consists of legal conclusions, to which no response is required.

84.     Defendants admit that Lori Chavez-DeRemer is the Secretary of Labor. The remainder of Paragraph 84 consists of Plaintiffs' characterization of this action, to which no response is required.

85.     Defendants admit that the United States Department of State ("State") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 85 consists of legal

conclusions, to which no response is required.

86.     Defendants admit that Marco Rubio is the Secretary of State. The remainder of Paragraph 86 consists of Plaintiffs' characterization of this action, to which no response is required.

87.     Defendants admit that the United States Department of Treasury ("Treasury") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 87 consists of legal conclusions, to which no response is required.

88.     Defendants admit that Scott Bessent is the Secretary of Treasury. The remainder of Paragraph 88 consists of Plaintiffs' characterization of this action, to which no response is required.

89.     Defendants admit that the United States Department of Transportation ("DOT") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 89 consists of legal conclusions, to which no response is required.

90.     Defendants admit that Sean Duffy is the Secretary of Transportation. The remainder of Paragraph 90 consists of Plaintiffs' characterization of this action, to which no response is required.

91.     Defendants admit that the United States Department of Veterans Affairs ("the VA") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 91 consists of legal conclusions, to which no response is required.

92.     Defendants admit that Doug Collins is the Secretary of Veterans Affairs. The remainder of Paragraph 92 consists of Plaintiffs' characterization of this action, to which no response is required.

93.     Defendants admit that AmeriCorps is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 93 consists of legal conclusions, to which no response is required.

94.     Defendants admit that Jennifer Bastress Tahmasebi is the Interim Agency Head of AmeriCorps. The remainder of Paragraph 94 consists of Plaintiffs' characterization of this action,

to which no response is required.

95.    Defendants admit that the United States Environmental Protection Agency ("EPA") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 95 consists of legal conclusions, to which no response is required.

96.    Defendants admit that Lee Zeldin is the EPA Administrator. The remainder of Paragraph 96 consists of Plaintiffs' characterization of this action, to which no response is required.

97.    Defendants admit that the United States General Services Administration ("GSA") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 97 consists of legal conclusions, to which no response is required.

98.    Defendants admit that Michael Rigas is the GSA Acting Administrator. The remainder of Paragraph 98 consists of Plaintiffs' characterization of this action, to which no response is required.

99.    Defendants admit that the National Labor Relations Board ("NLRB") is a federal agency headquartered in Washington, D.C. The remainder of Paragraph 99 consists of legal conclusions, to which no response is required.

100.    Defendants admit that David M. Prouty is currently the sole Member of the NLRB. The remainder of Paragraph 100 consists of Plaintiffs' characterization of this action, to which no response is required.

101.    Defendants admit that William Cowen is Acting General Counsel of the NLRB. The remainder of Paragraph 101 consists of Plaintiffs' characterization of this action, to which no response is required.

102.    Defendants admit that the National Science Foundation ("NSF") is a federal agency headquartered in Alexandria, Virginia. The remainder of Paragraph 102 consists of legal conclusions, to which no response is required.

103.    Defendants admit that Brian Stone is Acting Director of the NSF. The remainder of Paragraph 103 consists of Plaintiffs' characterization of this action, to which no response is

1   required.

2         104.    Defendants admit that the Peace Corps is a federal agency headquartered in

3   Washington, D.C. The remainder of Paragraph 104 consists of legal conclusions, to which no

4   response is required.

5         105.    Defendants admit that Paul Shea is the Chief Executive Officer of the Peace Corps.

6   The remainder of Paragraph 105 consists of Plaintiffs' characterization of this action, to which no

7   response is required.

8         106.    Defendants admit that the United States Small Business Administration ("SBA") is

9   a federal agency headquartered in Washington, D.C. The remainder of Paragraph 106 consists of

10   legal conclusions, to which no response is required.

11         107.    Defendants admit that Kelly Loeffler is the Administrator of the SBA. The

12   remainder of Paragraph 107 consists of Plaintiffs' characterization of this action, to which no

13   response is required.

14         108.    Defendants admit that the United States Social Security Administration ("SSA") is

15   a federal agency headquartered in Baltimore, Maryland. The remainder of Paragraph 108 consists

16   of legal conclusions, to which no response is required.

17         109.    Defendants admit that Frank Bisignano is the Commissioner of the SSA. The

18   remainder of Paragraph 109 consists of Plaintiffs' characterization of this action, to which no

19   response is required.

20

21                         **FACTUAL ALLEGATIONS**

22   **I.**      **The Constitution's Distribution of Legislative and Executive Authority With**

23         **Respect to the Agencies of the Federal Government**

24         110.    The allegations contained in Paragraph 110 consist of legal conclusions and

25   Plaintiffs' characterizations of Supreme Court caselaw and the United States Constitution, to

26   which no response is required. To the extent that a response is deemed required, Defendants

27   respectfully refer the Court to the cited authorities for a full and accurate statement of their

28   contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

111.    The allegations contained in Paragraph 111 consist of Plaintiffs' characterizations of a Heritage Foundation essay and a Law Journal article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.[17]

112.    The allegations contained in Paragraph 112 consist of legal conclusions and Plaintiffs' characterizations of various federal statutes, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents.

113.    The allegations contained in Paragraph 113 consist of legal conclusions and Plaintiffs' characterizations of the United States Constitution, Supreme Court caselaw, and the Federalist Papers, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

114.    The allegations contained in Paragraph 114 consist of legal conclusions and Plaintiffs' characterizations of the United States Constitution and Supreme Court caselaw, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

115.    The allegations contained in Paragraph 115 consist of legal conclusions and Plaintiffs' characterizations of Supreme Court caselaw, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

116.    The allegations contained in Paragraph 116 consist of legal conclusions and Plaintiffs' characterizations of the United States Constitution and Supreme Court caselaw, to

[17] Footnote 17 consists of a parallel citation to the Heritage Foundation essay, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited essay for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

117. The allegations contained in Paragraph 117 consist of legal conclusions and Plaintiffs' characterizations of Supreme Court caselaw and a Supreme Court pleading, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

118. The allegations contained in Paragraph 118 consist of legal conclusions and Plaintiffs' characterizations of Supreme Court caselaw to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents.

119. The allegations contained in Paragraph 119 consist of legal conclusions and Plaintiffs' characterizations of various federal statutes, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents.

120. The allegations contained in Paragraph 120 consist of legal conclusions and Plaintiffs' characterizations of various federal statutes, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents.

121. The allegations contained in Paragraph 120 consist of legal conclusions, argument, and Plaintiffs' characterizations of Supreme Court caselaw, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents. Defendants specifically deny that the President lacked authority to propound Executive Order 14210.

122. The allegations contained in Paragraph 122 consist of legal conclusions and argument, to which no response is required. To the extent that a response is deemed required, denied. Defendants specifically deny that the President lacked authority to propound Executive

1  Order 14210.

## II.   The 100-Year History of Congressionally Authorized Government Reorganization

123.    The allegations contained in Paragraph 123 consist of legal conclusions and Plaintiffs' characterizations of various federal statutes, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents.

124.    The allegations contained in Paragraph 124 consist of legal conclusions and Plaintiffs' characterizations of a Congressional Research Service Report, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Report for a full and accurate statement of its contents.

125.    The allegations contained in Paragraph 125 consist of legal conclusions and Plaintiffs' characterizations of a House of Representatives committee report, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited report for a full and accurate statement of its contents.

126.    The allegations contained in Paragraph 126 consist of legal conclusions, argument, and Plaintiffs' characterizations of federal statutes, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents.

127.    The allegations contained in Paragraph 127 consist of legal conclusions, argument, and Plaintiffs' characterizations of a federal statute, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statute for a full and accurate statement of its contents.

128.    The allegations contained in Paragraph 128 consist of legal conclusions, argument, and Plaintiffs' characterizations of various sources, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

129.    The allegations contained in Paragraph 129 consist of legal conclusions, argument,

and Plaintiffs' characterizations of various legislative sources, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

130.    The allegations contained in Paragraph 130 consist of legal conclusions, argument, and Plaintiffs' characterizations of various statutory and non-statutory sources, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

131.    The allegations contained in Paragraph 131 consist of legal conclusions and argument, to which no response is required. To the extent that a response is deemed required, denied. Defendants specifically deny that the President lacked authority to propound Executive Order 14210.

### III.    President Trump's First Unsuccessful Attempt at Government Reorganization

132.    The allegations contained in Paragraph 132 consist of legal conclusions and argument, to which no response is required. To the extent that a response is deemed required, denied. Defendants specifically deny that the President lacked authority to propound Executive Order 14210.

133.    The allegations contained in Paragraph 133 consist of Plaintiffs' characterizations of an Executive Order and implementing Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.[18]

134.    The allegations contained in Paragraph 134 consist of Plaintiffs' characterizations of an OMB Reform Plan and Reorganization Recommendations (June 2018), to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the

---

[18] Footnote 18 consists of a parallel citation to the OMB implementing Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents.

Court to the cited Plan for a full and accurate statement of its contents.[19]

135.    The allegations contained in Paragraph 135 consist of Plaintiffs' characterizations of an OMB Reform Plan and Reorganization Recommendations (June 2018), to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Plan for a full and accurate statement of its contents.

136.    The allegations contained in Paragraph 136 consist of legal conclusions, argument, and Plaintiffs' characterizations of various legislative sources, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.[20], [21], [22]

137.    The allegations contained in Paragraph 137 consist of Plaintiffs' characterizations of a report by the presidential Administration, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited report for a full and accurate statement of its contents.[23]

138.    The allegations contained in Paragraph 138 consist of Plaintiffs' characterizations of various congressional hearings, to which no response is required. To the extent that a response

---

[19] Footnote 19 consists of a parallel citation to an OMB Reform Plan and Reorganization Recommendations (June 2018), to which response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Plan for a full and accurate statement of its contents.

[20] Footnote 20 consists of a parallel citation to a House of Representatives Bill, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Bill for a full and accurate statement of its contents.

[21] Footnote 21 consists of a parallel citation to a Senate Bill, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Bill for a full and accurate statement of its contents.

[22] Footnote 22 consists of a parallel citation to a Senate Committee Report, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Report for a full and accurate statement of its contents.

[23] Footnote 23 consists of a parallel citation to a report by the presidential Administration, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Report for a full and accurate statement of its contents.

1    is deemed required, Defendants respectfully refer the Court to the cited sources for a full and

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

1  accurate statement of their contents.[24], [25], [26], [27], [28], [29], [30], [31], [32], [33], [34], [35], [36], [37], [38]

2      139.    The allegations contained in Paragraph 139 consist of Plaintiffs' characterizations

3

4

5      [24] Footnote 24 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

6

7      [25] Footnote 25 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

8

9      [26] Footnote 26 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

10

11      [27] Footnote 27 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

12

13      [28] Footnote 28 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

14

15      [29] Footnote 29 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

16

17      [30] Footnote 30 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

18

19      [31] Footnote 31 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

20

21      [32] Footnote 32 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

22

23      [33] Footnote 33 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

24

25      [34] Footnote 34 consists of a parallel citation to a congressional hearing, to which no
response is required. To the extent that a response is deemed required, Defendants respectfully
refer the Court to the cited hearing for a full and accurate statement of its contents.

26

27

28

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

of a Congressional Research Service Report, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Report for a full and accurate statement of its contents.[39]

140.    The allegations contained in Paragraph 140 consist of Plaintiffs' characterizations of various online articles, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.[40], [41], [42], [43]

---

[35] Footnote 35 consists of a parallel citation to a congressional hearing, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited hearing for a full and accurate statement of its contents.

[36] Footnote 36 consists of a parallel citation to a congressional hearing, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited hearing for a full and accurate statement of its contents.

[37] Footnote 37 consists of a parallel citation to a congressional hearing, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited hearing for a full and accurate statement of its contents.

[38] Footnote 38 consists of a parallel citation to a congressional hearing, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited hearing for a full and accurate statement of its contents.

[39] Footnote 39 consists of a parallel citation to a Congressional Research Service Report, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Report for a full and accurate statement of its contents.

[40] Footnote 40 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[41] Footnote 41 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[42] Footnote 42 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[43] Footnote 43 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

## IV.    President Trump's Second-Term Reorganization Without Congressional Authorization

141.    The allegations contained in Paragraph 141 consist of legal conclusions and argument, to which no response is required. To the extent that a response is deemed required, denied. Defendants specifically deny that the President lacked authority to propound Executive Order 14210.

142.    The allegations contained in Paragraph 142 consist of Plaintiffs' characterizations of an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[44]

### A.    The Mandate to OMB, OPM, and USDS to Reform and Downsize

143.    The allegations contained in Paragraph 143 consist of Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents.

144.    The allegations contained in Paragraph 144 consist of Plaintiffs' characterizations of a Presidential Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents.[45]

145.    The allegations contained in Paragraph 145 consist of Plaintiffs' characterizations of various federal court "findings," to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited caselaw for a full and

---

[44] Footnote 44 putatively consists of an online interview of the President, but the link does not function; therefore, no response is required. To the extent a proper link exists, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[45] Footnote 45 consists of a parallel citation to a Presidential Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents.

accurate statement of its contents, and otherwise deny the allegations.

146. The allegations contained in Paragraph 146 consist of Plaintiffs' characterizations of an interview of Elon Musk, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited interview for a full and accurate statement of its contents, and otherwise deny the allegations.[46]

147. The allegations contained in Paragraph 147 consist of argument, legal conclusions, and Plaintiffs' characterizations of Executive Orders, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Orders for a full and accurate statement of their contents.

148. The allegations contained in Paragraph 148 consist of Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents.

149. The allegations contained in Paragraph 149 consist of Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents.

150. The allegations contained in Paragraph 150 consist of argument and Plaintiffs' characterizations of an Executive Order and various online news articles, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents, and otherwise deny the

---

[46] Footnote 45 consists of a parallel citation to an interview of Elon Musk, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited interview and transcript for a full and accurate statement of their contents.

allegations.[47], [48], [49]

151.    The allegations contained in Paragraph 151 consist of argument and legal conclusions, to which no response is required. To the extent that a response is deemed required, admitted that OPM announced and implemented a voluntary Deferred Resignation Program for eligible federal employees titled "Fork in the Road" and transmitted a series of weekly emails over a period of time requesting that federal employees respond providing a list of workplace activities undertaken the previous week via 5 bullet points; otherwise, denied.

**B.    President's February 11, 2025 Executive Order to All Federal Agencies to Downsize and Reorganize Themselves Via Agency RIF and Reorganization Plans**

152.    The allegations contained in Paragraph 152 consist of Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents, and otherwise deny the allegations.

153.    The allegations contained in Paragraph 153 consist of Plaintiffs' characterizations of an Executive Order, federal statutes, and a government website, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.[50]

---

[47] Footnote 47 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[48]  Footnote 48 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[49] Footnote 49 consists of citation to online articles, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited articles for a full and accurate statement of their contents.

[50] Footnote 50 consists of a citation to a government website, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited website for a full and accurate statement of its contents.

154. The allegations contained in Paragraph 154 consist of Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents.

155. The allegations contained in Paragraph 155 consist of argument, legal conclusions, and Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents, and otherwise deny the allegations. Defendants specifically deny that the President lacked authority to propound Executive Order 14210.

156. The allegations contained in Paragraph 156 consist of Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents.

157. The allegations contained in Paragraph 157 consist of Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents.

158. The allegations contained in Paragraph 158 consist of argument and Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Executive Order for a full and accurate statement of its contents.

C.    **OMB, OPM, and USDS Implementation of the President's Orders: February 26 Directive, March 13 Deadline, and April 14 Deadline**

159. The allegations contained in Paragraph 159 consist of Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full

1    and accurate statement of its contents.

2        160.    The allegations contained in Paragraph 160 consist of Plaintiffs' characterizations

3    of an OMB and OPM Memorandum, to which no response is required. To the extent that a response

4    is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full

5    and accurate statement of its contents.

6        161.    The allegations contained in Paragraph 161 consist of Plaintiffs' characterizations

7    of an OMB and OPM Memorandum, to which no response is required. To the extent that a response

8    is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full

9    and accurate statement of its contents.

10        162.    The allegations contained in Paragraph 162 consist of argument, legal conclusions,

11    and Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is

12    required. To the extent that a response is deemed required, Defendants respectfully refer the Court

13    to the cited Memorandum for a full and accurate statement of its contents, and otherwise deny the

14    allegations. Defendants specifically deny that OMB and OPM lacked authority to propound the

15    Memorandum.

16

17        163.    The allegations contained in Paragraph 163 consist of Plaintiffs' characterizations

18    of an OMB and OPM Memorandum, to which no response is required. To the extent that a response

19    is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full

20    and accurate statement of its contents.

21        164.    The allegations contained in Paragraph 164 consist of Plaintiffs' characterizations

22    of an OMB and OPM Memorandum, to which no response is required. To the extent that a response

23    is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full

24    and accurate statement of its contents.

25        165.    The allegations contained in Paragraph 165 consist of Plaintiffs' characterizations

26    of an OMB and OPM Memorandum, to which no response is required. To the extent that a response

27    is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full

28    and accurate statement of its contents.

166.    The allegations contained in Paragraph 166 consist of Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents.

167.    The allegations contained in Paragraph 167 consist of Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents.

168.    The allegations contained in Paragraph 168 consist of Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents.

169.    The allegations contained in Paragraph 169 consist of Plaintiffs' characterizations of an OMB and OPM Memorandum, and a federal regulation and federal statute, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

170.    The allegations contained in Paragraph 170 consist of Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents.

171.    The allegations contained in Paragraph 171 consist of Plaintiffs' speculation ("on information and belief"), argument, legal conclusions, and Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations. Defendants specifically deny that OMB and OPM lacked authority to propound the Memorandum.

172.    The allegations contained in Paragraph 172 consist of argument, legal conclusions,

and Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations. Defendants specifically deny that OMB and OPM lacked authority to propound the Memorandum.

173.    The allegations contained in Paragraph 173 consist of argument, legal conclusions, and Plaintiffs' characterizations of an OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited Memorandum for a full and accurate statement of its contents, and otherwise deny the allegations. Defendants specifically deny that OMB and OPM lacked authority to propound the Memorandum.

174.    The allegations contained in Paragraph 174 consist of Plaintiffs' speculation ("on information and belief"), argument, and legal conclusions, to which no response is required. To the extent that a response is deemed required, denied.

175.    The allegations contained in Paragraph 175 consist of argument, legal conclusions, and Plaintiffs' characterizations of an Executive Order and OMB and OPM Memorandum, to which no response is required. To the extent that a response is deemed required, denied.

**D.    OMB, OPM, and USDS Lack of Statutory Authority to Order Agencies to Reorganize or Engage in a RIF**

176.    The allegations contained in Paragraph 176 consist of argument, legal conclusions, and Plaintiffs' characterizations of federal statutes, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents, and otherwise deny the allegations. Defendants specifically deny that OMB and OPM lacked authority to propound the Memorandum.

177.    The allegations contained in Paragraph 177 consist of argument, legal conclusions, and Plaintiffs' characterizations of federal statutes and Court orders, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court

to the cited authorities for a full and accurate statement of their contents, and otherwise deny the allegations. Defendants specifically deny that OMB and OPM lacked authority to propound the Memorandum.

178.    The allegations contained in Paragraph 178 consist of argument and legal conclusions, to which no response is required. To the extent that a response is deemed required, denied.

**E.    The Administration's Lack of Transparency Regarding Reorganization Plans**

179.    Admitted that the Trump Administration has never made public a written "18-month DOGE agenda" referenced in Executive Order 14158; denied that the Administration was under any legal or other obligation to do so, to the extent it exists.

180.    Admitted that the Trump Administration has never made public any USDS-created written plan to "reduce the size of the Federal Government's workforce"; denied that the Administration was under any legal or other obligation to make public any such plan, to the extent it exists.

181.    The allegations contained in Paragraph 181 consist of Plaintiffs' characterizations of an interview of Elon Musk, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited interview for a full and accurate statement of its contents, and otherwise deny the allegations. Defendants specifically deny the allegation that Mr. Musk was speaking "on behalf of USDS."[51]

182.    Admitted that the Administration has generally not made public any phase-one agency ARRPs; denied that the Administration was under any legal or other obligation to do so, given that any such ARRPs are subject to the deliberative process privilege.

183.    Admitted that the Administration has generally not made public any phase-one

---

[51] Footnote 51 consists of an internal cross reference to Footnote 9. Footnote 9 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

agency ARRPs; denied that the Administration was under any legal or other obligation to do so, given that any such ARRPs are subject to the deliberative process privilege.

184.    The allegations contained in Paragraph 184 consist of Plaintiffs' characterizations of an Executive Order, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

185.    The allegations contained in Paragraph 185 consist of Plaintiffs' characterizations of a Washington Post article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the article for a full and accurate statement of its contents.[52]

186.    The allegations contained in Paragraph 186 consist of Plaintiffs' characterizations of a Washington Post article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the article for a full and accurate statement of its contents.[53]

187.    The allegations contained in Paragraph 187 consist of Plaintiffs' characterizations of a KTNV article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the article for a full and accurate statement of its contents.[54]

188.    Admitted that the Administration has not made public any phase-two agency ARRPs; denied that the Administration was under any legal or other obligation to do so, given that

---

[52] Footnote 52 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

[53] Footnote 53 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

[54] Footnote 54 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

any such ARRPs are subject to the deliberative process privilege.

189.    Admitted that members of Congress have submitted requests for information to the Administration regarding phase-one and phase-two ARRPs.

190.    The allegations contained in Paragraph 190 consist of Plaintiffs' characterizations of a congressional "demand letter," to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited letter for a full and accurate statement of its contents.[55]

191.    The allegations contained in Paragraph 191 consist of Plaintiffs' characterizations of a letter from a group of Senators to OPM and OMB, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

192.    The allegations contained in Paragraph 192 consist of argument, legal conclusions, and Plaintiffs' characterizations of an interview of Elon Musk and others on Fox News, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited interview for a full and accurate statement of its contents.[56]

**F.  Implementation of the President's Mandated ARRPs**

193.    The allegations contained in Paragraph 193 consist of Plaintiffs' speculation regarding the content of ARRPs for which Plaintiffs do not provide a source or any other identifying information; therefore, no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 193.

---

[55] Footnote 55 consists of a parallel citation to a "demand letter" from Jeffrey Merkley to Russell Vought, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

[56] Footnote 56 consists of an internal cross reference to Footnote 9. Footnote 9 consists of a citation to an online article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

1. **OMB, OPM, and USDS Review, Approval, and Direction of ARRPs**

194.    The allegations contained in Paragraph 194 consist of argument, legal conclusions, and Plaintiffs' speculation regarding the content of ARRPs for which Plaintiffs do not provide a source or any other identifying information; therefore, no response is required. To the extent that a response is deemed required, Defendants specifically deny that all Federal Agency Defendants submitted phase-one and phase-two ARRPs pursuant to the Executive Order and OMB/OPM Memorandum.

195.    The allegations contained in Paragraph 195 consist of argument, legal conclusions, and Plaintiffs' speculation regarding OMB and OPM's response to ARRPs for which Plaintiffs do not provide a source or any other identifying information; therefore, no response is required. To the extent that a response is deemed required, denied.

196.    Defendants deny the allegations as stated in the first sentence of Paragraph 196. As to the second sentence of Paragraph 196, denied, except to admit that Brad Smith, Kendall Lindemann, Stephanie Holmes, and Kaydee James did work related to ARRPs. As to the third sentence of Paragraph 196, admitted.

197.    The allegations contained in Paragraph 197 consist of Plaintiffs' speculation ("on information and belief") regarding the alleged status of planned reductions-in-force as of April 13, 2025, for which Plaintiffs do not provide a source; therefore, no response is required. To the extent that a response is deemed required, Defendants admit that certain agencies among those named in Paragraph 197 planned to implement RIFs by April 13, 2025, or a date thereafter.

2. **Ongoing RIFs and Reorganization**

198.    Admitted that, as of May 14, 2025, certain Federal Agency Defendants had notified employees of intended reductions-in-force. Otherwise, denied.

- **Health and Human Services**

199.    The allegations contained in Paragraph 199 consist of Plaintiffs' characterizations of an HHS announcement, to which no response is required. To the extent that a

1   response is deemed required, Defendants respectfully refer the Court to the cited announcement

2   for a full and accurate statement of its contents.[57]

3       200.    The allegations contained in Paragraph 200 consist of Plaintiffs'

4   characterizations of an HHS announcement and Fact Sheet, to which no response is required. To

5   the extent that a response is deemed required, Defendants respectfully refer the Court to the cited

6   sources for a full and accurate statement of their contents.[58]

7       201.    The allegations contained in Paragraph 201 consist of Plaintiffs'

8   characterizations of an HHS Fact Sheet, to which no response is required. To the extent that a

9   response is deemed required, Defendants respectfully refer the Court to the cited Fact Sheet for a

10  full and accurate statement of its contents.

11      202.    Defendants admit that HHS issued RIF notices, some of which were subsequently

12  rescinded, to certain employees at CDC, including to certain employees at the STD lab branch;

13  certain employees who had been responding to a measles outbreak in Texas; certain employees in

14  offices on injury control, birth defects, and smoking and health; and certain NIOSH employees.

15  Defendants further admit that HHS issued RIF notices to certain employees at ACF who

16  administered programs that paid for the heating and cooling bills for low-income households and

17  who supported the development of child welfare information systems that house data related to

18  child abuse and neglect. Defendants otherwise deny the allegations in the first three sentences of

19  Paragraph 202. The allegations contained in the last sentence of Paragraph 202 consist of

20  Plaintiffs' characterizations of a Politico article, to which no response is required. To the extent

21

22

23

24

25  [57] Footnote 57 consists of a citation to an HHS announcement, to which no response is
    required. To the extent that a response is deemed required, Defendants respectfully refer the Court
26  to the cited source for a full and accurate statement of its contents.

27  [58] Footnote 58 consists of a citation to an HHS Fact Sheet, to which no response is required.
    To the extent that a response is deemed required, Defendants respectfully refer the Court to the
28  cited Fact Sheet for a full and accurate statement of its contents.

that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[59]

203.    The allegations contained in Paragraph 203 consist of Plaintiffs' characterizations of a New York Times article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[60]

204.    Admitted that HHS has not made public any phase-one or phase-two agency ARRPs; denied that HHS was under any legal or other obligation to do so, given that any such ARRPs are subject to the deliberative process privilege.

- **Department of Labor**

205.    The allegations contained in Paragraph 205 consist of Plaintiffs' characterizations of a Bloomberg Law article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[61]

206.    The allegations contained in Paragraph 206 consist of Plaintiffs' characterizations of an uncited OPM communication to DOL, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the (uncited) source for a full and accurate statement of its contents.

207.    The allegations contained in Paragraph 207 consist of Plaintiffs' characterizations of a Bloomberg Law article, to which no response is required. To the extent that

---

[59] Footnote 59 consists of a citation to an online article by Politico, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[60] Footnote 60 consists of a parallel citation to a New York Times article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[61] Footnote 61 consists of a citation to an online article by Bloomberg Law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[62]

208.    Admitted that DOL has not made public any phase-one or phase-two agency ARRPs; denied that DOL was under any legal or other obligation to do so, given that any such ARRPs are subject to the deliberative process privilege.

- **AmeriCorps**

209.    The allegations contained in Paragraph 209 consist of Plaintiffs' characterizations of an uncited AmeriCorps announcement, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the (uncited) source for a full and accurate statement of its contents.

210.    Admitted that on April 16, 2025, AmeriCorps began sending individually-addressed notices of administrative leave to AmeriCorps agency staff, both at headquarters in Washington, D.C. and in regional offices across the country, placing the vast majority of them on leave and locking them out of their computer systems shortly thereafter; otherwise denied.

211.    The allegations contained in Paragraph 211 consist of Plaintiffs' characterizations of a New York Times article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

212.    Admitted that, on April 24, 2025, AmeriCorps began delivery of RIF notices.

213.    Admitted that AmeriCorps has not made public any phase-one or phase-two agency ARRPs; denied that AmeriCorps was under any legal or other obligation to do so, given that any such ARRPs are subject to the deliberative process privilege.

- **Small Business Administration**

214.    The allegations contained in Paragraph 214 consist of Plaintiffs' characterizations of an online article, to which no response is required. To the extent that a response

---

[62] Footnote 62 consists of a citation to an online article by Bloomberg Law, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[63]

215.    Admitted.

216.    The allegations contained in Paragraph 216 consist of Plaintiffs' characterizations of a news release issued by the SBA, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited news release for a full and accurate statement of its contents.[64]

217.    The allegations contained in Paragraph 217 consist of Plaintiffs' characterizations of a news release issued by the SBA, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited news release for a full and accurate statement of its contents.

218.    Denied, except to admit that the SBA has not made its ARRPs public.

- **Environmental Protection Agency**

219.    The allegations contained in Paragraph 219 consist of Plaintiffs' characterizations of an online Reuters article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[65]

220.    Denied.

221.    The allegations contained in Paragraph 221 consist of Plaintiffs' characterizations of a New York Times article, to which no response is required. To the extent that

---

[63] Footnote 63 consists of a citation to an online article by Government Exec, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[64] Footnote 64 consists of a citation to an online news release by the SBA, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited news release for a full and accurate statement of its contents.

[65] Footnote 65 consists of a citation to an online Reuters article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[66]

222.    The allegations contained in Paragraph 222 consist of Plaintiffs' characterizations of a letter purportedly sent to members of Congress, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited letter for a full and accurate statement of its contents.[67]

223.    The allegations contained in Paragraph 223 consist largely of Plaintiffs' characterizations of a news release and an NPR article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents. To the extent a further response is deemed required, Defendants deny the allegations.[68],[69]

224.    Denied, except to admit that the EPA has not made its ARRPs public.

- **Housing and Urban Development**

225.    Denied, except to admit that some FPM employees received RIF notices that were subsequently rescinded.

226.    Denied, except to admit that HUD has not made its ARRPs public.

- **General Services Administration**

---

[66] Footnote 66 consists of a citation to a New York Times article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[67] Footnote 67 consists of a citation to a letter purportedly sent to members of Congress, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

[68] Footnote 68 consists of a citation to an EPA news release, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[69] Footnote 69 consists of a citation to an NPR article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

227.    The allegations contained in Paragraph 227 consist of Plaintiffs' characterizations of two online news articles, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited articles for a full and accurate statement of their contents.[70],[71]

228.    Denied, except to admit that GSA has not made its ARRPs public.

- **OPM**

229.    The allegations contained in Paragraph 229 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[72]

230.    Denied, except to admit that OPM has not made any ARRPs public.

2.    **Imminent RIFs in Service of Government-wide Reorganization**

231.    The allegations contained in Paragraph 231 consist of Plaintiffs' characterizations of the ensuing paragraphs, to which no response is required.  Otherwise, denied.

- **USDA**

232.    Denied, except to admit that USDA has not made its ARRPs public.

233.    The allegations contained in Paragraph 233 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a

---

[70] Footnote 70 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[71] Footnote 71 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[72] Footnote 72 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[73]

234.    The allegations contained in Paragraph 234 consist of Plaintiffs' characterizations of the same online news article cited in Footnote 72, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

235.    The allegations contained in Paragraph 235 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[74]

• **Department of Commerce**

236.    The allegations contained in Paragraph 236 consist of Plaintiffs' characterizations of two online news articles, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited articles for a full and accurate statement of their contents.[75],[76]

237.    Admitted that the Commerce Department has not made public any phase-one or phase-two agency ARRPs; denied that Commerce was under any legal or other obligation to do so, given that any such ARRPs are subject to the deliberative-process privilege.

---

[73] Footnote 73 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[74] Footnote 74 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[75] Footnote 75 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[76] Footnote 76 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

- **Department of Defense**

238.    The allegations contained in Paragraph 238 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[77]

239.    Denied, except to admit that the Defense Department has not made its ARRPs public.

- **Department of Energy**

240.    The allegations contained in Paragraph 240 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[78]

241.    The allegations contained in Paragraph 241 consist of Plaintiffs' characterizations of two online news articles, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited articles for a full and accurate statement of their contents.[79]

242.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 242.

243.    Denied, except to admit that the Energy Department has not made its ARRPs public.

- **Department of the Interior**

[77] Footnote 77 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[78] Footnote 78 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[79] Footnote 79 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

244.    The allegations contained in Paragraph 244 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[80]

245.    Defendants admit that on April 17, 2025, the Secretary of the Interior issued an order containing the language quoted in Paragraph 245.  The remaining allegations contained in this Paragraph consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[81]

246.    The allegations contained in Paragraph 246 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[82],[83]

247.    Defendants admit that the Department of the Interior has not publicly provided details regarding its ARRPs or any employees who may be impacted by any agency reorganization. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 247, which quote from "[a]n earlier memo" without citation.

---

[80] Footnote 80 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[81] Footnote 81 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[82] Footnote 82 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents

[83] Footnote 83 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

248. The allegations contained in Paragraph 248 consist of Plaintiffs' characterizations of two online news articles, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited articles for a full and accurate statement of their contents.[84],[85]

249. The allegations contained in Paragraph 249 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[86]

250. Denied, except to admit that the Interior Department has not made its ARRPs public.

- **National Labor Relations Board**

251. To the extent that this Paragraph purports to reflect the content of NLRB's ARRP, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. To the extent that this Paragraph characterizes an online news article, no response is required, but to the extent a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents. Otherwise, denied.[87]

252. Denied.

---

[84] Footnote 84 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[85] Footnote 85 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[86] Footnote 86 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[87] Footnote 87 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

253.     Denied, except to admit that the NLRB has not made its ARRPs public.

- **National Science Foundation**

254.     To the extent that this Paragraph purports to reflect the content of NSF's ARRP, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege.  To the extent that this Paragraph characterizes an online news article, no response is required, but to the extent a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents. Otherwise, denied.[88]

255.     The allegations contained in Paragraph 255 consist largely of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents. Defendants admit that on May 9, 2025, NSF sent RIF notices to all employees working in the Division of Equity for Excellence in STEM. Otherwise, denied.[89]

256.     Denied, except to admit that NSF has not made any ARRPs public.

- **Social Security Administration**

257.     To the extent that the allegations in Paragraph 257 purport to reflect the content of SSA's ARRP, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege.  To the extent that this Paragraph characterizes an online news article, no response is required, but to the extent a response is deemed required,

---

[88] Footnote 88 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[89] Footnote 89 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

1  Defendants respectfully refer the Court to the cited article for a full and accurate statement of its

2  contents.  Otherwise, denied.[90],[91]

3      258.      To the extent that this Paragraph reflects the content of SSA's ARRP,

4  Defendants neither admit nor deny the allegations because that information is protected by the

5  deliberative-process privilege.  Otherwise, denied.

6      259.      The allegations contained in Paragraph 259 consist of Plaintiffs'

7  characterizations of an online news article, to which no response is required. To the extent that a

8  response is deemed required, Defendants respectfully refer the Court to the cited article for a full

9  and accurate statement of its contents.[92]

10      260.      Denied, except to admit that the SSA has not made any ARRPs public.

11   • **State Department**

12      261.      The allegations contained in Paragraph 261 consist of Plaintiffs'

13  characterizations of an online news article, to which no response is required. To the extent that a

14  response is deemed required, Defendants respectfully refer the Court to the cited article for a full

15  and accurate statement of its contents. Otherwise, denied.[93]

16      262.      The allegations contained in Paragraph 262 consist of Plaintiffs'

17  characterizations of a press statement, to which no response is required. To the extent that a

---

[90] Footnote 90 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[91] Footnote 91 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[92] Footnote 92 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[93] Footnote 93 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

response is deemed required, Defendants respectfully refer the Court to the cited press statement for a full and accurate statement of its contents.[94]

263.    Admitted.[95]

264.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in 264, which quotes from "an 'FAQ'" but includes no citation or other identification.

265.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 265, which quotes from an uncited and unidentified source.

266.    The allegations contained in Paragraph 266 consist of Plaintiffs' characterizations of a blog post, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited blog post for a full and accurate statement of its contents.[96]

267.    The allegations contained in Paragraph 267 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[97] Otherwise, denied.

---

[94] Footnote 94 consists of a citation to an online press statement released by the State Department, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited press statement for a full and accurate statement of its contents.

[95] Footnote 95 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[96] Footnote 96 consists of a citation to an online blog post, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited blog post for a full and accurate statement of its contents.

[97] Footnote 97 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

268.    Denied, except to admit that the State Department has not made any ARRPs public.

- **Department of Transportation**

269.    The allegations contained in Paragraph 269 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[98]

270.    Denied, except to admit that the Department of Transportation has not made any ARRPs public.

- **Peace Corps**

271.    The allegations contained in Paragraph 271 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[99]

272.    The allegations contained in Paragraph 272 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.[100]

273.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first and third sentences of Paragraph 273. Otherwise, the allegations are denied except to admit that Peace Corps leadership has warned the agency's

---

[98] Footnote 98 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[99] Footnote 99 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[100] Footnote 100 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

1   employees that the agency expects to undergo a significant restructuring to further adjust

2   operations and that downsizing of staff is a possibility.

3   • **Department of the Treasury**

4   274.    The allegations contained in Paragraph 274 consist of Plaintiffs'

5   characterizations of an online news article, to which no response is required. To the extent that a

6   response is deemed required, Defendants respectfully refer the Court to the cited article for a full

7   and accurate statement of its contents.  Otherwise, Defendants lack knowledge or information

8   sufficient to form a belief about the truth of the alleged leak or the nature of the "internal IRS

9   memo."[101]

10   275.    To the extent that the allegations in Paragraph 275 purport to reflect the content

11   of Treasury's ARRP, Defendants neither admit nor deny the allegations because that information

12   is protected by the deliberative-process privilege. To the extent that this Paragraph characterizes

13   an online news article, no response is required, but to the extent a response is deemed required,

14   Defendants respectfully refer the Court to the cited article for a full and accurate statement of its

15   contents.[102]

16   276.    Denied, except to admit that the Treasury Department has not made any

17   ARRPs public.

18   • **Veterans Affairs**

19   277.    Defendant admit that on March 4, 2025, the Chief of Staff of the Department

20   of Veterans Affairs issued the cited memorandum.  Otherwise, the remaining allegations consist

21   of Plaintiffs' characterizations of the memorandum, to which no response is required. To the extent

22

23

24   ───────────────

25   [101] Footnote 101 consists of citations to two online news articles, to which no response is

26   required. To the extent that a response is deemed required, Defendants respectfully refer the Court
     to the cited articles for a full and accurate statement of their contents.

27   [102] Footnote 102 consists of a citation to an online news article, to which no response is
     required. To the extent that a response is deemed required, Defendants respectfully refer the Court

28   to the cited article for a full and accurate statement of its contents.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

that a response is deemed required, Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.[103]

278.    The allegations contained in Paragraph 278 consist of Plaintiffs' characterizations of an online news article discussing a television interview, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate reflection of its contents.[104]

279.    To the extent that the allegations in Paragraph 279 purport to reflect the content of the VA's ARRP, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege.  To the extent that this Paragraph characterizes an online news article, no response is required, but to the extent a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.  Otherwise, denied.[105]

280.    The allegations contained in Paragraph 280 consist of Plaintiffs' characterizations of an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate reflection of its contents.[106]

281.    Denied, except to admit that the VA has not made any ARRPs public.

***

---

[103] Footnote 103 consists of a citation to a memorandum composed by the Chief of Staff of the VA, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited memorandum for a full and accurate statement of its contents.

[104] Footnote 104 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[105] Footnote 105 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

[106] Footnote 106 consists of a citation to an online news article, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents.

282.     Defendants admit that agency efforts to right-size their workforces aim to effectuate the President's Workforce Executive Order. The allegations in the second sentence of this Paragraph are legal conclusions and argument, to which no response is required. Otherwise, denied.

283.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 283.

284.     Admitted, except to deny that any agency had previously determined that the challenged reductions would be inconsistent with agency mission, statutory obligations, or good policy.

285.     Denied.

286.     Denied.

**V.   Widespread Actual and Imminent Irreparable Harm**

287.     The allegations contained in Paragraph 287 and Part V generally consist of legal conclusions regarding whether the challenged conduct causes actual and irreparable harm. No response is required as to those legal conclusions, but to the extent a response is deemed required, the allegations are denied except as specifically admitted in the responses below to the remaining paragraphs in Part V.

288.     Denied, except to admit that Defendants did not allow an opportunity for public comment before engaging in the challenged conduct.

289.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 289.

290.     Denied.

291.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 291.

292.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 292.

293.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 293. Otherwise, denied.

294.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

295.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

296.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

297.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

298.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

- **USDA**

299.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

300.    Defendants deny the allegations contained in the first sentence of Paragraph 300, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

301.    Defendants deny the allegations of harm contained in Paragraph 301, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

302.    The allegations in this Paragraph consist of legal conclusions to which no response is required.  Otherwise, denied.

303.    Defendants admit that the Department of Agriculture helps manage animal hazards to air traffic and protect the food supply at food manufacturing facilities processing meat and dairy products. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

304.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 304.

305.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 305.

306.      Defendants admit that the U.S. Forest Service has helped manage federal wildland and mitigate against and fight wildfires. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

307.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 307, except to admit that the Food Safety Inspection Service helps keep the nation's meat supply free from disease and contamination.

- **AmeriCorps**

308.      The allegations in Paragraph 308 consist of legal conclusions to which no response is required. Otherwise, denied.

309.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 309.

310.      The allegations in Paragraph 310 consist of legal conclusions to which no response is required.  Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 310.

- **Department of Commerce**

311.      The allegations in Paragraph 311 consist of legal conclusions to which no response is required. Otherwise, denied.

312.      Denied.

313.      The allegations in Paragraph 313 consist of legal conclusions to which no response is required. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 313.

314.      The allegations in Paragraph 314 consist of legal conclusions to which no response is required. Otherwise, denied.

315.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 315.

316.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 316.

**Department of Energy**

317.    The allegations in Paragraph 317 consist of legal conclusions to which no response is required. Otherwise, denied.

318.    Defendants deny that any reductions will cause harm to the public. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

319.    The allegations in Paragraph 319 consist of legal conclusions to which no response is required. Otherwise, denied.

320.    The allegations in Paragraph 320 consist of legal conclusions to which no response is required. Otherwise, denied.

321.    The allegations in the first sentence of Paragraph 321 consist of legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, and fourth sentences in this Paragraph. The fifth and sixth sentences are admitted. As to the seventh sentence (beginning with "On April 24, 2025"), admitted; however, a new project officer has been assigned and is in touch with King County. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

**Environmental Protection Agency**

322.    The allegations in Paragraph 322 consist of legal conclusions to which no response is required. Otherwise, denied.

323.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the effects of the challenged conduct on Plaintiffs. Otherwise, denied.

324.    The allegations in Paragraph 324 consist of legal conclusions to which no response is required. Otherwise, denied.

325.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 325.

326.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 326.

327.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the effects of the challenged conduct on Plaintiffs. Otherwise, denied.

328.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the effects of the challenged conduct on Plaintiffs. Otherwise, denied, except to admit that EPA helps manage and implement the Federal Insecticide, Fungicide, and Rodenticide Act.

329.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the effects of the challenged conduct on Plaintiffs, and on that basis deny them. Otherwise, denied.

**General Services Administration**

330.    The allegations in Paragraph 330 consist of legal conclusions to which no response is required.  Otherwise, denied.

331.    Denied, except to admit that federal employees and visitors to federal office buildings rely on GSA to help ensure health and safety in Federal buildings.

332.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 332.

- **Department of Health and Human Services**

333.    Defendants admit that HHS issued RIF notices pursuant to EO 14210, including to employees at FDA, CDC, NIH, and CMS, and that the CDC RIF notices included employees at the National Center for Injury Prevention and Control, National Institute for Occupational Safety and Health, Office of Health Equity, National Center on Birth Defects and Developmental Disabilities, National Center for Environmental Health, and various CDC laboratories—some of which were subsequently rescinded. Otherwise, denied.

334.     The allegations in Paragraph 334 consist of legal conclusions to which no response is required. Otherwise, denied.

335.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the effects of the challenged conduct on Plaintiffs. Otherwise, denied, except to admit that CDC issued RIF notices—some of which were subsequently rescinded—to employees across various offices, including certain employees who worked on issues related to lead contamination or infectious disease outbreaks.

336.     Denied, except to admit that RIF notices—some of which were subsequently rescinded—were issued to certain employees who worked in screening and firefighter-safety programs.

337.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the effects of the challenged conduct on Plaintiffs, and on that basis deny them. Otherwise, denied.

338.     The allegations in Paragraph 338 consist of legal conclusions to which no response is required. Otherwise, denied.

339.     Defendants admit that the CDC supports San Francisco's public health efforts, including through trainings, guidance, public health pipeline programs, transportation services for rare but particularly infectious patients who cannot be treated at San Francisco's public hospital, reference lab services, and surveillance support. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 339.

340.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the effects of the challenged conduct on Plaintiffs. Otherwise, denied, except to admit that CDC has issued RIF notices to employees who contributed to certain national data-collection efforts.

341.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations and the effects of the challenged conduct on Plaintiffs. Otherwise, denied.

342.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the effects of the challenged conduct on Plaintiffs. Otherwise, denied, except to admit that the CDC has previously sent experts in medicine, epidemiology, infection control, community mitigation, and communications to Santa Clara to work with Santa Clara's Emergency Operations Center and that CDC's sharing of information about disease outbreaks can assist localities in managing outbreaks.

343.     Denied, except to admit that under emergency circumstances, government health officials  can access medicine from the Strategic National Stockpile, which is administered and staffed by HHS's Administration for Strategic Preparedness and Response (ASPR).

344.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied, except to admit that NIOSH provides local governments with investigative support in fire safety.

- **Department of Housing and Urban Development**

345.     The first sentence of this Paragraph consists of legal conclusions to which no response is required. Otherwise, denied.

346.     The first sentence of this Paragraph consists of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

347.     The allegations in this Paragraph consist of legal conclusions to which no response is required.  Otherwise, denied.

348.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

349.     Denied.

- **Department of Interior**

350.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

351.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

352.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

353.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

- **Department of Labor**

354.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied, except with respect to allegations regarding Labor's future plans to the extent they refer to Labor's ARRPs, and except to admit that the Department of Labor has eliminated the enforcement functions of Executive Order 11246 of the Office of Federal Contract Compliance Programs (OFCCP). To the extent that allegations in this Paragraph purport to reflect the content of Labor's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege.

355.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

356.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

**National Labor Relations Board**

357.    The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

358.     Due to the vagueness of the allegations in the second sentence of this Paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations. Defendants admit that Plaintiffs AFSCME and SEIU regularly file unfair practice charges at the NLRB. The remaining allegations of this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

- **National Science Foundation**

359.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

360.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied, except to admit that NSF has disestablished various advisory committees.

- **OPM**

361.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

**Peace Corps**

362.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations, and on that basis deny those allegations. Otherwise, denied.

- **Small Business Administration**

363.     The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph purport to reflect the content of SBA's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege.  Otherwise, denied.

364.     The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph

purport to reflect the content of SBA's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege.  Otherwise, denied.

365.    The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied, except to admit that SBA's services include loans, loan guarantees, grants, disaster relief, assistance connecting with government contracting opportunities, a mentoring program, and a national network of Small Business Development Centers that provide counseling and training to help entrepreneurs start their own businesses.

366.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied, except to admit that least one Small Business Development Center has already closed.

367.    The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. Otherwise, denied.

- **Social Security Administration**

368.    The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph purport to reflect the content of SSA's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege.  Otherwise, denied.

369.    The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

370.    The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

- **State Department**

371.     The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph purport to reflect the content of the State Department's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

372.     The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph purport to reflect the content of the State Department's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. Otherwise, denied.

- **Department of Transportation**

373.     The allegations in this Paragraph consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph purport to reflect the content of the DOT's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. Otherwise, denied.

374.     The allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph purport to reflect the content of the DOT's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

375.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

- **Department of the Treasury**

376.     The allegations in this Paragraph consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph purport to reflect the content of any ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. Otherwise, denied.

377.     To the extent that allegations in the first sentence of this Paragraph purport to reflect the content of any ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. The remaining allegations in this Paragraph regarding alleged harm consist of legal conclusions to which no response is required. Otherwise, denied.

378.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding the nature of Plaintiffs' operations. Otherwise, denied.

379.     Denied, except to admit that the Department of the Treasury is responsible for disbursing certain payments to state and local governments.

- **Department of Veterans Affairs**

380.     The allegations in this Paragraph consist of legal conclusions to which no response is required. To the extent that allegations in this Paragraph purport to reflect the content of the VA's ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. Otherwise, denied.

381.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

382.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

383.     The allegations in this Paragraph consist of legal conclusions to which no response is required. Otherwise, denied.

384.     Denied.

## CLAIMS FOR RELIEF

### Claim I:

### Separation of Powers/*Ultra Vires*

### Against Defendant President Donald J. Trump

385.    Defendants repeat and incorporate by reference their responses to all preceding paragraphs above as though fully set forth herein.

386.    The allegations contained in Paragraph 386 consist of legal conclusions to which no response is required.

387.    The allegations contained in Paragraph 387 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

388.    The allegations contained in Paragraph 388 consist of legal conclusions and argument to which no response is required.

389.    The allegations contained in Paragraph 389 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

390.    The allegations contained in Paragraph 390 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to Executive Order 14210 for a full and accurate statement of its contents. Otherwise, denied.

391.    The allegations contained in Paragraph 391 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents. Otherwise, denied.

### Claim II:

### Separation of Powers/*Ultra Vires*

**Against Defendants OMB, OPM, USDS and their Directors**

392.      Defendants repeat and incorporate by reference their responses to all preceding paragraphs above as though fully set forth herein.

393.      The allegations contained in Paragraph 393 consist of legal conclusions to which no response is required.

394.      The allegations contained in Paragraph 394 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

395.      The allegations contained in Paragraph 395 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents.

396.      The allegations contained in Paragraph 396 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

397.      The allegations contained in Paragraph 397 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

398.      The allegations contained in Paragraph 398 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

399.      The allegations contained in Paragraph 399 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

**Claim III:**

**Administrative Procedure Act, 5 U.S.C § 706(2)(A) and (C)**

**Against Defendants OMB, OPM, USDS and their Directors**

**(Action Not in Accordance With Law and Exceeding Statutory Authority)**

400.      Defendants repeat and incorporate by reference their responses to all preceding paragraphs above as though fully set forth herein.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT
NO. 3:25-CV-3698-SI

401.     The allegations contained in Paragraph 401 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

402.     The allegations contained in Paragraph 402 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutory authority for a full and accurate statement of its contents.

403.     The allegations contained in Paragraph 403 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutory authorities for a full and accurate statement of their contents.

404.     The allegations contained in Paragraph 404 consist of legal conclusions and argument to which no response is required.

405.     The allegations contained in Paragraph 405 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

406.     The allegations contained in Paragraph 406 consist of legal conclusions and argument to which no response is required.

407.     The allegations contained in Paragraph 407 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

408.     The allegations contained in Paragraph 408 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutory authorities for a full and accurate statement of their contents. Otherwise, denied.

409.     The allegations contained in Paragraph 409 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutory authorities for a full and accurate statement of their contents.

410.     The allegations contained in Paragraph 410 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required,

Defendants respectfully refer the Court to the cited statutory authorities for a full and accurate statement of their contents. Otherwise, denied.

### Claim IV:

### Administrative Procedure Act, 5 U.S.C § 706(2)(A)

### Against Defendants OMB, OPM, USDS and their Directors

### (Arbitrary and Capricious Agency Action)

411.     Defendants repeat and incorporate by reference their responses to all preceding paragraphs above as though fully set forth herein.

412.     The allegations contained in Paragraph 412 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

413.     The allegations contained in Paragraph 413 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited statutory authorities for a full and accurate statement of their contents. Otherwise, denied.

414.     The allegations contained in Paragraph 414 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

### Claim V:

### Administrative Procedure Act, 5 U.S.C § 706(2)(D)

### Against Defendants OMB, OPM, USDS and their Directors

### (Notice and Comment)

415.     Defendants repeat and incorporate by reference their responses to all preceding paragraphs above as though fully set forth herein.

416.     The allegations contained in Paragraph 416 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

417.     The allegations contained in Paragraph 417 consist of legal conclusions and argument to which no response is required.

418.     The allegations contained in Paragraph 418 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required,

Defendants respectfully refer the Court to the cited statutory authority for a full and accurate statement of its contents.

419.    The allegations contained in Paragraph 419 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

420.    Denied, except to admit that neither OMB, OPM, nor USDS has provided notice or opportunity for comment on any actions taken to implement the Executive Order.

421.    The allegations contained in Paragraph 421 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

422.    The allegations contained in Paragraph 422 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

**Claim VI:**

**Administrative Procedure Act, 5 U.S.C § 706(2)(A) and (C)**

**Against Federal Agency Defendants**

**(Action Not in Accordance With Law)**

423.    Defendants repeat and incorporate by reference their responses to all preceding paragraphs above as though fully set forth herein.

424.    The allegations contained in Paragraph 424 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

425.    The allegations contained in Paragraph 425 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

426.    Defendants admit that each of the Federal Agency Defendants has created and submitted an ARRP to OMB and OPM. To the extent that the allegations in this Paragraph purports to reflect the content of those ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. Otherwise, denied.

427.    The allegations contained in Paragraph 427 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

428.    The allegations contained in Paragraph 428 consist of legal conclusions and argument to which no response is required. To the extent that a response is deemed required,

Defendants respectfully refer the Court to the cited statutory authorities for a full and accurate statement of their contents.

429.    The allegations contained in Paragraph 429 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

<u>**Claim VII:**</u>

<u>**Administrative Procedure Act, 5 U.S.C § 706(2)(A)**</u>

<u>**Against Federal Agency Defendants**</u>

<u>**(Arbitrary and Capricious Agency Action)**</u>

430.    Defendants repeat and incorporate by reference their responses to all preceding paragraphs above as though fully set forth herein.

431.    The allegations contained in Paragraph 431 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

432.    The allegations contained in Paragraph 432 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

433.    Defendants admit that each of the Federal Agency Defendants has created and submitted an ARRP to OMB and OPM. To the extent that the allegations in this Paragraph purport to reflect the content of those ARRPs, Defendants neither admit nor deny the allegations because that information is protected by the deliberative-process privilege. Otherwise, denied.

434.    The allegations contained in Paragraph 434 consist of legal conclusions and argument to which no response is required. Otherwise, denied.

**[PLAINTIFFS'] PRAYER FOR RELIEF**

The remainder of Plaintiffs' Second Amended Complaint consists of their prayer for relief to which no response is required. To the extent Plaintiffs' prayer for relief is deemed to contain factual allegations, Defendants deny those allegations and deny that Plaintiffs are entitled to any relief.

**GENERAL DENIAL**

Except to the extent expressly admitted or qualified above, Defendants deny each allegation contained in Plaintiffs' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

In further response to the Second Amended Complaint, Defendants allege as follows: Defendants reserve the right to assert affirmative defenses as their applicability is discovered throughout this case.

\*        \*        \*

WHEREFORE, Defendants respectfully request that:

(1) Plaintiffs are granted no relief;

(2) The Second Amended Complaint be dismissed;

(3) Judgment be entered in favor of Defendants;

(4) Defendants be awarded their costs; and

(5) the Court grant such further relief as it may deem proper.

DECEMBER 15, 2025 *Respectfully submitted,*

CRAIG H. MISSAKIAN
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

CHRISTOPHER HALL
Assistant Branch Director

*s/ Cesar Azrak*
CESAR AZRAK
MARIANNE F. KIES
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0693
cesar.e.azrak@usdoj.gov

*Counsel for Defendants*