UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 25-cv-03698-SI<br><br>**ORDER RE: RFP NO. 1 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 283 |

The parties have filed a joint statement regarding discovery disputes. Dkt. No. 283. This is part of an ongoing dispute that was also addressed in an earlier statement from the parties and at status conferences held September 12 and October 17, 2025. Dkt. Nos. 257, 262, 280. The current statement indicates that a dispute remains as to defendants' response to plaintiffs' Request for Production No. 1. That request seeks:

> All COMMUNICATIONS between any Federal Agency Defendant and OMB, OPM, or DOGE discussing any Agency RIF and Reorganization Plan ("ARRP") (in whole or any part), including but not limited to any approvals or disapprovals of those Plans (in whole or any part, formally or informally) and any discussion of whether the contents of those Plans meets or do not meet expectations, communicated by OMB, OPM, or DOGE to any Federal Agency Defendant, from February 26, 2025 to the present.

Dkt. No. 283, App'x A. Defendants raise several objections to production.

First, defendants argue that the "federal agency defendants" (which this case has traditionally defined as distinct from defendants OMB, OPM, and DOGE/USDS)[1] should not have to conduct

---

[1] Following the Court's ruling on defendants' motion to dismiss, the Second Amended Complaint named as a defendant the United States DOGE Service ("USDS") rather than the Department of Government Efficiency ("DOGE"). *See* Dkt. No. 270 ¶ 62. "OMB" and "OPM"

searches for responsive documents because any communications between these agencies and OMB/OPM/USDS would be duplicative of the searches that OMB, OPM, and USDS have already conducted of their own records. Plaintiffs respond that there was no litigation hold in place when many of the responsive communications would have been created. Phase 1 ARRPs were due March 13, 2025, and Phase 2 ARRPs were due April 14, 2025. Plaintiffs filed this lawsuit on April 28, 2025. *See* Dkt. No. 1. The Court agrees with plaintiffs that federal agency defendants should search their own records for documents responsive to RFP No. 1. Although it is true that there are a large number of federal agency defendants in this case, if defendants are correct that the communications are truly duplicative of documents already identified by OMB, OPM, and USDS, then the burden should not be "enormous[.]" *See* Dkt. No. 283 at 4. Federal agency defendants may conduct searches of their email domains for the relevant inter-agency communications and remove any documents that are truly duplicative of documents already identified from searching OMB/OPM/USDS. What remains will either be zero documents (if defendants are correct) or nonduplicative documents that defendants must then review and produce.

The parties also dispute whether defendants should have to search the communications "of high-level decision-making positions, including OMB Director Russell Vought and his immediate advisors, former USDS head Elon Musk, and others . . . ." *Id.* at 2 & n.2. Defendants object that they have already identified the 60 custodians most likely to have responsive documents and that plaintiffs' request amounts to a "burdensome fishing expedition." *Id.* at 5 (citation omitted). They also object that plaintiffs are requesting OMB, OPM, and USDS run search parameters on the agencies' entire email domains rather than limit searches to a certain set of custodians. *Id.*

The Court agrees with defendants that, if the custodian list is adequate, that is the best place to begin, rather than running searches on entire agency email domains. However, the Court rejects defendants' argument that the searches should be limited to the custodians whom defendants have identified, which apparently do not include high-level decisionmakers. Based on the record the Court has thus far reviewed in the case, it seems far from a "fishing expedition" for plaintiffs to

---

refer to defendants U.S. Office of Management and Budget and U.S. Office of Personnel Management, respectively.

conclude that high-level decisionmakers at OMB, OPM, and DOGE/USDS may have responsive documents. Defendants do not categorically object to searching the communications of these decisionmakers but essentially seek to place the burden on plaintiffs to first prove that these communications exist before defendants will conduct such a search. *See id.* Given that defendants have continued to withhold production of the ARRPs themselves on privilege grounds, the Court considers defendants' request to be unreasonable, in light of "the parties' relative access to relevant information[.]" *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court ORDERS defendants to conduct searches for relevant communications from the 60 custodians defendants have already identified *as well as* the high-level decisionmakers plaintiffs identify in the discovery dispute. *See* Dkt. No. 283 at 2 n.3. If this initial search demonstrates that additional custodians should be added to the list, the parties shall meet and confer about expanding the scope of the searches. At this time, the Court will not order that OMB, OPM, and USDS must search their entire agency email domains.

The parties are directed to meet and confer about the timing of defendants' responses to the above. The Court **sets a further case management conference for February 6, 2026, at 3:00 p.m.** over Zoom videoconference. The parties shall file a joint case management statement one week prior.

**IT IS SO ORDERED**.

Dated: December 19, 2025

_____
SUSAN ILLSTON
United States District Judge