Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel.: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*
[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** <br><br> Date: March 13, 2026 <br> Time: 10:00 a.m. <br> Location: Courtroom 1, 17th Floor |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 13, 2026 at 10:00 a.m., in Courtroom 1, 17th floor, of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA, Plaintiffs will and hereby do move for leave to file their Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d), supplementing and not superseding the currently operative Second Amended Complaint filed on September 29, 2025 (ECF 270). Defendants have confirmed that Plaintiffs may represent that Defendants take no position on the proposed supplement to the operative complaint. Decl. of Danielle Leonard in Support of Pls.' Motion to For Leave to File Supp. Compl. ¶3.

Leave to file the Supplemental Complaint should be granted because the filing is based on "transaction[s], occurrence[s], or event[s] that happened after the date" of the Second Amended Complaint pursuant to Rule 15(d), and is not sought in bad faith; Plaintiffs have not unduly delayed seeking leave to file by moving for leave to supplement within a short time period after learning of ongoing actions by Federal Agency Defendants, including but not limited to Defendant Department of Homeland Security, to reduce the workforce at proposed Defendant Federal Emergency Management Agency ("FEMA") through mass terminations of essential FEMA employees; the proposed supplemental complaint does not unduly prejudice any other party; and the supplemental complaint is not futile. Plaintiffs' motion is supported by the following Memorandum of Points and Authorities, all pleadings and papers on file with the Court, and such oral argument as may be heard by the Court.

**MEMORANDUM IN SUPPORT**

Plaintiffs seek leave to file a supplemental complaint ("Supplemental Complaint," attached hereto as Ex. A), pursuant to Federal Rule of Civil Procedure 15(d). The proposed Supplemental Complaint sets forth factual developments that have occurred since the filing of the operative Second Amended Complaint ("SAC"), as well as additional claims (and allegations supporting existing claims) that arise out of those factual developments. It also adds one additional Plaintiff (the American Foreign Service Association) and two new Defendants

1   (the Federal Emergency management Agency ("FEMA")) and the current official in charge of
2   FEMA, Karen S. Evans.[1]
3         The recent actions that are set forth in the Supplemental Complaint build upon
4   Executive Order 14210 and the implementing agency actions that were originally challenged in
5   this litigation. In Executive Order 14356 (issued October 15, 2025), this Administration
6   reaffirmed its intent to radically transform and reduce the size of the federal workforce and to
7   eliminate functions, programs, and positions that the President deems unnecessary, regardless of
8   congressional authorization or mandate. While many of Defendants' such plans were suspended
9   or blocked in 2025 in light of the federal shutdown, legislation ending that shutdown, and/or
10  injunctive orders by federal courts, the November 12, 2025 Continuing Resolution's ban on
11  further reductions in force ("RIFs") is scheduled to expire on January 30, 2026, and Federal
12  Defendant Agencies appear poised to implement actions in furtherance of these workforce
13  reduction goals in 2026.
14        At least one agency has already begun: in December 2025, Defendant Department of
15  Homeland Security ("DHS") began directing new proposed defendant FEMA to implement
16  staffing cuts that would eliminate *half* of FEMA's approximately 22,000 personnel.
17  Implementation of these reductions began on New Year's Eve, December 31, 2025. These
18  actions by DHS and FEMA to dramatically reduce the functions, programs, and positions at
19  FEMA violate several laws, including FEMA's authorizing statutes.
20        First, Congress has specifically mandated FEMA's purpose "to reduce the loss of life
21  and property and protect the Nation from all hazards, including natural disasters, acts of
22  terrorism, and other man-made disasters, by leading and supporting the Nation in a risk-based,
23  comprehensive emergency management system of preparedness, protection, response, recovery,
24  and mitigation." 6 U.S.C. §313(b)(1). And Congress has set forth a long and detailed list of
25  required FEMA functions. *See generally* 6 U.S.C. §§613, §614; 42 U.S.C. Chapter 68 (Disaster

---

[1] Evans has neither been nominated nor Senate confirmed. Her official title is Senior Official Performing the Duties of Administrator. She is hereinafter referred to as "Senior Official."

Relief).  FEMA summarizes this complex statutory mission as providing federal assistance "before, during, and after" disasters and other emergencies including terrorist attacks.[2]  And FEMA itself has acknowledged that it has been chronically short staffed to fulfill these mandates—it needs more, not less staff to perform the role Congress has directed.  Cutting staff in half necessarily will eliminate FEMA's ability to fulfill its mandatory duties.

Second, DHS's directive that FEMA terminate employees violates the Post-Katrina Act, which expressly removed DHS authority over FEMA.  6 U.S.C. §§315, 316.  Among other restrictions, Congress removed FEMA from DHS's authority to reorganize and reduce functions of component agencies (6 U.S.C. § 316(b)) and prohibited the DHS Secretary from "substantially or significantly reduc[ing], … the authorities, responsibilities, or functions of [FEMA] or the capability of [FEMA] to perform those missions, authorities, responsibilities" (6 U.S.C. §316(c)(1)).  Defendants DHS and Secretary Noem are violating these provisions, in furtherance of this Administration's goals of eliminating programs and functions it deems unnecessary.

Third, these actions have taken place during January 2026 in violation of Section 120(a) of the Continuing Resolution.  Pub. L. No. 119-37, §120, 139 Stat 495 (2025).

For all these reasons, these actions violate the Administrative Procedure Act's ("APA") prohibition on actions in excess of agency authority, contrary to law, and that are arbitrary and capricious; are ultra vires; and violate the separation of powers principles embodied in the Constitution.  Plaintiffs therefore seek to file this supplemental complaint to add allegations about these actions to Plaintiffs' existing claims, add FEMA and its Senior Official as defendants, and state new claims against DHS, FEMA, and their heads arising from these facts.

Finally, in light of Defendant Department of State ("State")'s attempts during and after the recent government shutdown to follow through on long-planned reductions to the foreign service, Plaintiffs seek to add a new plaintiff, the American Foreign Service Association ("AFSA"), which represents employees of State who also may also soon face unlawful terminations.

---

[2] See FEMA Publication No. 1: *We Are FEMA*, available at: https://www.fema.gov/sites/default/files/2020-07/pub1_english_2019.pdf; *see also* https://www.fema.gov/about/how-fema-works.

1       Under the applicable liberal standard for Rule 15(d) supplementation, Plaintiffs
2   respectfully request their unopposed motion be granted.

3                                          **BACKGROUND**

4       After the filing of the SAC, on October 15, 2025, Defendant President Donald J. Trump
5   issued Executive Order 14356, which stated that it was "protect[ing] and expand[ing]" upon the
6   "historic" workforce reductions achieved under the Executive Order originally challenged in this
7   case—Executive Order 14210.  EO 14356 ¶1.  This new EO directed each agency to create,
8   implement, and comply with new "Annual Staffing Plans" that eliminate functions and positions that
9   the President and his administration view as "unnecessary."  EO 14356 ¶2(c).

10      A November 5, 2025 implementing memorandum by the Office of Personnel Management
11  ("OPM") and Office of Management and Budget ("OMB") (hereafter "Nov. 5 Memo") reinforces
12  this direction to "eliminat[e] … unnecessary functions and positions."  Proposed Supplemental
13  Complaint (hereinafter "Ex. A") ¶¶442-45.  Due by December 1, 2025, none of these Annual Staffing
14  Plans have been made public.  *Id.* ¶447.

15      Throughout 2025, President Trump and other administration officials including Defendant
16  DHS Secretary Noem made clear their position that FEMA is unnecessary and should be eliminated.
17  Ex. A ¶¶502-22.  In December 2025, in express reliance on this new EO, DHS began implementing a
18  plan to cut the FEMA's workforce in half, beginning on New Year's Eve.  *Id.* ¶¶472-76.  A
19  December 23, 2025 e-mail to FEMA management employees attached a spreadsheet with target cuts
20  for each category of employees Fiscal Year 2026, totaling over 11,000 positions.  *Id.* ¶¶472-75.  The
21  email stated that these actions were being taken consistent with the Nov. 5 Memo implementing
22  Executive Order 14356.  *Id.* ¶476.  And it set targets for reduction of different categories of FEMA
23  employees, including a 41% reduction target for Cadre of On-Call Response/Recovery ("CORE")
24  employees, a category of employee positions authorized by the 1988 Robert T. Stafford Disaster
25  Relief and Emergency Assistance Act ("Stafford Act").  *Id.* ¶¶474-75.

26      Most employees of FEMA are not civil service employees covered by Title 5 of the Civil
27  Service Reform Act.  Rather, CORE employees and other categories of employees authorized and
28

paid for by the Stafford Act comprise nearly four times the permanent civil service employees at FEMA. The more than 10,000 total CORE employees are full-time workers who are hired for two-to-four-year terms, with appointments routinely renewed. Ex. A ¶¶459-60. When a disaster strikes, FEMA's relief and recovery staff—including those who deploy to disaster sites within hours of the disaster itself—largely consist of CORE employees. *Id.* ¶¶460-69. Nearly all functions performed by FEMA are staffed by CORE employees, and until recently, FEMA consistently renewed CORE employees based on "agency need" and has never sought or required DHS approval of renewal decisions. *Id.* ¶¶460-70.

That changed in December 2025, when DHS ordered that FEMA's authority to renew CORE positions ended on December 31, 2025. DHS ordered FEMA *not* to renew CORE employees with renewal dates beginning on January 1, 2026 (even if the employees are actively working on rebuilding efforts following recent disasters). Ex. A ¶¶484-91. Assuming decision-making authority over FEMA employment decisions, DHS thus began rejecting renewal of CORE positions with upcoming not-to-extend ("NTE") dates that had been uniformly recommended for approval by FEMA. *Id.* ¶¶480-92.

Thus, since January 1, 2026, hundreds of CORE employees have received notice that their employment terms were not being renewed on the date of their non-renewal—terminating those employees effective immediately. Ex. A ¶¶484-91. While DHS temporarily paused these nonrenewals on January 22, 2026 in light of a forecasted serious winter storm, DHS has stated that this pause is temporary. *Id.* ¶¶500-01. If that pause is lifted, thousands of CORE employees will face termination in upcoming months. *Id.* ¶¶489. So will 85% of CORE Reservists, another category of Stafford Act employees, who are on-call employees activated for particular emergencies, as well as hundreds of civil service employees. *Id.* ¶¶499.

In broad strokes, Plaintiffs' Proposed Supplemental Complaint does the following:

- Supplements the existing claims in the Second Amended Complaint by adding allegations related to EO 14356 and Annual Staffing Plans (Ex. A ¶¶569-74);

- Brings claims against Defendants DHS and DHS Secretary Noem challenging their direction to terminate FEMA employees including based on the following legal theories:
  - DHS's orders to FEMA are unlawful and exceed statutory authority under the APA because they violate the Stafford Act and other FEMA authorizing statutes, which require FEMA to perform certain functions including "preparedness, protection, mitigation, response, and recovery" from emergencies and disasters nationwide; the Post-Katrina Act, 6 U.S.C. §316(c), by usurping FEMA's decision-making authority and statutory distinctness (*id.* ¶579(a), (b)); Section 120 of the Continuing Resolution (*id.* ¶579(c)); and usurp Congress' Article I legislative authority and constitutional separation of powers principles (*id.* ¶579(d));
  - These actions are unlawful arbitrary and capricious agency actions in violation of the APA because they are being carried out without regard to agency need or consideration of any relevant factor, including reliance of the employees and the recipients of the important services FEMA provides through these employees (*id.* ¶585-89);
  - For similar reasons, the actions are *ultra vires* and unconstitutional (*id.* ¶¶581-84);
- Brings similar claims against new Defendants FEMA and Senior Official Evans for implementing these unlawful DHS orders (*id.* ¶¶590-604); and
- Adds new Plaintiff AFSA, which represents employees at State including 250 foreign service officers whom Defendant State attempted to terminate before being enjoined, in related case *AFGE v. OMB*, No. 25-08302-SI (*id.* ¶438).[3]

---

[3] On December 5, 2025, during the recent federal government shutdown, State attempted to execute a prior RIF for which the notice period had expired. In a case that has been related to this one, *AFGE v. OMB*, No. 25-08302 (N.D. Cal.), this Court issued a TRO halting those separations in light of Section 120 of the Continuing Resolution. *Id.*, Dkt. 125. Plaintiffs then moved for a preliminary injunction, State reiterated its desire to execute that RIF, and this Court granted injunctive relief. Dkts. 130, 134, 139. When the defendants in that case dropped their appeal of the preliminary

**DISCUSSION**

I. **Standard**

  Federal Rule of Civil Procedure 15(d) permits a party, "[o]n motion and reasonable notice, . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Parties may also bring new claims and add new parties in a supplemental complaint. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."); *Food & Water Watch, Inc. v. United States Env't Prot. Agency*, 2021 WL 1893063, at *3 (N.D. Cal. May 11, 2021) ("New claims, new parties, and allegations regarding events that occurred after the original complaint was filed are all properly permitted under Rule 15(d)."). Rule 15(d) "is a tool of judicial economy and convenience" and "is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith*, 858 F.2d at 473. The rule "enabl[es] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Id.* (emphasis added) (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)). Because the goal of Rule 15(d) is to promote judicial efficiency, supplementation is generally favored. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citing *Keith*, 858 F.2d at 473).

  The standard for granting leave to file a supplemental complaint is the same familiar liberal standard for amendment under Rule 15(a), under which leave should be "freely given" (per *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *E.g.*, *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015).

II. **The Court Should Grant Plaintiffs Leave to File a Supplemental Complaint**

---

injunction, State initially *agreed to rescind the RIF notices* but then reversed that agreement. Dkt. 147 at 2-3. Plaintiffs sought assistance from this Court, and State argued it was not required to rescind those notices, indicating its continued desire to quickly eliminate these positions as soon as it is permitted by law to do so. Dkt. 150.

**A.     Allowing Supplementation Will Promote Judicial Efficiency**

The purpose of Rule 15(d) is to promote judicial efficiency by "enabling a court to award complete relief . . . in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Keith*, 858 F.2d at 473 (quoting *New Amsterdam Cas. Co.*, 323 F.2d at 28); *see also Food & Water Watch*, 2021 WL 1893063, at *7 ("Judicial efficiency is achieved where the entire controversy between the parties could be settled in one action.") (internal quotation marks omitted).  For example, in *Keith*, the Ninth Circuit affirmed an order permitting a supplemental complaint filed by the original plaintiffs and additional individuals more than a decade after the initial action seeking to halt the construction of a freeway until replacement housing for displaced residents was made available. 858 F.2d at 470.  The court concluded that supplementation furthered judicial economy because the original action, consent decree, and supplemental complaint all shared the same goal of ensuring replacement housing.  *Id.* at 474, 476.

Here, the broader goal of protecting federal employees from Defendants' unlawful workforce reduction actions is served both by the original claims and the new claims.  EO 14356 is a successor executive order that expressly builds upon the directives of EO 14210, the original subject of this litigation, and continues to give unlawful instruction to federal agencies that their workforce plans should be guided by eliminating programs and functions that the President (rather than Congress) believes are unnecessary.  The new EO, like the original one, is being implemented pursuant to a memorandum by Defendants OMB and OPM that gives directions that overlap with the memorandum that has been challenged in this litigation.  Defendants have again decided to keep secret the plans required by the executive orders and implementing memoranda (then the Agency RIF and Reorganization Plans and now the Annual Staffing Plans).

The information that is publicly available shows that Defendant DHS is expressly relying on this new EO in ordering FEMA to violate a host of statutes.  DHS's actions directing FEMA to terminate thousands of CORE employees and thereby decimate FEMA's ability to

prepare for and respond to emergencies is, like the agency actions at issue in this original action, motivated by the President's assessment of which agency functions are "necessary," without regard to Congressional direction or agency needs and functions. These recent actions are plainly the continuation of the efforts to radically transform the agencies of the federal government according to the President's vision, regardless of what Congress intended or required, and Plaintiffs challenge all of these ongoing efforts as unconstitutional and contrary to law.

Judicial efficiency would thus be served by this Court resolving these disputes between the parties now, in a single action. There is no good reason to deny Plaintiffs the ability to "avoid the cost, delay and waste" of a separate related action (which would, in any event, likely be deemed related under this Court's Local Rule 3-12). *See Keith*, 858 F.2d at 473.

**B.     Supplementation Would Not Cause Undue Prejudice to Defendants**

Defendants will face these claims challenging their actions regardless of whether this Court permits supplementation, because if supplementation were denied nothing would preclude Plaintiffs from filing a separate, related lawsuit in this Court.

**C.     There is No Bad Faith, Undue Delay, Futility, or Repeated Failed Amendments**

The remaining factors—undue delay, bad faith or dilatory motive, repeated failure of previous amendments, and futility—either support granting leave to supplement or are inapplicable. Plaintiffs have not delayed in seeking supplementation, but moved within weeks of learning of DHS's directive and the resulting termination of hundreds of FEMA employees, and in advance of the imminent lifting of the ban on further RIFs when the Continuing Resolution is set to expire. Defendants' continued efforts to keep their workforce reduction actions (as set forth in the "final" Agency Staffing Plans they have yet to reveal) out of the public eye should not require Plaintiffs to wait to file their claims until it is too late and harm has already been imposed. No deficiencies in any previous claims have been identified, and therefore there has been no prior failure to cure. Adding the new claims is not an act of futility,

1  as Plaintiffs' Supplemental Complaint asserts new, viable claims based on related subsequent
2  facts.

3  **CONCLUSION**

4  For the foregoing reasons, Plaintiffs' Motion for Leave to File Supplemental Complaint
5  should be granted.

6  Respectfully submitted,

7  Dated: January 27, 2026

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Robin S. Tholin
Elizabeth Eshleman
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
Fax: (415) 362-8064
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
awang@altshulerberzon.com
rtholin@altshulerberzon.com
tstender@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Elena Goldstein*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice app. forthcoming)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

|   |   |
|---|---|
| 1 |  |
| 2 | By: */s/ Rushab Sanghvi* |
| 3 | *Attorney for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals* |
| 4 |  |
| 5 | Teague Paterson (SBN 226659) |
| 6 | Matthew Blumin (pro hac vice)<br>AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO |
| 7 | 1625 L Street, N.W. |
| 8 | Washington, D.C. 20036<br>Tel: (202) 775-5900 |
| 9 | TPaterson@afscme.org<br>MBlumin@afscme.org |
| 10 |  |
| 11 | By: */s/ Teague Paterson* |
| 12 | *Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)* |
| 13 |  |
| 14 | Steven K. Ury (SBN 199499)<br>SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO |
| 15 | 1800 Massachusetts Ave., N.W. |
| 16 | Washington, D.C. 20036<br>Tel: (202) 730-7428 |
| 17 | steven.ury@seiu.org |
| 18 | By: */s/ Steven K. Ury* |
| 19 |  |
| 20 | *Attorney for Plaintiff Service Employees International Union, AFL-CIO (SEIU)* |
| 21 | David Chiu (SBN 189542) |
| 22 | City Attorney<br>Yvonne R. Meré (SBN 175394) |
| 23 | Chief Deputy City Attorney<br>Mollie M. Lee (SBN 251404) |
| 24 | Chief of Strategic Advocacy<br>Sara J. Eisenberg (SBN 269303) |
| 25 | Chief of Complex and Affirmative Litigation |
| 26 | Molly J. Alarcon (SBN 315244)<br>Alexander J. Holtzman (SBN 311813) |
| 27 | Deputy City Attorneys<br>OFFICE OF THE CITY ATTORNEY FOR THE CITY |
| 28 |  |

Plaintiffs' Unopposed Mot. for Leave to File Suppl. Compl., Case No. 3:25-cv-03698-SI          12

```
                    AND COUNTY OF SAN FRANCISCO
                    1390 Market Street, 7th Floor
                    San Francisco, CA 94102
                    molly.alarcon@sfcityatty.org
                    alexander.holtzman@sfcityatty.org
```

By: */s/ David Chiu*

*Attorneys for Plaintiff City and County of San Francisco*

```
Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
```

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

```
David J. Hackett (pro hac vice)
Special Deputy Prosecutor
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov
eclancy@kingcounty.gov
```

By: */s/ David J. Hackett*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

```
Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice app. forthcoming)
```

PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: */s/ Eliana Greenberg*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and King County, WA*


Christian D. Menefee
Harris County Attorney

Jonathan G.C. Fombonne
Harris County Attorney

Sarah Utley (pro hac vice app. forthcoming)
Managing Counsel
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel.: (713) 274-5102
Fax: (713) 437-4211

jonathan.fombonne@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscountytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*


Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago

Rebecca A. Hirsch (pro hac vice)
Lucy Prather (pro hac vice)

City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Rebecca Hirsch*

*Attorneys for Plaintiff City of Chicago*


Ebony M. Thompson
Baltimore City Solicitor

Christopher Sousa (SBN 264874)
Chief Solicitor
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
christopher.sousa@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*