Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

1   The motion of the Union Plaintiffs (including American Federation of Government Employees (AFGE); American Federation of State County and Municipal Employees (AFSCME); and Service Employees International Union (SEIU)), and the Local Government Plaintiffs (including County of Santa Clara, California; City of Chicago, Illinois; Martin Luther King, Jr. County, Washington; Harris County, Texas; City of Baltimore, Maryland; and City and County of San Francisco, California) for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue came before this Court for consideration and upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the TRO motion is GRANTED.

The Court finds that the Union and Local Government Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a temporary restraining order is in the public interest. Accordingly, pursuant to this Court's authority including but not limited to authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" (5 U.S.C. §705), IT IS HEREBY ORDERED that:

Defendants Department of Homeland Security ("DHS"), DHS Secretary Kristi Noem, Federal Emergency Management Agency ("FEMA") and Senior Official Performing the Duties of FEMA Administrator Karen Evans, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with these Defendants are enjoined as follows:

1. From taking any action to implement, carry out, or effectuate DHS directives that remove FEMA authority over personnel decisions with respect to FEMA employees, including but not limited to Cadre of On-Call Response/Recovery (CORE) employees;

2. From taking any action to separate CORE employees from federal employment by disapproving term renewals;

3. From taking any action to implement, carry out, or effectuate any further reduction of any FEMA employee positions, including civil service, CORE, and reservists;

4. To rescind all notices of non-renewal separating CORE employees from FEMA employment since January 1, 2026, including as follows:

[PROPOSED] ORDER GRANTING MOTION FOR TRO, No. 3:25-cv-03698-SI

1

      a.    FEMA shall immediately notify (by email to all known email addresses for those individuals, and by U.S. Mail), all CORE employees separated from federal employment by non-renewal of their positions on or after January 1, 2026 that the disapproval of FEMA's recommended renewal of their position by DHS is null and void, that they are reinstated and renewed according to the terms recommended for their renewal by FEMA, and that they are reinstated to federal employment with all prior benefits retroactive to the date of their non-renewal notice, according to the terms of renewal recommended by FEMA;

      b.    FEMA shall revise and re-issue the appropriate personnel notices (including Form SF-52) that include the new NTE dates recommended by FEMA for the affected CORE employees;

      c.    FEMA shall restore the affected CORE employees to compensation including pay and benefits according to the terms of renewal included in the recommendations by FEMA.

IT IS FURTHER ORDERED that, within two (2) business days, each of these Defendants shall file a declaration(s) verifying that they have complied with this Order and the steps they have taken to do so.

IT IS FURTHER ORDERED that Plaintiffs' moving papers for a preliminary injunction shall be filed no later than _____, 2026; opposition papers to Plaintiffs' request for a preliminary injunction shall be filed by TRO Defendants no later than _____, 2026; Plaintiffs may file a reply in support of their motion for preliminary injunction no later than _____, 2026; and a hearing on Plaintiffs' request for a preliminary injunction will be held on _____, 2026 at _____.

IT IS SO ORDERED.

Dated: _____, 2026    _____
                                                                                                      The Honorable Susan Illston
                                                                                                      United States District Court Judge