Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **JOINT STATEMENT REGARDING EXPEDITED DISCOVERY** |

Plaintiffs and Defendants submit this Joint Statement pursuant to this Court's March 3, 2026 Order Re: Expedited Discovery on Motion for Preliminary Injunction (ECF 321). The parties' respective positions regarding unresolved disputes are set forth below, following the categories set forth in the Court's Order.

I.   PLAINTIFFS' POSITION[1]

**Category 1:   Defendants shall produce documents related to the renewals/nonrenewals of CORE employees.**

To summarize, Plaintiffs' proposal on document production, explained further below, is:

- Production of responsive documents by no later than March 12, 2026.
- Production must include searches of the entire DHS Office of the Secretary, DHS Office of the Chief Human Capital Officer (OCHCO), FEMA leadership, FEMA OCHCO, and FEMA Supervisors of Programs/Offices involved in CORE renewals. The searches should include Kristi Noem, Corey Lewandowski, and Kara Voorhies,[2] regardless of whether DHS claims they are part of the Office of the Secretary.
- Searches must encompass all documents, including email, electronic files, and electronic communications including through Signal and other messaging platforms.
- Privilege log for any assertion of privilege other than deliberative process privilege by no later than March 12, 2026. Any claims of deliberative process privilege for documents in these categories should be overruled based on need.

---

[1] Plaintiffs received Defendants' inserts to this joint statement at 12:53 pm today, and reserve the right to respond further. Defendants object below to the length of Plaintiffs' presentation of disputes. That length is directly caused by Defendants' delay in providing their positions on *all issues* until this morning, and failure to respond to Plaintiffs' further communications about those positions today, which prevented any further meet and confer or resolution of any disputes. Plaintiffs' draft is warranted under these circumstances to give the Court necessary information.

[2] 172 Cong. Rec. S748 (daily ed. Mar. 3, 2026) (statement of Sen. Tillis) ("Based on recent reports, I have reason to believe that DHS has delegated responsibilities of the FEMA Administrator to an outside contractor, who is Kara Voorhies."). DHS has identified Voorhies as "Senior Advisor" to the DHS Secretary and Lewandowski as "Chief Advisor" to the DHS Secretary (both with respect to FEMA issues). *See e.g.*, https://www.dhs.gov/sites/default/files/2025-08/2025_0709_fema_review_council_meetingminutes.pdf (Voorhees); https://www.dhs.gov/homeland-security-advisory-council-members (Lewandowski).

1. <u>Meet and Confer Efforts to Date</u>.  Plaintiffs have attempted to meet and confer in good faith, but those effects have been unsuccessful.  Plaintiffs' counsel received Defendants positions only at 9:29am PT this morning, and Defendants did not provide justifications for their positions at that time.

On March 4, 2026, Plaintiffs requested Defendants' availability for an initial conference that day.  Defendants requested to postpone until March 5.  Plaintiffs insisted on an initial meeting on March 4.  The parties held an initial meet-and-confer that day, but Defendants were unprepared to offer any information or positions. On March 5, the parties held a lengthy meet-and-confer, at which Defendants' counsel was able to convey only partial information provided by clients.  It was clear that Defendants had not yet begun to search for responsive documents, let alone identified all categories of documents falling within the universe of responsive documents.  Plaintiffs made proposals on every issue.  Following this initial call, Defendants' counsel returned to their clients for additional information regarding documents and relevant decision-makers.  Plaintiffs requested Defendants' complete position by the end of the day on March 5 to further this meet and confer process; Defendants did not respond until 9:28am PT on Friday, March 6, with their position on the below disputes.  Plaintiffs have responded to the best of their ability under these time constraints caused by Defendants' delays.

2.  <u>Timing of Document Production.</u>  Plaintiffs proposed that Defendants produce all responsive documents in Categories 1 and 2 by no later than one week from the date of the parties' meet and confer (by **Thursday, March 12**) to permit Plaintiffs sufficient time to prepare and move forward with depositions the week of March 16 (as discussed below).  Defendants were unable on March 5 to provide any time estimate for their proposed production.  This morning, Defendants proposed production "within 30 days of the Court's order regarding the dispute," which is unreasonable for several reasons.

Defendants have provided no justification for using a non-expedited, regular discovery response timeframe.  Defendants' thirty-day proposal reflects the ordinary timeframe for document production under the Federal Rules..  Defendants should have already started their document

collections upon receiving the Court's March 3 order, so a production deadline of March 12 is appropriate.

Nor have Defendants provided Plaintiffs with any explanation of why earlier production than the regular schedule would be infeasible. The Court-ordered productions can be accomplished by electronic searches of accessible systems, and Defendants can search multiple accounts simultaneously. Defendants have not identified any need for significant privilege review in this case either, given that none of the decision-makers identified by Defendants are lawyers, and any attorney names for DHS and FEMA are known and can be electronically identified.

3.  Scope of Document Production.

*Timeframe of documents*.   Plaintiffs have proposed that Defendants collect documents from **December 1, 2025 through the date of collection**, subject to the duty of further ongoing supplementation. Defendants proposed to cut off the collection on March 6, 2026, regardless of the date of collection, but without explanation for that arbitrary cutoff date.

*Custodians*.  Plaintiffs' position is that Defendants should conduct electronic record searches of the entire DHS Office of the Secretary and DHS Office of the Chief Human Capital Officer (OCHCO), as well as FEMA's leadership, FEMA OCHCO, and relevant program/office supervisors. Plaintiffs have specifically requested that those searches include Kristi Noem, Corey Lewandowski, and Kara Voorhies.

Defendants propose to limit searches to an under-inclusive, hand selected group, without any explanation for their position that others (such as Noem) do not have responsive documents: Karen Evans, the Senior Official Performing the Duties of the FEMA Administrator; LaToya Prieur, FEMA CHCO; Roland Edwards, DHS CHCO; Joseph Guy, DHS Deputy Chief of Staff; and Troup Hemenway, DHS Principal Deputy Chief of Staff.

Defendants propose those limitations based on the FEMA CHCO LaToya Prieur declaration that they provided to Plaintiffs on March 6, 2026, purporting to identify persons involved in CORE renewal decisions under instruction #4 in the Court's order. The inadequacy of that declaration is addressed further below. But even on Defendants' own terms, the FEMA supervisors/program officers included in that declaration and omitted from Defendants' proposal

should be included in the searches. Moreover, Defendants omit likely decisionmakers at DHS.[3] Rather than allowing Defendants to limit the custodians based on their version of events, which has already proven to be a moving target, the entire relevant offices should be searched.

Finally, there is simply no basis for limiting those with responsive documents, to those who Defendants now contend were the relevant decision-makers. The question of who at DHS in fact made these decisions is exactly what this discovery seeks to uncover, and Defendants should not be permitted to answer it *ex ante* by limiting their searches. The scope and scale of these issues is very limited, and Defendants, who have put these issues in contention by attempting to controvert their own sworn testimony, should dedicate the resources necessary to complete this in an expedited manner.

*Scope of Searches*. Plaintiffs identified a number of specific types of documents (including the "S1 Verification Form" that DHS required FEMA to use for all CORE renewal decisions beginning in December 2025, as well as spreadsheets of CORE employees by NTE provided to FEMA supervisors). Defendants should use the standard search term review process to identify documents that pertain to the renewals and nonrenewals of the CORE.

Defendants' searches should encompass all documents, including email, electronic files, and electronic communications including through Signal and other messaging platforms. All those documents, including Signal messages, should have been identified and preserved by Defendants even before the Court's production order.

In stating their position, Defendants have raised with Plaintiffs no specific objections to scope, and Plaintiffs therefore understand that *all* responsive documents will be produced.

*Privilege*. Defendants should provide a privilege log for any non-deliberative process privileges with their production (which should be limited, given the lack of attorney involvement in decision-making). During the March 5 meet and confer call, Plaintiffs requested Defendants' position on whether they intend to claim deliberative process privilege, so that the parties can raise

---

[3] *See* Brianna Sacks, *Emails outline potential cuts affecting thousands of FEMA disaster responders*, Wash. Post (Jan. 5, 2026), https://www.washingtonpost.com/weather/2026/01/05/fema-disaster-core-cuts-dhs-emails/ ("Internal agency emails and documents, as well as people familiar with the plans, suggest Noem is spearheading the drastic reductions" of CORE employees.).

that issue for the Court now, in advance (given the Court and the Ninth Circuit's prior rulings on these issues). On March 5, Defendants were unprepared to provide their position. In their response on the morning of March 6, Defendants did not address this issue.

**Category 2:** **Defendants shall produce communications from DHS and FEMA, including email communications, regarding the renewals/nonrenewals of CORE employees as well as "target" reductions of FEMA and CORE employee staffing.**

In addition to the issues identified with respect to Category 1 (which largely apply here as well), there was an additional dispute with respect to the scope of documents pertaining to the "target" reductions in FEMA and CORE staffing. At the March 5 meet and confer, Plaintiffs explained their position that these documents include (at a minimum):

1. Communications regarding the staffing plans directed by the December 23 email, including the materials prepared and submitted by the FEMA components, communications regarding that process and any DHS and FEMA communications regarding the plans that resulted from that process.

2. Communications regarding any workforce reduction plan whether or not Defendants take the position this plan resulted from the December 23 process.

Defendants continue to take the position that there is no "plan." Plaintiffs asked Defendants for their position with respect to whether what are plainly many communications regarding the December 23 instructions are responsive or not; Defendants could not provide their position.

Defendants should produce all documents in the above two categories, as well as any other communications discussing "target" workforce cuts at FEMA.

In their March 6 statement of position, Defendants did not address this issue. Plaintiffs requested, again, confirmation that Defendants would search for and produce these documents (or an explanation as to whether the parties have a dispute).

**Category 3.** **Plaintiffs shall be permitted to depose DHS Secretary Kristi Noem, SOPDA Karen Evans, and the Chief Human Capital Officers of both DHS and FEMA.**

Plaintiffs have offered to begin with the depositions of Evans, and the DHS and FEMA CHCOs, and discuss the deposition of DHS Secretary Kristi Noem as needed after reviewing the documents and information provided in those depositions. On March 5, Plaintiffs requested availability the week of March 16 for these three depositions.

In their statement of position from the morning of March 6, Defendants did not provide the requested dates and have proposed a document production schedule that would delay these depositions. What Defendants propose is not expedited discovery, and is not consistent with the needs of this case and the expedited resolution of Plaintiffs' motion.

Defendants have also asked that the deposition of Karen Evans take place at least one week after the depositions of the FEMA and DHS CHCOs. Defendants provided no explanation for that request. There is no reason to vary the usual rule, that as the taking party, Plaintiffs should be permitted to decide the order of these three depositions. Moreover, in the current context, Defendants should not be permitted to strategically order these depositions to insulate their declaration whose testimony they seek to controvert.

Plaintiffs also reserve the right to seek leave to notice additional depositions, including of the other individuals identified in the Prieur declaration that Defendants produced to Plaintiffs on the evening of March 5, 2026 (or any others revealed in any necessary revision to that declaration or revealed by the document production)..

**Category 4:** **By March 5, 2026, defendants shall identify to plaintiffs' counsel—in a declaration signed under penalty of perjury—the individual(s) involved in the decisions regarding the renewal of the CORE employees whom defense counsel referenced at the hearing.**

On the evening of March 5, 2026, Defendants provided Plaintiffs with a declaration from the FEMA CHCO La'Toya Prieur. Prieur states "to the best of her knowledge" that the individuals at FEMA and DHS who were involved in CORE decisions are as follows:

> To the best of my knowledge, the following individuals at FEMA were involved in the decisions regarding the non-renewal and renewal of the CORE employees:
>     a. Myself
>     b. Karen S. Evans, Senior Official Performing the Duties of Administrator
>     c. FEMA Program offices which are composed of the eleven executive offices and ten Regions.

> To the best of my knowledge, the following individuals at Department of Homeland Security ("DHS") Headquarters were involved in the decisions regarding the renewal of the CORE employees:
> 
>   a. Roland Edwards, Chief Human Capital Officer
>   b. Joseph Guy, Deputy Chief of Staff
>   c. Troup Hemenway, Principal Deputy Chief of Staff

Plaintiffs have concerns regarding the adequacy of this declaration. The declaration is limited to the personal knowledge of Prieur, which on its face does not reflect all relevant knowledge available to Defendants. The declarant does not state how she has knowledge of the DHS individuals involved in the decisionmaking process, and there is no reason to assume that she—as FEMA CHCO—would have complete knowledge of the DHS decisionmaking process. The declaration is inconsistent with reports of the involvement of DHS Secretary Noem and likely other DHS senior officials, such as Corey Lewandowski, in the decision-making with respect to FEMA staffing and workforce reduction. The Prieur declaration, which Plaintiffs have not had any opportunity to test, should not be used to limit the scope of discovery that the Court allows. Plaintiffs can endeavor to continue to meet and confer with regard to the under-inclusive scope of this declaration; alternatively, there is sufficient information before the court to order Defendants to supplement the names in the declaration based on all information within their possession and control.

## II.     DEFENDANTS' POSITION

As a threshold matter, Defendants object to Plaintiffs' unilateral decision (without prior notice or leave of Court) to provide a seven-page insert instead of the 2.5 pages per side authorized by the Court's Standing Order. Defendants made every reasonable effort to comply with the Standing Order limiting joint submissions to five pages total, working to keep their portion under 2.5 pages, consistent with prior joint submissions in this matter. But 40 minutes before the filing deadline, Plaintiffs provided a seven-page draft insert for their portion, without any warning of its length beforehand. This is prejudicial to Defendants and should be struck in favor of a statement compliant with the Court's Standing Order, with instructions to refile a compliant statement by a date certain. If Plaintiffs' submission is not struck, Defendants reserve all rights to respond to any

1   representations they could not reasonably address in the pages they used for their portion,
2   consistent with the Standing Order and the Parties' prior practice.

3   **Meet and Confer Efforts.** Plaintiffs mischaracterize the Parties' meet-and-confer efforts.
4   At Plaintiffs' demand, Defendants made themselves available for a video meet-and-confer on
5   March 4, 2026. Defendants informed Plaintiffs in advance of that call that they would not be
6   prepared to discuss the substantive discovery before the meet-and-confer deadline ordered by the
7   Court (March 5, 2026). Nonetheless, in the spirit of professionalism, Defendants conferred with
8   Plaintiffs on March 4, during which discussion Plaintiffs asked Defendants to voluntarily agree to
9   their preliminary injunction. The next day, March 5, and as directed by this Court, Defendants
10  conferred again with Plaintiffs for over an hour by videoconference. Defendants discussed at length
11  their positions and rationales therefor. The Parties had additional email exchanges, but were unable
12  to reach agreement.

13  **Court's Order on Discovery.** Rule 26(d) generally provides that discovery will not
14  commence until the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). In
15  the preliminary-injunction motion context, expedited discovery may be ordered if "it would better
16  enable the court to judge the parties' interests and respective chances for success on the merits."
17  *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (cleaned
18  up). Any discovery sought must be evaluated against the purpose of a preliminary injunction—to
19  preserve the status quo. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit*
20  *Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006). Because "[t]he purpose of a preliminary injunction is merely
21  to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Tex.*
22  *v. Camenisch*, 451 U.S. 390, 395 (1981), and "to balance the equities as the litigation moves
23  forward," *Trump v. IRAP*, 582 U.S. 571, 580 (2017) (per curiam), expedited discovery occurs "on
24  the basis of procedures that are less formal and evidence that is less complete than in a trial on the
25  merits,'" *Lackey v. Stinnie*, 604 U.S. 192, 200–01 (2025) (quoting *Camenisch*, 451 U.S. at 395).

26  Plaintiffs cannot reasonably expect full-blown merits discovery on an expedited timeframe,
27  and the law does not entitle them to it. Yet that is what their proposal contemplates.

28

***Documents and Communications Regarding CORE Renewals and Non-Renewals.*** The Court's Order directs two, overlapping categories of document productions: (1) Documents "related to the renewals/nonrenewals of CORE employees," and (2) Communications regarding "the renewals/nonrenewals of CORE employees," as well as "'target' reductions of FEMA and CORE employee staffing." To comply with that, Defendants have: (i) agreed to a over-broad timeframe of December 1, 2025, to March 6, 2026, and (ii) offered to search for responsive materials, including Electronically-Stored Information ("ESI") in the custodial records of the relevant decisionmakers: (a) Karen Evans, Senior Official Performing the Duties of the FEMA Administrator; (b) LaToya Prieur, Chief Human Capital Officer, FEMA; (c) Roland Edwards, Chief Human Capital Officer, DHS; (d) Joseph Guy, Deputy Chief of Staff, DHS; and (3) Troup Hemenway, Principal Deputy Chief of Staff, DHS. *See* **Exhibit A** (Mar. 5, 2026, Prieur Decl.). As Defendants informed the Court and Plaintiffs at the March 3 hearing—a representation Defendants have repeatedly offered to commit to sworn testimony—the evidence now available establishes that the Secretary of Homeland Security was not involved in decisions regarding non-renewals of COREs in January 2026. *See* Ex. A. Moreover, although—as has already been attested to—there is no plan under consideration calling for "blanket" or indiscriminate non-renewal of all COREs (e.g.*,* Evans Decl. (ECF 312-1) ¶ 28)), Defendants will conduct a reasonable search for responsive communications relating to the December 23, 2025, training exercise (*see* Ex. 5 to Evans Decl. (ECF 312-6)).[4] Defendants are prepared to produce non-privileged responsive documents within 30 days of this Court's order, which accounts for the time necessary to, *inter alia*, pull documents that hit the search terms, load the documents onto a review platform, process the data (de-threading, de-duplicating, etc.), manually review the documents for responsiveness and privilege, redact PII, and process for production. This process becomes more burdensome the broader the search.

Despite Defendants' attestation as to FEMA and DHS personnel who *were* involved in relevant decision-making, Plaintiffs propose a sweeping fishing expedition that would require Defendants to search every single individual in the Office of the Secretary, the Office of the Chief

---

[4] Defendants will also redact or withhold privileged materials, subject to the provision of a privilege log in due course.

Human Capital Officer for FEMA, and the Office of the Chief Human Capital Officer for DHS. By itself, DHS's OCHCO employs 213 people, in areas far afield of Plaintiffs' allegations (such as executive resources, labor relations, and human resources policy). The Office of the Secretary employs 76 people, whose responsibilities involve many components and portfolios of work. FEMA's OCHCO employs approximately 492 people, also in areas afield of the allegations. In sum, as to these entities alone (and Plaintiffs purport to pursue many more), Plaintiffs pursue the records of approximately **800** custodians—despite Defendants' sworn identification of the FEMA and DHS custodians (including within the Office of the Secretary) involved in the decision-making. Plaintiffs' speculation does not justify broadening the search beyond reasonable bounds, particularly on an expedited timetable for purposes of resolving a preliminary injunction motion.

***Depositions.*** Defendants will promptly plan for the depositions of the FEMA and DHS CHCOs (Prieur and Edwards) following the completed document production, preferably around one week after completion. Defendants request that any deposition of FEMA SOPDA Karen Evans be taken not sooner than one week after the CHCO depositions. Given the expedited posture, short relevant timeframe, and discrete actions at issue, all depositions should be limited to 2.5 hours, within the witnesses' Washington, D.C. duty stations. Defendants will seek relief if Plaintiffs seek to depose Department of Homeland Security Secretary Noem.[5]

---

[5] Plaintiffs have said they may seek more depositions upon reviewing Defendants' document production. Defendants reserve the right to object to any further depositions given the expedited, preliminary-injunction context.

| | | |
|---|---|---|
| 1 | DATED: March 6, 2026 | Respectfully submitted, |
| 2 | | Stacey M. Leyton |
| | | Barbara J. Chisholm |
| 3 | | Danielle E. Leonard |
| 4 | | Robin S. Tholin |
| | | ALTSHULER BERZON LLP |
| 5 | | 177 Post St., Suite 300 |
| | | San Francisco, CA 94108 |
| 6 | | Tel: (415) 421-7151 |
| 7 | | sleyton@altshulerberzon.com |
| | | bchisholm@altshulerberzon.com |
| | | dleonard@altshulerberzon.com |

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582

JOINT STATEMENT REGARDING EXPEDITED DISCOVERY, No. 3:25-cv-03698-SI
11

jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jacek Pruski*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Simi Bhat (SBN 289143)
Katherine K. Desormeau (SBN 266463)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
sbhat@nrdc.org
kdesormeau@nrdc.org

By: */s/ Simi Bhat*

*Attorneys for Plaintiff Natural Resources Defense Council*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor

JOINT STATEMENT REGARDING EXPEDITED DISCOVERY, No. 3:25-cv-03698-SI
13

```
                                San Francisco, CA 94102
                                molly.alarcon@sfcityatty.org
                                alexander.holtzman@sfcityatty.org

                           By:  /s/ Alexander Holtzman
                                _____

                                Attorneys for Plaintiff City and County of San
                                Francisco

                                Tony LoPresti (SBN 289269)
                                COUNTY COUNSEL
                                Kavita Narayan (SBN 264191)
                                Meredith A. Johnson (SBN 291018)
                                Raphael N. Rajendra (SBN 255096)
                                Hannah M. Godbey (SBN 334475)
                                OFFICE OF THE COUNTY COUNSEL
                                COUNTY OF SANTA CLARA
                                70 West Hedding Street, East Wing, 9th Floor
                                San José, CA 95110
                                Tel: (408) 299-5900
                                Kavita.Narayan@cco.sccgov.org
                                Meredith.Johnson@cco.sccgov.org
                                Raphael.Rajendra@cco.sccgov.org
                                Hannah.Godbey@cco.sccgov.org

                           By:  /s/ Tony LoPresti
                                _____

                                Attorneys for Plaintiff County of Santa Clara, Calif.

                                David J. Hackett (pro hac vice)
                                General Counsel to King County Executive & Special
                                Deputy Prosecutor
                                Alison Holcomb (pro hac vice)
                                Deputy General Counsel to King County Executive &
                                Special Deputy Prosecutor
                                Erin King-Clancy (pro hac vice app. forthcoming)
                                Senior Deputy Prosecuting Attorney
                                OFFICE OF KING COUNTY PROSECUTING
                                ATTORNEY LEESA MANION
                                401 5th Avenue, Suite 800
                                Seattle, WA 98104
                                (206) 477-9483
                                David.Hackett@kingcounty.gov
                                aholcomb@kingcounty.gov
                                aclancy@kingcounty.gov

                           By:  /s/ David J. Hackett
                                _____

                                Attorneys for Plaintiff Martin Luther King, Jr. County

                                Sharanya Mohan (CABN 350675)
```

JOINT STATEMENT REGARDING EXPEDITED DISCOVERY, No. 3:25-cv-03698-SI

14

|   |   |
|---|---|
| 1 | PUBLIC RIGHTS PROJECT |
| 2 | 490 43rd Street, Unit #115 |
|   | Oakland, CA 94609 |
| 3 | Tel: (510) 738-6788 |
|   | sai@publicrightsproject.org |
| 4 |   |
| 5 | By: /s/ Sharanya Mohan |
| 6 | *Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and King County, WA* |
| 7 |   |
| 8 | Christian D. Menefee |
|   | Harris County Attorney |
| 9 | Jonathan G.C. Fombonne (pro hac vice) |
|   | Deputy County Attorney and First Assistant |
| 10 | Tiffany Bingham (pro hac vice app. forthcoming) |
|   | Managing Counsel |
| 11 | Sarah Utley (pro hac vice app. forthcoming) |
|   | Division Director – Environmental Division |
| 12 | Bethany Dwyer (pro hac vice app. forthcoming) |
|   | Deputy Division Director - Environmental Division |
| 13 | R. Chan Tysor (pro hac vice app. forthcoming) |
|   | Senior Assistant County Attorney |
| 14 | Alexandra "Alex" Keiser (pro hac vice) |
| 15 | Assistant County Attorney |
|   | 1019 Congress, 15th Floor |
| 16 | Houston, Texas 77002 |
|   | Tel: (713) 274-5102 |
| 17 | Fax: (713) 437-4211 |
|   | jonathan.fombonne@harriscountytx.gov |
| 18 | tiffany.bingham@harriscountytx.gov |
| 19 | sarah.utley@harriscountytx.gov |
|   | bethany.dwyer@harriscoupntytx.gov |
| 20 | chan.tysor@harriscountytx.gov |
|   | alex.keiser@harriscountytx.gov |
| 21 |   |
| 22 | By: /s/ Jonathan G.C. Fombonne |
| 23 | *Attorneys for Plaintiff Harris County, Texas* |
| 24 | Mary B. Richardson-Lowry, |
|   | Corporation Counsel of the City of Chicago |
| 25 | Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming) |
| 26 | Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice) |
| 27 | Lucy Prather (IL ARDC 6337780) (pro hac vice) |
| 28 | City of Chicago Department of Law, |

JOINT STATEMENT REGARDING EXPEDITED DISCOVERY, No. 3:25-cv-03698-SI

15

|   |   |
|---|---|
| 1 | Affirmative Litigation Division |
| 2 | 121 N LaSalle Street, Suite 600 |
|   | Chicago, Illinois 60602 |
| 3 | Tel: (312) 744-6934 |
|   | Stephen.kane@cityofchicago.org |
| 4 | Rebecca.Hirsch2@cityofchicago.org |
|   | Lucy.Prather@cityofchicago.org |

By: /s/ Stephen J. Kane

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: /s/ Sara Gross

*Attorneys for Plaintiff City of Baltimore*

CRAIG H. MISSAKIAN
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director

 s/ Cesar Azrak
Cesar Azrak
Marianne Kies
Robert Bombard
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
 1100 L Street, NW
 Washington, DC 20005
 Telephone: (202) 305-0693
 cesar.e.azrak@usdoj.gov

*Counsel for Defendants*

JOINT STATEMENT REGARDING EXPEDITED DISCOVERY, No. 3:25-cv-03698-SI

16