UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 25-cv-03698-SI<br><br>**ORDER RE: EXPEDITED DISCOVERY DISPUTES** |

On March 3, 2026, following a hearing on plaintiffs' motion for preliminary injunction, the Court ordered four categories of expedited discovery:

1. Defendants shall produce documents related to the renewals/nonrenewals of CORE employees.

2. Defendants shall produce communications from DHS and FEMA, including email communications, regarding the renewals/nonrenewals of CORE employees as well as "target" reductions of FEMA and CORE employee staffing.

3. Plaintiffs shall be permitted to depose DHS Secretary Kristi Noem, SOPDA Karen Evans, and the Chief Human Capital Officers of both DHS and FEMA.

4. By **March 5, 2026**, defendants shall identify to plaintiffs' counsel—in a declaration signed under penalty of perjury—the individual(s) involved in the decisions regarding the renewal of the CORE employees whom defense counsel referenced at the hearing.

Dkt. No. 321. On March 6, 2026, parties filed a statement regarding disputes as to the timing and scope of expedited discovery. Dkt. No. 327. Defendants attached as an exhibit to that statement a declaration from La'Toya Prieur, Chief Human Capital Officer ("CHCO") at FEMA, stating which individuals at FEMA and DHS were involved in the decisions related to the renewals/nonrenewals of CORE employees "to the best of [her] knowledge." Dkt. No. 327-1.

1   A district court may permit expedited discovery "upon a showing of good cause." *Semitool,*
2   *Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273 (N.D. Cal. 2002).  Good cause exists "where
3   the need for expedited discovery, in consideration of the administration of justice, outweighs the
4   prejudice to the responding party."  *Id.*  To determine whether good cause
5   justifies expedited discovery, courts often consider factors including whether a preliminary
6   injunction is pending, the breadth of the discovery requests, the purpose of the request, and the
7   burden on the defendants to comply with the requests.  *See American LegalNet, Inc. v. Davis,* 673
8   F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

9   Parties raise several unresolved discovery disputes in their joint statement.  Having found
10  good cause exists to justify expedited discovery, the Court ORDERS the following:

11  **Timeframe of Production:** Plaintiffs take the position that responsive documents and a
12  privilege log should be produced by March 12, 2026.  Dkt. No. 327 at 1, 2-3.  Defendants propose
13  producing non-privileged responsive documents within 30 days of the Court's order.  *Id.* at 9.
14  Defendants shall produce documents and communications responsive to the first two categories of
15  expedited discovery by **March 17, 2026**.  Defendants shall also produce a privilege log on that date.

16  **Scope of Production:** Defendants have agreed to a timeframe of December 1, 2025 to March
17  6, 2026 for production of documents and communications responsive to the first two categories of
18  expedited discovery.  *Id.* at 9.  Plaintiffs argue that a March 6, 2026 cut-off date is arbitrary.  *Id.* at
19  3.  The Court agrees with defendants that a March 6, 2026 discovery cut-off date is reasonable and
20  sets the discovery cut-off date as such.

21  Defendants argue that production should be limited to custodial records of individuals
22  identified in Ms. Prieur's declaration.  *Id.* at 9-10; *see* Dkt. No. 327-1.  Plaintiffs argue that
23  production must include searches of the entire DHS Office of Secretary, DHS Office of the Chief
24  Human Capital Officer (OCHCO), FEMA leadership, FEMA OCHCO, and FEMA supervisors of
25  programs/offices involved in the CORE renewals.  *Id.* at 1.  Plaintiffs state that these searches should
26  specifically include Kristi Noem, Corey Lewandowski, and Kara Voorhies.  *Id.*  The Court agrees
27  with plaintiffs that there is no basis for limiting searches to only those decisionmakers identified in
28  Ms.Prieur's declaration and orders defendants to search the custodial records of the aforementioned

offices and individuals.

**Depositions:** Plaintiffs contend that depositions should take place the week of March 16, 2026. *Id.* at 5-6. Defendants propose depositions take place one week after production. *Id.* at 10. Defendants argue that any deposition of Karen Evans should occur after depositions of the FEMA and DHS CHCOs. *Id.* Depositions shall be scheduled for the week of **March 30, 2026**. The Court permits plaintiffs to choose the order of the depositions.

**IT IS SO ORDERED**.

Dated: March 9, 2026

SUSAN ILLSTON
United States District Judge