Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **PLAINTIFFS' STATEMENT REGARDING COMPLIANCE WITH DISCOVERY ORDERS** |

## I.        Plaintiffs' Position Re: Compliance with March 3 and 9 Orders[1]

Plaintiffs have been unable to resolve the following disputes through video and email conferences with Defendants.  Plaintiffs first raised some of these issues during the prior meet and confer ordered by this Court and continued discussions prior to and after receipt of Defendants' March 17 production and privilege logs. ECF 321, 327, 328. Plaintiffs respectfully request the Court's immediate resolution, in light of the expedited nature of this discovery, the pending PI Motion, and the urgent need to prepare for the upcoming depositions (now scheduled for March 31 (FEMA SOPDA Evans); April 2 (DHS CHCO Edwards); and April 3 (FEMA CHCO Prieur).

## A.        Defendants' Refusal to Produce Any Electronic Communications on Phones

On March 17, 2026, the document-production deadline this Court set (ECF 321 and 328), Defendants informed Plaintiffs for the first time that they were refusing to search for or produce any text, Signal, or other electronic communications on phones. Defendants did not base their position on any search or belief that such documents do not exist. To the contrary, Plaintiffs have good reason to believe that decision-makers at DHS and FEMA utilize these methods of communication frequently for government communications, including regarding FEMA matters; indeed, DHS recently (on March 10, the day after this Court's most recent order, ECF 328), sent employees a "reminder" to preserve government records *that includes Signal discussions* (see Ex. A). Defendants have not denied the existence of these communications but have refused to perform any search. Plaintiffs specifically raised the need to search text and Signal messages in their prior discovery dispute filing on March 6 (ECF 327), and Defendants did not ask the Court for any exclusion (*id*.). After learning of Defendants' position on March 17, Plaintiffs within hours offered a reasonable compromise, proposing that Defendants perform searches for responsive documents on the devices of high-level decision-makers (*see* Ex. B, email correspondence).  Despite repeated

---

[1] Plaintiffs provided notice and a copy of this statement in advance so that Defendants could insert their section and the parties could file a joint statement; Defendants have informed Plaintiffs they will instead file a separate response.

requests, as of the morning of March 19, 2026, Defendants have not provided any further information on their position.[2]

Electronic phone communications, which are commonly collected and produced in discovery, are plainly within the scope of discovery under the FRCP, and Defendants have no valid basis for refusing to search for documents required by this Court's Orders (ECF 321, 328). Plaintiffs ask that the Court order Defendants to produce all responsive electronic text, Signal, and any other phone communications by Monday, March 23, 2026.

**B.      Defendants' Non-Compliant Declaration**

The documents Defendants produced on March 17 conclusively demonstrate that Defendants' Prieur Declaration (ECF 327-1) did not comply with this Court's March 3 order, which required the declaration to identify the individuals at DHS and FEMA involved in decision-making about CORE positions. ECF 321. Plaintiffs previously objected to the under-inclusive, non-compliant declaration on the ground that it was based only on the FEMA CHCO's personal knowledge (ECF 327-1). DHS's documents now reveal *many* other individuals at DHS and FEMA who were involved in the decision-making chain for CORE approvals, including from Coann Glaze of DHS and the "**DHS Personnel Actions**" email group, and to the "**DHS Personnel Verifications Actions Leadership**" email group forwarding CORE renewals for review and consideration. *See* USA-AFGE-Exp.-0000506.[3]  The Prieur Declaration did not identify either Ms. Glaze or the members of "**DHS Personnel Verifications Actions Leadership**." Other communications sent approval requests to **hiringrequest@hq.dhs.gov**. Plaintiffs have requested that Defendants, at a minimum, immediately identify any individuals who were the recipients or authors of the groups/addresses identified here, and Defendants have not done so.

As this Court may recall, Defendants attempted to use the Prieur Declaration to argue that the record was conclusive that the individuals involved in CORE decisionmaking were very limited

---

[2] Plaintiffs asked Defendants at a videoconference whether Signal messages have been properly preserved.  Defendants did not confirm, and stated only that they have issued a litigation hold.

[3] Defendants have marked this document Confidential per the Protective Order.  It is available for the Court's in camera review as needed. Defendants have marked *every* document in the DHS production Confidential; Plaintiffs intend to seek to lift the designations as appropriate.

and that document discovery should not extend beyond that list (ECF 327 at 9 & Ex. A). Defendants' failure to provide a complete and accurate accounting of the individuals actually involved has already prejudiced Plaintiffs' ability to prepare for the upcoming depositions and interfered with Plaintiffs' ability to meet and confer over the scope of Defendants' document searches (for which the role of the DHS Management Directorate in the CORE renewal approvals, concealed until the document production, is relevant). At a minimum, Plaintiffs request that Defendants be ordered to immediately identify any individuals at DHS who have been recipients or authors of the groups/addresses identified above (**DHS Personnel Actions**, **DHS Personnel Verifications Actions Leadership**, **hiringrequest@hq.dhs.gov**) since December 1, 2025.

## C.   Documents Withheld on the Basis of Deliberative Process Privilege

Both DHS and FEMA have withheld a substantial number of responsive documents under the deliberative process privilege. This Court and the Ninth Circuit have previously addressed the scope of this qualified privilege (which does not protect factual material, among other things), and the extent to which any interest in non-disclosure can be overcome by litigation need. *E.g.*, ECF 214; *AFGE v. Trump*, 155 F. 4th 1082 (9th Cir. 2025). Even assuming any responsive documents qualify for this privilege, this Court's March 3 and 9 Orders are tailored directly to litigation need, particularly the need caused by Plaintiffs' Motion for Preliminary Injunction and Defendants' attempts to use counsel's representations to controvert their own factual evidence (ECF 321).

Plaintiffs tried to resolve this issue in advance of the production date. Immediately after the March 3 Order, Plaintiffs asked Defendants to explain whether they intended to invoke this qualified privilege, to allow the parties to tee this issue up for resolution. Defendants provided no response and instead, on March 17, served privilege logs listing hundreds of documents withheld on this basis. (Exs. C, D). The privilege log entries do not provide the specificity necessary to establish the privilege in the first instance, but in any case, Plaintiffs request the Court order that the litigation need for the documents responsive to this Court's March 3 and 9 orders overcomes any asserted deliberative process privilege and any interest in non-disclosure, and that Defendants produce the documents withheld solely on this basis without delay, by Monday, March 23.

## 4.   Scope of DHS Searches and Production

Plaintiffs immediately reviewed the DHS production provided late on March 17, and within 24 hours identified for Defendants significant concerns regarding the scope of this production, set forth in part below. Defendants have not agreed to produce any further documents or provided their position on these issues. Plaintiffs' concerns were confirmed when Defendants responded to Plaintiffs' request to identify their search terms, which are extremely narrow. The issues identified by Plaintiffs cast serious doubt on the extent to which DHS is complying with the Court order by producing all responsive documents. In light of time constraints, Plaintiffs identify their specific requests for expedited relief as follows:

**A.      Responsive documents not produced, as revealed by other documents.**

1. DHS apparently maintains, but has not produced, a "tracker" on which CORE approvals have been documented. Specifically, Coann Glaze (an individual plainly involved in the CORE renewal approval process, who was previously *not* identified by Defendants), has sent instructions to the recipients of "DHS Personnel Actions" email group with regard to CORE renewals directing whoever received those emails to annotate this "tracker." *See* USA-AFGE-Exp.-0000839.[4] Plaintiffs request that Defendants immediately search for and produce this tracker or the FEMA-related portions, and all documents pertaining to this tracker and any actions pertaining to the FEMA CORE employees.

2. DHS utilizes a tracking system for approvals, controlled by the DHS Executive Secretary, called STORM, with approval tracking sheets (which identify individuals in the line of decision-making approvals).[5] Notwithstanding the admitted involvement by DHS and the Office of the DHS Secretary (and others at DHS) in the CORE renewals and related staffing issues, DHS has not produced any documents from the STORM system or the tracking sheets. These tracking sheets almost certainly exist. For example, DHS produced letters signed by DHS Secretary Noem to Congress that discussed FEMA staffing, but *no tracking sheets* for the approval and sign-off on those letters, which is standard practice. Plaintiffs request that Defendants immediately search for

---

[4] Defendants have again marked this Confidential pursuant to the Protective Order (notwithstanding the lack of anything confidential in this document). It is available for in camera review as needed.

[5] These documents have been revealed in other litigation. *See, e.g, Nat'l TPS All. v. Noem*, No. 3:25-cv-01766-EMC (N.D. Cal.), ECF No. 132-4 (attached hereto as Exhibit E).

and produce all responsive STORM documents pertaining to FEMA CORE employees or FEMA staffing, either electronic or hard copy, including but not limited to tracking sheets identifying individuals in the decision-making chain.

### B.    Inadequate search terms.

Defendants' DHS production revealed: custodians for whom no documents were produced (Noem, Lewandowski, among others); recipients of emails revealed by email chains who did not produce those emails; a significant time frame in the key period when the non-renewal of CORE commenced (December 20-January 6) without any documents. Plaintiffs were concerned these gaps reflected overly-narrow searching rather than a lack of responsive documents.  At Plaintiffs' request, Defendants revealed on March 19 the search terms used for the DHS production, which were limited to:

- (CORE OR "Cadre of On-Call Response and Recovery") /5 (renew* OR nonrenew* OR reappoint* OR nonreappoint* OR NTE OR "workforce reduction plan")
- "Workforce Capacity Planning Exercise" /5 FEMA
- Target /5 (reduc* OR staff*) /5 FEMA

These terms, including narrow proximity requirements, are woefully under-inclusive.  Defendants did not submit or explain during the prior meet and confer any substantive objections to the scope of the Court's orders or intention to narrow the scope of their searches so dramatically, and indeed raised no scope issues beyond the number of custodians (ECF 327). The responsive search already involves a rather narrow time window and is limited to specific offices within DHS. ECF 328

Plaintiffs immediately objected to these terms and proposed a compromise set of follow-up searches for a subset of custodians, which is a more than reasonable response to these overly-narrow searches that Defendants performed over the two weeks since the March 3 order. Plaintiffs request the Court, at a minimum, order Defendants to search for and produce documents responsive to these terms (CORE & FEMA; CORE & (extension OR extend); CORE & approv!; FEMA & staffing; NTE & expir!; CORE & (Noem OR S1); CORE & (Lewandowski OR Corey)) from these custodians: Noem, Lewandowski, Greyson McGill, Coann Glaze, Roland Edwards, Joe Guy, Troup Hemenway, and anyone else who has been a member/recipient since December 1, 2025 of the DHS Personnel Actions, DHS Personnel Verification Actions Leadership or

hiringrequest@hq.dhs.gov email accounts/groups. Plaintiffs request Defendants be ordered to produce these documents by no later than Tuesday, March 24.

DATED: March 19, 2026                    Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Robin S. Tholin
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jacek Pruski*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.

PLAINTIFFS' STATEMENT REGARDING DISCOVERY ORDERS, No. 3:25-cv-03698-SI

Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Simi Bhat (SBN 289143)
Katherine K. Desormeau (SBN 266463)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
sbhat@nrdc.org
kdesormeau@nrdc.org

By: */s/ Simi Bhat*

*Attorneys for Plaintiff Natural Resources Defense Council*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)

PLAINTIFFS' STATEMENT REGARDING DISCOVERY ORDERS, No. 3:25-cv-03698-SI
8

Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ Alexander Holtzman*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

David J. Hackett (pro hac vice)
General Counsel to King County Executive & Special
Deputy Prosecutor
Alison Holcomb (pro hac vice)
Deputy General Counsel to King County Executive &
Special Deputy Prosecutor
Erin King-Clancy (pro hac vice app. forthcoming)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov
aclancy@kingcounty.gov

PLAINTIFFS' STATEMENT REGARDING DISCOVERY ORDERS, No. 3:25-cv-03698-SI
9

By: */s/ David J. Hackett*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (CABN 350675)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org

By: */s/ Sharanya Mohan*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne (pro hac vice)
Deputy County Attorney and First Assistant
Tiffany Bingham (pro hac vice app. forthcoming)
Managing Counsel
Sarah Utley (pro hac vice app. forthcoming)
Division Director – Environmental Division
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice app. forthcoming)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane (IL ARDC 6272490) (pro hac vice app. forthcoming)

PLAINTIFFS' STATEMENT REGARDING DISCOVERY ORDERS, No. 3:25-cv-03698-SI

10

Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Stephen J. Kane*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross (pro hac vice app. forthcoming*)*
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Sara Gross*

*Attorneys for Plaintiff City of Baltimore*