CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
MARIANNE F. KIES
CESAR AZRAK
Trial Attorneys
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-1819
Marianne.F.Kies@usdoj.gov

Counsel for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>     Plaintiffs,<br><br>       v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>     Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' RESPONSE ON DISCOVERY DISPUTE**[1]<br><br>Hearing Date: March 20, 2026<br>Time: 3:00 p.m.<br>Judge: Hon. Susan Illston<br>Place: San Francisco Courthouse<br>      Courtroom 1 |

---

[1] Defendants were unable to provide their insert to Plaintiffs in advance of 8:00 p.m. ET, as Plaintiffs requested, so are filing separately

Plaintiffs' complaints that they now present to the Court are largely limited to DHS. DHS identified and collected from every single custodian the Court directed them to collect from. DHS compiled emails, Microsoft Teams communications, and OneDrive documents. DHS crafted appropriately tailored terms designed to identify responsive materials within the categories directed by the Court's order and within the one-week timeframe allotted. Among other things, DHS searched for every instance where "CORE" or "Cadre of On-Call Response and Recovery" appeared within five words of the word "renew," "nonrenew," "reappoint," "nonreappoint," "NTE", or "workforce reduction plan." DHS diligently reviewed every single hit and produced those that were responsive and not privileged. Despite Plaintiffs' March 6, 2026, demand for cellular data, the Court's March 9 Order did not direct DHS (or FEMA) to collect cell phones—nor would that have been reasonable, proportional, or even feasible within the expedited timeframe. This is not, after all, merits discovery, but expedited discovery related to Plaintiffs' motion for a preliminary injunction. On March 17, Defendants produced over 12,300 documents: a volume tantamount to discovery usually collected and produced within the span of months, not days. Defendants have scheduled the depositions in the time and order requested by Plaintiffs. Discovery is not a fishing expedition, and even when it is *not* expedited, it has limits. The limit has been reached. The Court should reject Plaintiffs' eleventh-hour demand for a do-over.

Plaintiffs have disputed nearly every aspect of Defendants' document collections and productions. Depositions are imminent. Defendants respectfully renew their request for referral to a Magistrate Judge, to assist in resolving discovery disputes in this expedited matter.

***Procedural History.*** On March 3, the Court ordered "expedited discovery," including document productions, in connection with Plaintiffs' pending motion for preliminary injunction. The production categories ordered were: (i) documents "related to the renewals/nonrenewals of CORE employees" at FEMA, and (ii) "communications from DHS and FEMA, including email communications," regarding "the renewals/nonrenewals of CORE employees as well as 'target' reductions of FEMA and CORE employee staffing." ECF 321.

On March 6, in response to the Court's March 3 order, FEMA and DHS explained that the

Defendants' Response on Discovery Dispute
3:25-cv-3698-SI

1

Secretary of Homeland Security was not involved in decisions regarding non-renewal of COREs in January 2026, and therefore offered to search for responsive materials, including Electronically Stored Information ("ESI"), in the custodial files of the *actual* involved decisionmakers. ECF 327. The FEMA personnel identified were Karen Evans, Senior Official Performing the Duties of the FEMA Administrator ("SOPDA"), and LaToya Prieur, Chief Human Capital Officer ("CHCO"). *Id.* at 9 (internal pagination). The DHS personnel identified were: Roland Edwards, CHCO; Joseph Guy, Deputy Chief of Staff; and Troup Hemenway, Principal Deputy Chief of Staff. *Id.* Defendants identified these individuals as the relevant decision-makers under the penalty of perjury. *See* ECF 327-1 (Prieur Declaration). Plaintiffs submitted a much broader proposal, to include (a) every individual in the DHS Office of the Secretary (76 people); (b) every person in the DHS Office of the CHCO (213 people); (c) every person in the FEMA Office of the CHCO (492 people); (d) Secretary Noem, Corey Lewandowski, and Kara Voorhies; and (e) an undefined group of "relevant program/office supervisors" at FEMA. ECF 327 at 3–4 & n.3, 9–10 (internal pagination). Plaintiffs specifically asked the Court to order Defendants to search, in addition to documents and e-mails, "electronic communications[,] including through Signal and other messaging platforms." *Id.* at 4 (internal pagination).

The Court's March 9 Order directed Defendants to "search the custodial records" of the "offices and individuals" identified by Plaintiffs, within the timeframe of December 1, 2025, to March 6, 2026. ECF 328 at 2. The Order did not contain a list of search terms. ECF 328.

Since the Court's first order directing expedited discovery issued on March 3, Plaintiffs have not (before today) proposed search terms. And, despite Plaintiffs' express request for cellular data (such as Signal messaging) in their March 6 proposal, the Court's March 9 Order also did not direct Defendants to collect and search cellular phones.

***The Agencies' Compliance with the Court's Order.*** In one week, DHS and FEMA devoted extraordinary effort to comply with the March 9 Order, as detailed in Declarations that accompany

Defendants' Response on Discovery Dispute
3:25-cv-3698-SI

2

this filing.[2]

The Department of Homeland Security. To ensure the Agency's ability to produce as many responsive materials within the week allotted by the Court's order as possible, DHS HQ structured its document collection in "tiers," prioritizing for the earliest ESI collections the custodians most likely to have responsive information, plus those specifically named by Plaintiffs and identified by the Court in its March 9 order. Tier 1 included the following five custodians: (1) Troup Hemenway, Principal Deputy Chief of Staff; (2) Joseph Guy, Deputy Chief of Staff; (3) Roland Edwards, CHCO for DHS; (4) Corey Lewandowski, Senior Advisor to the Secretary of Homeland Security; and (5) Kristi Noem, Secretary of Homeland Security. DHS included Hemenway, Guy, and Edwards based on confirmation that they were involved in receiving, reviewing, and/or approving FEMA's request for renewal of CORE employees starting in January 2026. ECF 327 at 9 (internal pagination); ECF 327-1. DHS included Lewandowski and Secretary Noem at Plaintiffs' request, which the Court adopted. ECF 328. Tier 2 included the 212 employees working for Mr. Edwards in DHS's OCHCO and the 72 other people employed in the Office of the Secretary, *the two DHS offices requested by Plaintiffs and directed by the Court*. ECF 328. For each of these custodians, DHS pulled Personal Storage Table ("PST") (email) files; communications from Microsoft Teams; and documents from OneDrive (which is a shared document management system). In total, DHS collected over one gigabyte ("GB") of data from the nearly 300 custodians in Tiers 1 and 2.

In addition, DHS HQ requested that the Office of the Executive Secretary search its records for official correspondence and documents transmitted to the Secretary regarding FEMA staffing and CORE renewals or nonrenewals after December 1, 2025. The Office of the Executive Secretary did not locate any correspondence or memoranda requesting or reflecting the Secretary's review of requests for renewal or nonrenewal of CORE employees.

The Court's March 9 Order did not provide search terms; nor did Plaintiffs propose any. Therefore, in addition to collecting custodial records, DHS HQ developed search terms designed

---

[2] The DHS Declaration is dated earlier in the week, when Defendants intended to seek an extension that was subsequently reached by stipulation.

Defendants' Response on Discovery Dispute
3:25-cv-3698-SI

3

to yield information regarding FEMA staffing and CORE renewals or nonrenewals after December 1, 2025. The search terms DHS developed were:

- o (CORE OR "Cadre of On-Call Response and Recovery") /5 (renew* OR nonrenew* OR reappoint* OR nonreappoint* OR NTE OR "workforce reduction plan")
- o "Workforce Capacity Planning Exercise" /5 FEMA
- o Target /5 (reduc* OR staff*) /5 FEMA

These searches yielded nearly 1,000 documents, which DHS reviewed for responsiveness and privilege. DHS timely produced 314 documents.

FEMA. To ensure its ability to produce responsive materials within one week, FEMA similarly structured its document collection in "Tiers," prioritizing for the earliest ESI collections the custodians most likely to have responsive information, plus those named by Plaintiffs and identified by the March 9 Order. Tier 1 comprised 9 key custodians, including SOPDA Karen Evans and CHCO La'Toya Prieur. Tier 2 comprised all FEMA Principal leadership and Regional Administrators (30 people). Tier 3 comprised 971 people: OCHCO employees; Program Heads; and Supervisors of every CORE employee who had an NTE (Not-to-Exceed) date between January 1, 2026, and March 6, 2026. FEMA also collected data from 6 attorneys assigned to OCC. In all, FEMA identified 971 custodians. For each, FEMA pulled email files; communications from Microsoft Teams; and documents from OneDrive. In total, FEMA collected nearly 200 gigabytes of data from the ~1,000 custodians and applied search terms. Between March 9 and March 17 alone, FEMA devoted more than 430 personnel hours to reviewing documents for responsiveness. It produced responsive documents from Tiers 1 and 2 on March 17, and by stipulation will produce responsive documents from Tier 3 on March 20.

Plaintiffs' Letter Demand. On Thursday, March 18, at 9:11 p.m. ET, Plaintiffs emailed Defendants a six-page, single-spaced letter alleging myriad deficiencies in Defendants' productions and privilege logs and demanding a meet-and-confer four business hours later, by 10:30 a.m. PT. Defendants explained that they needed time to collect information to respond to Plaintiffs' demands and proposed a meet-and-confer on Friday, March 19. Plaintiffs refused and,

Defendants' Response on Discovery Dispute
3:25-cv-3698-SI

4

with two minutes' notice, contacted the Court and unilaterally imposed an 8 p.m. ET deadline for briefing the dispute—which Defendants have yet to have any fair opportunity to gather the facts necessary for.

### Plaintiffs Are Not Entitled to Full-Blown Merits Discovery in One Week, Nor Is Full-Blown Merits Discovery Possible.

*Cellular Phones.* Plaintiffs asked the Court to order Defendants to collect cell phones. ECF 327. The Court's order did not direct Defendants to collect cell phones. ECF 328. This makes sense. The Court's order directing discovery of "custodial records" encompassed over 1,250 individuals at DHS and FEMA, and it would have been a physical impossibility to manually collect, extract data from, review, and produce information saved on 1,250 cellular phones—much less to do so in one week, while simultaneously reviewing tens of thousands of documents for responsiveness and privilege.[3] Plaintiffs have asserted that cell phones are "commonly" "collected and produced in discovery." Maybe so. But the ongoing expedited discovery is not full-blown merits discovery, to which the expansive Federal Rules apply with typical force. Plaintiffs cannot simultaneously demand expedited discovery in connection with a request for preliminary injunctive relief and then act as if the rules applicable to fulsome merits discovery apply. The same rules to which Plaintiffs now refer would have required properly served written discovery requests, which did not happen here. And the same rules to which Plaintiffs now refer would have allowed Defendants 30 days to propound written responses and objections, and additional time to review

---

[3] To use an example: counsel is informed that to accommodate Plaintiffs' request, the Agencies would need to physically collect each cell phone. Then, the Agency would have to forensically "image" the phone. Once "imaged," phones would need to be searched. This would pose additional problems. For instance, DHS's tool would not enable it to use proximity searches; therefore, DHS would have to run single terms, such as "CORE" (resulting in hits for "core function" or "core mission"), far from the instant issue of non-renewals of FEMA "CORE" employees. Nor would DHS's tool enable it to search specific timeframes; therefore, DHS may have to pull in years' worth of data, depending on the phone.

Even if Plaintiffs had provided evidence that any custodian engaged in messaging on Signal or similar phone applications *regarding the issues in their preliminary injunction motion*—and they have not—cell phone searches are manifestly disproportional even in a regular case, much less the current expedited posture.

Defendants' Response on Discovery Dispute
3:25-cv-3698-SI

and produce responsive materials.

***Prieur Declaration.*** Plaintiffs accuse Defendants of misleading the Court in their Prieur Declaration (ECF 327-1), where Defendants complied with the Court's order to "identify . . . the individual(s) involved in the decisions regarding the renewal of the CORE employees whom defense counsel referenced at the hearing." ECF 321. Defendants took the Court at its word and identified the actual decisionmakers. Plaintiffs now make the unremarkable observation that, in the results of ESI searches of approximately 1,250 custodians, additional names appear as authors or recipients of relevant correspondence. But the Court's March 3 Order did not order Defendants to identify, by name, any person who had ever communicated about COREs. It ordered Defendants to identify the decisionmakers, which Defendants did. This issue is a red herring.

***Deliberative Process Privilege.*** Plaintiffs assert that the Court should blanket overrule any and every assertion of deliberative process privilege, pointing to a decision about ARRPs in the broader litigation that predated Plaintiffs' Supplemental Complaint and preliminary injunction motion. The deliberative process privilege is Defendants' to assert, and Defendants remain willing to confer with Plaintiffs about particular concerns about their logs—a conference unable to occur yet because Plaintiffs rushed to Court.

***DHS Searches.*** Plaintiffs complain about the adequacy of DHS's searches. But Plaintiffs cannot evade the fact that DHS pulled emails, Teams communications, and documents from every single custodian the Court directed. DHS has complied fully with the Court's order. Its terms are crafted for relevance and proportionality, accounting for the scope of the issues and the timeframe authorized for production. A discovery do-over, as Plaintiffs appear to propose, would be enormously burdensome and needlessly duplicative, especially considering the expedited timeframe in which and purpose for which discovery is taking place. For similar reasons, Plaintiffs are not entitled to their fishing expedition for "tracking documents," searches of other email domains not ordered by the Court, or other materials putatively identified in the documents DHS has already produced.

Defendants' Response on Discovery Dispute
3:25-cv-3698-SI

Dated: March 19, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

*/s/ Marianne F. Kies*
MARIANNE F. KIES
Trial Attorney
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-1819
Marianne.F.Kies@usdoj.gov

*Counsel for Defendants*