CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
MARIANNE F. KIES
CESAR AZRAK
Trial Attorneys
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-1819
Marianne.F.Kies@usdoj.gov

Counsel for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DECLARATION OF KATELAND JACKSON IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL EXTENSION OF TIME**<br><br>Hearing Date: May 1, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Susan Illston<br>Place: San Francisco Courthouse<br>Courtroom 1 |

Declaration of Kateland Jackson ISO Defendants' Motion for Partial Extension of Time
3:25-cv-3698-SI

In accordance with the provisions of 28 U.S.C. § 1746, I, Kateland Jackson, state as follows, under penalty of perjury, pertinent to the above-styled and numbered cause:

1. Since April 2025, I have been employed by the U.S. Department of Homeland Security ("DHS") as the Chief of Staff for the Office of the General Counsel ("OGC"). As the Chief of Staff, I supervise attorneys and other professional staff who are coordinating efforts at DHS Headquarters ("DHS HQ") to respond to court orders and discovery requests in this case, as well as in other litigation in which DHS HQ is a party or has equities.

2. The statements set forth in this Declaration are based on my personal knowledge and review of documents and information provided to me in my official duties. I make this declaration in support of the Defendants' motion for a partial extension of time.

3. I understand that on March 3, 2026, this Court ordered "expedited discovery," including document productions, in connection with Plaintiffs' pending motion for preliminary injunction. The categories of productions ordered were: (i) documents "related to the renewals/nonrenewals of CORE employees" at the Federal Emergency Management Agency ("FEMA"), and (ii) "communications from DHS and FEMA, including email communications," regarding "the renewals/nonrenewals of CORE employees as well as 'target' reductions of FEMA and CORE employee staffing." ECF 321.

4. I also understand that the Court entered a further Order on March 9, 2026, directing Defendants to "search the custodial records" of DHS and FEMA employees. ECF 328. Namely, I understand the terms of the March 9 Order to require searches of the "custodial records" of the entire DHS Office of the Secretary, the DHS Office of the Chief Human Capital Officer ("OCHCO"), FEMA leadership, the FEMA OCHCO, and FEMA supervisors of programs and offices involved in the renewals of CORE employees. *Id.*

5. I am also aware that the Court's March 9 Order set a deadline for production of responsive documents of Tuesday, March 17, 2026. *Id.*

6. I submit this Declaration to explain the searches and production categories that DHS HQ implemented within the timeframe allotted by the Court (by Tuesday, March, 17, 2026).

Declaration of Kateland Jackson ISO Motion for Partial Extension of Time
3:25-cv-3698-SI

1

## SUBSTANTIVE SCOPE OF DHS HQ SEARCH

7. Plaintiffs asserted that, "Defendants should use the standard search term review process to identify documents that pertain to the renewals and nonrenewals of the CORE." ECF 327 at 4 (internal pagination). The Court's order did not contain a list of search terms. ECF 328. Therefore, DHS HQ developed search terms designed to yield information regarding FEMA staffing and CORE renewals or nonrenewals after December 1, 2025.

8. In addition, DHS HQ requested that the Office of the Executive Secretary search its records for any official correspondence and documents transmitted to the Secretary regarding FEMA staffing and CORE renewals or nonrenewals after December 1, 2025. The Office of the Executive Secretary did not locate any correspondence or memoranda requesting or reflecting the Secretary's review of requests for renewal or nonrenewal of CORE employees.

## STRUCTURE AND TIMING OF DHS HQ SEARCH AND REVIEW TO DATE

9. To ensure the Agency's ability to produce as many responsive materials within the week allotted by the Court's order, DHS HQ structured its document collection in "tiers," prioritizing for the earliest ESI collections the custodians most likely to have responsive information, plus those specifically named by Plaintiffs and identified by the Court in its March 9 order.

10. Namely, DHS HQ's ESI collection efforts divided custodians into two tiers. Tier 1 included the following five custodians: (1) Troup Hemenway, Principal Deputy Chief of Staff; (2) Joseph Guy, Deputy Chief of Staff; (3) Roland Edwards, CHCO for DHS; (4) Corey Lewandowski, Chief Advisor to the Secretary of Homeland Security; and (5) Kristi Noem, Secretary of Homeland Security. DHS included Messrs. Hemenway, Guy, and Edwards based on confirmation that they were involved in receiving, reviewing, and/or approving FEMA's request for renewal of CORE employees starting in January 2026. ECF 327 at 9 (internal pagination); ECF 327-1. DHS included Mr. Lewandowski and Secretary Noem at Plaintiffs' request, which I understand the Court adopted. ECF 328.

11. Tier 2 included the 212 employees working for Mr. Edwards in DHS's OCHCO and the 72 other people employed in the Office of the Secretary, the two DHS offices requested

Declaration of Kateland Jackson ISO Motion for Partial Extension of Time
3:25-cv-3698-SI

2

by Plaintiffs and directed by the Court. ECF 328.

12.    As an initial step in its production efforts, DHS HQ had to create an exportable list of employees for each Office, because no current list existed of which I was aware, and staffing in these Offices is constantly changing. Therefore, as a threshold step to collecting responsive information for each custodian, the Agency had to first create an Excel spreadsheet identifying the employees by name and their respective email addresses. Because the Court's order was issued after the close of business on Monday, March 9, that process took DHS HQ until mid-day on Tuesday, March 10.

13.    Once DHS HQ identified the email addresses of each custodian by mid-day Tuesday, March 10, the next step in the process was for lawyers within OGC to submit a Request for Electronic Data ("RED") Ticket through the Agency's online portal, to have DHS's Network Operations Security Center ("NOSC") Data Acquisition Manager "pull" Personal Storage Table ("PST") (email) files from each of the custodians that hit on the search terms, as well as communications from Microsoft Teams and documents from OneDrive (which is a shared document management system). In total, DHS collected over one gigabyte of data from the nearly 300 custodians in Tiers 1 and 2.

14.    Once DHS had obtained the foregoing email, Teams, and OneDrive files from all of the 288 custodians—a process that occurred sequentially on Tuesday, March 10 and Wednesday, March 11—the next step was for the Agency to apply the search terms to the collected files. That process (application of the search terms) took approximately 7 hours by DHS's NOSC Data Acquisition team. This time included researching how the search terms would work, adding the names to the search tool, running the multiple searches, and then exporting the data to the server. For DHS, the search terms run on Tier 1 custodians yielded 311 MB. For DHS, the search terms run on Tier 2 custodians yielded 1,518 MB.

15.    After applying the search terms, the next step in the process was for DHS to send the results to the Department of Justice so that the files could be loaded to a secure platform for manual review of responsiveness and privilege.

16.    DHS submitted the RED Ticket for the search terms on the Tier 1 custodians at

10:29 am ET on Tuesday, March 10, and sent the results to the Department of Justice at 9:14 am ET on Wednesday, March 11 (I explained in the preceding paragraphs why application of search terms to a large amount of data takes a significant amount of time). I understand that the Department of Justice then uploaded the raw data to the system, a process that is described in a separate declaration.

17.    DHS submitted the RED Ticket for the search terms on the Tier 2 custodians at 10:21 am ET on Wednesday, March 11, and sent the results to the Department of Justice at 1:26 pm ET on Thursday, March 12. I understand that the Department of Justice then uploaded the raw data to the system, a process that is described in a separate declaration.

18.    The documents were available for review as follows: Tier 1 on Wednesday, March 11 at 3:53 p.m. ET, and Tier 2 on Sunday, March 15, at 10:33 a.m. ET. Due to resource constraints, including the lapse in funding and number of active ongoing litigation matters, a single DHS attorney reviewed the first-level DHS results, with additional support from other attorneys for second-level review.

19.    In total, DHS attorneys devoted approximately 20 personnel hours reviewing documents for responsiveness and privilege in Tier 1 and Tier 2 between March 11 and March 17.

20.    In total, DHS attorneys reviewed approximately 1,000 documents. Of those, approximately 35% were determined to be responsive. Most of the documents contained personally identifiable information about DHS employees, including CORE employees, and were therefore marked Confidential. Fewer than 100 documents were marked privileged and are listed in the privilege log that will accompany the production.

21.    By the end of the day today, March 17, 2026, barring any unforeseen circumstances, DHS will have timely produced responsive, non-privileged communications and documents from the records of the DHS custodians ordered by the Court, as well as a log identifying redacted information or documents that DHS withheld on the basis of one or more privileges.

Declaration of Kateland Jackson ISO Motion for Partial Extension of Time
3:25-cv-3698-SI
4

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2026

In Washington, D.C.:

Kateland Jackson
Chief of Staff, Office of the General Counsel
U.S. Department of Homeland Security