UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
(AFGE), et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 25-cv-03698-SI

**ORDER RE: FEMA AND DHS
DISCOVERY DISPUTES**

Re: Dkt. Nos. 332, 333

This Order issues in response to the recent discovery dispute filed by the parties, Dkt. Nos. 332, 333, in response to expedited discovery this Court ordered related to plaintiffs' pending motion for preliminary injunction. *See* Dkt. No. 321; *see also* Dkt. No. 328. The Court rules as follows:

**Electronic Communications on Phones:** Plaintiffs have offered to limit their request for electronic phone communications (Signal chats, text messages, etc.) to "high-level decisionmakers" as described in Exhibit B to plaintiffs' discovery filing. Dkt. No. 332 at 1. This includes: the individuals identified in the Declaration of FEMA CHCO (Dkt. No. 327-1), Kristi Noem, Corey Lewandowski, and the nine individuals identified as the "Key" FEMA custodians. Dkt. No. 332, Ex. B. The Court finds this compromise to be reasonable and ORDERS the production of relevant electronic phone communications from these individuals **no later than March 26, 2026.**

**Prieur Declaration:** Defendants shall "identify any individuals who were the recipients or authors of the groups/addresses" identified at page 2 of plaintiffs' discovery statement. *See* Dkt. No. 332 at 2. This includes: the "DHS Personnel Actions" email group, the "DHS Personnel

United States District Court
Northern District of California

Verifications Actions Leadership," and the hiringrequest@hq.dhs.gov email address.  Defendants shall make this identification **no later than March 23, 2026.**

**Deliberative Process Privilege:** Given the nascent stage of the FEMA claims in this case and the expedited nature of discovery, the Court is not inclined at this time to grant plaintiffs' request for a blanket Court order that the deliberative process privilege is overcome.  The parties are ordered to meet and confer regarding plaintiffs' concerns regarding privilege logs.  *See* Dkt. No. 333 at 6 (stating defendants' willingness to confer about the privilege).

**"Tracking" Documents:** The Court declines at this time to order defendants' production of the "tracking" and STORM documents described at Dkt. No. 332 at 4-5.  Plaintiffs may be entitled to production of these documents at a later stage of the case but generally agrees with defendants that the focus of the expedited discovery is on documents most likely to be relevant to plaintiffs' pending preliminary injunction motion.

**Adequacy of Search Terms:** This item largely concerns the sufficiency of DHS's production.  In particular, the Court is concerned by plaintiffs' representation that DHS produced no documents for certain custodians (including Noem and Lewandowski) and no documents for the December 20 to January 6 period, which is a key period in the FEMA/CORE renewals claim.  *See* Dkt. No. 332 at 5.  The Court ORDERS the parties to meet and confer about the sufficiency of the DHS production, and why no documents were produced for these custodians and for the December 20 to January 6 time period, **no later than March 24, 2026.**

**IT IS SO ORDERED**.

Dated: March 20, 2026

_____
SUSAN ILLSTON
United States District Judge