CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
MARIANNE F. KIES
CESAR AZRAK
Trial Attorneys
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-1819
Marianne.F.Kies@usdoj.gov

Counsel for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **DECLARATION OF KATELAND JACKSON** |

Declaration of Kateland Jackson
3:25-cv-3698-SI

In accordance with the provisions of 28 U.S.C. § 1746, I, Kateland Jackson, state as follows, under penalty of perjury, pertinent to the above-styled and numbered cause:

1.      Since April 2025, I have been employed by the U.S. Department of Homeland Security ("DHS") as the Chief of Staff for the Office of the General Counsel ("OGC"). As the Chief of Staff, I supervise attorneys and other professional staff who are coordinating efforts at DHS Headquarters ("DHS HQ") to respond to court orders and discovery requests in this case, as well as in other litigation in which DHS HQ is a party or has equities.

2.      The statements set forth in this Declaration are based on my personal knowledge and review of documents and information provided to me in my official duties. I make this declaration in support of the Defendants' motion for a partial extension of time.

3.      I understand that on March 3, 2026, this Court ordered "expedited discovery," including document productions, in connection with Plaintiffs' pending motion for preliminary injunction. The categories of productions ordered were: (i) documents "related to the renewals/nonrenewals of CORE employees" at the Federal Emergency Management Agency ("FEMA"), and (ii) "communications from DHS and FEMA, including email communications," regarding "the renewals/nonrenewals of CORE employees as well as 'target' reductions of FEMA and CORE employee staffing." ECF 321.

4.      I also understand that the Court entered a further Order on March 20, 2026, requiring "the production of relevant electronic phone communications from" Joseph Guy, Troup Hemenway, Roland Edwards, Kara Voorhies, Corey Lewandowski, and Kristi Noem, as well as certain individuals from FEMA.

5.      I am also aware that the Court's March 20 Order set a deadline for production of responsive documents of Thursday, March 26, 2026. *Id.*

6.      I submit this Declaration to explain the work done by DHS HQ within the timeframe allotted by the Court (by Tuesday, March 26, 2026).

## DHS HQ'S TECHNOLOGY FOR SEARCHING WORK PHONES

7.      DHS HQ currently has two methods of searching official work phones. First, employees can manually search for responsive materials and then screen shot and archive their

Declaration of Kateland Jackson
3:25-cv-3698-SI

1

own messages. Second, DHS can physically image the phones.

8. For DHS HQ to search a custodian's work phone via the second option, DHS's Network Operations Security Center ("NOSC") must first take physical possession of the phone and "image" the phone. Device imaging refers to the process of creating an exact replica of a device's storage. This involves capturing a complete copy of the device's data, including the operating system, files, and settings. By creating a bit-for-bit copy of a device, imaging allows for the preservation and analysis of digital evidence in forensic investigations. Imaging will copy any text messages, WhatsApp messages, and Signal chats. This process takes approximately 1 hour per phone. NOSC can only image one phone at the time, the tool doesn't have capability to multitask. However, the exact amount of time depends on the amount of data on a particular phone, including whether the phone has Signal, which requires extensive additional effort to capture the data.

9. Once NOSC has imaged the phone, it can then search and export the data from the phone. Each phone must be searched one at a time. The search will pull in any text messages, WhatsApp messages, and Signal chats that hit on a search term. DHS HQ's current search tool can only search the full time frame of messages on a device, not a narrower time frame such as a range of specific days or months. The search tool also can only search using OR operators (e.g. it can only search for core OR FEMA, not core AND FEMA). The search tool is not case sensitive so cannot distinguish between CORE, core, and Core. Finally, the search tool will pull in any document that continues a search term in the middle, beginning, or end of a word (e.g. the term core will pull in documents that have the word score, Corey, corelative, etc.). The data output will be in .txt and .csv format. Each conversation excerpt that hits on a search term will be in its own .txt file, with the .csv file listing which search term was in the conversation and what line contained the search term. This process takes multiple hours per phone. However, the exact amount of time depends on the amount of data on a particular phone.

10. The data output can then be transferred to DOJ to be loaded into the document review platform for attorneys to review for relevance, privilege, and confidentiality.

Declaration of Kateland Jackson
3:25-cv-3698-SI

2

**DHS HQ'S EFFORTS TO PULL DATA FROM THE CUSTODIAN'S WORK PHONES**

11.    Attorneys from DHS OGC reached out to Joseph Guy, Troup Hemenway, Roland Edwards, Kara Voorhies, Corey Lewandowski, and Secretary Noem. All confirmed that they did not discuss the renewal/nonrenewal of CORE employees or target reductions of FEMA and CORE employee staffing on their work phones via text, Signal, or WhatsApp.

12.    The Court's March 20 Order was issued after close of business on Friday.  In an abundance of caution, however, DHS HQ was able to image the phones of Troup Hemenway, Roland Edwards, Corey Lewandowski, and Secretary Noem on Friday, March 20, before the Court issued its Order. Unfortunately, Joseph Guy was already out on international leave and is unable to physically turn in his device until he returns on March 27, 2026. This device has therefore not been imaged. Moreover, because Mr. Guy has left the Department, DHS HQ OCIO placed his phone in "Lost Mode" to preserve the data and prevent it from being used, so he does not have the capacity to search it at this time either. I understand that Kara Voorhies had both a DHS-issued phone and a FEMA-issued phone.  Kara Voorhies's DHS-issued phone was unenrolled from DHS's mobile device management system in December 2025 due to inactivity; thus, DHS is no longer able to manage the device (e.g. remove passcode). Ms. Voorhies will have to provide the password in order to complete a data capture. In addition, pursuant to a preservation notice from DHS OIG, the devices were no longer in DHS custody prior to March 20, 2026. Therefore, the phones have not been imaged by DHS HQ or FEMA as of this declaration.

13.    The next step in searching the four imaged phones was for lawyers within OGC to submit a Request for Electronic Data ("RED") Ticket on Monday, March 23, 2026, through the Agency's online portal, to have the NOSC Data Acquisition Manager conduct a search of the imaged file. DHS HQ used a single search term: core. Again, there was no ability to limit the search to the relevant timeframe.

14.    For DHS HQ, the search of the four imaged phones was not complete until after 2pm ET on Thursday, March 26. The search terms yielded over 2,500 conversation excerpts from the phones of Secretary Noem, Mr. Lewandowski, Mr. Hemenway, and Mr. Edwards.

Declaration of Kateland Jackson
3:25-cv-3698-SI

3

15.     After applying the search terms, the next step in the process is for DHS to send the results to the Department of Justice so that the files could be loaded to a secure platform for manual review of responsiveness and privilege. DHS HQ sent the data to DOJ on March 26. I understand that the Department of Justice will be uploading the raw data to the system, a process that has previously been described in a separate declaration. *See* Declaration of Christopher Doi, ECF No. 333-3. DHS cannot begin reviewing these documents until this process is complete.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated:  March 26, 2026

In Washington, D.C.:

Kateland Jackson
Chief of Staff, Office of the General Counsel
U.S. Department of Homeland Security

Declaration of Kateland Jackson
3:25-cv-3698-SI

4