CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD ROSENBERG
(DC Bar No. 467513)
Special Counsel
CHRISTOPHER HALL
Assistant Branch Director
MARIANNE F. KIES
JEREMY NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-3374
Brad.Rosenberg@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>    Plaintiffs,<br><br>       v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO PRESERVE CONFIDENTIALITY DESIGNATIONS**<br><br>Hearing Date: May 15, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Susan Illston<br>Place: San Francisco Courthouse<br>      Courtroom 1 |

Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on May 15, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Susan Illston, in Courtroom 1 of the Phillip Burton Federal Building and United States Courthouse located at 450 Golden Gate Avenue, Seventeenth Floor, San Francisco, California 94102, Defendants will respectfully move for a protective order to preserve confidentiality designations. Defendants move under Rule 26(c) of the Federal Rules of Civil Procedure and Paragraph 6.3 of the Protective Order entered in this case, Dkt. No. 261. Defendants' Motion for a Protective Order is based on this Notice of Motion and the accompanying Argument. Pursuant to Rule 26(c), Defendants certify that they conferred in good faith with Plaintiffs before filing this Motion.

**STATEMENT OF RELIEF**

Defendants move for a protective order to maintain the confidentiality designations of documents recently produced in this case, which contain personally identifiable information and other confidential material.

**ARGUMENT**

Pursuant to Paragraph 6.3 of the Protective Order in this case, Dkt. No. 261, Defendants hereby move under Civil Local Rule 7 to retain the confidentiality of the documents they have produced on an expedited basis. On March 20, 2026, Plaintiffs informed Defendants that they disagreed with Defendants' confidentiality designations, objecting to the scope of the designations to the extent they covered all, or virtually all, of Defendants' production. In that regard, Defendants do not believe that Plaintiffs have properly commenced the meet-and-confer process under the Protective Order, which contemplates that a party "may challenge *a designation of confidentiality*." Dkt. No. 261 ¶ 6.1 (emphasis added). That language applies to designations of *particular* documents, not a challenge to the *manner* in which designations were made across a document production. Nonetheless, and out of an abundance of caution because Plaintiffs appear to believe that their challenge started the Protective Order's 21-day clock for Defendants to file a motion with this Court, *see* Pls.' Resp., Dkt. No. 341 at 7 n.6, Defendants hereby move to ensure

Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

1

that Confidential information in tens of thousands of documents—including sensitive information regarding particular FEMA employees—is not indiscriminately disclosed to the public by Plaintiffs.[1]

### *Defendants' Confidentiality Designations for Expedited Discovery.*

In producing documents in this litigation, Defendants applied confidentiality designations to documents either because they contained Personally Identifiable Information ("PII"), such as employees' direct email addresses, phone numbers, or the names of lower-level employees, or, in the case of documents produced by FEMA, because many documents further contained confidential personnel information relating to FEMA employees. Plaintiffs have complained that these designations violate Paragraph 5.1 of the Protective Order because they constitute mass, indiscriminate, or routinized designations. This argument ignores both the content of the documents and the context in which the confidentiality designations were made, which was to facilitate the release of a massive number of documents (approximately 58,000) on an extremely abbreviated timeline.

Documents produced by Defendants involve PII to the extent they include, individually or in combination, email addresses, phone numbers, and/or the names of lower-level employees. As DOJ's FOIA guide notes, "[s]ubstantial privacy interests cognizable under the FOIA are generally found to exist in personally identifying information such as a person's name, physical address, email address . . . [and] phone number." Department of Justice Guide to the Freedom of Information Act, Exemption 6, at 11, *available at* https://www.justice.gov/oip/page/file/1207336/dl?inline. The same sensitivities that apply in the FOIA context apply here, especially to the extent government employees have recently been subject to harassment. These designations, based on PII, apply across productions by both DHS and FEMA.

---

[1] As this Court is aware, earlier today Plaintiffs filed an 18-page brief outlining what they believe to be various discovery deficiencies. Dkt. No. 341. Defendants will respond, in full, to Plaintiffs' filing by the deadline ordered by the Court.

Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

In addition to PII, FEMA's production also includes many documents that discuss the details of individual FEMA personnel. That information, in particular, requires continued confidential treatment under the terms of the Protective Order.

The confidentiality designations were essential to protect the confidential information while complying with the production deadlines ordered by the Court. Defendants acknowledge that some documents that do not meet the confidentiality requirements in the Protective Order may have nonetheless been labeled as Confidential. That is a result of the extremely expedited discovery in this case, in which well over 50,000 documents were produced in approximately 10 days. Designating documents containing PII as Confidential expedited the review and processing of those documents. Manually marking, applying, and reviewing redactions to every single lower-level name, email address, and telephone number would have been impossible within the timeframe for production demanded by Plaintiffs and ordered by the Court. It would have also provided Plaintiffs with redacted documents—an issue they complained to the Court about just today. Defendants endeavored to provide documents to Plaintiffs in their unredacted form as quickly as possible, and Plaintiffs' position that Defendants' actions in doing so violated the Protective Order seeks to punish Defendants—and the government employees discussed in those documents—for those very efforts.

### *Plaintiffs Are Not Prejudiced by Defendants' Designations.*

Plaintiffs' complaints also make no logical sense given that Defendants have offered to apply redactions for PII to documents used as deposition exhibits—a priority that Plaintiffs recently identified to Defendants—which will allow those exhibits to be publicly filed with the Court. To that end, within two days of receiving official copies of deposition exhibits, Defendants identified for Plaintiffs, in a spreadsheet, those documents for which confidentiality designations could be removed, those exhibits for which confidentiality designations could be removed if redactions for PII are applied (a process Defendants have offered to undertake themselves), and those documents for which a confidentiality designation needs to be retained because there is a basis for the designation other than PII. *See* Declaration of Brad P. Rosenberg ¶ 3 & Exs. B & C. That same spreadsheet also identified certain documents from DHS's production that had been

Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

designated as Confidential and for which Defendants were lifting the confidentiality designation. *Id.*

More broadly, Defendants have repeatedly expressed their willingness to work with Plaintiffs to re-review and, where necessary and appropriate, apply redactions to specific documents containing PII that Plaintiffs identify for filing with this Court (or, where asked, re-consider particular confidentiality designations). That is the way in which the Protective Order is supposed to work—Plaintiffs can identify "a designation of confidentiality" that they believe is inappropriate, Protective Order ¶ 6.3, for a specific document or documents that they need to use in this litigation in a Court filing. Defendants have already demonstrated that they are prepared to work promptly to resolve any particular designations that Plaintiffs identify, through their actions in providing a spreadsheet de-designating core documents in just two days. That is also the way that parties are supposed to cooperate in discovery. By contrast, Plaintiffs have failed to adequately describe their need for the de-designation of virtually all the documents in this litigation, much less explain why Defendants need to engage in a re-review of all those documents now. That is especially the case because discovery has been expedited, and requiring Defendants to re-review tens of thousands of documents that will never be used in this litigation will not only waste their extremely limited resources, but delay Defendants' ability to respond to other, presumably more important matters that this Court might want the parties to address. Plaintiffs cannot demand expedited discovery and simultaneously expect that the discovery will be governed by procedures applicable under the usual, significantly longer, timeframe.

Dated: April 10, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

*/s/ Brad Rosenberg*
BRAD ROSENBERG
(DC Bar No. 467513)
Special Counsel

CHRISTOPHER HALL
Assistant Branch Director

JEREMY NEWMAN
MARIANNE F. KIES
Trial Attorneys
1100 L Street, NW
Washington, DC 20005

Telephone: (202) 514-3374
Brad.Rosenberg@usdoj.gov

*Counsel for Defendants*