CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-6748

ERIC J. HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD ROSENBERG
(DC Bar No. 467513)
Special Counsel
CHRISTOPHER HALL
Assistant Branch Director
MARIANNE F. KIES
JEREMY NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch

    1100 L Street, NW
    Washington, DC 20005
    Telephone: (202) 514-3374
    Brad.Rosenberg@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.* | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **DECLARATION OF BRAD P. ROSENBERG** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| Defendants. | |

Declaration of Brad P. Rosenberg
3:25-cv-3698-SI

I, Brad P. Rosenberg, declare as follows:

1.     I am a Special Counsel in the Federal Programs Branch, which is in the Civil Division of the U.S. Department of Justice.  This declaration is based on my personal knowledge.

2.     The parties have conferred, via both email and videoconference, regarding the application of confidentiality designations in Defendants' recent document productions.  Attached as Exhibit A is an email exchange that, among other things, discusses that issue and outlines the parties' conferral efforts, including via phone/videoconference.

3.     On Tuesday, April 7, Defendants received links to the official deposition exhibits for the Karen Evans, Roland Edwards, and La'Toya Prieur depositions.  On Thursday, April 9, Defendants provided a spreadsheet to Plaintiffs' counsel that revised or clarified the confidentiality designations for many of those exhibits and the confidentiality designations for certain documents from DHS's production.  Attached as Exhibit B is a copy of an email chain that forwarded the spreadsheet to Plaintiffs' counsel.[1]  Among other things, that email chain reflects further discussions regarding confidentiality designations.  Notwithstanding the statement in my email of April 8 in that chain, DOJ's lab did not reproduce certain documents from DHS's production without confidentiality designations.  Instead, those documents were later identified in the spreadsheet, which was attached to that chain and is attached hereto as Exhibit C.  Defendants remain prepared to provide redactions for documents in that spreadsheet that are designated as Confidential due only to PII.  Defendants also remain prepared to consider de-designating documents identified by Plaintiffs on a document-by-document basis.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 10, 2026 in Washington, D.C.

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG

---

[1] The names of three FEMA employees have been redacted from the email chain as those names are Confidential and are not directly relevant to the parties' dispute.

Declaration of Brad P. Rosenberg
3:25-cv-3698-SI

1

# Exhibit A

| | |
|---|---|
| **From:** | Danielle Leonard |
| **To:** | Bombard, Robert (CIV); Kies, Marianne F (CIV); Hall, Christopher (CIV); Rosenberg, Brad (CIV); Azrak, Cesar E (CIV) |
| **Cc:** | Elle Eshleman; Jessica Levy; BJ Chisholm; Stacey Leyton; Tsuki Hoshijima |
| **Subject:** | RE: [EXTERNAL] AFGE v. Trump: meet and confer |
| **Date:** | Friday, March 27, 2026 5:35:02 PM |
| **Attachments:** | image001.png |

Counsel-

We are digesting the information provided below regarding the scope of DHS searches and will respond further.  We have also responded separately regarding the phones.  We respond now below to your further response regarding the blanket confidentiality designations.

As an initial matter, the volume of production does not warrant the over-designation of *every document* in the production as Confidential, pursuant to a protective order that unambiguously bars that action.  Your team was able to review *all* of these documents for responsiveness and privilege, and easily could have flagged any that contain actually confidential personnel records during that process. That is typically done in parallel with responsiveness and privilege review, and there is no reason at all such action could not have been performed here.  Even a conservative approach would have designated potentially only a small fraction of this production as containing confidential personnel records.  Those designations (and the later need to address those designations through redaction) would not have slowed this production at all.

Your further explanation of these designations also does not provide a proper basis for any of your designations of this material as confidential.  With respect to PII, DOJ's own FOIA guide states:  "Civilian federal employees who are not involved in law enforcement or sensitive occupations generally **have no expectation of privacy** regarding their names, titles, grades, salaries, and duty stations as employees or regarding the parts of their successful employment applications that show their qualifications for their positions."  Your statement that you understand there to be a privacy interest in "email addresses, phone numbers, and the identities of lower-level employees such as secretaries, office assistants, CORE employees, and the like" is plainly incorrect and inconsistent with DOJ's own documents.  There is no reasonable expectation of privacy for government employees with respect to their names or government emails, email signatures, or positions.  You cannot stamp all government communications Confidential because they contain the names and emails of government employees.  We agree that certain personnel records of a particularly sensitive nature (for example, discussing medical or similar matters) might trigger the need to redact, but if this production contained such documents, those should have been very easy to identify.

Next, you represent that "in addition to containing PII, many of the FEMA documents are confidential for other reasons as well, including reflecting internal discussions regarding particular employees."  We have asked you for the actual bases for your designations, and "other reasons" does not provide any information.  "Internal discussions regarding particular

employees" is also not a basis for privacy per se. Again, the names and identities of government employees performing government work are not private. In addition, you have already withheld entire documents you claim are covered by DPP (without redaction or segregation of the information subject to that assertion). To the extent that Defendants believe there are communications regarding confidential personnel matters and individual employees to which a legitimate confidentiality interest applies, those should have been easily identified as you did that DPP and other privilege review.

Finally, as we discussed on our call, Defendants' offer to review any documents Plaintiffs intend to use flips the burdens imposed by the Court-approved protective order on their head. Plaintiffs are not required to alert Defendants in advance to the use of any particular documents, in order for Defendants to agree they do not actually have a basis for the designation. To make Plaintiffs' position clear: other than a very limited number of personnel records containing employee PII and discussions of sensitive matters such as medical issues (which can easily be dealt with through redaction), none of the documents produced by Defendants have any confidential information. The business and work of the federal government is public, and litigation interests are no basis to designate huge numbers of documents as Confidential, and thereby impose added burdens on Plaintiffs.

Plaintiffs therefore request, again, that Defendants agree to remove the blanket designation, and identify the particular subset of documents (by category or bates-number) that contain what Defendants contends is actually confidential material, thereby permitting the processes intended by the Court's protective order to apply. If Defendants intend to stand by their position that the inclusion of "email addresses, phone numbers, and the identities of lower-level employees such as secretaries, office assistants, CORE employees, and the like" warrants a confidentiality designation, we are at impasse.

Thanks,
Danielle


Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

**ALTSHULER BERZON LLP**

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this*

*communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice. Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

---

**From:** Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>
**Sent:** Thursday, March 26, 2026 7:14 PM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Azrak, Cesar E (CIV) <Cesar.E.Azrak@usdoj.gov>
**Cc:** Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Tsuki Hoshijima <thoshijima@democracyforward.org>
**Subject:** RE: [EXTERNAL] AFGE v. Trump: meet and confer

Counsel,

Thank you for participating in the meet and confer Tuesday and for sharing your summary of the discussion. Please find Defendants' updates and responses to your summary of the conversation below.

### *Confidentiality Designations*:

As we discussed on Tuesday, Defendants have produced over 55,645 documents in a matter of just a couple of weeks. In so doing, Defendants have focused their efforts on providing responsive materials to Plaintiffs as quickly as possible and have done so in a fraction of the time that discovery normally takes.

We took your concerns back to the agencies and asked about the basis for the confidentiality designations. With both DHS and FEMA, the predominant concerns related to PII (such as email addresses, phone numbers, and the identities of lower-level employees such as secretaries, office assistants, CORE employees, and the like). Moreover, and in addition to containing PII, many of the FEMA documents are confidential for other reasons as well, including reflecting internal discussions regarding particular employees.

Defendants have offered to review any particular documents you seek to use, which you declined. That said, in our experience this process has worked effectively in matters with expedited, preliminary injunction-related discovery where the parties need to balance the speedy production of documents with the need to ensure that confidential information is not released into the public domain. We therefore reiterate that offer to Plaintiffs—if there are particular documents that Plaintiffs believe do not require confidential treatment, please identify them for us so we can evaluate them and work toward a solution.

### *Scope of phone searches*:

Defendants are under no obligation to search the personal phones of the individuals identified in this litigation. As we made clear, Defendants do not have possession, custody, or control of custodians' personal, non-government issued devices and are under no obligation to search

those devices under the Court's order. Moreover, Plaintiffs provide no basis for such an invasive search, nor the legal authority to do so, nor any basis beyond speculation to believe that relevant information is likely to exist on personal phones.

These objections aside, Defendants are attempting to inquire about whether key custodians used their personal phones to conduct government business relevant to this litigation. We will update you when this information is received.

***Scope of the DHS Search***:

Defendants conducted a reasonable search under normal discovery standards, but especially considering the expedited discovery here. Plaintiffs' proposed, additional searches are overbroad for at least three reasons. First, and as we explained, "AND" is not a good connector for two generic words (such as CORE and FEMA), as it could return results like "Disaster relief work and commitment to safeguarding lives remains FEMA's core mission to the American people." Furthermore, "core" is a common word that has many meanings outside of the "Cadre of On Call Response/Recovery", so, for example, documents with "core" and "extend" could related to the TSA, CISA, CBP, ICE, Secret Service, etc. Second, we explained that having a custodian name as a search term (e.g. Lewandowski and Noem) makes the term meaningless as applied to them, capturing everything so long as there is another search term. Third, the preliminary search results for your proposed terms yielded approximately 100GB of data, an extraordinary amount of data to review in any case, much less expedited discovery.

Moreover, as we indicated on the call, DOJ's lab is not currently in possession of that data. As we discussed on our subsequent call earlier today, Plaintiffs appear to have misread Mr. Doi's declaration, which explicitly noted in paragraph 8 that "the Agency has already applied search terms to [the] collection." Accordingly, we are unable to identify the number of document hits by custodian or search term, and collecting raw data for uploading to DOJ's lab will take at least 3-5 days. That said, we are able to identify the rough volume of data by search term, below:

    a. Office of the Secretary
        i. CORE AND (FEMA OR extension OR "extend approv*" OR Noem OR S1 OR Lewandowski OR Corey)
            1. Email - 22 GB
            2. Teams - 111 KB
            3. One Drive -1 GB
        ii. FEMA AND staffing
            1. Email – 17 GB
            2. Teams - 154 KB
            3. One Drive - 408 MB
        iii. NTE AND "expir*"
            1. Email - 70 MB
            2. Teams 0
            3. One Drive - 295 kb
    a. OCHCO

    i.   CORE AND (FEMA OR extension OR "extend approv*" OR Noem OR S1 OR Lewandowski OR Corey)

    1. Email - 26 GB

    2. Teams - 210 MB

    3. One Drive - 5 GB

    ii.  FEMA AND staffing

    1. Email – 18 GB

    2. Teams - 102 MB

    3. One Drive - 3 GB

b.  NTE AND "expir*"

    1. Email - 5 GB

    2. Teams -180 KB

    3. One Drive - 790 MB

You also raised the question of why some documents appeared in some productions but not others. Setting aside the issue that Plaintiffs nonetheless have these documents, search terms needed to be constructed differently for DHS than FEMA because the scope of DHS's work covers multiple components.

Finally, though not raised at either meet and confer this week, upon further investigation, DHS located a DHS email address for Ms. Voorhies and searched it. There were no responsive hits.

--
**Robert C. Bombard**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
Cell: (202) 598-9509

---

**From:** Danielle Leonard <dleonard@altshulerberzon.com>
**Sent:** Tuesday, March 24, 2026 6:09 PM
**To:** Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Azrak, Cesar E (CIV) <Cesar.E.Azrak@usdoj.gov>
**Cc:** Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Tsuki Hoshijima <thoshijima@democracyforward.org>
**Subject:** RE: [EXTERNAL] AFGE v. Trump: meet and confer

Dear counsel,

Thank you for conducting the meet and confer telephone call that we requested. We are writing to memorialize our discussion and agreements regarding the next steps. We discussed six issues:

First, the confidentiality designations of all documents in Defendants' productions. We explained Plaintiffs' position that the blanket designation as confidential of every document in the production violates our Protective Order (specifically, paragraph 5.1, which as you know prohibits the "Mass, indiscriminate, and routinized designations"). We therefore asked for Defendants' explanation for the basis of designating all of these documents confidential, and specifically for any basis for confidentiality beyond the inclusion of PII.  Defendants were not prepared to provide an explanation of any basis for claiming confidentiality for these documents.  You confirmed that agency counsel, rather than DOJ applied the designations in the interest of time.  We disagree that the timing of the production warrants mass over-designation of all material as protected.  It is very clear that agency counsel designated all documents confidential *regardless* of whether those document actually contain anything for which Defendants have even an arguable basis for claiming confidentiality (which, in this case, should be limited to PII). You stated that you would discuss the issue further with your clients and provide further information, but could not identify the time needed for response.  You repeatedly requested that Plaintiffs identify specific documents for a pre-clearance process that is neither required by nor consistent with the Protective Order, which we explained. Plaintiffs believe we are at impasse with respect to the propriety of mass designations, which should be lifted.  Further meet and confer on this issue will not be productive. Nevertheless, we will await Defendants' further response this week before finally declaring impasse.

Second, we set a time to meet and confer on the DHS and FEMA privilege logs: Thursday, March 26 at 4pm EST/1 pm PST.

Third, we discussed the questions we posed by email yesterday regarding the scope of Defendants phone searches and whether Defendants intended to include personal phones and identify deleted responsive communications.  You confirmed Defendants' position that Defendants will not search personal phones because it views them as not in the government's possession, custody or control.  We asked for legal authority for that position, which you did not provide on the call.  You further confirmed that Defendants' refusal is not based on information from your clients confirming that responsive communications did not in fact take place on personal phones.  We replied that — as the government's own preservation guidance articulates and consistent with the Federal Records Act — messages about government business, even if sent on personal phones, are supposed to be preserved and are discoverable.  You were not aware of whether agency counsel had asked any of its custodians whether they used their personal phones to conduct government business and if so, whether any relevant messages were

subsequently deleted.   You stated you could discuss these issues with your clients and provide further response.

Fourth, we discussed the scope of the search for DHS documents.  You confirmed that agency counsel, not DOJ, had created the search terms. We noted that the language did not reflect the terminology used for the relevant actions and issues in the emails that were produced. We reiterated our request that additional searches be performed, and we also reiterated our offer that additional terms can be applied to a narrower of custodians (identified in ECF 332). You stated that agency counsel had informed you that the volume of material responsive to those terms was large, but did not have information on a hit list by term or custodian.  We asked you to provide that hit list for each search term, for each custodian on our list, so that we can further meet and confer.  You agreed to talk to your clients and provide a further response.

Fifth, you explained that you were not aware of why the FEMA production included email chains that showed underlying emails sent to DHS employees that were not included as part of the DHS production.  You agreed to look into this issue.

Sixth, you confirmed that DOJ has now uploaded an overlay with the document family metadata that we had requested.

In light of the impending deposition schedule, please provide the further responses and information requested as soon as possible.


Thank you,
Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication*

*(including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

# Exhibit B

## Kies, Marianne F (CIV)

| | |
|---|---|
| **From:** | Kies, Marianne F (CIV) |
| **Sent:** | Thursday, April 9, 2026 9:05 PM |
| **To:** | Rosenberg, Brad (CIV); Tsuki Hoshijima |
| **Cc:** | Danielle Leonard; BJ Chisholm; Stacey Leyton; Hall, Christopher (CIV); Azrak, Cesar E (CIV); Bombard, Robert (CIV); Newman , Jeremy  S. (CIV) |
| **Subject:** | RE: [EXTERNAL] Re: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): outstanding discovery issues |
| **Attachments:** | 2026.04.09 Confidentiality Designations.xlsx |

Tsuki,

For Ms. Prieur's deposition transcript, the following portions are designated confidential: the name ████████ ███████ (mentioned on page 215); the name ████████ (mentioned on pages 225 and 232), and the name ████████ (mentioned on page 231). Regarding Confidentiality designations for documents, attached is an Excel spreadsheet identifying, by Bates number (and where appropriate, Deposition Exhibit number): (i) documents where we have agreed to de-designate; (ii) documents that should remain designated as Confidential for reasons other than PII; and (iii) documents that are designated as Confidential due only to PII, for which we offer to provide redactions so as to enable Plaintiffs to file them publicly.

Thanks,
Marianne

**From:** Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>
**Sent:** Thursday, April 9, 2026 2:01 PM
**To:** Tsuki Hoshijima <thoshijima@democracyforward.org>
**Cc:** Danielle Leonard <dleonard@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Azrak, Cesar E (CIV) <Cesar.E.Azrak@usdoj.gov>; Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>
**Subject:** RE: [EXTERNAL] Re: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): outstanding discovery issues

Dear Tsuki,

Thank you for your email.  We disagree with Plaintiffs' characterization of discovery efforts to date and are disappointed that Plaintiffs do not appreciate the enormous efforts Defendants have undertaken to provide discovery on this extremely expedited timeframe for what was supposed to be a narrow factual issue.  We will respond to Plaintiffs' filing in due course—to that end, please inform the Court in your filing that we will be responding.

Best,
Brad

**From:** Tsuki Hoshijima <thoshijima@democracyforward.org>
**Sent:** Thursday, April 9, 2026 11:54 AM
**To:** Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>
**Cc:** Danielle Leonard <dleonard@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton

1

<sleyton@altshulerberzon.com>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Azrak, Cesar E (CIV) <Cesar.E.Azrak@usdoj.gov>; Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): outstanding discovery issues

Counsel,

We find ourselves in a position of repeatedly identifying non-compliance and demanding additional productions, after the court-ordered depositions have occurred, because Defendants failed to timely produce responsive information and documents by the Court's deadlines.  Defendants' responses here confirm both that they could have complied with the Court's orders in advance of the depositions, and that they did not.  The necessity of dealing with these issues in this timeframe is a problem entirely of Defendants' own making.

Plaintiffs will present their position on Defendants' non-compliance to the Court,  especially in light of Defendants' notice of asserted "substantial compliance."  Moreover, Defendants' failure to produce all responsive documents, and accurate and complete information in response to the Court's order requiring Defendants to swiftly identify those individuals involved in the CORE non-renewals, has prejudiced Plaintiffs' ability to conduct discovery. We therefore will also ask the Court or appropriate relief, including a further deadline of next week for complete and further productions (discussed below), and will be seeking additional depositions.  To that end, please confirm you will make Mr. Guy and Ms. Voorhies available for deposition promptly, and provide dates the weeks of April 20 or 27.  We reserve the right to request others, including the continuation of Ms. Evans' deposition in light of the failure to produce all responsive documents in advance of her deposition.

With respect to your responses below:

**I. Phone Records**

> **A. Evans.**  Defendants (including *Defendant* Evans) are obligated to comply with the Court's order, including the communications Ms. Evans revealed were conducted on her personal phone.  That means a proper search of Ms. Evans' phone to identify any responsive communications (not limited to communications that use the word "core").  Searching emails for the screenshots that Ms. Evans applied some unknown criteria to self-select and preserve is plainly inadequate, particularly when any effort at preservation would be self-serving at best and almost certainly incomplete. Given counsel's previous failure to engage in the bare minimum of investigation on this issue, which easily would have revealed the existence of government communications conducted on Ms. Evans (and others') personal phones, Plaintiffs will not accept your representations at face value, and will seek relief from the Court.

> **B. Guy.**  What search criteria were applied to Mr. Guy's work phone? As you are aware, Ms. Evans testified that she communicated with Mr. Guy regarding FEMA business on his personal phone.  You have had more than enough time to obtain and conduct an appropriate search for responsive records from Mr. Guy.  Moreover, the statement below that you lack contact information for Guy is not credible: he remains a government employee and Ms. Evans provided his personal phone number in the deposition.  Plaintiffs will seek further relief from the Court.

**C. Noem, Lewandowski, and Voorhies.**  You have represented that "Kristi Noem, Corey Lewandowski, and Kara Voorhies have confirmed that they did not use their personal phones to discuss FEMA CORE renewals or targeted reductions of FEMA staffing between December 1, 2025 and March 6, 2026."  Thank you for confirming that you are in contact with these individuals.  Given the history of this issue and the inaccuracy of Defendants' representations, Plaintiffs do not accept the self-reporting by these individuals as sufficient and will seek further relief from the Court.

**D. Voorhies' FEMA and DHS phones.**  Your clients have possession, custody and control of these phones, and, apparently, some content of at least the FEMA phone.  The statement that you cannot access the DHS phone because of a lack of password (while at the same time representing that you accept Ms. Voorhies statements that she lacks responsive communications at face value) and don't need to search it is unacceptable. As we have previously suggested: ask her for the password to her DHS phone, or the United States Department of Homeland Security almost certainly has the technological means to access it.  You have had more than enough time to conduct a proper search for these responsive records, and further delays are prejudicial.  Your confirmation below of some content is not sufficient to guarantee that all responsive material will be found.  We will seek further relief from the Court, including a production deadline.

**E. Preservation.** Finally, you have repeatedly ignored our requests that you provide information about what methods you took to ensure preservation of communications on personal phones relating to agency business. We will raise this issue to the Court.

## II. Failure to produce documents pertaining to the Annual Staffing Plan.

Even the most basic investigation would have revealed the existence of the responsive communications between FEMA and DHS regarding FEMA's Annual Staffing Plan.  Your response below, agreeing only to search for DHS's communications with OMB/OPM does not comply with the Court's orders.  Responsive documents also include the communications between FEMA and DHS, and any internal DHS communications, which you have not produced, and which Ms. Evans' testimony confirms exist.  Moreover, the law is clear that redactions for relevance are not appropriate, and we do not agree to this practice. We will seek relief from the Court.

## III. Evans Notes

Defendants have failed to comply with court-ordered deadlines for producing responsive documents and privilege assertions. Defendants' actions have waived any privilege.  You are not entitled to a do-over, with counsel redacting these documents again, after the court-ordered deadlines and after the depositions. Plaintiffs will therefore seek relief from the Court (and will be happy to inform the Court that any request for further production is withdrawn if you immediately produce the unredacted notes.)

## IV. Metadata on the draft document.

Your explanation that all metadata for this document has been produced is not plausible. The document had an author and an actual custodian (not "FEMA" which your clients applied to all of their documents, obscuring actual custodians). We will not accept counsel's representations regarding facts, in light of the history in this case.  Please produce all native metadata including the author and author(s) of any

modifications. Please also tell us how you determined that Claire Thomas authored the document and provided it to Stephanie Dobitsch.

**V. Confidentiality**

We understand your designations for Evans and Edwards' transcripts and will communicate with the court reporter to prepare the proper final transcripts accordingly.  We will likewise do so with Prieur upon receipt today.  With respect to the exhibits, Plaintiffs intend to enforce the requirements of the protective order, but please provide any further information regarding depositions exhibits that you wish to provide.   We have not agreed, in any way, that Defendants can apply further redactions to any documents that were used as deposition exhibits.

With respect to the productions, we also have not agreed that Defendants can reproduce any documents.  Please do not apply new bates-numbers, which will only cause confusion.  Please provide further information regarding your intention to produce documents again and when you intend to do this, so that we can meet and confer regarding this process.

Finally, Plaintiffs do not agree that Defendants' uploading of documents to the shared folder used to transfer documents, without service email or other indication to counsel, constitutes service.  Prior productions in this case have been uploaded without notice; please provide notice directly to counsel so that we can be properly served.

On Wed, Apr 8, 2026 at 8:08 PM Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov> wrote:

Good Evening,

Thank you for your email. In the short time period you have provided to respond regarding a range of complex issues, we can offer the following regarding the items that Plaintiffs intend to raise with the Court tomorrow.  As you will see below, Defendants are providing substantial updates that we believe obviate the need for Court intervention, at least at this time. If Plaintiffs nonetheless still plan to file with the Court tomorrow, please represent that Defendants intend to respond to any arguments you raise with the Court in a separate filing after they have had an opportunity to review plaintiffs' arguments, rather than by submitting material for a joint filing.

**Searches of personal phones:**  As we have previously stated, Defendants' general position is that personal phones of Defendants' employees are not within Defendants' possession, custody, or control, and thus are not subject to party discovery.  Karen Evans testified that she emailed screenshots of chats on her personal phone to her work email.  Defendants are reviewing those screenshots and will promptly produce any screenshots that are responsive and nonprivileged.  Kristi Noem, Corey Lewandowski, and Kara Voorhies have confirmed that they did not use their personal phones to discuss FEMA CORE renewals or targeted reductions of FEMA staffing between December 1, 2025 and March 6,

4

2026.  We are working to obtain contact information for Joseph Guy and Troup Hemenway; once we receive that, we will reach out to them as well.

**Ms. Voorhies' work phones:** Defendants do not have possession, custody, or control over these devices. However, Defendants learned today that Defendants will be able to obtain information extracted from Ms. Voorhies' FEMA phone from DHS OIG.  We will obtain information, search it, and produce responsive, non-privileged documents. As for the DHS phone, OIG does not yet have the password for that phone, but we have reason to believe that the phone was not used during the relevant time period.

**Mr. Guy's work phone:** Defendants obtained Mr. Guy's work phone and searched it.  The search did not reveal any responsive documents.  Note that Defendants do not view documents generated for purposes of defending this lawsuit or updates regarding this lawsuit as responsive.

**Documents relating to FEMA annual staffing plan:** Defendants stand on the adequacy of their existing search terms.  However, Defendants will endeavor to locate the DHS Annual Staffing Plan and any quarterly updates as transmitted from DHS to OMB and OPM between December 1, 2025 and March 6, 2026, to the extent such documents exist.  Defendants reserve the right to redact nonresponsive material regarding DHS components other than FEMA from any such staffing plan or update and to assert any privileges that might exist.

**Karen Evans' handwritten notes:** Defendants have the unredacted version of the notes that were introduced as Exhibit 10 in Ms. Evans' deposition.  Defendants' counsel are re-reviewing those documents to assess which redactions are necessary, and which, if any, can be lifted.  When that review is complete, Defendants will reproduce a redacted version of the notes, along with an accompanying privilege log regarding any redactions that remain.

**USA-AFGE-Exp.-0034341:** Defendants' counsel sent all metadata that exists for this document on April 1. That said, Defendants have determined that Claire Thomas authored this document and provided it to Stephanie Dobitsch, though that information does not exist as electronic metadata.

Separately from your email, Defendants have interim updates on the following:

**CONFIDENTIALITY DESIGNATIONS:**

5

Regarding the Confidentiality designations for the deposition transcripts, Defendants designate as Confidential the following portions of the Evans Transcript: Telephone numbers of Ms. Voorhies, Mr. Lewandowski, and Mr. Guy on pages 146, 160, and 161 of the transcript (or anywhere else those numbers may appear in the transcript).

We will provide Confidentiality designations for the Prieur Transcript tomorrow, but at this point we anticipate that the only portions of the transcript that will be designated as Confidential are the names of specific employees mentioned during the deposition.

We are still reviewing the deposition exhibits but anticipate that the Confidentiality designations can be removed from the vast majority of them once we apply additional redactions for email addresses, phone numbers, and the names of lower-level employees, which we are in the process of doing.  We anticipate that there will be a small handful of exhibits for which we will need to retain Confidentiality designations.

Finally, our lab will be re-producing some documents from DHS's production without Confidentiality designations.  Generally speaking, and regarding DHS's production, the only materials for which DHS will continue to assert a Confidentiality designation concerns PII—specifically, email addresses, phone numbers, and the names of lower-level employees. As we previously discussed, the FEMA Confidentiality designations are a bit more complicated due to the combination of both PII and other bases for Confidential designations.

Best,

Brad

---

**From:** Tsuki Hoshijima <thoshijima@democracyforward.org>
**Sent:** Wednesday, April 8, 2026 12:35 PM
**To:** Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Azrak, Cesar E (CIV) <Cesar.E.Azrak@usdoj.gov>; Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>
**Cc:** Danielle Leonard <dleonard@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>
**Subject:** [EXTERNAL] Re: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): outstanding discovery issues

6

Counsel,

We have received no response to our letter on Monday regarding the disputes to which Plaintiffs understand we are at impasse, and for which we have previously met and conferred.

We intend to raise the following with the Court first thing tomorrow: searches of personal phones; searches of Ms. Voorhies' and Mr. Guy's work phones; production of documents from DHS and FEMA pertaining to the FEMA Annual Staffing Plan; Ms. Evans' self-redacted notes; and proper meta-data regarding the author and custodian for Bates-number USA-AFGE-Exp.-0034341. Please let us know if you have reconsidered your position on any of these matters by close of business (5pm PT) today so that we may revise our statement to reflect any further agreements regarding compliance. If not, please let us know whether you intend to oppose our request for the Court's assistance in resolving these issues, and whether you intend to file a response, and we will include your position in our filing. If you wish to provide your written position on any of these issues for inclusion in our statement please provide those to us today (given the context and the number of issues, we do not believe the Court's page-limit for normal discovery disputes applies). Given the expedited nature of these proceedings, we will file our further statement tomorrow, whether or not we have received your position.

On Mon, Apr 6, 2026 at 10:00 PM Tsuki Hoshijima <thoshijima@democracyforward.org> wrote:

Dear counsel,

Please find attached a letter from Plaintiffs about outstanding discovery issues.



| | |
|---|---|
| **Tsuki Hoshijima**<br>**Senior Counsel**<br>**Democracy Forward**<br>*he/him* | **Cell:** (202) 812-5749<br>**Email:** thoshijima@democracyforward.org |

**When we fight, democracy wins**.

*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*

7

# Exhibit C

| Bates Number | Exhibit Number | Deponent | Designation | |
|---|---|---|---|---|
| N/A | Ex 1 | Evans | Not Confidential | |
| N/A | Ex 2 | Evans | Not Confidential | |
| N/A | Ex 3 | Evans | Not Confidential | |
| N/A | Ex 4 | Evans | Not Confidential | |
| N/A | Ex 5 | Evans | Not Confidential | |
| N/A | Ex 6 | Evans | Not Confidential | |
| N/A | Ex 7 | Evans | Not Confidential | |
| N/A | Ex 8 | Evans | Not Confidential | |
| N/A | Ex 9 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp-0033527 | Ex 10 | Evans | Confidential | |
| N/A | Ex 11 | Evans | Not Confidential | |
| N/A | Ex 12 | Evans | Not Confidential | |
| N/A | Ex 13 | Evans | Not Confidential | |
| USA-AFGE-Exp.-0007239 | Ex 14 | Evans | Confidential - PII Only | |
| N/A | Ex 15 | Evans | Not Confidential | |
| USA-AFGE-Exp.-0002353 | Ex 16 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0006542 | Ex 17 | Evans | Confidential | |
| USA-AFGE-Exp.-0007333 | Ex 18 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0006535 | Ex 19 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0006686 | Ex 20 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0000405 | Ex 21 | Evans | Not Confidential | |
| USA-AFGE-Exp.-0004575 | Ex 22 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0010683 | Ex 23 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0006997 | Ex 24 | Evans | Confidential | |
| USA-AFGE-Exp.-0034341 | Ex 25 | Evans | Confidential | |
| USA-AFGE-Exp.-0014520 | Ex 26 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0007258 | Ex 27 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0007219 | Ex 28 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0004518 | Ex 29 | Evans | Confidential - PII Only | NOTE Exhibit 29 and 77 are the same |
| USA-AFGE-Exp.-0000363 | Ex 30 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0005054 | Ex 31 | Evans | Confidential | |
| USA-AFGE-Exp.-0009465 | Ex 32 | Evans | Confidential - PII Only | |
| USA-AFGE-Exp.-0000576 | Ex 33 | Evans | Confidential - PII Only | |
| N/A | Ex 34 | Evans | Not Confidential | |
| N/A | Ex 35 | Edwards | Not Confidential | |
| N/A | Ex 36 | Edwards | Not Confidential | |
| N/A | Ex 37 | Edwards | Not Confidential | |
| N/A | Ex 38 | Edwards | Not Confidential | |
| USA-AFGE-Exp.-0000435 | Ex 39 | Edwards | Confidential - PII Only | |
| N/A | Ex 40 | Edwards | Not Confidential | |
| USA-AFGE-Exp.-0000403 | Ex 41 | Edwards | Confidential - PII Only | |
| N/A | Ex 42 | Edwards | Not Confidential | |
| N/A | Ex 43 | Edwards | Not Confidential | |
| N/A | Ex 44 | Edwards | Not Confidential | |
| USA-AFGE-Exp.-0000400 | Ex 45 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000415 | Ex 46 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000420 | Ex 47 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000600 | Ex 48 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000446 | Ex 49 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000472 | Ex 50 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0010027 | Ex 51 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000608 | Ex 52 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp-0000643 | Ex 53 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000473 | Ex 54 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000504 | Ex 55 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000539 | Ex 56 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000642 | Ex 57 | Edwards | Confidential - PII Only | |

| | | | | |
|---|---|---|---|---|
| USA-AFGE-Exp.-0000839 | Ex 58 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000076 | Ex 59 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0005677 | Ex 60 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0009457 | Ex 61 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0015928 | Ex 62 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000707 | Ex 63 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000713 | Ex 64 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0008661 | Ex 65 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000160 | Ex 66 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000180 | Ex 67 | Edwards | Confidential - PII Only | |
| | Ex 68 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000186 | Ex 69 | Edwards | Confidential - PII Only | |
| USA-AFGE-Exp.-0000388 | Ex 70 | Edwards | Confidential - PII Only | |
| N/A | Ex 71 | Prieur | Not Confidential | |
| N/A | Ex 72 | Prieur | Not Confidential | |
| USA-AFGE-Exp.-0004693 | Ex 73 | Prieur | Not Confidential | |
| USA-AFGE-Exp.-0006539 | Ex 74 | Prieur | Confidential | |
| USA-AFGE-Exp.-0009729 | Ex 75 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0001244 | Ex 76 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0004518 | Ex 77 | Prieur | Confidential - PII Only | NOTE Exhibit 29 and 77 are the same |
| USA-AFGE-Exp.-0004553 | Ex 78 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0004824 | Ex 79 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0004961 | Ex 80 - | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0016768 | Ex 81 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0004990 | Ex 82 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0004594 | Ex 83 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-00024154 | Ex 84 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0007228 | Ex 85 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0031448 | Ex 86 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0007249 | Ex 87 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0007230 | Ex 88 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0007242 | Ex 89 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0011844 | Ex 90 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0007265 | Ex 91 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0007374 | Ex 92 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0007350 | Ex 93 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0006441 | Ex 94 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0000141 | Ex 95 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0005428 | Ex 96 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0007095 | Ex 97 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0005639 | Ex 98 | Prieur | Not Confidential | |
| USA-AFGE-Exp.-0005748 | Ex 99 | Prieur | Confidential - PII Only | |
| USA-AFGE-Exp.-0020962 | Ex 100 | Prieur | Not Confidential | |
| USA-AFGE-Exp.-0000156 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000164 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000170 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000727 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000731 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000733 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000736 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000739 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000742 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000745 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000748 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000751 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000754 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000757 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000760 | N/A | N/A | Not Confidential | |

| | | | |
|---|---|---|---|
| USA-AFGE-Exp.-0000763 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000766 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000769 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000772 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000775 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000778 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000780 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000783 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000785 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000788 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000794 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000801 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000804 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000808 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000812 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000818 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000829 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000835 | N/A | N/A | Not Confidential |