# Exhibit 8

Email from Brad Rosenberg, Department of Justice, to Tsuki Hoshijima,  Democracy Forward
(Apr. 8, 2026)

| | |
|---|---|
| **From:** | Rosenberg, Brad (CIV) |
| **To:** | Tsuki Hoshijima; Danielle Leonard; BJ Chisholm; Stacey Leyton |
| **Cc:** | Hall, Christopher (CIV); Kies, Marianne F (CIV); Azrak, Cesar E (CIV); Bombard, Robert (CIV); Newman , Jeremy S. (CIV) |
| **Subject:** | RE: [EXTERNAL] Re: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): outstanding discovery issues |
| **Date:** | Wednesday, April 8, 2026 8:08:00 PM |

Good Evening,

Thank you for your email. In the short time period you have provided to respond regarding a range of complex issues, we can offer the following regarding the items that Plaintiffs intend to raise with the Court tomorrow.  As you will see below, Defendants are providing substantial updates that we believe obviate the need for Court intervention, at least at this time. If Plaintiffs nonetheless still plan to file with the Court tomorrow, please represent that Defendants intend to respond to any arguments you raise with the Court in a separate filing after they have had an opportunity to review plaintiffs' arguments, rather than by submitting material for a joint filing.

**Searches of personal phones:**  As we have previously stated, Defendants' general position is that personal phones of Defendants' employees are not within Defendants' possession, custody, or control, and thus are not subject to party discovery.  Karen Evans testified that she emailed screenshots of chats on her personal phone to her work email.  Defendants are reviewing those screenshots and will promptly produce any screenshots that are responsive and nonprivileged.  Kristi Noem, Corey Lewandowski, and Kara Voorhies have confirmed that they did not use their personal phones to discuss FEMA CORE renewals or targeted reductions of FEMA staffing between December 1, 2025 and March 6, 2026.  We are working to obtain contact information for Joseph Guy and Troup Hemenway; once we receive that, we will reach out to them as well.

**Ms. Voorhies' work phones:** Defendants do not have possession, custody, or control over these devices. However, Defendants learned today that Defendants will be able to obtain information extracted from Ms. Voorhies' FEMA phone from DHS OIG.  We will obtain information, search it, and produce responsive, non-privileged documents. As for the DHS phone, OIG does not yet have the password for that phone, but we have reason to believe that the phone was not used during the relevant time period.

**Mr. Guy's work phone:** Defendants obtained Mr. Guy's work phone and searched it.  The search did not reveal any responsive documents.  Note that Defendants do not view documents generated for purposes of defending this lawsuit or updates regarding this lawsuit as responsive.

**Documents relating to FEMA annual staffing plan:** Defendants stand on the adequacy of

their existing search terms.  However, Defendants will endeavor to locate the DHS Annual Staffing Plan and any quarterly updates as transmitted from DHS to OMB and OPM between December 1, 2025 and March 6, 2026, to the extent such documents exist.  Defendants reserve the right to redact nonresponsive material regarding DHS components other than FEMA from any such staffing plan or update and to assert any privileges that might exist.

**Karen Evans' handwritten notes:** Defendants have the unredacted version of the notes that were introduced as Exhibit 10 in Ms. Evans' deposition.  Defendants' counsel are re-reviewing those documents to assess which redactions are necessary, and which, if any, can be lifted. When that review is complete, Defendants will reproduce a redacted version of the notes, along with an accompanying privilege log regarding any redactions that remain.

**USA-AFGE-Exp.-0034341:** Defendants' counsel sent all metadata that exists for this document on April 1. That said, Defendants have determined that Claire Thomas authored this document and provided it to Stephanie Dobitsch, though that information does not exist as electronic metadata.

Separately from your email, Defendants have interim updates on the following:

**CONFIDENTIALITY DESIGNATIONS:**

Regarding the Confidentiality designations for the deposition transcripts, Defendants designate as Confidential the following portions of the Evans Transcript: Telephone numbers of Ms. Voorhies, Mr. Lewandowski, and Mr. Guy on pages 146, 160, and 161 of the transcript (or anywhere else those numbers may appear in the transcript).

We will provide Confidentiality designations for the Prieur Transcript tomorrow, but at this point we anticipate that the only portions of the transcript that will be designated as Confidential are the names of specific employees mentioned during the deposition.

We are still reviewing the deposition exhibits but anticipate that the Confidentiality designations can be removed from the vast majority of them once we apply additional redactions for email addresses, phone numbers, and the names of lower-level employees, which we are in the process of doing.  We anticipate that there will be a small handful of exhibits for which we will need to retain Confidentiality designations.

Finally, our lab will be re-producing some documents from DHS's production without Confidentiality designations.  Generally speaking, and regarding DHS's production, the only materials for which DHS will continue to assert a Confidentiality designation concerns PII—

specifically, email addresses, phone numbers, and the names of lower-level employees. As we previously discussed, the FEMA Confidentiality designations are a bit more complicated due to the combination of both PII and other bases for Confidential designations.

Best,
Brad

---

**From:** Tsuki Hoshijima <thoshijima@democracyforward.org>
**Sent:** Wednesday, April 8, 2026 12:35 PM
**To:** Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Azrak, Cesar E (CIV) <Cesar.E.Azrak@usdoj.gov>; Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>
**Cc:** Danielle Leonard <dleonard@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>
**Subject:** [EXTERNAL] Re: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): outstanding discovery issues

Counsel,

We have received no response to our letter on Monday regarding the disputes to which Plaintiffs understand we are at impasse, and for which we have previously met and conferred.

We intend to raise the following with the Court first thing tomorrow: searches of personal phones; searches of Ms. Voorhies' and Mr. Guy's work phones; production of documents from DHS and FEMA pertaining to the FEMA Annual Staffing Plan; Ms. Evans' self-redacted notes; and proper meta-data regarding the author and custodian for Bates-number USA-AFGE-Exp.-0034341.  Please let us know if you have reconsidered your position on any of these matters by close of business (5pm PT) today so that we may revise our statement to reflect any further agreements regarding compliance.  If not, please let us know whether you intend to oppose our request for the Court's assistance in resolving these issues, and whether you intend to file a response, and we will include your position in our filing.  If you wish to provide your written position on any of these issues for inclusion in our statement please provide those to us today (given the context and the number of issues, we do not believe the Court's page-limit for normal discovery disputes applies).  Given the expedited nature of these proceedings, we will file our further statement tomorrow, whether or not we have received your position.

On Mon, Apr 6, 2026 at 10:00 PM Tsuki Hoshijima <thoshijima@democracyforward.org> wrote:

> Dear counsel,

Please find attached a letter from Plaintiffs about outstanding discovery issues.



**Tsuki Hoshijima**
**Senior Counsel**
**Democracy Forward**
*he/him*

**Cell:** (202) 812-5749
**Email:** thoshijima@democracyforward.org

**When we fight, democracy wins**.

*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*