Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO PRESERVE CONFIDENTIALITY DESIGNATIONS** |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

BACKGROUND .................................................................................................................2

DISCUSSION......................................................................................................................4

      I.     As the Designating Party, Defendants Bear a Heavy Burden to Maintain Confidentiality Over Government Documents.............................................................4

      II.    Defendants Have Not Met Their Burden to Maintain Any Confidentiality Designation, Let Alone a Blanket Indefinite Order.......................................................6

            A.     Defendants' blanket approach plainly violates the Protective Order. .............6

            B.     Government employee names and work email addresses are not presumptively private. ............................................................................................8

            C.     Unspecified "other" Confidential material does not meet the burden...........11

      III.   This Court Should Reject Defendants' Effort to Rewrite the Protective Order to Flip the Burden to Plaintiffs to Seek De-designation ...............................13

      IV.   Plaintiffs Propose an Orderly Process to Remedy Defendants' Noncompliance................................................................................................................15

CONCLUSION ..................................................................................................................16

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Am. Fed'n of Gov't Emps., v. Trump*,
　155 F.4th 1082 (9th Cir. 2025)...............................................................................................5

*Authors Guild v. Nat'l Endowment for the Humans.*,
　No. 25-CV-3657, 2026 WL 810422 (S.D.N.Y. Mar. 23, 2026)................................................6

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
　966 F.2d 470 (9th Cir.1992).............................................................................................5, 10

*Bernegger v. Exec. Off. for United States Att'ys*,
　334 F.Supp.3d 74 (D.D.C. 2018).........................................................................................10

*Contratto v. Ethicon, Inc.*,
　227 F.R.D. 304 (N.D. Cal. 2005) .........................................................................................13

*Doe 1 v. Nielsen*,
　2019 WL 2266622 (N.D. Cal. May 28, 2019)........................................................................11

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
　331 F.3d 1122 (9th Cir. 2003) ...........................................................................................5, 6

*Gopher Media, LLC v. Spain*,
　2020 WL 12688143 (S.D. Cal. Aug. 24, 2020).......................................................................14

*Gordon v. F.B.I.*,
　388 F.Supp.2d 1028 (N.D. Cal. 2005)..............................................................................10, 11

*Kleinert v. Bureau of Land Mgmt.*,
　132 F.Supp.3d 79 (D.D.C. 2015).............................................................................................9

*Knox v Contra Costa Cnty.*,
　 2022 WL 2290686 (N.D. Cal. June 24, 2022)........................................................................4

*Kubik v. U.S. Fed. Bureau of Prisons*,
　2011 WL 2619538 (D. Or. July 1, 2011) ..............................................................................10

*Phillips v. Gen. Motors Corp.*,
　307 F.3d 1206 (9th Cir. 2002)................................................................................................5

*Pontikis v. Lucid USA Inc.*,
　2025 WL 661869 (D. Ariz. Feb. 28, 2025) ...........................................................................12

*In re Roman Cath. Archbishop of Portland in Oregon*,
　661 F.3d 417 (9th Cir. 2011) ...........................................................................5, 9, 11, 12

*Sai v. TSA*,
   315 F.Supp.3d 218 (D.D.C. 2018)............................................................................................10

*Shenwick v. Twitter, Inc.*,
   2019 WL 1552293 (N.D. Cal. Apr. 9, 2019)............................................................................14

*Tan v. Konnektive Rewards, LLC*,
   2023 WL 2336893 (S.D. Cal. Mar. 2, 2023)............................................................................14

**Federal Statutes**

5 U.S.C. § 552 ...................................................................................................................................9

**Other Authorities**

5 C.F.R. § 293.311............................................................................................................................9

FEMA, *New York University Medical Center Public Assistance Project Worksheets Regarding Hurricane Sandy* 1-2 available at: https://www.dhs.gov/sites/default/files/publications/new-york-university-medical-center-public-assistance-project-worksheets-regarding-hurricane-sandy_0.pdf ........................................................................................................................9

FEMA, *World Central Kitchen- 70FBR218C00000003*, available at: https://www.dhs.gov/sites/default/files/publications/World%20Central%20Kitchen-%2070FBR218C00000003.pdf ..............................................................................................10

Homeland Security, *FEMA Frequently Requested Records*, available at: https://www.dhs.gov/publication/fema-records ................................................................10

**INTRODUCTION**

Defendants made a blanket designation of every document they produced in discovery as Confidential, in violation of the unambiguous terms of the Protective Order entered by this Court. That Protective Order "does not confer blanket protections on all disclosures or responses to discovery," ECF 261 ¶1, and explicitly prohibits "[m]ass, indiscriminate, or routinized designations," *id.* ¶5.1.  The Court should deny Defendants' motion to maintain those improper blanket designations.  The two reasons Defendants proffer for maintaining confidentiality over every document—first, that a subset of the documents contain the "email addresses, phone numbers, and/or the names of lower-level employees," and second, that some documents contain unspecified "confidential personnel information relating to FEMA employees," ECF 343 at 2—are not good cause for issuing the blanket relief Defendants have requested.  Also contrary to the plain terms of the Protective Order, Defendants seek to shift the burden onto Plaintiffs to seek de-designation on a document-by-document basis.  That request turns the Protective Order upside-down and is inconsistent with Fed. R. Civ. P. 26 and applicable law.

Requiring parties to file Confidential information under seal imposes burdens on both the Court and the parties, and there is a strong public interest in avoiding the removal of material from the public record.  In light of Defendants' failure to meet their heavy burden to shield their complete production of documents and information from public scrutiny, this Court could order all these improper designations lifted.  Plaintiffs, however, recognize that Defendants' document productions include a small number of documents that reflect actual personnel records of individual CORE employees.  Accordingly, Plaintiffs propose a reasonable process that remedies Defendants' failure to follow the Protective Order's required procedures while respecting any legitimate interests of federal employees in their personnel records.  Plaintiffs respectfully submit that this process, as described below and reflected in the accompanying proposed order, will help the parties and the Court navigate their way out of the situation that has resulted from Defendants' improper choice to engage in blanket, rather than properly tailored, designations.

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

**BACKGROUND**

On March 3, 2026, in light of "significant factual dispute[s] and the changing position of defendants" with respect to Plaintiffs' motion for preliminary injunction, this Court ordered Defendants to produce expedited discovery consisting of DHS and FEMA documents and communications about FEMA staffing plans and renewals of CORE employees. ECF 321. The Court subsequently ordered production to occur by no later than March 17, with depositions to follow the week of March 30. ECF 328. On March 17, Defendants produced documents from DHS and from certain FEMA custodians. Declaration of Tsuki Hoshijima, ¶2. Defendants designated every single document they produced as Confidential under the Protective Order previously entered in this case (ECF 261). *Id*. ¶6. That Order unambiguously prohibits mass designations and requires compliance with Rule 26. ECF 261 ¶5.1.

Plaintiffs stipulated to, and this Court approved, a short extension for the further production of documents from FEMA custodians, and on March 20, 2026, Defendants provided a further production. Hoshijima Decl. ¶3. Again, Defendants designated *every* document they produced as Confidential. *Id*. ¶6. These productions included numerous documents that are not Confidential on their face (such as multiple copies of Plaintiffs' supplemental complaint in this case; the CORE manual, which Defendants themselves publicly filed earlier in this case; and blank forms with no employee information). *Id*. Notwithstanding these indiscriminate designations, Defendants subsequently confirmed that every DHS and FEMA document had in fact been individually reviewed by agency counsel for responsiveness and privilege prior to production. ECF 333-1 ¶15 (DHS); 333-2 ¶17 (FEMA). However, Defendants' counsel apparently chose not to review at the same time to determine whether the documents contain Confidential information.

Upon review of Defendants' productions, Plaintiffs immediately invoked the Protective Order's meet and confer procedures, challenging Defendants' blanket designations and requesting that Defendants withdraw these blanket designations and replace them with properly tailored designations for any actually Confidential material. Hoshijima Decl., Ex. A (March 20, 2026 email). The parties met and conferred regarding Plaintiffs' challenges on March 24, 2026. *Id*. ¶10. Plaintiffs requested that Defendants explain the basis for these confidentiality designations,

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

including specifically any basis beyond the inclusion of PII.  *Id*.  Notwithstanding agreeing to meet and confer, Defendants were not prepared to provide any explanation of any basis for claiming confidentiality for these documents, and confirmed that agency counsel applied the designations. *Id*.

Defendants' counsel responded further on March 26, 2026, explaining that they "asked [the agencies] about the basis for the confidentiality designations."  *Id*. ¶11.   The only bases identified by Defendants were: "PII (such as email addresses, phone numbers, and the identities of lower-level employees such as secretaries, office assistants, CORE employees, and the like)" and documents that "reflecting internal discussions regarding particular employees."  *Id*.  Plaintiffs attempted further to meet and confer, requesting that Defendants identify the small number of personnel records that would qualify for protection, to permit the process for challenging designations to function as the Protective Order contemplated.  *Id*. ¶12.  Defendants did not respond further.  *Id*.

Following the depositions conducted the week of March 31, 2026, Plaintiffs sent Defendants a further meet and confer letter, in a further attempt to obtain Defendants' reconsideration of these blanket designations.  *Id*. ¶13 & Ex. B (Letter of April 6, 2026).  Plaintiffs explained that absent further reconsideration, Plaintiffs understood the parties to be at impasse.  *Id*.

On April 9, 2026, Defendants sent Plaintiffs a chart of deposition exhibits listing those for which they withdrew confidentiality designations and those for which they continued to assert confidentiality.  Hoshijima Decl. ¶14.  That chart did not identify any specific basis for any confidentiality designation, labeling documents either as "Confidential – PII Only" or "Confidential" (without further explanation).  *Id*.; *see* ECF 343-1 at 21-23 (Rosenberg Decl. Ex. C).  Review of the exhibits identified as containing PII suggests that Defendants are claiming PII for the name and government email of any government employee, regardless of role or rank, the effect of which is that they have marked as Confidential nearly every government email. Hoshijima Decl. ¶14.  The six other deposition exhibits identified "Confidential" rather than "Confidential – PII Only," do not contain Confidential PII, and are not personnel records.  Upon review, Defendants appear to have applied that designation to the documents that are particularly

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

harmful to Defendants' litigation position (such as FEMA's Annual Staffing Plan with the fifty percent cut in staffing, ECF 341-1, Ex. C (in camera)).  Hoshijima Decl. ¶14.[1]   Plaintiffs responded further to the designations for deposition exhibits on April 13, 2026.  *Id.*, Exs. C-D.

## DISCUSSION

I.     **As the Designating Party, Defendants Bear a Heavy Burden to Maintain Confidentiality Over Government Documents**

The parties' Protective Order, which is based on this Court's model order, unambiguously limits confidentiality designations to material that "qualif[ies] for protection under Federal Rule of Civil Procedure 26(c)."  ECF 261 ¶2.2.  The Order states further:  "Mass, indiscriminate, or routinized designations are prohibited."  ECF 261 ¶5.1.  Each party "that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies" and "must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order."  *Id.*  There is no exception to these requirements for exigent or expedited circumstances.  The Designating Party also bears the burden of moving the Court to retain confidentiality following any challenge by another party, and the Designating Party retains the burden of persuasion.  *Id.* ¶6.3.

The unambiguous requirements of the Protective Order are consistent with governing law. Rule 26 does not permit blanket or indiscriminate designations of material as Confidential, thereby limiting public access to it.  *See Knox v. Contra Costa Cnty.*, 2022 WL 2290686, at *37 (N.D. Cal. June 24, 2022).  When seeking court enforcement of a confidentiality designation made by a party pursuant to a stipulated protective order that was entered without a previous "good cause" showing, "'the burden of proof … remain[s] with the party seeking protection.'"  *In re Roman Cath.*

---

[1] These general and unexplained Confidential designations include several of the documents provided by Plaintiffs to the Court in camera on April 10, 2026 in relation to the pending discovery disputes, including deposition exhibits 10, 17, 24, and 25 (Exhibits B, C, E, and F to the Leonard Declaration, ECF 341-1).  None of these is a personnel record, or contains Confidential individualized employee information.

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

4

*Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002)).  In other words, "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *Id.*

"A court considering a motion for a continuation of the protective order must proceed in two steps.  First, it must determine whether 'particularized harm will result from disclosure of information to the public.'" *Id.* (quoting *Philips*, 307 F.3d at 1211).  "'[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'  Rather, the person seeking protection from disclosure must 'allege specific prejudice or harm.'" *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992)).  "Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'" *Id.* (quoting *Phillips*, 307 F.3d at 1211).

Moreover, "even when the factors in this two-part test weigh in favor of protecting the discovery material (i.e., where the court determines that disclosure of information may result in 'particularized harm,' and the private interest in protecting the discovery material outweighs the public interest in disclosure), a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." *Id.* at 425; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-37 (9th Cir. 2003) (holding district court erred in maintaining documents under seal based on confidential information where "the limited number of third-party medical and personnel records [could] be redacted easily to protect third-party privacy interests while leaving other meaningful information").

These standards apply to all litigants, whether public or private.  However, there is heightened concern where, as here, the government attempts to shield its actions from public view.  The business of the federal government is not, and should not be, generally confidential.[2]

---

[2] Defendants' blanket designation of over 50,000 documents is the most recent example of an established pattern by this Administration of improperly claiming that government business should be "confidential" and hidden from public scrutiny.  *See, e.g.*, ECF 214; *Am. Fed'n of Gov't Emps.,*

**II.    Defendants Have Not Met Their Burden to Maintain Any Confidentiality Designation, Let Alone a Blanket Indefinite Order**

Defendants ask this Court to indefinitely extend blanket confidentiality designations, made without regard to content or substance, for every single document that they have produced.  To be clear:  Defendants represent that they "applied confidentiality designations to documents either because they contained Personally Identifiable Information ('PII')" or "because many documents further contained confidential personnel information relating to FEMA employees" (ECF 343 at 2) but that statement is inaccurate.  Defendants applied the Confidential label to every document, *regardless* of content.  *Supra* at 2.  Neither the Protective Order nor Rule 26 permit such indiscriminate designations, and Defendants have not met their heavy burden of establishing, through evidence and particularized harm, the need to maintain any document in this production as Confidential.

**A.    Defendants' blanket approach plainly violates the Protective Order.**

Defendants have not disputed that they designated every single document they produced as Confidential.[3]  This blanket approach plainly violates the Protective Order's prohibition on "[m]ass, indiscriminate, or routinized designations."  ECF 261 ¶5.1.  As the Order recognizes, blanket confidentiality designations "unnecessarily encumber or retard the case development process or … impose unnecessary expenses and burdens on other parties" and are expressly sanctionable behavior.  *Id.*  This across-the-board designation is fundamentally incompatible with Rule 26's requirement that Defendants show, "for each particular document [they] seek[] to protect, … that specific prejudice or harm will result if no protective order is granted."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

---

*v. Trump*, 155 F.4th 1082 (9th Cir. 2025); *Authors Guild v. Nat'l Endowment for the Humans.*, No. 25-CV-3657, 2026 WL 810422, at *7-10 (S.D.N.Y. Mar. 23, 2026).

[3] Defendants subsequently lifted confidentiality designations for a subset of deposition exhibits and a limited number of documents from the DHS production, but otherwise they have continued to assert blanket designations over all of the documents they produced.  ECF 343-1 at 21-23 (Rosenberg Decl. Ex. C).

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

Defendants excuse themselves from their disregard of the Protective Order by pointing to the volume of documents they produced and the expedited nature of their production.  But there is no such exception in the Protective Order, and Defendants did not even attempt to confer before they created such an exception for themselves.  Further, exigent circumstances notwithstanding, Defendants have confirmed that they did in fact review each document for responsiveness and privilege before producing them, so they could have also reviewed for confidentiality as part of that process.  ECF 333 at 4 ("These searches yielded nearly 1,000 documents, which DHS reviewed for responsiveness and privilege."); *id.* ("FEMA devoted more than 430 personnel hours to reviewing documents for responsiveness."); ECF 333-1 at 4 (describing document review by DHS attorneys); ECF 333-2 at 4 (describing document review by FEMA attorneys).  As a result of that review, Defendants produced privilege logs with entries for thousands of individual documents, with some documents produced in redacted form based on an asserted privilege and others withheld in full.  Hoshijima Decl. ¶4.  Defendants also (improperly) redacted some documents for asserted nonresponsiveness.  *Id.* ¶5.  But instead of reviewing and tagging for confidentiality as part of that process, Defendants indiscriminately designated every document produced as Confidential, including those that they admit contain no Confidential material.  ECF 343 at 3 ("Defendants acknowledge that some documents that do not meet the confidentiality requirements in the Protective Order may have nonetheless been labeled as Confidential.").

After unilaterally excusing themselves from the requirements of the Protective Order, Defendants now seek to invoke that order as a shield against Plaintiffs' challenges.  Defendants point to the process for a party to "challenge *a designation* of confidentiality at any time," ECF 261 ¶6.1 (emphasis added) (cited by ECF 343 at 1), and contend that Plaintiffs therefore failed to properly meet and confer because Plaintiffs' challenge to the designations did not identify individual documents.  But the Protective Order nowhere requires Plaintiffs to proceed document by document rather than by category, nor prohibits Plaintiffs from challenging the manner in which Defendants themselves categorically applied designations.  In any case, the Protective Order's process presumes that each party has followed its requirements; if Defendants had conducted a document-by-document designation rather than a blanket one, it could make sense to require

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

Plaintiffs to contest the confidentiality of specific documents.  But Defendants' position that Plaintiffs must conduct the document-by-document confidentiality review that Defendants failed to do shifts the burden in a manner that is wholly inconsistent with the Protective Order and applicable law.  It makes no sense that Plaintiffs would have no recourse to challenge designations under the Protective Order precisely because Defendants failed to apply confidentiality designations to particular documents, as the Protective Order requires. *Id.* ¶ 5.1.  Plaintiffs' March 20 email plainly put Defendants on notice that Plaintiffs were challenging every designation as improperly applied, and started the clock on Defendants' obligation to move the Court to maintain these designations.  Hoshijima Decl., Ex. A.  Now that Defendants have so moved, it remains Defendants' burden to justify each of the designations that they seek to extend.

Finally, Defendants admit that only a subset of the material that they produced and designated Confidential actually qualifies for that designation.  ECF 343 at 3 ("Defendants acknowledge that some documents that do not meet the confidentiality requirements in the Protective Order may have nonetheless been labeled as Confidential.").  At a minimum, Defendants have failed to meet their burden to maintain confidentiality designations for the documents that they admit lack either of the two asserted bases for confidentiality.  As explained in the next two sections, Defendants have likewise failed to meet their burden for each of those two categories of "Confidential" material as well.

### B.    Government employee names and work email addresses are not presumptively private.

Defendants first contend that confidentiality designations are appropriate for documents containing the names, work email address, or work phone numbers of government employees.  ECF 343 at 2.  As a result, Defendants appear to include in this category *every single email* sent by any government employee, presumably on the basis that such emails contain the sender's name and email address.  ECF 343-1 at 21-23, Ex. C (designating deposition exhibits containing emails sent by individual government employee, and lacking any other PII, as Confidential).  In support of this assertion, Defendants miscite their own Freedom of Information Act Guide by invoking a discussion of the personal information of private individuals, and failing to cite the section on

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

federal employees. *Compare* ECF 343 at 2 (citing Department of Justice Guide to the FOIA, Exemption 6, at 11) *with* Department of Justice Guide to the FOIA, Exemption 6, at 18 (Mar. 7, 2026), https://perma.cc/PE7K-QGCX (section entitled "Federal Employees").[4]

First, the names of government employees are not private information, and the government therefore does not routinely withhold or redact documents to remove the names of employees involved in government work. *Id*. at 18.  Indeed, the Office of Personnel Management's regulations expressly state that names are not private (along with other basic work-related information, such as position or location).  *See* 5 C.F.R. § 293.311 (specifying that certain information contained in federal employee personnel files, including names, position, pay, and position descriptions, is generally available to public).  Indeed, the FOIA Guide cited by Defendants states:  "Civilian federal employees who are not involved in law enforcement or sensitive occupations generally have no expectation of privacy regarding their names, titles, grades, salaries, and duty stations as employees."  Dep't of Justice Guide to the FOIA, Exemption 6, at 18 (Mar. 7, 2026), https://perma.cc/PE7K-QGCX.

Second, work contact information such as emails and phone numbers can be considered private only after a proper showing of particularized harm. *E.g.*, *Kleinert v. Bureau of Land Mgmt.*, 132 F.Supp.3d 79, 96 (D.D.C. 2015) ("[T]he disclosure of names and addresses is not inherently and always a significant threat to the privacy of those listed; whether it is a significant or a *de minimis* threat depends upon the characteristic(s) revealed ... and the consequences likely to ensue." (citation omitted)).  There is no legal support for Defendants' position that such public, work-related information is *per se* private, and that is exactly the type of blanket and unsubstantiated justification that is prohibited by Rule 26.  *In re Roman*, 661 F.3d at 424.  Indeed, FEMA (like other federal agencies) regularly produces FOIA materials that contain the unredacted names and work contact information for government employees.[5]

_____

[4] Exemption 6 to the FOIA protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552 (b)(6).

[5] *See, e.g.*, FEMA, *New York University Medical Center Public Assistance Project Worksheets*

Defendants' vague, unsubstantiated statement that "government employees have recently been subject to harassment" does not come close to the particularized showing necessary to justify confidentiality. ECF 343 at 2. Where, as here, the government "offers no evidence to support its speculation that the employees are likely to be harassed" if their names or work contact information is released, that information is not entitled to protection. *Gordon v. F.B.I.*, 388 F.Supp.2d 1028, 1040 (N.D. Cal. 2005); *Kubik v. U.S. Fed. Bureau of Prisons*, 2011 WL 2619538, at *9 (D. Or. July 1, 2011); *see also Sai v. TSA*, 315 F.Supp.3d 218, 262 (D.D.C. 2018) (holding employee name and contact information was not excluded from disclosure where the government "offered little more than conclusory assertions applicable to each redaction, without regard to the position held by the relevant employee, the role played by that employee, the substance of the underlying agency action, or the nature of the agency record at issue"). Under the applicable test for good cause, *supra* at 4-5, Defendants' unsubstantiated allegation of hypothetical harassment is insufficient to render work emails private information worthy of confidentiality protection. This "[b]road allegation[] of harm, unsubstantiated by specific examples or articulated reasoning, do[es] not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). Because Defendants have not submitted any "evidence of *particularized harm*" that would "result[] from disclosure," and instead rely on a single general assertion in their

*Regarding Hurricane Sandy* 1-2, 65 available at:
https://www.dhs.gov/sites/default/files/publications/new-york-university-medical-center-public-assistance-project-worksheets-regarding-hurricane-sandy_0.pdf (redacting email addresses of private individuals but not redacting names, phone numbers, or email addresses of public officials); FEMA, *World Central Kitchen- 70FBR218C00000003*, at 1, available at:
https://www.dhs.gov/sites/default/files/publications/World%20Central%20Kitchen-%2070FBR218C00000003.pdf (not redacting FEMA employee's name, phone number, or signature). FEMA's frequently requested FOIA materials can be found at Department of Homeland Security, *FEMA Frequently Requested Records*, available at:
https://www.dhs.gov/publication/fema-records. And while the FOIA Guide acknowledges that courts have "reached different conclusions" as to protections for federal employees' work contact information (Dep't of Justice Guide to the FOIA, Exemption 6, at 18-19), those that have deemed the information protected have generally done so based on specific factual evidence demonstrating that the information warranted protection. *See, e.g.*, *Bernegger v. Exec. Off. for United States Att'ys*, 334 F.Supp.3d 74, 89 (D.D.C. 2018) (applying Exemption 6 where the agency showed "that there is reason to believe that [the plaintiff] will 'harass[]' or 'retaliat[e] against those individuals identified'").

motion, they fail at the first step of the good-cause analysis. *In re Roman*, 661 F.3d at 426 (emphasis added); *see also Doe 1 v. Nielsen*, 2019 WL 2266622, at *2 (N.D. Cal. May 28, 2019) (rejecting defendants argument that "permitting public disclosure of the employee names is an invasion of these employees' privacy that may subject them to harassment" because "defendants have made only a speculative and generalized assertion of harm … and have not made the particularized showing Rule 26(c) requires").

The Court need not proceed to the second step of the applicable standard (the balancing test discussed *supra* at 5), as Defendants have not shown that "harm will result from disclosure of the discovery documents," *In re Roman*, 661 F.3d at 424. Even if the Court were to reach this step, Defendants' speculative and non-specific assertion of possible harassment is outweighed by the public's interest in understanding the nature of the government's actions and decisions.[6] "Knowing *who* is making government policy … is relevant to understanding *how* the government operates," and so "revealing the names of government employees who are making important government policy … contribut[es] to the public's understanding of how its government operates." *Gordon*, 388 F.Supp.2d at 1041. And, under analogous circumstances where the government presented only "speculative" assertions of possible harassment related to the disclosure of government employees' names, the Court concluded that the public interest in disclosure outweighed any privacy interest at hand. *Nielsen*, 2019 WL 2266622, at *2.

**C.    Unspecified "other" Confidential material does not meet the burden.**

Next, Defendants assert that certain other documents are Confidential for reasons "other than PII," which their motion characterizes as relating to unspecified types of "confidential personnel information relating to FEMA employees." ECF 343 at 3; *see also* ECF 343-1 at 13, Ex.

---

[6] The Ninth Circuit has identified seven factors that are relevant to the balancing at the second step of the test: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *In re Roman*, 661 F.3d at 424 n.5 (citation omitted).

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

11

B (designating certain deposition exhibits as Confidential for unspecified "reasons other than PII"). Defendants have provided no further explanation of this non-PII confidentiality assertion, and did not do so during any of Plaintiffs' repeated attempts to meet and confer either. *Supra* at 2-3; ECF 343-1 at 21-23, Ex. C (listing deposition exhibits that Defendants assert fall into this category merely as "Confidential"). Defendants have not met their burden to justify confidentiality as to the "other" documents. *See In re Roman*, 661 F.3d at 424. Given that Defendants have not explained what allegedly Confidential material these documents to contain or how harm would result from disclosure—much less met their burden of providing "*evidence* of particularized harm"—they have not met the requirements for a protective order under Rule 26. *Id.* at 426 (emphasis added); *see, e.g.*, *Pontikis v. Lucid USA Inc.*, 2025 WL 661869, at *3 (D. Ariz. Feb. 28, 2025) (denying a motion for a protective order where "Defendant provided no explanation as to what the confidential information might be and the harm Defendant would experience if the information was not protected").

To the extent that Defendants' production contains a small subset of actual personnel records (such as spreadsheets of CORE employees subject to personnel actions, or individual S1 hiring approval forms) that contain PII or Confidential personnel information regarding individual employees beyond just the names and work contact information that Defendants are using to justify their blanket designation, those records should have been easily identified in agency counsel's individualized document review. *Supra* at 2. Plaintiffs propose a reasonable accommodation below notwithstanding Defendants' failure to identify any actual personnel records, *infra* at 15-16.

In addition, the manner in which Defendants have treated the deposition exhibits reveals that this unexplained "other" category is not actually limited to "confidential personnel information relating to FEMA employees," as their motion suggests. ECF 343 at 2. Instead, Defendants have asserted an unspecified confidentiality designation over the documents that are most harmful to Defendant's litigation position, including documents showing that FEMA's Annual Staffing Plan contained a roughly 50 percent cut to its workforce. *See* ECF 343-1 at 21-23, Ex. C (marking as Confidential ECF 341-1, Ex. B (in camera), Ex. C (in camera), Ex. E (in camera), and Ex. F (in camera)). For example, Deposition Exhibit 17 (ECF 341-1, Ex. C (in camera)) is FEMA's Annual

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

Staffing Plan that FEMA Senior Official Performing the Duties of Administrator Karen Evans admitted to sending to DHS. This document contains no PII, no Confidential personnel information about individual FEMA employees, nor any other information that would qualify for protection. ECF 341-1, Ex. C (in camera). That a document contains information that "may be adverse to defendants' litigation position" does not mean it contains "confidential, proprietary, or otherwise protectable information under Rule 26(c)." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 312 (N.D. Cal. 2005).

In sum, for all of these reasons, Defendants have failed to meet their burden to maintain the confidentiality labels they affixed to every document, and their Motion should be denied.

**III.    This Court Should Reject Defendants' Effort to Rewrite the Protective Order to Flip the Burden to Plaintiffs to Seek De-designation**

Defendants contend that they are "willing[] to work with Plaintiffs to re-review and, where necessary and appropriate, apply redactions to specific documents containing PII that Plaintiffs identify for filing with this Court (or, where asked, re-consider particular confidentiality designations)." ECF 343 at 4. According to Defendants, "[t]hat is the way in which the Protective Order is supposed to work," and it is Plaintiffs who "have failed to adequately describe their need for the de-designation of virtually all the documents in this litigation, much less explain why Defendants need to engage in a re-review of all those documents now." *Id.* That fundamentally misconstrues both the Protective Order and what has happened here. The only reason why Defendants would need to re-review the production is because Defendants did not comply with their obligations in their earlier review and designations. If Defendants had "take[n] care to limit any such designation to specific material that qualifies under the appropriate standards," ECF 261 ¶5.1, rather than blanketly designating all documents Confidential, then Defendants would not be in this predicament. Even "Defendants acknowledge that some documents that do not meet the confidentiality requirements in the Protective Order may have nonetheless been labeled as

Confidential." ECF 343 at 3. It is not Plaintiffs' burden to identify these documents for Defendants.[7]

"The indiscriminate designation of documents is an abusive discovery practice that 'attempt[s] to shift the burden' of identifying a party's confidential information to other parties." *Tan v. Konnektive Rewards, LLC*, 2023 WL 2336893, at *6 (S.D. Cal. Mar. 2, 2023). When a party engages in the "troubling practice of designating documents *en masse*" rather than a "careful evaluation of the potential harm that might occur if any particular document were disclosed," it wrongfully attempts to shift the work of identifying legitimate confidentiality concerns to the opposing party and "needlessly multiplies the motions to seal documents so designated, which in turn require the Court's time and attention to resolve." *Id.* (quotation omitted); *see also Gopher Media, LLC v. Spain*, 2020 WL 12688143, at *4 (S.D. Cal. Aug. 24, 2020) (holding party must "review and re-designate the 139,311 documents" that were mass designated "for counsel only").

Courts recognize that there is "a burden to determine confidentiality," but are clear that such "burden properly falls on the party seeking protection." *Shenwick v. Twitter, Inc.*, 2019 WL 1552293, at *2 (N.D. Cal. Apr. 9, 2019). "If the burden were shifted to the opposing party, the opposing party would either be forced to read and challenge every page of [the relevant materials] or to accept Designating Parties' designation of confidentiality and spend unnecessary time and expense filing motions and documents under seal when unwarranted in many cases." *Id.* "And in that scenario, where Plaintiffs accept the designation and file any part of a transcript under seal, the burden then shifts to the Court, which must spend many hours reviewing materials for confidentiality – often when the designation is improper." *Id.* The Court should enforce the burden imposed on Defendants by the applicable Protective Order, and governing law, to "limit

---

[7] Regardless, Plaintiffs *have* sought de-designation as to some specific documents: the deposition exhibits that Defendants have individually identified as purportedly containing Confidential material in whole or part. Hoshijima Decl. ¶¶13-15. As discussed above, these documents were designated either because they simply contain government employee names and emails (not other PII or personnel records), or for unspecified "other" confidentiality reasons, neither of which is sufficient to meet Defendants' burden.

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI
14

any such designation to specific material that qualifies," ECF 261 ¶5.1, rather than allowing them to contravene the law with unjustified mass designations.

## IV.    Plaintiffs Propose an Orderly Process to Remedy Defendants' Noncompliance

Notwithstanding Defendants' failure to meet their burden (*or* identify any of the documents for which any valid confidentiality concern applies), Plaintiffs do not object to maintaining the confidentiality of true personnel records about CORE employees contained in Defendants' production.  For example, Defendants have produced a limited number of spreadsheets that include lists of CORE employees subject to certain personnel actions, or personnel records specific to individuals that contain PII and information such as justifications for retaining their positions.  To remedy Defendants' violation of the Protective Order's express prohibition on blanket designations while respecting the legitimate interests of federal employees in the privacy of their personnel records, Plaintiffs propose the following approach to deal with the small number of records regarding individual personnel actions contained in Defendants' production:

- All Excel spreadsheets produced in native format identifying CORE employees subject to personnel actions shall be designated Confidential in unredacted form;

- Any individual DHS Hiring Verification Process forms containing information regarding recommended personnel actions shall be designated Confidential in unredacted form;

- Plaintiffs will refrain from filing on the public record any unredacted personnel records about individual CORE employees and will file any such documents discussing personnel actions with respect to specific CORE employees with the names redacted.

To the extent that Defendants wish to maintain the confidentiality of any other documents, the Court should order a two-week period during which Defendants may identify any other documents containing *personnel records* or discussing personnel actions with respect to specific individual employees.  The mere presence of an employee name or work email address is not sufficient.  When identifying these documents, Defendants should have the burden to propose redactions that are as narrow as possible while maintaining the identified interest in confidentiality.

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

15

Should Defendants pursue this option, Plaintiffs should be required to promptly review and provide lists of challenges, if any, within two weeks. If the parties cannot reach agreement on the designations, Defendants would continue to bear the burden of moving to maintain the designation.

As a result of this proposed process, the parties would be able to present the Court with a list of agreed upon Bates numbers that are Confidential in unredacted form, and the confidentiality designation would be lifted from everything else, avoiding the need to re-produce the documents without confidentiality labels.[8]

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants' Motion and enter the accompanying proposed Order.


DATED: April 15, 2026                 Respectfully submitted,

                                      Stacey M. Leyton
                                      Barbara J. Chisholm
                                      Danielle E. Leonard
                                      Robin S. Tholin
                                      Elizabeth Eshleman
                                      ALTSHULER BERZON LLP
                                      177 Post St., Suite 300
                                      San Francisco, CA 94108
                                      Tel: (415) 421-7151
                                      sleyton@altshulerberzon.com
                                      bchisholm@altshulerberzon.com
                                      dleonard@altshulerberzon.com

                                      By: /s/ Danielle Leonard

                                      *Attorneys for All Union and Non-Profit Organization Plaintiffs*

                                      Elena Goldstein (pro hac vice)

[8] Plaintiffs have not identified any personal contact information or medical information about federal employees in the documents produced by Defendants. But to the extent that Defendants have produced any such information, and Defendants fail to identify that information through the process that Plaintiffs propose, Plaintiffs are willing to confer with Defendants before making any such information public.

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: /s/ Norman L. Eisen

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: /s/ Rushab Sanghvi

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: /s/ Teague Paterson

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: /s/ Steven K. Ury

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI
18

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By:  /s/ David Chiu

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By:  /s/ Tony LoPresti

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Christopher Sanders (pro hac vice)
General Counsel
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

19

OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
chrsanders@kingcounty.gov
eclancy@kingcounty.gov

By: */s/ Erin King-Clancy*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
eliana@publicrightsproject.org
toby@publicrightsproject.org

By: */s/ Eliana Greenberg*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL,
Harris County, TX, and Martin Luther King, Jr.
County, WA*

Jonathan G.C. Fombonne
Harris County Attorney

Sarah Utley (pro hac vice app. forthcoming)
Managing Counsel
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211

jonathan.fombonne@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

PLAINTIFFS' OPP. TO DEFS' MOTION FOR PROTECTIVE ORDER, No. 3:25-cv-03698-SI

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago

Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Rebecca Hirsch*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor

Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*