Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
dleonard@altber.com
bchishom@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*
[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **DECLARATION OF TSUKI HOSHIJIMA** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

Declaration of Tsuki Hoshijima, Case No. 3:25-cv-03698-SI

**DECLARATION OF TSUKI HOSHIJIMA**

I, Tsuki Hoshijima, declare as follows:

1.      I am a member in good standing of the District of Columbia Bar and the State Bar of Massachusetts.  I am admitted pro hac vice in this case.  I represent all Union and Non-Profit Organization Plaintiffs (except NRDC) and Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD in this action.  This declaration is based on my personal knowledge, information, and belief.

2.      On March 17, 2026, Defendants produced documents from DHS and from certain FEMA custodians under this Court's expedited discovery orders.  ECF 321, 328.

3.      On March 20, 2026, under a short, stipulated extension, ECF 329, Defendants produced additional documents from FEMA custodians.

4.      Defendants produced privilege logs from DHS and FEMA on March 17, 2026, and another privilege log from FEMA on March 20, 2026.  Altogether, the privilege logs contained thousands of entries asserting various privileges for particular documents.

5.      Defendants also redacted certain documents based on asserted non-responsiveness.

6.      But as far as Plaintiffs could tell, Defendants did not review documents for confidentiality.  Instead, it appeared that Defendants designated every page of every document in those productions as confidential subject to this Court's protective order.  The blanket confidentiality designations extended to documents that are plainly not confidential on their face. For example, Defendants asserted confidentiality over multiple copies of Plaintiffs' supplemental complaint in this case, *e.g.*, USA-AFGE-Exp.-0036334, USA-AFGE-Exp.-0040150; over the CORE manual, *e.g.*, USA-AFGE-Exp.-0041660, which Defendants themselves filed earlier in this case as an exhibit to the Karen Evans declaration, ECF 312-3; and over blank forms with no employee information, *e.g.*, USA-AFGE-Exp.-0000412.

7.      Defendants did not confer with Plaintiffs before asserting blanket confidentiality over their productions.

Declaration of Tsuki Hoshijima, Case No. 3:25-cv-03698-SI

8. Plaintiffs promptly initiated a meet-and-confer process over Defendants' blanket confidentiality designations. Plaintiffs have since made repeated efforts to resolve this issue, but the parties are at impasse.

9. On March 20, 2026, Plaintiffs invoked the protective order's process for challenging confidentiality designations by sending an email initiating a meet-and-confer process. Ex. A. Plaintiffs observed that Defendants appeared to have marked every single DHS and FEMA document as confidential. *Id.* Plaintiffs stated that they "are challenging every designation you have made on the basis that the blanket designation approach is improper." *Id.* Plaintiffs requested that Defendants withdraw the blanket designations without prejudice to their ability to redesignate specific documents that contain Personally Identifiable Information (PII). *Id.*

10. On March 24, 2026, the parties met and conferred about the blanket confidentiality designations. Plaintiffs requested that Defendants explain the basis for the confidentiality designations, including whether there was any basis other than PII. Counsel for Defendants were not prepared to provide any explanation for the confidentiality designations, citing a need to ask their clients. They confirmed that agency counsel applied the blanket designations. They did not deny that Defendants marked every page of every document as confidential.

11. On March 26, 2026, Defendants stated in an email: "We took your concerns back to the agencies and asked about the basis for the confidentiality designations. With both DHS and FEMA, the predominant concerns related to PII (such as email addresses, phone numbers, and the identities of lower-level employees such as secretaries, office assistants, CORE employees, and the like). Moreover, and in addition to containing PII, many of the FEMA documents are confidential for other reasons as well, including reflecting internal discussions regarding particular employees."

12. On March 27, 2026, Plaintiffs responded by email that Defendants' explanations did not provide a proper basis for blanket confidentiality designations. Plaintiffs requested that "Defendants agree to remove the blanket designation, and identify the particular subset of documents (by category or bates-number) that contain what Defendants contends is actually

2

confidential material, thereby permitting the processes intended by the Court's protective order to apply." Defendants did not respond to this request.

13. On April 6, 2026, following the depositions conducted on the week of March 30, 2026, Plaintiffs sent Defendants a further meet-and-confer letter in another attempt to resolve the confidentiality issue and other outstanding discovery issues. Ex. B. Plaintiffs explained that absent reconsideration by Defendants, Plaintiffs understood the parties to be at impasse as to the confidentiality designations.

14. On April 9, 2026, Defendants emailed Plaintiffs a chart of deposition exhibits listing the exhibits for which they withdrew confidentiality designations and the exhibits for which they continued to assert confidentiality. ECF 343-1 at 21-23 (Rosenberg Decl. Ex. C). The chart did not identify any specific basis for any confidentiality designation. Defendants designated some documents as "Confidential – PII Only" and other documents as "Confidential." Review of the chart and deposition exhibits showed that Defendants appeared to be claiming confidentiality based on PII for the name and government email of any government employee, regardless of role or rank, which would mean that nearly every government email would be kept confidential. The other documents, identified on the chart as "Confidential" with no further explanation, appeared to be six exhibits that are particularly harmful to Defendants' litigation position.

15. On April 13, 2026, Plaintiffs responded by email to Defendants. Ex. C (email); Ex. D (attachment to email). Plaintiffs objected to Defendants' continued assertions of confidentiality over deposition exhibits and attached a chart responding to individual confidentiality designations over deposition exhibits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed April 15, 2026, in Somerville, Massachusetts.

_____
TSUKI HOSHIJIMA

Declaration of Tsuki Hoshijima, Case No. 3:25-cv-03698-SI

# Exhibit A



Tsuki Hoshijima <thoshijima@democracyforward.org>

## AFGE v. Trump, 3:25-cv-03698-SI: challenge to confidentiality designations

**Tsuki Hoshijima** <thoshijima@democracyforward.org>                    Fri, Mar 20, 2026 at 5:07 PM
To: "Kies, Marianne F (CIV)" <marianne.f.kies@usdoj.gov>, "Hall, Christopher (CIV)" <christopher.hall@usdoj.gov>,
"Rosenberg, Brad (CIV)" <brad.rosenberg@usdoj.gov>, "Bombard, Robert (CIV)" <robert.bombard2@usdoj.gov>
Cc: Danielle Leonard <dleonard@altshulerberzon.com>, Stacey Leyton <sleyton@altshulerberzon.com>, BJ Chisholm
<bchisholm@altshulerberzon.com>, Jessica Levy <jlevy@altshulerberzon.com>, Elle Eshleman
<eeshleman@altshulerberzon.com>

Dear counsel,

This email provides notice that we are challenging the confidentiality designations in your DHS and FEMA productions under Section 6.2 of the stipulated protective order entered by Judge Illston on September 11, 2025. ECF No. 261.

It appears that in the DHS and FEMA productions this week, you have marked every single document as "Confidential - Subject to Protective Order."

This blanket approach to confidentiality designations plainly violates Section 5.1 of the protective order, which prohibits "[m]ass, indiscriminate, or routinized designations." Designations must be narrowly limited to protectable material; in fact, where only a portion of a page qualifies for designation, the producing party must mark only the protected portions of the page. Sec. 5.2(a). Designating every document in the production is not only a violation of the order, but it is also sanctionable under Section 5.1.

We are challenging every designation you have made on the basis that the blanket designation approach is improper. We request that you withdraw the mass designations of confidentiality, without prejudice to your ability to redesignate specifically identified portions of documents that contain Personally Identifiable Information (PII).  We will agree that you do not need to re-produce, at this expedited stage, the entire production without these designations, if you agree to withdraw the designations. We are also prepared, as appropriate, to redact the PII contained in these documents to facilitate the filing of these documents in Court.

We are prepared to meet and confer under Section 6.2 at your earliest availability. Although Section 6.2 contemplates a meet-and-confer within 14 days of this notice and Section 6.3 allows for you to move to retain confidentiality within 21 days of this notice or within 14 days of our meet-and-confer, we are requesting that you agree to shorten those timeframes in light of the expedited timeframes for this discovery. Please let us know when you are available to discuss this issue.

Thanks,

Tsuki



**Tsuki Hoshijima**
**Senior Counsel**
**Democracy Forward**
*he/him*

**Cell:** (202) 812-5749
**Email:** thoshijima@democracyforward.org

**When we fight, democracy wins**.

*NOTICE: This communication and any attachments may contain privileged or other confidential information and is intended only for use by the individual or entity named above. If you have received this communication in error, please immediately advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.*

# Exhibit B

ALTSHULER BERZON LLP
ATTORNEYS AT LAW

177 POST ST. SUITE 300
SAN FRANCISCO, CA 94108
(415) 421-7151

350 W. COLORADO BLVD. SUITE 420
PASADENA, CA 91105
(323) 963-8693

FAX (415) 362-8064

WWW.ALTSHULERBERZON.COM

ANITA T. ALEM
JAMES BALTZER
KATHERINE G. BASS
JACQLYN BLATTEIS
HAMILTON CANDEE
MAX CARTEROBERSTONE
EVE H. CERVANTEZ
CONNIE K. CHAN
BARBARA J. CHISHOLM
LISA DEMIDOVICH
ELIZABETH ESHLEMAN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
SCOTT A. KRONLAND
JONAH J. LALAS
JUHYUNG HAROLD LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
MARISA C. LOWE
AMANDA C. LYNCH
DERIN MCLEOD
MATTHEW J. MURRAY
ZOE PALITZ
JONATHAN ROSENTHAL
MICHAEL RUBIN
TALIA STENDER
ROBIN S. THOLIN
EMANUEL A. WADDELL
ALICE X. WANG

FRED H. ALTSHULER (1943-2024)
FOUNDING PARTNER

STEPHEN P. BERZON
FOUNDING PARTNER
PARTNER EMERITUS
SPECIAL COUNSEL

PETER D. NUSSBAUM
JEFFREY B. DEMAIN
DANIEL T. PURTELL
PARTNERS EMERITUS

ALEXANDER PECHT
FELLOW

April 6, 2026

*Via Electronic Mail*

Christopher Hall
Brad Rosenberg
Marianne Kies
Cesar Azrak
Robert Bombard
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005

   Re: *AFGE v. Trump*, No. 25-cv-03698-SI (N.D. Cal.), Outstanding Issues Relating to
   Court-Ordered Expedited Discovery

Dear Counsel,

  We write to address outstanding issues related to compliance with the Court's orders on expedited discovery from FEMA and DHS, in the hopes of resolving issues without the Court's involvement. We have endeavored to include the current outstanding issues in this global letter. Absent resolution, Plaintiffs reserve all rights to address these issues to the Court.

  Most of the below issues were raised by Plaintiffs prior to last week's depositions. For many issues, Defendants have provided no substantive response and made little effort to resolve disputes beyond promising to discuss the issues with the client agencies. Other issues arose from testimony during the depositions. Plaintiffs' ability to fully explore the relevant issues in these

1

depositions was prejudiced by Defendants' lack of compliance with the Courts' various orders to produce responsive documents and by other issues addressed below.

## I. <u>Document production</u>

### A. Inadequate scope of DHS search

On March 3, 2026, the Court ordered Defendants to "produce documents related to the renewals/nonrenewals of CORE employees" and to "produce communications from DHS and FEMA, including email communications, regarding the renewals/nonrenewals of CORE employees as well as 'target' reductions of FEMA and CORE employee staffing." ECF 321 at 2.

You produced only 314 documents from DHS. The inadequacy of DHS's search remains an unresolved issue. ECF 332 at 5. The Court agreed with our concern "that DHS produced no documents for certain custodians (including Noem and Lewandowski) and no documents for the December 20 to January 6 period, which is a key period in the FEMA/CORE renewals claim." ECF 336 at 2. The Court ordered the parties to meet and confer about the sufficiency of the search by March 24, 2026.

On March 24, 2026, we conferred on this issue by videoconference. It was clear from that conference that counsel for DOJ had left it for agency counsel to run search terms and that agency counsel had decided on search terms without actually exploring with their clients what responsive documents might exist. Had they done so, documents identified by the witnesses we deposed last week would have been easily identified.

Search terms are no substitute for proper investigation by counsel. However, it is clear that your search terms were woefully underinclusive as well. As we stated in our summary email, you agreed to discuss with your clients providing hit lists by custodian for our further proposed search terms. You also agreed to investigate why the FEMA production included email chains with underlying DHS emails that were not included in the DHS production.

On March 26, 2026, you stated by email that the preliminary search results for our proposed terms yielded approximately 100GB of data. You provided a breakdown of search result volume by search term for the DHS Office of the Secretary and DHS OCHCO, but not by individual custodian as we had requested. As for the discrepancy between DHS and FEMA productions, you stated that search terms had to be constructed differently for DHS than FEMA because the scope of DHS's work covers multiple components.

We reiterate our request that you provide the hit list by individual custodian so that we can confer on the additional custodial searches that remain necessary.

### B. Blanket confidentiality designations

On March 20, 2026, we notified you by email that we are challenging your blanket assertion of confidentiality over every document you produced. We explained that your blanket

approach plainly violates the protective order's prohibition on mass, indiscriminate, or routinized designations.

At a videoconference on March 24, 2026, you were unable to provide any basis for confidentiality other than PII. You confirmed that agency counsel had applied the mass designations in the interest of time. You offered a clearance process where we could identify specific documents for potential de-designation, but we explained that such a process improperly flips the burden on us to seek de-designation of improperly designated documents.

In your March 26, 2026 email, you stated that "the predominant concerns related to PII (such as email addresses, phone numbers, and the identities of lower-level employees such as secretaries, office assistants, CORE employees, and the like)" but that "many of the FEMA documents are confidential for other reasons as well, including reflecting internal discussions regarding particular employees." You reiterated your offer to consider de-designation of specific documents upon Plaintiffs' request.

In a March 27, 2026 response, we reiterated our request that Defendants remove the blanket designations. Defendants reviewed the production for responsiveness and privilege, and there was no reason that Defendants could not have reviewed for confidentiality as well. We also explained that government employee names and work contact information are not typically confidential, and we requested that Defendants identify the documents that actually contain confidential material.

We continue to ask that Defendants withdraw the blanket designations. We understand that we are at impasse on this issue. We continue to reserve the right to seek sanctions for your blatant violation of the protective order under section 5.1 of that order.

As an interim measure, we requested at last week's depositions that you determine within two days of the final transcripts whether any part of the transcript and any documents used as deposition exhibits are properly designated as confidential. We do not believe there is any basis to maintain confidentiality over the transcript or the deposition exhibits (other than personal phone numbers), and we expect that you will de-designate them promptly. We understand that you have agreed to review those designations within two days of receipt of the final transcript. We are prepared to meet and confer promptly if you intend to maintain a confidentiality designation over any part of the depositions.

### C. Inadequate justifications for deliberative process privilege assertions

In our March 19, 2026 statement to the Court, we raised concerns about your unjustified assertions of deliberative process privilege. ECF 332 at 3. As we explained in that statement, we had attempted to address that issue with you even before you produced any documents because we anticipated this issue. In its March 20, 2026 order, the Court ordered the parties to meet and confer on this issue. ECF 336 at 2.

3

At a videoconference on March 26, 2026, you were unable to provide further justification for the privilege assertions. You stated that agency counsel had made the decision to assert these privileges and that you would obtain a declaration from a high-level agency decisionmaker justifying the privilege only once we presented the issue to the Court.

Your privilege logs are facially deficient and the justifications you have provided are inadequate. We also continue to believe that the case law is clear that a high-level agency decisionmaker must review these documents before the privilege is even asserted in the first place. It is both improper, and an obstruction to any possibility of resolving this issue without court intervention, for you to take the position that a high-level agency decisionmaker will not provide a privilege justification unless we litigate this issue. Finally, even if any of these documents qualify for the privilege, there is no specific harm to the government from disclosure that outweighs litigation need here. Both the district court's and Ninth Circuit's prior analyses in this case applies and warrants disclosure.

In our view, we are at an impasse on your assertions of deliberative process privilege. Please let us know immediately if you are willing to reconsider your position.

### D. Failure to produce specific documents

In addition to the broad concerns addressed above, the depositions have revealed additional responsive documents that should have been, but were not produced, or were produced in problematic form.

### 1) Responsive documents about FEMA's and DHS's annual staffing plan

At her March 31, 2026 deposition, Ms. Evans confirmed that on December 4, 2025, FEMA had sent DHS an annual staffing plan that reflected a 50% cut to FEMA staff, to be included in DHS's final annual staffing plan submitted to OMB and OPM. Ms. Evans confirmed that she sent that communication to DHS (as shown by her handwritten notes). She also confirmed in her testimony that the 50% cut target had been sent to OMB and OPM.

In our April 1, 2026 email, we requested immediate production of all FEMA communications with DHS regarding the Annual Staffing Plan, any quarterly reports, and all DHS documents pertaining to FEMA's Annual Staffing Plan, including but not limited to the transmission of the Annual Staffing Plan to OMB/OPM.

On April 1, 2026, you responded that FEMA's search had included the term "staffing plan," that the search term "would have yielded" any such communications, and that you would not agree to any further searches. This response does not explain the failure to produce relevant documents from Ms. Evans' account, or the failure to produce DHS documents on this subject entirely.

Defendants cannot refuse to produce these communications—which Ms. Evans confirmed exist and which plainly fall within the scope of the second category of documents in

the Court's March 3, 2026 expedited discovery order, ECF 321 at 2—by relying on a search term that has proven inadequate to capture these key documents. Defendants' representation that their search terms did not capture the responsive documents only proves the inadequacy of Defendants' search methods. It does not absolve Defendants of the responsibility to conduct supplemental searches for key documents that Defendants had failed to produce. Any reasonably conducted conversation with the senior FEMA official would have revealed the existence of these documents. We reiterate our request that you immediately produce all FEMA communications with DHS regarding the Annual Staffing Plan, any quarterly reports, and all DHS documents pertaining to FEMA's Annual Staffing Plan, including but not limited to the transmission of the Annual Staffing Plan to OMB/OPM.

Please confirm your agreement to produce these documents, and that you will do so by no later than Friday, April 10, 2026. The complete production was due March 17, and Defendants have provided no basis for their failure to fully comply.

### 2) Karen Evans' handwritten notes

On March 31, 2026, Karen Evans stated in her deposition that she herself had hand-redacted significant portions of handwritten meeting notes from her day planner before the notes were produced to Plaintiffs. She indicated that the documents were purported redacted for relevance or because they were deliberative, in her opinion as a non-lawyer. The deposition testimony confirmed that those handwritten notes contained material that is plainly relevant because it addresses CORE terminations and staffing target numbers. The deposition testimony confirmed that the redactions appear to be overinclusive because they appear to remove the names of meeting participants and other surrounding information. We conferred with Defendants' counsel during deposition breaks to request an explanation of the basis for those redactions, but you were unable to provide any explanation.

We raise the issue in an email on April 1, 2026 and requested production of all unaltered pages from Ms. Evans' handwritten notes.

You responded by email on April 1, 2026. You stated that "The production copy, which included notes regarding matters neither responsive to Plaintiffs' discovery requests nor relevant to the subject-matter of this ligation, was hand-redacted under the deliberative process privilege, with review by agency counsel. Defendants will provide a privilege log as soon as reasonably possible."

The redactions on this document are improper. First, your response confirms that you allowed Ms. Evans to redact her notes based on her assessment of responsiveness. Redacting for responsiveness is plainly impermissible under the federal rules. Moreover, alteration of documents by a witness and failing to disclose the alternation are significant discovery violations.

Second, you have waived any privilege because your deadline to provide a privilege log has long since passed. Your original deadline for producing documents was March 17, 2026, and the Court ordered that Defendants "shall also produce a privilege log on that date." ECF 328 at 2. Yet, these documents were neither produced nor listed. Nor were they listed in any further privilege log provided on Friday, March 20, with your production that purported to include documents from the remaining FEMA custodians.

Privileges must be asserted at the time of production, and in particular when counsel has permitted the client to alter documents. Redactions are the alteration of evidence. You failed to invoke or explain any privilege for these notes until after we revealed the alteration in deposition and demanded complete production. The privilege has been waived under Rule 26.

We understand your April 1, 2026 email to confirm that DOJ has an electronic image of Ms. Evans' unredacted notes. Please produce the unredacted notes immediately.

### 3) "Talking Points for FY26 Staffing Strategy" document

At Karen Evans' deposition on March 31, 2026, we asked about a document called "Talking Points for FY26 Staffing Strategy," USA-AFGE-Exp.0034341, which states that "Ms. Evans has tasked me to develop a strategy" to achieve a specific numerical target for the FEMA workforce over FY26 and describes Ms. Evans' "specific intent" as to FEMA's workforce. The document had been produced to us with no metadata other than the filename "DRAFT.docx" and a document creation date of December 11, 2025.

In our April 1, 2026 email, we asked that you produce all metadata for this document.

In your response that day, you responded by providing the metadata that you said DOJ had available, which provided no further information other than the folder name of "Desktop." You did not provide the full file path of the document, and you identified the custodian only as "FEMA." You promised to seek additional custodian information and follow up as soon as reasonably possible.

This document is highly probative as to FEMA leadership's staffing targets. FEMA has improperly chosen to indicate the custodian only as "FEMA." Please produce all metadata immediately, including any author and actual custodian for this document.

## II.    Discovery from phones

### A. Work phones

#### 1)  Kara Voorhies' DHS and FEMA work phones

On March 26, 2026, Defendants stated in a notice of "substantial" compliance with the Court's March 20, 2026 discovery order that you were unable to collect and search the DHS and FEMA work phones of Kara Voorhies because of a DHS OIG preservation notice. ECF 337 at 3.

On March 27, 2026, we requested by email that you: (1) state who currently has physical possession of Ms. Voorhies' DHS and FEMA phones; (2) provide further explanation of your position that those phones, whether they are currently in the physical possession of FEMA, DHS, or DHS OIG, are not within Defendants' possession, custody, or control; and (3) provide a copy of DHS OIG's preservation notice.

On March 27, 2026, you responded by email to state that you could provide no further information at that time.

Please immediately provide the requested information about Ms. Voorhies' phone and OIG preservation notice.

### 2) Joseph Guy's work phone

Your March 26, 2026 notice of "substantial" compliance stated that Joseph Guy was abroad and unable to physically turn in his DHS phone, even though your notice had also stated that Mr. Guy had already separated from DHS.

On March 27, 2026, we asked for an explanation why DHS has permitted Guy to retain possession of his DHS-issued work phone even after he left DHS.

In your response later that day, you did not provide that explanation and instead informed us that DHS had recently collected Mr. Guy's DHS phone.

On March 30, 2026, your email stated that DHS had imaged and searched Mr. Guy's phone and that records that hit on the search terms have been turned over to DOJ to be loaded into the document review platform.

You have provided no further updates. Please produce all responsive materials from Mr. Guy's work phone immediately.

### 3) FEMA Tier 2 custodians' work phones

The Court's March 27, 2026 order found, consistent with the compromise that Plaintiffs had offered, that Defendants need not conduct physical cell phone data extraction at this time for FEMA Tier 2 custodians, provided that each custodian submits a sworn declaration describing efforts to search for responsive records and attesting that they have no responsive records to produce. ECF 339.

Please let us know when Defendants will provide those declarations.

### 4) Scope of Defendants' searches

It appears from prior responses that Defendants used a single word "core" to search phones rather than create and conduct a reasonable search for documents pertaining to FEMA's staffing plans or recent downsizing. It is entirely possible that responsive communications did not use the word core.

7

This is not such a large universe of documents, timeframe, or material that search terms are even necessary, and limiting the searches to a single word is certainly inadequate. There is no reason DOJ cannot search the identified custodians' phones for all responsive material and produce anything that falls within the responsive subject matter, regardless of the terminology used by the identified small number of individuals.

## B. Personal phones

On March 20, 2026, the Court accepted Plaintiffs' compromise position and ordered a March 26, 2026 deadline to produce phone communications from the persons identified in the Prieur declaration, ECF No. 327-1; Kristi Noem; Corey Lewandowski; and the nine persons identified as "key" FEMA custodians, ECF 332, Ex. B.

In a March 23, 2026 email, we requested confirmation "that the searches of telephones that are being performed pursuant to the Court's order will include personal phones used for government business." We also asked that "to the extent that responsive communications did exist, but no longer exist because they have been deleted, please identify those documents and when they were deleted."

On March 24, 2026, we discussed this issue by videoconference. You stated that you did not think that personal phones are within the government's possession, custody, or control.

On March 26, 2026, you reiterated that position but stated that "Defendants are attempting to inquire about whether key custodians used their personal phones to conduct government business relevant to this litigation" and offered to provide an update.

On March 31, 2026, Karen Evans' deposition testimony confirmed that she used her personal phone to communicate about FEMA's business with others, including on their personal phones. She confirmed FEMA-related communications with DHS "Senior Advisor to the DHS Secretary" Kara Voorhies, DHS "Chief Advisor" Corey Lewandowski, and DHS Deputy Chief of Staff Joseph Guy. Ms. Evans also confirmed the use of the Signal application on her personal phone to communicate with former DHS Secretary Noem, Corey Lewandowski, Kara Voorhies, and others, regarding FEMA business. Ms. Evans identified on the record the following phone numbers she had saved on her personal phone: Ms. Voorhies' personal number, Mr. Guy's personal number; and Mr. Lewandowski's number, which she was unsure whether it was personal. Any reasonable communication with Ms. Evans by counsel would have revealed her use of personnel phones for government business. The failure to inquire and conduct reasonable searches (and, indeed, to ensure the preservation of relevant material) is inexcusable.

In an email on April 1, 2026, we requested that Defendants provide a reasonable plan to obtain responsive communications from the personal phones of Ms. Evans, Mr. Guy, Ms. Voorhies, and Mr. Lewandowski and to investigate whether any other individual subject to the Court's orders similarly used personal phones for government business. We also requested

8

Defendants to provide information on the adequacy of their preservation efforts by stating exactly when and to whom the litigation hold was sent.

In addition, we requested that Defendants produce any screenshots of responsive Signal messages that Ms. Evans had saved. Ms. Evans claimed in her deposition that she had preserved Signal communications from her personal phone by taking screenshots and sending them to her FEMA email address. However, no such screenshots have been produced to us. We requested that DOJ investigate whether Ms. Evans had in fact done so for any communications with Ms. Voorhies and that DOJ produce any responsive material.

In your April 1, 2026 response, you stated that you "will conduct a supplemental search of her custodian emails for the images of the Signal chats and produce any responsive, non-privileged emails that might not have been produced previously." Please provide us with an update on that supplemental search.

However, to be clear, searching Ms. Evans' custodial emails for screenshots of Signal chats is not enough. Ms. Evans' representation that she self-identified federal records and preserved those communications does not obviate the need for a forensic search of her personal phone. Custodian self-searches are generally inadequate for meeting discovery obligations, and it is particularly insufficient here given the implausibility of Ms. Evans' claim—that despite breaking proper protocols by conducting agency business on a disappearing message platform on personal phones, she reliably preserved records through voluntary self-selection of communications to be preserved. And where it is established that federal employees have used personal phones for agency business, we disagree that Defendants lack control over those communications within the meaning of Rule 34.

We also reiterate our request that you provide details about your litigation hold and that you explain what other methods you took to ensure preservation of communications on personal phones relating to agency business. Because Signal messages are often set to be auto-deleted, we have significant concerns about Defendants' compliance with preservation obligations and reserve the right to seek sanctions for spoliation.

***

Thank you for your prompt attention to this matter. We look forward to your further response in an effort to resolve these disputes.

Sincerely,

*/s/ Danielle Leonard*

Counsel for Plaintiffs

9

# Exhibit C

## RE: [EXTERNAL] Re: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): ECF 343

**Danielle Leonard** <dleonard@altshulerberzon.com>                          Mon, Apr 13, 2026 at 8:03 PM
To: "Rosenberg, Brad (CIV)" <Brad.Rosenberg@usdoj.gov>, "Hall, Christopher (CIV)" <Christopher.Hall@usdoj.gov>, "Kies, Marianne F (CIV)" <Marianne.F.Kies@usdoj.gov>, "Azrak, Cesar E (CIV)" <Cesar.E.Azrak@usdoj.gov>, "Bombard, Robert (CIV)" <Robert.Bombard2@usdoj.gov>, "Newman , Jeremy S. (CIV)" <Jeremy.S.Newman@usdoj.gov>
Cc: Tsuki Hoshijima <thoshijima@democracyforward.org>, Stacey Leyton <sleyton@altshulerberzon.com>, BJ Chisholm <bchisholm@altshulerberzon.com>, Elle Eshleman <eeshleman@altshulerberzon.com>, Jessica Levy <jlevy@altshulerberzon.com>

Counsel-

We have reviewed your motion filed Friday for a blanket order maintaining your blanket confidentiality designations, as well as the spreadsheet provided on Thursday evening regarding deposition exhibits for which you have lifted or continue to assert confidentiality designations.  Upon review of your spreadsheet, Defendants appear to be asserting that "PII" includes all names and government email addresses of individuals communicating about government business by e-mail, given that the documents for which you assert "Confidential- PII Only" contain no confidential PII.  For six documents, the designation is listed, without explanation, as "Confidential," which we assume means something other than the document contains information that you assert is PII.

With respect to the motion, we will propose to the Court a shortened time on the schedule, in light of the expedited nature of these proceedings. We will file our response by Wednesday, and will propose deadline of Monday, April 20 for your reply, with a hearing as needed at the Court's convenience. Please let us know if you consent to this shortened schedule.

With respect to the deposition exhibits, Defendants' continued assertions of confidentiality do not meet their burden with respect to any of these designations, and we believe the designations should be lifted by operation of the Protective Order.  Without waiving those arguments, we respond further in the attached with respect to each document for which you continue to assert confidentiality, in whole or part.

Danielle

Danielle Leonard

Altshuler Berzon LLP

177 Post Street, Suite 300

San Francisco, California 94108

(415) 421-7151

Pronouns: she/her

### ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in*

*this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

**2026.04.09 Confidentiality Designations.Plaintiffs Response.xlsx**
15K

# Exhibit D

| Bates Number | Exhibit Number | Deponent | Designation | Plaintiffs Response |
|---|---|---|---|---|
| N/A | Ex 1 | Evans | Not Confidential | |
| N/A | Ex 2 | Evans | Not Confidential | |
| N/A | Ex 3 | Evans | Not Confidential | |
| N/A | Ex 4 | Evans | Not Confidential | |
| N/A | Ex 5 | Evans | Not Confidential | |
| N/A | Ex 6 | Evans | Not Confidential | |
| N/A | Ex 7 | Evans | Not Confidential | |
| N/A | Ex 8 | Evans | Not Confidential | |
| N/A | Ex 9 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp-0033527 | Ex 10 | Evans | Confidential | No basis for confidentiality assertion for meeting notes. |
| N/A | Ex 11 | Evans | Not Confidential | |
| N/A | Ex 12 | Evans | Not Confidential | |
| N/A | Ex 13 | Evans | Not Confidential | |
| USA-AFGE-Exp.-0007239 | Ex 14 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| N/A | Ex 15 | Evans | Not Confidential | |
| USA-AFGE-Exp.-0002353 | Ex 16 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0006542 | Ex 17 | Evans | Confidential | No basis for confidentiality assertion for FEMA staffing plan. |
| USA-AFGE-Exp.-0007333 | Ex 18 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0006535 | Ex 19 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0006686 | Ex 20 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000405 | Ex 21 | Evans | Not Confidential | |
| USA-AFGE-Exp.-0004575 | Ex 22 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0010683 | Ex 23 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0006997 | Ex 24 | Evans | Confidential | No basis for confidentiality assertion for this email exchange regarding FEMA business. |
| USA-AFGE-Exp.-0034341 | Ex 25 | Evans | Confidential | No basis for confidentiality assertion for this email exchange regarding FEMA business. |
| USA-AFGE-Exp.-0014520 | Ex 26 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0007258 | Ex 27 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0007219 | Ex 28 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0004518 | Ex 29 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000363 | Ex 30 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0005054 | Ex 31 | Evans | Confidential | No basis for confidentiality assertion for this email exchange regarding FEMA business. |

| | | | | |
|---|---|---|---|---|
| USA-AFGE-Exp.-0009465 | Ex 32 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000576 | Ex 33 | Evans | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| N/A | Ex 34 | Evans | Not Confidential | |
| N/A | Ex 35 | Edwards | Not Confidential | |
| N/A | Ex 36 | Edwards | Not Confidential | |
| N/A | Ex 37 | Edwards | Not Confidential | |
| N/A | Ex 38 | Edwards | Not Confidential | |
| USA-AFGE-Exp.-0000435 | Ex 39 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| N/A | Ex 40 | Edwards | Not Confidential | |
| USA-AFGE-Exp.-0000403 | Ex 41 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| N/A | Ex 42 | Edwards | Not Confidential | |
| N/A | Ex 43 | Edwards | Not Confidential | |
| N/A | Ex 44 | Edwards | Not Confidential | |
| USA-AFGE-Exp.-0000400 | Ex 45 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000415 | Ex 46 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000420 | Ex 47 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000600 | Ex 48 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000446 | Ex 49 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000472 | Ex 50 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0010027 | Ex 51 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000608 | Ex 52 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp-0000643 | Ex 53 | Edwards | Confidential - PII Only | CORE employee names already redacted from deposition exhibit.  The names and government email addresses of government employees on the email distribution are not confidential. |
| USA-AFGE-Exp.-0000473 | Ex 54 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000504 | Ex 55 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000539 | Ex 56 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000642 | Ex 57 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000839 | Ex 58 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |

| | | | | |
|---|---|---|---|---|
| USA-AFGE-Exp.-0000076 | Ex 59 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0005677 | Ex 60 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0009457 | Ex 61 | Edwards | Confidential - PII Only | Message exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0015928 | Ex 62 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000707 | Ex 63 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000713 | Ex 64 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0008661 | Ex 65 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000160 | Ex 66 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000180 | Ex 67 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| | Ex 68 | Edwards | Confidential - PII Only | Individual CORE employee names already redacted in deposition exhibit. Remaining information is not confidential/does not contain PII. |
| USA-AFGE-Exp.-0000186 | Ex 69 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000388 | Ex 70 | Edwards | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| N/A | Ex 71 | Prieur | Not Confidential | |
| N/A | Ex 72 | Prieur | Not Confidential | |
| USA-AFGE-Exp.-0004693 | Ex 73 | Prieur | Not Confidential | |
| USA-AFGE-Exp.-0006539 | Ex 74 | Prieur | Confidential | No basis for confidentiality assertion for staffing planning exercise. |
| USA-AFGE-Exp.-0009729 | Ex 75 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0001244 | Ex 76 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0004518 | Ex 77 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0004553 | Ex 78 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0004824 | Ex 79 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0004961 | Ex 80 - | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0016768 | Ex 81 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |

| | | | | |
|---|---|---|---|---|
| USA-AFGE-Exp.-0004990 | Ex 82 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0004594 | Ex 83 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-00024154 | Ex 84 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential.  No objection to redacting names of individual employees. |
| USA-AFGE-Exp.-0007228 | Ex 85 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0031448 | Ex 86 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential.  No objection to redacting names of individual employees. |
| USA-AFGE-Exp.-0007249 | Ex 87 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0007230 | Ex 88 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0007242 | Ex 89 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0011844 | Ex 90 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0007265 | Ex 91 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0007374 | Ex 92 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0007350 | Ex 93 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0006441 | Ex 94 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0000141 | Ex 95 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0005428 | Ex 96 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0007095 | Ex 97 | Prieur | Confidential - PII Only | Email exchange between government employees does not contain PII; names and government emails are not confidential. |
| USA-AFGE-Exp.-0005639 | Ex 98 | Prieur | Not Confidential | |
| USA-AFGE-Exp.-0005748 | Ex 99 | Prieur | Confidential - PII Only | Employee names in the body of the email already redacted from deposition exhibit.  The names and government email addresses of government employees on the email distribution are not confidential. |
| USA-AFGE-Exp.-0020962 | Ex 100 | Prieur | Not Confidential | |
| USA-AFGE-Exp.-0000156 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000164 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000170 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000727 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000731 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000733 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000736 | N/A | N/A | Not Confidential | |
| USA-AFGE-Exp.-0000739 | N/A | N/A | Not Confidential | |

| USA-AFGE-Exp.-0000742 | N/A | N/A | Not Confidential |
|---|---|---|---|
| USA-AFGE-Exp.-0000745 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000748 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000751 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000754 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000757 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000760 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000763 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000766 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000769 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000772 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000775 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000778 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000780 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000783 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000785 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000788 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000794 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000801 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000804 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000808 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000812 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000818 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000829 | N/A | N/A | Not Confidential |
| USA-AFGE-Exp.-0000835 | N/A | N/A | Not Confidential |