UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 25-cv-03698-SI<br><br>**FURTHER DISCOVERY ORDER AND ORDER SETTING SUPPLEMENTAL BRIEFING SCHEDULE RE: FEMA PRELIMINARY INJUNCTION MOTION** |

On March 3, 2026, the Court ordered defendants to produce four categories of expedited discovery, related to plaintiffs' pending motion for preliminary injunction regarding the Federal Emergency Management Agency (FEMA). Dkt. No. 321; *see also* Dkt. Nos. 328, 336, 339 (further discovery orders). On March 26, 2026, defendants filed a notice updating the Court on the status of their compliance. Dkt. No. 337. This Order issues in response to plaintiffs' recent request for further compliance with this Court's expedited discovery orders. Dkt. No. 341. Defendants filed a response, and plaintiffs replied. Dkt. Nos. 344, 345, 350. Having reviewed these filings and the attached exhibits, the Court declines to pause further discovery as defendants request and agrees with plaintiffs that further limited discovery on an expedited basis is warranted, given the information that has recently come to light through depositions and document production. The Court therefore rules as follows.

**Guy and Voorhies Depositions:** Plaintiffs have noticed depositions for Joseph Guy (former

United States District Court
Northern District of California

DHS Deputy Chief of Staff) and Kara Voorhies[1] for the week of April 27, 2026. The parties dispute whether plaintiffs should be permitted to depose Guy and Voorhies. The Court agrees with plaintiffs that they may depose these individuals, in light of information that has come out through discovery. In particular, the Court notes that Karen Evans, FEMA's Senior Official Performing the Duties of Administrator (SOPDA), testified at her deposition that Guy told Evans to include a 50% cut in FEMA's staffing plan. Dkt. No. 350-1, Eshleman Decl., Ex. G (Evans Dep.) at 235:10-25. Evans further testified that Voorhies was the Senior Advisor to the DHS Secretary on FEMA issues, that Evans communicated with Voorhies regarding the CORE[2] staffing and reappointment questions that are at issue in the preliminary injunction motion, and that Guy told Evans to keep Voorhies informed on these matters. *Id.* at 98:19-21, 129:22-132:22.

The depositions shall take place the week of April 27, 2026, or the following week.

**Electronic Communications on Personal Cell Phones:** On March 20, 2026, the Court ordered plaintiffs to produce electronic phone communications from "high-level decisionmakers," described as individuals identified in Exhibit B to plaintiffs' discovery filing at Dkt. No. 332 at 1, by March 26, 2026. Dkt. No. 336. Plaintiffs now request that defendants be ordered to produce communications on personal phones related to agency business and to order any custodian claiming not to have conducted such communications to attest to that fact under penalty of perjury. Dkt. No. 341 at 11. Plaintiffs also raise concerns about defendants' compliance with their preservation obligations under the Federal Records Act, since Signal messages are often set to delete automatically. *Id.* at 8, n. 7, 11; *see also* Dkt. No. 350 at 18-19 & Eshleman Decl. ¶¶ 3-4 & Ex. A (photo of Evans's personal cell phone showing Signal chat with Voorhies, with messages set to automatically disappear after 4 weeks).

In response, defendants argue primarily that the personal cell phones are not within their "possession, custody, or control" under Federal Rule of Civil Procedure 34(a). Dkt. No. 344 at 14.

---

[1] Voorhies's precise role is in dispute. Defendants describe her as a "former contractor." Plaintiffs say she was given the title of "Senior Advisor to the DHS Secretary."

[2] "CORE" stands for the "Cadre of On-Call Response/Recovery Employees."

2

Defendants also argue that it is sufficient that they "will produce responsive, nonprivileged screenshots." *Id.* at 14-15. Furthermore, defendants argue that Noem, Lewandowski, and Voorhies confirmed that they did not communicate on their personal phones regarding CORE renewals or target FEMA staffing reductions. *Id.* at 15; *see also* Dkt. Nos. 341-1 (Leonard Decl.) ¶ 13(c); 345-8 (Kies Decl.), Ex. 8 (Apr. 8, 2026 Email).

Rule 34 only requires production of relevant documents that "are in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). To render an employee's personal device subject to the "possession, custody, and control" of its employer, "generally the plaintiff must show that personal devices were used for business purposes." *Goolsby v. Cnty. of San Diego*, No. 3:17-cv-564-WQH-NLS, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019); *Rattie v. Balfour Beatty Infrastructure, Inc.*, No. 22-cv-05061-RS (LJC), 2023 WL 5507174, at * 3 (N.D. Cal. Aug. 25, 2023). The party seeking production "bears the burden of proving that the opposing party has such control." *Int'l Union*, 870 F.2d at 1452.

Here, SOPDA Evans confirmed in her deposition that she used her personal phone to communicate regarding FEMA matters with other government officials, including Kristi Noem (former DHS Secretary), Corey Lewandowski (former Chief Advisor to the DHS Secretary), Guy, and Voorhies. Evans Dep. at 149:18-151:16. Evans also testified that at least she, Guy, and Voorhies communicated about FEMA business using personal phones. *Id.* at 141:5-142:6, 146:24-147:9, 149:18-151:16, 160:22-161:22. Evans testified that she has the Signal app stored on her personal phone and that she herself preserved Signal chats from her personal phone that "were appropriate records" by sending screenshots of those messages to her work email account. *Id.* at 149:18-24, 155:12-157:8. On April 15, 2026, defendants produced to plaintiffs what counsel described as "3 responsive, non-privileged, Signal chat screenshots from Evans's personal phone." Eshleman Decl. ¶¶ 3-6 & Exs. A, B, C. In one of those images (which appears not to be a "screenshot" but a photo of a phone screen taken from another phone), in a Signal group chat titled "FEMA 2.0," Voorhies tells Evans to provide data related to FEMA staffing. *Id.*, Ex. A. The image

shows that the messages are set to automatically disappear after four weeks but does not reveal who else participated in the "FEMA 2.0" Signal group chat. *See id.* At her deposition, Evans testified that she was "unsure" whether her Signal group chat messages remained on her personal phone because she was "not sure of the settings for the disappearing messages." Evans Dep. at 158:5-159:2.

To summarize, plaintiffs have offered evidence, in the form of Evans's deposition testimony and defendants' document production, that at least Evans, Voorhies, and Guy used their personal cell phones for business purposes regarding FEMA. *See* Evans Dep. at 141:5-24 (testimony that Evans did not know if Voorhies had DHS- or FEMA-issued work phones but that Evans communicated with Voorhies on Voorhies's personal phone), 150:25-152:6, 160:22-161:22 (testimony that Evans communicated with Guy via Signal app and only had a personal number for Guy in her phone). This is sufficient to establish control under Rule 34(a). Moreover, under the Federal Records Act, communications about agency business on personal phones are federal records that are required to be preserved. The Court is seriously troubled that Evans's "FEMA 2.0" Signal messages were set to delete after four weeks, that Evans alone appears to have made the decision regarding what were "appropriate records" to preserve, and that what should have been preserved under the law may not have been. *See* Evans Dep. at 156:1-157:10.

Accordingly, the Court ORDERS defendants to search the personal phones of Evans, Guy, and Voorhies and to produce all responsive communications by **April 29, 2026**. Also by that date, the Court ORDERS Evans, Guy, and Voorhies to attest to the preservation of FEMA-related communications on their personal phones in declarations filed under penalty of perjury.

By **April 24, 2026,** defendants shall communicate to plaintiffs the members of the "FEMA 2.0" Signal group chat and the dates of the messages contained in Exhibits A and C to the Eshleman declaration.

**Electronic Communications on Guy's and Voorhies's Work Phones:** Plaintiffs also request that defendants be ordered to "conduct complete and thorough searches" of Guy's and Voorhies's work phones. Dkt. No. 341 at 12. Defendants respond that they informed plaintiffs in

writing on April 8, 2026, that they have obtained Voorhies's FEMA-issued phone and will produce responsive, non-privileged material if any exists. Dkt. No. 344 at 15; Dkt. No. 345, Kies Decl., Ex. 8. Defendants state they are working to obtain access to Voorhies's DHS-issued phone, which is password protected. Dkt. No. 344 at 15. Defendants state they obtained and searched Guy's work phone but the search did not reveal responsive documents. *Id.* The Court ORDERS defendants to conduct thorough searches of Voorhies's and Guy's work-issued phones and to produce all responsive communications by **April 29, 2026**. To the extent these phones contain no responsive communications, defendants shall provide plaintiffs with an explanation of search terms and processes used.

**FEMA Staffing Plan Email Communication:** Plaintiffs state that defendants never produced the communications related to Evans's submission of a FEMA Annual Staffing Plan to DHS that included a 50% cut to FEMA. Dkt. No. 350 at 17 (citing Evans Dep. 219:21-222:7). Defendants do not address this in their statement.

The parties also dispute whether such FEMA Annual Staffing Plan was ever communicated from DHS to the Office of Management and Budget (OMB) and the Office of Personnel Management (OPM). Defendants say that communication never took place. Dkt. No. 344 at 15-16. Plaintiffs point to testimony from Evans that the plan was transmitted to OMB and OPM. Dkt. No. 350 at 18.

No later than **April 29, 2026,** defendants shall produce the communications regarding this staffing plan—between Evans and DHS, and between DHS and OMB/OPM. If such communications do not exist, defendants shall provide a declaration signed under penalty of perjury attesting to that fact.

**Metadata for 2026 Talking Points:** The parties dispute the significance of what appears to be a two-page Word document created at the direction of Evans regarding the 50% FEMA staffing cut. The Court has reviewed this document *in camera* and agrees that it should be produced to plaintiffs, in native format, with all metadata intact. Defendants shall do so by **April 29, 2026.**

**Evans's Self-Redacted Meeting Notes:** It does not appear to be in dispute that Evans self-redacted meeting notes in her planner and that a privilege log has not yet been produced. Dkt. No. 341 at 15-16. The unredacted portions show that the notes pertain to FEMA staffing numbers and communications with Voorhies. *See* Evans Dep. at 223:2-224:20. Defendants stated in their April 15, 2026 filing that "Agency counsel reviewed and approved the redactions while preserving the document in unredacted form" and that defendants "are working on a privilege log." Dkt. No. 344 at 16. A privilege log was originally due March 17, 2026, with a brief extension of certain materials granted until March 20. Dkt. Nos. 328, 330. The Court has reviewed the redacted meeting notes but is unable to review any assertions of privilege on the present record.

Defendants are ORDERED to produce Evans's handwritten notes for *in camera* review, along with a privilege log, **no later than April 24, 2026**. Defendants may do so by emailing a copy electronically to sipo@cand.uscourts.gov or by mailing a copy to the courthouse, clearly marked "In Camera Review: DO NOT FILE." The Court will then review the materials and issue a further ruling if needed.

**Supplemental Briefing and Hearing:** Once the above is complete and plaintiffs have had the opportunity to finish taking the ordered depositions, the parties shall supplement their preliminary injunction filings as follows.

|  |  |
|---|---|
| Plaintiffs' supplemental brief: | May 22, 2026 |
| Defendants' supplemental response: | June 5, 2026 |
| Plaintiffs' supplemental reply: | June 10, 2026 |

A further hearing on the motion for preliminary injunction is set for **June 17, 2026, at 1:30 p.m.** in-person in Courtroom 1.

**IT IS SO ORDERED**.

Dated:  April 22, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

6