CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-6748

ERIC J. HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD P. ROSENBERG
(DC Bar No. 467513)
Special Counsel
CHRISTOPHER HALL
Assistant Branch Director
MARIANNE F. KIES
JEREMY NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch

    1100 L Street, NW
    Washington, DC 20005
    Telephone: (202) 514-3374
    Brad.Rosenberg@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO PRESERVE CONFIDENTIALITY DESIGNATIONS** <br><br> Hearing Date: April 28, 2026 <br> Time: 1:30 p.m. <br> Judge: Hon. Susan Illston <br> Place: Virtual via Zoom |

Reply re Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

**INTRODUCTION**

In seeking to lift the Confidentiality designations for all the documents Defendants produced, Plaintiffs misread the Protective Order and improperly shift their procedural burden to Defendants. While Defendants have the "burden of persuasion" to demonstrate that any particular document meets the confidentiality requirements of paragraph 6.3 of the Protective Order, ECF No. 261, Plaintiffs have the burden under paragraph 6.2 to identify the particular documents that they want to challenge in the first instance. They have not done so.

Instead, Plaintiffs repeatedly characterize Defendants as having violated the Protective Order's prohibitions on "[m]ass, indiscriminate, or routinized designations." Pls.' Opp'n to Defs.' Mot. for Protective Order to Preserve Confidentiality Designations ("Pls.' Opp'n") at 1, ECF No. 346 at 5 (alteration in original). Plaintiffs accuse Defendants of mass-tagging documents, but in Defendants' view, nearly all documents are confidential because they contain PII or are confidential for reasons other than PII. Ironically, it is Plaintiffs who are attempting to implement a mass, indiscriminate, and routinized de-designation of documents, regardless of the substantive basis for an individual document's designation as confidential. In so doing, they ignore the explicit provisions of the Protective Order that require the identification and discussion of specific documents. That failure precludes the ability of the parties—and this Court—to meaningfully resolve any disputes regarding the confidentiality of individual documents, because Plaintiffs have not identified any specific documents as part of this meet-and-confer process. For that reason, this Court should grant Defendants' motion for a Protective Order and direct Plaintiffs to identify particular confidentiality designations they wish to challenge.

Plaintiffs have also proposed, as an alternative, that Defendants be permitted to re-review documents for confidentiality to the extent those documents are related to personnel decisions. To the extent the Court is inclined to adopt Plaintiffs' proposal, it would need to be modified in two ways: Defendants should be permitted to re-review all documents for non-PII confidentiality

(assuming the parties can redact non-substantive PII), and Defendants should be allowed 28 days, rather than the 14 days Plaintiffs have proposed, to complete that process.[1]

## ARGUMENT

### I.      Plaintiffs Have Failed to Identify the Documents They Are Challenging.

The underlying nature of the parties' discussions is not disputed. Simply put, Plaintiffs attempt to challenge all of Defendants' confidentiality designations. That gambit, however, is squarely foreclosed by the express language of the Protective Order.

Plaintiffs assert that "the Protective Order nowhere requires Plaintiffs to proceed document by document rather than by category, nor prohibits Plaintiffs from challenging the manner in which Defendants themselves categorically applied designations." Pls.' Opp'n at 7, ECF No. 346, at 11. That is, in fact, precisely what the Protective Order requires:

> 6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice *of each designation it is challenging and describing the basis for each challenge*. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve *each challenge* in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to particulate in the meet and confer process in a timely manner.

Protective Order ¶ 6.2, ECF No. 261 (emphasis added); *see also id.* ¶ 6.3 (referring to judicial intervention procedures for "each challenged designation"). Plaintiffs have not provided written notice "of each designation" or described "the basis for each challenge." Instead, they explicitly stated that they "are challenging *every designation* that you have made." Decl. of Tsuki Hoshijima,

---

[1] Defendants have acknowledged that, due to the expedited nature of discovery, some documents were marked as confidential even though they do not contain confidential information. As Defendants have repeatedly noted, if Plaintiffs need to use those documents and bring them to Defendants attention, Defendants will review them on an expedited basis and remove any designations that Defendants believe do not meet the requirements of the Protective Order.

Reply re Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

Ex. A ("Hoshijima Decl, Ex. A"), ECF No. 346-1 at 6 (emphasis added). Simply put, Plaintiffs have not complied with the requirements of the Protective Order because they have not identified the specific documents that they challenge.

Nor does Plaintiffs' approach to blanket challenge the confidentiality designations across Defendants' entire production make any sense. Take, for example, the meet-and-confer process, for which the Protective Order requires a "voice-to-voice dialogue." Protective Order ¶ 6.2. As Plaintiffs' counsel's email in the meet-and-confer correspondence makes clear, they challenged "every designation." Because the Protective Order requires a voice-to-voice discussion of "each challenge," Plaintiffs' position appears to be that Defendants were required, over the phone, to separately discuss the confidentiality designations in each and every one of the documents they produced. While Defendants do not dispute that they have the burden of persuasion under the Protective Order, Plaintiffs have ignored their own duty in the first instance to identify the specific documents that they seek to challenge—a necessary prerequisite to a meaningful discussion regarding confidentiality designations. It is impossible to persuade on a document that is never identified.

The two-part test Plaintiffs cite for analyzing a motion for continuation of a protective order only highlights their failure to adequately tee-up this issue. *See* Pls.' Opp'n at 5, ECF No. 346 at 9. That test requires a court to consider whether there is a "particularized harm" resulting from disclosure and, if there is a harm, the court must balance public and private interests. *Id.* (quoting *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). But it is impossible to figure out whether there is a "particularized harm" without a particularized document, much less balance public and private interests. This flaw infects Plaintiffs' position regarding confidentiality designations for both PII and non-PII, as set forth below.

Plaintiffs also ignore the expedited nature of discovery. They assert, for example, that "[t]here is no exception" to the Protective Order's requirements "for exigent or expedited circumstances." Pls.' Opp'n at 4, ECF No. 346 at 8. Plaintiffs' desire to place technical form over practical function ignores that expedited discovery occurs "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Lackey v. Stinnie*, 604 U.S.

Reply re Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

3

192, 200-01 (2025) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). To that end, Plaintiffs rely upon *Tan v. Konnektive Rewards, LLC*, for the proposition that unfounded confidentiality designations improperly shift the burden to the receiving party. Pls.' Opp'n at 14, ECF No. 346 at 18. But that case does not appear to have involved expedited discovery, and in any event the court devised a workaround by requiring parties that intend to file a motion to seal confidential documents to "provide the designating party with not less than 36 hours' notice of the motion and the documents at issue," at which point "[t]he designating party must inform the moving party within 24 hours of such notice of any documents for which the confidentiality designation has been withdrawn." *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *6 (S.D. Cal. Mar. 2, 2023).[2] That is essentially the procedure that Defendants have proposed here: Defendants remain prepared to confer regarding any specific documents that Plaintiffs want to use in this litigation.

## II.    Defendants Have Properly Designated Documents as Confidential.

How this Court proceeds to resolve this issue depends on the nature of the confidentiality designations asserted. As Defendants have previously noted, there are two categories of confidentiality designations. The first category concerns designations for PII, such as email addresses, phone numbers, and the names of lower-level employees. These designations appear in both DHS's production and FEMA's production. The second category concerns confidentiality designations for reasons other than PII. Only FEMA's production includes non-PII confidential information.

### A. Confidentiality Designations Due to PII.

The first category of confidentiality designations concerns PII. As a threshold matter, Plaintiffs have never explained—to Defendants or to this Court—why the assertion of confidentiality designations regarding email addresses, phone numbers, and the names of lower-level employees impedes their ability to litigate this case, or is even relevant to any of the issues

---

[2] Another case Plaintiffs cite for this proposition, *Gopher Media, LLC v. Spain*, similarly did not involve expedited discovery. No. 3:19-cv-02280-CAB-KSC, 2020 WL 12688143, at *2 (S.D. Cal. Aug. 24, 2020) (noting that document requests were served in March and April of 2020, but amended responses were not served until August 2020).

Reply re Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

4

in this case. Defendants have produced information to Plaintiffs, quickly and without redactions, and only ask that Plaintiffs exercise discretion before revealing this information to the world through Court filings or otherwise. To the extent doing so imposes a burden on Plaintiffs, they can simply redact PII information before filing, and this Court could enter an order allowing for the redaction of this non-substantive but sensitive information without the need for filing under seal.

In any event, Plaintiffs make a series of arguments for why they believe this information is not sensitive. But those arguments only demonstrate the need for Plaintiffs to identify the individual documents that they dispute. For example, Plaintiffs note that "work contact information such as emails and phone numbers *can be considered private only after a proper showing of particularized harm.*" Pls.' Opp'n at 9, ECF No. 346 at 13 (emphasis added). But as the case that Plaintiffs cite notes, that particularized harm will be context-specific. *See Kleinert v. Bureau of Land Mgmt.*, 132 F. Supp. 3d 79, 86 (D.D.C. 2015) ("[T]he disclosure of names and addresses is not inherently and always a significant threat to the privacy of those listed; whether it is a significant or a *de minimis* threat depends upon the characteristic(s) revealed . . . and the consequences likely to ensue." (alteration & omission in original) (citation omitted)). That analysis requires a document-by-document review—a process that Plaintiffs skipped in bringing their blanket challenge to Defendants' confidentiality designations.

Plaintiffs similarly note that the DOJ FOIA guide contains a different section regarding the personal information of government employees. Pls.' Opp'n at 8-9, ECF No. 346 at 12-13. But even the section Plaintiffs cite notes that, while "[c]ourts have reached different conclusions as to whether work contact information for federal employees should be protected," "some courts have supported the withholding of certain federal employee email addresses, and in doing so, one court observed that, '[t]he privacy interest of civilian federal employees includes the right to control information related to themselves and to avoid disclosures that could conceivably subject them to annoyance or harassment in either their official or private lives.'" Dep't of Justice Guide to the FOIA, Exemption 6, at 18-20 (footnote omitted) (citation omitted), available at https://www.justice.gov/oip/page/file/1207336/dl?inline. That is exactly the concern that Defendants have identified here, yet plaintiffs brush aside Defendants' arguments regarding

harassment without acknowledging that their blanket challenge to Defendants' confidentiality designations precludes the particularized analysis that they claim they seek. *See* Pls.' Opp'n at 10, ECF No. 346 at 14. Nor does revealing the email addresses, phone numbers, and names of lower-level employees aid the public's interest in understanding the nature of the government's actions and decisions, as Plaintiffs posit. *See* Pls.' Opp'n at 11, ECF No. 346 at 15. They simply make that assertion without ever explaining why or how making this information public sheds light on anything at all, much less explain why it is relevant in any way to this litigation.

Finally, and as noted above, to the extent the redaction of this non-substantive PII causes any burden to the parties due to the theoretical need to file unredacted documents under seal, this Court could easily solve that problem by entering an order permitting these non-substantive PII redactions in public filings without the need for the filing of a separate, sealed version of the unredacted document.

**B. Confidentiality Designations for Reasons Other Than PII.**

As Defendants have explained, FEMA documents have been designated as Confidential due to PII, for reasons other than PII (such as personnel-related records), or for some combination of the two. Plaintiffs' broadside attack on these designations preclude Defendants from being able to present an individualized defense of their confidentiality designations regarding these documents, as the Protective Order contemplates.

Plaintiffs criticize the government for having "provided no further explanation of this non-PII confidentiality assertion, and did not do so during any of Plaintiffs' repeated attempts to meet and confer either." Pl. Opp. at 12, ECF No. 346 at 16. But having turned the tables by challenging "every designation you have made," Hoshijima Decl, Ex. A, ECF No. 346-1 at 6, Plaintiffs improperly shifted the initial burden to Defendants to explain the basis for each and every non-PII Confidentiality designation regarding a production that spans tens of thousands of documents (the vast majority of the document production came from FEMA, and all these non-PII designations were in FEMA's production). As noted above, Plaintiffs' position is inconsistent with the express language of the Protective Order and places an impossible burden on Defendants. It is also a

Reply re Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

pointless burden for Defendants to assume, considering that very few of these documents will be used in this litigation.

Nor do the deposition exhibits that Plaintiffs cite support their position that the confidentiality designation has been applied merely because a document is, in Plaintiffs' view, "harmful." Pl. Opp. at 12, ECF No. 346 at 16. For starters, and as previously noted by both sides, Defendants provided Plaintiffs with a spreadsheet identifying deposition exhibits for which confidential designations could be removed, exhibits for which confidential designations could be removed if PII is redacted, and exhibits for which a confidentiality designation needs to be maintained because there is a basis for the designation other than PII. This was done within two days of Defendants' receipt of the official deposition exhibits. (The spreadsheet also identified various documents from DHS's production where Defendants removed the confidentiality designation.) When presented with a specific request from Plaintiffs, Defendants moved quickly.

In any event, the specific documents that Plaintiffs identified were documents they chose to use in their depositions, so it is not surprising that those documents play a significant role in Plaintiffs' theory of the case. More to the point, the annual staffing plan-related documents that Plaintiffs cite were discussed in depositions; Defendants have not asserted any confidentiality designations in the transcripts regarding proposed 50% reductions.[3] In fact, Plaintiffs explicitly cited these plans in their opposition brief and have discussed those same plans at length in their most recent filing. *See* Pls.' Resp. to Defs.' Apr. 15, 2026 Filing Re: Compliance Disputes, ECF No. 350. Contrary to Plaintiffs' assertions, Defendants have nothing to hide.

**III.    Plaintiffs' Alternative Proposal Is Unworkable as Currently Written.**

For the reasons set forth above, this Court should grant Defendants' motion. To the extent it nonetheless is inclined to grant relief to Plaintiffs, they have proposed a procedure by which Defendants would be provided an opportunity to re-review certain categories of documents. *See* Pls.' Opp'n at 13-16, ECF No. 346 at 17-20. Specifically, Plaintiffs have indicated they are

---

[3] As these documents have been submitted to the Court in camera, Defendants welcome any guidance that the Court can provide on whether they meet the standard for a confidentiality designation. That guidance would provide a framework for further discussions between the parties about confidentiality designations regarding particular documents.

Reply re Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

prepared to maintain confidentiality regarding Excel spreadsheets identifying CORE employees subject to personnel actions, DHS Hiring Verification Process forms containing information regarding recommended personnel actions, and personnel records about individual CORE employees.[4] Pls.' Opp'n at 15, ECF No. 346 at 19. Plaintiffs have also proposed that, if Defendants want to maintain the confidentiality of other documents, the Court should provide two weeks for Defendants to "identify any other documents containing *personnel records* or discussing personnel actions with respect to specific, individual employees." Pls.' Opp'n at 15, ECF No. 346 at 19. Plaintiffs then propose a procedure for resolving disputes. *Id.*

While Defendants appreciate Plaintiffs' proposal, there are two flaws with it. First, any re-review should not be limited to personnel records; because Defendants have not had a meaningful opportunity to respond to specific objections from Plaintiffs regarding FEMA's substantive confidentiality designations, any such re-review for non-PII confidentiality designations should allow Defendants to re-designate a document as confidential for any substantive reason that meets the requirements of the Protective Order. And second, Defendants will need more than the two weeks that Plaintiffs have proposed. Defendants request 28 days to complete any re-review process.

## CONCLUSION

This Court should grant Defendants' motion for a Protective Order. To the extent Plaintiffs disagree with individual confidentiality designations, they can use the provisions of the Protective Order to identify particular documents that they want to challenge. At minimum, if this Court requires Defendants to re-review their confidentiality designations, they should be permitted to do so for all non-PII designations on a longer timeline than what Plaintiffs propose, and the parties should be required to redact non-substantive PII from any filings.

---

[4] Regarding this last category, Plaintiffs state that they will "refrain from filing on the public record any unredacted personnel records," but instead will "file any such documents discussing personnel actions with respect to specific CORE employees with the names redacted." Pls.' Opp'n at 15, ECF No. 346 at 19. Defendants read this language to focus on how the documents would be filed (in other words, with redactions), and not an attempt to otherwise remove the confidential designations from these documents such that they can be publicly disclosed outside this litigation.

Reply re Motion for Protective Order to Preserve Confidentiality Designations
3:25-cv-3698-SI

Dated: April 22, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG
(DC Bar No. 467513)
Special Counsel

CHRISTOPHER HALL
Assistant Branch Director

JEREMY NEWMAN
MARIANNE F. KIES
Trial Attorneys
1100 L Street, NW
Washington, DC 20005

Telephone: (202) 514-3374
Brad.Rosenberg@usdoj.gov

*Counsel for Defendants*