UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al., | Case No. 25-cv-03698-SI |
| Plaintiffs, | **ORDER RE: DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| v. | Re: Dkt. No. 343 |
| DONALD J. TRUMP, et al., | |
| Defendants. | |

This Order resolves defendants' motion for a protective order, which relates to the pending motion for a preliminary injunction regarding the Federal Emergency Management Agency (FEMA). *See* Dkt. No. 301. On March 3, 2026, the Court ordered defendants to produce four categories of expedited discovery. Dkt. No. 321; *see also* Dkt. Nos. 328, 336, 339 (further discovery orders). On April 10, 2026, defendants moved for a protective order, and the Court subsequently approved the parties' motion for a shortened briefing schedule. Dkt. Nos. 343, 347. The matter has now been fully briefed. *See* Dkt. Nos. 343, 346, 352. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for April 28, 2026.

Defendants move for a protective order "to maintain the confidentiality designations of documents recently produced in this case, which contain personally identifiable information and other confidential material." Dkt. No. 343 at 1. Defendants state that they "applied confidentiality designations to documents either because they contained Personally Identifiable Information ('PII'), such as employees' direct email addresses, phone numbers, or the names of lower-level employees, or, in the case of documents produced by FEMA, because many documents further contained

confidential personnel information relating to FEMA employees." *Id.* at 2. Defendants note that the confidentiality designations "facilitate[d] the release of a massive number of documents (approximately 58,000) on an extremely abbreviated timeline." *Id.*

Plaintiffs oppose, stating that defendants "made a blanket designation of every document they produced in discovery as Confidential," in violation of the protective order (*see* Dkt. No. 261) and that defendants improperly place the burden on plaintiffs to identify which documents should not be so designated. Dkt. No. 346 at 1. Plaintiffs have proposed a process for defendants to conduct a re-review of the discovery that has been produced. *Id.* at 15-16. Defendants do not object to plaintiffs' proposed process except that defendants would request a longer timeline for review and ask that they "be permitted to re-review all documents for non-PII confidentiality (assuming the parties can redact non-substantive PII) . . . ." Dkt. No. 352 at 1-2.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a party may move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The moving party has the burden of establishing the "good cause" standard required by Rule 26(c). *Id.*; *Phillips ex rel. Est. of Byrd v. Gen. Motors Corp.*, 307 F.3d. 1206, 1210-1211 (9th Cir. 2002). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

As an initial matter, the Court finds defendants have not met the good cause standard for concealing from public view the names, work email addresses, or work telephone numbers of lower-level employees. As plaintiffs note, the Department of Justice's own guide to the Freedom of Information Act states that "[c]ivilian federal employees who are not involved in law enforcement or sensitive occupations generally have no expectation of privacy regarding their names, titles, grades, salaries, and duty stations as employees . . . ." Department of Justice Guide to the Freedom of Information Act, Exemption 6, at 18, *at* https://www.justice.gov/oip/page/file/1207336/dl?inline

[https://perma.cc/N6EV-LCSC]. The guide further acknowledges that "[c]ourts have reached different conclusions as to whether work contact information for federal employees should be protected." *Id.* at 18-19. Defendants generally state that "government employees have recently been subject to harassment[,]" Dkt. No. 343 at 2, but make no "showing [of] specific prejudice or [that] harm will result if no protective order is granted[,]" as is required in the Ninth Circuit. *See Phillips*, 307 F.3d at 1211. The Court therefore DENIES defendants' request for a protective order as to the names, work email addresses, and work telephone numbers of lower-level employees.

The Court further adopts the proposal in plaintiffs' response regarding treatment of PII and other personnel material, in that it appropriately balances the public's interest in the matters at issue in this case with the need to protect the privacy of individuals regarding certain personnel matters. Accordingly, the Court ORDERS that:

1.  All Excel spreadsheets produced in native format identifying CORE employees subject to personnel actions shall be designated confidential in unredacted form.

2.  Any individual DHS Hiring Verification Process forms containing information regarding recommended personnel actions shall be designated confidential in unredacted form.

3.  The parties shall refrain from filing on the public record any unredacted personnel records about individual CORE employees and will file any such documents discussing personnel actions with respect to specific CORE employees with the names redacted.

4.  **By no later than two weeks from the date of this order**, Defendants may designate as confidential any other documents containing personnel records or discussing personnel actions with respect to specific individual employees, for which they must propose redactions for publicly filed versions that are as narrow as possible while maintaining the identified interest in confidentiality. The mere presence of an employee name or work

United States District Court
Northern District of California

3

United States District Court
Northern District of California

contact information does not suffice to designate a document confidential.[1]

    a.  For any document so identified, Plaintiffs shall promptly review and provide lists of challenges, if any, within two weeks.

    b.  If the parties cannot reach agreement on the designations, Defendants bear the burden of moving to maintain the designation.

5.  The parties shall present the Court with a list of agreed upon Bates numbers that are confidential in unredacted form, and the confidentiality designation shall be lifted from everything else.

**IT IS SO ORDERED**.

Dated:  April 28, 2026

SUSAN ILLSTON
United States District Judge

---

[1] The Court denies defendants' request that they "be permitted to re-review all documents for non-PII confidentiality . . . ." *See* Dkt. No. 343 at 1.  Should defendants identify documents they believe should be confidential under the protective order for reasons other than those stated in this order, they may follow the steps outlined in the protective order and then make an appropriate motion.