CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-7200
  Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
ROBERT C. BOMBARD
MARIANNE F. KIES
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch

  1100 L Street, NW
  Washington, DC 20005
  Telephone: (202) 989-9509
  Robert.Bombard2@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**NOTICE OF SUBSTANTIAL COMPLIANCE WITH ORDER OF APRIL 22, 2026 (ECF 351)** |

Notice of Substantial Compliance
3:25-cv-03698-SI

Defendants respectfully inform the Court of their substantial, largely completed efforts to comply with the Court's April 22, 2026 Order within the time allotted. *See* ECF 351 ("April 22 Order"). There are two exceptions. First, Defendants have been unable to search the personal phone of Kara Voorhies for several legal, practical, and logistical reasons outlined below. Second, Defendants were unable to obtain from Mr. Guy an attestation that he preserved FEMA-related communications on his personal phone.

Regarding Ms. Voorhies' personal phone search, Defendants reached out to Ms. Voorhies through agency counsel the day after the Court's Order by telephone on Thursday, April 23, to inform her of this Court's order and explain what it required. The next day, agency counsel emailed her a copy of the Court's order and spoke by phone with her. After informing her of the Court's order, Defendants asked whether she would voluntarily agree to a search of her personal phone. To date, Defendants have not received an affirmative response. As previously noted, Defendants do not have physical possession, custody, or control of Ms. Voorhies' personal phone, which Defendants understand to be in her personal possession, custody, and control in Houston, Texas. Defendants do not have any legal means to compel Ms. Voorhies to make her personal phone available to Defendants to conduct a search.

Further complicating Defendants' efforts, Ms. Voorhies is not a federal employee (current or former), but a former federal contractor and private citizen, meaning that Defendants' ability to access her personal phone to conduct a search as ordered would require her to voluntarily provide authorization, which Defendants have not obtained. Defendants have proposed that Ms. Voorhies self-search[1] her text and Signal messages by today, as Defendants believe that might be the least burdensome and most feasible solution under these circumstances. But that would require Ms. Voorhies' voluntary cooperation, which Defendants have not obtained despite reasonable efforts.

Defendants can report two additional developments regarding Ms. Voorhies: first, Plaintiffs have confirmed that they served Ms. Voorhies with a subpoena on April 24. Second, Defendants have been informed that Ms. Voorhies is in the process of retaining counsel. At this

---

[1] A forensic search of Ms. Voorhies' phone would likely require her to relinquish her phone and send it to Washington, D.C., at her own expense and inconvenience given that she would also be temporarily deprived of her personal phone for multiple days.

Notice of Substantial Compliance
3:25-cv-03698-SI

1

time, Defendants do not know if she is represented yet, but once Defendants are so informed, they will provide her counsel's contact information to Plaintiffs' counsel immediately to assist with further deposition coordination and to make all possible efforts to coordinate compliance with the Court's Order requiring a search of her personal phone as soon as possible.

Except for the two issues identified above, Defendants respectfully report that the remaining items ordered by this Court on April 22 have been completed:

**Voorhies and Guy Depositions:** First, as noted above, Plaintiffs have served Ms. Voorhies with a deposition subpoena for May 6 in Houston, Texas. Second, Mr. Guy's deposition has been noticed for May 4 in Washington, D.C. Mr. Guy will no longer be a federal employee or an employee of a party-defendant by that time, following his scheduled departure from the State Department on April 30, so his attendance at a deposition on that date will not be within Defendants' power to compel. Defendants promptly advised Plaintiffs' counsel of that development after learning of Mr. Guy's scheduled departure from the State Department, and Plaintiffs' counsel furnished to Defendants' counsel, by email transmitted at 10:31 am ET on Monday April 27, a copy of a Rule 45 deposition subpoena for Mr. Guy. In subsequent email correspondence discussing efforts to facilitate deposition scheduling, Plaintiffs' counsel wrote at 5:12 pm ET on Tuesday, April 28 to "[t]hank [Defendants' counsel] for the further response and *confirmation that you accepted service* and notified Mr. Guy of his deposition date and time[.]" *See* Exhibit 1, Christopher Hall email to Plaintiffs' counsel dated April 29, 2026. (emphasis added). Counsel's assumption that Defendants' counsel had accepted service of Plaintiffs' intended deposition subpoena was incorrect, as Defendants' counsel have conveyed to Plaintiffs' counsel prior to this filing.  Although the process for scheduling both depositions is governed by the requirements and limitations of Rule 45, Defendants' counsel continue to work with Plaintiffs' counsel, within the bounds of their legal authority, in a good faith effort to ensure that the Court-ordered depositions are scheduled and conducted during the window directed by the Court.

**Electronic Communications on Personal Cell Phones:** Defendants have searched the personal cell phone of FEMA SOPDA Karen Evans and produced 5 additional responsive communications to Plaintiffs, accompanied by a privilege log. Ms. Evans has attested to the

Notice of Substantial Compliance
3:25-cv-03698-SI

preservation of FEMA-related communications on her personal phones in declarations filed under penalty of perjury. *See* Declaration of Karen S. Evans dated April 29, 2026.

As noted above, Defendants were unable to obtain an attestation from Mr. Guy that he preserved FEMA-related communications on his personal phone.

Finally, as ordered, on April 24, Defendants communicated to Plaintiffs "the members of the "FEMA 2.0" Signal group chat and the dates of the messages contained in Exhibits A and C to the Eshleman declaration." ECF 351 at 4. *See* Exhibit 2, Robert C. Bombard email to Plaintiffs' counsel dated April 24, 2026.

**Electronic Communications on Guy's and Voorhies' Work Phones:** Defendants have complied with this Court's order by conducting a thorough search of Kara Voorhies' work-issued phones (DHS and FEMA) and Joseph Guy's DHS-issued phone. No responsive records were found to exist.

Defendants searched Mr. Guy's DHS phone a second time, with additional search terms, but that review identified no responsive communications. Regarding Ms. Voorhies' DHS phone, the DHS Office of Inspector General (OIG) confirmed to agency counsel that, after receiving the passcode, it determined that the phone had not been used or updated since November 20, 2025. Thus, her DHS phone was not used at all during the relevant discovery window and therefore could not contain any responsive material. Regarding Ms. Voorhies' FEMA phone, OIG sent agency counsel an image of the phone, which was turned over to DOJ. DOJ confirmed that Signal had not been installed on the phone and uploaded all text-message communications to its Relativity platform for review, which yielded no responsive communications. As a result, Defendants provided Plaintiffs with an explanation of search terms and processes used on these three phones on April 29. *See* Exhibit 3, Robert C. Bombard email to Plaintiffs' counsel dated April 29, 2026.

**FEMA Staffing Plan Email Communication:** On April 29, Defendants produced approximately 96 responsive documents, accompanied by a privilege log, to Plaintiffs regarding communications about the FEMA annual staffing plan DHS and OMB/OPM. *Id.*

**Metadata for 2026 Talking Point:** Following additional forensic efforts, Defendants produced this document to Plaintiffs, in native format with all metadata intact, on April 29. *Id.*

Notice of Substantial Compliance
3:25-cv-03698-SI

**Evans's Self-Redacted Meeting Notes:** Defendants are also in compliance with this Court's ruling, following in-camera review, on the production of unredacted versions of the redacted pages from Ms. Evans's handwritten notes. These materials were produced to Plaintiffs on April 29. *Id.*

Dated: April 29, 2026                                Respectfully submitted,

CRAIG H. MISSAKIAN (CABN 125202
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

BRAD P. ROSENBERG
Special Counsel

*/s/ Robert C. Bombard*
ROBERT C. BOMBARD
MARIANNE KIES
JEREMY S.B. NEWMAN

Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005

*Counsel for Defendants*

Notice of Substantial Compliance
3:25-cv-03698-SI

4