Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> ***EMERGENCY RELIEF REQUESTED*** <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' APRIL 30, 2026 NOTICE OF COMPLIANCE AND REQUEST FOR URGENT FURTHER RELIEF** |

Plaintiffs respond to Defendants' April 30, 2026 Notice of Compliance and Declaration of Joseph Guy (ECF 359), which demonstrates non-compliance with this Court's Order of April 30, 2026 (ECF 358), and to Defendants' incomplete document production of April 29, 2026 (which was ordered by the Court's April 22 Order, ECF 351). Plaintiffs request further relief as follows:

**1.      Defendants Have Failed to Fully Comply with this Court's April 30 Order.**

On April 30, the Court ordered Defendants to:  (1) "search Guy's personal phone for responsive documents, as previously ordered;" (2) "provide a declaration from Guy attesting to the preservation of responsive documents, as previously ordered;" and (3) "accept service of Guy's deposition notice to comply with this Court's April 22, 2026 order." ECF 358. Defendants have not fully complied with any of these orders, which has significant implications for the upcoming deposition of Mr. Guy on Monday, May 4.

Plaintiffs immediately identified these issues for Defendants first thing this morning, May 1, and requested a meet and confer.  Defendants refused on that call, scheduled at Defendants' request at 12 noon Pacific time today, to provide further information or state their position beyond contending that Mr. Guy's Declaration satisfies this Court's order.

**A.      Defendants Refuse to Acknowledge Service of the Subpoena**

Defendants' filing does not address acceptance of service, and only stated that Mr. Guy has "indicated" that he will appear (an assurance notably absent from Mr. Guy's own declaration), and on its face does not comply with the Court's Order.  During today's meet and confer, Defendants' counsel took the position that Defendants have accepted service of the Rule 30 Notice of Deposition and the Notice of the Rule 45 Subpoena on Defendants, but that service of any Rule 45 Subpoena has *not* been effectuated on Mr. Guy.  Plaintiffs explained again, pursuant to Rule 5(b)(1), that service of the Rule 45 subpoena on Mr. Guy was *required* to be effected through counsel, and has been effected through counsel, in light of Mr. Guy's then-current status as an employee of Defendants.

As of the time that Plaintiffs provided the subpoena (at Defendants' request) to Defendants' counsel, Mr. Guy was employed by Defendants and represented by Defendants' counsel.  Service was effectuated as it must be through counsel, pursuant to Rule 5.  Plaintiffs request that the Court

issue an order, in advance of the Monday deposition, clarifying that service of both the deposition notice *and* the subpoena on Mr. Guy has been effectuated through Defendants' counsel.  DOJ's position to the contrary is incorrect, and raises concerns about whether Mr. Guy will actually appear for the Monday deposition, including because Mr. Guy's declaration itself does not contain any agreement to appear and such representation appears only in Defendants' notice (Compare ECF 359 with 359-1).

### B.    Defendants Did *Not* Search Mr. Guy's Personal Phone on April 30.

Mr. Guy's Declaration states only that he personally conducted a search of his own phone on April 29 (*see* ECF 359-1).  Defendants confirmed on today's meet and confer call they had no further information to provide beyond Mr. Guy's statements.

Mr. Guy's self-search, conducted on *April 29*, does not comply with this Court's order to *Defendants* on April 30 to search Mr. Guy's personal phone for responsive communications, for several reasons.  First and foremost, it does not appear that Defendants conducted *any* further search of Mr. Guy's phone in response to the Court's April 30 order, as Mr. Guy's Declaration confirms.  Defendants were obligated to do so, in order to ensure that all responsive communications were collected and produced.  Their failure to do so is a violation of the Court's order.

That violation is not cured by the fact that Mr. Guy claims to have run a prior search himself on April 29, a fact that was not disclosed in Defendants' Notice filed late on April 29 with the Court, ECF 356.  If Mr. Guy in fact did run this search, and had Defendants disclosed that search by the court-ordered compliance deadline (ECF 351), Plaintiffs would have immediately pointed out the inadequacy of that search (as further explained below), and the Court would have been able to address it in its April 30 order (ECF 328).  Instead, Defendants failed to reveal this information, thereby preventing the Court from assessing the inadequacy of that search.

That search was facially inadequate.  Permitting witnesses, particularly in this context, to "self-search" does not comply with the Court's order that Defendants perform a search to ensure all responsive documents are actually identified and collected (as the problems with Ms. Evans' prior collections, and the repeated post-deposition production of further responsive documents by

Defendants, make abundantly clear).  Moreover, this search was underinclusive, as Defendants' own production of documents establishes.  There is no basis for Mr. Guy's self-imposed limitation of the collection of documents to those terms that he searched for ("renewal, core, and staffing plan").  Notably, those search terms would not have returned even the limited responsive content that Defendants have produced, including direct communications between Mr. Guy and Ms. Evans.

Plaintiffs provided Defendants with the opportunity today to explain how they intend to comply. They have declined. At this point in time, in light of Defendants' sustained non-compliance, Plaintiffs request that all FEMA-related Signal messages from Mr. Guy's personal phone be produced to Plaintiffs or provided to the Court in camera.[1]

**2.    Defendants' Production of April 29 Fails to Comply with this Court's April 22 Order.**

Plaintiffs raise two immediate issues arising from today's meet and confer, with respect to Defendants' April 29 document production.

**A.    Images of Karen Evans' phone**

Defendants have now twice produced images (which appear to be photographs, taken by another device) of Signal chats on Karen Evans' phone, that were not previously produced in response to this Court's original orders to produce communications regarding FEMA staffing or CORE renewals.  The latest set, produced on April 29, 2026, without any explanation of why this material was not previously produced, are attached as Exs. A-E hereto.  These images (taken with another phone or device) reflect additional responsive material in Ms. Evans' Signal chats on her personal phone regarding FEMA business (including previously undisclosed group chats).  Plaintiffs requested further information from Defendants on today's meet and confer including the identity of the participants in these chats, which Defendants' counsel could not provide.

At today's meet and confer, counsel for Defendants represented that the five images produced on April 29 were taken by someone (identified as either FEMA counsel or Ms. Evans' personal counsel) on April 29, and that there is no reason to believe those Signal chats do not

---

[1] Plaintiffs also raised the issue with Defendants that Mr. Guy's Declaration does not address the preservation status of any material other than Signal chats, which he admits he did not preserve. Defendants also declined to offer any further compliance.

continue to exist on her phone (notwithstanding any prior representations regarding "auto-delete"). Counsel could provide no explanation as to how the material was identified, either. Plaintiffs have no confidence that all responsive material has been identified and produced.

In light of Defendants' continued non-compliance with this Court's orders, Plaintiffs request the Court order that the content of all of Ms. Evans' FEMA-related Signal chats be produced to Plaintiffs or provided to Court in camera to review.

### B.    Ms. Evans' Incomplete Notes

Review of the images of the Signal chats, as well as other information produced in discovery, has confirmed that Defendants have not produced all relevant pages of Ms. Evans' planner/calendar notes. Specifically, Ms. Evans confirmed in deposition that she had a weekly Wednesday meeting with Mr. Guy. Defendants have now produced an image of Ms. Evans' phone reflecting notes regarding one such meeting on February 4 (*see* Ex. A), in which they are discussing CORE employees. But Defendants have not produced Ms. Evans' notes from February 4. This omission, combined with Ms. Evans' inappropriate prior attempt at self-redaction (initially endorsed by counsel, only to be overruled by the Court), raise significant concerns that Defendants have not produced all responsive material from Ms. Evans' notes. Notes of meetings with Mr. Guy are of urgent concern in advance of Monday's deposition.

Plaintiffs requested agreement that Defendants produce all notes of any meetings with Mr. Guy, and Defendants declined. Plaintiffs request that the Court order Defendants to turn over the (unredacted) pages of Ms. Evans' planner/calendar that reflect any meetings with DCOS Guy, including but not limited to the meeting on February 4, 2026.

Plaintiffs have provided this information to the Court as expeditiously as possible, following their attempts to meet and confer and resolve these issues without further Court involvement.

DATED: May 1, 2026                    Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Robin S. Tholin
Elizabeth Eshleman
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163

Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: /s/ Teague Paterson

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: /s/ Steven K. Ury

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By:  /s/ David Chiu

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)

PLAINTIFFS' RESPONSE AND REQUEST, No. 3:25-cv-03698-SI

7

Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Christopher Sanders (pro hac vice)
General Counsel
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
chrsanders@kingcounty.gov
eclancy@kingcounty.gov

By: */s/ Erin King-Clancy*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
eliana@publicrightsproject.org
toby@publicrightsproject.org

By: */s/ Eliana Greenberg*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and Martin Luther King, Jr. County, WA*

Jonathan G.C. Fombonne

Harris County Attorney

Sarah Utley (pro hac vice app. forthcoming)
Managing Counsel
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211

jonathan.fombonne@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago

Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Rebecca Hirsch*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor

Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street

Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*