# Exhibit A



USA-AFGE-Exp.-0425309

# Exhibit B



USA-AFGE-Exp.-0425305

# Exhibit C



USA-AFGE-Exp.-0425306

# Exhibit D



USA-AFGE-Exp.-0425307

# Exhibit E



USA-AFGE-Exp.-0425308

# Exhibit F

 Outlook

---

**RE: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): ECF 351 Productions**

---

**From** Danielle Leonard <dleonard@altshulerberzon.com>

**Date** Thu 4/30/2026 2:24 PM

**To** Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>

**Cc** Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>

Counsel-

We have reviewed your notice, document production, and privilege log from last night.  We are writing to request that you meet and confer as soon as possible regarding concerns with last night's production and compliance with Court orders, either this afternoon or tomorrow morning.  In light of the impending depositions, and the prior deadlines for compliance, these issues are urgent.  Please provide available times.  We list the issues below.  In the event you have a proposed resolution in advance of any discussion, please let us know.

As you are aware, we requested the Court set a conference to discuss Defendants' non-compliance with respect to Mr. Guy, in light of the circumstances around his employment that you have represented.  The Court has now ruled (ECF 358).  Please confirm, in writing and as ordered by the Court, that Defendants have accepted service (*id*.)  We also ask again that you directly answer our question of whether Defendants' counsel is going to represent Mr. Guy at the deposition on Monday, and if not, who is.  There is clearly a disconnect between the information in the possession of your clients, via their communications with Mr. Guy and Ms. Voorhies, and what you are communicating to us.  We also again repeat our request that you reveal the identity of any counsel for Mr. Guy or Ms. Voorhies who intend to represent these individuals at next week's depositions.

Further issues with Defendants' Notice and production include:

**1.       Failure to provide declarations required by the Court.**
Your failure to comply with respect to Mr. Guy prejudices Plaintiffs and conceals relevant information regarding the relevant facts.  Please provide the court-ordered declaration (ECF 358).

With respect to Ms. Voorhies, we understand that notwithstanding counsel's prior representations that they had no information regarding how to contact her, Defendants have been in consistent contact with Ms. Voorhies throughout, including most recently about the material on her personal phone.  As you are aware, Plaintiffs have subpoenaed these documents.  If it is determined that Defendants have provided Ms. Voorhies with inaccurate information, or otherwise interfered with or failed to ensure the preservation and collection of relevant evidence, we will seek all available remedies from the Court.

**2.       Failure to search for and produce all responsive communications from personal phones**.

Your production is not complete, as evidenced on the face of the documents you have already produced.

a. **Joseph Guy's personal phone**.  Defendants have plainly not complied with the requirement that they search Mr. Guy's phone, including but not limited to any Signal content (including the FEMA 2.0 chat, and the "chat" with Mr. Lewandowski referenced in the additional screenshot from Ms. Evans' phone produced for the first time last night, USA-AFGE-Exp.-0425309).   Please immediately produce all responsive material from Mr. Guy's phone, as ordered by the Court (ECF 358).

b. **FEMA 2.0.**  The purpose and content of this FEMA 2.0 Signal chat, as revealed by the name, is to discuss FEMA business, including the intended reorganization called FEMA 2.0.  You have now revealed, after being required to by Court order, that Ms. Evans, Mr. Guy and Ms. Voorhies all participated.  Plaintiffs have received to date a *single* photograph of this chat from this plainly responsive communication group.  That image depicts a Signal setting to delete after *four weeks.*  Signal chats do not, as Ms. Evans inaccurately states, "auto-delete" by default, and the deletion time-frame (if any) depends on the settings for any particular chat.   Further, Ms. Evans' inaccurate statements do not explain the failure to collect existing evidence from her phone.   Ms. Evans was deposed on March 30, and revealed the use of Signal for communications at that time.  Defendants later revealed (again, when required by Court order) the date of the screenshot produced to be March 4, 2026, which was **within** the four week deletion window at that time.   It appears that this chain continued, although Defendants have failed to produce any further messages.  Please explain: the time period for which Ms. Evans had this FEMA 2.0 chat on her personal phone; the last date that any message was sent on this chat; and, if Defendants failed to collect and preserve the content of this chat, the dates on which the content was deleted, and the reasons why Defendants failed to previously collect or preserve this evidence.

c. **Other Signal Chats**.  The images Defendants have produced from other Signal chats indicate that some of these were not set to delete.  Yet, Defendants have failed to produce any further content from any custodian.

d. **Additional "images" from Ms. Evans phone**.  You produced last night five additional images that you represent depict content from Ms. Evans personal phone.   We now have at least eight images of different Signal chats in which Ms. Evans participated regarding FEMA business, and at no point have Defendants produced all responsive material for any of these chats.  Notably, several of the Signal chats contained in these images are not set to delete after any period of time.  Please immediately produce all FEMA-related content from Ms. Evans' personal phone, including but not limited to the content of Signal chats that remain on her phone.  The Court's order was *not* limited to pictures that Ms. Evans (or someone else) has taken, but includes the content within her Signal application.  If that content has been deleted, please explain when Ms. Evans deleted the content on her phone.

There is no reason these documents should not have been previously produced.  The unjustified and late production of this material has prejudiced Plaintiffs, including by producing these materials after the deposition of Ms. Evans.  Please provide the following information:

    i.      Please explain why prior searches for Ms. Evans' documents did not reveal these images produced last night, which are obviously responsive.
    ii.     Please provide the dates on which the images produced last night were taken, as you have provided no metadata for these documents.
    iii.    Please explain where you collected these images from, including whether Ms. Evans took the pictures of her phone, and what device she (or any other person) was using.   These images do not appear to be screenshots that would have been saved as images on Ms. Evans' personal phone, but rather images taken by another device.

iv.        Please confirm the participants in the chats from Ms. Evans' phone.  Ms. Evans' phone reveals the identities of the participants in her Signal chats (which is information contained in the Signal chat).  Your productions have omitted this information for all of Ms. Evans' images.  Therefore, please produce documents sufficient to show the content on Ms. Evans' phone containing the participants in the following Signal chats: FEMA 2.0; FEMA Rapid Resp…; FEMA>< HQ; Winter Storm Team.

**3.        Missing Notes/Calendar Pages**

A comparison of the unredacted content of Ms. Evans' calendar/planner notes with the images of communications and other information produced in discovery confirms that Ms. Evans has *not* produced all responsive material or pages from her notes.  In particular, other than Wednesday, December 31, 2025, Ms. Evans has omitted the notes from any of her regular Wednesday meetings with DCOS Guy, including the meeting on Wednesday, February 4, 2026 (depicted in USA-AFGE-Exp.-0425309).  Please immediately produce the pages from Ms. Evans' calendar/planner, unredacted, that contain entries reflecting any meetings with DCOS Guy, including but not limited to Wednesday, February 4.

**4.        Continued Confidentiality Designations and Privilege Objections**

        **a.        Confidentiality Designations for Personal Privacy**

The Court has rejected your position that the names and emails of government employees are confidential.  ECF 251 ("As an initial matter, the Court finds defendants have not met the good cause standard for concealing from public view the names, work email addresses, or work telephone numbers of lower-level employees").  Notwithstanding this order, you produced documents last night marked as Confidential for Personal Privacy on this basis.  Please immediately re-produce your documents without this designation.

You have also asserted confidentiality for personal privacy as a basis for redactions on three documents regarding staffing plans, which is unwarranted and violates the Court's order.  Please confirm you are not withholding any information in any of these documents on this basis, or remove any redactions you have made for this reason.

        **b.        DPP**

You have withheld documents in whole or part based on DPP.  Defendants' privilege log does not comply with Rule 26, does not provide adequate information to justify the invocation of deliberative process privilege for any of the material, and does not provide any information that would justify maintaining confidentiality in light of litigation need.  Please immediately produce the documents in unredacted form.

\* \* \*

As a final matter, Plaintiffs have been repeatedly required to seek Court orders obtaining compliance by Defendants with their obligations to produce responsive information.  Defendants' representations have been proven, repeatedly, to be inaccurate.  Plaintiffs were prejudiced in conducting the prior depositions by Defendants' failure to produce responsive records, as the subsequent revelation of substantial Signal chats and other responsive materials has proven.  Plaintiffs reserve all rights for further and appropriate relief in light of Defendants' repeated violations of the Court's orders.

Please provide the requested times to meet and confer regarding these issues this afternoon or tomorrow morning.

Thanks,
Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

**ALTSHULER BERZON LLP**

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

**From:** Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>
**Sent:** Wednesday, April 29, 2026 8:57 PM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>; Tsuki Hoshijima <thoshijima@democracyforward.org>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>
**Cc:** Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>
**Subject:** AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): ECF 351 Productions

Hi Danielle,

The productions ordered by the Court on April 22 (ECF 351) have been produced to Plaintiffs. The productions are located in your JEFS folder for this case, beginning at Bates Number USA-AFGE-Exp.-0424450.  We note the following, which we will also memorialize in a Notice to the Court:

**Electronic Communications on Guy's and Voorhies's Work Phones:**

Defendants searched Mr. Guy's DHS phone and Ms. Voorhies's FEMA phone using the following terms: core OR cores OR fema OR staff!. No responsive communications were identified. Upon examination, Defendants confirmed that Ms. Voorhies's DHS phone had been inoperable since November 20, 2025, which means that it was never operable or used during the relevant discovery timeframe (December 1, 2025, to March 6, 2026). Therefore, Ms. Voorhies's DHS phone was not key-word searched, as it cannot contain any responsive information.

**FEMA Staffing Plan Email Communication:**

Regarding communications about the FEMA annual staffing plan between DHS and OMB/OPM, Defendants have produced 96 responsive documents, as well as a privilege log.

**Metadata for 2026 Talking Point:**

Following additional forensic efforts by our ALS lab technicians, Defendants are able to produce this document in native format, with all existing metadata intact. The native is attached to this email.

**SOPDA Evans's Meeting Notes:**

As ordered, Defendants are producing unredacted versions of the handwritten notes of FEMA SOPDA Karen Evans that were previously produced in redacted form.  Defendants are not asserting any privileges over these materials.  Thus, no privilege log accompanies them.

**Personal Phones:**

Ms. Evan's' phone yielded 5 additional Signal chat screenshots that have been produced, as well as a privilege log and her required attestation, which will be filed along with our notice.

Defendants were not able to search the personal phone of Kara Voorhies, for legal, practical, and logistical reasons that we've flagged previously, which we will detail in tonight's forthcoming Notice to the Court. For similar reasons, Ms. Voorhies has also has not provided a declaration to the Court.

Defendants were unable to obtain an attestation from Mr. Guy that he preserved FEMA-related communications on his personal phone.

**Tier 2 FEMA Declarations:**

Finally, Defendants have produced two additional FEMA Tier 2 declarations which include two responsive text message screenshots.

Thank you.
--
**Robert C. Bombard**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
Cell: (202) 598-9509

# Exhibit G

 Outlook

---

**RE: [EXTERNAL] Re: AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.): ECF 359 (Notice)**

---

**From** Danielle Leonard <dleonard@altshulerberzon.com>

**Date** Fri 5/1/2026 11:41 AM

**To** Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>

**Cc** Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>

Counsel-

We are writing with respect to the "Notice" and Declaration filed last night.  With respect to that filing, on April 30, the Court ordered Defendants to:  (1) "search Guy's personal phone for responsive documents, as previously ordered;" (2) "provide a declaration from Guy attesting to the preservation of responsive documents, as previously ordered;" and (3) "accept service of Guy's deposition notice to comply with this Court's April 22, 2026 order." ECF 358.

At 5:19 PT/8:19 ET, we asked you to confirm service and respond with respect to the rest.  Defendants did not respond.  At 7pm PT/10 pm ET, you filed a "Notice of Compliance" (ECF 359).  That Notice, and the attached Declaration, do not demonstrate compliance.  Specifically:

1. Mr. Guy's self-search, conducted on *April 29*, does not comply with this Court's order to Defendants on April 30 to search Mr. Guy's personal phone for responsive communications, for several reasons.  First and foremost, it does not appear that Defendants conducted any further search of Mr. Guy's phone in response to the Court's April 30 order, as Mr. Guy's declaration confirms.  Defendants were obligated to do so, to ensure that all responsive communications were collected and produced.  The failure to do so is a blatant violation of the Court's order.

   That violation is not cured by the fact that Mr. Guy claims to have run a prior search himself on April 29, a fact that was not disclosed in Defendants' Notice filed late on April 29 with the Court, ECF 356.  If Mr. Guy in fact did this, and had Defendants disclosed that search by the court-ordered compliance deadline (ECF 351), Plaintiffs would have immediately pointed out the inadequacy of that search, and the Court would have been able to address it in its April 30 order (ECF 328).  Instead, Defendants did not reveal this, thereby preventing the Court from assessing the inadequacy of that search.

   That search was facially inadequate.  Permitting witnesses, particularly in this context, to "self-search" does not comply with the Court's order to ensure that Defendants perform a search to ensure all responsive documents are actually identified and collected (as the problems with Ms. Evans' prior collections, and the post-deposition production of further responsive documents by Defendants, make abundantly clear).  Moreover, this search was underinclusive, as Defendants' own production of documents establishes.  There is no basis for Mr. Guy's self-imposed limitation of the collection of documents to those that he searched for "renewal, core, and staffing plan." Notably, those search terms would not have returned even the limited responsible content that Defendants have produced, including direct communications from Mr. Guy.

   Please explain how Defendants intend to complete the search ordered by the Court, today.

2. With respect to the Declaration, Mr. Guy has not completely complied with the Court's order.  He has responded only with respect to preservation of Signal message, not texts, IMessage, or any other mechanisms.

   Please explain how Defendants intend to fully comply with the Court's order, today.

3. With respect to service, the Court ordered Defendants to accept service.  Defendants have consistently evaded responding to Plaintiffs' prior direct requests, and your filing continues to evade this Court order.  Your notice states:  "Earlier today, Mr. Guy indicated to undersigned counsel, consistent with prior indications, that he will appear for his deposition scheduled for Monday, May 4, 2026."   We understand that Defendants and Mr. Guy, through counsel, have been served with the notices and subpoena for this deposition, and Mr. Guy has confirmed actual knowledge of these documents and the intent to appear.   Defendants, however, have not complied with the Court's direct order.
   Please comply with the Court's order, in writing, today.

Thank you,
Danielle
Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her



ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*