Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | ***Emergency Relief Requested*** |
| v. | **PLAINTIFFS' REQUEST FOR IMMEDIATE COMPLIANCE WITH COURT ORDER AND PRESERVATION OF RECORDS** |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

Plaintiffs seek emergency relief in response to Defendants' May 4, 2026 Notice of Partial Compliance with Order of May 1, 2026 and Regarding Impossibility of Full Compliance (ECF 364), which demonstrates blatant non-compliance with this Court's Order of May 1, 2026 (ECF 362) with respect to the documents from Defendant Karen Evans (including Signal chats and additional meeting notes).  Defendants failed to produce the Court-ordered records in advance of the deposition of Joseph Guy, prejudicing Plaintiffs' ability to conduct that deposition.  In addition, during the currently ongoing deposition, Mr. Guy, under questioning from Plaintiffs' counsel, revealed that on Thursday, April 30, 2026, he took actions with respect to his personal phone that resulted in the deletion of the content of his Signal application.  Mr. Guy's deposition testimony also established that Defendants' counsel learned of those issues with respect to Mr. Guy's phone over the weekend but failed to disclose those issues in their filing this morning.

Plaintiffs request three immediate forms of relief for these actions: 1) an order requiring complete compliance today with the order requiring production of Ms. Evans' materials; 2) continuation of the deposition of Joseph Guy tomorrow in Washington D.C. (where counsel for Plaintiffs can remain overnight); and 3) an order requiring immediate preservation of Signal chat messages pertaining to FEMA by any other participant in those chats (as revealed by Mr. Guy in deposition today).

While Plaintiffs were preparing this request, Defendants asked the Court for an urgent status conference.  ECF 367.  Plaintiffs' counsel can take a break in the deposition of Mr. Guy to conduct such a conference as needed, but also request the Court enter the emergency relief requested herein today.  Defendants' demonstrated non-compliance with this Court's orders is good cause for the further emergency relief requested by Plaintiffs.

**I.     Defendants Failed to Produce Any Further Materials from Ms. Evans in Advance of Today's Deposition.**

On May 1, 2026, this Court was clear: Defendants must "produce all FEMA-related Signal chats from Evans's phone, by the commencement of Guy's deposition on May 4, 2026," and must also "produce all Evans's planner notes that reflect any Evans's meetings with Guy, by the commencement of Guy's deposition on May 4, 2026."  ECF 362.

PLAINTIFFS' URGENT REQUEST FOR COMPLIANCE AND PRESERVATION, No. 3:25-cv-03698-SI

1

This morning, minutes before Mr. Guy's deposition was set to begin, Defendants filed a "Notice of Partial Compliance with Order of May 1, 2026 (ECF 362) and Regarding Impossibility of Full Compliance." ECF 364. In Defendants' Notice, they stated that, in violation of this Court's May 1, 2026 order, they would not produce either Ms. Evans' FEMA-related Signal chats or her planner notes reflecting meetings with Joseph Guy before the commencement of Guy's deposition. ECF 364.

**A. Defendants Refused to Produce Evans' Signal Messages**

Defendants admit in their Notice to the Court that they have not complied with the Court's direct instructions to produce Evans' Signal messages about FEMA. Their asserted justification for why they did not produce those messages over the last several days is that "Ms. Evans's personal cell phone is with her in Idaho." ECF 364.

That Ms. Evans is in another state does not prevent Defendants from obtaining or producing material from her phone. Defendants could have asked Evans to take screenshots or otherwise capture the responsive communications and transmit them electronically to counsel. Defendants could have tasked DOJ counsel already in the region with collecting the materials. They took none of these steps and said nothing about any steps they took to comply with the Court's order.

During a break in the deposition, Plaintiffs conferred with Defendants and provided Defendants with an opportunity to explain and produce the Signal messages ordered by the Court. Defendants refused to do so.

As a result of Defendants' failure to produce these materials, which likely contain additional communications with Joseph Guy, Plaintiffs have been prejudiced in conducting the deposition of Mr. Guy. Defendants' counsel made no attempt to confer with Plaintiffs in advance of this Notice. When new counsel for Mr. Guy (who is also the same private counsel for Ms. Evans), informed Plaintiffs on Saturday night that Ms. Evans was out of town, Plaintiffs responded swiftly to inform Defendants that they expected full compliance with the Courts' order.

**B.  Defendants Refused to Produce Evans' Planner Notes**

Defendants have also failed to produce the notes from Evan's planner required by the Court's May 1 order.  Again, they claim such production is "impossible" because "the handwritten notes on [sic] her 'planner' are at her residence in West Virginia."  ECF 364.

Again Defendants have not justified their claim of impossibility.  There is no explanation of why nobody else could retrieve the notes from Evans' residence.  Further, during the parties' meet and confer regarding pending discovery disputes on May 1, 2026, Defendants disclosed that they believed they already had digital images of Evans' planner notes *in the possession of* the Department of Justice, including notes from February 4, 2026.  They neither provided those materials, nor explained their failure to produce those materials prior to Guy's deposition, as ordered.

During a break in the deposition, Plaintiffs conferred with Defendants and provided Defendants with an opportunity to produce the documents ordered by the Court.  After initially refusing to do so and despite earlier this morning representing that production was impossible, Defendants—at 3:49 pm Eastern time today, in the middle of Mr. Guy's deposition—produced redacted notes from Evans' planner from certain dates in December 2025 and January 2026.  Defendants still have not produced any notes from February or March, including the February 4th notes that Plaintiffs have previously raised.  In their production email, Defendants represented that they believed they had previously produced those notes "but we learned just now that they did not."  Defendants were certainly aware of their production contents prior to and at the time of this Court's order, and their "Notice" filed this morning.  Defendants have still not provided entries from Evans' planner from outside of those two months.  These notes likely contain information regarding meetings with Joseph Guy, and the failure to produce has further prejudiced Plaintiffs' ability to depose Mr. Guy.

**II.    Defendants Failed to Disclose to the Court that They Were Aware that Guy Took Actions Resulting in the Deletion of Signal Communications Late Last Week**

During Joseph Guy's deposition testimony this morning, he revealed that he had almost *thirty* FEMA-related group chats in the Signal app on his personal phone.  These chats had not

been previously disclosed by Defendants, despite the long history of Plaintiffs' requests. The chats that Mr. Guy identified in his deposition testimony include:

- FEMA Comms
- FEMA-HQ
- FEMA Data Hunt
- FEMA Grants
- FEMA RIF
- Good FEMA
- DOGE FEMA
- FEMA ORR Awareness
- FEMA Sanity Club
- FEMA OPA
- HQ-FEMA
- NC FEMA
- FEMA Region 6
- FEMA DH Leadership
- FEMA II
- Florida ICE FEMA Group
- FEMA $$$
- FEMA 2025 Disaster Plan
- FEMA ESEC
- FEMA IT
- FEMA Messaging
- MS FEMA Trip
- FEMA Prep Team
- FEMA 2
- FEMA OPE Coord
- FEMA Videos

- FEMA 2.0

Mr. Guy further revealed that on either Thursday, April 30 or Friday, May 1, he attempted to "reinstall" the Signal application on his phone, resulting in the apparent deletion of his Signal messages and/or of the backups of his Signal messages.

The information reportedly deleted by Mr. Guy's reinstallation of Signal includes, but is not limited to, prior communications and information regarding the chats that includes when the auto-delete settings for each chat group were established or changed. Additionally, although most of the FEMA-related chats that Mr. Guy disclosed during his deposition were set to automatically delete messages after one week, several had no automatic expiration set. For those messages not set to delete after a week, the messages were either previously deleted by Mr. Guy or the reinstallation would have wiped the content. As of his deposition, none of the messages in any of his FEMA-related group chats in his Signal app remained available. Mr. Guy confirmed during his deposition that he did not otherwise preserve any Signal messages from his personal phone.

Mr. Guy also disclosed, and Defendants confirmed, that he informed the Department of Justice on either Saturday, May 2 or Sunday, May 3 of his reinstallation of Signal and the apparent deletion of Signal communications and data. Defendants' notice asserting partial compliance with the Court's order to search and turn over responsive communications from Mr. Guy's phone failed to disclose that Mr. Guy had just recently taken actions that apparently resulted in the deletion of Signal messages and information about those chats from his phone. (When asked why the Declaration submitted by DOJ did not reveal any of these FEMA-related chats in response to the search of Signal that included "FEMA," counsel represented they did not disclose this because there were no responsive messages.)

Plaintiffs' questioning of Mr. Guy further revealed the names of the individuals who participated in those chats, which include many current federal and former employees (including but not limited to Ms. Evans, Ms. Noem, and Mr. Lewandowski). In light of the apparent destruction of information and evidence relevant to this litigation, and the failure to turn over Ms. Evans' Signal chats, Plaintiffs request the Court issue an immediate preservation order covering FEMA-related communications and group messages that Mr. Guy identified in today's deposition,

PLAINTIFFS' URGENT REQUEST FOR COMPLIANCE AND PRESERVATION, No. 3:25-cv-03698-SI

including preservation of such communications by and with the following participants in those FEMA-related Signal chats:

- Karen Evans
- Kara Voorhies
- David Richardson
- Victoria Barton
- Troup Hemmingway
- Andrew Whitiker
- James Percival
- Corey Lewandowski
- Micah Bock
- Tricia McLaughlin
- Joshua Whitehouse
- Clark Barrow
- Dillon McGreggor
- Paul Stackhouse
- Greyson McGill
- Will Bilicic
- Kyle Shut
- Jeff Harbough
- Tim Kieser
- Jason Killmeyer

**III.    Guy's Deposition Should Remain Open through May 5, 2026 in Light of Defendants' Failure to Produce Documents as Required by the Court.**

In order to have the opportunity to question Joseph Guy about the materials the Court ordered be produced in its May 1 order, and given the significant amount of time spent having to question Mr. Guy about previously undisclosed spoliation issues, Plaintiffs respectfully request that the Court order that (1) the deposition of Joseph Guy continue for a second day on May 5, 2026

and (2) that the documents Defendants failed to produce in violation of the Court's May 1 order be produced by no later than 9 pm eastern time today.  The deposition is currently taking place in Washington, D.C., and the counsel for Plaintiffs who are taking the deposition can extend their travel for an additional day to allow this deposition to continue once the Court-ordered productions have been made.

DATED: May 4, 2026                          Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Robin S. Tholin
Elizabeth Eshleman
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

PLAINTIFFS' URGENT REQUEST FOR COMPLIANCE AND PRESERVATION, No. 3:25-cv-03698-SI
7

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization
Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization
Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of
Government Employees, AFL-CIO (AFGE) and AFGE
locals*

PLAINTIFFS' URGENT REQUEST FOR COMPLIANCE AND PRESERVATION, No. 3:25-cv-03698-SI
8

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State
County and Municipal Employees, AFL-CIO
(AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees
International Union, AFL-CIO (SEIU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

PLAINTIFFS' URGENT REQUEST FOR COMPLIANCE AND PRESERVATION, No. 3:25-cv-03698-SI

9

By:  */s/ David Chiu*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By:  */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Christopher Sanders (pro hac vice)
General Counsel
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
chrsanders@kingcounty.gov
eclancy@kingcounty.gov

By: */s/ Erin King-Clancy*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

PLAINTIFFS' URGENT REQUEST FOR COMPLIANCE AND PRESERVATION, No. 3:25-cv-03698-SI

10

Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
eliana@publicrightsproject.org
toby@publicrightsproject.org

By: */s/ Eliana Greenberg*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and Martin Luther King, Jr. County, WA*

Jonathan G.C. Fombonne
Harris County Attorney

Sarah Utley (pro hac vice app. forthcoming)
Managing Counsel
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211

jonathan.fombonne@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago

Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)

Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Rebecca Hirsch*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor

Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*