UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
(AFGE), et al.,

　　　　　Plaintiffs,

　　v.

DONALD J. TRUMP, et al.,

　　　　　Defendants.

Case No.　25-cv-03698-SI

**ORDER RE: PLAINTIFFS' REQUEST
FOR IMMEDIATE COMPLIANCE
WITH MAY 1, 2026 ORDER AND
PRESERVATION OF RECORDS**

Re: Dkt. No. 368

　　　Plaintiffs' deposition of Joseph Guy is currently taking place in Washington, D.C.  On May 1, 2026, the Court ordered defendants to search Joseph Guy's personal phone, to produce FEMA-related Signal chats from Karen Evans's personal phone, and to produce Evans's planner notes that reflect meetings with Guy, in advance of plaintiffs' deposition of Guy scheduled for today.  Dkt. No. 362.  Early this morning, defendants filed a "Notice of Partial Compliance with Order of May 1, 2026 (ECF 362) and Regarding Impossibility of Full Compliance."  Dkt. No. 364.  In that filing, defendants inform the Court that they conducted a manual search of Guy's cell phone on May 3 but were unable to comply with the Court's order regarding Evans's personal phone and planner notes because she is traveling out of state.  Defendants assert that they will not have access to Evans's personal phone or planner notes until May 7, the day after she returns.  This afternoon, defendants filed an urgent request for a status conference to discuss discovery issues.  Dkt. No. 367.  The Court has set a status conference over Zoom for 11:00 a.m. tomorrow.

　　　Plaintiffs now request that the following emergency relief be granted today: 1) an order requiring defendants' production of Evans's Signal chats and planner notes by no later than 9 p.m, eastern time today; 2) continuation of the deposition of Guy to tomorrow in Washington D.C.; and

United States District Court
Northern District of California

3) an order requiring immediate preservation of Signal chat messages pertaining to FEMA by any other participant in those chats (as revealed by Mr. Guy in deposition today).  Dkt. No. 368.  The Court rules as follows:

**Production of Evans's Materials:** Plaintiffs argue that defendants' failure to produce Evans's Signal chats and planner have prejudiced their ability to depose Guy today.  Dkt. No. 368 at 2-3.  The Court **DENIES** plaintiffs' urgent request for production by 9 p.m. eastern time tonight. The parties shall further discuss production of Evans's materials during the emergency status conference tomorrow.

**Continuation of Guy's Deposition:** Plaintiffs wish to extend Guy's deposition into tomorrow.  Plaintiffs state that they spent a "significant amount of time" questioning Guy about "previously undisclosed spoilation issues."  Dkt. No. 368 at 6-7.  For this reason, the Court **GRANTS** plaintiffs' request to continue Guy's deposition and permits plaintiffs another half-day to depose Guy on May 5, 2026.

**Preservation Order:** Plaintiffs state that at today's deposition Guy revealed the existence of nearly 30 FEMA-related Signal group chats in his personal phone, which included 20 participants. Dkt. No. 368 at 3-6.  Further, plaintiffs state that Guy revealed that on either April 30 or May 1, he "attempted to 'reinstall' the Signal application on his phone, resulting in the apparent deletion of his Signal messages and/or of the backups of his Signal messages." *Id.* at 5.  The Court is seriously troubled by these allegations of spoliation and is inclined to grant plaintiffs' requested preservation order.  Plaintiffs shall promptly file a proposed preservation order for the Court's consideration.

**IT IS SO ORDERED**.

Dated:  May 4, 2026

_____
SUSAN ILLSTON
United States District Judge