CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD P. ROSENBERG
(DC Bar No. 467513)
Special Counsel
CHRISTOPHER HALL
Assistant Branch Director
ROBERT BOMBARD
MARIANNE F. KIES
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-3374
Brad.Rosenberg@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>      Plaintiffs,<br><br>      v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>      Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR IMMEDIATE COMPLIANCE WITH COURT ORDER AND PRESERVATION OF RECORDS; RESPONSE TO NOTICE OF FILING OF PROPOSED PRESERVATION ORDER** |

Defendants hereby respond to Plaintiffs' Request for Immediate Compliance with Court Order and Preservation of Records and Plaintiffs' Notice of Filing of Proposed Preservation Order, ECF Nos. 368, 372, and provide an update to the Court on their continued efforts at compliance with the Court's May 1 Order in advance of today's hearing.

## 1.   FEMA CORES ARE BEING REAPPOINTED

First and foremost, and as Defendants have previously noted, FEMA is in the process of reappointing the COREs that are the subject of Plaintiffs' never-ending discovery disputes, and whose non-renewals prompted the beginning of expedited discovery in the first place. *See* Notice Regarding Reinstatement of CORE Employees, ECF 361 (FEMA has initiated contact to offer new appointments to COREs whose appointments expired during the first three weeks of January, other than a small subset who retired or indicated their intention not to return). Defendants will provide additional details at today's hearing but note that Plaintiffs' request for a preliminary injunction is now, or soon will be, moot. Accordingly, discovery regarding who decided not to reappoint FEMA COREs is no longer appropriate or necessary. At minimum, these reappointments mean that discovery no longer needs to take place on the emergency schedule Plaintiffs have demanded since early March. Defendants are amenable to a modification of the supplemental briefing schedule on Plaintiffs' preliminary injunction motion, if necessary. Defendants reiterate their view that the next step in this case is to consider their forthcoming dispositive motion, which will be filed on or before May 22. ECF 363 at 2.

## 2.   PLAINTIFFS HAVE REFUSED TO CONFER ABOUT WHAT THE REAPPOINTMENT OF CORES MEANS FOR ONGOING DISCOVERY

Over the past several days, Defendants have repeatedly tried to approach Plaintiffs to inquire about a reasonable and efficient path forward on expedited discovery (and Plaintiffs' preliminary-injunction motion) given the reappointment of COREs. Simply put, it is unclear to Defendants what remains to be litigated regarding the job status of those COREs, and Defendants have therefore asked Plaintiffs for their position. Each time, Plaintiffs have refused to respond or otherwise engage with Defendants regarding a substantive resolution of this issue, to the extent there remains anything to be resolved. Accordingly, Defendants propose that the

RESPONSE TO REQUEST FOR IMMEDIATE COMPLIANCE AND PRESERVATION OF RECORDS
3:25-cv-3698-SI

1

Court direct the parties to confer regarding the impact of CORE reappointments on Plaintiffs' claims (and the pending motion for a preliminary injunction) before any further discovery takes place. Given the tenor of the parties' discussions regarding expedited discovery to date, Defendants propose to discuss this matter within the presence and with the assistance of a Magistrate Judge or other Court-appointed officer in a mediator capacity.

**3. DEFENDANTS CONTINUE TO FULFILL THEIR DISCOVERY OBLIGATIONS RELATED TO PLAINTIFFS' NOW-MOOT PRELIMINARY INJUNCTION MOTION**

Defendants also update the Court on their compliance efforts. Defendants spent the weekend of May 2 and 3 working to comply, as best they could, with the Court's May 1 Order, including traveling to Joe Guy's residence to retrieve potentially responsive information. Unfortunately, in that timeframe, DOJ counsel was unable to contact several of their agency colleagues who have been their primary points of contact on discovery matters in this litigation (due to the late hour of the Court's order on the East Coast, Defendants were not able to coordinate in advance to ensure relevant individuals were available over the weekend). For these and other reasons, Defendants did not, at the time, identify two categories of documents that are responsive to the Court's Order.

First, and regarding Ms. Evans's notes that were produced at approximately 3:49 p.m. ET on Monday, Defendants mistakenly believed that those notes had already been produced to Plaintiffs last week. These notes are from her daily calendar for the entire December 2025 and January 2026 timeframe. When double-checking their production yesterday with agency colleagues, Defendants determined that those materials had not been produced. Defendants promptly fixed that oversight.[1]

---

[1] The entries were produced as two PDFs, one for December and one for January. Because they contain information unrelated to this lawsuit, they include substantive redactions. Defendants are prepared to submit these materials to the Court for in-camera review to the extent Plaintiffs challenge that two entire months of planner entries contain non-responsive information. These materials may contain redactions for PII, which Defendants are prepared to remove.

RESPONSE TO REQUEST FOR IMMEDIATE COMPLIANCE AND PRESERVATION OF RECORDS
3:25-cv-3698-SI

Second, Defendants have identified materials from Karen Evans's Signal chats that are in the possession of FEMA. Those chats were not produced by 9 a.m. ET yesterday because (as noted above) the agency counsel who were aware of those chats were unreachable over the weekend.[2] Defendants immediately processed those materials after learning of their availability and produced them to Plaintiffs last night. That said, Defendants are still confirming whether the chats produced to Plaintiffs on Monday constitute the entirety of Ms. Evans's Signal communications regarding FEMA.[3]

In that regard, Plaintiffs criticize Defendants for not asking Ms. Evans to self-search her phone while on vacation in Idaho. *See* ECF No. 368 at 3. In making this argument, Plaintiffs are now singing to a different tune than when they criticized self-searches. In fact, this Court's Order indicated that self-searches are insufficient. *See* Order, ECF No. 362 at 1 (regarding Mr. Guy's phone). As for Ms. Evans's planner, Plaintiffs criticize FEMA's declarant for not explaining why "nobody else could retrieve the notes from Evans' residence." ECF No. 368 at 4. Defendants should not be required to ransack a private residence while its owner is 2,000 miles away. Whatever else can be said about Plaintiffs' proposal, it far exceeds any reasonable scope of discovery and is disproportionate to the needs of the pending motion—if there remains any controversy at all regarding the reappointment of COREs that still requires discovery. *See* Fed. R. Civ. P. 26. Defendants are prepared to retrieve and produce any remaining responsive notes from Ms. Evans's planner upon her return from Idaho.

---

[2] The chats were collected after Ms. Evans's deposition to allow searches for responsive materials, some of which were produced to Plaintiffs if they were determined to be responsive.

[3] Plaintiffs have not been prejudiced by Defendants' production of documents yesterday. Plaintiffs have chosen to continue Mr. Guy's deposition to Wednesday rather than today to give this Court time to resolve the parties' disputes. *See* Plaintiffs' Notice re: May 4, 2026 Court Order, ECF 371. As a result, they will have had these documents for a full 36 hours before Mr. Guy's deposition resumes, rather than immediately before Mr. Guy's deposition commenced on Monday as contemplated by this Court's Order. *See* Order re: Discovery Disputes, ECF 362 (requiring production of documents by commencement of deposition). Plus, Plaintiffs now get an extra half day to depose Mr. Guy. *See* Order re Plaintiffs' Request for Immediate Compliance, ECF 370. Defendants do not oppose any of this; in fact, almost immediately upon being retained, Mr. Guy's counsel requested that Plaintiffs postpone Mr. Guy's deposition, but Plaintiffs refused. *See* ECF 364-1 (email exchange).

RESPONSE TO REQUEST FOR IMMEDIATE COMPLIANCE AND PRESERVATION OF RECORDS
3:25-cv-3698-SI

3

Plaintiffs also contend that Mr. Guy's effort to delete and reinstall the Signal app on his personal phone may have affected what Signal messages his phone retained and that Defendants, and Mr. Guy, erred by not disclosing this to the Court. There was no failure to disclose. To the contrary, Mr. Guy attested in his April 30 declaration that "Signal messages on my personal device were not preserved." ECF No. 359-1 ¶ 5. Plaintiffs' complaint apparently is that Mr. Guy's April 30 declaration should have been more detailed. But Plaintiffs had (and took) the opportunity (6.5 hours) to examine Mr. Guy about his declaration and personal phone contents yesterday. They will have even more time tomorrow. Nor was the Department of Justice's declaration inadequate. The DOJ declaration was submitted for a specific purpose: to identify the parameters of the search undertaken in response to this Court's May 1 Order with respect to Mr. Guy. ECF 362 at 2. The declaration thus detailed those search steps and results. Moreover, the May 1 Order directing Defendants to search Mr. Guy's phone was issued *after* Mr. Guy submitted his declaration to the Court indicating that he did not preserve Signal chats. It is therefore not surprising that the declaration, which was focused on identifying the searches DOJ conducted, did not describe other actions that Mr. Guy took regarding his use of Signal— especially because Mr. Guy had already disclosed his non-preservation of data in his April 30 declaration.

Finally, Defendants reiterate that their ability to respond to the Court's Order was hindered by the fact that it was issued well after-hours on the East Coast (where all or nearly all relevant custodians and defense counsel are), with a compliance deadline at the start of business on Monday. As noted in the DOJ declaration, ECF 364-2, the Federal Programs Branch's Automated Litigation Support Lab was not available this past weekend. ECF 364-2 ¶ 14. Responding to that Order would have been a big lift in two business days; responding in two weekend days was, admittedly, a scramble. Defendants therefore acknowledged, in a court filing, that they were only in partial compliance with the Court's Order as of 9:00 a.m. ET Monday. ECF 364. And Defendants also acknowledge that their production of documents has not been flawless. But where there have been errors in the document productions, Defendants have immediately taken steps to correct any mistakes. And any mistakes or oversights by Defendants,

in turn, should be judged against the extremely expedited (and entirely one-way) discovery that this Court has ordered. That discovery, initially focused on a narrow question that the Court deemed necessary to resolve Plaintiffs' preliminary injunction motion, has now taken on a life of its own.

## 4. PLAINTIFFS' PROPOSED PRESERVATION ORDER IS IMPERMISSIBLY BROAD AND IMPROPERLY SHIFTS RESPONSIBILITIES TO THE DEPARTMENT OF JUSTICE

Defendants do not believe that a preservation order is necessary. To the extent the Court is nonetheless inclined to enter Plaintiffs' proposed Preservation Order, ECF No. 372-1, it should be modified in at least two ways.

*First*, the proposed order is too broad. For starters, it applies to any Signal communications, regardless of whether those communications relate in any way to the claims and defenses in this lawsuit. To be clear, Defendants do not dispute that DHS and FEMA must preserve federal records on Signal pursuant to the Federal Records Act and any litigation-related preservation obligations, but they should not be required to do so under pain of contempt for Signal chats that, on their face, have nothing to do with this litigation.[4] In addition, the list of individuals subject to the proposed order includes individuals who Defendants understand to be former employees or contractors (potentially including Kara Voorhies, David Richardson, Tricia McLaughlin, and Corey Lewandowski); to the extent they even have contact information for them, Defendants have no ability to control what former employees or former contractors do regarding the Signal application on their personal phones, nor do they have possession, custody, or control of current employees' personal phones.[5] Similarly, the proposed order requires Defendants to ensure compliance by "all federal employee participants in the FEMA Signal Communications," which creates an open-ended obligation to the extent Defendants do not have

---

[4] Among other things, the proposed Preservation Order identifies chats relating to grantmaking decisions, disasters, and the like—topics that are far afield from the reappointment of COREs.

[5] Defendants note that Signal is an approved application for use on DHS phones.

RESPONSE TO REQUEST FOR IMMEDIATE COMPLIANCE AND PRESERVATION OF RECORDS
3:25-cv-3698-SI

access to information showing who is using Signal on their phones to engage in government communications. Thus, and regarding these two points, at minimum any preservation order should be limited to specifically identified current DHS and/or FEMA employees. Finally, and regarding scope, the proposed Preservation Order has no temporal limitations and would require preservation of materials that pre-date or post-date the discovery timeframe of December 1, 2025 to March 6, 2026. At minimum, Defendants should be allowed to collect relevant information from Signal without precluding individuals from ever upgrading their personal mobile phones or mobile phone apps before checking with counsel.

*Second*, the Proposed Order improperly shifts responsibility for implementation of the Protective Order to the Department of Justice, rather than the party Defendants DHS and FEMA where it belongs. *See* Proposed Order at 3. Pursuant to the U.S. Attorneys' Manual, "[a]gency counsel shall impose, monitor, and manage an appropriate litigation hold once litigation is reasonably anticipated." U.S. Attorney's Manual § 4-1.431 – Pre-Suit, available at https://www.justice.gov/archives/usam/archives/usam-4-1000-assignment-responsibilities#4-1.430. That is because "[a]gency personnel are in the best position to know or learn the facts involved in a case arising in connection with the activities of their agency as well as to have familiarity with agency practices, statutes, and regulations." *Id.* § 4-1.430 – Responsibilities of Client Agencies in Defensive Litigation.[6] Plaintiffs' Proposed Order requires Defendants' counsel (presumably, DOJ litigation counsel) to submit declarations regarding compliance. Forcing DOJ counsel to essentially adopt the role of a quasi-witness is unwarranted and inappropriate in these circumstances. DHS and FEMA are in the best position to ensure compliance with their preservation obligations for their employees, so any certifications should be submitted by agency personnel, coordinated by DOJ litigation counsel. That has worked well in the parallel litigation of *American Federation of Government Employees, AFL-CIO v. U.S.*

---

[6] This is consistent with the U.S. Attorneys' Manual's division of labor between DOJ and agencies more generally, as agency counsel have "primary responsibility" for responding to discovery. *See id.* § 4-1.433 – Pre-trial (agency counsel responsible for investigating facts, providing information limiting scope of discovery on proportionality grounds, and providing documents responsive to discovery requests).

RESPONSE TO REQUEST FOR IMMEDIATE COMPLIANCE AND PRESERVATION OF RECORDS
3:25-cv-3698-SI

*Office of Management and Budget*, No. 3:25-cv-08302-SI, where compliance declarations were submitted directly by the agency defendants. *See also* U.S. Attorney's Manual § 4-1.430 ("[r]ecords of the agency relevant to the case can best be assembled *and certifications obtained by agency counsel.*") (emphasis added).

Finally, to the extent the Court issues a Preservation Order, Defendants request seven days, rather than the proposed two days, to file any compliance declarations.

Dated: May 5, 2026                    Respectfully submitted,

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG
(DC Bar No. 467513)
Special Counsel

CHRISTOPHER HALL
Assistant Branch Director

ROBERT BOMBARD
JEREMY S.B. NEWMAN
MARIANNE F. KIES
Trial Attorneys
1100 L Street, NW
Washington, DC 20005

Telephone: (202) 514-3374
Brad.Rosenberg@usdoj.gov

*Counsel for Defendants*

RESPONSE TO REQUEST FOR IMMEDIATE COMPLIANCE AND PRESERVATION OF RECORDS
3:25-cv-3698-SI

7