Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSEPH GUY,

    *Petitioner,*

v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-
CIO,

    *Respondent.*

Case No. 1:26-mc-00008

Underlying case: *American Federation of Government Employees, AFL-CIO et al. v. Trump et al.*, No. 25-cv-3698-SI (N.D. Cal.)

## EMERGENCY MOTION BY NON-PARTY JOSEPH GUY TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Joseph Guy—a resident of the Eastern District of Virginia, a former government employee, and a non-party to the underlying litigation—has never been served with the subpoena that purports to subject him to the jurisdiction of the Northern District of California. And yet, that court "deemed" the subpoena to have been served, issuing an order at 8:55 p.m. EDT on Friday, May 1, 2026, for Mr. Guy to appear for a deposition *the following Monday*, to bring his personal cell phone to that deposition, and to submit his personal cell phone to a government search by Department of Justice attorneys prior to that deposition. Mr. Guy's due process and Fourth Amendment rights have been offensively violated, and those violations continue, requiring immediate relief. Not only did Mr. Guy sit for nearly seven hours of on-the-record examination on May 4, under threat of contempt, the Court has now ordered that he submit to *another half day of deposition* on **May 8**.

Mr. Guy respectfully moves this Court on an emergency basis, pursuant to Federal Rule of Civil Procedure 45(d)(3), to quash the deposition subpoena

1

purportedly served on him in connection with the underlying action pending in the Northern District of California, for a protective order under Rule 26(c) prohibiting any further compelled deposition testimony or search of his personal property pursuant to that subpoena, and for the preservation and return—or at least designation as confidential—any documents or data obtained from his phone in violation of the Fourth Amendment.

## I.    Introduction

This Motion presents a straightforward, but urgent, question: may a California federal court compel a non-party private citizen, who resides in Virginia, to appear for deposition and surrender his personal cell phone for a government search, when no Rule 45 subpoena has ever been served on him, when government counsel expressly disclaimed authorization to accept service on his behalf, and when he was given no opportunity to be heard before the issuing court entered an order compelling his compliance?

The answer is no. The Northern District of California's May 1, 2026 Order (the "Order") "deems" service complete based on an email exchange between plaintiffs' counsel and Department of Justice attorneys—lawyers who *explicitly told plaintiffs in writing* that they were not authorized to accept service on Mr. Guy's behalf. The Order then goes further still, commanding Mr. Guy—a non-party private citizen—to bring his personal cell phone to the deposition and submit it to a search by DOJ attorneys, who do not represent him.

The Order violates Rule 45's mandatory service requirements, exceeds the issuing court's territorial reach over a Virginia resident, infringes Mr. Guy's Fourth Amendment rights against unreasonable searches and seizures, and was entered ex parte without notice or any opportunity to be heard. This Court—the court of compliance for the subpoena—is the proper forum to quash the subpoena under

Rule 45(d)(3), and Mr. Guy respectfully requests that it do so before the May 8, 2026 continued deposition.

## II.   Factual Background

1.   Mr. Guy is a private citizen residing in the Eastern District of Virginia. Decl. of Joseph Guy at ¶¶ 1–2. Until April 30, 2026, he was employed by the United States Department of State. Decl. of Joseph Guy at ¶ 1.

2.   On or around April 23, 2026, plaintiffs in the underlying N.D. Cal. action emailed the Department of Justice to notice the witness deposition of Mr. Guy for May 4, 2026. At that time, as a federal employee, Mr. Guy could be compelled to appear pursuant to a deposition notice served on government counsel.

3.   On April 24, DOJ informed plaintiffs' counsel that Mr. Guy's last day of federal employment would be April 30, 2026, and that, after that date, he would no longer be subject to compulsion via a Rule 30 notice served on the government. DOJ advised that plaintiffs would need to serve a Rule 45 subpoena on Mr. Guy personally.

4.   Plaintiff's counsel then waited three days, and on April 27, emailed a proposed Rule 45 subpoena to DOJ attorneys and asked them to confirm that they were accepting service of the subpoena on Mr. Guy's behalf. Ex. 1.

5.   DOJ responded the next day, making it clear that it would *only* be representing the government's interests at the deposition and that Mr. Guy did not have personal counsel. DOJ did not accept service of the subpoena, nor could they, because Mr. Guy *never* gave any attorney at DOJ authority to accept a Rule 45 subpoena on his behalf. Decl. of Joseph Guy at ¶ 7.

6.   Later that day, plaintiffs' counsel sent an email purporting to thank DOJ for accepting service of the subpoena on behalf of Mr. Guy—a blatant mischaracterization of what DOJ actually said.

7. On April 29, DOJ promptly corrected the record, emailing Plaintiffs' counsel with an explicit and unambiguous denial that they had accepted service of the subpoena, and explicitly—and correctly—stated that they did not have authority to accept that subpoena.

8. The Rule 45 subpoena was never served on Mr. Guy personally—not by hand delivery, not by mail, not in any manner. Decl. of Joseph Guy at ¶¶ 3, 6, 7. Mr. Guy was never afforded a witness fee or mileage tender as Rule 45(b)(1) requires.

9. On April 30—Mr. Guy's last day of federal employment—plaintiffs filed an emergency motion in the N.D. Cal. action seeking to "deem" service complete by virtue of email transmission to DOJ counsel under Federal Rule of Civil Procedure 5(b)(1).

10. Mr. Guy was not a party to the N.D. Cal. action. He had no counsel. He received no notice of the emergency motion. He was given no opportunity to brief, oppose, or be heard.

11. On May 1, at 5:55 p.m. Pacific Time (8:55 p.m. Eastern Time)—a Friday night before the Monday morning deposition—Judge Susan Illston of the N.D. Cal. court entered the Order. The Order: (a) "Deemed" the subpoena served and effective based on transmission to DOJ counsel pursuant to Rule 5(b)(1) and Rule 45; (b) Ordered Mr. Guy to appear for deposition on May 4; and (c) Ordered Mr. Guy to bring his personal cell phone to the deposition and to submit it to a search by DOJ counsel using broad search terms previously applied to government ESI custodians. Ex. 2.

12. Mr. Guy retained undersigned counsel on May 2. Decl. of Joseph Guy at ¶ 3.

13. On May 3, a Sunday, a Department of Justice attorney came to Mr. Guy's home in Alexandria, Virginia to conduct the ordered search of Mr. Guy's

4

personal phone. *Id.* at ¶ 4. Under protest and to avoid contempt, Mr. Guy submitted to the search, with undersigned counsel present. *Id.*

14. On May 4, Mr. Guy appeared with counsel for the ordered deposition, also under protest and under threat of contempt. *Id.* at ¶ 5. The first time Mr. Guy laid eyes on the subpoena that was purportedly served on him was when it was placed in front of him as an Exhibit. *See* Decl. of Joseph Guy at ¶ 6.

15. During the May 4 deposition, Plaintiffs' counsel required Mr. Guy to unlock his personal cell phone, which he only had with him under threat of contempt, and to read off the names, participants, and other metadata of his group chats. *Id.* at ¶ 5. He did this over objection, under the reasonable fear of being held in contempt. *Id.*

16. During the May 4 deposition, Plaintiffs filed another emergency request, asking the court for an additional half-day to continue the deposition of Mr. Guy. The N.D. Cal. court entered an order that evening, after Mr. Guy had already sat for 6.5 hours *on the record*, granting the additional half-day. Ex. 3 at 2.

17. On May 5, Judge Illston held an emergency conference in response to other discovery disputes raised by Plaintiffs and DOJ, during which, undersigned counsel put on the record the failure of Plaintiffs to ever serve Mr. Guy with a subpoena, the fact that DOJ was never given authority by Mr. Guy to accept a subpoena on his behalf, that Mr. Guy was and is outside the jurisdiction of that court and that his due process and Fourth Amendment rights had been grossly violated. Judge Illston, unmoved, ordered Mr. Guy to appear for his continued deposition on **May 8**. She subsequently memorialized that with a written order. Ex. 4.

18. On May 6, Plaintiffs' counsel emailed all counsel, notifying them of a change in the place of compliance. Instead of holding the continued deposition at their office in D.C., it would be held remotely. Ex. 5 at 4.

19.     Subsequently, undersigned attempted to meet and confer with Plaintiffs' counsel regarding this emergency motion, first calling her office, and then following up with an email, articulating the basis for quashing service. *Id.* at 3. Plaintiffs' counsel responded, claiming that the motion was "frivolous" and included in the email as an attachment a new subpoena for the continued deposition on May 8, stating as the place of compliance, "Remote Deposition." *Id.* at 2; Ex. 6.

20.     Plaintiffs' counsel erroneously asserted that because undersigned is Mr. Guy's "current counsel," that therefore Plaintiffs "have now served Mr. Guy yet again." Ex. 5 at 2. Undersigned was not authorized to accept service of said subpoena, and promptly notified Plaintiff's counsel of same. *Id.*

21.     Mr. Guy now moves to quash the purported service of the original subpoena, the subsequent subpoena, and any further compelled compliance.

## III.    Argument

### A.    This is the proper court to hear this motion.

Rule 45(d)(3) provides that motions to quash a subpoena are decided by "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Mr. Guy resides in the Eastern District of Virginia, and while he was originally compelled to attend the deposition in D.C., the resulting search of his personal phone—ordered by the N.D. Cal. court based on the jurisdiction supposedly conferred by this subpoena—occurred at his home in Alexandria, Virginia. More importantly, Plaintiffs have changed the place of compliance for the continued deposition to occur remotely. The place of compliance is, therefore, the location of where Mr. Guy will be answering questions, which would either be his home or the office of his counsel, both of which are located in Alexandria, Virginia. *See* Fed. R. Civ. P. 30(b)(4) ("[remote] deposition takes place where the deponent answers the questions."); *Chen v. FBI*, No. 22-mc-74-CRC, 2022 WL 17851618, *3 (D.D.C., Oct.

18, 2022). Therefore, this Court has authority and obligation to address the validity of the subpoena. Fed. R. Civ. P. 45(d)(3)(A).

**B.      The subpoena must be quashed because it was never served as Rule 45 Requires.**

Rule 45(b)(1) is unambiguous: "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

The "named person" is Mr. Guy. He was never delivered a copy. No witness or mileage fee was ever tendered to him. Service is therefore facially defective. *See CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983). ("A subpoena that does not strictly comply with Rule 45(b) is invalid.").

The N.D. Cal. Court's reliance on Rule 5(b)(1) as a substitute for Rule 45 service is legally erroneous. Rule 5 governs service of "pleadings and other papers" between *parties* in a pending action. A non-party witness is not a party, and a Rule 45 subpoena is not a Rule 5 paper. The Advisory Committee Notes and uniform case law confirm that Rule 45's personal-delivery requirement is independent of Rule 5. *See* 9 Moore's Federal Practice § 45.21[1] (3d ed.). Rule 5(b)(1) only addresses how papers are served on a *represented party* through that party's *attorney of record*—it has no application to compelling a non-party to a lawsuit.

The N.D. Cal. Court's "deemed service" order is, in effect, an attempt to manufacture service that never occurred—against a non-party, by ipse dixit, retroactively, and on an ex parte basis. Rule 45 does not permit that, and the subpoena must be quashed.

7

C.      **The Order was entered without notice or opportunity to be heard, in violation of due process.**

Mr. Guy was never given notice of plaintiffs' April 30 emergency motion. He had no counsel. He had no opportunity to oppose. The N.D. Cal. court entered an order compelling his personal appearance, the production of his personal cell phone, and a search of that phone by the Department of Justice—on a Friday evening, less than three days before the deposition.

The deprivation of property rights and personal liberty in the form of a coerced deposition, search, and seizure of a personal device, without notice or any opportunity to be heard, violates fundamental due process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). That defect is independently sufficient grounds to quash. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

D.      **The Order compelling a search of Mr. Guy's personal cell phone violates the Fourth Amendment and Rule 45.**

Even if the subpoena had been validly served (it was not), the order compelling Mr. Guy to surrender his personal cell phone for search by DOJ attorneys, without any due process, is unprecedented and unconstitutional. A modern cell phone contains "the privacies of life"—text messages, photographs, location history, financial records, medical information, communications with counsel, and intimate personal data. *Riley v. California*, 573 U.S. 373, 403 (2014). The Supreme Court has held that searches of cell phones implicate the most sensitive privacy interests protected by the Fourth Amendment. *Id.* at 393–97. A Rule 45 subpoena cannot serve as a vehicle to commandeer a non-party's personal device for an open-ended forensic examination by the government. *See Henson v. Turn, Inc.*, No. 15-cv-01497, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) (compelled production of mobile devices for forensic imaging "is highly intrusive" and cannot be ordered absent a particularized showing). Indeed, the very court that

8

issued the Order has elsewhere recognized the seriousness of compelled mobile-device discovery.

The Order disregards these protections. It (1) was directed at a non-party; (2) ordered him to surrender his personal phone to *the government*; and (3) required no showing of relevance, proportionality, or unavailability of the data from any other source. These are precisely the abuses that Rule 45(d)(3)(A)(iii)–(iv) and Rule 26(c) exist to prevent.

The intrusion is particularly egregious because Mr. Guy was forced to comply *before* he could challenge the Order, on threat of contempt, and because the search was conducted by DOJ counsel whose loyalties run to the United States, not to Mr. Guy. The result is a de facto warrantless search of a private citizen's phone. To the extent any further compelled production or search is contemplated for any future deposition, this Court should quash and enter a protective order forbidding it. Fed. R. Civ. P. 26(c)(1).

### E.     The subpoena imposes an undue burden under Rule 45(d)(3)(A)(iv).

Rule 45(d)(3)(A)(iv) requires quashing a subpoena that "subjects a person to undue burden." The burden here—forced production of a personal device to government counsel, ex parte order, no opportunity to be heard, ongoing compelled testimony scheduled for May 8—plainly satisfies the undue-burden standard, particularly for a non-party. *See Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) ("the status of a person as a non-party is a factor that weighs against disclosure"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight").

9

F.   **Plaintiffs' Counsel's examination of Mr. Guy's personal cell phone at the May 4 deposition far exceeded the scope of the Order and independently warrants the return (and preservation) of any records obtained, or at least a designation of their confidentiality.**

The May 1 Order—however legally infirm—was at least cabined in scope. It required Mr. Guy to bring his personal cell phone to the deposition and required *DOJ counsel* to conduct a pre-deposition search using specified keyword terms drawn from the DHS ESI custodian protocol. *See* Ex. 2. Nothing in the Order authorized plaintiffs' counsel to convert the deposition itself into a live, on-the-record forensic browse of Mr. Guy's personal device.

Yet that is precisely what occurred. During the May 4, 2026 deposition, plaintiffs' counsel directed Mr. Guy to unlock and open his personal cell phone on the record and compelled him to read aloud the names, participants, and identifying details of multiple personal group-message chats. Mr. Guy complied because he reasonably understood that any refusal would expose him to contempt.

After the deposition, despite the transcript being marked CONFIDENTIAL, Plaintiffs' counsel divulged this personal and private information on the public docket, ensuring that it would be discussed in the media.

This conduct independently warrants quashing the subpoena and suppressing the resulting deposition record—or at least ordering that the data be treated as confidential.

First, the examination exceeded the four corners of the May 1 Order. A court order authorizing a narrow, keyword-based pre-deposition search by DOJ counsel does not authorize plenary live examination of the device's contents by adversary counsel at the deposition itself. *See Henson v. Turn, Inc.*, 2018 WL 5281629, at *5–6 (N.D. Cal. Oct. 22, 2018).

Second, the examination was an unreasonable search and seizure of Mr. Guy's personal effects in violation of the Fourth Amendment. A modern cell phone is

10

not just an object; it is "the privacies of life." *Riley v. California*, 573 U.S. 373, 403 (2014). Compelled, on-the-record exposure of a private citizen's group chats, contact lists, and personal communications—conducted at the direction of opposing counsel under threat of contempt—is the digital analog of the "general warrant" the Fourth Amendment was enacted to forbid. *See id.* at 393–97, 403. That this was accomplished through the mechanism of a deposition rather than a police raid does not save it; the coercive force was identical.

Third, this Court has inherent authority to remedy abuses of the discovery process. Rule 26(c) authorizes any "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden," including orders forbidding the disclosure or use of discovery, requiring its return, or limiting its scope. Fed. R. Civ. P. 26(c)(1)(A)–(D).

The appropriate remedy in this case would be to order that (1) all portions of the transcript reflecting the contents, participants, names, or metadata of group chats and personal communications drawn from Mr. Guy's personal cell phone at the May 4 deposition be marked and treated as confidential, (2) prohibit plaintiffs and their counsel from using, referring to, disclosing, or relying upon any information derived from that improper examination, in any forum, and for any purpose, and (3) prohibit any repetition of such examination at any future deposition.

Without such relief, the harm of the May 1 Order—itself entered in violation of Rule 45 and due process—will be compounded indefinitely. Once private communications with non-party friends and colleagues are recorded in a deposition transcript and exhibits, the bell cannot be unrung absent affirmative court intervention.

### G. Emergency relief is warranted.

The continued deposition is set for May 8, 2026. Without immediate relief, Mr. Guy will be required to appear, again under threat of contempt, pursuant to a subpoena that was never served on him, that compelled an unconstitutional search of his cell phone, and that was entered without notice. Emergency relief is necessary to preserve Mr. Guy's rights and to prevent further irreparable injury.

## IV. Relief Requested

For the foregoing reasons, Mr. Guy respectfully requests that this Court:

1. **QUASH** the purported Rule 45 subpoena issued in *American Federation of Government Employees, AFL-CIO, et al. v. Trump, et al.*, No. 25-cv-3698-SI (N.D. Cal.);

2. **ENTER A PROTECTIVE ORDER** under Rule 26(c) prohibiting any further compelled deposition testimony of Mr. Guy, and any further search, seizure, imaging, or production from his personal cell phone or other personal property, pursuant to the May 1, 2026 Order or any subpoena unaccompanied by valid Rule 45 service;

3. **ORDER** plaintiffs' counsel, the deposition court reporter, and the deposition videographer to mark as confidential in the May 4, 2026 deposition transcript, video recording, audio recording, exhibits, working files, and any rough or draft transcripts all portions reflecting the contents, participants, names, identifying information, or metadata of any group chats, individual messages, contacts, or other materials drawn from Mr. Guy's personal cell phone during the deposition, and;

4. **PROHIBIT** plaintiffs, their counsel, and any person acting in concert with them from using, referring to, quoting, summarizing, disclosing, filing, or

12

otherwise relying upon any information derived from the May 4, 2026 examination of Mr. Guy's personal cell phone, in this litigation or in any other proceeding;

5. **PROHIBIT** any further examination of, reference to, or compelled production from Mr. Guy's personal cell phone or other personal electronic devices at any future deposition or proceeding, absent further order of this Court entered after notice and opportunity to be heard;

6. **STAY** any further compliance—including the May 8, 2026 continued deposition—pending resolution of this Motion; and

7. **GRANT** such other relief as the Court deems just and proper.

Dated: May 6, 2026                          Respectfully submitted,

*/s/ Jason C. Greaves*
Jason C. Greaves, VSB No. 86164
Jesse R. Binnall, VSB No. 79292
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com
         jason@binnall.com

*Counsel for Joseph Guy*

## MEET AND CONFER CERTIFICATION

I certify that I attempted to confer with Respondent's counsel in a good faith effort to narrow the area of disagreement. I telephoned her office this afternoon and emailed her, as reflected in Exhibit 5. I provided my cell phone number and offered to discuss the requested relief. Unfortunately, Respondent's counsel responded by threatening to seek sanctions. Ex. 5.

/s/ Jason C. Greaves
Jason C. Greaves

*Counsel for Joseph Guy*

## CERTIFICATE OF SERVICE

I certify that on May 6, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, and emailed directly to respondent's counsel as follows:

Danielle Leonard
Elle Eshleman
Jessica Levy
Stacey Leyton
BJ Chisholm
ALTSHULER BERZON LLP
dleonard@altshulerberzon.com
eeshleman@altshulerberzon.com
jlevy@altshulerberzon.com
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com

Tsuki Hoshijima
DEMOCRACY FORWARD
thoshijima@democracyforward.org

*Counsel for Respondent*

/s/ *Jason C. Greaves*
Jason C. Greaves

*Counsel for Joseph Guy*

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

JOSEPH GUY,

        *Petitioner*,

v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,

        *Respondent.*

Case No. 1:26-mc-00008

## RESPONDENT'S OPPOSITION TO JOSEPH GUY'S EMERGENCY MOTION
## TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Respondent American Federation of Government Employees is one of the Plaintiffs in the case from which this matter arises, which is pending in the U.S. District Court for the Northern District of California. *AFGE v. Trump*, No. 03:25-cv-03698-SI (N.D. Cal.) (Judge Susan Illston). Respondent opposes Joseph Guy's emergency motion, which is not actually a motion to quash a subpoena but instead an improper collateral attack on orders issued by the Northern District of California in that case.

Joseph Guy is a former Deputy Chief of Staff for the Department of Homeland Security and was Chief of Staff to a special envoy at the Department of State until late last week. Mr. Guy appeared for a deposition in the Northern District of California case on Monday, May 4, 2026. His attendance at that deposition was compelled by several recent court orders by the Northern District of California. The Northern District of California has also issued several orders on the preservation and production of responsive government records and official agency communications that are on Mr. Guy's personal phone.

On Tuesday this week, the Northern District of California ordered Mr. Guy to appear for a half-day continuation of his deposition on the afternoon of Friday, May 8, 2026. That court

1

issued that order because of deposition testimony by Mr. Guy on Monday that revealed that he took actions late last week that resulted in the loss of data from the Signal application on his personal phone, which he had used to communicate about DHS and FEMA business with other federal employees.  The Northern District of California issued the order requiring Mr. Guy to appear for a continued deposition after considering objections by Mr. Guy's personal counsel at a hearing.

Seeking to avoid appearing for the continuation of his deposition and to avoid any further questioning about the loss of evidence, Mr. Guy now moves in this Court for an emergency order to "quash" and for a protective order.  But what Mr. Guy's motion really seeks to quash is not a subpoena, but orders issued by another court.  Mr. Guy's motion should be denied as a meritless request for one district court to review and reverse the orders of another district court.  The relief that Mr. Guy seeks would require this Court to nullify the Northern District of California's direct order that Mr. Guy appear on Friday, to second-guess that court's determination that a prior subpoena was properly served, and to issue collateral protective orders and enjoin further action by another court.  This Court cannot entertain such collateral attacks on the Northern District of California's orders and cannot "quash" another federal court's orders.

This Court should summarily deny this motion, which is not a proper motion to quash but rather a request that one district court sit in review of another.  Alternatively, to the extent this Court understands the motion as properly brought under Federal Rule of Civil Procedure 45, this Court should exercise its authority under Rule 45(f) to transfer this motion to Judge Illston in the Northern District of California, who is in the best position to resolve this dispute.

## BACKGROUND

This matter arises from litigation in the Northern District of California before Judge Susan Illston.  *AFGE v. Trump*, No. 3:25-cv-03698-SI (N.D. Cal.).  Judge Illston has significant familiarity with the issues raised in Mr. Guy's motion because she has issued multiple orders directing Mr. Guy to appear for his deposition and directing the preservation and production of official government agency communications by Mr. Guy.

2

On January 27, 2026, Plaintiffs in that action filed a supplemental complaint challenging unlawful actions by DHS to implement staffing reductions at the Federal Emergency Management Agency. *AFGE*, ECF 290-1. Plaintiffs filed a motion for a temporary restraining order that was converted into a preliminary injunction motion. *AFGE*, ECF 301, 304.

Judge Illston found that at the preliminary injunction hearing, "defense counsel [from the U.S. Department of Justice] presented a version of the facts markedly different from what is contained in the sworn declaration by" the government's sole declarant, the top official at FEMA. *AFGE*, ECF 321 at 1. Judge Illston therefore ordered expedited discovery to resolve the factual disputes that bear on Plaintiffs' preliminary injunction motion. *Id.* Among Judge Illston's orders was that Defendants identify the people who were involved in the challenged decisions about FEMA personnel. *Id.* at 2. Defendants identified Joseph Guy, then-Deputy Chief of Staff at DHS, as one of three DHS officials involved in the challenged decisions. *AFGE*, ECF 327-1.

After document discovery and testimony by other persons confirmed that Mr. Guy had knowledge about the challenged decisions, Plaintiffs sought Mr. Guy's deposition. *AFGE*, ECF 350 at 4, 6–9, 13–15. Plaintiffs first served Defendants with a deposition notice for Mr. Guy on April 10, 2026. *AFGE*, ECF 350 at 15 & n.14, ECF 350-1 at 3–4. By that time, Mr. Guy had moved from DHS to the State Department, which is another federal agency Defendant in the case before Judge Illston. Defendants objected to continued discovery but agreed that Mr. Guy would be available for a deposition on April 30, 2026 if Judge Illston allowed the deposition. *AFGE*, ECF 350-1 at 692–94. Judge Illston decided to allow discovery to continue and ordered that Mr. Guy's deposition "shall take place the week of April 27, 2026 or the following week." *AFGE*, ECF 351 at 1–2.

Based on evidence that Mr. Guy and other government employees had "used their personal cell phones for business purposes regarding FEMA," including through disappearing messages on the Signal application, Judge Illston also ordered Defendants to produce responsive communications from personal phones used for government business by no later than April 29,

3

2026.  *AFGE*, ECF 351 at 4.  After Judge Illston issued this order, Plaintiffs conferred with Defendants about Mr. Guy's availability.  Hoshijima Decl. ¶ 13.  Defendants' counsel confirmed Mr. Guy's availability on the week of May 4 to 8.  *Id.*

On the evening of Friday, April 24, 2026, Defendants informed Plaintiffs that "Mr. Guy is imminently departing from the State Department, and his final day of federal employment is Thursday, April 30."  *AFGE*, ECF 356-2 at 7.  Defendants told Plaintiffs that "the only means for Plaintiffs to compel his attendance at a deposition after April 30 would be through service of a subpoena under Rule 45."  *Id.*

On the morning of Monday, April 27, 2026, Plaintiffs served Mr. Guy, through counsel for Defendants, with both a revised deposition notice for May 4, 2026, and given counsel for Defendants' representations, also with a Rule 45 subpoena requiring Mr. Guy to appear for a May 4, 2026 deposition.  *AFGE*, ECF 356-2 at 5–6.  Plaintiffs stated: "Given that he currently remains an employee of a Defendant, we believe the revised notice of deposition pursuant to Rule 30 is sufficient.  However, in light of your request, we have also attached a Rule 45 subpoena and accompanying notice."  *Id.* at 6.

The parties disputed whether Plaintiffs had properly served a high-level government official who was then employed by one of the Defendant agencies through counsel for the Defendant agency.  Plaintiffs and Defendants presented the dispute to Judge Illston, *AFGE*, ECF 356 at 2, and Judge Illston ordered Defendants to "accept service of Guy's deposition notice," *AFGE*, ECF 358 at 2.  After Defendants again refused to acknowledge service, *AFGE*, ECF 360 at 1–2, Judge Illston issued a further order establishing the following:

> This Order clarifies the deposition notice and subpoena issued to Guy are deemed served and are effective, based on service on defense counsel while Guy was still in government employment, pursuant to Federal Rules of Civil Procedure 5(b)(1) and 45. Guy is ORDERED to appear for his deposition on May 4, 2026.

*AFGE*, ECF 362 at 1.  With respect to production of official government communications on Mr. Guy's personal phone, Judge Illston found Defendants' searches to be inadequate and ordered another search prior to his deposition.  *AFGE*, ECF 358 at 1, ECF 362 at 1–2.

4

Mr. Guy appeared for his deposition on May 4, 2026.  He was represented by private personal counsel, Jason Greaves, and counsel for Defendants also appeared.  Hoshijima Decl. ¶ 20.  Mr. Guy indicated that government counsel failed to provide him with a copy of the subpoena while he remained employed by Defendants, but he admitted that he had actual notice of Judge Illston's' orders requiring him to appear.  *Id.*  During the deposition, Mr. Guy testified that his personal phone had dozens of FEMA-related Signal group chats with other government employees and that he had performed operations on his phone that had recently led to the destruction of data on the Signal application.  *Id.* ¶ 21.  Plaintiffs sought further relief from Judge Illston, including the further production of documents and continuation of the deposition.  *AFGE*, ECF 368 at 3–7, ECF 375.  On May 4, 2026, Judge Illston authorized Mr. Guy's deposition to continue for another half day.  *AFGE*, ECF 370 at 2.  Judge Illston also set a further hearing on the next day, May 5, 2026, to discuss Plaintiffs' requests for the next day.  *AFGE*, ECF 370 at 1.

Mr. Guy's personal counsel, Mr. Greaves, appeared at the May 5, 2026 hearing before Judge Illston.  Hoshijima Decl. ¶ 24.  Mr. Greaves asked the Court to revoke the order continuing the deposition and took the position that his client had never been served with a subpoena, notwithstanding Judge Illston's prior orders to the contrary.  *Id.*  Judge Illston questioned Mr. Greaves about whether Mr. Guy would appear for the continuation of his deposition.  *Id.*  Mr. Greaves represented that his client would comply with any order issued by Judge Illston.  *Id.* Following the hearing, Judge Illston issued an order that "Joseph Guy is ORDERED to appear for his continued deposition scheduled for the afternoon of May 8, 2026."  *AFGE*, ECF 381.

On May 6, 2026, Plaintiffs informed Mr. Greaves and Defendants that they intend to take the half-day continuation of Mr. Guy's deposition virtually through videoconference.  Hoshijima Decl. ¶ 26.  Mr. Greaves responded informing Plaintiffs that he would file a "motion to quash" the deposition subpoena.  *Id.* ¶ 27.  Mr. Greaves did not inform Plaintiffs of Mr. Guy's intention to seek any additional relief, including a new protective order, orders requiring confidentiality designations, orders restricting counsel's use of evidence, orders prohibiting the Northern District of California from compelling production of documents, or anything else beyond

5

quashing the Rule 45 subpoena to appear.  *Id.*  Plaintiffs attempted to eliminate needless disputes, including by providing Mr. Greaves again with copies of Judge Illston's order compelling Mr. Guy's appearance, as well as a new Rule 45 subpoena.  *Id.* ¶ 28.  Mr. Greaves responded that he was not authorized to accept service for his client.  *Id.* ¶ 29.  Plaintiffs requested that Mr. Greaves not file the motion and gave notice that they would seek all available remedies, including recovery of attorneys' fees, should he do so.  *Id.*  Mr. Greaves informed Plaintiffs at 9:21pm Eastern time on May 6, 2026 that he had filed this motion, less than 40 hours before the start of the continued deposition ordered by Judge Illston.  *Id.* ¶ 30.

## LEGAL STANDARD

A federal district court cannot entertain a collateral attack on the orders of another district court.  *Yi Tai Shao v. Roberts*, No. CV 18-1233 (RC), 2019 WL 249855, at *14 (D.D.C. Jan. 17, 2019); *May v. Ward*, No. 5:11-CT-3065-FL, 2012 WL 12952618, at *1 (E.D.N.C. June 8, 2012).

With respect to Rule 45 subpoenas, a court for the district where compliance is required can quash or modify a subpoena under Federal Rule of Civil Procedure 45(d)(3).  The circumstances that justify quashal or modification are set forth in the Federal Rules and include when a subpoena: (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the Federal Rules' geographical limits, (3) interferes with privilege, or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).  A court may also transfer a motion under Rule 45 to the issuing court with familiarity with the underlying litigation.  Fed. R. Civ. P. 45(f).

## ARGUMENT

### I.     Mr. Guy's motion is an improper collateral attack on another district court's orders.

The U.S. District Court for the Northern District of California has issued multiple orders on the exact issues raised in Mr. Guy's emergency motion to this Court.  In particular, the Northern District of California has held that Mr. Guy was properly served with a notice and subpoena for his deposition, has allowed a half-day continuation of Mr. Guy's deposition in light of concerns regarding loss of evidence, and has directly ordered Mr. Guy to appear for the continued deposition on the afternoon of Friday, May 8, 2026.  *AFGE*, ECF 358, 362, 370, 381

6

(Hoshijima Decl. Ex. B–E). Mr. Guy was not unrepresented in these matters before that Court. Until last Thursday, he was employed as a high-level official of a federal agency Defendant in that litigation, and his interests were represented by the U.S. Department of Justice. More recently, Mr. Guy's personal counsel, Jason Greaves, appeared before Judge Illston earlier this week in an unsuccessful attempt to contest her orders. In response to a direct question from Judge Illston about whether Mr. Guy would appear for the continuation of his deposition, Mr. Greaves represented that his client would comply with any court order she issued.

This Court cannot entertain a collateral attack on the Northern District of California's orders. It is "well established that federal district courts do not have jurisdiction to reconsider decisions of other federal courts." *Yi Tai Shao v. Roberts*, No. CV 18-1233 (RC), 2019 WL 249855, at *14 (D.D.C. Jan. 17, 2019); *see also United States v. Paul*, No. 3:97CR00085-003, 2008 WL 2439883, at *2 n.3 (W.D. Va. June 16, 2008) ("This court is not the proper forum in which to seek review of the decision of another district court."); *May v. Ward*, No. 5:11-CT-3065-FL, 2012 WL 12952618, at *1 (E.D.N.C. June 8, 2012). Because a federal district court has no "appellate jurisdiction over other judicial bodies," it "lacks the power to void other federal courts' orders through a collateral attack." *Klayman v. Rao*, No. 21-CV-02473 (CRC), 2021 WL 4948025, at *4 (D.D.C. Oct. 25, 2021). "[T]he doctrine of comity preclude[s] one district court from issuing an order that conflict[s]" with that "issued by another district court." *Ulmet v. United States*, 888 F.2d 1028, 1031 (4th Cir. 1989); *Children's Health Defense v. FDA*, No. 23-cv-220, 2024 WL 147851, at *3 (D.D.C. Jan. 12, 2024). "[T]he proper recourse for a party who believes that a judge has ruled improperly or unfairly is to raise such errors on appeal." *May v. Brain*, No. 5:11-CT-3088-FL, 2012 WL 12952619, at *1 (E.D.N.C. June 8, 2012). A party cannot "end run" around a district court's order by seeking to undermine it with collateral attacks in other district courts. *Cf. Scardelletti v. Rinckwitz*, 68 F. App'x 472, 478 (4th Cir. 2003) (affirming injunction against litigant who was continuing to attack court's order by filing to relitigate issue in another district court).

Judge Illston's orders unambiguously require Mr. Guy's appearance independently of any question regarding service of the subpoena through Defendants' counsel.  Mr. Guy is required to appear on Friday under Judge Illston's orders, not simply because of a subpoena—just as he appeared for a deposition under Judge Illston's court order on Monday.  Mr. Guy's options included moving before Judge Illston for reconsideration or seeking relief from an appellate court with jurisdiction, not asking this Court to engage in a collateral attack on another district court's orders.  For that reason alone, this Court should summarily deny this motion and need not even reach any of Mr. Guy's arguments as to why he thinks the Northern District of California should not have issued the orders it did, including the question whether Plaintiffs properly served a notice of deposition or subpoena.

But if this Court were nonetheless to consider the question of service, the Northern District of California has already properly resolved this issue multiple times.  *AFGE*, ECF 358, 362.  In that court, the parties previously briefed the issue of whether Plaintiffs properly served a subpoena on Mr. Guy as a then-current high-level official of a federal agency Defendant.  Judge Illston concluded that "the deposition notice and subpoena issued to Guy are deemed served and are effective" through Defendants' counsel, who represented him in his official capacity at the time.  *AFGE*, ECF 362 at 1.  Under Federal Rule 5(c)(1), service of Mr. Guy was properly made through Defendants' counsel, and indeed had to be, as Judge Illston concluded.  There is no basis for this Court to reconsider an issue that Judge Illston has directly addressed.

Nor is there any merit to Mr. Guy's assertions that he has had inadequate notice or opportunity to seek such recourse before Judge Illston.  Until last Thursday, April 30, 2026, he was a high-level federal government employee of a Defendant federal agency and his interests in the case were represented by the U.S. Department of Justice, which litigated these discovery issues before Judge Illston.  To the extent that Mr. Guy claims that he never received the subpoena that Plaintiffs served on him through the U.S. Department of Justice on April 27, 2026, and which Judge Illston ordered Defendants to accept on April 30, 2026, *AFGE*, ECF 358, ECF 362, that would be a failure of communication between the U.S. Department of Justice and a

8

federal agency employee.  In any case, Mr. Guy had actual notice of the deposition notice and court order compelling his appearance because he already appeared for the first part of his deposition on Monday, May 4, 2026.

In any case, the circumstances here do not come close to establishing grounds for quashal.  Judge Illston has authorized a half-day continuation of Mr. Guy's deposition.  Plaintiffs plan to take that deposition virtually, which minimizes any burden for Mr. Guy and his personal counsel.  Mr. Guy already appeared under federal court order and subpoena for the first part of his deposition, which waives any objection he may have had to appearing in the first instance. This Court cannot intervene mid-deposition to excuse him from continuing a deposition required by order of another federal court.

## II.    Mr. Guy's request that this Court second-guess another district court's production and preservation orders should also be rejected.

Mr. Guy's complaints about other discovery orders by Judge Illston also do not justify quashal of a subpoena or provide any basis for relief that interferes with another district court's orders on production and preservation of evidence.  Judge Illston previously found that Mr. Guy and other government employees had "used their personal cell phones for business purposes regarding FEMA."  *AFGE*, ECF 351 at 4.  Judge Illston cited testimony by another deponent that Mr. Guy and other government employees had used disappearing messages on the Signal messaging application their personal phones to communicate with each other about FEMA business.  *Id.*  Defendants objected to producing any such communications by arguing that agency employees' personal cell phones were not within agencies' "possession, custody, or control" under Federal Rule of Civil Procedure 34(a), *id.* at 2, but Judge Illston rejected that argument and ordered that communications about official government business on Mr. Guy's personal phone be produced.  *Id.* at 4; *see also AFGE*, ECF 358 at 1.

Mr. Guy's testimony on the first day of his deposition not only confirmed that he had nearly thirty FEMA-related Signal chat groups with other government officials on his personal phone, but also that he had taken recent action that had resulted in the alteration or loss of data

9

on his Signal application. *AFGE*, ECF 368 at 3–7, ECF 375. Based on that testimony, Judge Illston ordered Mr. Guy's deposition to continue for another half a day. *AFGE*, ECF 370 at 2, ECF 381.

Mr. Guy's complaints about discovery from his personal cell phone are the result of Judge Illston's discovery orders—which were based on evidence that he had conducted official government business relevant to the case on his personal phone and that Defendants had not fulfilled their obligations under previous discovery orders to search for responsive communications. Judge Illston's orders seek to ensure the preservation and production of relevant evidence. Mr. Guy's complaints about his due process and Fourth Amendment rights pertain to those federal court discovery orders, not to the subpoena requiring his attendance at his deposition.[1] Any dispute over Judge Illston's discovery orders had to be raised before Judge Illston, not in this Court.

Finally, there is no basis for this Court to enter a protective order under Federal Rule of Civil Procedure 26(c) or to order any of the other requested restrictions on discovery or the use of evidence in the Northern District of California case. What Mr. Guy seeks is, in essence, to use Rule 26(c) to enjoin the operation of another federal court's discovery orders and that court's case management decisions, including its efforts to ensure production and preservation of relevant evidence. But this Court cannot issue such an order under Rule 26(c).[2]

---

[1] As the subpoena attached to Mr. Guy's motion in this Court shows, the subpoena only compelled his appearance at the deposition and did not compel any document production. ECF 1-3 at 1.

[2] In any case, no one, including a court or Plaintiffs' counsel, has ever seized Mr. Guy's personal phone. Mr. Guy and his counsel agreed to permit Mr. Guy to answer deposition questions about FEMA-related communications on his personal phone, while never relinquishing possession of his phone. Hoshijima Decl. ¶ 21. As far as the events on May 3, 2026, the Northern District of California directed Defendants to search for responsive documents on a phone on which directly relevant government business had been proven to have been conducted, after that court found that Defendants failed to comply with previously issued discovery orders. *Id.* Mr. Guy's attempt to turn production and preservation orders and deposition questions about the content of relevant work-related communications into a Fourth Amendment issue is meritless, but in any event, was properly directed to the court that made those orders or a reviewing court. Judge Illston rejected

Judge Illston in the Northern District of California has already issued a protective order that governs confidentiality designations in that case and has been diligently resolving the parties' disputes. *AFGE*, ECF 261, 355. Mr. Guy's personal counsel, who attended Mr. Guy's deposition on May 4, 2026, made an on-the-record invocation of the confidentiality designation process in Judge Illston's protective order and designated Mr. Guy's home address, telephone number, and current employment as confidential. *AFGE*, ECF 375. He designated nothing else in that transcript confidential, because nothing else is properly confidential under Judge Illston's protective order. Mr. Guy cannot now seek in this Court a second, broader confidentiality designation or an injunction against use of deposition testimony in the Northern District of California case. That would interfere with the Northern District of California's careful management of discovery in the action before it and that court's resolution of the preliminary injunction motion still pending before it.

### III. In the alternative, this Court may transfer this motion to the court presiding over the underlying litigation.

Alternatively, to the extent Mr. Guy characterizes his motion as resting on Rule 45, this matter presents "exceptional circumstances" that warrant transferring this motion to the Northern District of California, which issued the subpoena. Fed. R. Civ. P. 45(f). Judge Illston has already issued multiple orders pertaining to Mr. Guy's attendance at his deposition and the other discovery issues that Mr. Guy raises in this Court. As the Advisory Committee Note on the rule explains, transfer is available under these circumstances "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion." Fed. R. Civ. P. 45(f) advisory committee's note; *In re Twitter, Inc.*, No. 3:20MC00003, 2020 WL 912751, at *1 (W.D. Va. Feb. 25, 2020); *Azurity Pharms., Inc. v. Bionpharma Inc.*, No. 5:23-MC-19-RJ, 2023 WL 5664278, at *2 (E.D.N.C. Sept. 1, 2023); *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *Duck v. SEC*, 317 F.R.D. 321,

---

these Fourth Amendment arguments when raised by Mr. Guy's counsel at the hearing on May 5, 2026. *Id.* ¶ 24.

325 (D.D.C. 2016).  This concern applies here.  Transfer would allow for resolution of this matter by Judge Illston, who has issued multiple discovery orders in the past few weeks and is best positioned to address this dispute.  Because completion of Mr. Guy's deposition is necessary for the supplemental preliminary injunction briefing schedule that Judge Illston has already set, *AFGE*, ECF 351 at 6, transfer would avoid disrupting Judge Illston's management of the case before her.  Finally, the burden of transfer is minimal because Mr. Guy's personal counsel has already appeared before Judge Illston.

**CONCLUSION**

This Court should deny Mr. Guy's motion.  This Court cannot, and should not, reconsider Judge Illston's multiple orders on the exact issues that Mr. Guy now raises here.  If the Court does not deny the motion, it should transfer the motion for resolution by Judge Illston in the Northern District of California.


Respectfully submitted,

May 7, 2026                          By:

                                     /s/ Joel McElvain

                                     Joel McElvain (Va. Bar No. 95215)
                                     DEMOCRACY FORWARD FOUNDATION
                                     P.O. Box 34553
                                     Washington, D.C. 20043
                                     Tel: (202) 448-9090
                                     Fax: (202) 796-4426
                                     jmcelvain@democracyforward.org


                                     For:


                                     Elena Goldstein (pro hac vice forthcoming)
                                     Skye Perryman (pro hac vice forthcoming)
                                     Tsuki Hoshijima (pro hac vice forthcoming)
                                     DEMOCRACY FORWARD FOUNDATION
                                     P.O. Box 34553
                                     Washington, D.C. 20043

12

Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

Stacey M. Leyton (pro hac vice forthcoming)
Barbara J. Chisholm (pro hac vice forthcoming)
Danielle E. Leonard (pro hac vice forthcoming)
Elizabeth Eshleman (pro hac vice forthcoming)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

*Counsel for Respondent*

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSEPH GUY,                              )
                                         )
         *Movant*,                       )
                                         )
v.                                       )
                                         )   Case No. 1:26-mc-008-PTG-LRV
AMERICAN FEDERATION OF                   )
GOVERNMENT EMPLOYMENT, AFL-CIO,)
                                         )
         *Respondent*.                   )
_____)

## **ORDER**

This matter comes before the Court on Non-Party Joseph Guy's Emergency Motion to Quash Subpoena and for Protective Order (Dkt. No. 1) (the "Motion to Quash"), the affidavit in support thereof, (Dkt. No. 1-1), the Respondent's opposition thereto (Dkt. Nos. 2, 2-1), the two subpoenas at issue, (Dkt. Nos. 1-3, 1-8), related court orders (Dkt. Nos. 1-4, 1-5, 1-6), and communications between counsel (Dkt. No. 1-7). The Motion to Quash, filed on May 6, 2026, requests that this Court quash the subpoena requiring Mr. Guy's deposition testimony on May 8, 2026 and issue "a protective order under Rule 26(c) prohibiting any further compelled deposition testimony or search of his personal property pursuant to that subpoena, and for the preservation and return—or at least designation as confidential—any documents or data obtained from his phone in violation of the Fourth Amendment." (Dkt. No. 1 at 1–2.) Given this emergency posture and the materials available to this Court, a hearing would not aid the decisional process. (*See* E.D.Va. L. Civ. R. 7(J).) For the reasons that follow, the Court finds that the Motion to Quash should be transferred to the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f).

1

## Legal Standard

Federal Rule of Civil Procedure 45(d)(3) sets forth when a court may quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3). Alternatively, a court presented with a motion to quash may transfer that motion "under [Rule 45] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Exceptional circumstances exist where "[1] that court has already ruled on issues presented by the motion or [2] the same issues are likely to arise in discovery in many districts." *Foundation to Support Animal Prot. v. Vital Farms, Inc.*, No. 2:22-mc-23, 2023 WL 3446200, at *3 (E.D. Va. Apr. 3, 2023) (quoting Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendment); *see also Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal. 2014) (transferring motion to compel pursuant to Rule 45(d) because "[r]uling on the motion to compel would require the Court to duplicate review already conducted by the District of Arizona" and "the District of Arizona has already ruled on some of the issues presented in the motion")

## Discussion

Mr. Guy, a resident of this District, moves to quash the subpoena requiring his deposition testimony tomorrow, May 8, 2026, and to quash the subpoena for his already-conducted deposition on May 4, 2026, on the grounds that he was never properly served under Rule 45. (Dkt. No. 1 at 6–7.) Mr. Guy further contends that he is entitled to relief with respect to the May 3, 2026 search of his personal cellphone because of certain due process and Fourth Amendment violations. (*Id.* at 8–11.)

The subpoenas at issue, (Dkt. Nos. 1-3, 1-8), were issued by the Northern District of California in *American Federation of Government Employees, AFL-CIO (AFGE), et al., v. Donald J. Trump, et al.*, 3:25-cv-3698 (N.D. Cal.) (J. Illston). Not only did that issuing court already rule on whether Mr. Guy was properly served, that same court required that Mr. Guy's phone be

2

searched and issued orders compelling Mr. Guy to appear for the depositions he now seeks to quash. (*See* Dkt. Nos. 1-4, 1-5, 1-6.) The issuing court found the "deposition notice and subpoena issued to Guy are deemed served and are effective," ordered that Mr. Guy's deposition proceed on May 4, 2026, and ordered his phone be searched before then. (Dkt. No. 1-4 at 1–2.) On May 5, 2026, following a status conference where Mr. Guy's counsel presented argument, the issuing court ordered that Mr. Guy sit on May 8, 2026 for a continuation of his deposition. (*See* Dkt. Nos. 1-5, 1-6; *see also* Dkt. No. 2 at 4–5, 11.)

As for the remaining remedies requested in the Motion to Quash concerning future depositions, future searches of Mr. Guy's cell phone, and the use of any materials seized from Mr. Guy's cell phone, those issues may not have been squarely addressed in the underlying litigation, however, they are inextricably linked to Judge Illston's recent production and preservation orders. (*See* Dkt. No. 2 at 9–10.) To avoid the risk of inconsistent rulings, this Court declines movant's invitation to determine whether those remedies are appropriate.

In sum, given the extensive litigation undertaken in the Northern District of California since April 28, 2025, and that the District Judge there "already ruled" on the issues presented in the Motion to Quash, there are exceptional circumstances that warrant transferring the Motion to Quash to "prevent disrupting the issuing court's management of the underlying litigation." *Moon Mountain Farms, LLC*, 301 F.R.D. at 430. Accordingly, it is hereby

**ORDERED** that the Motion to Quash be **TRANSFERRED** to the United States District Court for the Northern District of California pursuant to Fed. R. Civ. P. 45(f).

**ENTERED** this 7th day of May, 2026.

Alexandria, Virginia

_____/s/_____

Lindsey Robinson Vaala
United States Magistrate Judge

3