Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | |
| v. | **DECLARATION OF TSUKI HOSHIJIMA** |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

## DECLARATION OF TSUKI HOSHIJIMA

I, Tsuki Hoshijima, declare as follows:

1.      I am a member in good standing of the District of Columbia Bar and the State Bar of Massachusetts. I am admitted pro hac vice in this case. I represent all Union and Non-Profit Organization Plaintiffs (except NRDC) and Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD in this action. This declaration is based on my personal knowledge, information, and belief.

2.      On March 20, 2026, Defendants produced a limited number of pages of handwritten notes from Karen Evans' planner. That production did not include any notes for December 29 or 30, 2025, which were key dates immediately before DHS and FEMA began to separate CORE employees. The pages that Defendants did produce were heavily redacted.

3.      After in camera review, ECF 351 at 4, the Court ordered Defendants to produce unredacted versions of those notes, *see* ECF 356 at 5. On April 29, 2026, Defendants reproduced those notes without redactions, but that production still did not include notes for December 29 or 30, 2025.

4.      After Plaintiffs showed that Defendants had failed to produce all responsive notes, ECF 360 at 4, the Court issued an order on May 1, 2026 that required Defendants "to produce all [Karen] Evans' planner notes that reflect any Evans's meetings with Guy, by the commencement of Guy's deposition on May 4, 2026," ECF 362 at 2.

5.      Defendants did not comply with that order. Instead, on the morning of May 4, 2026, they claimed that it was "impossible" for them to comply. ECF 364 at 1.

6.      On the afternoon of May 4, 2026, at 3:49pm Eastern Time, and hours into Mr. Guy's deposition, Defendants sent Plaintiffs an email saying that Defendants were producing "entries from Karen Evans's notes for the December-January timeframe" with the explanation that "we thought that our lab had produced these, but we learned just now that they did not."

7.      That production on the afternoon of Mr. Guy's deposition included evidence that showed for the first time that Ms. Evans had calls with Mr. Guy on December 29 and 30, 2026, but the notes for those days were heavily redacted.

8. At a May 5, 2026 hearing, the Court ordered Defendants to complete their production of Ms. Evans' handwritten notes by Thursday, May 7, 2026.

9. On Thursday, May 7, 2026, Defendants produced additional pages from Ms. Evans' planner. The production included a reproduction of Ms. Evans' notes for December 29 and 30, 2026, with some of the redactions lifted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed May 12, 2026, in Somerville, Massachusetts.