UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al., | Case Nos.  25-cv-03698-SI |
| Plaintiffs, | 26-mc-80146-SI |
| v. | |
| DONALD J. TRUMP, et al., | **ORDER DENYING JOSEPH GUY'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER** |
| Defendants. | |
| JOSEPH GUY, | |
| Petitioner, | |
| v. | |
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), | |
| Respondent. | |

Before the Court is Joseph Guy's Emergency Motion to Quash Subpoena and for Protective Order, docketed at 26-mc-80146, Dkt. No. 1 ("Mot."). On May 6, 2026, Guy filed an emergency motion to quash his deposition subpoena and for a protective order in the Eastern District of Virginia. *See Guy v. Am. Fed. of Gov't Emps., AFL-CIO*, ECF No. 1, No. 1:26-mc-8 (E.D. Va. May 6, 2026). The Eastern District of Virginia transferred Guy's motion to the Northern District of California. *See id.*, ECF No. 5.[1] For the reasons set forth below, the Court **DENIES** Guy's motion.

---

[1] The case was randomly assigned to a magistrate judge and then referred to this Court for the purpose of determining whether it was related to this case. Dkt. No. 390. This Court determined the cases were related on May 12, 2026. Dkt. No. 391.

United States District Court
Northern District of California

## BACKGROUND

On March 3, 2026, the Court ordered defendants to produce four categories of expedited discovery, related to plaintiffs' pending motion for preliminary injunction regarding the Federal Emergency Management Agency (FEMA).  Dkt. No. 321; *see also* Dkt. Nos. 328, 336, 339, 351 (further discovery orders).  In light of information that came out through expedited discovery[2], plaintiffs served defendants with a deposition notice for Joseph Guy on April 10, 2026, while he was employed by defendant Department of State.  Dkt. No. 350 at 15 & n.14; Dkt. No. 350-1 ("Eshleman Decl.") ¶¶ 16-17, Ex. J.  Plaintiffs' counsel declares that they served revised deposition notices on April 13, 2026.  Eshleman Decl. ¶ 16.

Guy's deposition was originally scheduled to take place on April 30, 2026, pending Court authorization.  *Id.*, Ex. J. at 1.  On April 22, 2026, the Court issued an order authorizing the depositions of Guy and Kara Voorhies for the week of April 27, 2026, or the following week.  Dkt. No. 351 at 1-2.  The Court also ordered defendants to search the personal phones of Evans, Guy, and Voorhies and produce all responsive communications related to CORE renewals or target FEMA staffing reductions.  *Id.* at 2-4.

On April 24, 2026, defendants informed plaintiffs that Guy's last day of federal employment would be April 30, 2026, and stated that "to that end, because Mr. Guy will no longer be a State Department employee effective May 1—and thus no longer an employee of any party to this matter—the only means for Plaintiffs to compel his attendance at a deposition after April 30 would be through service of a subpoena under Rule 45."  Dkt. No. 356-2 at 6-7.  The email further stated that defense counsel was "informed earlier today that as of Thursday, April 23, [Mr. Guy] was not represented by counsel."  *Id.* at 7.  The email correspondence indicates that on April 27, 2026, plaintiffs sent defense counsel another revised deposition notice for Mr. Guy's now-rescheduled

---

[2] Specifically, Karen Evans, FEMA's Senior Official Performing the Duties of Administrator (SOPDA), testified at her deposition that Guy told Evans to include an option for a 50% cut in FEMA's staffing plan.  Dkt. No. 350-1 ("Eshleman Decl."), Ex. G (Evans Dep.) at 235:10-25.

United States District Court
Northern District of California

May 4 deposition, along with a Rule 45 subpoena, as requested by defendants. *Id.* at 5-6. On April 29, 2026, defense counsel stated that they had not accepted service of the Rule 45 subpoena and were not authorized to do so on Guy's behalf. *Id.* at 1-2. As to the deposition notice, defendants stated: "Were his deposition scheduled to occur during his time as an employee of a party-defendant, his attendance at that deposition would be a matter properly considered and (if necessary) enforced and resolved under Fed. R. Civ. P. 30. But because he will no longer be an employee of a party-defendant as of the scheduled date of his deposition, his attendance is a matter governed by Fed. R. Civ. P. 45." *Id.*

In filings late the night of April 29 and the morning of April 30, i.e., Guy's last day of federal employment, the parties raised the dispute about whether plaintiffs had properly served Guy and whether defendants had the power to compel his attendance at his deposition. Dkt. Nos. 356, 357. On April 30, 2026, while Guy remained employed by the federal government, the Court ordered defendants to "search Guy's personal phone for responsive documents, as previously ordered, Dkt. No. 351 at 4" and to "accept service of Guy's deposition notice to comply with this Court's April 22, 2026 order, Dkt. No. 351 at 1-2." Dkt. No. 358. On May 1, 2026, plaintiffs filed an urgent request with the Court regarding, in part, defendants' position that service of a Rule 45 subpoena had not been effectuated on Guy. Dkt. No. 360 at 1. That same day, the Court issued an order clarifying that the "deposition notice and subpoena issued to Guy are deemed served and are effective, based on service on defense counsel while Guy was still in government employment, pursuant to Federal Rules of Civil Procedure 5(b)(1) and 45." Dkt. No. 362 at 1.

On May 4, 2026, plaintiffs deposed Guy, with his personal counsel and counsel for defendants present. Later that day, in response to additional emergency filings from plaintiffs and defendants, the Court issued an order permitting plaintiffs another half-day to depose Guy, in light of plaintiffs' representations that they spent a "significant amount of time" questioning Guy about "previously undisclosed spoliation issues." Dkt. No. 370 at 2 (quoting Dkt. No. 368 at 6-7). The Court also noted that at the deposition Guy revealed the existence of nearly 30 FEMA-related Signal group chats on his personal phone, which included 20 participants, and that on April 30 or May 1 Guy had deleted these Signal messages from his phone. *Id.*

On May 5, 2026, the Court held an emergency status conference to discuss ongoing expedited discovery issues. Dkt. No. 377. The Court ordered that Joseph Guy appear for a continued deposition on the afternoon of May 8, 2026. Dkt. Nos. 377, 381. On May 6, 2026, Guy filed an emergency motion to quash his deposition subpoena and for a protective order in the Eastern District of Virginia. *See Guy v. Am. Fed. of Gov't Emps., AFL-CIO*, ECF No. 1, No. 1:26-mc-8 (E.D. Va. May 6, 2026).[3] The Eastern District of Virginia transferred Guy's motion to this Court. *See id.*, ECF No. 5. On May 7, 2026, Guy filed an "Urgent Request for Hearing on Emergency Motion to Quash," requesting an immediate hearing prior to his deposition scheduled for the next day. Dkt. No. 385. The Court granted the request to postpone the continued deposition of Guy until May 15, 2026, and ordered plaintiffs to file a response to Guy's motion quash on the merits. Dkt. No. 386. Plaintiffs filed their response, Dkt. No. 389, and Guy filed a reply, Dkt. No. 392. The Court heard oral argument on the motion on May 13, 2026.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 30, a party may request the deposition of another party to the litigation by serving a notice upon that party. Fed. R. Civ. P. 30(b)(1). Federal Rule of Civil Procedure 45 governs subpoenas of non-parties. Fed. R. Civ. P. 45(a). Under Federal Rule of Civil Procedure 45(d)(3), a district court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

Under Federal Rule of Civil Procedure 26(c), the court may for good cause issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 26(c). A protective order requires a showing that "particularized harm

---

[3] Plaintiffs' counsel also included in a May 6, 2026 email to Guy's counsel an attachment for a new subpoena for the continued deposition on May 8, 2026. *See Guy v. Am. Fed. of Gov't Emps., AFL-CIO*, ECF No. 1, No. 1:26-mc-80146 (N.D. Cal. May 6, 2026) at 5-6 & Ex. 5. Guy's counsel replied that he was "not authorized to accept service of this subpoena." *Id.*, Ex. 5 at 2.

United States District Court
Northern District of California

will result from disclosure of information to the public." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**DISCUSSION**

Guy moves "to quash the deposition subpoenas purportedly served" for his May 1, 2026 deposition and May 8, 2026 half-day continued deposition pursuant to Federal Rule of Civil Procedure 45(d)(3). Mot. at 1-2. Guy also moves for a protective order under Rule 26(c) "prohibiting any further compelled deposition testimony or search of his personal property pursuant to that subpoena, and for the preservation and return – or at least designation as confidential – [of] any documents or data obtained from his phone in violation of the Fourth Amendment." *Id.* at 2. Guy's motion forwards five arguments, none of which are availing.

*First,* Guy argues that the subpoena must be quashed because it was never served as Federal Rule of Civil Procedure 45 requires. Mot. at 7. The Court finds Guy's deposition was properly noticed. Guy's papers do not address service under Rule 30 while he was still a government employee.

Pursuant to Federal Rule of Civil Procedure 30, a party may request the deposition of another party to the litigation by serving a notice upon that party. Fed. R. Civ. P. 30(b)(1). An employee or agent who qualifies as an "officer, director or managing agent" is subject to deposition by notice pursuant to Rule 30(b)(1). *Cadent Ltd. v. 3M Unitek Corp.,* 232 F.R.D. 625, 627-28 & n.1 (C.D. Cal. 2005). Courts consider several factors in determining whether an individual is a managing agent under Rule 30(b)(1): "(1) the discretionary authority vested in the person by the corporation; (2) the employee's dependability in following the employer's directions; (3) whether the individual is more likely to identify with the corporation or the adverse party in the litigation; and (4) the degree of supervisory authority in areas pertinent to the litigation." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48-49 (E.D. Va. 2010) (citing *In re Honda, Am. Motor Co.*, 168 F.R.D. 535, 540-41 (D. Md. 1996)). Courts recognize that the third factor is "paramount." *Id.* at 49 (quoting *Honda*, 168 F.R.D. at 541). "[T]he question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case."

United States District Court
Northern District of California

*Calderon v. Experian Info. Sols., Inc.,* 287 F.R.D. 629, 632 (D. Idaho 2012), *aff'd*, 290 F.R.D. 508 (D. Idaho 2013); *see also Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1452 (D.C. Cir. 1986). "[I]f there is at least a 'close question' as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition[.]" *Calderon*, 287 F.R.D. at 633.

Generally the determination of an individual's status as a "managing agent" is "determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *E.I. DuPont*, 268 F.R.D. at 49 (citation omitted). However, the general rule that "former employees cannot be managing agents of a corporation" is not without exceptions. *Id.* "[C]ourts have made exceptions to this general rule, for example when a corporation terminates an officer in light of pending litigation, plans to rehire the individual in another position, or an individual continues to act as a managing agent despite no longer being an employee." *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR (DMR), 2015 WL 5440789, at *6 (N.D. Cal. Sept. 15, 2015) (quoting *Rundquist v. Vapiano SE*, 277 F.R.D. 205, 208 (D.D.C. 2011)) (citing *Honda,* 168 F.R.D. at 541; *E.I. DuPont,* 268 F.R.D. at 50-51 ("[t]he timing and circumstances of [defendant's] reassignment or termination of its employees render the true status of the proposed deponents highly suspect, and allow for a strong inference that [defendant] is moving its employees around like chessmen, conveniently shielding them from [plaintiff's] access.")). In *In re Lithium Ion Batteries*, for instance, the court applied the managing agent test to a witness even after the company asserted he was no longer its employee, where there was evidence that this was "a key witness with first-hand knowledge of the alleged conspiracy" and all but the first of the *Honda* factors weighed in favor of finding him a managing agent as of the time his deposition was requested. 2015 WL 5440789, at *6.

Here, the Court finds that Guy was a managing agent for defendants and that, pursuant to Rule 30, he was effectively served with a deposition notice through defense counsel while he was still in federal employment. *See Honda,* 168 F.R.D. at 541; *In re Lithium Ion Batteries*, 2015 WL 5440789, at *6. Guy held the role of Deputy Chief of State at the Department of Homeland Security from January 2025 to March 2026, before moving to the Department of State. Dkt. No. 359-1 ("Guy

6

Decl.") ¶ 1. Defendants previously submitted a declaration identifying Guy as one of three DHS individuals involved in the decisions regarding the renewal of the CORE employees. Dkt. No. 327-1 ("Prieur Decl.") ¶ 5. The acting head of FEMA also testified at her deposition that it was Guy who instructed her to include an option for a 50% cut to FEMA's staffing plan. Evans Dep. at 235:10-19. The record indicates that plaintiffs served defendants' counsel with a notice for Guy's deposition on April 10, 13, and 27, 2026, while he was still employed by defendant Department of State. Defendants originally agreed Guy would appear for deposition on April 30; after that date was moved, and on less than one week's notice, they informed plaintiffs that April 30 would be Guy's last day of federal employment. Guy's departure from high-level government employment just prior to his scheduled deposition should not shield him from discovery unquestionably relevant to this case, particularly where the record indicates he has taken with him relevant official government communications that may exist only on his personal cell phone. Accordingly, the Court finds that Guy is a managing agent of defendants under Fed. R. Civ. P. 30(b)(1) for purposes of his continued deposition and ORDERS Guy to appear for his May 15, 2026 continued deposition as previously ordered.[4]

*Second*, Guy argues that the Court entered its May 1, 2026 order without providing him notice or opportunity to be heard, in violation of his due process rights. Mot. at 8. However, there is no dispute that Guy had actual notice of his deposition. The Court first ordered Guy's deposition on April 22, 2026, while he was still employed as a high-level government official. *See* Dkt. No. 351 at 1-2. At that time, Guy's interests were represented by government counsel. Jason Greaves, Guy's personal counsel, has since represented Guy's interests at the May 4, 2026 deposition and in two appearances before this Court.

*Third*, Guy argues that the Court's May 1, 2026 order compelling a search of his personal cell phone by Department of Justice attorneys violates the Fourth Amendment. Mot. at 9. The Fourth Amendment guards against "unreasonable searches and seizures." U.S. CONST. amend. IV.

---

[4] The Court further notes plaintiffs delivered Rule 45 subpoenas for Guy's deposition through defense counsel (while Guy remained in federal employment) and through his personal counsel (after Guy left federal employment).

Guy cites no authority, apart from a misquoted case regarding the limits of discovery under the federal rules of civil procedure, for the proposition that the Fourth Amendment has any bearing on relevant discovery in a civil lawsuit. *See* Mot. at 8 (misquoting *Henson v. Turn, Inc.*, No. 15-cv-01497-JSW (LB), 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) as saying compelled production of mobile devices for forensic imaging "is highly intrusive"). The Court finds his argument to be frivolous. *See United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 102 (S.D.N.Y. 1979) ("It strains common sense and constitutional analysis to conclude that the fourth amendment was meant to protect against unreasonable discovery demands made by a private litigant in the course of civil litigation."); *Ariz. Yage Assembly v. Barr*, No. CV-20-02373-PHX-ROS, 2024 WL 1011677, *2 (D. Ariz. Feb. 22, 2024), appeal dismissed sub nom. *Ariz. Yage Assembly v. Garland*, No. 24-1385, 2024 WL 5001830 (9th Cir. Mar. 28, 2024) ("Where a plaintiff brings claims [against the government,] the protections of the Fourth Amendment do not provide a shield against civil discovery going to those issues.") (internal citation omitted).

*Fourth*, Guy argues the subpoena imposes an undue burden under Federal Rule of Civil Procedure 45(d)(3)(A)(iv) because he is a non-party. Mot. at 9. The Court disagrees. The scope of the Court's discovery orders pertain only to Guy's activities as a high-level government employee, are limited to government-related business at issue on the pending motion for preliminary injunction, and are relevant and proportional. The additional half-day deposition would not have been needed if plaintiffs' counsel hadn't been constrained to spend so much of the first day on spoliation of relevant government communications.

*Fifth*, in support of a protective order, Guy argues that plaintiffs' examination of Guy's cell phone at the May 4, 2026 deposition exceeded the scope of the Court's May 1, 2026 order and therefore warrants return of any records obtained or at minimum a designation of confidentiality. Mot. at 10-11. The Court finds no good cause exists to prevent disclosure of Guy's deposition testimony about official government communications. The deposition transcript from Guy's May 4, 2026 deposition reflects that Guy's personal counsel who attended the deposition asserted confidentiality designations only over Guy's home address, telephone number, and current employer. Moreover, Guy's personal counsel consented to Guy himself searching through his

United States District Court
Northern District of California

8

Signal chat apps for groups related to DHS during the May 4, 2026 deposition.

Finally, as discussed at the hearing, the Court is troubled by the multiple citations in Guy's motion to purported case quotations that do not exist in the cases as cited. *See* Mot. at 7 ("A subpoena that does not strictly comply with Rule 45(b) is invalid"), 8 (forensic imaging "is highly intrusive"), 9 ("the status of a person as a non-party is a factor that weighs against disclosure"). Plaintiffs pointed out this problem in their response, along with other sources that do not stand for the cited proposition. Dkt. No. 389 at 11 & n.3. Guy's counsel did not explain these non-existent misquotations in his reply brief filed with the Court. *See* Dkt. No. 392. When questioned by the Court about these hallucinated quotations at the hearing, Guy's counsel was unaware of them and had no explanation for the errors.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby **DENIES** the motion to quash and for a protective order. The Court **ORDERS** Mr. Guy to appear for the continuation of his deposition on May 15, 2026.

Further, no later than May 15, 2026, counsel for Mr. Guy shall file a declaration under penalty of perjury explaining the fabricated case quotations contained in the motion to quash.

**IT IS SO ORDERED**.

Dated:   May 13, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

9