CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

    450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
CHRISTOPHER HALL
Assistant Branch Director
BRAD P. ROSENBERG
Special Counsel
ROBERT C. BOMBARD
MARIANNE F. KIES
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch

    1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-1819
Marianne.F.Kies@usdoj.gov

Counsel for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>    Plaintiffs,<br><br>      v. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' STATEMENT REGARDING KAREN EVANS'S SIGNAL CHAT "FEMA 2.0"**[1] |

---

[1] Due to the number of issues involved (including numerous questions transmitted by Plaintiffs on Wednesday, May 13), the need to consult with clients, and the short suspense provided for this filing, Defendants provided their joint statement insert to plaintiffs at 9:48 am PT on May 14. Plaintiffs had not by that time sent any insert to Defendants, but in separate emails sent at 9:38 and 9:41 am PT, indicated that they would file their own statement, having not yet received Defendants' insert. After receiving Defendants' insert at 9:48 am PT, Plaintiffs proposed asking the Court for an additional three hours to file a joint statement. But because Plaintiffs evidently saw no need to provide their portion of the joint statement to Defendants ahead of time while

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

Defendants.

nonetheless pressing Defendants to provide theirs, Defendants have determined that it would be more efficient to satisfy the Court's filing deadline by filing their statement separately now. Defendants have addressed Plaintiffs' complaints in detail and are available for further consultations or filings as determined by the Court.

Defendants' Statement Regarding Karen Evans's Signal Chat "FEMA 2.0"
3:25-cv-03698-SI

**DEFENDANTS' POSITION.** Defendants have complied with the Court's discovery and preservation orders as to Signal chats on former FEMA SOPDA Karen Evans' personal phone. *E.g.*, ECF 351, 362, 380, 386. Collection efforts of Ms. Evans' personal phone contents on Thursday, May 7 yielded production of 918 pages of Signal chats that related to FEMA, and included every such chat on Ms. Evans' personal devices within the Court-specified date range, as detailed below. Defendants' collection efforts included the "FEMA 2.0" chat, which contained no messages as of May 7; Defendants therefore produced one page documenting the chat's existence and recent history. That supplements the screenshots of responsive messages from the FEMA 2.0 chat previously produced from ESI searches of Ms. Evans' work email. *See* USA-AFGE-Exp.-0425448; USA-AFGE-Exp.-0425460; USA-AFGE-Exp.-0425483.

Nonetheless, to address Plaintiffs' concerns, Defendants have offered to reopen Ms. Evans' deposition and make her available for two hours of additional questioning regarding the substance of any FEMA 2.0 Signal Chat messages, efforts to locate additional responsive material on her personal devices, and related topics.

Below, Defendants detail their collection efforts, then address Plaintiffs' complaints.

**May 7 Search of Ms. Evans' Personal Devices.** A Department of Justice team traveled to Ms. Evans' personal residence in Martinsburg, West Virginia, for a day-long search and collection process of responsive Signal chats from Ms. Evans' personal devices, as well as her daily calendar notes, on May 7. (This followed Ms. Evans' return from family travel late on May 6.) Also present were FEMA's chief counsel and Ms. Evans' personal counsel. The search and collection lasted approximately seven hours, to comply with the Court's order to produce responsive materials by 7 pm ET that day.

Prior to the May 7 collection process, we understand that Ms. Evans complied with the Court's April 22 Order (ECF 351) in part by backing up the Signal application on her personal phone to her personal desktop computer on April 25. That effort preserved messages that otherwise would have been lost under Signal's auto-delete feature between the April 25 back-up and the May 7 collection. We further understand that Ms. Evans enabled a feature that automatically backed up the full contents of her Signal application to the cloud once per day, which remains in effect.

Defendants' Statement Regarding Karen Evans's Signal Chat "FEMA 2.0"
3:25-cv-03698-SI

The May 7 search of Ms. Evans' Signal backup files encountered several obstacles that ultimately required Defendants to seek an emergency extension of the production deadline, but which they overcame after several workaround attempts. Defendants' resolution was to manually create videos of each responsive Signal chat to capture all messages within that chat, then take screenshots of the chat "frames," which allowed them to process the 918 pages produced on May 12. Defendants adopted this labor-intensive method independently after other methods proved unsuccessful, but as it happens, it was the very method suggested by Plaintiffs' counsel during a meet-and-confer preceding the filing of Defendants' emergency extension motion. It worked: every non-privileged message from every responsive Signal chat was produced on May 12, as were cover pages for chats that contained no messages.

**Plaintiffs' Concerns.**  Defendants explain here why the concerns Plaintiffs have raised about their collection process and results are unfounded.

*First*, the FEMA 2.0 Signal chat image produced on May 12 (USA-AFGE-Exp.-0425848), and all other Signal chats produced, were obtained from the restored Signal data that Ms. Evans archived and saved to her personal desktop computer on April 25. The April 25 archived version of Ms. Evans' Signal application was more comprehensive than the "live" version on her phone as of May 7; Defendants understand that is because the April 25 archived versions of the chats were essentially "frozen" in time and thus not subject to the same automatic deletion timers evidently in effect on the "live" version of Signal on her phone during the period between April 25 and the May 7 collection. This meant that messages automatically deleted from the "live" version of the Signal application on her phone still existed on the April 25 archived version.

*Second*, both the April 25 archived version and the "live" version of the FEMA 2.0 Signal chat on Ms. Evans' personal phone as of May 7 contained no messages. Thus, it would have made no difference had Defendants produced search results collected from the "live" version of Ms. Evans' phone (as opposed to producing materials from the April 25 backup): either way, no messages would have been produced. As explained above, Defendants collected responsive information from the April 25 archived version of Ms. Evans' Signal application because it comprised the more comprehensive volume of messages across the date range specified by the

Defendants' Statement Regarding Karen Evans's Signal Chat "FEMA 2.0"
3:25-cv-03698-SI

Court's Order directing expedited discovery in this case: **December 1, 2025, through March 6, 2026**. But neither version would have yielded a different outcome as to the FEMA 2.0 Signal chat.

Relatedly, Plaintiffs have suggested that Ms. Evans "must have" done something improper to her Signal application during the May 7 collection process. Their basis for that suggestion is that one of the other two FEMA 2.0 chat participants, Kara Voorhies, received an update on May 7 that a new "safety pin" was created that day, which Plaintiffs learned from materials produced at Ms. Voorhies' deposition on May 11. But Plaintiffs' accusation is unsupported and incorrect.

As noted, several initial efforts to collect messages from Ms. Evans' Signal application in usable form on May 7 proved unsuccessful because of encryption or other technological issues. Seeking to remedy those challenges as the day wore on (with an impending 7 pm production deadline), among other things Ms. Evans uninstalled and reinstalled Signal on her phone, with FEMA agency and DOJ counsel present. That reinstall was successful: it allowed the collection team to search the more comprehensive April 25 archived version of Ms. Evans' Signal application, resulting in the collection of the 918 pages of messages produced on May 12. But it also presumably generated a new "encryption key" for all communications on the application, with an associated notification pushed out to all members of chats advising them that a new "safety number" had been created for the user performing the reinstall. Thus, Ms. Voorhies received a notification on May 7 that "[y]our safety number with Karen Evans has changed." This step, taken with DOJ and agency personnel present, proved necessary to permit the collection team to search the April 25 archived version of Ms. Evans' Signal application and collect responsive messages in usable form. Critically, there is no basis to believe that the reinstall resulted in any loss of data.

*Third*, contrary to Plaintiffs' suggestion, Defendants withheld no messages from responsive Signal chats as non-responsive or on the basis of dates. (The only date limitation Defendants applied was the Court-specified date range: December 1, 2025, to March 6, 2026.) Defendants produced the entire thread for each responsive Signal chat unless specific messages within that thread were deemed privileged and withheld or redacted on that basis. Chats from that date range that had no messages were produced as well, to show the existence of a chat that no longer contained any message content, including FEMA 2.0.

Defendants' Statement Regarding Karen Evans's Signal Chat "FEMA 2.0"
3:25-cv-03698-SI

3

*Fourth*, as to Plaintiffs' suggestion that some messages were "cut off" mid-message at the end of screenshot pages, Defendants intended to produce all non-privileged messages contained within responsive Signal chats. Given the expedited review necessary to comply with an extraordinarily tight deadline, some messages may have been inadvertently cut off. If Plaintiffs identify specific such messages, Defendants are happy to work with them to resolve concerns.

*******

Plaintiffs' filings over the last several months omit significant developments. Defendants have produced immense volumes of discovery in an expedited timeframe. That several DOJ personnel and FEMA agency counsel traveled to West Virginia and spent a full day at Ms. Evans' home collecting hard-copy materials and ESI illustrates the extraordinary lengths to which Defendants have gone to meet Plaintiffs' requests and the Court's orders. Yet every production or deposition leads to more demands from Plaintiffs or accusations that Defendants have not done enough, quickly enough. But discovery is supposed to be proportional to the needs of the case, and it has long since exceeded proportionality. This is where the parties are after three months of non-stop expedited discovery on Plaintiffs' emergency motion (filed February 10, 2026):

All FEMA COREs who were not reappointed in January 2026, other than those that have retired or voluntarily resigned, now have been offered reappointment. ECF 383, 383-1.

Plaintiffs have received 56,790 documents representing Defendants' ESI, hard-copy documents, and personal-device ESI, and have deposed five witnesses for over 32 hours so far.

The burden of expedited discovery has been borne only by Defendants; there are no corresponding discovery burdens on Plaintiffs, only a one-way ratchet to permit them the opportunity to develop a record to support a demand for emergency relief that has now been voluntarily provided by FEMA. The Court should permit the parties to complete expedited discovery and shift their efforts to supplemental briefing on Plaintiffs' now three-month-old preliminary injunction motion, which Defendants submit has been largely if not entirely mooted out by FEMA's decision to reappoint the COREs whose non-reappointments in January 2026 prompted that motion and the expedited discovery that has followed since.

Defendants' Statement Regarding Karen Evans's Signal Chat "FEMA 2.0"
3:25-cv-03698-SI

4

CRAIG H. MISSAKIAN (CABN 125202
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER HALL
Assistant Branch Director

BRAD P. ROSENBERG
Special Counsel

*/s/ Marianne F. Kies*
ROBERT C. BOMBARD
MARIANNE F. KIES
JEREMY S.B. NEWMAN
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005

*Counsel for Defendants*