Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
dleonard@altber.com
bchishom@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*
[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **DECLARATION OF ELIZABETH ESHLEMAN** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

Declaration of Elizabeth Eshleman, Case No. 3:25-cv-03698-SI

**DECLARATION OF ELIZABETH ESHLEMAN**

I, Elizabeth Eshleman, declare as follows:

1.      I am a member in good standing of the State Bar of California and the bar of this Court.  I represent all Union and Non-Profit Organization Plaintiffs in this action.  This declaration is based on my personal knowledge, information, and belief.

2.      Prior to and following the May 13, 2026 hearing before this Court, Plaintiffs attempted to confer with Defendants via email over the issues with Defendants' latest production of Karen Evans' Signal messages.  Defendants did not provide any response until 9:35am on May 14, 2026, just twenty-five minutes before the filing deadline.  **Exhibit A** is a true and correct copy of Plaintiffs' communications with Defendants over these issues.

3.      **Exhibit B** is a true and correct copy of the image marked USA-AFGE-Exp.-0425848 produced by Defendants on May 12, 2026, which is a screenshot of the "FEMA 2.0" Signal group chat that Defendants represent to have obtained from Karen Evans' Signal backup.

4.      **Exhibit C** is a true and correct copy of the images marked KLV_000514-515, which are screenshots of the "FEMA 2.0" Signal group chat produced by Kara Voorhies through her personal counsel at her deposition on May 11, 2026.  Ms. Voorhies' counsel represented that these screenshots of the "FEMA 2.0" Signal group chat were obtained from Ms. Voorhies' personal phone on May 7, 2026.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed May 14, 2026, in San Francisco, California.

_____
ELIZABETH ESHLEMAN

1

# Exhibit A

 Outlook

---

**RE: [EXTERNAL] AFGE v. Trump (N.D. Cal.): Karen Evans' action on Signal application last Thursday**

---

From   BJ Chisholm <bchisholm@altshulerberzon.com>

Date   Thu 5/14/2026 9:40 AM

To     Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Danielle Leonard <dleonard@altshulerberzon.com>; Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>

Cc     Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>

Counsel:

Our emails just crossed. We will review the response below and respond, but it is now less than 20 minutes before the Court's deadline. Defendants did not respond to multiple emails prior to this to alert Plaintiffs that you were preparing a response or needed additional time.

Sincerely,
BJ

---

**From:** Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>
**Sent:** Thursday, May 14, 2026 9:35 AM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>; Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>
**Cc:** Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>
**Subject:** RE: [EXTERNAL] AFGE v. Trump (N.D. Cal.): Karen Evans' action on Signal application last Thursday

Good afternoon:

Thanks for your patience while we looked into each of your questions and simultaneously focused on preparing our portion of the joint statement. We anticipate sending that to you shortly, but in the meantime, we address your questions below:

*We understand that this image is from the restored backups that you collected (as are the others that appear with this black background format). Please let us know if that understanding is not correct.* Correct.

*We reiterate that Ms. Evans' phone contained the content of this chat as of March 5, as Defendants have previously revealed to the Court.* Yes, it is our understanding that messages in the FEMA 2.0 chat were set to disappear and did disappear before the Court issued orders regarding Signal communications on personal phones.

*Please provide the answer to whether FEMA 2.0 appears on Ms. Evans' current phone (as it did as of March 5), or not.* The FEMA 2.0 chat appears on the phone but is empty (does not contain messages).

*If the FEMA 2.0 chat does not appear at all on Ms. Evan's current phone, then that must have been the result of some action taken by Ms. Evans. If that chat no longer appears, please provide the requested*

*information regarding when that chat was deleted.* See above; the messages were set to disappear and no longer exist.

*With respect to the other Signal chats that you recovered in the backups, but that were not produced from her current phone, we ask the same question because the materials you produced do not show the complete content.* It is our understanding that chats that do not show complete content had disappearing messages that pre-dated the April 25 backup, like FEMA 2.0. We produced all FEMA-related chats, even if empty.

*Please either produce the current content of those chats from her phone, or if that content no longer remains because Ms. Evans has deleted the chat from her phone, we request that you confirm that action and when it occurred.* We produced the content of FEMA-related chats up to April 25, 2026. If the content no longer remains, it is because a member of the chat set an expiring message timer/disappearing message timer and that date passed before Ms. Evans' April 25 archive.

*We reiterate our additional questions below, including whether Defendants produced only portions of the conversations and somehow withheld messages from certain dates on the basis of responsiveness.* We did not withhold anything for responsiveness based on "dates." We followed the Court-ordered scope of discovery, which is December 1, 2025, to March 6, 2026. We produced FEMA-related chats within the Court-ordered timeframe unless the contents were privileged and redacted accordingly. As for cut-off messages, if there are specific messages you have concerns about, please send them to us and we will be happy to review and attempt to resolve.

*Finally with respect to your explanation for why Ms. Evans' Signal is indicating to others that her "safety number" was changed on May 7, please explain what you mean by: "an artifact of the manner in which the data needed to be collected from Ms. Evans to ensure it was preserved." Specifically, what steps did Defendants take to collect this data, and why did that result in her safety number changing? Was her Signal chat re-installed as part of this collection process? Defendants' failure to produce many chats from her current phone in which she is known to have participated from that phone heightens the concern regarding the actions on May 7.* Ms. Evans' Signal was reinstalled so that we could search the archived, more comprehensive, April 25 backup file. We understand that upon reinstallation of Signal, new encryption keys are generated and members of communication groups are notified of them.

In an effort to address Plaintiffs' questions regarding FEMA 2.0, we are willing to offer Ms. Evans for a re-deposition of two hours on this issue.

---

**From:** Danielle Leonard <dleonard@altshulerberzon.com>
**Sent:** Wednesday, May 13, 2026 10:10 PM
**To:** Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>
**Cc:** Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>
**Subject:** RE: [EXTERNAL] AFGE v. Trump (N.D. Cal.): Karen Evans' action on Signal application last Thursday

Counsel-
We have not received a response to the questions we sent you this morning about your production and whether these chats exist or not on Ms. Evans' phone (and if not, when they were deleted), and with regard to the missing content and dates within the backups that you produced. As you know, we need to file a joint statement tomorrow. Please provide your response by 10 am eastern, so that we can evaluate whether we have remaining disputes, and if so, prepare the statement. If you cannot provide us with a response, we will include that in our portion of the statement.
Thank you,

Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

## ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

---

**From:** Danielle Leonard
**Sent:** Wednesday, May 13, 2026 11:28 AM
**To:** 'Bombard, Robert (CIV)' <Robert.Bombard2@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>
**Cc:** 'Hall, Christopher (CIV)' <Christopher.Hall@usdoj.gov>; 'Rosenberg, Brad (CIV)' <Brad.Rosenberg@usdoj.gov>; 'Kies, Marianne F (CIV)' <Marianne.F.Kies@usdoj.gov>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>
**Subject:** RE: [EXTERNAL] AFGE v. Trump (N.D. Cal.): Karen Evans' action on Signal application last Thursday

Counsel-

Thank you for clarifying with respect to FEMA 2.0. We did find the one image in last night's production at the Bates number you provided.  We understand that this image is from the restored backups that you collected (as are the others that appear with this black background format). Please let us know if that understanding is not correct.  We reiterate that Ms. Evans' phone contained the content of this chat as of March 5, as Defendants have previously revealed to the Court.

The Court's order included production of all FEMA-related Signal conversations as they appear on her current phone (which, at a minimum, should show when the settings were changed). Our understanding is that even if auto-delete functions have deleted messages within a chat, the chat itself would remain (along with entries regarding certain actions, including when individuals set or changed the auto-delete settings). Ms. Voorhies, for example, has the FEMA 2.0 chat remaining on her current phone, as she demonstrated by producing the content on Monday. Please provide the answer to whether FEMA 2.0 appears on Ms. Evans' current phone (as it did as of March 5), or not.  If the FEMA 2.0 chat does not appear at all on Ms. Evan's current phone, then that must have been the result of some action taken by Ms. Evans.  If that chat no longer appears, please provide the requested information regarding when that chat was deleted.

With respect to the other Signal chats that you recovered in the backups, but that were not produced from her current phone, we ask the same question because the materials you produced do not show the complete content.  Please either produce the current content of those chats from her phone, or if that content no longer remains because Ms. Evans has deleted the chat from her phone, we request that you confirm that action and when it occurred.

We reiterate our additional questions below, including whether Defendants produced only portions of the conversations and somehow withheld messages from certain dates on the basis of responsiveness.
Thanks,
Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

**ALTSHULER BERZON LLP**

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice. Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

**From:** Danielle Leonard
**Sent:** Wednesday, May 13, 2026 9:13 AM
**To:** Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Tsuki Hoshijima <thoshijima@democracyforward.org>
**Cc:** Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; BJ Chisholm <bchisholm@altshulerberzon.com>; Stacey Leyton <sleyton@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>
**Subject:** RE: [EXTERNAL] AFGE v. Trump (N.D. Cal.): Karen Evans' action on Signal application last Thursday

Counsel-
Removing Mr. Greaves, who does not represent a party to this case or this dispute.
We write regarding concerns that your production from yesterday is not complete, and to reiterate our concerns that Ms. Evans has deleted evidence. We intend to raise these issues with the Court this morning, and, absent agreement to fully comply, will propose that the parties present their positions in writing today by 3pm PT.

1. Defendants have not produced any record at all of FEMA 2.0 chat that was on Ms. Evans phone as of March 5 (by your own prior admission). As you know, the chat itself will exist even if the auto-delete settings resulted in messages being deleted, and her phone should also still have information regarding when the auto-delete settings were set or changed. We now have evidence produced by Kara Voorhies that Ms. Evans *changed* the autodelete settings for this chat in March. Defendants' failure to produce any record of this chat reveals one of two things: either Ms. Evans has also now deleted the chat entirely from her phone, at some point after March 5 (which you need to reveal to Plaintiffs and the Court), *or* you have withheld production of the remaining content of that chat (including content that confirms her actions with respect to the deletion settings). Please immediately confirm whether any record of the FEMA 2.0 chat exists on her phone (and if so, produce all content), and if not, when it was deleted.

2. The chats that were produced by Defendants are not a complete record of those chats:

a. You appear to have produced some chats from Ms. Evans' current phone, and some from backup materials.  None of the backup material chats appear to also have been produced from her current phone. This raises the same issue as above, and concerns regarding whether the chats still exist (and what they show regarding any changes to the settings), or when they have been deleted: please immediately confirm whether any of the chats reflected in your backup materials also still exist on her phone (and if so, produce all content), and if not, when each chat was deleted.

b. Defendants appear to have selected which dates and content to produce, rather than producing "all FEMA-related Signal chats from Evans's phone," as ordered by the Court. ECF 362 at 2.  For a few chats, the chat appears complete, but for the vast majority, the production reflects only portions of chats, with dates and content selected by Defendants. This includes messages that partially appear on one page and are cut-off and not produced (indicating the chat messages continue and have not been produced).  Please explain whether you removed dates from these chats (and why).  Plaintiffs request that you immediately produce all content from these chats, including the dates you have excised.

3. Your production contains substantial redactions.  We did not receive your privilege log with the production, or last night as promised. We will review the log you provided this morning.  The court ordered Defendants to produce the complete chats, and it did not permit you to remove material that you contend is not responsive or relevant.  We do not agree that you may redact or withhold documents for deliberative process privilege, or use that privilege to remove what you believe is non-responsive or irrelevant material.

4. Finally with respect to your explanation for why Ms. Evans' Signal is indicating to others that her "safety number" was changed on May 7, please explain what you mean by:  "an artifact of the manner in which the data needed to be collected from Ms. Evans to ensure it was preserved." Specifically, what steps did Defendants take to collect this data, and why did that result in her safety number changing?  Was her Signal chat re-installed as part of this collection process? Defendants' failure to produce *many* chats from her current phone in which she is known to have participated from that phone heightens the concern regarding the actions on May 7.

Thank you,
Danielle


Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

**ALTSHULER BERZON** LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is*

*strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

Exhibit B



USA-AFGE-Exp.-0425848

# Exhibit C



KLV_000514



KLV_000515