Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | |
| v. | **PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTES** |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

Plaintiffs respectfully request this Court's assistance to resolve disputes regarding Defendants' categorical objections to Plaintiffs' March 20, 2026 requests for production of documents ("RFPs"). Defendants have unilaterally refused to produce documents that are responsive to certain recent RFPs until after this Court's resolution of their motion to dismiss, despite this Court's April 22, 2026 rejection of their request for a stay of their discovery obligations pending a motion to dismiss. ECF 351 ("Having reviewed these filings and the attached exhibits, the Court declines to pause further discovery as defendants request").

The requests at issue seek documents pertaining to federal workforce reduction, including Agency Staffing Plans, updates, and related communications; communications and documents pertaining to reductions in force; and other OMB and OPM documents pertaining to workforce reduction. These documents are directly relevant to Plaintiffs' claims challenging agency action implementing the President's directives to radically reorganize federal agencies and cut agency workforces. Plaintiffs believe that Defendants' workforce reduction efforts remain ongoing.

Defendants' May 4, 2026 written responses purport to unilaterally grant themselves a stay of discovery pending their forthcoming motion to dismiss the claims in Plaintiffs' Supplemental Complaint (ECF 298), notwithstanding this Court's rejection of their request for such a stay just two weeks earlier. The parties' meet and confer efforts regarding this and other objections were unsuccessful and the parties agreed to submit the dispute to this Court today. Nonetheless, Defendants have now refused to file a joint statement regarding these disputes, taking the position that they should be permitted to file their motion to dismiss before presenting any discovery disputes. Because this Court has already rejected Defendants' request for a stay, and there is no other valid basis for denying Plaintiffs this discovery, Plaintiffs bring these issues to the Court and request assistance in resolving these disputes.

## BACKGROUND

Discovery in this case has been open since the parties' July 11, 2025 Rule 26 conference. *See* ECF 178, 226. Plaintiffs' first set of RFPs pertained to Agency RIF and Reorganization Plans ("ARRPs") and other reorganization and workforce-reduction related documents, which were the subject of Defendants' motions practice in this Court as well as an unsuccessful mandamus petition

and petition for rehearing en banc to the Ninth Circuit.  ECF 210, 214, 232; *AFGE v. Trump*, 155 F.4th 1082 (9th Cir. 2025); 163 F.4th 1226 (9th Cir. 2026)   Following resolution of those appellate matters, Defendants produced documents in response to that first set of requests into February 2026.

On March 20, 2026, Plaintiffs propounded their Second Set of RFPs, comprising eight requests to Defendants OMB, OPM, and Federal Agency Defendants.  These requests seek documents and communications pertaining to reorganization and workforce reduction efforts that took place after Plaintiffs' first set of RFPs.

In particular, on October 15, 2025, President Trump issued Executive Order 14356 "to protect and expand upon the[] historic reductions in the Federal workforce" under Executive Order No. 14210 (the implementation of which was originally challenged in this case).  *See* ECF 298 at 3-7.[1]  To implement Executive Order No. 14356, OMB and OPM directed agencies to create and submit final Annual Staffing Plans that address workforce reduction (including but not limited to "organizational restructuring, removal of unnecessary management layers, elimination of duplicative or unnecessary functions and positions," *id*. at 5).[2]  The RFPs at issue request documents pertaining to the Administration's ongoing workforce reduction efforts, including the following:  No. 4 (all versions of Annual Staffing Plans); No. 5 (subsequent quarterly reports and updates to OPM and OMB re: Annual Staffing Plans); No. 6 (documents pertaining to agency exemptions to Annual Staffing Plans); No. 7 (communications related to Annual Staffing Plans); No. 8 (documents and communications pertaining to Reductions in Force); and No. 9 (other OMB

---

[1] Plaintiffs' January 30, 2026 Supplemental Complaint added allegations and claims pertaining to these subsequent reorganization and workforce reduction efforts, including with respect to Executive Order No. 14356 and the Annual Staffing Plans.  ECF 298.  Defendants did not oppose leave to file that complaint.  ECF 290.

[2] There can be no real doubt that the Administration intends to continue these workforce reduction and agency dismantling efforts:  A high-ranking OMB official publicly stated in March 2026 that workforce reduction remains "Priority Number One" for the Trump Administration. *Continuing to shed federal workers remains 'priority number one,' White House official says*, GovExec (Mar. 5, 2025), available at https://www.govexec.com/workforce/2026/03/continuing-shed-federal-workers-remains-priority-number-one-white-house-official-says/411907/; *see also* FY2026 Presidential Management Agenda, released December 8, 2026, available at https://www.whitehouse.gov/wp-content/uploads/2025/12/M-26-03-Presidents-Management-Agenda.pdf (including three tiers, the first of which is "Shrink the Government & Eliminate Waste," including through the goal of "Downsize the Federal Workforce") (emphasis in original).

and OPM documents pertaining to workforce reduction).[3]  Plaintiffs have attached as Exhibit A Defendants' written responses to these requests, which contain the text of the requests.

Defendants requested, and Plaintiffs granted, a two-week extension to respond to these RFPs.  Defendants timely responded on May 4, but categorically objected to producing documents to Requests 4-9, on grounds discussed further below.  Ex. A.

On April 15, 2026, Defendants raised for the first time their intent to move to dismiss claims in the January 30, 2026 Supplemental Complaint and asked this Court to stay discovery in light of that forthcoming motion.  ECF 344 at 2, 13, 17 ("until those motions are resolved, stay all discovery in this case…").  On April 22, prior to Defendants' deadline to respond to the RFPs here at issue, this Court declined to grant that request.  ECF 351 ("Having reviewed these filings and the attached exhibits, the Court declines to pause further discovery as defendants request").

## DISCUSSION

**1.**     **Defendants' Objection to Production Prior to Resolution of the Forthcoming Motion to Dismiss Plaintiffs' Supplemental Complaint**

With respect to Request Nos. 4-7 and 9, Defendants have purported to grant themselves the stay of discovery that this Court previously denied, by objecting to the production of any responsive documents until after their motion to dismiss is resolved and another Rule 26(f) conference is held.  Ex. A at 5-10.  This is not a valid basis to object to production, including because this Court has already rejected Defendants' stay request (ECF 351).

Discovery has been open in this case since last summer.  Each of these requests for documents and communications pertaining to workforce reduction is directly relevant to Plaintiffs' claims that the President, OMB, OPM, and the other Defendant agencies have acted unlawfully to reorganize and downsize the federal government.[4]  As explained in Plaintiffs' Supplemental

---

[3] With respect to two additional requests (Nos. 10-11), which seek documents supplementing prior RFP responses pertaining to Agency RIF and Reorganization Plans and other RIF-related documents, Defendants have agreed to produce responsive documents, and the parties have no present dispute.

[4] To the extent the Supreme Court's stay order opined on a subset of those claims regarding facial challenges to the President's original Executive Order and OMB and OPM implementing memorandum, it did not address Plaintiffs' remaining claims, including what Plaintiffs contend are

Complaint, the Annual Staffing Plans required by Executive Order 14356 for fiscal year 2026 are expressly a direct continuation of Executive Order 14210's workforce reduction directives. As under Executive Order 14210, these plans must identify programs, offices, and positions to downsize on the basis that they are inconsistent with the President's priorities and agenda. These plans, any required updates, and communications regarding the plans are directly relevant to this lawsuit. Defendants' objections serve no purpose but to prevent access to important documents and information regarding Defendants' continuing unlawful efforts to reorganize and downsize the federal agencies without Congressional authorization and in contravention of law, echoing prior efforts throughout this litigation to prevent access to such information.

Defendants could have raised this motion to dismiss any new claims in the Supplemental Complaint at any time since January 30, 2026. There is no justification for allowing them to leverage their four-month delay into a stay of highly relevant discovery.

Moreover, thus far, Defendants have described their planned motion only as vaguely predicated on Rule 12(b)(1) and (b)(6) and involving both facial and factual challenges to the Supplemental Complaint.[5] This Court has previously ruled on and rejected Defendants' administrative channeling arguments, including in the context of Defendants' motion to dismiss the original complaint. ECF 259; *see also AFGE v. Trump*, 139 F.4th 1020, 1030 (9th Cir. 2025). The likelihood that Defendants' motion will raise the same or similar arguments provides further reason to reject their efforts to delay discovery.

Nor does Defendants' argument that this discovery should await a second Rule 26 conference provide any basis for a stay. At no time since January 30 have Defendants asked Plaintiffs to hold such a conference, which Plaintiffs would have been willing to participate in, notwithstanding the absence of any such requirement under the Rules. It is notable that at the prior

---

unlawful actions implementing those directives. This Court previously denied Defendants' prior motion to dismiss, which was predicated on an overly broad reading of the impact of the Supreme Court's preliminary stay decision. ECF 259 at 8.

[5] Plaintiffs understand that the "factual" reference likely pertains to Defendants' arguments that Plaintiffs' request for preliminary relief enjoining actions by DHS and FEMA has been mooted by offers of new appointments to employees. Plaintiffs' position, to be briefed with respect to the forthcoming motion, is that the claims are not moot and that appropriate further relief remains.

Rule 26(f) conference, the discussion was not particularly productive, in light of Defendants' then-insistence that nothing happen until after resolution of their then-forthcoming motion to dismiss. ECF 226 at 3-4.  The Federal Rules do not require a new Rule 26 conference for every Amended or Supplemental Complaint.  Nor do the Federal Rules interrupt open discovery and thereby delay the progress of cases pending a second (or third or fourth) Rule 26 conference.

Defendants also could have, but did not, raise this Rule 26 issue when they were served with Plaintiffs' document requests or when they requested an extension to respond.  Instead, Defendants asked the Court for a stay, that request was rejected, and Defendants then objected on the ground they prefer to wait.  Ex. A.  The goal could not be clearer:  to delay discovery and access to important documents directly relevant to the claims in this case.

**2.      Deliberative Process Privilege**

Defendants also object to certain requests in their entirety on deliberate process privilege grounds (Nos. 4-7) and two others as "predominantly" requesting deliberative material (Nos. 8-9). Defendants do not state that they have searched for and identified particular responsive documents as to which they assert this privilege.  Instead, they assert facial, categorical challenges to the subject matter of these requests.  This objection is meritless as well.

Defendants' assertion that documents pertaining to Annual Staffing Plans are "inherently" privileged ignore that the Executive Order requires *final* Annual Staffing Plans to be submitted to OPM and OMB in late 2025 and then *final* quarterly updates.  ECF 298 at 3-7.  And to the extent these materials do contain any (unidentified) pre-decisional and deliberative material, Defendants bear the burden of identifying that material with specificity and justifying the specific harms of disclosure, which they have not even attempted to do.  ECF 214 at 3; *AFGE v. Trump*, 155 F.4th at 1091 ("undifferentiated declarations of perpetual non-finality are an inadequate basis for a claim of privilege").  This Court should reject Defendants' facial objection.

Further, this Court and the Ninth Circuit have previously addressed Defendants' deliberative process privilege assertions and held that, even assuming the privilege applied, ECF 214; *AFGE v. Trump*, 155 F.4th 1082 (9th Cir. 2025); 163 F.4th 1226 (9th Cir. 2026), it was

overcome by the documents' relevance and by litigation need.  For the same and similar reasons, any qualified privilege is overcome here.  ECF 214 at 4-9; *AFGE v. Trump*, 155 F.4th at 1090-93.

**3.     Other Objections**

For Requests Nos. 4-7, the above two categorical objections are the entire response.  Ex. A. For Requests 8 and 9, which seek documents pertaining to RIFs, workforce reduction, and related subjects, Defendants have raised a handful of additional objections.  Ex. A at 8-10.

Request No. 8.  Defendants object that this RFP encompasses documents regarding RIFs that are "potential" but not yet "finalized, announced, or implemented."  This Court (and the Ninth Circuit) has previously rejected this same argument regarding relevance and scope of discovery. ECF 214 at 7; *AFGE v. Trump*, 155 F.4th at 1091.  Defendants also raise channeling and final agency action objections, both of which are in relevant respects identical to arguments this Court and the Ninth Circuit have previously rejected.  *See* ECF 259 at 10-11; *AFGE v. Trump,* 139 F.4th at 1030 (channeling); ECF 85 at 36;  *AFGE v. Trump*,139 F.4th at 1038 (final agency action).  The Supreme Court's stay decision does not alter those holdings.  Ex. A at 9-10; *see* ECF 259 at 8.

Finally, Defendants object based on burdensomeness and volume, but have not conducted any actual searches.  And Defendants' argument that have previously produced prior documents is no reason to block relevant discovery.

Request No. 9.   Besides the objections previously discussed, Defendants also assert this request is overbroad and therefore unduly burdensome, without any explanation as to why.  Ex. A at 11-12.  The requested documents, which involve OPM and OMB communications and other documents pertaining to workforce reduction, are plainly relevant, and Defendants cannot meet their burden of demonstrating burden when they have not even purported to conduct a search.

**4.     Defendants' Position**

Upon receipt of Defendants' objections, Plaintiffs set forth concerns in writing and attempted to meet and confer.  Defendants declined to meet and confer and agreed to proceed to present positions by way of a joint statement of up to five pages each by Monday, May 18, 2026. Late on Friday, May 15, 2026, Defendants informed Plaintiffs that they had changed their position

and would not cooperate in filing any joint statement prior to the forthcoming motion to dismiss, and requested that Plaintiffs include the following statement of Defendants' position in this filing:

> Defendants intend to seek a stay of certain of Plaintiffs' discovery requests pending resolution of their forthcoming motion to dismiss, which Defendants will file in four days (on Friday, May 22). When a party seeks a stay pending the outcome of a dispositive motion, the Court's inquiry is twofold. First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 -52 (N.D. Cal. 2003). In resolving this prong, the Court should take a "preliminary peek" at the merits of the pending motion to dismiss. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Pac. Lumber Co.*, 220 F.R.D. at 352. Defendants will respond in full to Plaintiffs' position regarding the discovery requests on Friday, contemporaneous with their motion to dismiss, as is appropriate under governing precedent.

Defendants' position that this Court *must* wait for and then review a forthcoming motion to dismiss before deciding whether to stay discovery is erroneous. Initially, as noted, this Court has already denied their stay request, and Defendants are the ones who chose to wait four months before filing a motion to dismiss. Further, the Federal Rules do not stay discovery pending pleadings motions, and district courts have long been understood to maintain discretion to manage cases before them in the manner they deem fit, including whether to permit discovery to proceed. *E.g.*, *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."). Defendants' above-cited cases allow courts to consider a pending motion in deciding whether to grant a discovery stay on a case-by-case basis, require the party moving for a protective order to meet a heavy burden to block discovery, and do not require courts to wait to review a long-forthcoming dismissal motion before rejecting a discovery stay. There is no basis for further delay, particularly given Defendants' failure to pursue relief in a timely fashion and apparent intent to reassert previously rejected arguments. ECF 259.

DATED: May 18, 2026                    Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Robin S. Tholin
Elizabeth Eshleman
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163

Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTES, No. 3:25-cv-03698-SI
9

By: /s/ Teague Paterson

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: /s/ Steven K. Ury

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: /s/ David Chiu

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)

PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTES, No. 3:25-cv-03698-SI

10

Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Christopher Sanders (pro hac vice)
General Counsel
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
chrsanders@kingcounty.gov
eclancy@kingcounty.gov

By: */s/ Erin King-Clancy*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
eliana@publicrightsproject.org
toby@publicrightsproject.org

By: */s/ Eliana Greenberg*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and Martin Luther King, Jr. County, WA*

Jonathan G.C. Fombonne

PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTES, No. 3:25-cv-03698-SI

11

Harris County Attorney

Sarah Utley (pro hac vice app. forthcoming)
Managing Counsel
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211

jonathan.fombonne@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago

Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)
Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Rebecca Hirsch*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor

Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street

Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*