# Exhibit A

CRAIG H. MISSAKIAN
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD P. ROSENBERG
Special Counsel
CHRISTOPHER HALL
Assistant Branch Director
MARIANNE F. KIES
JEREMY S.B. NEWMAN
ROBERT C. BOMBARD
Trial Attorneys
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-1819
Marianne.F.Kies@usdoj.gov

Counsel for Defendants

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*. <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al*., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Defendants respond to Plaintiffs' Second Set of Requests for Production as follows.

### Objections to Preamble

Defendants object to the Preamble insofar as it purports to require complete production of non-privileged, responsive materials within thirty days. Federal Rule of Civil Procedure 34 does not contain such a requirement, but rather requires a responding party to provide written objections and responses within that timeframe. Fed. R. Civ. P. 34(b)(2). To the extent Defendants agree to search for and produce responsive communications for any given request for production (consistent with Rule 34(b)(2)(C)), Defendants will produce responsive communications on a rolling basis, consistent with Rule 34(b)(2)(B).

### Objections to Instructions

1.      Defendants object to Instruction No. 1 to the extent it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure.

2.      Defendants object to Instruction No. 2 because it is unduly vague and it is not clear what Instruction No. 2 is intended to convey. Defendants further object to Instruction No. 2 to the extent it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure. To the extent Defendants understand Instruction No. 2, Defendants object to this Instruction to the extent it is inconsistent with the operation of any document processing software used by Defendants or to which it purports to impose an obligation inconsistent with Defendants' ability to withhold privileged materials.

3.      Defendants object to Instruction No. 4 to the extent it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure. Defendants will search for documents within their possession, custody, or control, as required by Federal Rule of Civil Procedure 34(a)(1) and governing case law.

4.      Defendants object to Instruction No. 7 to the extent that it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure. Defendants will search for documents within their possession, custody, or control, as required by Federal Rule of Civil

Procedure 34(a)(1) and governing case law.

5.    Defendants object to Instruction No. 8 to the extent it requires identification, collection, review, and/or production of documents outside the relevant timeframe.

6.    Defendants object to Instruction Nos. 9 and 10 because they purport to impose obligations inconsistent with the Federal Rules of Civil Procedure in general and Rule 26(b)(5) in particular, and on the ground that it is unduly burdensome. Defendants shall produce any privilege log in a format consistent with the Federal Rules of Civil Procedure within 30 days of Defendants' substantial completion of document production. As noted *supra* (preamble), Defendants further object to this instruction (and anything else in these Requests) that may imply Defendants will complete any production of documents by the written response date; in accordance with Rule 34(b)(2)(B), Defendants anticipate making rolling productions.

7.    Defendants object to Instruction No. 12 to the extent that it seeks to impose upon Defendants any obligation to rewrite any requests where they are vague, overbroad, or unclear. Where Defendants object to a request as vague, overbroad, or unclear, they will endeavor to provide an alternative understanding in light of the claims and defenses in this case and the parties' rights and obligations under Rules 26 and 34.

8.    Defendants object to Instruction No. 13 in that they reserve all objections to any future discovery that may be propounded by the Plaintiffs, including that no such discovery is appropriate or permissible.

9.    Defendants object to the Instructions (and Definitions, *infra*) because many of them do not provide a relevant timeframe. Plaintiffs' Requests 4 through 7 and 9 seek to discover information relevant to implementation of Executive Order 14,356. That Executive Order was issued on October 15, 2025. Therefore, Defendants will search for documents and communications from October 15, 2025 to the date of service of the Requests (March 20, 2026).

### Objections to Definitions

1.    Defendants object to Definition No. 1 to the extent it encompasses any material beyond the scope of Federal Rule of Civil Procedure 34(a) or purports to encompass any materials outside of Defendants' possession, custody, or control. Defendants will construe this definition,

and the requests generally, to seek documents and electronically stored information responsive to Plaintiffs' requests for production.

2.      Defendants object to Definition No. 3 to the extent it encompasses any material beyond the scope of Federal Rule of Civil Procedure 34(a) or purports to encompass any materials outside of Defendants' possession, custody, or control. Defendants will construe this definition, and the requests generally, to seek documents and electronically stored information responsive to Plaintiffs' requests for production.

3.      Defendants object to Definition No. 4 as vague and overbroad to the extent it includes anyone "acting on behalf" of these components, including "agents," "representatives," and "any other affiliated individuals." Defendants will construe the term "Federal Agency Defendants" in these requests to mean the Defendants so identified in the Second Amended and Supplemental Complaints, including any persons employed by these entities reasonably likely to have information responsive to these requests.

4.      Defendants object to Definition No. 5 as vague and overbroad to the extent it includes anyone "acting on behalf of" these components, including "agents," "representatives," and "any other affiliated individuals." Defendants will construe the term "OMB" in these requests to mean the United States Office of Management and Budget, including any persons employed by this entity reasonably likely to have information responsive to these requests.

5.      Defendants object to Definition No. 6 as vague and overbroad to the extent it includes anyone "acting on behalf of" these components, including "agents," "representatives" and "any other affiliated individuals." Defendants will construe the term "OPM" in these requests to mean the United States Office of Personnel Management, including any persons employed by this entity reasonably likely to have information responsive to these requests.

6.      Defendants object to Definition No. 7 ("ANNUAL STAFFING PLAN") to the extent it seeks pre-decisional, deliberative, and otherwise privileged material. As noted above, Defendants shall produce any privilege log in a format consistent with the Federal Rules of Civil Procedure.

## Objections to All Requests for Production

1.    Defendants object to the requests to the extent that they seek information protected against disclosure by: (a) the attorney work-product doctrine; (b) the attorney-client privilege; (c) the deliberative-process privilege, the joint-defense privilege, the common-interest privilege, the law-enforcement privilege, or the state-secrets privilege; (d) any other form of executive privilege; or (e) any other applicable privilege or protection. Any inadvertent production of privileged or otherwise protected information in response to the Requests shall not be deemed to be a waiver by Defendants of any such privilege or protection from disclosure.

2.    Defendants object to the requests to the extent they seek documents created by or sent to litigation counsel, agency counsel assigned to this litigation, or other legal staff assigned to any inquiry related to the topics of the requests either for the defense of this litigation or for purpose of responding to inquiries outside of this litigation (including, but not limited to, Freedom of Information Act (FOIA) requests or congressional inquiries), which are protected against disclosure by the attorney-client privilege and the attorney work-product doctrine. Documents created by or sent to litigation counsel, agency counsel assigned to this litigation, or other legal staff assigned to collateral FOIA requests will not be included on Defendants' privilege logs.

3.    Defendants object to the requests to the extent that they seek information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation.

4.    Defendants object to each of the requests to the extent they are duplicative of other requests. Documents responsive to multiple requests will be produced only once.

5.    Defendants object to the requests to the extent they seek documents that are publicly available or are readily accessible to Plaintiffs or otherwise would be less burdensome for Plaintiffs to obtain than Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C).

6.    Defendants incorporate all of the foregoing objections in each of the responses below regardless of whether a specific objection is reasserted with respect to a specific request. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that

request. Moreover, the assertion of the same, similar, or additional objections in response to a specific request does not waive, limit, or modify any of Defendants' general objections or similar or separate specific objections raised in response to a request.

7. Defendants' response to a request indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents, that Defendants performed any of the acts described in the document request, or that Defendants agree with the characterization of the conduct or activities described in the document request.

8. Defendants expressly reserve the right to supplement, clarify, review, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

### Objections and Responses to Specific Requests for Production

**REQUEST FOR PRODUCTION NO. 4:** All versions of ANNUAL STAFFING PLANs.

**RESPONSE TO RFP 4:** Defendants object to this Request for Production because it is premature and therefore irrelevant. The parties have not conferred, at all, regarding the appropriate scope of discovery as regards the Supplemental Complaint, from which this Request arises. That conference needs to occur before written discovery on the Supplemental Complaint may commence. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."); *see also* 8A Fed. Prac. & Proc. Civ. § 2051.1 (3d ed.) ("The animating impulse behind the Rule 26(f) conference requirement is that advance planning and collaboration will frequently reduce or avoid problems that would occur without that planning."). Moreover, a conference regarding the scope of discovery about the Supplemental Complaint should, itself, occur only after Defendants respond to the Supplemental Complaint—particularly because Defendants intend to move to dismiss it for lack of subject-matter jurisdiction on or before May 22, 2026. *See* ECF 363 at 2.

Defendants further object to this Request for Production because it facially seeks deliberative, pre-decisional, and therefore privileged information ("[a]ll versions of"). Moreover, Defendants object that this request is overbroad and unduly burdensome as it seeks "all versions" of staffing plans, without any limitation, from more than two dozen federal agencies. Annual Staffing Plans are inherently privileged, but even were the Court to determine otherwise (assuming discovery is even appropriate in the first instance as to any claims Annual Staffing Plans might be relevant to), at most only the final versions of any Annual Staffing Plans would be subject to discovery. *See, e.g.*, *Carter v. U.S. Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (defining deliberative process privilege).

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants will respond to this Request after the parties have conferred, which conference should take place after Defendants' forthcoming motion to dismiss the Supplemental Complaint has been resolved. At an appropriate time thereafter, Defendants reserve the right to update their response to this Request.

**REQUEST FOR PRODUCTION NO. 5:** All "updates" required by Executive Order 14356 to be submitted "to OPM and OMB at the beginning of each quarter, beginning with the second quarter of the 2026 fiscal year, showing progress in implementing their Annual Staffing Plans."

**RESPONSE TO RFP 5:** Defendants object to this Request for Production because it is premature and therefore irrelevant. The parties have not conferred, at all, regarding the appropriate scope of discovery as regards the Supplemental Complaint, from which this Request arises. That conference needs to occur before written discovery on the Supplemental Complaint may commence. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."); *see also* 8A Fed. Prac. & Proc. Civ. § 2051.1 (3d ed.) ("The animating impulse behind the Rule 26(f) conference requirement is that advance planning and collaboration will frequently reduce or avoid problems that would occur without that planning."). Moreover, a conference regarding the scope of discovery about the Supplemental Complaint should, itself, occur only after Defendants respond to the Supplemental Complaint—particularly because Defendants intend to move to dismiss it for lack of subject-matter jurisdiction on or before May 22, 2026. *See* ECF 363 at 2.

Defendants' Objections and Responses to Plaintiffs' Second Set of Requests for Production
 3:25-cv-3698-SI

Defendants further object to this Request for Production because it facially seeks deliberative, pre-decisional, and therefore privileged information ("[a]ll updates"). Moreover, Defendants object that this request is overbroad and unduly burdensome as it seeks "all updates" regarding "progress" on staffing plans, without any limitation, from more than two dozen federal agencies. Annual Staffing Plans are inherently privileged, but even were the Court to determine otherwise (assuming discovery is even appropriate in the first instance as to any claims Annual Staffing Plans might be relevant to), at most only the final versions of any Annual Staffing Plans would be subject to discovery. *See, e.g.*, *Carter v. U.S. Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (defining deliberative process privilege).

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants will respond to this Request after the parties have conferred, which conference should take place after Defendants' forthcoming motion to dismiss the Supplemental Complaint has been resolved. At an appropriate time thereafter, Defendants reserve the right to update their response to this Request.

**REQUEST FOR PRODUCTION NO. 6:** All DOCUMENTS referencing or reflecting any "exemption" request made to, or granted or denied by OPM, with respect to ANNUAL STAFFING PLANS, in whole or part.

**RESPONSE TO RFP 6:** Defendants object to this Request for Production because it is premature and therefore irrelevant. The parties have not conferred , at all, regarding the appropriate scope of discovery as regards the Supplemental Complaint, from which this Request arises. That conference needs to occur before written discovery on the Supplemental Complaint may commence. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."); *see also* 8A Fed. Prac. & Proc. Civ. § 2051.1 (3d ed.) ("The animating impulse behind the Rule 26(f) conference requirement is that advance planning and collaboration will frequently reduce or avoid problems that would occur without that planning."). Moreover, a conference regarding the scope of discovery about the Supplemental Complaint should, itself, occur only after Defendants respond to the Supplemental Complaint—particularly because Defendants intend to move to dismiss it for lack of subject-matter jurisdiction on or before May 22, 2026. *See* ECF  363 at 2.

Defendants further object to this Request because it is facially overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to seek "All Documents," without any limitation, referencing or reflecting exemption requests from more than two dozen federal agencies. *See, e.g.*, *Lynwood Invs. CY Ltd. v. Konovalov*, 2025 WL 2969719, at *6 (N.D. Cal. Oct. 21, 2025) ("[T]he overbreadth of these requests makes it unclear whether all responsive documents will be relevant, creating a significant likelihood that the requests are not proportionate to the needs of the case.").

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants will respond to this Request after the parties have conferred, which conference should take place after Defendants' motion to dismiss the Supplemental Complaint is resolved. At an appropriate time thereafter, Defendants reserve the right to update their response to this Request.

**REQUEST FOR PRODUCTION NO. 7:** All COMMUNICATIONS discussing any ANNUAL STAFFING PLAN (in whole or any part) from October 15, 2025 to the present, including but not limited to COMMUNICATIONS between any Federal Agency Defendant and OMB or OPM, within or between OMB and OPM, and within any Federal Agency Defendant.

**RESPONSE TO RFP 7:** Defendants object to this Request for Production because it is premature and therefore irrelevant. The parties have not conferred, at all, regarding the appropriate scope of discovery as regards the Supplemental Complaint, from which this Request arises. That conference needs to occur before written discovery on the Supplemental Complaint may commence. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."); *see also* 8A Fed. Prac. & Proc. Civ. § 2051.1 (3d ed.) ("The animating impulse behind the Rule 26(f) conference requirement is that advance planning and collaboration will frequently reduce or avoid problems that would occur without that planning."). Moreover, a conference regarding the scope of discovery about the Supplemental Complaint should, itself, occur only after Defendants respond to the Supplemental Complaint—particularly because Defendants intend to move to dismiss it for lack of subject-matter jurisdiction on or before May 22, 2026. *See* ECF 363 at 2.

Defendants further object to this Request for Production because it facially seeks

deliberative, pre-decisional, and therefore privileged information ("[a]ll communications" about staffing plans). Moreover, Defendants object that this request is overbroad and unduly burdensome as it seeks "all communications" about staffing plans, without any limitation, from more than two dozen federal agencies. Annual Staffing Plans are inherently privileged, but even were the Court to determine otherwise (assuming discovery is even appropriate in the first instance as to any claims Annual Staffing Plans might be relevant to), at most only the final versions of any Annual Staffing Plans would be subject to discovery. *See, e.g.*, *Carter v. U.S. Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (defining deliberative process privilege).

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants will respond to this Request after the parties have conferred, which conference should take place after Defendants' forthcoming motion to dismiss the Supplemental Complaint has been resolved. At an appropriate time thereafter, Defendants reserve the right to update their response to this Request.

**REQUEST FOR PRODUCTION NO. 8:** All DOCUMENTS, including but not limited to COMMUNICATIONS, from September 1, 2025 to the present, referring to or discussing reductions-in-force ("RIFs") including but not limited to communications within or among Federal Agency Defendants, between Federal Agency Defendants and OPM or OMB, and within or between OPM and OMB.

**RESPONSE TO RFP 8:** Defendants object to this Request for Production because it encompasses materials related to purported RIFs that are at most potential, and which have not been finalized, announced, or implemented. Defendants further object that this Request is irrelevant and that this Court is without jurisdiction to adjudicate any challenge to any such RIF, which would be subject to the comprehensive, exclusive statutory scheme for administrative and judicial review set forth by the CSRA and related statutes. To the extent this Court might have jurisdiction over any challenge to any such RIF at all, it would only be after any such RIF is finalized and implemented, and would be based on the administrative record supporting that final decision (which necessarily cannot exist prior to the decision at issue being finalized). *Cf. Trump v. AFGE*, 606 U. S. ____ (2025) (Sotomayor, J.) (concurring) ("Here, however, the relevant Executive Order directs agencies to plan reorganizations and reductions in force "consistent with

applicable law," App. to Application for Stay 2a, and the resulting joint memorandum from the Office of Management and Budget and Office of Personnel Management reiterates as much. The plans themselves are not before this Court, at this stage, and we thus have no occasion to consider whether they can and will be carried out consistent with the constraints of law.").

Defendants further object to this Request because the materials sought are predominantly protected by the deliberative-process privilege, as it seeks communications involving the planning of contemplated potential personnel decisions and actions that have yet to be finalized or implemented, and may never be finalized or implemented. *See, e.g.*, *Carter v. U.S. Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002).

Defendants further object to this Request because it is facially overbroad, unduly burdensome, and disproportionate to the needs of the case, because it seeks "[a]ll Documents," "including but not limited to Communications," "referring to or discussing" RIFs "within or among" more than 25 different federal agencies and government entities. *See, e.g.*, *Lynwood Invs. CY Ltd. v. Konovalov*, 2025 WL 2969719, at *6 (N.D. Cal. Oct. 21, 2025) ("[T]he overbreadth of these requests makes it unclear whether all responsive documents will be relevant, creating a significant likelihood that the requests are not proportionate to the needs of the case."). Defendants in this case have already produced an enormous volume of materials responsive to similar Requests for Production, such as RFP No. 1, and this additional Request is not proportional to the needs of the case. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants will not be producing additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:** All OMB or OPM DOCUMENTS, including but not limited to COMMUNICATIONS, from September 1, 2025 to the present, not already produced in this litigation, pertaining to: 1) "workforce reduction" or "downsize[ing] the federal workforce"; (2) the "duplicative or unnecessary functions and positions" referenced in EO 14536; or 3) the "unnecessary roles" referenced by OMB Director Russell Vought in the December 8, 2025 Memorandum regarding the "President's Management Agenda."

**RESPONSE TO RFP 9:** Defendants object to this Request for Production because it is premature and therefore irrelevant. The parties have not conferred, at all, regarding the appropriate

Defendants' Objections and Responses to Plaintiffs' Second Set of Requests for Production
 3:25-cv-3698-SI

scope of discovery as regards the Supplemental Complaint, from which this Request arises. That conference needs to occur before written discovery on the Supplemental Complaint may commence. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."); *see also* 8A Fed. Prac. & Proc. Civ. § 2051.1 (3d ed.) ("The animating impulse behind the Rule 26(f) conference requirement is that advance planning and collaboration will frequently reduce or avoid problems that would occur without that planning."). Moreover, a conference regarding the scope of discovery about the Supplemental Complaint should, itself, occur only after Defendants respond to the Supplemental Complaint—particularly because Defendants intend to move to dismiss it for lack of subject-matter jurisdiction on or before May 22, 2026. *See* ECF  363 at 2.

Defendants further object to this Request because the materials sought are predominantly protected by the deliberative-process privilege, as it seeks communications involving the planning of contemplated potential personnel decisions or actions that have yet to be finalized or implemented, and may never be finalized or implemented. *See, e.g.*, *Carter v. U.S. Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002).  Nor is discovery related to EO 14536 or an OMB memo proportionate to the needs of this case as it is already the law of the case that the Executive Branch may issue materials related to the size of its workforce; in their original complaint, Plaintiffs based their claims on Executive Order No. 14210, 90 Fed. Reg. 9669 (2025), and a joint memorandum from OMB and OPM implementing that Executive Order. The Supreme Court stayed the district court's injunction, concluding that the "Government is likely to succeed on its argument that the Executive Order and Memorandum are lawful." *Trump v. AFGE*, 606 U.S. _(2025).

Defendants further object to this Request because it is facially overbroad, unduly burdensome, and disproportionate to the needs of the case, because it seeks "[a]ll Documents," "including but not limited to Communications," relating to three broad categories of information. *See, e.g.*, *Lynwood Invs. CY Ltd. v. Konovalov*, 2025 WL 2969719, at *6 (N.D. Cal. Oct. 21, 2025) ("[T]he overbreadth of these requests makes it unclear whether all responsive documents will be relevant, creating a significant likelihood that the requests are not proportionate to the needs of the

Defendants' Objections and Responses to Plaintiffs' Second Set of Requests for Production
 3:25-cv-3698-SI

case.").

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Defendants will respond to this Request after the parties have conferred, which conference should only take place after Defendants' motion to dismiss the Supplemental Complaint is resolved. At an appropriate time thereafter, Defendants reserve the right to update their response to this Request.

**REQUEST FOR PRODUCTION NO. 10:** Consistent with DEFENDANTS' obligations to supplement prior productions of documents responsive to RFP No. 1, to the extent not previously produced by Defendants in this litigation pursuant to court order, all COMMUNICATIONS between any Federal Agency Defendant and OMB, OPM, or USDS discussing any Agency RIF and Reorganization Plan (in whole or any part) between September 1, 2025 and the present.

**RESPONSE TO RFP 10:** Defendants incorporate by reference their August 11, 2025, responses and objections to RFP No. 1. Without waiving those objections, Defendants will supplement, pursuant to Rule 26(e), their productions responsive to RFP No. 1 (and therefore this Request), with rolling productions.

**REQUEST FOR PRODUCTION NO. 11:** Consistent with Defendants' obligations to supplement prior productions of documents responsive to RFP Nos. 2 and 3, to the extent not previously produced by Defendants in this litigation pursuant to court order, all Federal Agency Defendant applications for waivers of statutorily-mandated RIF notice periods and responses by OMB or OPM to any Federal Agency Defendant's request for waivers of statutorily mandated RIF notice periods, through the date of production.

**RESPONSE TO RFP 11:** Defendants incorporate by reference their August 11, 2025 responses and objections to RFP Nos. 2 and 3. Without waiving those objections, Defendants will supplement, pursuant to Rule 26(e), their productions responsive to RFP Nos. 2 and 3 (and therefore this Request), with rolling productions.

Dated: May 4, 2026        Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

BRAD P. ROSENBERG
Special Counsel

CHRISTOPHER HALL
Assistant Branch Director

*/s/ Marianne F. Kies*
Robert C. Bombard
Marianne F. Kies
Jeremy S.B. Newman
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-1819
Marianne.F.Kies@usdoj.gov

*Counsel for Defendants*

Defendants' Objections and Responses to Plaintiffs' Second Set of Requests for Production
3:25-cv-3698-SI

13