CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD P. ROSENBERG
JEREMY S.B. NEWMAN
Chief Litigation Counsel
CHRISTOPHER HALL
MARIANNE F. KIES
Assistant Branch Directors
ROBERT C. BOMBARD
Trial Attorney
Civil Division, Federal Programs Branch

    1100 L Street, NW
    Washington, DC 20005
    Telephone: (202) 616-0773
    Robert.Bombard2@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>    Plaintiffs,<br><br>      v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' STATEMENT REGARDING PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION** |

## INTRODUCTION

From Plaintiffs' telling, their Second Set of Requests for Production are merely a continuation of discovery open since 2025. They are not. Plaintiffs' First Set of Requests for Production were tethered to the lawsuit as it originally existed, which targeted agencies' purported RIF and Reorganization Plans ("ARRPs") pursuant to Executive Order 14210 (Implementing the President's "Department of Government Efficiency" Workforce Optimization Initiative). To the extent Plaintiffs now seek supplementation of Defendants' prior responses to these requests, Defendants have already told Plaintiffs that they will do so.

The instant dispute is very different. Plaintiffs are now focused on something else: Annual Staffing Plans prepared pursuant to Executive Order 14356, which is the subject of Plaintiffs' "Supplemental" Complaint filed at the end of January 2026. ECF 298. After months of expedited, one-sided discovery regarding Federal Emergency Management Agency ("FEMA") COREs— conducted at a blistering pace, with never-ending complaints about what was produced and demands for more—Defendants are finally able to raise the threshold jurisdictional issues that render the Supplemental Complaint unreviewable. It makes no sense, at all, to require Defendants to identify, collect, review, and produce documents regarding Plaintiffs' claims about Annual Staffing Plans in the Supplemental Complaint when, for multiple independent reasons, those claims fail under Federal Rules of Civil Procedure 12(b)(1) (and 12(b)(6)). Plaintiffs have received everything they asked for in connection with expedited discovery, and more, and any alleged emergency regarding FEMA COREs is now over, with those COREs having been reappointed and the parties submitting supplemental briefs. Defendants are now entitled to the opportunity to fully brief their Motion to Dismiss, and for it to be resolved, before Plaintiffs can bombard Defendants again with broad, burdensome discovery requests seeking information that is manifestly privileged. Of course, if some portion of the Supplemental Complaint remains after the Court resolves Defendants' motion to dismiss, then discovery can be further tailored to those remaining claims. The parties can also meaningfully dispute, at that time, the applicability of the deliberative-process privilege—which unquestionably protects Annual Staffing Plans from examination and certainly protects deliberations and discussions regarding those (deliberative) Staffing Plans. But

Defendants' Statement Regarding Plaintiffs' Second Set of Requests for Production
3:25-cv-03698-SI

1

we are nowhere near that point. There is no prejudice to Plaintiffs from allowing the briefing to complete in due course. The Requests for Production will still be there if the case is.

For the foregoing reasons, the Court should stay Defendants' obligation to respond to Plaintiffs' Second Set of Requests for Production to the extent they seek information relating to the Supplemental Complaint (i.e., Requests for Production Nos. 4–7, 9), pending final resolution of Defendants' Motion to Dismiss. *See Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009) ("Particularly when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first."). The Court should also issue an order shielding Defendants from Request for Production No. 8, seeking "all Communications between any Federal Agency Defendant and OMB, OPM, or USDS discussing any [ARRP] (in whole or any part) between September 1, 2025 and the present." Defendants have produced or will soon produce tens of thousands of responsive documents from two dozen Agencies, responsive to Requests for Production Nos. 1, 2, 10, and 11. Plaintiffs do not, and cannot, explain why they need even more email communications about the ARRPs, particularly given that they have yet to make any practical use of the documents and communications they received already, *which include the ARRPs themselves*. Nor have Plaintiffs explained whether and why the productions they have received are inadequate. They just want more, notwithstanding the proportionality requirements of Rule 26(b)(1). Plaintiffs should be required to take stock of what they have, and explain any supposed inadequacy, before this Court orders Defendants to embark on further document productions from nearly every executive department in the federal government. The Federal Rules do not exist to facilitate discovery for the sake of discovery.

## BACKGROUND

Plaintiffs filed this lawsuit putatively to "enjoin this unconstitutional reorganization of the federal government without legislative authority." ECF 1 (Apr. 28, 2025, Compl.) at 2. They claimed that all federal agencies were going to be "*required* to commence large-scale RIFs (irrespective of whether staffing reductions are necessary or even appropriate in light of agency

Defendants' Statement Regarding Plaintiffs' Second Set of Requests for Production
3:25-cv-03698-SI

functions, obligations, and appropriations)." *Id.* ¶ 9(a). This Court entered a temporary restraining order, and later a preliminary injunction, based on Plaintiffs' insistence that emergency injunctive relief was necessary to stop the Administration's efforts to "dismantle the government *now*[,]" in violation of federal law. ECF 101-1 (Pls.' Memo. ISO Mot. for Preliminary Injunction) at 1; *see* ECF 85 (TRO), ECF 124 (PI). The Supreme Court stayed the Court's injunction on the basis that the Government was likely to succeed on its argument that Executive Order 14210 and its implementing memorandum are lawful. *Trump v. Am. Fed'n of Gov't Emps.*, 606 U.S. ----, 145 S. Ct. 2635 (2025) (mem.). Concurring, Justice Sotomayor wrote: "The [ARRPs] themselves are not before this Court, at this stage, and we thus have no occasion to consider whether they can and will be carried out consistent with the constraints of law." *Id.* at 2635 (Sotomayor, J., concurring).

When the case returned to the district court, the parties held a discovery conference surrounding the operative complaint about the ARRPs, ECF 228 at 4, and Defendants were ordered to produce communications from all Agency defendants regarding them, ECF 285. Defendants have since produced tens of thousands of documents and will begin supplementing their prior productions on or around June 11. Moreover, after this Court held that the deliberative process privilege ("DPP") as to the ARRPs was categorically overruled (ECF 214), Defendants also produced the ARRPs to Plaintiffs (via protective order), as well as communications that Defendants had previously withheld as DPP. To date, although a preliminary injunction is not in place, the government has not been dismantled. Perhaps recognizing that their dismantling theory has been disproven, Plaintiffs have shifted gears completely.

Specifically, on January 30, 2026, Plaintiffs filed a "Supplemental Complaint" to challenge an entirely "new round of directives"—Executive Order No. 14356, 90 Fed. Reg. 48,387, issued on October 15, 2025—that directed agencies to create "Annual Staffing Plans." *See, e.g.*, ECF 298 (Suppl. Compl.) ¶¶ 436, 441–55 ("Supplemental Factual Allegations," § I). Separately in their Supplemental Complaint, which added FEMA as a Defendant (*id.* ¶¶ 439, 440), Plaintiffs challenge an alleged "downsizing directive" to FEMA. *Id.* ¶¶ 456–568 ("Supplemental Factual Allegations," § II). Based largely on media reporting, Plaintiffs allege that the Department of Homeland Security ("DHS") unlawfully usurped FEMA's authority by ordering FEMA not to

Defendants' Statement Regarding Plaintiffs' Second Set of Requests for Production
3:25-cv-03698-SI

reappoint certain COREs at the expiration of their terms. *E.g.*, *id*. ¶¶ 484, 492. As to their EO 14356 challenge, Plaintiffs supplement their existing claims in the Second Amended Complaint. *Id.* ¶¶ 569–74. As to the CORE non-renewals challenge, Plaintiffs assert six new claims, alleging that DHS's and FEMA's actions: (1) are not in accordance with law and exceed statutory authority under the APA (Claims 8 and 11); (2) are *ultra vires*, unlawful and unconstitutional (Claims 9 and 12); and (3) are arbitrary and capricious under the APA (Claims 10 and 13). *Id*. ¶¶ 575–604. On February 10, 2026, Plaintiffs moved for a temporary restraining order with respect to the FEMA COREs issue. ECF 301.

Since Plaintiffs sought emergency relief, Defendants—and the Court—have been consumed by a never-ending flood of demands and disputes during "expedited" discovery relating to FEMA COREs. Since February 10, the ECF filings in this case have skyrocketed from ECF 301 (Plaintiffs' Motion for TRO) to ECF 400 (Plaintiffs' position on the instant dispute). Nonetheless, on March 20, without notice—and while Defendants were still responding to Plaintiffs' expedited discovery demands relevant to the preliminary injunction—Plaintiffs served a Second Set of Requests for Production, geared almost entirely towards information relevant to the Supplemental Complaint's "Annual Staffing Plans" claims. ECF 345-7 (Second Set of RFPs). Among many other things, Plaintiffs seek *all* versions of, and *all* communications regarding, the Annual Staffing Plans, from 25 separate Agency Defendants. *Id.* (Requests 4–7, 9). Plaintiffs also seek additional productions relevant to RIFs (Request 8) and supplemental productions relevant to Requests for Production Nos. 1 and 2 (Requests 10 and 11).

Defendants have moved to dismiss the Supplemental Complaint in its entirety for lack of subject-matter jurisdiction. ECF 402. As to Executive Order 14356, its implementing memorandum, and the Annual Staffing Plans, Defendants' Motion to Dismiss under Rule 12(b)(1) is facial, therefore requiring resolution prior to further factual development. *See id.* (Argument § I).

**I.      Plaintiffs' Requests for Production Concerning the Supplemental Complaint Should Be Stayed Pending Defendants' Motion to Dismiss (ECF 402).**

District courts have "wide discretion" in controlling discovery, *Little v. City of Seattle*, 863

F.2d 681, 685 (9th Cir. 1988), which extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). A dispositive motion supplies such "good cause." *See, e.g.*, *Gibbs v. Carson*, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014) ("A district court has broad discretion to stay discovery pending the disposition of a dispositive motion" (citing, *inter alia*, *Little*, 863 F.2d at 685); *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (same); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) (same). And it is particularly "[c]ommon" for district courts to stay discovery pending a ruling on a dispositive motion that raises jurisdictional issues. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011); *Snake River Waterkeeper v. J.R. Simplot Co.*, 2023 WL 5748152, at *3 (D. Idaho Sep. 6, 2023) (collecting cases); *see also Comm. for Immigrant Rts. of Sonoma Cnty.*, 2009 WL 10692620, at *2 ("Particularly when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first."); *Calvary Chapel San Jose v. Cody*, 2021 WL 5353883, at *1 (N.D. Cal. Nov. 12, 2021) (same).

When a party seeks a stay pending the outcome of a dispositive motion, the Court's inquiry is twofold. *First*, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co.*, 220 F.R.D. at 352. In resolving this prong, the Court should take a "preliminary peek" at the merits of the pending motion to dismiss. *Tradebay*, 278 F.R.D. at 602 (citation omitted). The question is only whether the motion to dismiss is "*potentially* dispositive," not whether it is guaranteed to prevail. *Pac. Lumber Co.*, 220 F.R.D. at 352 (emphasis added); *accord, e.g.*, *Ledwidge v. FDIC*, 2025 WL 1370484, at *2 (N.D. Cal. May 12, 2025) ("For purposes of this motion [to stay], the Court need not resolve the Parties' Rule 12(b)(1) dispute on the merits."). Moreover, likelihood that a plaintiff would be granted leave to amend a deficiently pleaded claim "does not change the character of the Motion to Dismiss" for this prong. *In re Wells Fargo Mortg. Modification Litig.*, 2025 WL 2961793, at *1 (N.D. Cal. Oct. 20, 2025); *accord, e.g.*, *Garcia v. TDBBS, LLC*, 2025 WL 1755648, at *2 (N.D. Cal. June 25, 2025) ("the inquiries into whether [a defendant's] Motion to Dismiss is ultimately successful and whether Plaintiff may be granted leave to amend do not factor into this

District's *Pacific Lumber* factors.").

*Second*, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Pac. Lumber Co.*, 220 F.R.D. at 352. "Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (finding second prong satisfied because "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss"). A motion to dismiss that attaches content incorporated by reference into the complaint, or content that is judicially noticeable, does not raise "factual issues" that would defeat the second prong. *Jarvis*, 833 F.2d at 155; *Williams-Sonoma, Inc. v. Last Brand, Inc.*, 2026 WL 1301007, at *3 (N.D. Cal. May 12, 2026).

Finally, setting aside the two prongs, courts also consider whether "a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential waste of resources." *Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (citation omitted); *see, e.g.*, *Williams-Sonoma, Inc.*, 2026 WL 1301007, at *3–4 (granting motion to stay discovery pending motion to dismiss; emphasizing breadth of discovery sought); *Actian Corp. v. SS&C Techs., Inc.*, 2025 WL 2696426, at *6 (N.D. Cal. Sept. 22, 2025) (imposing stay of merits discovery pending motion to dismiss, because the discovery "would be premature and an inefficient use of both party and court resources"; noting that "[t]he short stay of discovery will not prejudice Plaintiff, who will be free to pursue discovery if it can establish that jurisdiction is proper here"); *Hewlett Packard Enter. Co. v. Inspur Grp. Co.*, 2024 WL 4631665, at *2 (N.D. Cal. Oct. 29, 2024) (staying discovery where "sufficiently substantive" motions to dismiss related to jurisdictional issues had been filed, making it "appropriate to wait before forcing [the parties] to incur the burden and expense of discovery").

Here, all factors counsel in favor of a stay. First, Defendants have moved to dismiss the Supplemental Complaint in its entirety. ECF 402; *Pac. Lumber Co.*, 220 F.R.D. at 351; *Tradebay*, 278 F.R.D. at 602. Second, with respect to the category of claims challenging Executive Order 14356, its implementing memorandum, and Annual Staffing Plans, Defendants' Motion to Dismiss

Defendants' Statement Regarding Plaintiffs' Second Set of Requests for Production
3:25-cv-03698-SI

explains why the Supplemental Complaint *facially* fails to establish standing, ripeness, or final agency action—each of which supplies an independent basis for dismissal. Defendants' Motion to Dismiss as to this category of claims is facial; it does not cite or require discovery. *Pac. Lumber Co.*, 220 F.R.D. at 352; *see also Jarvis*, 833 F.2d at 155; *Cellwitch*, 2019 WL 5394848, at *2. Finally, setting aside the two stay prongs, a stay of discovery "will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential waste of resources." *Tavantzis*, 2024 WL 812012, at *1 (citation omitted). Requests 4–7 and 9 seek an enormous volume of discovery from 25 Agencies, including all versions of Annual Staffing Plans and communications concerning them. This scorched-earth discovery would not be appropriate at any juncture, but is particularly inappropriate where, as here, the Court's jurisdiction over the claims is squarely at issue. *See, e.g.*, *Williams-Sonoma, Inc.*, 2026 WL 1301007, at *3–4. There is no reason to require Defendants to undertake this discovery until it is clear that the claims to which such discovery is relevant may proceed at all (and even then, the Court should limit discovery to that which is proportional to any remaining needs of the case). The Court should enter a stay as to Requests for Production 4–7 and 9, as well as any further discovery directed to the allegations in the Supplemental Complaint regarding Annual Staffing Plans.

**II.     Plaintiffs' Requests for Production Concerning the Supplemental Complaint Are Inappropriate Because They Are Premature: The Parties Have Not Conferred Pursuant to Rule 26(f) About the Overall Scope of Discovery Relevant to the Supplemental Complaint.**

Setting aside the pendency of Defendants' jurisdictional Motion to Dismiss, discovery targeted to the Supplemental Complaint is inappropriate for the additional, independent reason that it is premature. Discovery generally does not commence until the parties have held a conference as required by Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). Among other things, a Rule 26(f) discovery plan ensures that discovery is properly targeted and has an appropriate completion date—something that has been noticeably absent from this latest

Defendants' Statement Regarding Plaintiffs' Second Set of Requests for Production
3:25-cv-03698-SI

round of expedited discovery. While the Court has previously noted that a Rule 26(f) conference took place on July 11, 2025, ECF 228 at 4, Plaintiffs' Supplemental Complaint substantially alters the "nature and basis of their claims" since that time, and to the extent the Supplemental Complaint survives the Motion to Dismiss, a renewed discovery plan is necessary to ensure that any discovery takes place efficiently and with minimal need for Court intervention. If the past is any indication, discovery regarding the Supplemental Complaint will be plagued by Plaintiffs' relentless complaints about search terms, custodians, privileges, and more. Rather than deal with a slew of discovery disputes piecemeal, as has occurred since March 2026, once the Motion to Dismiss is resolved, the parties should be directed to meaningfully confer and propose a new schedule for proceedings moving forward that is appropriately tailored to the claims that remain.

**III.    Even if Discovery Were Not Stayed, and Plaintiffs' Requests Were Not Premature, the Requests for Production Seek Privileged Information and Are Overbroad and Unduly Burdensome.**

For the reasons discussed above, discovery directed to the Supplemental Complaint is inappropriate, premature, and should be stayed pending resolution of Defendants' Motion to Dismiss. But substantively, there are multiple problems with the Requests for Production that entitle Defendants to relief.

*First*, the Second Set of Requests for Production relevant to Annual Staffing Plans (Requests 4–7, 9) facially seek deliberative, pre-decisional, and therefore privileged information. As explained in Defendants' Motion to Dismiss (Argument § I), Executive Order 14356 is a forward-looking set of three "policies and procedures" regarding "Federal *hiring*" going forward, aimed at the conditions under which a vacant position "may be filled" or a new position "may be created." *Ensuring Continued Accountability in Federal Hiring*, 90 Fed. Reg. 48387 (Oct. 15, 2025) (emphasis added). Nothing about such guidelines can be understood to injure *current* federal employees, unions that represent them, or non-union plaintiffs asserting RIF-related injuries in the underlying complaint. Instead, the EO provides that future hiring "shall be consistent with the Merit Hiring Plan issued by" OPM. *Id. Second*, the EO requires each agency head to "establish a Strategic Hiring Committee to approve the creation or filling . . . of each vacancy within their

agency." *Id.* And *third*, the EO requires each agency to "prepare an Annual Staffing Plan, in coordination with OPM and [OMB], to ensure that new career *appointments* in the upcoming fiscal year are in the highest-need areas and aligned with the priorities of [the] Administration." *Id.* Again, none of this could conceivably injure Plaintiffs or their members. For the same reasons that Plaintiffs have failed to allege standing, ripeness, or final agency action under the Administrative Procedure Act (*see* Motion, Argument § I), the Annual Staffing Plans (and communications regarding them) are predecisional, deliberative, and therefore privileged. Moreover, as Defendants noted in their objections to these requests, these requests for "all versions" of and communications regarding the Annual Staffing Plans from 25 Agencies are overly burdensome and disproportional to the needs of this case—contrary to Rule 26. *See, e.g., Lynwood Invs. CY Ltd. v. Konovalov*, 2025 WL 2969719, at *6 (N.D. Cal. Oct. 21, 2025) ("[T]he overbreadth of these requests makes it unclear whether all responsive documents will be relevant, creating a significant likelihood that the requests are not proportionate to the needs of the case.").[1]

Request for Production No. 8, seeking "all Communications between any Federal Agency Defendant and OMB, OPM, or USDS discussing any [ARRP] (in whole or any part) between September 1, 2025 and the present," also fails Rule 26's proportionality requirement. As discussed above, Defendants have produced or will soon produce tens of thousands of responsive documents from two dozen Agencies, responsive to Requests for Production Nos. 1, 2, 10, and 11. Plaintiffs do not, and cannot, explain why they need even more email communications about the ARRPs, particularly given that they have yet to make any practical use of the documents and communications they received already, which include the ARRPs themselves. Nor have Plaintiffs explained whether and why the productions they have received are inadequate. They just want

---

[1] The Court should decline Plaintiffs' request to categorically overrule DPP as to the Annual Staffing Plans now. ECF 400 at 5–6 (internal pagination). Annual Staffing Plans are fundamentally different from the ARRPs that this Court previously held should be disclosed (subject to a protective order). Plaintiffs filed an entire Supplemental Complaint, adding entirely new allegations, regarding those Staffing Plans, which are created pursuant to a subsequent Executive Order. This Court's prior holding regarding ARRPs therefore does not apply to the Annual Staffing Plans. In any case, this dispute is not yet ripe; the Court should must resolve the motion to dismiss before it can make any ruling (categorical or otherwise) regarding f the privilege protections for the Annual Staffing Plans.

Defendants' Statement Regarding Plaintiffs' Second Set of Requests for Production
3:25-cv-03698-SI

more, notwithstanding the proportionality requirements of Rule 26(b)(1). Plaintiffs should be review what Defendants have already produced, and explain any supposed inadequacy, before Defendants are required to respond to Request No. 8.

Dated: May 22, 2026                         Respectfully submitted,

                                            CRAIG H. MISSAKIAN (CABN 125202
                                            United States Attorney
                                            U.S. ATTORNEY'S OFFICE
                                            450 Golden Gate Avenue, Box 36055
                                            San Francisco, California 94102-3495

                                            ERIC HAMILTON
                                            Deputy Assistant Attorney General

                                            DIANE KELLEHER
                                            Branch Director

                                            BRAD P. ROSENBERG
                                            JEREMY S.B. NEWMAN
                                            Chief Litigation Counsel

                                            CHRISTOPHER HALL
                                            MARIANNE F. KIES
                                            Assistant Branch Directors

                                            */s/ Robert C. Bombard*
                                            ROBERT C. BOMBARD
                                            Trial Attorney
                                            U.S. DEPARTMENT OF JUSTICE
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, DC 20005

                                            *Counsel for Defendants*

Defendants' Statement Regarding Plaintiffs' Second Set of Requests for Production
3:25-cv-03698-SI

10