Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**ADMINISTRATIVE MOTION TO MODIFY SCHEDULE AND REPLY TO DEFENDANTS' STATEMENT REGARDING PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION** |

Plaintiffs file this administrative motion to request a one-week modification of the preliminary injunction supplemental briefing schedule previously set by this Court, based on the filing of Defendants' motion to dismiss Plaintiffs' supplemental complaint (ECF 402) and to allow resolution of related matters on the same schedule.  Defendants have requested that their motion to dismiss be heard at the same time as Plaintiffs' pending preliminary injunction.  Plaintiffs agree that the overlap in issues raised by the motions supports a consolidated hearing but propose a one-week extension of the schedule to allow Plaintiffs adequate time to prepare both briefs.

Also pending before the Court is the parties' discovery dispute regarding Defendants' categorical refusal to respond to the majority of Plaintiffs' Second Set of Requests for Production of Documents ("RFPs").  Plaintiffs file this reply to Defendants' Statement (ECF 403), which renews Defendants' request for a stay of discovery pending resolution of Defendants' motion to dismiss, notwithstanding this Court's previous denial of such a stay (ECF 351).  Plaintiffs have not yet had the opportunity to address Defendants' discovery arguments because Defendants declined to meet and confer over them and withdrew their agreement to file simultaneous positions on the outstanding dispute; instead, they waited until four days after Plaintiffs' filing to set forth their position.  Defendants' filing (as well as the motion to dismiss on which it is predicated) provides no justification for Defendants' unilateral decision to delay responding to relevant document requests regarding Defendants' ongoing reorganization and downsizing of federal agencies that are at the heart of the subject matter of this litigation.

## I.    Plaintiffs' Administrative Motion to Modify Schedule

On April 15, 2026, in briefing of then-pending disputes over their compliance with expedited discovery orders, Defendants requested a stay of further discovery in light of their then-forthcoming motion to dismiss.  ECF 344 at 2, 13, 16-17.  A week later, this Court issued an order "declin[ing] to pause further discovery" and setting a schedule for supplemental briefing on Plaintiffs' pending motion for preliminary injunction.  ECF 351 at 1, 6.  Then, on May 7, 2026, this Court granted Defendants' Emergency Request to Extend Deadlines and modified the schedule for supplemental briefing on Plaintiffs' preliminary injunction motion as follows:  Plaintiffs' supplemental papers are now due May 29, 2026; Defendants' response is due June 12, 2026;

Plaintiffs' reply is due June 17, 2026; and a hearing is set for June 23, 2026.  ECF 386 at 2.

On Friday, May 22, 2026, Defendants filed their motion to dismiss Plaintiffs' January 30, 2026 Supplemental Complaint and asked the Court to set the hearing on that motion for June 23, 2026, three days earlier than would be permitted under the Local Rules.  ECF 402, cover page, n.1. This proposal would shorten the Court's time to consider the briefing and would require Plaintiffs to simultaneously prepare their motion to dismiss opposition and supplemental preliminary injunction papers.

Nonetheless, Plaintiffs agree that efficiency would be served by hearing the motions on the same date.  Defendants' motion to dismiss concededly raises "factual" issues that overlap with those directly relevant to resolution of Plaintiffs' pending motion.  *See*, *e.g.*, ECF 402 at 17 ("<u>Facially and Factually</u>, Those Claims Fail").  In particular, Defendants' motion relies, in part, on their factual contention that "the evidence demonstrates that no such order" (referring to "DHS's alleged 'order' to FEMA 'not to renew CORE employees'") "ever issued."  *Id.* at 24 (citing declaration and deposition testimony by then-FEMA SOPDA Karen Evans).  Defendants also argue that Plaintiffs lack standing to pursue preliminary injunctive relief or to bring claims challenging the terminations of CORE employees and DHS's assumption of FEMA's authority over personnel matters.  *Id.* at 21-24.  These issues will be addressed in Plaintiffs' forthcoming filings.

To allow Plaintiffs to respond to the motion to dismiss on the regular motions briefing schedule while also preparing supplemental preliminary injunction papers, Plaintiffs propose that this Court extend the preliminary injunction briefing schedule by one week and align it with the schedule for briefing on Defendants' motion to dismiss.  That would result in the following briefing schedule:

- Friday, June 5, 2026:
  - Plaintiffs' supplemental preliminary injunction filing
  - Plaintiffs' opposition to Defendants' motion to dismiss
- Friday, June 19, 2026:
  - Defendants' response to Plaintiffs' supplemental preliminary injunction filing
  - Defendants' reply in support of their motion to dismiss

- Wednesday, June 24, 2026:
  - Plaintiffs' supplemental reply in support of preliminary injunction motion
- Tuesday, June 30, 2026, or thereafter at the Court's convenience:
  - Hearing on both motions

Plaintiffs proposed this schedule to Defendants the morning of Tuesday, May 25, 2026, and have not received Defendants' position by the time of filing. Declaration of Stacey Leyton ¶2. Extending the preliminary injunction schedule by one week will cause no prejudice to Defendants and will allow for the efficient consideration of evidence and argument by this Court.

## II.    The Court Should Not Allow Defendants to Refuse to Respond to Discovery Until After Resolution of Their Motion to Dismiss

Further, this Court should resolve the parties' discovery dispute by ruling that discovery is not stayed and that Defendants may not unilaterally refuse to respond to certain discovery requests until this Court resolves their motion to dismiss.[1] As previously discussed, ECF 400 at 1, 3 (citing ECF 351 at 1), this Court already denied Defendants' request for a stay of discovery. Defendants nonetheless ignored this ruling and functionally granted themselves a stay with respect to the requests in dispute. *Id.* at 3 (citing 400-1 at 5-10). Even aside from the merits of any motion to dismiss or stay request, Defendants' decision to ignore (and indeed, defy) this Court's rejection of their request to stay discovery counsels in favor of resolving this discovery dispute in Plaintiffs' favor. Nor is Defendants' request for a stay strengthened by the filing of a wholly meritless motion to dismiss.

Plaintiffs therefore respectfully request a prompt ruling on this dispute, to prevent further delays, and briefly set forth the reasons why Defendants' Statement, like their motion to dismiss, misrepresents relevant facts and lacks any legal merit.

---

[1] Plaintiffs have had no prior opportunity to respond to Defendants' arguments. Defendants refused to meet and confer over their responses and then reneged on their agreement to follow this Court's informal discovery procedure and submit this dispute via a joint statement on Monday, May 17. ECF 400 at 6-7. Because Plaintiffs set forth their position on this dispute in a filing on Monday, May 17 as the parties had previously agreed upon, Plaintiffs did not have the opportunity to review or respond to Defendants' arguments set forth four days later in their May 22 submission, ECF 403. Plaintiffs therefore submit this brief reply, including to counter multiple misrepresentations in that submission.

ADMINISTRATIVE MOTION AND REPLY, NO. 3:25-CV-03698-SI

3

**A. Defendants' Stay Request Is Premised on Misrepresentations**

First, Defendants are wrong that Plaintiffs' Second Set of RFPs are not "a continuation of discovery open since 2025" and lack a direct relationship to the issues pertaining to agency reorganization and workforce reduction at the heart of this case. ECF 403 at 1; *see also* ECF 402 at 11-13 (arguing that Executive Order 14356 and Office of Management and Budget ("OMB")/Office of Personnel Management ("OPM")'s implementing memorandum affect only future hiring and not current employees). The challenged portions of the Executive Order and implementing OMB/OPM directive require agencies to create "final" Annual Staffing Plans and to implement and comply with those plans throughout the current and future fiscal years, requiring agencies to make changes affecting the current workforce, not just hiring. In particular, the OMB/OPM instructions direct federal agencies to implement Executive Order 14356 by "evaluating the agency's current workforce and staffing needs." And OMB and OPM specifically instruct agencies to "consider efficiencies that may be created by *organizational restructuring*, *removal of unnecessary management layers, elimination of duplicative or unnecessary functions and positions*, *consolidation of administrative functions*, reduction of unnecessary or low-value contractor positions, *performance management of underperforming employees*, effective and efficient distribution of workload across similar positions and shared skill sets, [and] process streamlining and improvements."[2] Indeed, as Plaintiffs will document further in the upcoming preliminary injunction briefing, FEMA implemented Executive Order 14356 and complied with the OMB/OPM directives by creating an Annual Staffing Plan for fiscal year 2026 that *cut FEMA's current workforce in half*. On their face, these orders reach beyond future hiring and are, as Plaintiffs alleged, a continuation of this Administrations' reorganization and workforce reductions efforts that began with Executive Order 14210 and continue through the present.

Second, Defendants' filing also misrepresents the sequence of events—and contradicts their own previous statements to this Court, the Ninth Circuit, and the Supreme Court—in suggesting

---

[2] OMB/OPM Memornadum (Nov. 5, 2025), https://www.opm.gov/chcoc/latest-memos/guidance-on-executive-order-14356-ensuring-continued-accountability-in-federal-hiring.pdf at 2, 3 (emphasis added); *see also* ECF 298 at 9 (¶446).

that Plaintiffs' original preliminary injunction motion was unnecessary because no widespread federal government reorganization was imminent.  ECF 403 at 2-3.  Defendants themselves represented to the Supreme Court that this Court's preliminary injunction blocked 40 reductions-in-force ("RIFs") at 17 federal agencies.[3]  After the Supreme Court stayed that preliminary injunction on July 8, 2025, most federal agencies did not move forward immediately with the RIFs and reorganizations that had been imminent at the time the preliminary injunction was entered.  By that time, the Trump administration was focused on proposing deep cuts to federal agencies through the appropriations process[4]—efforts that largely failed.[5]  Thereafter, when Congress failed to enact appropriations legislation by the end of the fiscal year and the federal government entered a 43-day shutdown, Defendants *again* attempted to implement widespread RIFs of tens of thousands of federal employees but were preliminarily enjoined from doing so.  *AFGE v. OMB*, Case No. 25-08302-SI, ECF 94, 139.  This Court is familiar from that related litigation with the Continuing Resolution that was enacted by Congress and signed by the President that temporarily halted further reductions across the federal government through roughly mid-February.  Notwithstanding the injunctions and congressional directives, and even as the partial shutdown continued, Defendants began to move forward with efforts to reorganize and dismantle FEMA—the subject of Plaintiffs' currently pending preliminary injunction motion.  There is no basis at all for Defendants' suggestion that the Administration's efforts at reorganization and downsizing are over, rather than delayed.  ECF 403 at 3.

During this series of events, Defendants resisted at every step discovery into the Agency

---

[3] Application for Stay at 32-33, *Trump v. Am. Fed. of Gov't Emps., AFL-CIO*, No. 24A1174 (U.S. June 2, 2025).  While later evidence showed that Defendants had overstated the numbers in their stay application to the Supreme Court, Defendants subsequently acknowledged that the preliminary injunction had prevented 31 RIFs in ten agencies.  ECF 228 at 3.

[4] *See*, *e.g.*, Jeremy B. Merrill et al., *The White House plan to downsize the federal government, in charts*, Wash. Post (Jul. 16, 2025), https://www.washingtonpost.com/politics/interactive/2025/white-house-budget-federal-government/.

[5] *See*, *e.g.*, Joel Friedman et al., *Tight 2026 Non-Defense Funding Rejects Trump's Proposed Deep Cuts, But Congress Will Need to Continue to Guard Against Administration Abuses*, Center for Budget and Policy Priorities (revised Apr. 9, 2026), https://www.cbpp.org/research/federal-budget/tight-2026-non-defense-funding-rejects-trumps-proposed-deep-cuts-but.

RIF and Reorganization Plans ("ARRPs") and related communications, taking the dispute to the Ninth Circuit through an emergency mandamus petition and petition for rehearing en banc, which stayed Defendants' production obligations for many months.  *See* ECF 263, 267, 286.  Defendants finally produced the ARRPs on January 16, 2026 and related communications in February 2026.  ECF 293 at 2.  One month after finally receiving documents responsive to Plaintiffs' First Set of RFPs, Plaintiffs propounded a Second Set of RFPs seeking documents regarding ongoing workforce reductions including Annual Staffing Plans, related communications, and internal agency and OMB/OPM documents relating to the ARRPs, RIFs, and workforce reduction that post-date September 2025.  ECF 400-1.[6]

Third, while Defendants have suggested repeatedly that they lacked the "opportunity to respond to the Supplemental Complaint," ECF 344 at 3, and represent that only now are they "finally able" to do so, ECF 403 at 1, in fact they could have filed this motion at any time after the January 30, 2026 filing of the Supplemental Complaint, ECF 298.  Their request to stay discovery based on their belated motion to dismiss should be rejected on that basis alone.

**B.  Defendants' Motion to Dismiss Does Not Support a Discovery Stay**

Defendants acknowledge that no Federal Rule provides for a stay of discovery pending a motion to dismiss, and that the decision whether to enter such a stay is within a district court's discretion.  ECF 403 at 4-6; *see also* ECF 218 at 4-5; ECF 228 at 4-5 (in rejecting stay of discovery pending motion to dismiss, noting that the Federal Rules do not provide for an automatic stay, that Defendants had not formally moved for a stay, and that blanket stays are disfavored).  And Defendants do not meet their "heavy burden to make a strong showing to justify the stay." *Lofton v. Bank of Am. Corp.*, No. C 07-05892, 2008 WL 2037606, at *1 (N.D. Cal. May 12, 2008) (Illston, J.) (cleaned up) (denying stay pending motion to dismiss).  Defendants' decision to wait four

---

[6] During this time period, Plaintiffs also pursued emergency discovery regarding the termination of CORE employees, which Defendants resisted every step of the way.  Defendants seek to blame Plaintiffs for the need to return to this Court to obtain compliance with this Court's discovery orders.  ECF 403 at 1.  But as previously explained, it is Defendants' non-compliance with discovery orders by failing to disclose directly relevant information and documents, destruction of evidence, and attempts to hide that spoliation that have led to the need for urgent and repeated requests for relief and enforcement.  ECF 332-400.

months after the filing of Plaintiffs' supplemental complaint to file their motion to dismiss alone would support denial of their request,[7] and now that they have filed their motion to dismiss, the Court can also consider the absence of any merit to that motion.

As Plaintiffs will explain in greater detail when responding to Defendants' motion to dismiss, that motion is wholly meritless for reasons including those that follow. As such, the "preliminary peek" that Defendants urge, show there is no reasonable probability that it will be "dispositive of the entire case," much less "on the issue at which discovery is directed." ECF 403 at 5 (quotations omitted).

First, it is fatal to Defendants' motion that their arguments that the Court lacks jurisdiction over "Plaintiffs' Claims Regarding Annual Staffing Plans" do not seek to dismiss any *claims*, but targets *allegations supporting claims* that had *already* been asserted in Plaintiffs original complaint. ECF 402 at 9-17; *see* ECF 298 at 40-43 (¶¶569-574) (adding allegations to existing claims). Defendants are really seeking to strike allegations, not to dismiss any claims in full, and come nowhere near the standard for such a motion to strike.[8]

Even if that were not the case, second, Defendants are wrong in asserting that the Annual Staffing Plans and implementing OMB/OPM Memorandum would have no effect on current employees or on agencies' organization. *See supra* at 4.

Third, this Court has already (repeatedly) rejected Defendants' CSRA arguments, ECF 402 at 18-20, which wholly lack merit. ECF 85, 124, 259; *see also AFGE v. Trump*, 139 F.4th 1020, 1030 (9th Cir. 2025).

Fourth, Plaintiffs established both associational and organizational standing to challenge the

---

[7] Defendants appear to blame their delay on the "blistering pace" of expedited discovery concerning FEMA and DHS. ECF 403 at 1. But Defendants have no one but themselves to blame for this discovery, after taking unlawful actions to terminate CORE employees, contradicting their own declarant's sworn declaration, and then repeatedly refusing to comply with the Court's resultant discovery orders. Defendants' actions have caused Plaintiffs and this Court to unnecessarily expend substantial resources to ensure basic compliance with Defendants' obligations.

[8] A motion to dismiss must "seek to dispose of an entire claim." *Kan v. Gen. Motors LLC*, 2023 WL 11197090, at *1 (C.D. Cal. Nov. 7, 2023); *see also Hernandez v. Path*, 2012 WL 5194120, at *6 n.7 (N.D. Cal. Oct. 19, 2012) ("Federal Rule of Civil Procedure 12(b)(6) is not an appropriate device to eliminate a portion of a claim."). This Court has already denied Defendants' motion to dismiss the claims that the Supplemental Complaint augmented with allegations regarding subsequent events. ECF 259.

CORE non-renewals, *contra* ECF 21-24. *See*, *e.g.*, ECF 314-3 ¶¶5-6 (declaring that multiple dues-paying AFGE members were non-renewed and other members faced imminent non-renewal).

And finally, besides the fact that it is procedurally improper to rely on evidence in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' supplemental preliminary injunction submission will establish that Defendants are wrong in claiming that the evidence shows that DHS did not usurp FEMA's authority by directing FEMA to terminate CORE employees, ECF 402 at 24-25.

Further, Defendants' Response fails to cite *any* authority to support their argument that the parties must conduct a new Rule 26(f) conference. ECF 403 at 7-8. And they have continued to decline to request such a conference, notwithstanding Plaintiffs' stated willingness to participate in one, ECF 400 at 4-5. Discovery is open and has been since July 2025.

### C.  Defendants' Other Arguments for Staying Discovery

Nor can Defendants support their argument that the RFPs *facially* seek privileged material and are overly burdensome. Defendants' deliberative process objection continues to ignore that the Executive Order requires "final" Annual Staffing Plans, and then quarterly updates regarding implementation of those final plans. ECF 298 at 3-7; *see* Executive Order 14356 §2(c)(i).[9] Their facial deliberative process objection, made without any effort to identify material with specificity and justify the specific harms of disclosure, should be rejected. Plaintiffs' requests are reasonably drawn and indeed, given the passage of time while Defendants delayed their discovery obligations, necessary in order to disclose documents regarding workforce restructuring and reduction efforts that are directly relevant to Plaintiffs' claims in this lawsuit. Defendants chose to stand on their categorical objections rather than engaging in any meet and confer regarding these requests (which

---

[9] Review of the requirements of Executive Order 14356 makes clear that any required updates, amendments, or quarterly reports with respect to the Annual Staffing Plans are not facially deliberative or predecisional: "(ii) Agencies shall comply with the Annual Staffing Plans throughout the fiscal year, but agencies may update their plans during the course of the year based on enactment of relevant appropriations or authorizing legislation, or otherwise amend their plans in coordination with OPM and OMB. (iii) Agencies shall submit updates to OPM and OMB at the beginning of each quarter, beginning with the second quarter of the 2026 fiscal year, *showing progress in implementing their Annual Staffing Plans*." Executive Order 14356, 90 Fed. Reg. at 48388 (emphasis added).

Plaintiffs immediately requested).  A production order that provides Defendants with a prompt but reasonable amount of time to comply and produce documents is appropriate.

For these reasons, the Court should not await resolution of Defendants' motion to dismiss or the holding of a Rule 26(f) conference but should rule that Defendants may not grant themselves a stay of discovery and must respond to Plaintiffs' Second Set of RFPs.

DATED: May 26, 2026                    Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Robin S. Tholin
Elizabeth Eshleman
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Danielle Leonard*

*Attorneys for All Union and Non-Profit Organization Plaintiffs*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

By: */s/ Tsuki Hoshijima*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and for Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State
County and Municipal Employees, AFL-CIO
(AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL
UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees
International Union, AFL-CIO (SEIU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By:  */s/ David Chiu*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By:  */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Christopher Sanders (pro hac vice)
General Counsel
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
chrsanders@kingcounty.gov
eclancy@kingcounty.gov

By: */s/ Erin King-Clancy*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
eliana@publicrightsproject.org
toby@publicrightsproject.org

By: */s/ Eliana Greenberg*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL, Harris County, TX, and Martin Luther King, Jr. County, WA*

Jonathan G.C. Fombonne
Harris County Attorney

Sarah Utley (pro hac vice app. forthcoming)
Managing Counsel
Bethany Dwyer (pro hac vice app. forthcoming)
Deputy Division Director - Environmental Division
R. Chan Tysor (pro hac vice)
Senior Assistant County Attorney
Alexandra "Alex" Keiser (pro hac vice)
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5102
Fax: (713) 437-4211

jonathan.fombonne@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscoupntytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

By: */s/ Jonathan G.C. Fombonne*

*Attorneys for Plaintiff Harris County, Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago

Rebecca A. Hirsch (IL ARDC 6279592) (pro hac vice)

Lucy Prather (IL ARDC 6337780) (pro hac vice)
City of Chicago Department of Law,
Affirmative Litigation Division
121 N LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel: (312) 744-6934
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

By: */s/ Rebecca Hirsch*

*Attorneys for Plaintiff City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor

Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (410) 396-3947
sara.gross@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*