CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD P. ROSENBERG (DC Bar No. 467513)
JEREMY S.B. NEWMAN
Chief Litigation Counsel
CHRISTOPHER HALL
MARIANNE F. KIES
Assistant Branch Directors
ROBERT C. BOMBARD
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-3374
brad.rosenberg@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO MODIFY SCHEDULE AND REPLY RE DEFENDANTS' STATEMENT REGARDING PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>Hearing Date: June 26, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Susan Illston<br>Place: San Francisco Courthouse<br>Courtroom 1 |

Defendants file this response to Plaintiffs' Administrative Motion to Modify Schedule and Reply to Defendants' Statement Regarding Plaintiffs' Second Set Of Requests For Production (ECF No. 404). In support of their position, Defendants note as follows:

1. Plaintiffs attempted to confer with Defendants on their request for a modified schedule by sending an email hours before they filed their motion. Defendants intended to respond to Plaintiffs once they had the opportunity to discuss Plaintiffs' proposed schedule internally, which included a proposed deadline (for Defendants) that fell on a federal holiday. Plaintiffs instead filed a motion before Defendants had had the chance to weigh in, including on the Juneteenth conflict. Nonetheless, counsel for Defendants have since conferred with counsel for Plaintiffs, and the parties agree on the following schedule:

   a. Plaintiffs' supplemental preliminary injunction filing and Plaintiffs' opposition to Defendants' motion to dismiss shall be filed by Friday, June 5, 2026.

   b. Defendants' response to Plaintiffs' supplemental preliminary injunction filing, and Defendants' reply in support of their motion to dismiss, shall be filed by Monday, June 22, 2026.

   c. Plaintiffs' supplemental reply in support of their preliminary injunction motion shall be filed by Friday, June 26, 2026.

   d. The parties are available for an in-person hearing on June 29, June 30, or July 1, 2026.

2. Plaintiffs' filing includes a "reply" to Defendants' discovery statement regarding Plaintiffs' Second Set of RFPs (ECF No. 403). The Local Rules do not contemplate a reply for discovery disputes but rather provide for the parties to submit their disputes via a joint discovery statement. The parties' submission was not joint; as previously explained to Plaintiffs, Defendants proposed to modify the filing date of the submission to May 22, to coincide with the filing of their motion to dismiss the Supplemental Complaint, given that this Court's precedent requires the District Court to review the motion to dismiss to resolve the motion to stay, and that Plaintiffs had expressed

Defendants' Response To Plaintiffs' Administrative Motion To Modify Schedule And Reply To Defendants' Statement Regarding Plaintiffs' Second Set Of Requests For Production, 3:25-cv-3698-SI

1

interest in conferring substantively over the motion to dismiss before it was filed, which Defendants' timeline would have allowed.  Despite being under no court-ordered deadline, Plaintiffs declined Defendants' modified proposal to file jointly on May 22 and chose to file their discovery insert on May 18, four days earlier. Plaintiffs' claim they were unfairly deprived of the opportunity to see Defendants' arguments in advance is a problem of their own making.

3.  On May 26, Plaintiffs filed a 7-page "reply."  Given Plaintiffs' "reply," which the Local Rules do not authorize, Defendants hereby submit their reply, so the Court has the benefit of both parties' fully laid-out positions.

4.  Plaintiffs accuse Defendants of "functionally grant[ing] themselves a stay with respect to the requests in dispute."  ECF No. 404 at 4.  Plaintiffs' position presumes that they will automatically receive all of the discovery they request, regardless of any objections Defendants may assert.  Defendants served their Objections and Responses to Plaintiffs' Second Set of Requests for Production of Documents on May 4, 2026.  For two of Plaintiffs' requests (RFP Nos. 10 and 11), Defendants specifically committed to producing documents responsive to those requests, subject to their specific objections. Defendants also specifically objected to all of Plaintiffs' other requests, including the requests now in dispute.

5.  Indeed, the fact that the parties' dispute is so significant counsels in favor of at least a temporary stay; otherwise, the Court will be forced to resolve that dispute before it has even had an opportunity to determine whether Plaintiffs' Supplemental Complaint may go forward.  Plaintiffs' reply proves as much.  Take, for example, Plaintiffs' assertion that Defendants are "wrong" in describing the Second Set of RFPs as something other than a continuation of prior discovery.  ECF No. 404 at 5.  The fact that Plaintiffs filed a Supplemental Complaint raising allegations regarding an entirely new Executive Order and new categories of planning documents belies that assertion.  So too the fact that FEMA chose not to reappoint certain COREs—but then *reversed course and reappointed them*.  Before the parties and this Court expend significant time and

Defendants' Response To Plaintiffs' Administrative Motion To Modify Schedule And Reply To Defendants' Statement Regarding Plaintiffs' Second Set Of Requests For Production, 3:25-cv-3698-SI

2

resources on discovery regarding the Supplemental Complaint, the Court should first resolve Defendants' Motion to Dismiss (ECF No. 402). The motion has merit, is largely jurisdictional, is dispositive, and its resolution (with respect to the new Executive Order on staffing plans) requires no discovery. Again, *all* of Defendants' challenges regarding Plaintiffs' allegations about Annual Staffing Plans (i.e., the subject of the instant discovery dispute) are facial. There is every reason to stay discovery on the Supplemental Complaint pending resolution of the motion, and no reason not to. *See* Defs.' Statement Regarding Pls.' Second Set of Reqs. for Prod., ECF No. 403; *see, e.g.*, *Comm. for Immigrant Rts. of Sonoma Cnty. v. County of Sonoma*, No. CV 08-4220 PJH, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009) ("Particularly when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first."); *Calvary Chapel San Jose v. Cody*, No. 20-cv-03794-BLF, 2021 WL 5353883, at *1 (N.D. Cal. Nov. 12, 2021) (same).

6. Plaintiffs also repeatedly ignore, or belittle, the enormous discovery burdens they have already imposed on Defendants when they blithely assert that Defendants "could have filed" their motion to dismiss "at any time" after the filing of the Supplemental Complaint, ECF No. 404 at 7; accuse Defendants of non-compliance with the Court's discovery orders; or accuse Defendants of taking unlawful actions to terminate COREs, ECF No. 404 at 7 n.6, *id.* at 8 n.7. This Court is well aware of the scope of discovery Defendants have undertaken in a matter of just a couple of months. Defendants will not belabor the point except to say that they have been focused on the expedited discovery associated with Plaintiffs' request for emergency relief, and not the longer-term discovery that Plaintiffs have slipped in as well. At bottom, though, Plaintiffs do not identify any urgency to their Second Set of RFPs, nor do they identify any prejudice to waiting until the Court resolves Defendants' motion to dismiss to confer over them (*see infra* Para. 9). As for the substance of FEMA's actions, the Court has not yet

Defendants' Response To Plaintiffs' Administrative Motion To Modify Schedule And Reply To Defendants' Statement Regarding Plaintiffs' Second Set Of Requests For Production, 3:25-cv-3698-SI

3

resolved that issue, so the fact that Plaintiffs rely upon it as a justification for moving forward with additional discovery now actually cuts against Plaintiffs' position. This Court should resolve the substantive issues prior to forcing the parties to embark on additional merits discovery.

7. To the extent the Court resolves Defendants' substantive discovery objections now, there is no basis to infer that an Annual Staffing Plan is final (from a preparation standpoint) or constitutes "final agency action" subject to challenge under the Administrative Procedure Act. Under Plaintiffs' view, litigants could challenge anything they labeled a "final version" in federal court without regard to whether the subject document imposes legal rights and obligations. More to the point, the Annual Staffing Plans themselves are deliberative, but even if this Court finds that they are not, all the documents and communications from all the separate agency defendants are 1) likely deliberative and 2) unnecessarily cumulative and disproportionate to the needs of the case. Plaintiffs assert that their "requests are reasonably drawn," ECF No. 404 at 9, but they literally seek, among many other things, *all* communications discussing *any* annual staffing plan (RFP No. 7), and *all* documents and communications referring to or discussing RIFs (RFP. No. 8), from more than two dozen agency defendants. *See* Defs.' Objections and Responses to Pls.' Second Set of Requests for Production of Documents, ECF No. 400-1.

8. To the extent the Court orders Defendants to produce documents in response to Plaintiffs' Second Set of RFPs, they will need to produce those documents on a rolling basis. As currently drafted, Plaintiffs' requests require the coordination, collection, review, and production of documents across approximately two dozen agencies. Plaintiffs' proposed order submitted with their reply brief, ECF No. 404-2, requests that Defendants produce documents within 10 days of the Court's order. Plaintiffs' emergency timetable is ***impossible*** and would create needless mistakes and oversights that—if past practice is any indicator—Plaintiffs would inevitably complain about. This Court is aware of the herculean efforts that Defendants have undertaken to comply

Defendants' Response To Plaintiffs' Administrative Motion To Modify Schedule And Reply To Defendants' Statement Regarding Plaintiffs' Second Set Of Requests For Production, 3:25-cv-3698-SI

4

with their discovery obligations as they relate to just one agency, DHS, and its component, FEMA, and the various issues that arose because of the expedited timeframe. The parties have previously agreed to rolling productions of non-emergency discovery in this case. As Plaintiffs have identified no need for expedited discovery with respect to their Second Set of RFPs, and because complying with any Court order would require far more than 10 days, the Court should allow the parties to further confer regarding production timelines and allow for rolling productions, so as to facilitate a *reasonable*, *deliberate*, and *sensibly-paced* production that reduces the likelihood of error inherent in expedited discovery.

9. The need for the parties to confer prior to any production that may be ordered by the Court is particularly acute where, as here, Plaintiffs have routinely insisted that Defendants' production efforts are insufficient. Accordingly, the parties should be required to confer regarding date ranges, search terms, custodians, and any other search parameters before Defendants commence the search-and-review process. If the parties find themselves in dispute over any of those parameters, they will be able to present them to the Court for resolution in orderly fashion, ensuring that Defendants' efforts and scarce resources are not needlessly wasted on repeated searches. That issue is of paramount concern here given that numerous agency defendants lack the technical ability to de-duplicate their documents across different searches, requiring a single entity—the Federal Programs Branch's own ALS Lab—to manage the discovery needs of all the numerous Defendants and their review counsel in this case. And of course, given Plaintiffs' utterly expansive discovery requests, it is highly likely—as reflected in the discovery taken to date—that the search results may number in the tens of thousands of documents (if not far more), making review and production within 10 days a non-starter on its face. Plaintiffs' refusal to acknowledge the real-world physical limitations of Defendants' discovery capabilities should be accorded no persuasive weight, particularly where Plaintiffs have identified no need for emergency production or any prejudice that would result from a *normal* pace of productions going forward.

Defendants' Response To Plaintiffs' Administrative Motion To Modify Schedule And Reply To Defendants' Statement Regarding Plaintiffs' Second Set Of Requests For Production, 3:25-cv-3698-SI

Dated: May 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON (CABN 296283)
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

*Brad P. Rosenberg*
BRAD P. ROSENBERG
(DC Bar No. 467513)
JEREMY S.B. NEWMAN
Chief Litigation Counsel

CHRISTOPHER HALL
MARIANNE F. KIES
Assistant Branch Directors

ROBERT C. BOMBARD
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
brad.rosenberg@usdoj.gov
(202) 514-3374

*Counsel for Defendants*

Defendants' Response To Plaintiffs' Administrative Motion To Modify Schedule And Reply To Defendants' Statement Regarding Plaintiffs' Second Set Of Requests For Production, 3:25-cv-3698-SI

6