Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION AND SETTING SCHEDULE FOR PARTIAL SUMMARY JUDGMENT** |

The preliminary injunction motion of the Union Plaintiffs (including American Federation of Government Employees (AFGE); American Federation of State County and Municipal Employees (AFSCME); and Service Employees International Union (SEIU)), and the Local Government Plaintiffs (including County of Santa Clara, California; City of Chicago, Illinois; Martin Luther King, Jr. County, Washington; Harris County, Texas; City of Baltimore, Maryland; and City and County of San Francisco, California) came before this Court for consideration.  Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that the preliminary injunction motion is GRANTED.

The Court finds that the Union and Local Government Plaintiffs have demonstrated a likelihood of success on the merits of their claims that the actions of DHS, FEMA, and their agency heads violate the Administrative Procedure Act and are ultra vires, a likelihood of irreparable harm in the absence of temporary relief, that the balance of equities tips in their favor, and that a preliminary injunction is in the public interest. Accordingly, pursuant to this Court's authority including but not limited to authority to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" (5 U.S.C. §705), IT IS HEREBY ORDERED that:

Defendants Department of Homeland Security ("DHS"), Federal Emergency Management Agency ("FEMA") and their agency heads, along with their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with these Defendants are preliminarily enjoined as follows:

1.    From taking any action to implement, carry out, or effectuate DHS directives that remove FEMA authority over personnel decisions with respect to FEMA employees, including but not limited to Cadre of On-Call Response/Recovery (CORE) employees, and including the following actions:

a.    DHS's removal of FEMA decision-making authority over the extension or renewal of CORE positions, including with respect to the duration of any extension; or

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION, No. 3:25-cv-03698-SI

1

b.    DHS's imposition of a workforce reduction plan to reduce the size of FEMA, including but not limited to any plan to reduce the size of FEMA by half, or otherwise implementing the December 4, 2025 FEMA Annual Staffing Plan.

2.    To rescind all notices of non-renewal separating CORE employees from FEMA employment since January 1, 2026, and to meet and confer with Plaintiffs to propose a process to return those employees to the position they would be in were it not for their unlawful terminations, including as follows:

a.    Ensuring that such employees receive all time in step credit for all periods during which they were in CORE employment or would have been in CORE employment but for their unlawful terminations;

b.    Providing back pay for the time that such employees were separated from CORE employment;

c.    Restoring retroactively, or otherwise making employees whole for the loss of, the health, dental, and vision benefits that such employees would have had if they had not been unlawfully separated from CORE employment.

IT IS FURTHER ORDERED that, no later than seven days after the date of this Order, Defendants shall report to the Court any agreement of the parties as to how to effectuate Section 2 of this injunction and how to provide notice of this relief to affected employees.  If the parties cannot reach agreement by that date, they shall submit a joint statement of five pages each setting forth their respective positions for the Court's consideration.

In addition, the Court finds that Plaintiffs' Claims VIII through XIII are appropriate for summary judgment briefing and for an exception to this Court's standing order providing for parties to file a single summary judgment motion.  The Court will treat Plaintiffs' further preliminary injunction briefing as their opening summary judgment motion.  Defendants' responsive briefing, which may identify documents for inclusion or exclusion from the administrative record, shall be filed by _____.  Plaintiffs' reply, if any, shall be due on _____ and a hearing will be held on _____ at ____.

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION, No. 3:25-cv-03698-SI

2

IT IS SO ORDERED.


Dated: _____, 2026    _____
The Honorable Susan Illston
United States District Court Judge