CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD P. ROSENBERG
JEREMY S.B. NEWMAN
Chief Litigation Counsel
CHRISTOPHER HALL
MARIANNE F. KIES
Assistant Branch Directors
ROBERT C. BOMBARD
Trial Attorney
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 598-9509
Robert.bombard2@usdoj.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>    Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al*.,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DECLARATION OF ROBERT C. BOMBARD** |

Declaration of Robert C. Bombard
3:25-cv-03698-SI

In accordance with the provisions of 28 U.S.C. § 1746, I, Robert C. Bombard, state as follows under penalty of perjury:

1. I am a Trial Attorney with the U.S. Department of Justice. I am licensed to practice law in Colorado. I am counsel for Defendants in the above-captioned action.

2. The statements set forth in this Declaration are based on my personal knowledge.

3. Attached as **Exhibit AA** is a true and correct copy of a March 11, 2026, email sent by Karen Evans from her personal email account to her FEMA work email account. This email contains no message content. It only contains an attachment of a photo she took of a Signal chat from her personal phone and the usual corresponding data regarding the date and time of the email. The photo attachment is included in Exhibit AA as well, though her personal email address is redacted.

4. Attached as **Exhibit BB** is a true and correct copy of a April 1, 2026, email sent by Defendants to Plaintiffs stating that in light of Evans's testimony, Defendants would "conduct a supplemental search of her custodian emails for the images of the Signal chats with Ms. Voorhies and produce any responsive, non-privileged emails that might not have been produced previously."

5. Attached as **Exhibit CC** is a true and correct copy of a April 6, 2026, letter sent by Plaintiffs to Defendants stating that they believed a forensic search of Evans's personal phone should take place since it was now "established that federal employees have used personal phones for agency business."

6. Attached as **Exhibit DD** is a true and correct copy of an April 15, 2026, email sent by Defendants to Plaintiffs alerting them of Defendants' production of three responsive, non-privileged Signal screenshot photos in response to then-existing discovery orders (ECF 336) that were preserved by Karen Evans on March 11, 2026, in the manner described above.

7. Attached as **Exhibit EE** is a true and correct copy of a May 2, 2026, email sent by Defendants to Joe Guy providing him with a copy of this Court's May 1, 2026, order.

8. Attached as **Exhibit FF** is a true and correct copy of a May 4, 2026, email sent by Defendants to Plaintiffs alerting them of Defendants' production of the remaining Signal screenshots preserved by Karen Evans on March 11, 2026, in the manner described above, in

Declaration of Robert C. Bombard
3:25-cv-03698-SI

1

response to the Court's May 1 order to produce "all FEMA-related Signal chats from Evans's phone." ECF 362.

9.    Attached as **Exhibit GG** is a true and correct copy of the errata sheet to Karen Evan's second deposition of May 26, 2026, signed on June 12, 2026.

10.    Attached as **Exhibit HH** is a true and correct copy of the errata sheet to Karen Evans's first deposition of March 31, 2026, signed on May 28, 2026.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 12, 2026

In Washington, D.C.

/s/ Robert C. Bombard
Robert C. Bombard
Trial Attorney
Department of Justice

Declaration of Robert C. Bombard
3:25-cv-03698-SI

# EXHIBIT AA

---

| **From:** | ███████████████ @prodigy.net] |
| **Sent:** | Wed 3/11/2026 4:12:16 AM (UTC) |
| **To:** | Evans, Karen[karen.evans@fema.dhs.gov] |
| **Subject:** | (No Subject) |
| **Attachment:** | 20260305_214730.jpg |

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please select the Phish Alert Report button on the top right of your screen to report this email if it is unsolicited or suspicious in nature.



# EXHIBIT BB

| From: | Bombard, Robert (CIV) |
|---|---|
| To: | "Danielle Leonard"; Hall, Christopher (CIV); Rosenberg, Brad (CIV); Kies, Marianne F (CIV); Newman , Jeremy S. (CIV) |
| Cc: | "Tsuki Hoshijima"; "Stacey Leyton"; "BJ Chisholm"; "Elle Eshleman"; "Jessica Levy" |
| Subject: | RE: AFGE v. Trump, 25-cv-3698: Discovery Issues re: Evans Deposition |
| Date: | Wednesday, April 1, 2026 5:48:00 PM |
| Attachments: | USA-AFGE-Exp.0034341.xlsx |
| | image001.png |

Danielle –

Your 11:28 am ET email imposed a three-and-a-half hour deadline for us to respond to seven detailed demands, under threat of going immediately to the Court absent a comprehensive, presumably acceptable response by 3 pm ET.  That timetable is not reasonable. Nonetheless, despite competing work obligations and other time constraints, we are doing our reasonable best to respond by COB today.  Here is what we can tell you at this time, responding to each demand in the order presented:

1. **Ms. Evans' Notes.**  Plaintiffs have had a copy of Ms. Evans' notes since we produced them on March 20—twelve days by now—but raised no issue with this production until yesterday's deposition (and today, in writing).  As part of its response to Plaintiffs' expedited discovery demands, FEMA collected Ms. Evans' unredacted notes, imaged them, and reviewed them for potential responsiveness and applicable privileges.  The production copy, which included notes regarding matters neither responsive to Plaintiffs' discovery requests nor relevant to the subject-matter of this ligation, was hand-redacted under the deliberative process privilege, with review by agency counsel.  Defendants will provide a privilege log as soon as reasonably possible.  But any urgency is of Plaintiffs' making, given the twelve days that passed before any concern was first raised, late during Ms. Evans' deposition.

2. **Personal Phones.**  Our position remains the same: DHS and FEMA employees' personal phones are not within the government's possession, custody, or control, and we have neither the ability nor the legal authority to assume custody over them.  If Plaintiffs reasonably believe there is responsive, relevant material on any DHS or FEMA custodian's personal phone, any recourse is not under party discovery governed by Federal Rule of Civil Procedure 26.  Defendants are in full compliance with all applicable evidentiary preservation obligations. Independently, Ms. Evans confirmed through deposition testimony that she followed all Federal Records Act requirements by taking screenshots of any work-related Signal messages on her personal phone and emailing those screenshots to her work email address.  In light of her testimony, we will conduct a supplemental search of her custodian emails for the images of the Signal chats and produce any responsive, non-privileged emails that might not have been produced previously.

3. **Screenshots of Signal Communications between Ms. Evans and Kara Voorhies.**

Consistent with the above response, Ms. Evans testified that she complied with the Federal Records Act by taking screenshots of any work-related Signal chats with Kara Voorhies and emailing them to her work email address.  In light of her testimony, we will conduct a supplemental search of her custodian emails for the images of the Signal chats with Ms. Voorhies and produce any responsive, non-privileged emails that might not have been produced previously.

4. **Annual Staffing Plan.**  On the extraordinarily expedited timetable demanded by Plaintiffs, Defendants have already produced more than 56,000 responsive documents from the more than 1,000 DHS and FEMA custodians also demanded by Plaintiffs. Defendants did so employing search terms the Court later determined to be reasonable and appropriate in adjudicating Plaintiffs' March 19 demand that Defendants conduct a second, even more expedited search process using their preferred search terms.  We note that FEMA's search terms included "staffing plan" and would have yielded communications, including with DHS, during the relevant timeframe.  Defendants do not agree to supplement their searches to search for documents related to FEMA's Annual Staffing Plan not previously produced.

5. **Metadata and Custodian Data for USA-AFGE-Exp.0034341.**  We have produced all metadata related to this document that was available to us, which is substantial.  We do not have additional custodian information for this document at this time, but are seeking additional information and will follow up with you as soon as reasonably possible. Attached is the metadata information we have in our possession regarding this document.

6. **May 14 Memorandum Attachment.** Defendants' production is complete.  Defendants did not withhold Annex A.  The memorandum is not responsive because it was from outside the responsive timeframe.  Annex A was not among the attachments to responsive emails and was therefore not produced.  Please provide a basis for a new independent search for a document that falls outside the relevant timeframe as ordered by the Court.

7. **Confidentiality Designations.**  Defendants cannot agree to provide confidentiality designations for the transcripts of all three scheduled depositions—some of which may still be in rough draft form—by Monday, April 6.  To strike a balance, however, Defendants can agree to provide confidentiality designations within two business days after receiving the final deposition transcript for each deposition.  As you can appreciate, this will require close coordination with agency counsel.  Moreover, if Ms. Evans' deposition provided any indication, the final transcripts of the two remaining depositions will presumably be lengthy.  To provide confidentiality designations for all

three depositions by April 6 would require the needless expenditure of time and resources, particularly given the likelihood that final transcripts of all three will not even be available by that date.  Provision of confidentiality designations within two days of receipt of each final transcript should more than suffice.  If you think otherwise, please advise why that is so, including Plaintiffs' intended use of the transcripts (rough or final) that would require confidentiality designations to be completed by April 6.

Regards,

**Robert C. Bombard**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
Cell: (202) 598-9509

---

**From:** Danielle Leonard <dleonard@altshulerberzon.com>
**Sent:** Wednesday, April 1, 2026 11:28 AM
**To:** Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>
**Cc:** Tsuki Hoshijima <thoshijima@democracyforward.org>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>
**Subject:** [EXTERNAL] RE: AFGE v. Trump, 25-cv-3698: Discovery Issues re: Evans Deposition

Counsel:
We are writing to address several urgent issues arising from yesterday's deposition of FEMA Senior Official Performing the Duties of Administrator Karen Evans that require your immediate attention and resolution.  If we cannot resolve these issues today, we will request resolution by the Court.  The failure to fully comply with the Court's ordered document production has already prejudiced Plaintiffs' ability to depose Ms. Evans, and continues to prejudice our ability to prepare for the depositions scheduled for tomorrow and Friday.

1. **Witness alteration of responsive evidence.**

     As Ms. Evans testified, her day planner and daily briefing book contain handwritten notes that include responsive material reflecting, among other things, meetings with DHS personnel regarding a plan to reduce CORE positions by NTE date, decisions not to renew CORE positions in January 2026, and other relevant matters.  The notes are significant and reveal the substance of meetings held to discuss these matters during the relevant time frame.  Hard copies of these notes were produced (late) with what appeared to be extensive redactions by a black marker, with no privilege log or explanation from counsel.  The redactions on their face appear over-inclusive, clearly removing the names of participants and other responsive material.  Counsel was unable to provide, when asked, an explanation for the basis of the redactions.

The documents were produced in a separate production on March 21, 2026, later than the other documents collected from Ms. Evans (who was in the "First Tier" of custodians for FEMA identified by counsel), likely after what Ms. Evans confirmed were multiple preparation sessions with counsel. Ms. Evans confirmed in testimony that that *she personally altered her own notes* with a marker on the basis of what she believed was deliberative and irrelevant material *after consulting with counsel,* and then provided those altered documents to counsel.

The alteration of responsive documents by a witness, in apparent conjunction with counsel direction, is a blatant discovery violation.  Counsel, rather than the party defendant, has a duty to review preserved and intact evidence for responsiveness, and redactions may only be applied to copies of responsive material on the basis of properly asserted privileges, identified in a privilege log. It is not appropriate to ask or allow a party to alter evidence, in an effort to redact for whatever the party believes should be removed.  Further, the production of altered evidence by counsel without acknowledgement or explanation is an egregious violation of counsel's professional responsibilities and duties to the court.

During yesterday's deposition we informed you we were requesting production of these notes in their original form. You have not responded.  Please immediately produce all *unaltered* pages from Ms. Evans' day planner and briefing books (as explained by Ms. Evans in deposition to contain her personal notes of meetings and other matters) in which she kept notes regarding FEMA staffing issues, today.  If you cannot do so because Ms. Evans altered the originals, please let us know **immediately**.  If you cannot produce the originals by **3pm ET**, we will take this issue to the court.

2. **Confirmation of the use of personal phones for FEMA business**.

Ms. Evans confirmed that she used her personal phone to communicate regarding FEMA business with others, including on their personal phones.  She identified and confirmed FEMA-related communications with DHS "Senior Advisor to the DHS Secretary" (and actually government contractor) Kara Voorhies, DHS "Chief Advisor" Corey Lewandowski, and DHS Deputy Chief of Staff Joseph Guy.  Ms. Evans also confirmed the use of the Signal application on her personal phone to communicate with former DHS Secretary Noem, Corey Lewandowski, Kara Voorhies, and others, regarding FEMA business.  At counsel's request, Ms. Evans provided the saved telephone numbers for what she believes are Ms. Voorhies and Mr. Guy's personal phones, and Mr. Lewandowski's phone (which she was unsure whether it was personal or work).

Ms. Evans' testimony reveals that DOJ's effort to exclude personal phones from compliance with the Court's directive to produce responsive phone communications is unjustified, given the frequent use of personal phones for government business by these individuals.  Please explain, by **3pm ET** today, how you propose to obtain and review responsive communications on the phones of Ms. Evans, Mr. Guy, Ms. Voorhies, and Mr. Lewandowski, *and* investigate and confirm whether any other individual subject to the Court's orders similarly used personal phones for government business, and,

if so, completing a search for responsive materials.  "Self-reporting" is not acceptable.  If you refuse to provide this information regarding a reasonable plan for obtaining this information, by **3pm ET** today, we will bring this issue to the Court.

Because Signal messages are often set to be auto-deleted, we have significant concerns about the government's failure to comply with its preservation obligations and reserve the right to seek sanctions for spoliation.  You informed us during previous meet and confers that the government had sent litigation hold instructions, but Ms. Evans clearly testified yesterday that she had not received any instructions regarding preserving Signal (or other documents) between her on-boarding training and the DHS March 10 email regarding records preservation.  Please explain exactly when and to whom the litigation hold was sent (which is not privileged information).

3. **Screenshots of communications with Ms. Voorhies**.

Ms. Evans testified that she, at times and according to her own discretion and decision regarding what she should preserve, took screenshots of communications on Signal with Ms. Voorhies regarding FEMA, and preserved those communications by emailing them to herself at her FEMA email address. She confirmed she believed her FEMA email was all maintained as official record and therefore no further steps or forwarding was necessary to preserve these communications.

Plaintiffs have reviewed Defendants' document productions and no emails from Karen Evans to herself attaching screenshots have been produced.  We do not believe these emails would have been included in your search terms, even though the attachments may be responsive.  Counsel has previously explained that counsel for DHS collected the responsive materials that were uploaded to DOJ's document system. Plaintiffs' counsel do not believe that counsel for DHS conducted an adequate search.

Please confirm by no later than **3pm ET** today that DOJ will investigate:  1) whether Ms. Evans actually saved and emailed to herself any screenshots of communications with Ms. Voorhies, and 2) if so, obtain and review those communications for responsive material.  We request confirmation by 3 pm ET today of your agreement to take these steps in light of Ms. Evans' testimony.

4. **Identified responsive documents regarding Annual Staffing Plan cutting 50 percent of FEMA staff**.

Ms. Evans' testimony revealed further information regarding responsive documents that Defendants have failed to produce.  In particular, Ms. Evans confirmed that on December 4, FEMA sent DHS the FEMA Annual Staffing Plan that reflected a 50 percent cut to overall FEMA staff, for inclusion in the final Annual Staffing Plan provided to OPM/OMB pursuant to Executive Order 14356 in December 2025.  Ms. Evans confirmed that she personally sent that communication (as confirmed by her day planner notes, which state she will "cc" Ms. Voorhies on the communication).  Neither FEMA nor DHS produced this communication, nor did they produce any subsequent DHS communications regarding this FEMA plan, or the transmission of that plan to OMB/OPM.  Ms. Evans

also further confirmed that the number reflecting the 50 percent cut (either 11,383 or 11,500 staff) had been provided to OMB/OPM.  Yet, neither FEMA nor DHS produced any documents reflecting the transmission of this final Annual Staffing Plan (or related to any of the subsequent quarterly reports). Ms. Evans also testified that she believed the Annual Staffing Plan would have been routed through DHS Executive Secretary, and was part of a review process.  DHS has not produced any of these documents.

Please immediately produce all FEMA communications with DHS regarding the Annual Staffing Plan, any quarterly reports, and all DHS documents pertaining to FEMA's Annual Staffing Plan, including but not limited to the transmission of the Annual Staffing Plan to OMB/OPM.  We request production today.

5. **"Draft."**

Please produce *all* metadata for the "Draft" document that you produced as USA-AFGE-Exp.0034341 that was introduced as Exhibit 25 yesterday with Ms. Evans.  As explained, your production did not include the custodian, author, original file location, or dates created/modified of this document.  If the metadata does not include this information, please identify the custodian from whom you obtained this document.

6. **May 14 Memorandum Attachment.**

Ms. Evans relied on Annex A to the May 14 DHS Memorandum that was introduced as Exhibit 21. Please produce this document.

7. **Confidentiality Designations.**

You identified as Confidential on the record only a very small portion of the deposition pertaining to telephone numbers.  If you wished for the remainder of the transcript to remain confidential, it was your burden to so designate on the record.  You have requested 14 days to review and provide further designations, per the protective order.  In the expedited context, that amount of time is not appropriate.  Defendants were accompanied by approximately 10 lawyers at the deposition: you know exactly what was and was not put on the record, and counsel have been given a same-day rough.  Moreover, none of the testimony other than the three phone numbers read into the record (of Ms. Voorhies, Mr. Lewandowski, and Mr. Guy) is confidential. The business and actions of the federal government are not confidential because Defendants wish to keep this information from the public. As we have previously discussed, Defendants' over-designations of confidentiality are prejudicing Plaintiffs ability to litigate this case, both by wasting time and resources, and also preventing the filing on the record of documents and testimony, including in support of discovery disputes. The public has a right to court proceedings and Plaintiffs will not agree to permit Defendants to assert inappropriate designations.

Plaintiffs will agree that Defendants may have until **Monday, April 6** to identify any portions of the

rough transcripts of any of the three depositions as confidential, and will immediately meet and confer regarding those designations.  Plaintiffs will not stand for these continued obstacles to the full and public resolution of the legality of Defendants' actions in court.

Thank you for your prompt attention to all of this,
Danielle

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

## ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.*

# EXHIBIT CC

**ALTSHULER BERZON LLP**
ATTORNEYS AT LAW

ANITA T. ALEM
JAMES BALTZER
KATHERINE G. BASS
JACQLYN BLATTEIS
HAMILTON CANDEE
MAX CARTER-OBERSTONE
EVE H. CERVANTEZ
CONNIE K. CHAN
BARBARA J. CHISHOLM
LISA DEMIDOVICH
ELIZABETH ESHLEMAN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
SCOTT A. KRONLAND
JONAH J. LALAS
JUHYUNG HAROLD LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
MARISA C. LOWE
AMANDA C. LYNCH
DERIN MCLEOD
MATTHEW J. MURRAY
ZOE PALITZ
JONATHAN ROSENTHAL
MICHAEL RUBIN
TALIA STENDER
ROBIN S. THOLIN
EMANUEL A. WADDELL
ALICE X. WANG

177 POST ST. SUITE 300
SAN FRANCISCO, CA 94108
(415) 421-7151

350 W. COLORADO BLVD. SUITE 420
PASADENA, CA 91105
(323) 963-8693

FAX (415) 362-8064

WWW.ALTSHULERBERZON.COM

FRED H. ALTSHULER (1943-2024)
FOUNDING PARTNER

STEPHEN P. BERZON
FOUNDING PARTNER
PARTNER EMERITUS
SPECIAL COUNSEL

PETER D. NUSSBAUM
JEFFREY B. DEMAIN
DANIEL T. PURTELL
PARTNERS EMERITUS

ALEXANDER PECHT
FELLOW

April 6, 2026

***Via Electronic Mail***

Christopher Hall
Brad Rosenberg
Marianne Kies
Cesar Azrak
Robert Bombard
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005

      Re: *AFGE v. Trump*, No. 25-cv-03698-SI (N.D. Cal.), Outstanding Issues Relating to
      Court-Ordered Expedited Discovery

Dear Counsel,

      We write to address outstanding issues related to compliance with the Court's orders on
expedited discovery from FEMA and DHS, in the hopes of resolving issues without the Court's
involvement. We have endeavored to include the current outstanding issues in this global letter.
Absent resolution, Plaintiffs reserve all rights to address these issues to the Court.

      Most of the below issues were raised by Plaintiffs prior to last week's depositions. For
many issues, Defendants have provided no substantive response and made little effort to resolve
disputes beyond promising to discuss the issues with the client agencies. Other issues arose from
testimony during the depositions. Plaintiffs' ability to fully explore the relevant issues in these

1

depositions was prejudiced by Defendants' lack of compliance with the Courts' various orders to produce responsive documents and by other issues addressed below.

## I.      Document production

### A.  Inadequate scope of DHS search

On March 3, 2026, the Court ordered Defendants to "produce documents related to the renewals/nonrenewals of CORE employees" and to "produce communications from DHS and FEMA, including email communications, regarding the renewals/nonrenewals of CORE employees as well as 'target' reductions of FEMA and CORE employee staffing." ECF 321 at 2.

You produced only 314 documents from DHS. The inadequacy of DHS's search remains an unresolved issue. ECF 332 at 5. The Court agreed with our concern "that DHS produced no documents for certain custodians (including Noem and Lewandowski) and no documents for the December 20 to January 6 period, which is a key period in the FEMA/CORE renewals claim." ECF 336 at 2. The Court ordered the parties to meet and confer about the sufficiency of the search by March 24, 2026.

On March 24, 2026, we conferred on this issue by videoconference. It was clear from that conference that counsel for DOJ had left it for agency counsel to run search terms and that agency counsel had decided on search terms without actually exploring with their clients what responsive documents might exist. Had they done so, documents identified by the witnesses we deposed last week would have been easily identified.

Search terms are no substitute for proper investigation by counsel. However, it is clear that your search terms were woefully underinclusive as well. As we stated in our summary email, you agreed to discuss with your clients providing hit lists by custodian for our further proposed search terms. You also agreed to investigate why the FEMA production included email chains with underlying DHS emails that were not included in the DHS production.

On March 26, 2026, you stated by email that the preliminary search results for our proposed terms yielded approximately 100GB of data. You provided a breakdown of search result volume by search term for the DHS Office of the Secretary and DHS OCHCO, but not by individual custodian as we had requested. As for the discrepancy between DHS and FEMA productions, you stated that search terms had to be constructed differently for DHS than FEMA because the scope of DHS's work covers multiple components.

We reiterate our request that you provide the hit list by individual custodian so that we can confer on the additional custodial searches that remain necessary.

### B.  Blanket confidentiality designations

On March 20, 2026, we notified you by email that we are challenging your blanket assertion of confidentiality over every document you produced. We explained that your blanket

approach plainly violates the protective order's prohibition on mass, indiscriminate, or routinized designations.

At a videoconference on March 24, 2026, you were unable to provide any basis for confidentiality other than PII. You confirmed that agency counsel had applied the mass designations in the interest of time. You offered a clearance process where we could identify specific documents for potential de-designation, but we explained that such a process improperly flips the burden on us to seek de-designation of improperly designated documents.

In your March 26, 2026 email, you stated that "the predominant concerns related to PII (such as email addresses, phone numbers, and the identities of lower-level employees such as secretaries, office assistants, CORE employees, and the like)" but that "many of the FEMA documents are confidential for other reasons as well, including reflecting internal discussions regarding particular employees." You reiterated your offer to consider de-designation of specific documents upon Plaintiffs' request.

In a March 27, 2026 response, we reiterated our request that Defendants remove the blanket designations. Defendants reviewed the production for responsiveness and privilege, and there was no reason that Defendants could not have reviewed for confidentiality as well. We also explained that government employee names and work contact information are not typically confidential, and we requested that Defendants identify the documents that actually contain confidential material.

We continue to ask that Defendants withdraw the blanket designations. We understand that we are at impasse on this issue. We continue to reserve the right to seek sanctions for your blatant violation of the protective order under section 5.1 of that order.

As an interim measure, we requested at last week's depositions that you determine within two days of the final transcripts whether any part of the transcript and any documents used as deposition exhibits are properly designated as confidential. We do not believe there is any basis to maintain confidentiality over the transcript or the deposition exhibits (other than personal phone numbers), and we expect that you will de-designate them promptly. We understand that you have agreed to review those designations within two days of receipt of the final transcript. We are prepared to meet and confer promptly if you intend to maintain a confidentiality designation over any part of the depositions.

## C. Inadequate justifications for deliberative process privilege assertions

In our March 19, 2026 statement to the Court, we raised concerns about your unjustified assertions of deliberative process privilege. ECF 332 at 3. As we explained in that statement, we had attempted to address that issue with you even before you produced any documents because we anticipated this issue. In its March 20, 2026 order, the Court ordered the parties to meet and confer on this issue. ECF 336 at 2.

3

At a videoconference on March 26, 2026, you were unable to provide further justification for the privilege assertions. You stated that agency counsel had made the decision to assert these privileges and that you would obtain a declaration from a high-level agency decisionmaker justifying the privilege only once we presented the issue to the Court.

Your privilege logs are facially deficient and the justifications you have provided are inadequate. We also continue to believe that the case law is clear that a high-level agency decisionmaker must review these documents before the privilege is even asserted in the first place. It is both improper, and an obstruction to any possibility of resolving this issue without court intervention, for you to take the position that a high-level agency decisionmaker will not provide a privilege justification unless we litigate this issue. Finally, even if any of these documents qualify for the privilege, there is no specific harm to the government from disclosure that outweighs litigation need here. Both the district court's and Ninth Circuit's prior analyses in this case applies and warrants disclosure.

In our view, we are at an impasse on your assertions of deliberative process privilege. Please let us know immediately if you are willing to reconsider your position.

### D. Failure to produce specific documents

In addition to the broad concerns addressed above, the depositions have revealed additional responsive documents that should have been, but were not produced, or were produced in problematic form.

### 1) Responsive documents about FEMA's and DHS's annual staffing plan

At her March 31, 2026 deposition, Ms. Evans confirmed that on December 4, 2025, FEMA had sent DHS an annual staffing plan that reflected a 50% cut to FEMA staff, to be included in DHS's final annual staffing plan submitted to OMB and OPM. Ms. Evans confirmed that she sent that communication to DHS (as shown by her handwritten notes). She also confirmed in her testimony that the 50% cut target had been sent to OMB and OPM.

In our April 1, 2026 email, we requested immediate production of all FEMA communications with DHS regarding the Annual Staffing Plan, any quarterly reports, and all DHS documents pertaining to FEMA's Annual Staffing Plan, including but not limited to the transmission of the Annual Staffing Plan to OMB/OPM.

On April 1, 2026, you responded that FEMA's search had included the term "staffing plan," that the search term "would have yielded" any such communications, and that you would not agree to any further searches. This response does not explain the failure to produce relevant documents from Ms. Evans' account, or the failure to produce DHS documents on this subject entirely.

Defendants cannot refuse to produce these communications—which Ms. Evans confirmed exist and which plainly fall within the scope of the second category of documents in

the Court's March 3, 2026 expedited discovery order, ECF 321 at 2—by relying on a search term that has proven inadequate to capture these key documents. Defendants' representation that their search terms did not capture the responsive documents only proves the inadequacy of Defendants' search methods. It does not absolve Defendants of the responsibility to conduct supplemental searches for key documents that Defendants had failed to produce. Any reasonably conducted conversation with the senior FEMA official would have revealed the existence of these documents. We reiterate our request that you immediately produce all FEMA communications with DHS regarding the Annual Staffing Plan, any quarterly reports, and all DHS documents pertaining to FEMA's Annual Staffing Plan, including but not limited to the transmission of the Annual Staffing Plan to OMB/OPM.

Please confirm your agreement to produce these documents, and that you will do so by no later than Friday, April 10, 2026. The complete production was due March 17, and Defendants have provided no basis for their failure to fully comply.

### 2) Karen Evans' handwritten notes

On March 31, 2026, Karen Evans stated in her deposition that she herself had hand-redacted significant portions of handwritten meeting notes from her day planner before the notes were produced to Plaintiffs. She indicated that the documents were purported redacted for relevance or because they were deliberative, in her opinion as a non-lawyer. The deposition testimony confirmed that those handwritten notes contained material that is plainly relevant because it addresses CORE terminations and staffing target numbers. The deposition testimony confirmed that the redactions appear to be overinclusive because they appear to remove the names of meeting participants and other surrounding information. We conferred with Defendants' counsel during deposition breaks to request an explanation of the basis for those redactions, but you were unable to provide any explanation.

We raise the issue in an email on April 1, 2026 and requested production of all unaltered pages from Ms. Evans' handwritten notes.

You responded by email on April 1, 2026. You stated that "The production copy, which included notes regarding matters neither responsive to Plaintiffs' discovery requests nor relevant to the subject-matter of this ligation, was hand-redacted under the deliberative process privilege, with review by agency counsel. Defendants will provide a privilege log as soon as reasonably possible."

The redactions on this document are improper. First, your response confirms that you allowed Ms. Evans to redact her notes based on her assessment of responsiveness. Redacting for responsiveness is plainly impermissible under the federal rules. Moreover, alteration of documents by a witness and failing to disclose the alternation are significant discovery violations.

Second, you have waived any privilege because your deadline to provide a privilege log has long since passed. Your original deadline for producing documents was March 17, 2026, and the Court ordered that Defendants "shall also produce a privilege log on that date." ECF 328 at 2. Yet, these documents were neither produced nor listed. Nor were they listed in any further privilege log provided on Friday, March 20, with your production that purported to include documents from the remaining FEMA custodians.

Privileges must be asserted at the time of production, and in particular when counsel has permitted the client to alter documents. Redactions are the alteration of evidence. You failed to invoke or explain any privilege for these notes until after we revealed the alteration in deposition and demanded complete production. The privilege has been waived under Rule 26.

We understand your April 1, 2026 email to confirm that DOJ has an electronic image of Ms. Evans' unredacted notes. Please produce the unredacted notes immediately.

### 3) "Talking Points for FY26 Staffing Strategy" document

At Karen Evans' deposition on March 31, 2026, we asked about a document called "Talking Points for FY26 Staffing Strategy," USA-AFGE-Exp.0034341, which states that "Ms. Evans has tasked me to develop a strategy" to achieve a specific numerical target for the FEMA workforce over FY26 and describes Ms. Evans' "specific intent" as to FEMA's workforce. The document had been produced to us with no metadata other than the filename "DRAFT.docx" and a document creation date of December 11, 2025.

In our April 1, 2026 email, we asked that you produce all metadata for this document.

In your response that day, you responded by providing the metadata that you said DOJ had available, which provided no further information other than the folder name of "Desktop." You did not provide the full file path of the document, and you identified the custodian only as "FEMA." You promised to seek additional custodian information and follow up as soon as reasonably possible.

This document is highly probative as to FEMA leadership's staffing targets. FEMA has improperly chosen to indicate the custodian only as "FEMA." Please produce all metadata immediately, including any author and actual custodian for this document.

## II.    Discovery from phones

### A. Work phones

#### 1) Kara Voorhies' DHS and FEMA work phones

On March 26, 2026, Defendants stated in a notice of "substantial" compliance with the Court's March 20, 2026 discovery order that you were unable to collect and search the DHS and FEMA work phones of Kara Voorhies because of a DHS OIG preservation notice. ECF 337 at 3.

On March 27, 2026, we requested by email that you: (1) state who currently has physical possession of Ms. Voorhies' DHS and FEMA phones; (2) provide further explanation of your position that those phones, whether they are currently in the physical possession of FEMA, DHS, or DHS OIG, are not within Defendants' possession, custody, or control; and (3) provide a copy of DHS OIG's preservation notice.

On March 27, 2026, you responded by email to state that you could provide no further information at that time.

Please immediately provide the requested information about Ms. Voorhies' phone and OIG preservation notice.

### 2) Joseph Guy's work phone

Your March 26, 2026 notice of "substantial" compliance stated that Joseph Guy was abroad and unable to physically turn in his DHS phone, even though your notice had also stated that Mr. Guy had already separated from DHS.

On March 27, 2026, we asked for an explanation why DHS has permitted Guy to retain possession of his DHS-issued work phone even after he left DHS.

In your response later that day, you did not provide that explanation and instead informed us that DHS had recently collected Mr. Guy's DHS phone.

On March 30, 2026, your email stated that DHS had imaged and searched Mr. Guy's phone and that records that hit on the search terms have been turned over to DOJ to be loaded into the document review platform.

You have provided no further updates. Please produce all responsive materials from Mr. Guy's work phone immediately.

### 3) FEMA Tier 2 custodians' work phones

The Court's March 27, 2026 order found, consistent with the compromise that Plaintiffs had offered, that Defendants need not conduct physical cell phone data extraction at this time for FEMA Tier 2 custodians, provided that each custodian submits a sworn declaration describing efforts to search for responsive records and attesting that they have no responsive records to produce. ECF 339.

Please let us know when Defendants will provide those declarations.

### 4) Scope of Defendants' searches

It appears from prior responses that Defendants used a single word "core" to search phones rather than create and conduct a reasonable search for documents pertaining to FEMA's staffing plans or recent downsizing. It is entirely possible that responsive communications did not use the word core.

7

This is not such a large universe of documents, timeframe, or material that search terms are even necessary, and limiting the searches to a single word is certainly inadequate. There is no reason DOJ cannot search the identified custodians' phones for all responsive material and produce anything that falls within the responsive subject matter, regardless of the terminology used by the identified small number of individuals.

**B. Personal phones**

On March 20, 2026, the Court accepted Plaintiffs' compromise position and ordered a March 26, 2026 deadline to produce phone communications from the persons identified in the Prieur declaration, ECF No. 327-1; Kristi Noem; Corey Lewandowski; and the nine persons identified as "key" FEMA custodians, ECF 332, Ex. B.

In a March 23, 2026 email, we requested confirmation "that the searches of telephones that are being performed pursuant to the Court's order will include personal phones used for government business." We also asked that "to the extent that responsive communications did exist, but no longer exist because they have been deleted, please identify those documents and when they were deleted."

On March 24, 2026, we discussed this issue by videoconference. You stated that you did not think that personal phones are within the government's possession, custody, or control.

On March 26, 2026, you reiterated that position but stated that "Defendants are attempting to inquire about whether key custodians used their personal phones to conduct government business relevant to this litigation" and offered to provide an update.

On March 31, 2026, Karen Evans' deposition testimony confirmed that she used her personal phone to communicate about FEMA's business with others, including on their personal phones. She confirmed FEMA-related communications with DHS "Senior Advisor to the DHS Secretary" Kara Voorhies, DHS "Chief Advisor" Corey Lewandowski, and DHS Deputy Chief of Staff Joseph Guy. Ms. Evans also confirmed the use of the Signal application on her personal phone to communicate with former DHS Secretary Noem, Corey Lewandowski, Kara Voorhies, and others, regarding FEMA business. Ms. Evans identified on the record the following phone numbers she had saved on her personal phone: Ms. Voorhies' personal number, Mr. Guy's personal number; and Mr. Lewandowski's number, which she was unsure whether it was personal. Any reasonable communication with Ms. Evans by counsel would have revealed her use of personnel phones for government business. The failure to inquire and conduct reasonable searches (and, indeed, to ensure the preservation of relevant material) is inexcusable.

In an email on April 1, 2026, we requested that Defendants provide a reasonable plan to obtain responsive communications from the personal phones of Ms. Evans, Mr. Guy, Ms. Voorhies, and Mr. Lewandowski and to investigate whether any other individual subject to the Court's orders similarly used personal phones for government business. We also requested

8

Defendants to provide information on the adequacy of their preservation efforts by stating exactly when and to whom the litigation hold was sent.

In addition, we requested that Defendants produce any screenshots of responsive Signal messages that Ms. Evans had saved. Ms. Evans claimed in her deposition that she had preserved Signal communications from her personal phone by taking screenshots and sending them to her FEMA email address. However, no such screenshots have been produced to us. We requested that DOJ investigate whether Ms. Evans had in fact done so for any communications with Ms. Voorhies and that DOJ produce any responsive material.

In your April 1, 2026 response, you stated that you "will conduct a supplemental search of her custodian emails for the images of the Signal chats and produce any responsive, non-privileged emails that might not have been produced previously." Please provide us with an update on that supplemental search.

However, to be clear, searching Ms. Evans' custodial emails for screenshots of Signal chats is not enough. Ms. Evans' representation that she self-identified federal records and preserved those communications does not obviate the need for a forensic search of her personal phone. Custodian self-searches are generally inadequate for meeting discovery obligations, and it is particularly insufficient here given the implausibility of Ms. Evans' claim—that despite breaking proper protocols by conducting agency business on a disappearing message platform on personal phones, she reliably preserved records through voluntary self-selection of communications to be preserved. And where it is established that federal employees have used personal phones for agency business, we disagree that Defendants lack control over those communications within the meaning of Rule 34.

We also reiterate our request that you provide details about your litigation hold and that you explain what other methods you took to ensure preservation of communications on personal phones relating to agency business. Because Signal messages are often set to be auto-deleted, we have significant concerns about Defendants' compliance with preservation obligations and reserve the right to seek sanctions for spoliation.

***

Thank you for your prompt attention to this matter. We look forward to your further response in an effort to resolve these disputes.

Sincerely,

*/s/ Danielle Leonard*

Counsel for Plaintiffs

9

# EXHIBIT DD

| | |
|---|---|
| **From:** | Bombard, Robert (CIV) |
| **To:** | dleonard@altshulerberzon.com; Tsuki Hoshijima; Stacey Leyton; BJ Chisholm; Elle Eshleman; Jessica Levy |
| **Cc:** | Hall, Christopher (CIV); Rosenberg, Brad (CIV); Kies, Marianne F (CIV); Newman , Jeremy S. (CIV) |
| **Subject:** | Defs" JEFS Production ICO AFGE v. Trump, 25-cv-03698-SI (N.D. Cal.) Re: ECF 339 |
| **Date:** | Wednesday, April 15, 2026 6:58:00 PM |

Danielle,

Defendants just produced via JEFS transfer 16 declarations from Tier 2 FEMA custodians, which includes a responsive screenshot of a text message exchange between two of the declarants.  Of the four remaining FEMA Tier 2 custodians, two are expected to provide a declaration shortly, which we will produce once received.  The other two custodians are no longer at FEMA, however, FEMA was able to image and search one of their phones turning up no responsive material.  The other former Tier 2 FEMA employee's phone is currently in the possession of the DHS CIO.  FEMA reports that a request has been made to the CIO to obtain the phone, turn it on, and conduct a search.  We hope to have more information on that search soon and will update you accordingly.

In the same JEFS folder you will find outstanding responsive, non-privileged, Tier 1 FEMA custodian phone communications.

Defendants have also produced 3 responsive, non-privileged, Signal chat screenshots from Ms. Evans's personal phone.

Regards,

**Robert C. Bombard**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
Cell: (202) 598-9509

# EXHIBIT EE

| | |
|---|---|
| **From:** | Hall, Christopher (CIV) |
| **To:** | jcguy29@gmail.com |
| **Cc:** | rickguy@gmail.com; Rosenberg, Brad (CIV); Bombard, Robert (CIV); Matthew Fleischman |
| **Subject:** | AFGE v. Trump, et al: Court Order + logistics for Monday"s deposition |
| **Date:** | Saturday, May 2, 2026 12:06:01 PM |
| **Attachments:** | ECF 362 Order 5-1-26.pdf |
| **Importance:** | High |

Joe (cc Rick) –

I wanted to send you the district court's Order issued late last night in response to an "emergency" filing by Plaintiffs earlier that evening.  Two provisions apply specifically to you and your deposition scheduled for 9 a.m. Monday.  The Order makes clear that the district court is ordering you to comply with both provisions (emphasis added), while also ordering Defendants to take certain actions specific to you:

> **Deposition Notice and Subpoena**: This Order clarifies the deposition notice and subpoena issued to Guy are deemed served and are effective, based on service on defense counsel while Guy was still in government employment, pursuant to Federal Rules of Civil Procedure 5(b)(1) and 45. Guy is **ORDERED** to appear for his deposition on May 4, 2026.

> **Search of Mr. Guy's Personal Phone**: Guy's declaration indicates that he conducted a "self-search" of his personal phone using the terms "renewal, core, and staffing plan" but that no responsive documents were located. Dkt. No. 359-1 ¶ 4. The Court's prior orders did not authorize a self-search. *See* Dkt. Nos. 351 at 4, 358 at 1. The Court further agrees with plaintiffs that the search terms Guy used were underinclusive. Accordingly, Guy is **ORDERED** to bring his personal phone to his deposition on May 4, 2026. Before the deposition, counsel for defendants shall search his phone again, using *at minimum* substantially the same search terms defendants applied to their searches of ESI from DHS custodians, *see* Dkt. No. 344 at 7.

As we discussed on Thursday, the Department of Justice attorneys assigned to this case represent the United States, and are not your attorneys in connection with this matter.  Likewise, as discussed on Thursday, we are not permitted to give you legal advice, because we do not represent you.  There is one limited exception to our inability to give you legal advice: **We are permitted to advise you that you have the right to secure counsel of your own.  *See* California Rule of Professional Conduct 4.3(a).  Consistent with that exception, if you wish to secure counsel to represent your interests in connection with this matter, and with Monday's deposition and these obligations in particular, you are entitled to do so, which is an option you may of course wish to consider.**

We think it would be valuable to find time at some point today (or Sunday, if today does not work) to briefly discuss these issues and the logistics of Monday's

deposition in light of the Court's Order.  Please let us know when would be a convenient time for you to discuss, and we can send a Teams invite or set up a conference call, whichever would work best for you.  And feel free to let us know if you have any questions.

Regards,
Chris

Christopher R. Hall
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box 883
Washington, D.C. 20044
202-514-4778

# EXHIBIT FF

**Kies, Marianne F (CIV)**

| | |
|---|---|
| **From:** | Kies, Marianne F (CIV) |
| **Sent:** | Monday, May 4, 2026 8:32 PM |
| **To:** | Rosenberg, Brad (CIV); Danielle Leonard; Tsuki Hoshijima; Stacey Leyton; BJ Chisholm; Elle Eshleman; Jessica Levy |
| **Cc:** | Hall, Christopher (CIV); Bombard, Robert (CIV); Newman , Jeremy  S. (CIV); jesse@binnall.com; jason@binall.com; Urban, Tracey L. (CIV) |
| **Subject:** | RE: AFGE v. Trump:  Supplemental Production on JEFS |

Good evening:

Please see Production 19 on JEFS. These are images from Ms. Evans's Signal application on her personal phone. Some may have been previously produced. We are still working to confirm whether these are the universe of "FEMA-related Signal chats" and are producing them now in accordance with the Court's May 1 order.

**From:** Rosenberg, Brad (CIV) <Brad.Rosenberg@usdoj.gov>
**Sent:** Monday, May 4, 2026 8:53 AM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>; Tsuki Hoshijima <thoshijima@democracyforward.org>; Stacey Leyton <sleyton@altshulerberzon.com>; BJ Chisholm <bchisholm@altshulerberzon.com>; Elle Eshleman <eeshleman@altshulerberzon.com>; Jessica Levy <jlevy@altshulerberzon.com>
**Cc:** Hall, Christopher (CIV) <Christopher.Hall@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>; Bombard, Robert (CIV) <Robert.Bombard2@usdoj.gov>; Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>; jesse@binnall.com; jason@binall.com; Urban, Tracey L. (CIV) <Tracey.L.Urban@usdoj.gov>
**Subject:** AFGE v. Trump: Supplemental Production from Joe Guy's Personal Phone

Dear Plaintiffs' Counsel,

Attached please find a supplemental production from yesterday's search of Joe Guy's personal phone.

Best,
Brad

1

# EXHIBIT GG

W I T N E S S   C E R T I F I C A T E

I, KAREN EVANS, hereby certify that I have read the foregoing typewritten pages 1 through 83, inclusive, and corrections, if any, were noted by me, and the same is a true and correct transcript of my testimony.

Dated this ___12th___ day of ___June___, 2026.

_____
KAREN EVANS

Signed before me this _____ day of _____, 2026.

_____

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.

V. DONALD J. TRUMP, in his official capacity

as President of the United States, et al., Case No.

-cv-03698-SI                                            3:25

May 26, 2026, S. Gran

Page 84

American Federation Of Government Employees,
AFL-CIO, Et Al. v. Donald J. Trump, Et Al.

Karen Evans, Volume II (#8233050)

E R R A T A S H E E T

PAGE__9___ LINE__1___ CHANGE___"Ken" to "Cam"____
_____
REASON__Typo_____

PAGE__9___ LINE__16__ CHANGE___"—" to "VP" and "SCC" to
"FCC"_____
REASON__Typo_____

PAGE__13___ LINE___9__ CHANGE___"reference" to "record"
_____
REASON__Typo_____

PAGE__57___ LINE__9___ CHANGE___delete "as well well as
the Justice lawyers"
_____
REASON___To correct the record as the Justice lawyers
were not present only the FEMA attorneys and my personal
attorney were present

PAGE___58__ LINE___16__ CHANGE_delete "the Justice
lawyers"
_____
REASON___ To correct the record as the Justice lawyers
were not present only the FEMA attorneys and my personal
attorney were present _____

PAGE___59__ LINE__21___ CHANGE__delete "and the Justice
lawyers"
_____
REASON_ To correct the record as the Justice lawyers
were not present only the FEMA attorneys and my personal
attorney were present _____

PAGE__69__ LINE__23-23___ CHANGE__delete "by the
Justice lawyers"
_____

REASON_ To correct the record as the Justice lawyers were not present only the FEMA attorneys and my personal attorney were present _____

Karen Evans,Volume II ) Date

6/12/26

Page 88

# EXHIBIT HH

CONFIDENTIAL
PURSUANT TO THE PROTECTIVE ORDER

Page 382

DECLARATION UNDER PENALTY OF PERJURY

I am the witness in the foregoing deposition.

I have read the foregoing deposition or have had read to me the foregoing deposition, and having made such changes and corrections as I desired, I certify that the same is true in my own knowledge.

I hereby declare under penalty of perjury that the foregoing is true and correct.

In witness whereof, I hereby subscribe my name this 28 day of May , 2026.

_____
KAREN STREHLE EVANS

CONFIDENTIAL
PURSUANT TO THE PROTECTIVE ORDER

Page 381

ERRATA SHEET

NAME OF CASE:  American Federation of

Government Employees, et al. v.

Donald J. Trump, et al.

DATE OF DEPOSITION:  March 31, 2026

NAME OF WITNESS:  KAREN STREHLE EVANS

Reason Codes:

1:  To clarify the record.

2:  To conform to the facts.

3:  To correct transcription error.

Page _281_ Line _18_ Reason _Typo_

From _So Stephanie and Dobtsch_ to _So Stephanie and Will_

Page _335_ Line _8_ Reason _Typo_

From _female_ to _email_

Page _374_ Line _4_ Reason _Typo_

From _process vals_ to _process fouls_

Page _374_ Line _13_ Reason _Typo_

From _process vals_ to _process fouls_

Page _374_ Line _14_ Reason _Typo_

From _process val_ to _process foul_

Page ____ Line ____ Reason ____

From _____ to _____

_[signature]_ _May 26, 2026_

KAREN STREHLE EVANS                    DATE

TransPerfect Legal Solutions
212-400-8845 - Depo@TransPerfect,com

CONFIDENTIAL
PURSUANT TO THE PROTECTIVE ORDER

Page 380

DEPONENT'S SIGNATURE

Please be advised I have read the foregoing deposition, pages 1 through 379, inclusive.  I hereby state there are:

(Check one)

_____  No corrections

_____✓_____  Corrections per attached

_____
KAREN STREHLE EVANS

( X ) Reading and signing was requested.

(   ) Reading and signing was waived.

(   ) Reading and signing was not requested.

Should the signature of the witness not be affixed to the deposition, the witness shall not have availed herself of the opportunity to sign or the signature has been waived.

--oOo--

TransPerfect Legal Solutions
212-400-8845 - Depo@TransPerfect,com