UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al., | Case No. 25-cv-03698-SI |
| Plaintiffs, | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; SETTING SCHEDULE ON SUMMARY JUDGMENT; CONTINUING HEARING ON MOTION FOR RULE 37(e) REMEDIES** |
| v. | |
| DONALD J. TRUMP, et al., | |
| Defendants. | Re: Dkt. No. 301 |

Plaintiffs' motion for a preliminary injunction, which the Court previously converted from a motion for a temporary restraining order, is ready for review. Dkt. Nos. 301, 304, 411. The Court held hearings on the matter on March 3 and June 23, 2026. For the reasons set forth below, the Court **DENIES** the motion for preliminary injunction but **GRANTS** plaintiffs' request that the claims related to the Department of Homeland Security ("DHS") and Federal Emergency Management Agency ("FEMA") move quickly to summary judgment. Over the last few months, plaintiffs have conducted substantial expedited discovery, and both sides agree that the evidentiary record on the DHS/FEMA claims is largely complete.

The Court **CONTINUES** the hearing on plaintiffs' motion for Rule 37(e) remedies, Dkt. No. 412, to be heard at the same time as the motion for partial summary judgment.

## BACKGROUND[1]

At issue here is the structure of FEMA and who has authority over FEMA personnel

---

[1] The Court does not recite in full the factual and procedural background of this case except as needed to resolve this motion.

decisions, particularly with regard to the Cadre of On-Call Response/Recovery Employees ("CORE") staff who comprise about forty percent of the FEMA workforce and who historically serve renewable two- to four-year terms. Dkt. No. 298 ("Suppl. Compl.") ¶ 459; Dkt. No. 303-1 ("Coen Decl.") ¶ 5. Plaintiffs—a collection of unions, non-profit organizations, and local governments—originally filed this lawsuit on April 28, 2025. Dkt. No. 1. Broadly speaking, this lawsuit challenges the executive branch's authority to conduct large-scale reductions in force ("RIFs") and reorganizations of federal agencies without the participation of Congress. Of relevance here, on January 27, 2026, plaintiffs moved for leave to supplement their complaint. Dkt. No. 290. The supplemental complaint added allegations related to the President's October 15, 2025 Executive Order 14356 and added new claims specific to DHS, FEMA, and the failure to renew contracts for CORE employees, among other additions. The Court granted the unopposed motion for leave to file the supplemental complaint on January 30, 2026. Dkt. Nos. 295, 298.

On February 10, 2026, plaintiffs moved for a temporary restraining order. Dkt. No. 301. Plaintiffs argued that DHS had exceeded its lawful authority, including violating the Post-Katrina Emergency Management Reform Act of 2006,[2] by usurping FEMA's authority over personnel decisions, ordering FEMA to cut half of its agency staff, and revoking FEMA's authority to renew CORE terms without DHS approval. Plaintiffs further argued that, at DHS's direction, FEMA was no longer renewing the terms of CORE employees, beginning January 1, 2026. Then, on January 22, 2026, "DHS announced a temporary 'pause' [in non-renewals] in anticipation of a severe winter storm." Dkt. No. 330-1 at 2; *see also* Dkt. No. 303 ("Jackson Decl."), Ex. F (message with subject line: "*IMPORTANT* Cessation of Offboarding Beginning January 22nd"). When they filed for a temporary restraining order, plaintiffs understood that the non-renewals of CORE staff would imminently resume. Dkt. No. 301-1 at 19.

The Court converted plaintiffs' motion for a temporary restraining order into a motion for preliminary injunction and set a briefing schedule. Dkt. No. 304. Following full briefing and oral argument, the Court issued an order authorizing certain expedited discovery, in order to resolve

---

[2] Pub. L. No. 109-295, 120 Stat. 1394.

United States District Court
Northern District of California

factual disputes that went to the heart of the matter: whether or not DHS ordered or directed that FEMA make staffing cuts (and cut staffing to a certain level). Dkt. No. 321. For various reasons—including incomplete responses by defendants, the sudden departure of high-level government officials, and defendants' deletion of relevant electronic communications—the expedited discovery took far longer than initially anticipated. The Court set a schedule for supplemental briefing on the motion for a preliminary injunction. That briefing has now been completed. *See* Dkt. Nos. 411, 414, 418, 423.

Plaintiffs' supplemental motion asks the Court to grant a preliminary injunction and promptly set a schedule for plaintiffs' motion for partial summary judgment on their FEMA-related claims. Dkt. No. 411. Plaintiffs have also filed a motion for remedies under Federal Rule of Civil Procedure 37(e) on the grounds that defendants' high-level officials used disappearing Signal messages on their personal phones to communicate regarding government business and that those messages were not preserved. Dkt. No. 412. Plaintiffs argue that the evidentiary record on their FEMA claims is essentially as complete as it can be, in light of the spoliation of evidence. They ask the Court to treat their supplemental preliminary injunction motion as their opening brief on partial summary judgment and to set a summary judgment briefing schedule. Dkt. No. 411 at 3. Defendants "do not disagree that a substantial record has been compiled regarding these claims, such that further proceedings related to them may be unnecessary or, if necessary, limited in scope." Dkt. No. 418 at 23 n.16.

## LEGAL STANDARD

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). In order to obtain a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).

Alternatively, under the "serious questions" test, the plaintiff may demonstrate "that serious

questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," so long as the other two *Winter* factors are also met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (internal quotation marks and citation omitted). This formulation recognizes a sliding scale approach, where "a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131, 1134-35.

"There is one additional factor [courts] must weigh." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994). "In cases . . . in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite,* courts should be extremely cautious about issuing a preliminary injunction." *Martin*, 740 F.2d at 675 (citing *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1980)). "A mandatory injunction orders a responsible party to take action, while a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060 (9th Cir. 2014) (internal quotation marks and alteration omitted) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-89 (9th Cir. 2009)). Mandatory injunctions are "particularly disfavored." *Marlyn Nutraceuticals*, 571 F.3d at 879 (citations omitted). "When a mandatory preliminary injunction is requested, the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Stanley*, 13 F.3d at 1320 (citation omitted).

## DISCUSSION

Plaintiffs ask the Court to halt and undo what they allege are the unlawful actions of DHS in removing FEMA's authority over FEMA's personnel decisions. The initial motion for a temporary restraining order was particularly focused on the January 2026 non-renewals of CORE staff. *See* Dkt. No. 301. The more recently filed supplemental motion for a preliminary injunction, Dkt. No. 411, additionally seeks to halt what plaintiffs say is DHS's plan to reduce the size of FEMA by half.[3]

_____

[3] Defendants deny that such a plan exists.

United States District Court
Northern District of California

As explained above, a preliminary injunction in and of itself is "an extraordinary remedy[.]" *See Winter*, 555 U.S. at 22. It usually operates as a "pause" to preserve the status quo and to prevent further harm while the merits of the lawsuit can be decided. What plaintiffs seek here—an order that defendants rescind the non-renewal notices to CORE employees that have issued since January 1—is a request that the Court take affirmative action, much more than simply pausing things to preserve the status quo. A plaintiff who requests such a remedy must meet a higher bar.

At the same time, the factual circumstances have changed since plaintiffs initially sought a temporary restraining order. According to a declaration by Jeff M. Neurauter, Acting Chief Human Capital Officer at FEMA, 178 CORE employees had contract "not-to-exceed" (NTE) dates set to lapse between January 1 and January 21, 2026. Dkt. No. 383-1 ("Neurauter Decl.") ¶¶ 1, 4. Thirty of those individuals resigned or retired before their terms of employment expired. *Id.* ¶ 4. Of the remaining 148, Neurauter declares that in April 2026 "FEMA decided to offer the 148 COREs new terms of appointment as COREs with terms of employment of six months or one year, based on the needs of the program or regional offices these COREs supported." *Id.* ¶ 6.

Plaintiffs do not dispute that FEMA has offered to re-hire these CORE employees. Dkt. No. 411 at 26; Dkt. No. 414 ("Jackson 2d Suppl. Decl.") ¶ 22. They argue, however, that for CORE employees whose NTE dates came up after the January 22 pause on non-renewals, DHS approved only 90 day-extensions. Dkt. No. 411 at 24 (citing Dkt. No. 414-1, Ex. C ("Prieur Dep.") at 295:21-296:16); *see also* Jackson 2d Suppl. Decl. ¶ 16 (until recently, the extensions did not include new term expiration dates "but just described the 90-day temporary extension"). According to plaintiffs, "[p]rior to this lawsuit, FEMA had never previously limited CORE extensions to 90 days." Dkt. No. 411 at 24 (citing Prieur Dep. at 309:9-12). Plaintiffs also state that the COREs who were separated in January have not been reinstated to the positions they previously held "nor provide[d] any remedy, backpay, or retroactive benefits for the time they were separated . . . ." *Id.* at 26. Plaintiffs note that the former COREs who received offers to return were given a deadline "of only one to three days to accept these offers of new positions[,]" with unidentified future start dates. Jackson 2d Suppl. Decl. ¶ 24.

While the facts on the ground are in flux, and plaintiffs' concerns are well founded, it appears

5

undisputed that any blanket policy of not renewing CORE employees is not currently in effect. CORE employees with upcoming NTE dates may be eligible for one-year renewal, and those let go in January have received offers to be rehired, even if the precise details and terms are unsatisfactory.[4] In short, the present circumstances no longer appear to warrant "preliminary" injunctive relief, especially the "disfavored" mandatory relief, *see Marlyn Nutraceuticals*, 571 F.3d at 879, of rescinding nonrenewal notices that have issued since January 1. *See* Dkt. No. 411-1 ¶ 2.

Rather than attempting to rule on a request for preliminary injunction that has in certain ways grown stale as the facts have changed, the Court will grant plaintiffs' request to move quickly and immediately to partial summary judgment on the DHS/FEMA claims (Claims VIII through XIV of the Supplemental Complaint). As discussed at the hearing, the Court will treat plaintiffs' supplemental preliminary injunction brief, Dkt. No. 411, as their opening partial summary judgment motion. Defendants' responsive briefing, which may identify documents for inclusion or exclusion from the administrative record, and any cross-motion for summary judgment shall be filed by July 17, 2026. Plaintiffs' reply and opposition to the cross-motion shall be due on July 31, 2026. Defendants' reply on their cross-motion for summary judgment shall be due on August 7, 2026. A hearing will be held on August 28, 2026, at 10:00 a.m. in person in Courtroom 1 in San Francisco.

Given that plaintiffs' motion for partial summary judgment is intertwined with their motion for a ruling on Rule 37(e) remedies due to spoliation of evidence, the Court continues the hearing on the Rule 37(e) motion to be heard at the same time as the motion for partial summary judgment.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for a preliminary injunction is DENIED. The Court GRANTS plaintiffs' request to treat their supplemental brief in support of a preliminary

---

[4] According to a declaration submitted by plaintiffs, on April 28, 2026, FEMA sent an all-staff email stating that CORE staff with NTE dates "between January through May 2026 who were previously extended for 90 days **may** be reappointed for up to one year, depending on performance, availability of work, and funding." Jackson 2d Suppl. Decl. ¶ 17 & Ex. F. The email also stated that "CORE staff with expiring appointments in June 2026 and beyond will undergo a functional review with supervisors, which will follow the prescribed assessment requirements and mission analysis. These CORE staff **may** have the opportunity for a one-year appointment." *Id.*

United States District Court
Northern District of California

injunction, Dkt. No. 411, as their opening brief on partial summary judgment regarding the DHS/FEMA claims (Claims VIII through XIV of the Supplemental Complaint). Defendants' responsive briefing, which may identify documents for inclusion or exclusion from the administrative record, and any cross-motion for summary judgment shall be filed by **July 17, 2026**. Plaintiffs' reply and opposition to the cross-motion shall be due on **July 31, 2026**. Defendants' reply on their cross-motion for summary judgment shall be due on **August 7, 2026**. A hearing will be held on **August 28, 2026, at 10:00 a.m**. in person in Courtroom 1 in San Francisco.

The Court CONTINUES the hearing on plaintiffs' motion for Rule 37(e) remedies, Dkt. No. 412, to be heard at the same time as the motion for partial summary judgment.

**IT IS SO ORDERED**.

Dated: June 26, 2026

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

7