Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br>Defendants. | Case No. 3:25-cv-03698-SI<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL COMPLAINT**<br><br>Date: August 21, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 1, 17th Floor |

Plaintiffs' Mot. for Leave to File Sec. Suppl. Compl., No. 3:25-cv-03698-SI

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 21, 2026, or as soon thereafter as the matter may be heard, in Courtroom 1, 17th floor, of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA, Plaintiffs will and hereby do move for leave to file their proposed Second Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d), supplementing and not superseding the currently operative Second Amended Complaint (SAC) filed on September 29, 2025 (ECF 270), as supplemented by the First Supplemental Complaint filed on January 30, 2026, (ECF 298).  Defendants oppose this motion.  Decl. of Corinne F. Johnson in Support of Pls.' Motion to For Leave to File Sec. Supp. Compl. ¶3.

Leave to file the Supplemental Complaint should be granted because the filing is based on "transaction[s], occurrence[s], or event[s] that happened after the date" of the operative complaints pursuant to Rule 15(d), and is not sought in bad faith; Plaintiffs have not unduly delayed seeking leave to file by moving for leave to supplement once Defendant the U.S. Department of Agriculture ("USDA") began taking action to implement its reorganization; the proposed supplemental complaint does not unduly prejudice any other party; and the supplemental complaint is not futile.  Plaintiffs' motion is supported by the following Memorandum of Points and Authorities, all pleadings and papers on file with the Court, and such oral argument as may be heard by the Court.

**MEMORANDUM IN SUPPORT**

Plaintiffs seek leave to file a second supplemental complaint ("Second Supplemental Complaint," attached hereto as Ex. A), pursuant to Federal Rule of Civil Procedure 15(d).  The proposed Second Supplemental Complaint sets forth factual developments pertinent to Plaintiffs' existing claims that have occurred after the filing of the SAC and First Supplemental Complaint, and by asserting additional claims arising out of those later and ongoing actions. Specifically, the Second Supplemental Complaint alleges that Defendants USDA and Secretary of Agriculture Brooke Rollins have taken and are taking actions to dramatically reorganize and

reduce the size of USDA, including through the continued implementation of the workforce reduction directives of Defendants President Trump, the Office of Management and Budget ("OMB") and the Office of Personnel Management ("OPM") previously challenged in the operative complaints.  It also adds three additional Plaintiffs directly impacted by these USDA actions, the National WIC Association, the Alliance of Crop, Soil and Environmental Science Societies, and Prince George's County, Maryland.

Plaintiffs' request satisfies the liberal standard for Rule 15(d) supplementation. Defendant USDA is currently implementing the Agency RIF and Reorganization Plan from 2025, that was created pursuant to Executive Order 14210 and the OMB/OPM directives.  Thus, in late spring 2026, in furtherance of the President's 2025 directives to reduce the Federal workforce, USDA began taking action to implement a department-wide reorganization that closes offices, orders USDA employees to relocate across the country, shutters research locations, and eliminates longstanding organizational structures that have delivered USDA's services nationwide for decades.  While the reorganization purports to be justified by efficiency, its intended effect is clear: by forcing thousands of employees to choose between keeping their jobs and uprooting their homes and families, Defendants intend to cause large-scale workforce reduction of civil service employees.

These events represent Defendants' latest effort to implement the unlawful directives originally challenged in this litigation and are unlawful for several reasons.  Plaintiffs seek to file this supplemental complaint to add factual allegations about these implementation efforts to Plaintiffs' existing claims, to add new plaintiffs who are harmed by Defendants' actions, and to supplement Plaintiffs' claims for relief alleging that these actions are *ultra vires* and contrary to law, exceed statutory authority, and are arbitrary and capricious under the Administrative Procedure Act ("APA").

Because supplementation here properly addresses events that occurred after the date of the pleading to be supplemented, promotes judicial economy, and does not prejudice Defendants, Plaintiffs respectfully request this motion be granted.

Plaintiffs' Mot. for Leave to File Sec. Suppl. Compl., No. 3:25-cv-03698-SI                    2

**BACKGROUND**

In late spring 2026, USDA began implementing the Reorganization Plan that is set forth in its 2025 ARRP. USDA publicly announced actions in furtherance of this Plan, and since then has rolled out actions incrementally across various component agencies and mission areas, including the Food and Nutrition Administration, Agricultural Research Service, Forest Service, Foreign Agricultural Service, and others. Those actions include forcing large numbers of USDA employees currently working in the Washington, D.C. area to relocate to new "hub" locations throughout the country, as well as closures and relocations of other programs and regional offices. These actions are forcing employees to choose between moving around the country or leaving the agency, and will cause dramatic attrition, impair critical services, and interrupt important research.

These actions by the USDA are implementing a Reorganization Plan that the USDA created pursuant to the President's directives in Executive Order 14210 and the implementing OMB/OPM Memorandum challenged in this case. As this Court is aware, USDA did not make its ARRP public in 2025 (and fought disclosure required by this Court). Instead, on July 24, 2025, USDA Secretary Rollins issued a public Memorandum regarding the USDA's Reorganization Plan, that addressed the plan to restructure and relocate the various agency component programs at a high level, without revealing USDA's intention of causing widespread employee attrition through forced relocation.

USDA did not initially implement this Reorganization Plan following publication of the Memorandum. USDA first sought authorization for the actions in this Reorganization Plan through the budget process for Fiscal Year 2026, which Congress rejected. In fact, Congress specifically directed USDA *not* to take actions restructuring the agency or downsizing staff without further congressional approval. USDA was also blocked from implementing further workforce reduction efforts through injunctions (from this Court) and by acts of Congress throughout 2025 and well into 2026. But USDA has now begun carrying out the Reorganization Plan, which will cause dramatic attrition, eliminate experienced and knowledgeable staff; impair the delivery of critical services; interrupt and eliminate important research; and move programs, offices, and research far away from the local communities and environments they are intended to serve.

Plaintiffs' Mot. for Leave to File Sec. Suppl. Compl., No. 3:25-cv-03698-SI                3

To address those developments, Plaintiffs' Proposed Second Supplemental Complaint:

- Supplements the Second Amended Complaint by adding factual allegations related to USDA's implementation of its 2025 Reorganization Plan, and the USDA's continued implementation of the workforce reduction directives of Defendants President Trump, OMB, and OPM previously challenged in the SAC, including regarding harm caused by these actions to existing Plaintiffs (Ex. A ¶¶608-10, 615-18, 619-28);

- Adds new Plaintiffs directly impacted by USDA's actions: the National WIC Association, the Alliance of Crop, Soil and Environmental Science Societies, and Prince George's County, Maryland (*id.* ¶¶612-14);

- Supplements the SAC by adding claims against Defendants USDA and Secretary Rollins, specifically that:

  o USDA's reorganization is unlawful APA because it is contrary to law, including Congress's express prohibition on reorganization and downsizing and USDA's statutory requirements, exceeds statutory authority granted to restructure or downsize the agency and employees, and violates constitutional separation of powers (*id.* ¶629-34);

  o For similar reasons, USDA's actions are *ultra vires* (*id.* ¶¶635-38); and

  o USDA's actions are arbitrary and capricious in violation of the APA because the agency's reorganization relies on public justifications and rationales that are contrary to the agency's admissions and evidence before the agency; has been undertaken without considering relevant and important aspects of the issue and without considering USDA's needs, statutory mandates, or the reliance interests of affected employees and those relying on USDA services; and lacks any rational connection between the actions taken and the reasons given (or lack thereof) (*id.* ¶ 639-43).

//

//

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(d) permits a party, "[o]n motion and reasonable notice, . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "[B]ecause the goal of Rule 15(d) is to promote judicial efficiency, supplementation is generally favored."  *Food & Water Watch, Inc. v. United States Env't Prot. Agency*, 2021 WL 1893063, at *3 (N.D. Cal. May 11, 2021) (citing *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)).

A party may also move to supplement to add parties.  *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) ("New claims, new parties, and allegations regarding events that occurred after the original complaint was filed are all properly permitted under Rule 15(d)."); *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed").

## ARGUMENT

### I.    The Court Should Grant Plaintiffs Leave to File a Second Supplemental Complaint

#### A.    Allowing Supplementation Will Promote Judicial Efficiency

Because the facts alleged in Plaintiffs' proposed Second Supplemental Complaint directly relate to, and indeed flow from, the allegations in the operative complaints, and because supplementation will serve judicial efficiency and economy by permitting the resolution of related claims in one lawsuit, the Court should grant Plaintiffs' motion for leave to file a this supplemental complaint.

Rule 15(d) "is a tool of judicial economy and convenience" and "is intended to give district courts broad discretion in allowing supplemental pleadings."  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  The rule "enabl[es] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted."  *Id*. (quotation omitted); *see also Food & Water Watch*, 2021 WL 1893063, at *7 ("Judicial efficiency is achieved where the entire controversy

between the parties could be settled in one action.") (internal quotation marks omitted). For example, in *Keith*, the Ninth Circuit affirmed an order permitting a supplemental complaint filed by the original plaintiffs and additional individuals more than a decade after the initial action was filed. 858 F.2d at 470. The court concluded that supplementation furthered judicial economy because the original action, consent decree, and supplemental complaint all shared the same goal of ensuring replacement housing. *Id.* at 474, 476. In light of that permissive standard, Plaintiffs' motion for leave should be granted.

USDA's 2025 reorganization plan and individual component plans flow directly from the agency's ARRP and the President, OMB, and OPM's workforce reduction directives, which are the original subject of this litigation, such that the actions alleged in the proposed supplemental complaint represent simply the latest incidence in a continuum of unlawful actions. Moreover, USDA's reorganization, which will result in significant attrition and the loss of necessary and statutorily-mandated agency functionality, is, like the actions at issue in the original complaints, motivated by an assessment of which agency functions are "necessary," without regard to Congressional direction, agency needs and functions, or the limits of executive authority, and constitutes arbitrary and capricious agency action comparable to the actions previously challenged. These recent actions are just the latest in the Administration's ongoing efforts to radically transform the agencies of the federal government, regardless of what Congress intended or required, and in a manner that disregards the impact of these actions on those who work for and otherwise rely on this important agency.

Judicial efficiency would thus be served by this Court resolving these disputes between the parties now, in a single action. Any separate action would be related to the present action, in light of the overlap in claims and factual allegations. There is no good reason to deny Plaintiffs the ability to "avoid the cost, delay and waste" of a separate related action (which would, in any event, likely be deemed related under Local Rule 3-12). *See Keith*, 858 F.2d at 473.

//

//

**B.    Supplementation Would Not Cause Undue Prejudice to Defendants**

Defendants will face the claims in the proposed supplemental complaint regardless of whether this Court permits supplementation, because if supplementation were denied nothing would preclude Plaintiffs from filing a separate, related lawsuit in this Court or another jurisdiction bringing the same claims based on the same allegations.

**C.    There is No Bad Faith, Undue Delay, Futility, or Repeated Failed Amendments**

The remaining factors—undue delay, bad faith or dilatory motive, repeated failure of previous amendments, and futility—either support granting leave to supplement or are inapplicable.  Plaintiffs have moved promptly following USDA beginning to put into motion implementing actions that are causing actual and imminent harm to Plaintiffs.  USDA has never released a complete public timeline for its implementation of this Reorganization Plan.  USDA continues to reveal actions piecemeal and incrementally, with employees in some USDA components recently beginning to receive management directed reassignment ("MDR") letters directing them to report to new locations by specific deadlines, and the reorganization of other mission areas publicly announced only two weeks ago with little detail.  No deficiencies in any previous claims have been identified, and therefore there has been no prior failure to cure.  And adding the new claims is not an act of futility, as Plaintiffs' Second Supplemental Complaint asserts new, viable claims based on related subsequent facts.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Supplemental Complaint should be granted.

DATED: July 1, 2026                    Respectfully submitted,

                                       Stacey M. Leyton
                                       Barbara J. Chisholm
                                       Danielle E. Leonard
                                       Corinne F. Johnson
                                       Robin S. Tholin
                                       Elizabeth Eshleman
                                       Jessica Levy
                                       ALTSHULER BERZON LLP

177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: */s/ Corinne F. Johnson*

*Attorneys for All Union and Non-Profit Organization Plaintiffs and Proposed Plaintiffs National WIC Association and Alliance of Crop, Soil and Environmental Science Societies*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
Andrea Matthews (pro hac vice)
George M. Cumming (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org
amatthews@democracyforward.org
gcumming@democracyforward.org

By: */s/ Andrea Matthews*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD and Proposed Plaintiffs National WIC Association and Prince George's County*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006

Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: /s/ Teague Paterson

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: /s/ Steven K. Ury

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: /s/ David Chiu

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)

OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By:  */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Christopher Sanders (pro hac vice)
General Counsel
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
chrsanders@kingcounty.gov
eclancy@kingcounty.gov

By:  */s/ Erin King-Clancy*

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
eliana@publicrightsproject.org
toby@publicrightsproject.org

By:  */s/ Eliana Greenberg*

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL,
Harris County, TX, Martin Luther King, Jr. County, WA
and Proposed Plaintiff Prince George's County*

ABBIE KAMIN
Harris County Attorney
NEAL SARKAR

First Assistant County Attorney
SARAH J. UTLEY
Managing Counsel,
Affirmative and Special Litigation and Environmental
BETHANY DWYER
Deputy Division Director, Environmental
R. CHAN TYSOR (pro hac vice)
Senior Assistant County Attorney
Environmental Division
1010 Lamar, 11th Floor
Houston, Texas 77002
Tel: (713) 274 - 5150
chan.tysor@harriscountytx.gov

By: */s/ R. Chan Tysor*

*Attorneys for Plaintiff Harris County, Texas*

Ebony M. Thompson
Baltimore City Solicitor
Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (443) 610-8859
christopher.sousa@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*

Anthony D. Jones (pro hac vice forthcoming)
Prince George's County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
Tel: (301) 925-5225
adjones@princegeorgescountymd.gov

By: */s/ Anthony D. Jones*

*Attorneys for Proposed Plaintiff Prince George's County*

Plaintiffs' Mot. for Leave to File Sec. Suppl. Compl., No. 3:25-cv-03698-SI          12