# Exhibit A

Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel.: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*
[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO; SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO; AFGE LOCAL 1122; AFGE LOCAL 1236; AFGE LOCAL 2110; AFGE LOCAL 3172; SEIU LOCAL 521; SEIU LOCAL 1000; SEIU LOCAL 1021; ALLIANCE FOR RETIRED AMERICANS; AMERICAN GEOPHYSICAL UNION; AMERICAN PUBLIC HEALTH ASSOCIATION; CENTER FOR TAXPAYER RIGHTS; COALITION TO PROTECT AMERICA'S NATIONAL PARKS; COMMON DEFENSE CIVIC ENGAGEMENT; MAIN STREET | Case No. 3:25-cv-03698-SI<br><br>**SECOND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI

ALLIANCE; NATURAL RESOURCES DEFENSE COUNCIL, INC.; NORTHEAST ORGANIC FARMING ASSOCIATION, INC.; VOTEVETS ACTION FUND INC.; WESTERN WATERSHEDS PROJECT; COUNTY OF SANTA CLARA, CALIFORNIA; CITY OF CHICAGO, ILLINOIS; MARTIN LUTHER KING, JR. COUNTY, WASHINGTON; HARRIS COUNTY, TEXAS; CITY OF BALTIMORE, MARYLAND; CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA; AMERICAN FOREIGN SERVICE ASSOCIATION; NATIONAL WIC ASSOCIATION; ALLIANCE OF CROP, SOIL AND ENVIRONMENTAL SCIENCE SOCIETIES; AND PRINCE GEORGE'S COUNTY, MARYLAND

     Plaintiffs,

  v.

DONALD J. TRUMP, in his official capacity as President of the United States; UNITED STATES OFFICE OF MANAGEMENT AND BUDGET; RUSSELL VOUGHT, in his official capacity as Director of U.S. Office of Management and Budget; UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; SCOTT KUPOR, in his official capacity as Director of the U.S. Office of Personnel Management; UNITED STATES DOGE SERVICE; AMY GLEASON, in her official capacity as Acting Administrator of the U.S. DOGE Service; UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of the U.S. Department of Agriculture; UNITED STATES DEPARTMENT OF COMMERCE; HOWARD LUTNICK, in his official capacity as Secretary of the U.S. Department of

Commerce;
UNITED STATES DEPARTMENT OF
DEFENSE;
PETE HEGSETH, in his official capacity as
Secretary of the U.S. Department of Defense;
UNITED STATES DEPARTMENT OF
ENERGY;
CHRIS WRIGHT, in his official capacity as
Secretary of the U.S. Department of Energy;
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES;
ROBERT F. KENNEDY JR., in his official
capacity as Secretary of the U.S. Department
of Health and Human Services;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY;
KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of Homeland
Security;
UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT;
SCOTT TURNER, in his official capacity as
Secretary of the U.S. Department of Housing
and Urban Development;
UNITED STATES DEPARTMENT OF
JUSTICE;
PAM BONDI, in her official capacity as
Attorney General of the U.S. Department of
Justice;
UNITED STATES DEPARTMENT OF THE
INTERIOR;
DOUG BURGUM, in his official capacity as
Secretary of the U.S. Department of the
Interior;
UNITED STATES DEPARTMENT OF
LABOR;
LORI CHAVEZ-DEREMER, in her official
capacity as Secretary of the U.S. Department
of Labor;
UNITED STATES DEPARTMENT OF
STATE;
MARCO RUBIO, in his official capacity as
Secretary of the U.S. Department of State;
UNITED STATES DEPARTMENT OF
TREASURY;
SCOTT BESSENT, in his official capacity as
Secretary of U.S. Department of Treasury;
UNITED STATES DEPARTMENT OF

TRANSPORTATION;
SEAN DUFFY, in his official capacity as Secretary for the U.S. Department of Transportation;
UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;
DOUG COLLINS, in his official capacity as Secretary of Veterans Affairs;
AMERICORPS (a.k.a. the CORPORATION FOR NATIONAL AND COMMUNITY SERVICE);
JENNIFER BASTRESS TAHMASEBI, in her official capacity as Interim Agency Head of AmeriCorps;
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
LEE ZELDIN, in his official capacity as Administrator of U.S. Environmental Protection Agency;
UNITED STATES GENERAL SERVICES ADMINISTRATION;
MICHAEL RIGAS, in his official capacity as Acting Administrator for U.S. General Services Administration;
NATIONAL LABOR RELATIONS BOARD;
DAVID M. PROUTY, in his official capacity as Member of the National Labor Relations Board;
WILLIAM COWEN, in his official capacity as the Acting General Counsel of the National Labor Relations Board;
NATIONAL SCIENCE FOUNDATION;
BRIAN STONE, in his official capacity as Acting Director of the National Science Foundation;
PEACE CORPS;
PAUL SHEA, in her official capacity as Chief Executive Officer of the Peace Corps;
UNITED STATES SMALL BUSINESS ADMINISTRATION;
KELLY LOEFFLER, in her official capacity as Administrator of the U.S. Small Business Administration;
UNITED STATES SOCIAL SECURITY ADMINISTRATION;
FRANK BISIGNANO, in his official capacity as Commissioner of the U.S. Social Security Administration;

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI

FEDERAL EMERGENCY MANAGEMENT
AGENCY; and
KAREN EVANS, in her official capacity as
the Senior Official Performing the Duties of
FEMA Administator,

    Defendants.

**INTRODUCTION**

608.    Pursuant to Federal Rule of Civil Procedure 15(d), this filing supplements Plaintiffs' operative September 29, 2025 Second Amended Complaint ("SAC") and January 30, 2026 Supplemental Complaint ("First Supp. Complaint") by alleging facts pertinent to Plaintiffs' existing claims that have occurred after the filing of the SAC and First Supplemental Complaint, and by asserting additional claims challenging such later and ongoing actions by Defendants United States Department of Agriculture ("USDA") and USDA Secretary Brooke Rollins to dramatically reorganize and reduce the size of USDA, including through the continued implementation of the workforce reduction directives of Defendants President Trump, the Office of Management and Budget ("OMB") and the Office of Personnel Management ("OPM") previously challenged in this case.

609.    During the time that this litigation has been pending, pursuant to the directives of President Trump, OMB, and OPM, USDA created and received approval for an Agency RIF and Reorganization Plan that would impose substantial restructuring and workforce reduction across the Department ("Reorganization Plan").  USDA later announced aspects of this Reorganization Plan to the public, but delayed implementing action until 2026.

610.    In spring 2026, USDA began taking action to implement its Reorganization Plan that will restructure and downsize the agency across many different mission areas and component agencies, including but not limited to the U.S. Forest Service, the Food and Nutrition Administration ("FNA," formerly known as the Food and Nutrition Service), Agricultural Research Service, Economic Research Service, National Institute of Food and Agriculture, Foreign Agricultural Service, and the USDA's Farm Preservation and Conservation and Rural Development mission areas.

611.    USDA's Reorganization Plan and implementing actions have harmed and will continue to harm USDA employees impacted by the restructuring and downsizing, including employees represented by Union Plaintiffs, local governments that rely on the services, research, and other functions of this agency including Local Government Plaintiffs, and non-profit organizations

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI                                    1

and their members who similarly rely on the services and functions of this agency, including Plaintiff Organizations.

Plaintiffs therefore hereby plead as follows:

**SUPPLEMENTAL PARTIES**

612.    Plaintiff National WIC Association ("NWA") is a 501(c)(3) non-profit membership-based organization.  "WIC" stands for Special Supplemental Nutrition Program for Women, Infants, and Children, which is a program created by Congress and administered by Defendant USDA.  NWA represents well over 10,000 WIC professionals nationwide, including staff at state, tribal, and local WIC agencies, as well as WIC clinic staff.  NWA's mission is to provide its members with support, tools, and leadership to expand and sustain effective nutrition services for mothers and young children.  NWA has served as the national non-profit advocacy voice and education arm of WIC for more than 40 years.  NWA also serves as a voice for all WIC agencies and their staff in advocating for sufficient resources, program improvements, robust infrastructure, and sound knowledge management to serve the nearly 7 million mothers and young children participating in WIC.  NWA is added as a plaintiff to claims in this Second Supplemental Complaint, on its own behalf and on behalf of its members.

613.    Plaintiff Alliance of Crop, Soil and Environmental Science Societies ("the Alliance") is a 501(c)(3) non-profit organization that manages and supports three membership associations: the American Society of Agronomy, Crop Science Society of America, and Soil Science Society of America.  These Science Societies have approximately 7,500 members, including employees of the U.S. Department of Agriculture and other scientific contributors in university, non-profit, and industry settings.  The Alliance works to advance the fields of agriculture, food, environment, and natural resources, in part by facilitating collaboration amongst and bolstering communication between agronomic, crop, and soil professionals, in order to grow science-based knowledge in these fields.  The Alliance is added as a plaintiff to claims in this Second Supplemental Complaint, on behalf of its Societies' members.

614.    Plaintiff Prince George's County, Maryland is the second-most populous county in the state of Maryland and, due to its proximity to Washington, D.C., hosts many federal government facilities.  Prince George's County is home to the Beltsville Agricultural Research Center ("BARC"), a unit of USDA's Agricultural Research Service.  BARC is the largest and most diversified agricultural research complex in the world, and spans some 6,600 acres of land in Prince George's County, with operations that have a substantial and beneficial impact on the County.  Prince George's County is added as a plaintiff to claims in this Second Supplemental Complaint.

### SUPPLEMENTAL FACTUAL ALLEGATIONS

615.    In 2025, pursuant to the President's directives in Executive Order 14210 and implementing OMB/OPM Memorandum, USDA created and submitted a two-phase ARRP to OMB and OPM for approval, and received that approval.  Aspects of USDA's ARRP were announced to the public in July 2025.  Secretary Rollins issued a Memorandum regarding USDA's Reorganization Plan, which includes significant forced relocations for USDA employees, as USDA restructures its component agencies and programs.

616.    USDA invited public comment on the Secretary's description of the Reorganization Plan and received overwhelmingly negative comments opposing the actions USDA set forth in the Secretary Memorandum.  USDA sought authorization for the actions in this Reorganization Plan through the budget process for Fiscal Year 2026, which Congress rejected.  Congress specifically directed USDA *not* to take actions restructuring the agency or downsizing staff without further congressional approval.  USDA was also blocked from implementing further workforce reduction efforts through injunctions and acts of Congress throughout 2025 and well into 2026.

617.    USDA delayed implementation of the Reorgnization Plan until 2026.  In late spring, USDA began releasing public information regarding reorganization implementation at component mission areas and agencies.  Those actions include forcing large numbers of USDA employees currently working in the Washington, D.C. area to relocate to new "hub" locations throughout the country, as well as other forced relocations from regional and other offices of the various USDA

component agencies and programs.  USDA's intended purpose in taking these actions is to cause large-scale workforce reduction, despite USDA's public denial of that purpose or effect of its Plan.

618.    USDA's Reorganization Plan intends to minimize or eliminate programs and offices that perform functions that the Trump Administration perceives as contrary to the President's policy priorities, without obtaining congressional approval.  These actions will adversely impact USDA's capacity to perform the functions delegated to it by Congress.  USDA is currently implementing this Plan through the rollout of forced relocations of employees across the agency, and further implementing action is imminent.

619.    USDA's actions will harm existing Plaintiffs, including Plaintiffs American Federation of Government Employees ("AFGE") and American Federation of State County and Municipal Employees ("AFSCME"), which represent impacted USDA employees, as well as Plaintiffs Western Watersheds Project, Coalition to Protect America's National Parks, Natural Resources Defense Council ("NRDC"), American Geophysical Union, County of Santa Clara, Martin Luther King, Jr. County ("King County"), City of Baltimore, Harris County, and City and County of San Francisco, all of which are impacted by the actions USDA is taking to implement the Reorganization Plan and the resulting impact on agency services and functions.

620.    Plaintiffs AFGE and AFSCME each represent and have as members federal employees who work for USDA and will be impacted by Defendants' implementation of the Administration's workforce reduction actions at issue in this litigation.  The employees represented by AFGE and AFSCME include USDA employees who will be separated from employment as a result of USDA's forced relocation and other restructuring actions.  Upon separation, these federal employees will lose their income, health benefits, and other incidents of employment, causing severe irreparable harm to them, their families, and their communities.  Many of these employees are longtime employees of the federal government and/or their agency and will lose not only their current job but a career that has been years in the making.

621.    Plaintiff AFGE and AFSCME also represent and have as members federal employees who work at the USDA and who, if they keep their job, will have to work in offices, roles, and

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI                                          4

functions that will be adversely affected by the USDA's actions implementing the Reorganization Plan, making their jobs immensely more difficult. Each federal employee who remains will be required to do more to try to meet the agency's statutory mission and obligations, without the support of colleagues who have been separated as a result of USDA's actions at issue in this lawsuit.

622. These actions have and will continue to harm Plaintiff AFGE's and AFSCME's core function of representing employees and providing counseling, advice, and representation to employees in the event of adverse employment actions. Plaintiff AFGE and AFSCME have already expended, and will continue to expend, substantial time and resources as a result of USDA's Reorganization Plan, addressing employee concerns regarding these actions and attempting to provide employees with effective representation. The unions have been forced to divert resources that would be devoted to representing employees who have, will, or may experience adverse employment actions and/or other representational work. The unions are also harmed by the actual and imminent termination of their members employed USDA, including by the loss of dues income.

623. Local Government Plaintiffs County of Santa Clara, California; King County, Washington; Harris County, Texas; City of Baltimore, Maryland; and City and County of San Francisco, California have suffered and/or will imminently suffer actual and ongoing harm as a result of USDA actions at issue in this litigation, including the ongoing and imminent forced relocation of USDA employees and attendant workforce attrition, which will result in delays and reduction in services provided by USDA on which they rely. For instance, these Local Government Plaintiffs rely on services provided by the FNA to administer food benefit programs to low-income residents in their jurisdictions, as well as on the Forest Service's public lands management and fire response and prevention, and they will incur additional burdens, expenses, and other harms if the reorganization impairs those services. *See also* SAC ¶¶299-307. These Local Government Plaintiffs are adversely affected by the elimination of any positions at USDA within their georgraphic borders, as well as across the country because USDA employees located outside Plaintiffs' georgraphic boundaries provide services and functions to Plaintiffs.

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI                                          5

624.    Organization Plaintiffs Western Watersheds Project, The Coalition to Protect America's National Parks, NRDC, American Geophysical Union, and their members have suffered or will imminently suffer actual and ongoing harm as a result of USDA actions at issue in this litigation, including the ongoing and imminent forced relocation of USDA employees, which will result in delays and reduction in services provided by USDA on which they rely.  Those Plaintiffs and/or their members rely on scientific research, funding, or collaboration from USDA research agencies that are being reorganized, including the Agricultural Research Service, Forest Service, National Institute of Food and Agriculture, National Agricultural Statistics Service, and Natural Resources Conservation Service, and those Plaintiffs' and their members' scientific, advocacy, and other core business activities will be impaired by the attrition of USDA researchers and decrease in research and grant administration capacity caused by the reorganization.  Many members of Western Watersheds Project, The Coalition to Protect America's National Parks, Natural Resources Defense Council live near or recreate in national forests or parks, and their ability to visit and enjoy those lands will be impaired by the reorganization's diminution of the Forest Service's capacity to sustainably manage national forests and engage in fire response and prevention efforts.  *See also* SAC ¶¶299-307.  Plaintiff Organizations are being adversely impacted by USDA's reorganization across the country and the harms caused are and will not be limited to a defined and particular geographic area.

625.    USDA's actions will also harm the new Plaintiffs who also bring claims in this Second Supplemental Complaint.

626.    Plaintiff NWA and its members will suffer actual and substantial harm as a result of USDA's reorganization, in particular from the actions being taken to restructure and downsize the FNA.  NWA's members are employees of state, tribal, and local WIC agencies that rely upon FNA for operational funding, benefits funding, program implementation, technical assistance, program integrity guidance and review, and policy guidance in order to deliver WIC services to mothers and children in their communities.  FNA staff are critical to the process of allocating funding to WIC agencies in a timely manner, monitoring WIC state agencies' funding stability in case of unexpected costs, and responding to unexpected shortfalls, which can happen with little warning and require

swift action. The actions to restructure FNA, including the forced relocation of staff, will result in wide-scale staff departures. These actions will disrupt FNA services and funding for state, local, and tribal agencies and other organizations, including the operational funding for agencies and entities that employ NWA's members. The resulting funding gaps will put NWA members at risk of furloughs or other adverse employment consequences. NWA will also suffer organizational harm because it relies on FNA staff to administer a cooperative agreement that funds NWA staff salaries, which NWA will struggle to cover if FNA staff departures cause delays in payments under the agreement. NWA will suffer further organizational harm because, as FNA's capacity degrades, NWA's members will turn to NWA for help bridging gaps in technical assistance and program implementation. This increase in member needs will force NWA to divert resources from its other core activities that are central to its mission.

627.    Plaintiff Alliance and its members will also suffer actual and ongoing harm as a result of USDA's Reorganization. Plaintiff Alliance's member societies have as members federal employees who work for USDA, including at the Agricultural Research Service, the Beltsville Agricultural Research Center, the Natural Resources Conservation Service, the Forest Service, and the National Institute of Food and Agriculture. Many of these members will be required to relocate, and if they are unable to do so, they will be involuntarily separated and thus will lose their income, health benefits, and other incidents of employment, causing severe irreparable harm to them and their families. Many of these employees are longtime scientists at their agencies, and separation means losing a career that has been years in the making and leaving behind ongoing research. Other Alliance members who rely on USDA for funding and who collaborate with USDA scientists on research projects will also be harmed by the attrition and mission disruption that the Reorganization will cause at the agencies. For example, they will experience delays in the awarding and/or overseeing funding from the National Institute of Food and Agriculture and the Natural Resources Conservation Service, disrupting their ability to continue ongoing and start new research, and lose collaborators at the Agricultural Resaerch Service, including at the Beltsville Agricultural Research Center, which is being decommissioned. All these impacts to members will also harm the Alliance's

ability to fulfill its mission of advancing knowledge and facilitating collaboration in the fields of agronomy, crop science, and soil science.

628.    Plaintiff Prince George's County, Maryland will suffer injury when USDA closes BARC and vacates its 6,600-acre campus.  BARC has been a hub of innovation and collaboration in Prince George's County for over a century, drawing in top agricultural scientists and contributing to the County's economy, identity and culture.  A significant portion of the County's economy depends on BARC's presence.  The County will lose substantial tax revenue if BARC and its employees are relocated.  The County also relies on USDA's environmental remediation work on Superfund sites at BARC, including BARC's work to clean and maintain Indian Creek, a major tributary of the Anacostia River, which runs through BARC's campus and connects with neighboring lands owned and maintained by Prince George's County.  Without BARC's care and maintenance of the wetlands on its campus, the County will be forced to expend additional resources and incur additional costs, which will be significant.

## SUPPLEMENTAL CLAIMS FOR RELIEF

### Claim XIV
**Administrative Procedure Act, 5 U.S.C. §706(2)(A), (B), and (C)**
**Against Defendants USDA Secretary Rollins and USDA**
**(Action Not in Accordance with Law and Exceeding Statutory Authority)**

629.    Plaintiffs incorporate by reference all preceding paragraphs, the Second Amended Complaint, and the First Supplemental Complaint as if fully set forth herein.

630.    Under the APA, a court must "hold unlawful and set aside agency action" that is "not in accordance with law," "contrary to constitutional right, power, privilege, or immunity," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. §§706(2)(A), (B), and (C).

631.    USDA is an agency subject to the APA. 5 U.S.C. §701.

632.    The USDA Reorganization Plan and actions to implement that Plan are final agency actions for the purposes of APA review.

633.    The USDA Reorganization Plan and actions to implement that Plan are contrary to law and exceed any statutory authority granted to USDA, including by:

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI                                                    8

a.  Exceeding any authority granted to USDA to reorganize the structure or downsize the staff of USDA;

b.  violating Congress's express prohibition of reorganization and downsizing authority;

c.  violating USDA's statutory requirements and duties set forth in the agency's authorizing statutes; and

d.  thereby usurping Congress's Article I legislative authority and violating the separation of powers principles embodied in the U.S. Constitution.

634.  The actions of USDA Secretary Rollins and USDA therefore violate the Administrative Procedure Act because they are inconsistent with law in violation of 5 U.S.C. §706(2)(A), contrary to the Constitution in violation of 5 U.S.C. §706(2)(B), and exceed statutory authority in violation of 5 U.S.C. §706(2)(C).

**Claim XV**
***Ultra Vires* Unlawful and Unconstitutional Governmental Action**
**Against Defendants USDA Secretary Rollins and USDA**

635.  Plaintiffs incorporate by reference all preceding paragraphs, the Second Amended Complaint and the First Supplemental Complaint as if fully set forth herein.

636.  Plaintiffs have a non-statutory right of action to enjoin and declare unlawful official action that is *ultra vires*.

637.  The USDA Reorganization Plan and actions to implement that Plan are contrary to law and exceed any statutory authority granted to USDA, including by:

a.  exceeding any authority granted to USDA to reorganize the structure or downsize the staff of USDA;

b.  violating Congress's express prohibition of reorganization and downsizing authority;

c.  violating USDA's statutory requirements and duties set forth in the agency's authorizing statutes; and

d.  thereby usurping Congress's Article I legislative authority and violating the separation of powers principles embodied in the U.S. Constitution.

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI                                    9

638.     The actions of USDA Secretary Rollins and USDA therefore exceed authority and are contrary to statute and the Constitution and are therefore *ultra vires*.

**Claim XVI**
**Administrative Procedure Act, 5 U.S.C. §706(2)(A)**
**Against Defendants USDA Secretary Rollins and USDA**
**(Arbitrary and Capricious Agency Action)**

639.     Plaintiffs incorporate by reference all preceding paragraphs, the Second Amended Complaint, and the First Supplemental Complaint as if fully set forth herein.

640.     The APA requires that a court "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2)(A).

641.     The APA requires that an agency provide "a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted).  An action is also arbitrary and capricious if the agency "failed to consider . . . important aspects of the problem" before it, *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 25 (2020) (quoting *Motor Vehicle Mfrs.*, 463 U.S. at 43), "or offers an explanation for its decision that runs counter to the evidence before the agency,'" *Center for Biological Diversity v. U.S. Fish and Wildlife Serv.*, 67 F.4th 1027, 1035 (9th Cir. 2023) (quoting *State Farm*, 463 U.S. at 43).

642.     The USDA Reorganization Plan and actions to implement that Plan rely on public justifications and rationales that are contrary to the agency's admissions and evidence before the agency; have been undertaken without considering the necessarily relevant and important aspects of the issue and without considering USDA's needs, statutory mandates, or the reliance interests of affected employees and those relying on USDA services; and without any rational connection between the actions taken and the reasons given (or lack thereof), and are therefore arbitrary and capricious final agency actions.

643.    The actions of USDA and USDA Secretary Rollins therefore violate the APA because they are arbitrary and capricious under 5 U.S.C. §706(2)(A).

## SUPPLEMENTAL PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court:

644.    Declare that Defendants USDA Secretary Rollins and USDA have exceeded statutory authority and acted contrary to statutory law and the Constitution, and acted in an unlawful arbitrary and capricious manner by and through the USDA Reorganization Plan and actions implementing that Plan, including by workforce reduction actions including the forced relocation of USDA employees.

645.    Preliminarily and permanently enjoin, vacate, hold unlawful, set aside, and/or stay the USDA Reorganization Pland and any and all actions implementing that Plan, including under 5 U.S.C. §§705 and 706.

DATED: July 1, 2026                              Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Robin S. Tholin
Elizabeth Eshleman
Jessica Levy
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
sleyton@altshulerberzon.com
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com

By: /s/ Corinne F. Johnson

*Attorneys for All Union and Non-Profit Organization Plaintiffs and Proposed Plaintiffs National WIC Association and Alliance of Crop, Soil and Environmental Science Societies*

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
Andrea Matthews (pro hac vice)
George M. Cumming (pro hac vice)

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org
amatthews@democracyforward.org
gcumming@democracyforward.org

By: */s/ Andrea Matthews*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC) and Plaintiffs City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD and Proposed Plaintiffs National WIC Association and Prince George's County*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen* _____

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi* _____

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson* _____

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury* _____

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE CITY
AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By:  */s/ David Chiu*

*Attorneys for Plaintiff City and County of San Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By:  */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Christopher Sanders (pro hac vice)
General Counsel
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI                                    14

401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
chrsanders@kingcounty.gov
eclancy@kingcouty.gov

By: /s/ Erin King-Clancy

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
eliana@publicrightsproject.org
toby@publicrightsproject.org

By: /s/ Eliana Greenberg

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL,*
*Harris County, TX, Martin Luther King, Jr. County, WA*
*and Proposed Plaintiff Prince George's County*

ABBIE KAMIN
Harris County Attorney
NEAL SARKAR
First Assistant County Attorney
SARAH J. UTLEY
Managing Counsel,
Affirmative and Special Litigation and Environmental
BETHANY DWYER
Deputy Division Director, Environmental
R. CHAN TYSOR (pro hac vice)
Senior Assistant County Attorney
Environmental Division
1010 Lamar, 11th Floor
Houston, Texas 77002
Tel: (713) 274 - 5150
chan.tysor@harriscountytx.gov

By: /s/ R. Chan Tysor

*Attorneys for Plaintiff Harris County, Texas*

Ebony M. Thompson

SECOND SUPPLEMENTAL COMPLAINT, No. 3:25-cv-03698-SI                    15

Baltimore City Solicitor
Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (443) 610-8859
christopher.sousa@baltimorecity.gov

By: */s/ Christopher Sousa*_____

*Attorneys for Plaintiff City of Baltimore*

Anthony D. Jones (pro hac vice forthcoming)
Prince George's County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
Tel: (301) 925-5225
adjones@princegeorgescountymd.gov

By: */s/ Anthony D. Jones*_____

*Attorneys for Proposed Plaintiff Prince George's County*