CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748

ERIC J. HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD P. ROSENBERG (DC Bar No. 467513)
JEREMY S.B. NEWMAN
Chief Litigation Counsel
CHRISTOPHER HALL
MARIANNE F. KIES
Assistant Branch Directors
ROBERT C. BOMBARD
TAYLOR PITZ
Trial Attorneys
Civil Division, Federal Programs Branch

1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-3374
Brad.Rosenberg@usdoj.gov

Counsel for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al*.<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　Defendants. | Case No. 3:25-cv-03698-SI<br><br>**STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 439)**<br><br>Judge: Hon. Susan Illston |

Pursuant to Local Rules 7-11 and 79-5(f), Defendants hereby provide this Statement and accompanying Declaration in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 439) ("Sealing Motion").

Plaintiffs' Sealing Motion identified three documents, attached as Exhibits A-C to the Declaration of Corinne F. Johnson in Support of Plaintiffs' Motion for Preliminary Injunction re: USDA Reorganization, that Defendants have marked as Confidential and that Plaintiffs have provisionally filed under seal.  *See* ECF Nos. 439, 439-1. Plaintiffs also filed under seal certain portions of their Memorandum in Support of Motion for Preliminary Injunction re: USDA that discuss those documents. *See* ECF No. 440-1 ("Memorandum").  As set forth below, Defendants seek to maintain the confidentiality and sealed status of certain substantive portions of Exhibits A and C, cell phone numbers in Exhibits A and B, and one line that discusses Exhibit A in Plaintiffs' Memorandum. Defendants are otherwise amenable to the public filing of the materials Plaintiffs have provisionally filed under seal.

Because Plaintiffs' Sealing Motion concerns confidential discovery records Plaintiffs wish to present in support of a dispositive motion, the "compelling interest" standard applies. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Under that standard, a court may seal records if it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). Those reasons must "outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178-79 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The Court should "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep" the records sealed. *Id.* at 1179.

For the reasons set forth in the attached declaration of Kelly A. Kinneen, the materials for which Defendants seek to maintain their confidentiality and sealed status meet this standard. The protected material in **Exhibit A** consists of a "passback" from the Office of Management (OMB) to the United States Department of Agriculture (USDA).  *See* Decl. of Kelly A. Kinneen,

attached hereto, ¶¶ 6-7.  Public disclosure of certain information in that exhibit "would compromise the process by which OMB assists the President in formulating the President's annual budget request to Congress."  *Id.* ¶ 7; *see generally id.* ¶¶ 8-10 (describing the passback process and the sensitivity and confidentiality of budget deliberations).  The information is also subject to the deliberative process privilege, reflecting deliberations regarding budget requests and "the give-and-take between OMB and Executive Branch agencies, where OMB obtains selected information from agencies with an aim to making sensitive policy decisions which necessarily balance budgetary and policy interests from across the Executive Branch."  *Id.* ¶ 11.[1]  In that regard, public disclosure "would harm this decisionmaking process by forcing OMB and agency personnel to be more guarded, and less candid, in making frank assessments or seeking additional information when developing the annual budget," thus "harm[ing] the Executive Branch's ability to speak with one voice when making the annual budget request."  *Id.*  Notably, "[t]he Executive Branch's position on the confidentiality of the contents of passback has been consistent across Presidential administrations of both parties for decades."  *Id.* ¶ 12.  Nonetheless, Defendants believe that some material in Exhibit A can be publicly disclosed and have attached as Exhibit A to the Kinneen declaration a public version of that exhibit with appropriate redactions.[2]  This is the least restrictive alternative to sealing the entire document.

The protected material in **Exhibit C** also meets the compelling interest standard.  That document consists of an Excel file reflecting multiple agencies' projections of the effects of personnel actions.  Kinneen Decl. ¶ 16.  The material for which Defendants seek to maintain confidentiality and sealed status relates to agencies other than USDA, as well as aggregated data across multiple agencies which may incorporate USDA data.  *Id.*  As noted in the Kinneen declaration, this data tracks the type of information contained in the ARRPs which this Court has designated as Attorneys' Eyes Only.  *Id.* ¶ 17.  It reflects deliberative, inter-agency discussions, the public disclosure of which would chill further internal Executive Branch deliberations.  *Id.*

---

[1]    While Defendants acknowledge that the Court has overruled their deliberative process privilege assertions regarding these and related documents, they continue to maintain that these materials are, in fact, deliberative.  In any event, the production of these deliberative documents to Plaintiffs does not justify their public disclosure for the reasons set forth herein.

[2]    Plaintiffs have already lodged unredacted versions of the exhibits under seal.

Statement in Support of Plaintiffs' Administrative Motion re Sealed Material
3:25-cv-3698-SI

While Defendants have agreed to allow for the public filing of USDA's ARRPs (because USDA's actions are currently subject to litigation pursuant to Plaintiffs' motion for a preliminary injunction), the other material in this document is unrelated to any current motions practice and is therefore unrelated to USDA's reorganization. *Id.* ¶ 18. Indeed, some data pertains to federal agencies that are not a party to this litigation at all. *Id.* Accordingly, there is no public benefit to the disclosure of non-USDA information from this document. As with Exhibit A, Defendants have attached a public, redacted version of Exhibit C to the Kinneen declaration. As with Exhibit A, this is the least restrictive alternative to sealing the entire document.

Defendants also seek to maintain the confidentiality and sealed status of a cell phone number in **Exhibits A and B.** Publicly filing cell phone numbers does not advance transparency and may subject a government employee to unwanted and unnecessary harassment and annoyance. Kinneen Decl. ¶¶ 13-14. Accordingly, in addition to redacted versions of Exhibits A and C, the Kinneen declaration also attaches a redacted version of Exhibit B that contains redactions for the cell phone number, which has also been redacted from Exhibit A.

Finally, regarding Plaintiffs' Memorandum, the only confidential material that requires continued confidential treatment and redactions is the quotation from Exhibit A that appears on page 8, line 11 (using the page numbering at the bottom of the brief). *See* Kinneen Decl. ¶ 6.[3]

A Proposed Order is attached.

---

[3] Defendants are not attaching a redacted copy of that Memorandum, with the understanding that Plaintiffs can re-file once this Court resolves the sealed status of the Memorandum and accompanying exhibits.

Statement in Support of Plaintiffs' Administrative Motion re Sealed Material
3:25-cv-3698-SI

Dated: July 15, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

ERIC J. HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG
(DC Bar No. 467513)
JEREMY S.B. NEWMAN
Chief Litigation Counsel

CHRISTOPHER HALL
MARIANNE F. KIES
Assistant Branch Directors

ROBERT C. BOMBARD
TAYLOR PITZ
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005

Telephone: (202) 514-3374
Brad.Rosenberg@usdoj.gov

*Counsel for Defendants*