CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-6748

ERIC J. HAMILTON
Deputy Assistant Attorney General
DIANE KELLEHER
Branch Director
BRAD P. ROSENBERG (DC Bar No. 467513)
JEREMY S.B. NEWMAN
Chief Litigation Counsel
CHRISTOPHER HALL
Assistant Branch Director
ROBERT C. BOMBARD
TAYLOR PITZ
Trial Attorneys
Civil Division, Federal Programs Branch

    1100 L Street, NW
    Washington, DC 20005
    Telephone: (202) 514-3374
    Brad.Rosenberg@usdoj.gov

Counsel for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*<br><br>    Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL COMPLAINT**<br><br>Hearing Date: September 1, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Susan Illston<br>Place: San Francisco Courthouse<br>        Courtroom 1 |

Opposition to Motion for Leave to File Second Supplemental Complaint
3:25-cv-3698-SI

**INTRODUCTION**

This sprawling lawsuit, originally filed on April 28, 2025, currently consists of approximately two dozen plaintiffs and a roughly equal number of agency defendants. Plaintiffs, for their part, include several national unions (American Federation of Government Employees, AFL-CIO, American Federation of State, County, and Municipal Employees, AFL-CIO, and Service Employees International Union, AFL-CIO), some of their local bargaining units (such as AFGE and SEIU local bargaining units), a hodge-podge of public advocacy organizations (such as the Alliance for Retired Americans, the American Geophysical Union, the American Public Health Association, the Center for Taxpayer Rights, the Coalition to Protect America's National Parks, Common Defense Civic Engagement, the Main Street Alliance, the Natural Resources Defense Council, the Northeast Organic Farming Association, Inc., VoteVets Action Fund, Inc., Western Watersheds Project, and the American Foreign Service Association), and random local governments (such as Santa Clara County and the City of Chicago, among others). The complaints that have already been filed in this lawsuit— including the Supplemental Complaint filed last January regarding FEMA COREs—have now ballooned to 607 paragraphs and 13 separate claims in total. *See* ECF No. 298. This case is, as the government previously observed, a litigation safari. *See* ECF No. 402 at 8.

Plaintiffs now seek to expand that safari into a full-scale hunt, with new prey far outside the original terrain. Setting their sights on the USDA, Plaintiffs seek to file a Second Supplemental Complaint that will add three more parties (the National WIC Association, the Alliance of Crop, Soil and Environmental Science Societies, and Prince George's County, Maryland), 38 new paragraphs of factual allegations, and three new claims (Claims XIV through XVI) alleging that the USDA and Secretary of Agriculture Brooke Rollins violated the Administrative Procedure Act and engaged in *ultra vires* action. *See* ECF No. 437-1. The overarching goal of Rule 15(d) is to promote judicial economy, but Plaintiffs' Second Supplemental Complaint would have the opposite effect: It would make an already unwieldy and unmanageable lawsuit even worse by adding new claims that are far removed from this lawsuit's genesis—a challenge to reductions-in-force at the beginning of this Administration. That alone warrants denial of Plaintiffs' motion.

Plaintiffs' motion fails for myriad other reasons. For starters, Plaintiffs' motion is untimely: USDA publicly announced its restructuring—and the relocation of components outside of Washington, D.C.—on July 24, 2025. Yet Plaintiffs waited nearly a year—and well after USDA had publicly begun taking concrete steps to implement its reorganization plan—to append their claims to their pre-existing lawsuit. That undue delay not only dooms Plaintiffs' motion, but also compounds the judicial efficiency challenges the Court already faces in managing this lawsuit because of the effect of Plaintiffs' claims on third parties who have not been joined. Simply put, while Plaintiffs here sat on their hands for a year, other non-plaintiff unions (and, indeed, some of the Plaintiffs' very own locals and bargaining units) have been negotiating and in several instances have reached agreement with USDA, yet the proposed relief Plaintiffs seek would undo all of that. The only way to solve that problem is to join even more parties to this lawsuit, rendering this Court an arbiter of all actions USDA has taken or will take to manage its own internal operations and external affairs.

Finally, supplementation would be highly prejudicial to Defendants generally and USDA in particular. This lawsuit is already nearly impossible to defend: There is no discovery cut-off—indeed, there are virtually no discovery parameters or limitations at all, just a never-ending list of one-sided demands—and there has been zero discussion about what dispositive briefing for approximately two dozen agency defendants will ultimately look like (or when it will finally come to pass in a case now pending for 15 months). But the prejudice to USDA is much more acute: As set forth in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, Plaintiffs' arguments are without merit, and so supplementing the complaint is a futile exercise.

Plaintiffs' motion should be denied.

## LEGAL STANDARD

Rule 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). To invoke Rule 15(d), "some relationship must exist between the newly alleged matters and the subject of the original action." *Keith v. Volpe*, 858 F2d 467, 474 (9th Cir. 1988). Factors courts typically consider in evaluating a Rule 15(d) motion are (1) undue delay, (2) bad faith or dilatory motive on the part of the movant,

Opposition to Motion for Leave to File Second Supplemental Complaint
3:25-cv-3698-SI

2

(3) repeated failure of previous amendments or supplements, (4) futility, and (5) undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). Courts also consider whether supplementation would align with the goal of Rule 15(d), which is to promote judicial economy. *See Lyon*, 308 F.R.D. at 214, *citing Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997); *Keith*, 858 F.2d at 473. Among the factors, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice or a "strong showing" of any other factor, there is a presumption in favor of supplementation. *Id.*; *Lyon*, 308 F.R.D. at 214. At the same time, Rule 15(d) "cannot be used to introduce a 'separate, distinct, and new cause of action.'" *Neely*, 130 F.3d at 402 (citation omitted).

## ARGUMENT

### I.    Supplementing the Complaint (Again) Will Not Promote Judicial Economy and Would Unduly Prejudice Defendants.

Plaintiffs allege that USDA's reorganization plans flow from its Agency RIF and Reorganization Plan (ARRP) and workforce reduction directives from the President, OMB, and OPM. Pls' Mot. for Leave to File Second Suppl. Compl. ("Mot. to Suppl.") at 6, ECF No. 437 at 7. According to Plaintiffs, USDA's actions are "just the latest in the Administration's ongoing efforts to radically transform the agencies of the federal government, regardless of what Congress intended or required, and in a manner that disregards the impact of these actions on those who work for and otherwise rely on this important agency." *Id.*

Plaintiffs' attempt to tether the allegations of the Second Supplemental Complaint to the Executive Order No. 14,210 and OPM/OMB Workforce Memorandum-related RIF actions that prompted this lawsuit in the first instance fails. Plaintiffs assert that, "[i]n late spring 2026, USDA began implementing the Reorganization Plan that is set forth in its 2025 ARRP." Mot. to Suppl. at 3, ECF No. 437 at 4. That assertion is, at best, misguided. For starters, Plaintiffs are incorrect that USDA's reorganization plans flow from the ARRPs that are at the core of this lawsuit. As set forth in the declaration of Mary Pletcher Rice ("Rice Decl.," filed in connection with Defendants' opposition to Plaintiffs' motion for a preliminary injunction at ECF No. 457-1), USDA's ARRPs, which were

submitted to OMB and OPM last spring, "are not the Department's reorganization plan and does not reflect USDA's current plans." Rice Decl. ¶ 4. Instead, "[t]he most accurate and up to date reorganization plans are set forth in the notifications that USDA has provided to Congress," and those plans "demonstrate that the agency's plans are fundamentally different than what was originally contemplated by the ARRPs." *Id.*

This Court, of course, need not merely take Ms. Rice's word on it (though it should). Instead, there is a string of public statements demonstrating both that USDA started its restructuring process a year ago and has been very upfront about what would be involved. For example, in July 2025, the Secretary of Agriculture publicly announced the Department's attempt to undertake a reorganization. *See* USDA, *Secretary Rollins Announces USDA Reorganization, Restoring the Department's Core Mission of Supporting American Agriculture* (July 24, 2025), https://perma.cc/SB9Z-2HWL. USDA also accepted public comments on the proposed reorganization from August 1 through September 30, 2025. *See* USDA, *Reorganization Summary and Analysis of Feedback* (Dec. 8, 2025), https://www.usda.gov/sites/default/files/documents/usda-reorg-comments-analysis-12082025.pdf. The Department received over 46,845 emails from groups including employees, Congress, tribes, state and local governments, unions, non-profit organizations, educational institutions, and citizens. *See id.* The agency summarized and analyzed the comments provided and published that summary on December 8, 2025. *See id.* As these and other procedural steps make clear, USDA engaged in a lengthy process—entirely distinct from its prior ARRPs—to identify and ultimately engage in the reorganization that Plaintiffs now challenge.

Plaintiffs' reliance on ARRPs as the driving narrative of their story also underscores the inherent error of relying on such privileged materials. As Defendants have previously noted, ARRPs, Staffing Plans, and various documents discussing them are all pre-decisional and deliberative. This Court has acknowledged as much. *See, e.g.*, Order at 7, ECF No. 214 ("[T]he Court assumes without deciding that at least some ARRPs may include pre-decisional and deliberative materials."). Defendants acknowledge that this Court has overruled Defendants' deliberative process privilege assertions as to the ARRPs. As Defendants have noted elsewhere, they believe that decision was made in error. Nonetheless, Plaintiffs' characterization of ARRPs as underpinning USDA's actions when,

in reality, they do not, demonstrates the folly of Plaintiffs' chosen source of evidence: "Sometimes a proposal dies on the vine. That happens in deliberations—some ideas are discarded or simply languish. Yet documents discussing such dead-end ideas can hardly be described as reflecting the agency's chosen course." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) (citation omitted).

Plaintiffs' motion to supplement the complaint runs roughshod over these core principles and, if granted, would constitute an undue prejudice on Defendants generally and USDA in particular. Rather than promptly bringing a separate lawsuit challenging USDA's reorganization, Plaintiffs have appended their claims to this pre-existing lawsuit that already involves approximately two-dozen agency defendants, never-ending discovery, and no understanding as to what Plaintiffs' litigation end game is. Their hook consists of documents that were produced in discovery over Defendants' objections that the documents were deliberative and therefore could be subject to misinterpretation. Plaintiffs have, in fact, misinterpreted or misconstrued those documents to gin up claims based on events that are not relevant to the restructuring they are challenging. And the materials they are relying upon cannot be part of a properly constructed administrative record for Plaintiffs' APA claims in any event because they are deliberative. *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1048 (Jan. 13, 2025). Rather than promoting judicial efficiency, Plaintiffs' proposed Second Supplemental Complaint will only add legal confusion to the already undefined nature of Plaintiffs' lawsuit, improperly expending the parties' and the Court's resources in the process.

Supplementation is improper for a more fundamental reason as well: because USDA's reorganization is—as explained above—an agency effort undertaken by USDA through its own administrative process, Plaintiffs' proposed claims are precisely the sort of "separate, distinct and new cause[s] of action" that Rule 15(d) does not permit. *Neely*, 130 F.3d at 402 (citation omitted). Those claims belong, if anywhere, in a new lawsuit.

## II.    Plaintiffs' Proposed Amendment Raises Substantial Joinder Problems That Have Been Compounded By Plaintiffs' Undue Delay.

As noted above, the agency efforts that Plaintiffs challenge were publicly announced in early-to mid-2025. In fact, on August 29, 2025, USDA issued National Consultation Right memoranda to

Dr. Everett Kelley, the National President of Plaintiff AFGE, as well as the president of the National Federation of Federal Employees, requesting their review and comment on the Secretary's Memorandum. Rice Decl. ¶ 105 & Exs. 1-2. Plaintiff AFGE even provided a comment in response to this Notice on September 26, 2025. *See id.* ¶ 105 & Ex. 3. Yet Plaintiffs waited approximately nine *more* months—until early July 2026—to move to supplement their complaint. That delay alone warrants denial of their motion. *Cf. Texaco, Inc. v. Ponsoldt*, 939 F.2d 794,798-99 (9th Cir. 1991) (eight-month delay in moving to amend complaint unreasonable citing *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (similar)).

In the meantime, several AFGE and AFSCME locals representing multiple USDA bargaining units (as well as other unions) have negotiated with USDA. As set forth in the Rice declaration, USDA has already completed its bargaining obligations with the following:

- Forest Service and NFFE-Forest Service Council, via an agreement dated June 12, 2026. Rice Decl. ¶ 106.A.

- Economic Research Service and National Institute for Food and Agriculture and AFGE 3403, via an agreement dated June 18, 2026. Rice Decl. ¶ 106.B

- Agricultural Research Service and AFGE 3147, via an agreement dated July 2, 2026. Rice Decl. ¶ 106.C. The signed memorandum of understanding included the implementation of the agency's relocation of bargaining unit employees from the Beltsville Agricultural Research Center and the U.S. National Arboretum. *Id.*

- Office of Operations and AFSCME 2846 for National Capital Region local office reassignment, with bargaining obligations met on May 15, 2026. Rice Dec. ¶ 106.D.

- Food and Nutrition Administration and the National Treasury Employees Union Chapter 226 for National Capital Region local office reassignments, via an agreement dated June 30, 2026. Rice Decl. ¶ 106.E.

- Food and Nutrition Administration and AFGE 2735 for National Capital Region local office reassignments, via an agreement dated April 3, 2026. Rice Decl. ¶ 106.F.

- Office of Hearings and Appeals and AFSCME 3020 for National Capital Region relocations, with bargaining obligation met on April 2, 2026. Rice Decl. ¶ 106.G.

Setting aside the impropriety of Plaintiffs AFGE and AFSCME preparing to sue over these matters while their own locals (AFGE 3403, 3147, and 2735 and AFSCME 2846 and 3020) bargained with USDA, Plaintiffs' proposed Second Supplemental Complaint raises intractable joinder problems regarding the non-plaintiff unions that have negotiated binding agreements with USDA.

Federal Rule of Civil Procedure 19 governs the Required Joinder of Parties. As the Ninth Circuit has explained,

> A Rule 19 motion poses three successive inquiries. First, the court must determine whether a nonparty should be joined under Rule 19(a). That nonparty (or 'absentee') is now referred to as a person required to be joined if feasible. If an absentee meets the requirements of Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined. Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed. A nonparty in whose absence an action must be dismissed is one who not only [has] an interest in the controversy, but [has] an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.

*Equal Emp. Opportunity Comm'n v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) (citation modified). As noted above, the first step in the Rule 19 analysis is to determine whether a party is a "required part[y]," sometimes termed a "'necessary' part[y] under the old terminology." *Republic of the Philippines v. Pimentel*, 553 U.S. 851, 859 (2008). A person *must* be joined if "in that person's absence, the court cannot accord complete relief among existing parties," Fed. R. Civ. P. 19(a)(1)(A), or if

> that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

*Id.* 19(a)(1)(B)(i), (ii).

Here, the relief Plaintiffs seek—a preliminary injunction that would freeze USDA's reorganization plans—would directly "impair or impede" the agreements that those unions have already reached with USDA. And that, in turn, would subject USDA to "inconsistent obligations" to the extent it is unable to fulfill its end of the bargain with those non-party unions. For the reasons explained in Defendants' opposition to Plaintiffs' preliminary injunction motion, these joinder problems also doom Plaintiffs' attempt to obtain injunctive relief because "[a] federal [district] court . . . may not attempt to determine the rights of persons not before the court[,]" and "must, therefore,

tailor the injunction to affect only those persons over which it has power." *Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

Plaintiffs fail to address any of this, notwithstanding that many of them are, in fact, unions that presumably wish to have negotiated agreements with the government be upheld. Simply put, the Second Supplemental Complaint cannot proceed without the joinder of these parties—and that joinder, while necessary, will only add further weight to this wildebeest of a case.

This problem is compounded by Plaintiffs' substantial delay in moving to supplement. Plaintiffs assert that they "have moved promptly following USDA beginning to put into motion implementing actions that are causing actual and imminent harm to Plaintiffs," Mot. to Suppl. at 7, ECF No. 437 at 8, but fail to mention that several of their members have already concluded negotiations with USDA regarding those "implementing actions." Plaintiffs similarly hide behind the fact that "USDA did not make its ARRP public in 2025," *Id.* at 3, ECF No. 347 at 4, but as noted above, USDA's reorganization is not based on its ARRPs, and Plaintiffs were aware of USDA's plans (through both public and direct notice) in any event. For these reasons as well, this Court should deny Plaintiffs' motion.

**III.    Plaintiffs' Proposed Supplemental Claims Are Futile.**

While Defendants recognize that futility is a low bar, Plaintiffs' Second Supplemental Complaint still cannot clear it. Defendants discuss, at length, both the jurisdictional and merits flaws regarding Plaintiffs' preliminary injunction motion and incorporate those arguments by reference here. In sum, Plaintiffs have not challenged reviewable final agency action, Plaintiffs' claims are precluded by the Civil Service Reform Act and the Federal Service Labor-Management Relations Statute, Plaintiffs' *ultra vires* claim fails, USDA's reorganization comports with its statutory authority, and USDA's reorganization has been reasonable and reasonably explained.

**CONCLUSION**

Plaintiffs' Motion for Leave to File a Second Supplemental Complaint should be denied.

Dated: July 24, 2026                     Respectfully submitted,

                                         CRAIG H. MISSAKIAN (CABN 125202)
                                         United States Attorney
                                         U.S. ATTORNEY'S OFFICE
                                         450 Golden Gate Avenue, Box 36055
                                         San Francisco, California 94102-3495

                                         ERIC J. HAMILTON
                                         Deputy Assistant Attorney General

                                         DIANE KELLEHER
                                         Branch Director

                                         */s/ Brad P. Rosenberg*
                                         BRAD P. ROSENBERG
                                         (DC Bar No. 467513)
                                         JEREMY S.B. NEWMAN
                                         Chief Litigation Counsel

                                         CHRISTOPHER HALL
                                         Assistant Branch Director

                                         ROBERT C. BOMBARD
                                         TAYLOR PITZ
                                         Trial Attorneys
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, NW
                                         Washington, DC 20005

                                         Telephone: (202) 514-3374
                                         Brad.Rosenberg@usdoj.gov

                                         *Counsel for Defendants*

Opposition to Motion for Leave to File Second Supplemental Complaint
3:25-cv-3698-SI

9