Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT ON CLAIMS VIII TO XIII TO PLAINTIFFS AND AGAINST DEFENDANTS** |

[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT, No. 3:25-cv-03698-SI

The motion for partial summary judgment with respect to Claims VIII through XIII of the Union Plaintiffs (including American Federation of Government Employees (AFGE); American Federation of State County and Municipal Employees (AFSCME); and Service Employees International Union (SEIU)), and the Local Government Plaintiffs (including County of Santa Clara, California; City of Chicago, Illinois; Martin Luther King, Jr. County, Washington; Harris County, Texas; City of Baltimore, Maryland; and City and County of San Francisco, California) (ECF 411, 433), and cross-motion for partial summary judgment by Defendants Department of Homeland Security, Federal Emergency Management Administration and their agency heads on those same claims (ECF 451), came before this Court for consideration.  This Court held a hearing on September 1, 2026, at which all parties were present and presented argument.

Upon consideration, and for good cause shown, IT IS HEREBY ORDERED that Plaintiffs' motion for partial summary judgment on Claims VIII to XIII of the First Supplemental Complaint, ECF 411 (converted into motion for summary judgment, ECF 433 at 6-7), is GRANTED. Defendants' cross-motion for partial summary judgment, ECF 451, is DENIED.

The Court HEREBY DECLARES that Defendants DHS and DHS Secretary Mullin[1] engaged in unlawful action contrary to law, exceeded their authority, took arbitrary and capricious action, and acted ultra vires by (1) removing FEMA's authority to make employment decisions and limiting FEMA's authority to extend Cadre of On-Call Response/Recovery (CORE) positions, including with respect to the duration of any extension; and (2) imposing a plan to substantially reduce the size of the FEMA workforce, including by directing the implementation of the plan through the separation of COREs by not-to-exceed (NTE) dates.

The Court HEREBY DECLARES that Defendants FEMA, and FEMA Senior Official Performing the Duties of Administrator Robert J. Fenton[2] engaged in unlawful action contrary to law, exceeded their authority, took arbitrary and capricious action, and acted ultra vires by

---

[1] DHS Secretary Mullin is substituted for DHS Secretary Noem under Federal Rule of Civil Procedure 25(d).

[2] FEMA Senior Official Performing the Duties of Administrator Fenton is substituted for FEMA Senior Official Performing the Duties of Administrator Evans under Federal Rule of Civil Procedure 25(d).

[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT, No. 3:25-cv-03698-SI

1

(1) implementing unlawful DHS directives to cede decision-making authority to DHS with respect to the reduction in FEMA positions and in particular the renewals of CORE positions; and (2) implementing unlawful DHS directives to reduce the size of the FEMA workforce, including by separating CORE employees by NTE dates.

The Court HEREBY holds unlawful and sets aside, and thereby VACATES DHS's directives to FEMA that (1) remove FEMA's authority to make employment decisions and limit FEMA's authority to extend CORE positions, including with respect to the duration of any extension; and (2) impose any plan to reduce the size of the FEMA workforce, including by separating CORE employees.

The Court HEREBY holds unlawful and sets aside, and thereby VACATES FEMA's actions to implement DHS's directives by (1) ceding decision-making authority to DHS with respect to FEMA personnel actions; and (2) reducing the size of its workforce, including by separating CORE employees by NTE dates.

IT IS FURTHER ORDERED that Defendants DHS, FEMA, and their agency heads, along with their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with these Defendants are ENJOINED as follows:

1.    From taking any action to implement, carry out, or effectuate DHS directives that remove FEMA authority over personnel decisions with respect to FEMA employees, including but not limited to CORE employees, and including the following actions:

a.    DHS's removal of FEMA decision-making authority over the extension or renewal of CORE positions, including with respect to the duration of any extension; or

b.    DHS's imposition of a workforce reduction plan to reduce the size of FEMA, including but not limited to any plan to reduce the size of FEMA by half, or otherwise implementing the FEMA Annual Staffing Plan.

2.    From taking any action to reduce the size of FEMA, including but not limited to any plan to reduce the size of FEMA by half, or otherwise implementing the FEMA Annual Staffing Plan.

[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT, No. 3:25-cv-03698-SI

2

3.      To rescind all notices of non-renewal separating CORE employees from FEMA employment since January 1, 2026 (other than those separated for bone fide performance or conduct reasons), and to return those employees to the position, salary, and rate of pay and benefits they would be in and would receive were it not for their unlawful terminations, including as follows:

a.      Ensuring that such employees receive all time in step credit for all periods during which they were in CORE employment or would have been in CORE employment but for their unlawful terminations;

b.      Providing back pay for the time that such employees were separated from CORE employment;

c.      Restoring retroactively, or otherwise making employees whole for the loss of, the health, dental, and vision benefits that such employees would have had if they had not been unlawfully separated from CORE employment.

IT IS FURTHER ORDERED that, no later than seven days after the date of this Order, Defendants shall report to the Court any agreement of the parties as to how to effectuate Section 3 of this injunction and how to provide notice of this relief to affected employees.  If the parties cannot reach agreement by that date, they shall submit a joint statement of five pages each setting forth their respective positions for the Court's consideration.

IT IS SO ORDERED.


Dated: _____, 2026       _____
                                                                  The Honorable Susan Illston
                                                                  United States District Court Judge

[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT, No. 3:25-cv-03698-SI

3