Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br>                Defendants. | Case No. 3:25-cv-03698-SI<br><br>**REPLY DECLARATION OF MARVIN HOEKEMA** |

Reply Declaration of Marvin Hoekema, No. 3:25-cv-03698-SI

**REPLY DECLARATION OF MARVIN HOEKEMA**

I, Marvin Hoekema, declare the following under penalties of perjury:

1.  I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2.  This declaration supplements the declaration that I previously submitted in support of Plaintiffs' Motion for Preliminary Injunction with respect to the United States Department of Agriculture ("USDA") Reorganization Plan.

3.  I am the President and a dues paying member of the U.S. Department of Agriculture ("USDA"), Farm Services Agency, Farm Production and Conservation Business Center, and Risk Management Agency Employees, Local 3925 of the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME Local 3925," or "the Union").

4.  AFSCME Local 3925 is the exclusive bargaining representative under federal law for all professional and nonprofessional employees employed by the USDA's Farm Service Agency, Farm Production and Conservation Business Center, and Risk Management Agency (hereinafter "the Agency") in the Washington, D.C. metropolitan area. These are all units within the USDA's Farm Production and Conservation ("FPAC") mission area. The vast majority of the bargaining unit employees represented by AFSCME Local 3925 work out of the South Building, located in downtown DC.

5.  AFSCME Local 3925 and the Agency are parties to a collective bargaining agreement (CBA) that memorializes negotiated terms and conditions of employment, benefits, rules, a grievance procedure and other procedures of the workplace. The current agreement came into effect in September 2024 and goes through September 2028.

6.  Article 34 of the CBA outlines the processes for reorganizations and workplace moves. This Article requires Agency Management to provide notification to the Union concerning any reorganizations or moves, after which the Union is provided with an opportunity to comment on the proposal and invoke impact and implementation ("I&I") bargaining over the actions at issue.

7.  Under both federal law and this CBA, I&I bargaining does not permit the Union to challenge either the fact or legality of an underlying management action.  Instead, the CBA requires

Reply Declaration of Marvin Hoekema, No. 3:25-cv-03698-SI                                                    1

notification of that action, and then the Union can bargain regarding the effects on bargaining unit employees. The Union's rights to bring issues pertaining to this I&I bargaining before the Federal Labor Relations Authority ("FLRA"), either through an unfair labor practice charge or grievance and arbitration procedures, are all circumscribed by the subjects of bargaining.

8. On July 24, 2025, Secretary of Agriculture Brooke Rollins issued Secretary Memorandum 1078-015 entitled "Department of Agriculture Reorganization Plan," (herein "USDA Reorganization Memo"). The USDA Reorganization Memo, among other plans, expressed a goal to retain no more than 2,000 USDA employees within the National Capital Region, an over 50% reduction of the USDA workforce in the National Capital Region. Pursuant to this goal, the Memo stated that the USDA planned to relocate some employees from the National Capital Region to one of five regional hub locations across the country. It also included a plan for facilities located within the NCR. Specifically, it noted that the South Building and Braddock Place would be vacated.

9. As discussed in my initial declaration, AFSCME provided comments opposing this Reorganization Plan, and in particular objected to the use of relocations to impose workforce reductions, and the related impacts on the functions of the employees and component agencies that we represent, including the Farm Production and Conservation mission area.

10. The Reorganization Memo refers generally to moving employees out of the NCR, but does not mention the Farm Production and Conservation mission area agencies by name.

11. Nevertheless, given the stated plans to move employees in general and to close the South Building, bargaining unit employees grew concerned over potential impacts to their working conditions. On July 29, 2025, AFSCME Local 3925 submitted a written information request about the reorganization plan to understand any changes to the conditions of employment for bargaining unit employees. The Agency responded by denying the request and stating that there was no additional information beyond what was shared by the Secretary, but it would provide such information and comply with bargaining obligations when required.

12. Accordingly, the Union awaited more information from USDA regarding the decision to implement this Reorganization Plan, how it would impact bargaining unit employees within the Farm Production and Conservation mission area, and any actions that would trigger I&I bargaining.

13. On February 25, 2026, the Secretary of Agriculture issued a press release announcing the disposal of the South Building and Braddock place. The Union had not received any information about relocation or information about where employees about where employees would be directed to work moving forward.

14. The Union grew increasingly concerned about USDA's failure to share information on its plans or timing of any implementation, particularly once it was clear that there would be changes relating to the South Building. On February 27, 2026, the Union submitted a new information request to understand more about the impacts of the Reorganization Plan. The Agency responded on March 25, 2026, denying the request, stating that there were not currently any impacts to bargaining unit employees' conditions of employment.

15. The Union did not receive any communication from USDA leadership indicating that bargaining unit employees would be impacted by the announced reorganization at any time between July 2025, when the reorganization was first announced, and June 16, 2026.

16. On June 17, 2026, the Union received the first indication that bargaining unit employees would be impacted by the announced reorganization through public communications and emails sent to employees. These materials are summarized in my previous declaration. Among other things, those materials stated that the FPAC Business Center is establishing hubs in Raleigh, North Carolina, Fort Worth, Texas, Kansas City, Missouri, and Salt Lake City, Utah and reducing its footprint in the NCR The Union did not receive formal notice in June 2026 regarding the reorganization as required by our CBA.

17. On July 9, 2026, I learned from a bargaining unit employee that bargaining unit employees within the FPAC Business Center's Civil Rights and Equal Employment Opportunity Division would be realigned out of the Business Center and into the USDA's Office of the Assistant Secretary for Civil Rights (OASCR). Previous announcements from the USDA indicate that OASCR will be relocating employees to regional hubs in Raleigh, North Carolina and Fort Collins, Colorado. Therefore, these bargaining unit employees are concerned that they will likely be directed to relocate. The Union has yet to receive any formal notice about these realignments or additional information.

18.   On July 10 and July 15, 2026, bargaining unit employees from five divisions within the FPAC Business Center received memos with the subject line "Notification of Intent for Potential Change in Position Due to Farm Production and Conservation Reorganization" (hereinafter "Intent Memo"). These divisions are the Economic and Policy Analysis Division (EPAD), the Appeals and Litigation Division (ALD), the Leasing Division, the Acquisition Division, and the Communications Divisions.

19.   I was one of the employees who received an Intent Memo. The Intent stated that the recipient's position would be impacted by the reorganization, but provided no details as to how. Specifically, the Intent Memo stated that "[y]our position has been identified as one that will be tentatively realigned within FPAC." The memo stated that "it is the intent of USDA leadership to provide official notification of reassignment in the coming weeks."

20.   Following the issuance of the Intent Memos, the Union once again submitted a request for information to learn more about the reorganization, which the Agency denied.

21.   I have reviewed the Rice Declaration submitted with USDA's briefing in this case. The declaration states that the FPAC Business Center is undergoing an "organizational and functional realignment effort." The declaration claims that "[n]o employees will be relocated from the NCR." But that is not consistent with the declaration's prior statement that "*[r]emaining staff*, following realignment, *will continue to provide services from one of the established five regional hubs* (Raleigh, Kansas City, Indianapolis, Fort Collins, and Salt Lake City) FPAC office locations including in the Dallas Fort Worth metropolitan area." The only way for *remaining staff* to provide services from the regional hubs is if the staff are relocated from the NCR to those hubs. Supervisors have stated that going forward, there will not be any promotion opportunities available in the NCR, effectively meaning bargaining unit employees will need to relocate if they want to be promoted within the Agency. The Agency, moreover, has not provided any formal commitments to employees or to the Union that FPAC employees will not be relocated from the NCR to hubs. On the contrary, we have received indications from the Agency that FPAC Business Center workers may be relocated out of the NCR.

22.   For instance, on July 23, 2026, all employees of the FPAC Business Center working in the NCR received a separate email with the subject line "Voluntary Relocation Offering Information

Reply Declaration of Marvin Hoekema, No. 3:25-cv-03698-SI                                        4

for FPAC Business Center Employees in the NCR." The email stated that all NCR Business Center employees will be offered the opportunity to voluntarily relocate to the hub locations: Fort Worth, Texas; Kansas City, Missouri; Raleigh, North Carolina; and Salt Lake City, Utah. A follow up email provided a link to an interest form and stated that the deadline to fill out that form was August 4, 2026. The email also stated that employees who agree to voluntarily relocate must relocate no later than September 1, 2027, once approved.

23.     On July 23, 2026, all employees of the FPAC Business Center received an email from the Agency with the subject line "VERA/VSIP Offering Information for FPAC Business Center Employees." The email stated that all staff assigned to the NCR were eligible for Voluntary Early Retirement Authority (VERA) and Voluntary Separation Incentive Payment (VSIP). A follow up email provided a link to an interest form and stated that the deadline to fill out that form was August 4, 2026. The email also stated that employees who accept the VERA/VSIP options must offboard between January 1, 2027 and March 31, 2027.

24.     It appears to me that the Agency is attempting to pressure bargaining unit employees relocate or to leave the agency under the implicit threat of forced relocations, using measures designed to evade triggering I&I bargaining.

25.     Given that the Agency has previously stated that they intend to accomplish the movement of FPAC Business Center employees from the NCR to regional hubs through "attrition," bargaining unit employees reasonably understand that they may be directed to relocate at some point. Therefore, bargaining unit employees are feeling pressured to take advantage of VIRA/VSIP so that they can obtain some additional financial benefit rather than be forced to resign and become unemployed with even less. Other employees have shared that they are feeling pressured to take advantage of the voluntary relocations so that they have some control over where they end up, which could allow them to mitigate some of their concerns. But these same employees would prefer not to relocate in the first place and will endure hardship in doing so.

26.     As previously noted, several bargaining unit members have informed me that they would have to quit if ordered to relocate because they are unable to uproot their lives and relocate to another state. Some bargaining unit members have stated that they cannot relocate because of the cost

Reply Declaration of Marvin Hoekema, No. 3:25-cv-03698-SI                                    5

of moving and finding new housing. Others have stated that they cannot move because of family ties to the NCR that make it difficult to move to another state. Other bargaining unit employees have said that they cannot relocate because of serious health or economic/family barrier issues that require that they stay close to their health care providers and family support systems. These barriers include economic hardship from relocation, personal medical conditions requiring continuity of care with local specialist(s) and/or reasonable accommodations for remote work, caretaking obligations for elderly parent(s) or other lawfully protected reasons. Such attrition will only hamper the important work undertaken by the Farm Production and Conservation mission area agencies.

27. Moreover, USDA's plan to fracture the FPAC Business Center around the country is especially frustrating because, as expressed in AFSCME's comment filed in response to the USDA Reorganization Memorandum, the Business Center's mission is to provide centralized services. It makes no sense to send Business Center employees across the country, and it is difficult to understand how the current efforts will do anything to help improve our work.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed August 6, 2026 in Waldorf, MD.

_____

Marvin Hoekema

Reply Declaration of Marvin Hoekema, No. 3:25-cv-03698-SI                                     6