Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
dleonard@altber.com
bchishom@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*
[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **REPLY DECLARATION OF ASHAKI MITCHELL** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

**REPLY DECLARATION OF ASHAKI MITCHELL**

I, Ashaki Mitchell, declare as follows:

1. I am over 18 years old and competent to give this declaration.  This declaration is based on my personal knowledge, information, and belief.

2. This declaration supplements the prior declaration I submitted in this case in support of the Plaintiffs' Motion for Preliminary Injunction with respect to the U.S. Department of Agriculture ("USDA")'s reorganization.

3. I am a Biological Science Laboratory Technician currently employed by USDA at the Beltsville Agricultural Research Center ("BARC").

4. I also serve as the Vice President of the American Federation of Government Employees Local 3147 ("AFGE Local 3147" or the "Union").  AFGE Local 3147 represents employees at USDA, including at BARC, the Office of the Assistant Secretary for Civil Rights ("OASCR"), and the U.S. National Arboretum.

5. I understand that USDA filed with the Court certain letters notifying Congress regarding aspects of the USDA Reorganization Plan, including letters pertaining to the reorganization actions pertaining to the Research, Education and Economics mission area, which includes BARC (dated April 23, 2026) and OASCR (dated June 17, 2026).  Those letters were not made public previously by USDA.

6. I serve as the Chief Negotiator for AFGE Local 3147 in matters that are appropriate for bargaining with agency representatives.  On April 23, 2026, AFGE Local 3147 received a Bargaining Notice from USDA regarding the reorganization and decommissioning of the BARC facility.  That notice explained that USDA had determined BARC research would largely be moved outside the National Capital Area and attached a list of over two dozen far-flung "possible locations" for BARC projects.

7. USDA offered Impact and Implementation (I&I) bargaining only.  The Notice stated:

> Management acknowledges that the proposed reorganization and duty station changes constitute a change in conditions of employment requiring Impact and Implementation

(I&I) bargaining under Article 8 and Article 35. Consistent with the CBA, Management anticipates negotiations over:

Procedures:
- Timeline of duty station changes
- Notification process and content of individual employee reassignment letters

Appropriate Arrangements:
- Reasonable reporting timelines and relocation periods
- Employee Assistance Program support

8.    USDA neither offered nor permitted negotiation over the underlying decision to reorganize, to close BARC, to relocate employee positions and/or research, or where to move the positions or research.  And, to my knowledge, no principal investigators or support personnel (including bargaining unit employees), were interviewed as to what appropriate laboratories would look like for their research.

9.    AFGE Local 3147 engaged in I&I bargaining.  The Union bargained about BARC and the bargaining unit employees located at BARC only because the Department repeatedly told the Union that the Reorganization was non-negotiable and would be implemented regardless of whether the Union bargained over the effects.

10.    In the actual bargaining over BARC, the scope of bargaining was even more limited.  The Department would not negotiate over most parts of the timeline, the content of the reassignment letters, the ability for employees to visit relocation sites, or the notification process. The only aspect of the reporting timeline and relocation periods that the Department was willing to negotiate over was the amount of administrative leave for relocation that employees would receive during the period.

11.    USDA and the Union executed a Memorandum of Understanding regarding certain limited impacts of the BARC actions on July 2, 2026.

12.    That MOU reserves all rights to challenge USDA's actions under any applicable law.

13.    On June 16, 2026, USDA sent the Union a Bargaining Notice regarding the reorganization of OASCR and the relocation of employees in the D.C. area to Fort Collins,

REPLY DECLARATION OF ASHAKI MITCHELL, NO. 3:25-CV-03698-SI

Colorado and Raleigh, North Carolina.  That notice also offered I&I bargaining only.  The Union is currently engaged in I&I bargaining regarding OASCR.

14.    As with the BARC bargaining, the Union is bargaining about OASCR only because the Department repeatedly told the Union that the Reorganization was non-negotiable and would be implemented regardless of whether the Union bargained over the effects.

15.    I am aware that USDA is claiming the Court should not issue a preliminary injunction because it would interfere with the Union's interest in its MOU and the Union's interest in the ongoing negotiations.  This is incorrect.  The Union only signed the MOU because it was told it had no choice in whether the Reorganization would occur.  The MOU governs certain, minor parts of the implementation of the Reorganization, but the Union would not need to rely on those provisions if the Reorganization itself was stopped.  As detailed in my prior declaration, the interests of the Union and its members are best preserved if the Reorganization itself is paused and/or stopped.

16.    Pursuant to the USDA Reorganization, bargaining unit employees at BARC that work across all the BARC laboratories are required to relocate to various locations across the country.

17.    In July 2026, USDA issued bargaining unit members Management Directed Reassignment ("MDR") letters requiring them to relocate to locations including but not limited to Albany, California; Ames, Iowa; Grand Forks, North Dakota; Kearneysville, West Virginia; Kerrville, Texas; Miami, Florida; Peoria, Illinois; and Stoneville, Mississippi.  These employees are required to report to their new locations by October 5, 2026.

18.    Indeed, there is no reason for USDA to be rushing to relocate employees when, at least for BARC, there is substantial evidence that the research is not ready to be relocated, and in many cases, not able to be relocated at all.  Many of the spaces to which the BARC labs were assigned to relocate were not built to accommodate the type of research done by BARC labs, and no actions appear to have been taken so far to accommodate the new research needs.  One of the BARC labs has already been told that there will not be space or necessary infrastructure for most of its equipment.  And, in a recent town hall meeting, a USDA representative told BARC

3

employees that it could be months after the employees themselves relocate before the government procures new equipment or transfers labs' current equipment to the new locations.

19.     There also remain significant unanswered questions about the viability of the proposed moves.  For instance, BARC's Bee Laboratory was directed to relocate to Grand Forks, North Dakota.  The Union has been told by bee research support staff that personnel there have little to no experience with bees and many of the BARC Bee Lab staff are not relocating.  It remains unclear how the bees will be protected in an environment that receives dozens of inches of snow each winter.  As another example, BARC's Sustainable Perennial Crops Laboratory was split and directed to relocate in part to Stoneville, Mississippi and in part to Miami, Florida.  The lab's projects involve research done on trees grown in BARC's greenhouses that took years to grow to their current size, which would have to be moved in very special conditions that remain unplanned, and for which there appears to be neither to be sufficient space nor replicable growing conditions at the new locations.

20.     I am aware that the Department suggests that BARC's scientists and research unit staff will relocate, based apparently only on speculations about the D.C. area job market.  That is inaccurate, at least as applied to BARC.  Based on my conversations with the bargaining unit employees and scientists at BARC, I understand that the nature of the job market is not a deciding factor for these employees.  Whether they are willing to move depends on personal situations, like the care of family members, and whether their research will survive in a new location.

21.     Additionally, USDA is moving the research to many locations that have a substantially smaller job market and labor pool.  For example, one bargaining unit employee in the Sustainable Perennial Crops Laboratory who was reassigned to Stoneville, Mississippi shared that most of the experienced employees on her project are unlikely to move, and it will be very difficult to recruit qualified employees to take jobs in the new location, particularly as compared to the National Capital Region where many more research and other employment opportunities exist.

22.     Pursuant to the USDA Reorganization, about 21 bargaining unit employees at OASCR are being required to relocate to Fort Collins, Colorado; about 15 bargaining unit employees are required to relocate to Raleigh, North Carolina; and about 15 bargaining unit

4

employees will stay in the D.C. area.  USDA gave OASCR employees initial notice that they would be relocating on or around June 16, 2026, and gave more specific notice of which locations the employees would be relocated to on or around August 4, 2026.  As of the date of this declaration, USDA has not provided individual employees MDR letters.  The Union expects that USDA will issue MDRs to bargaining unit employees at OASCR shortly after bargaining concludes.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed August 7, 2026, in Beltsville, Maryland.

_____
Ashaki Mitchell

REPLY DECLARATION OF ASHAKI MITCHELL, NO. 3:25-CV-03698-SI