Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
dleonard@altber.com
bchishom@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*
[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 3:25-cv-03698-SI <br><br> **REPLY DECLARATION OF MARYANN SALVATORE** |

SALVATORE REPLY DECLARATION, CASE NO. 3:25-CV-03698-SI

**REPLY DECLARATION OF MARYANN SALVATORE**

I, Maryann Salvatore, declare as follows:

1.      I am over 18 years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

2.      This declaration supplements the declaration that I previously submitted in support of Plaintiffs' Motion for Preliminary Injunction with respect to the United States Department of Agriculture ("USDA") Reorganization Plan.

3.      I was employed by U.S. Department of Agriculture's ("USDA") Food and Nutrition Administration ("FNA") from 2002 until I retired at the end of June 2026. At the time of my retirement, I was a Lead Program Specialist/Quality Control Team Lead at FNA, which meant that I oversaw the work of senior program specialists in quality control, provided technical assistance to states regarding SNAP regulatory compliance, and conducted management evaluations and quality control, among other tasks.

4.      I am the President of American Federation of Government Employees Local 2735 ("AFGE Local 2735" or the "Union"), which represents employees of the FNA Mid-Atlantic Regional Office. I have served as President since 2020, and before that I served as Vice President beginning in 2004.

5.      AFGE Local 2735 represents only employees of FNA at the Mid-Atlantic Regional Office. The bargaining unit consists of employees located at the agency's Robbinsville, New Jersey office, a satellite office in Puerto Rico, and some remote duty stations. There are also non-bargaining unit management employees across the Mid-Atlantic region's offices.

6.      As stated in my prior declaration, FNA is undertaking a reorganization of the agency that includes moving program and regional offices to new hubs.  In May 2026, FNA informed the Union over email that it would engage in bargaining regarding impacts of the reorganization on bargaining unit employees.  FNA has made clear to the Union that this bargaining will be over the effects of the reorganization on bargaining unit members only, not over the fact or existence of the reorganization or relocation decisions.

1

REPLY DECLARATION Of MARYANN SALVATORE, CASE NO. 3:25-CV-03698-SI

7. The limited nature of the bargaining is also evidenced by FNA's bargaining conduct. Local 2735 sent FNA an initial bargaining proposal. In that proposal, we tried to include a provision stating that the Robbinsville office would remain open for three years. In its counterproposal, FNA struck this provision and added a comment labeling it "non-negotiable." In its counterproposal, FNA was only willing to negotiate over implementation of the reorganization, including timing and communications.

8. A preliminary injunction blocking the USDA reorganization would not interfere with Local 2735's ongoing bargaining. Local 2735 is only engaging in the bargaining in order to try to mitigate harm that the reorganization will cause to the employees we represent. If the reorganization were stopped, the harm to those employees would be prevented and no bargaining would be necessary.

9. A preliminary injunction blocking the USDA reorganization would also not harm the employees that Local 2735 represents. I understand that USDA's attorneys have suggested that employees may have made decisions already such as placing houses for sale, because of the announced reorganization. Employees have not yet received individual Mandatory Directed Reassignment ("MDR") letters from USDA. As far as I am aware from my many conversations with the employees the Union represents, no one has placed their house on sale or signed leases in new cities in anticipation of the move. I understand that employees plan to stay in their current locations as long as they are able. And, as I discussed in my prior declaration, if required to move many employees will quit rather than do so.

10. Local 2735 signed one Memorandum of Understanding ("MOU") with FNA on April 3, 2026. This MOU was not due to the reorganization's relocation of regional or program office staff to distant state hubs. Rather, that MOU applies only to one member who works remotely for the Mid-Atlantic Regional Office but who until recently was based in the Braddock Place office in Alexandria, VA. The Braddock office is being closed, and FNA employees who were based in that office are being moved to either the Sidney R. Yates or George Washington Carver offices in Washington, D.C. This MOU allows that member to be moved to the Yates

REPLY DECLARATION Of MARYANN SALVATORE, CASE NO. 3:25-CV-03698-SI

office rather than the Carver office so that they would have a shorter commute. The MOU is not relevant to the broader reorganization.

11.    A preliminary injunction blocking the USDA reorganization would not interfere with the April 3, 2026 MOU. The union entered into that MOU to help one member reduce their commute due to the closure of the Braddock Place office, and it is the Union's understanding that that employee would happily stay at the Braddock Place office if it were not closed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed __August 6__, 2026, in __Naples__, __Florida__.

_____
Maryann Salvatore

REPLY DECLARATION Of MARYANN SALVATORE, CASE NO. 3:25-CV-03698-SI