Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>    Defendants. | Case No. 3:25-cv-03698-SI<br><br>**REPLY DECLARATION OF ELLEN MEI** |

**REPLY DECLARATION OF ELLEN MEI**

I, Ellen Mei, declare as follows:

1.     I am over 18 years old and competent to give this declaration.  This declaration is based on my personal knowledge, information, and belief.

2.     This declaration supplements the declaration that I previously submitted in support of Plaintiffs' Motion for Preliminary Injunction with respect to the United States Department of Agriculture ("USDA") Reorganization Plan.

3.     I am a Lead Program Specialist at the Food and Nutrition Administration ("FNA") within the USDA.

4.     I serve as President of Chapter 255 of the National Treasury Employees Union ("NTEU Chapter 255" or the "Union"), which represents USDA employees at the Northeast Regional Office and in the Retail Operations and Compliance Office as well.

5.     I am serving on the Union's bargaining committee in ongoing negotiations with USDA over the implementation of the USDA Reorganization and the impact it will have on bargaining unit employees at FNA.

6.     On April 30, 2026, USDA sent the Union a bargaining notice that offered bargaining only over impacts on bargaining unit employees.

7.     USDA did not invite or permit bargaining over the underlying reorganization decisions and is engaging in Impact and Implementation (I&I) bargaining only.

8.     According to the notice that USDA provided NTEU on April 30, the bargaining applies to those assigned to a Regional Office.  USDA provided a supplemental notice on August 5, 2026, informing the bargaining team that the bargaining also covers Retail Operations and Compliance Office employees and employees who report to the National Office but do not physically reside in the D.C. area or currently work out of the Braddock Place building.

9.     The Union is only bargaining over impacts and implementation because USDA has told the Union that the Reorganization will happen regardless of whether the Union bargains over these limited pieces.

10. If the Reorganization is stopped, then there is no need to negotiate a Memorandum of Understanding about the effects and procedures by which the Reorganization would occur. A MOU concerning effects on employees is only relevant if the Reorganization actually is implemented. As set forth in my prior declaration, the Union's and its members' interests are best served if the Reorganization does not occur.

11. I am not aware of USDA sending any Mandatory Directed Reassignments ("MDR") to relocate FNA employees to the hub offices, yet. Based on discussions between the Union and USDA, the Union expects that USDA will issue MDRs to bargaining unit employees shortly after bargaining concludes.

12. Additionally, I am aware that Defendants in this case have argued that the harms from employee attrition, including those that I discussed in my prior declaration, will not occur because USDA will hire new employees.

13. I do not believe that USDA intends to hire for FNA. But with respect to the FNA Regional Offices, even if USDA did hire new employees, such employees will not have the expertise about how to work with states' idiosyncratic systems that the current career FNA employees have built up over years. FNA has no uniform training program for new employees and relies heavily on current employees to provide support to new hires in lieu of formal training. As my previous declaration described, for many positions there will be no one or almost no one left to train new hires. I have already been experiencing how difficult and time-consuming it is to try to cross-train our existing FNA employees on the duties of our former colleagues who took DRP, VERA, or VSIP and left in the last year. We have already lost so much institutional knowledge with the departures of those colleagues, and we greatly depend on the remaining career employees who have been at FNA for years and have accumulated substantial knowledge of the intricacies of program functions. The vast majority of the remaining experienced employees will leave the agency rather than relocate, and their capacity cannot be replaced by new hires, particularly because there will be no one to train them.

I declare under penalty of perjury under the laws of the United States that the foregoing is true

REPLY DECLARATION OF ELLEN MEI, NO. 3:25-CV-03698-SI

and correct.  Executed August 7, 2026, in Boston, Massachusetts.

Ellen Mei

REPLY DECLARATION OF ELLEN MEI, NO. 3:25-CV-03698-SI