Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
dleonard@altber.com
bchishom@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*
[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., | Case No. 3:25-cv-03698-SI |
| Plaintiffs, | **REPLY DECLARATION OF AMY ROSENTHAL** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| Defendants. | |

**REPLY DECLARATION OF AMY ROSENTHAL**

I, Amy Rosenthal, declare as follows:

1.     I am over 18 years old and competent to give this declaration.  This declaration is based on my personal knowledge, information, and belief.

2.     This declaration supplements the declaration that I previously submitted in support of Plaintiffs' Motion for Preliminary Injunction with respect to the United States Department of Agriculture ("USDA") Reorganization Plan.

3.     I am a Social Science Research Analyst at the Food and Nutrition Administration ("FNA") within USDA.

4.     I serve as President of Chapter 226 of the National Treasury Employees Union ("NTEU Chapter 226," or the "Union").  Chapter 226 represents employees in the National Office, which includes employees who currently reside near Northern Virginia and work out of the Headquarters building on Braddock Place in Alexandria, Virginia, as well as employees who were hired remotely and now report to nearby regional offices or other USDA offices under the department's return to office policy.

5.     On February 25, 2026, USDA alerted the Union that it would be closing the Braddock Place office.  The Union requested to bargain over the office closure, and those negotiations began prior to USDA's public announcement on April 30, 2026, of the implementation of the Reorganization Plan at FNA.  As President of Chapter 226, I attended the initial briefing session, received regular updates from the bargaining team about the negotiations, and am familiar with the Memorandum of Understanding ("MOU") that was signed.

6.     The scope of the Union's negotiations with USDA about the closure of Braddock Place was limited to bargaining over the impacts and implementation of that closure.

7.     The Union was not allowed to bargain over whether the office would close, only over certain effects of that closure on bargaining unit members.  For example, the Union tried to raise the fact that GSA's Braddock Place lease did not end until 2034, but USDA told the Union that the move out of Braddock Place was not negotiable.  The Union was also not allowed to

bargain over whether USDA could only relinquish certain floors rather than move out of the entire building.

8.    USDA informed the Union that it submitted a lease termination request to GSA for Braddock Place.  The Union has not been informed whether GSA has acted on that request.  The Union's understanding is that USDA will have to continue paying rent to GSA until a new tenant is found.

9.    On June 30, 2026, the Union signed a MOU with USDA over certain effects of the Braddock Place office closure on bargaining unit members who report to that office.  The MOU's provisions "apply only to FNA employees whose current official duty station is located at 1320 Braddock Place," and "[a]ny substantive changes to office space and/or the relocation of FNA employees to any other duty stations are not addressed."

10.    The Union only bargained and signed this MOU because USDA repeatedly told the Union that it would be closing the office and relocating these employees regardless of whether the Union bargained about the effects.  The Union and its members would prefer that FNA employees currently reporting to Braddock Place continue to report to Braddock Place.

11.    Additionally, as set forth in my prior declaration, the Union's and its members' interests are best served if the Reorganization does not occur.  Any MOU provisions about the effects of the Reorganization on employees are only relevant if the Reorganization is implemented.

12.    The MOU requires that the "office space and relocation actions and activities addressed by this MOU must conform with the parties' 2025 Collective Bargaining Agreement and all legal requirements."  It also contains a provision that enables the parties to meet and resolve any "significant unanticipated problems that arise following implementation."

13.    On April 30, 2026, USDA sent the Union another bargaining notice about its intent to relocate FNA employees across the agency to new "hub" locations in Dallas, Denver, Indianapolis, Kansas City, and Raleigh pursuant to USDA's Reorganization Plan.  As President of Chapter 226, I reviewed a copy of the bargaining notice and receive regular updates from the bargaining team.

REPLY DECLARATION OF AMY ROSENTHAL, NO. 3:25-CV-03698-SI

14.    USDA did not invite or permit bargaining over the underlying reorganization decisions.  USDA is only engaging in Impact and Implementation (I&I) bargaining.

15.    This ongoing impact and implementation bargaining applies to the relocation of FNA Regional Office employees, Retailer Operations and Compliance employees, and employees who are part of the FNA National Office but were hired as or transitioned to remote positions and so, under the current return to office policy, report to duty stations that are not Braddock Place.

16.    The Union is only bargaining over the impacts and implementation of the Reorganization Plan's forced relocation of FNA employees to hub offices because USDA has repeatedly told the Union that it will implement the Reorganization regardless of whether the Union bargains over its effects.

17.    If the Reorganization is stopped, then there is no need to negotiate a Memorandum of Understanding about the effects and procedures by which the Reorganization would occur.  A MOU concerning effects on employees is only relevant if the Reorganization actually is implemented.  As set forth in my prior declaration, the Union's and its members' interests are best served if the Reorganization does not occur.

18.    As detailed in my previous declaration, the Union is very concerned about the devastating impacts that the forced relocation of FNA employees will have on the agency's ability to fulfill its statutory and programmatic functions.

19.    The Union's May 2026 survey, discussed in my prior declaration, showed that USDA's Reorganization would trigger a large-scale departure of experienced staff from across the agency.  That survey was sent to all FNA employees.  The survey asked, "If you were required to move to the proposed location for your program area (see list below) in the next 6 months, would you move?," and included the list of hub office locations and Retail Operations and Compliance office locations USDA had announced.  We received 368 responses, which is approximately one third of all FNA employees.  The survey results are set forth in my prior declaration.

20.    I want to specifically highlight here the 136 National Office employees who will be required to relocate from their non-Braddock Place duty station to a hub office.  Most of these employees were hired under fully remote job listings and hold strong ties to their specific location

REPLY DECLARATION OF AMY ROSENTHAL, NO. 3:25-CV-03698-SI

that make it particularly unlikely that they will relocate.  These employees include people with decades of experience working on FNA programs at their state agencies before the remote job posting allowed them to join FNA without requiring them to uproot their lives.  These employees bring immense value and substantial expertise to FNA that will be lost if they are required under the USDA Reorganization Plan to relocate and, being unable to do so without great personal cost, are forced to separate from the agency.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed August 7, 2026, in Washington, D.C.

_____

Amy Rosenthal

REPLY DECLARATION OF AMY ROSENTHAL, NO. 3:25-CV-03698-SI