Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*

[Additional counsel and affiliations listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>     Defendants. | Case No. 3:25-cv-03698-SI<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO FILE A SECOND SUPPLEMENTAL COMPLAINT** |

**INTRODUCTION**

Defendants U.S. Department of Agriculture and Secretary of Agriculture Brooke Rollins (collectively, "USDA") oppose the filing of a second supplemental complaint largely by raising complaints about the scope of the existing litigation as set forth in the operative complaints (ECF 270, 298), in which Plaintiffs bring Administrative Procedure Act ("APA") and ultra vires claims challenging the President, OPM, and OMB's efforts to transform and downsize many federal agencies pursuant to Executive Orders 14210, 14356, Agency RIF and Reorganization Plans ("ARRPs") and Annual Staffing Plans, and the agency actions implementing those directions. Those misdirected grievances provide no basis to deny Plaintiffs' request to file the supplemental complaint at issue here. That supplemental complaint adds factual allegations that postdate the operative complaint regarding existing defendant USDA—whose Reorganization Plan was already at issue in this case—and USDA's implementation of that Plan, which results from the President's directives to reorganize and downsize federal agencies. The supplemental complaint also adds three additional plaintiffs impacted by USDA's actions and specifies the claims that flow from those actions. USDA's mischaracterization of the supplemental complaint as a hunt for "new prey far outside the original terrain," ECF 458 at 1, is not true: this supplemental complaint addresses agency action that flows from the same directives already at issue, a connection that is evidenced and supported by documents obtained in existing discovery with respect to the already-pending claims in this case.

USDA has no real response to Plaintiffs' showing that judicial efficiency would be served by resolving all of Plaintiffs' claims against USDA stemming from the ARRP and Reorganization Plan in the same litigation. Nor has USDA established any actual prejudice or that Plaintiffs were somehow dilatory in moving to supplement, as Plaintiffs filed their motion to supplement and moved for preliminary relief shortly after USDA began taking action to implement its Reorganization Plan. Finally, nothing in the new complaint requires, as USDA argues, joining all entities (including non-plaintiff unions) impacted by USDA's actions.

**ARGUMENT**

**1.　　Supplementing the Complaint Will Promote Judicial Efficiency.**

Granting leave to file Plaintiffs' supplemental complaint will promote judicial efficiency by facilitating the resolution in one case of all claims relating to USDA's implementation of the workforce reduction directives of Defendants President Trump, OMB, and OPM.  Plaintiffs' Proposed Second Supplemental Complaint adds: (1) factual allegations about USDA's implementation of its ARRP through its Reorganization Plan, (2) three new Plaintiffs (to which Defendants do not object) that are harmed by the Reorganization, and (3) APA and ultra vires claims against USDA and Secretary Rollins arising from these new facts.  Defendants do not dispute that under Local Rule 3-12, any separate action with these additional allegations, parties, and claims would likely be deemed related to the present action, given the overlap in claims and factual allegations.  Accordingly, supplementation will "avoid the cost, delay and waste" of a separate related action.  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *see Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-cv-00865-SI, 2014 WL 1931069, at *2-3 (N.D. Cal. May 14, 2014) (holding supplementation would promote judicial efficiency and recognizing that denying the motion would merely result in a separate action filed as a related case).

Instead, Defendants dispute the content of Plaintiffs' factual allegations, including that USDA's Reorganization Plan and recent implementing actions flow from the ARRPs that are the core of this lawsuit.  Such factual disputes, however, are not appropriate at the pleading stage, nor do Defendants' objections to the factual allegations provide a basis to deny Plaintiffs' motion.  *See infra* at 8 (courts assess alleged "futility" of supplemental complaint on pleading standards).  At any rate, the record evidence now before the Court on Plaintiffs' preliminary injunction motion demonstrates that Defendants' contention that these are unrelated, separate actions is not remotely accurate.

First, Defendants claim that the 2026 Congressional notifications, not the ARRP, reflect the most "up to date reorganization plans," and are new and therefore somehow disconnected from all of the other reorganization and agency downsizing action already challenged in this case.  ECF 458 at 4.  But the notifications confirm that USDA is now implementing the agency's Reorganization

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

Plan that was created and approved in the ARRP and then announced by the 2025 Secretary Memorandum. *See, e.g.*, ECF 457-2 p. 6 (July 17, 2027 Deputy Secretary Vaden letter to Congress regarding USDA Reorganization Plan implementation: "The United States Department of Agriculture (USDA) reorganization process began with Secretary's Memorandum l078-015, which authorized and directed the actions necessary to effectuate the consolidation, unification, and optimization of functions within USDA."). Additionally, the evidence before the Court demonstrates that the reorganization actions about which USDA provided congressional notification in April and June 2026 are the same actions that were set forth in the ARRP and the July 2025 Secretary Memorandum publicly announcing this USDA Reorganization Plan, as detailed in Plaintiffs' opening preliminary injunction motion (ECF 440-1) and reply (ECF 466). Moreover, as USDA conceded in its opposition to the preliminary injunction, the Reorganization Plan was always intended to cause agency downsizing. ECF 457 at 31.

Indeed, USDA directly linked its Reorganization Plan to the President's directives for ARRPs in furtherance of agency downsizing when USDA requested an extension of Voluntary Early Retirement Authority (VERA) from OPM in February 2026. *See* Schwartz Decl. Ex. 1 (filed in support of Plaintiffs' preliminary injunction reply). USDA requested VERA extension to "facilitate [USDA's] planned large scale, department-wide restructuring effort," and told OPM that that the restructuring effort "will assist USDA in achieving President Trump's Management Agenda" to "Downsize the Federal Workforce; Optimize Federal Real Estate; and Foster Merit-Based Federal Workforce." *Id.* at 1.[1]  Simply put, the actions USDA is taking now to implement its Reorganization Plan and ARRP are not "fundamentally different," ECF 458 at 4, from the actions already challenged in this litigation: instead, they are part and parcel of those actions.

Second, Defendants assert that USDA received and reviewed public comments, seeming to suggest that the USDA Reorganization Plan could not have derived from the ARRPs. ECF 458 at 4. Yet USDA does not even try to claim that it changed anything in response to these comments or

---

[1] USDA's request also explicitly equated forced relocations with workforce attrition. When asked to identify what staffing reduction actions (such as RIFs) would be necessary if VERA were not extended, USDA wrote "relocation." Schwarz Decl. Ex. 1 at 1.

because of this process. *See id.* at 3-5. Although Defendants repeat old arguments regarding their view of the deliberative and pre-decisional nature of the ARRPs and again assert that these documents can never be final (*id.* at 4-5), that is wrong and has been rejected previously by this Court and the Ninth Circuit. ECF 124 at 42-43; *AFGE v. Trump*, 139 F.4th 1020, 1039 (9th Cir. 2025). Defendants identify no substantive differences between the decisions made by Defendants in the ARRP and the Reorganization Plan that USDA is now implementing. As Plaintiffs have pled (and now demonstrated in support of the preliminary injunction), there is a direct line between the President's orders to reorganize and downsize, the USDA plan to do so, and the actions that USDA has recently taken to implement that plan. *See* ECF 437-1 ¶¶615-617; ECF 440-1 at 2-3, 6-8; ECF 466 (PI Reply).

Moreover, Defendants identify no efficiencies that would actually be served by litigating any APA and ultra vires challenge to USDA's actions separately from this case. Tellingly, the documents relied on by both sides in support of and opposition to the preliminary injunction motion include documents from discovery in this case. *E.g.*, ECF 440-3 (Plaintiffs relying on ARRP and other documents produced in this litigation); ECF 457-2 (Defendants relying on Annual Staffing Plan and other documents produced in this litigation).[2]

Finally, the present case is unlike *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997), cited by USDA. *See* ECF 458 at 5. There, the court denied a motion to supplement where final judgment in the original lawsuit had been rendered four years earlier and plaintiffs sought to add a new challenge to a different statute than the original lawsuit. In contrast, here, supplementation will permit the resolution of related claims in one lawsuit that is still active, serving judicial efficiency and economy.

**2.    Plaintiffs Did Not Unduly Delay or Prejudice Defendants.**

After complaining that the USDA Reorganization Plan was still evolving until congressional notifications were issued in the spring of 2026, Defendants turn around and argue that Plaintiffs

---

[2] Defendants object to the scope of discovery and claims in the existing litigation (ECF 458 at 5); but judicial economy will be served by litigating these claims together. A defendant's general desire to avoid discovery is no reason to deny a Rule 15(d) motion.

should have moved to supplement their complaint in August 2025.  As an initial matter, Defendants are wrong in their argument that delay alone is a sufficient basis to deny the motion.  *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.").  More importantly, Plaintiffs did not unduly delay.

To start, Plaintiffs had already challenged the ARRPs, including USDA's, in this very lawsuit.  As this Court is aware, Plaintiffs immediately sought to obtain the ARRPs, including from USDA, but Defendants' litigation strategy prevented Plaintiffs from obtaining the AARPs until well into 2026 (after this Court ordered those documents disclosed, and the Ninth Circuit denied Defendants' mandamus petition *and* petition for rehearing en banc).  Defendants fail to explain how Plaintiffs should have supplemented the complaint in August 2025 to allege the connection between the ARRPs and the USDA Reorganization Plan when Plaintiffs did not even have access to USDA's ARRP because Defendants were asserting and litigating the deliberative process privilege and challenging this Court's orders in the appellate courts.

Moreover, Defendants did not move forward with implementation of the USDA Reorganization Plan because they were initially blocked by this litigation from implementing the Reorganization Plan in their ARRP.  ECF 85, 124. Congress then prevented the implementation of any Reorganization Plan involving downsizing (as USDA now admits it is doing, *see* ECF 457 at 31) through Section 120 of the Continuing Resolution ("CR") that ended the October-November 2025 government shutdown, a provision that was extended by Congress multiple times, ultimately through April 30, 2026, *see* ECF 440-1 at 4-5; *see also AFGE v. OMB*, N.D. Cal. Case No. 25-cv-08302-SI (enforcing CR).  Defendants' internal documents expressly admitted that they held off implementing this Plan in light of litigation:  for example, in USDA's February 2026 request for extension of VERA "to facilitate [its] planned large scale, department-wide restructuring effort," USDA explained to OPM that *"[d]ue to delays related to expansive litigation impacting USDA reorganization planning and implementation*, we anticipate implementation of plans will go at least through February 2027."  Schwartz Decl. Ex. 1 at 1 (emphasis added).  Thus, as USDA admits, it was only "[b]eginning in spring 2026" that "USDA commenced its phased, component-level implementation of the reorganization."  ECF 457 at 5.

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

5

Had Plaintiffs added claims and parties and sought injunctive relief with respect to the July 2025 Reorganization Plan (either in 2025, without access to the ARRP, or later in February 2026, after obtaining the ARRP), Defendants surely would have argued ripeness and a waste of judicial resources, because USDA had not yet taken action to implement the Reorganization Plan. Instead, Plaintiffs reasonably moved to supplement and for injunctive relief once USDA actually began to implement its Plan. As USDA admits, it rolled this plan out piecemeal. ECF 457 at 5. Plaintiffs moved once there was a critical mass of ongoing and imminent action—within two weeks of the announced implementation of the Reorganization Plan with respect to the Foreign Agricultural Service and the Rural Development and FPAC mission areas, not long after USDA began implementation for other mission areas and subagencies, and well before any relocation deadlines. *See* ECF 440-1 at 9-27. Remarkably, even as Defendants now decry the purported delay in challenging USDA's Reorganization Plan, they still (incorrectly) argue that the Plan and implementation of the Plan is unreviewable because these actions are not yet final. ECF 457 at 9-13. In contrast to Defendants' contradictory positions, Plaintiffs' timing in moving to supplement reflects respect for judicial efficiency and a consistent and coherent theory of finality.

More importantly, Defendants demonstrate no actual prejudice, let alone prejudice that is linked to any purported delay. Plaintiffs are well within any statute of limitations to sue under the APA and bring ultra vires claims for actions implementing the USDA Reorganization Plan. To the extent Defendants' vague claims of prejudice are about discovery, Defendants cannot avoid discovery or the need to produce administrative records: that obligation would lie whether the claims are asserted in this case or in a separately filed case.[3] Defendants also continue to assert their disagreement with this Court's discovery rulings, ECF 458 at 4-5, but that does not constitute prejudice, and those rulings have been affirmed by the Ninth Circuit. In short, Defendants offer no reason why permitting Plaintiffs to supplement their complaint would prejudice them in any way.

---

[3] To the extent Defendants' claim of prejudice rests on the discovery conducted *to date*, that is not a valid basis for asserting future prejudice. Moreover, as discussed above, both parties have utilized the discovery materials in support of and in opposition to the preliminary injunction—dispelling any notion that the discovery to date has not been relevant or necessary. *See* ECF 457-2 pp. 125-166.

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

**3.      Plaintiffs Proposed Complaint Raises No Joinder Problems.**

Defendants do not object to the addition of the three Proposed Plaintiffs. *See* ECF 458. Defendants instead argue that Plaintiffs should have also joined additional unions that represent federal employees impacted by USDA's actions. But Rule 19 has never required every individual or entity impacted by government action to be brought together into the same lawsuit to sue as plaintiffs.

The other non-plaintiff unions that have engaged in impact and implementation ("I&I") bargaining regarding aspects of the USDA Reorganization Plan and negotiated agreements with USDA are not required parties to this litigation and, thus, need not be joined under Rule 19. Defendants present no argument whatsoever that would provide a basis for concluding that the Court cannot accord complete relief in their absence, Fed. R. Civ. P. 19(a)(1)(A). Rather, Defendants state only that a preliminary injunction could "impair or impede" the non-parties' ability to protect their own interests in the agreements reached after I&I bargaining, which could then— USDA speculates—subject it to "inconsistent obligations." ECF 458 at 7.

Setting aside the irony of Defendants invoking the *interests* of unions whose members USDA is attempting to eliminate from federal employment by forced relocation across the country, Defendants' logic and argument are flawed. As explained in Plaintiffs' reply in support of the preliminary injunction and set forth in the uncontroverted record before this Court, the agreements to which USDA points are the result of I&I bargaining. That I&I bargaining is by definition only about the impacts of USDA's implementation of the Reorganization Plan: it does not in any way address the fact or legality of the Reorganization Plan. *See, e.g.*, ECF 457-2 p. 123 (Defendants' submission of bargaining notice setting forth I&I bargaining only). Indeed, USDA has taken the consistent position with the unions representing its employees that it will not bargain over the fact or legality of its reorganization decisions, including the relocation of employees (as set forth in the reply evidence accompanying Plaintiffs' reply in support of the pending motion for preliminary injunction). The MOUs reached through this I&I bargaining thus do not touch on the fact or legality of the Reorganization Plan (and relocation decisions) and *reserve the right to challenge* the lawfulness of the Plan. *See* ECF 457-2 pp. 79, 87, 99, 120.

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

By way of analogy, I&I bargaining is like having pirates board a ship and then tell the sailors to walk the plank—but offer to bargain over the length of the plank. Consistent with that limited scope of bargaining, the MOUs that Defendants cite create no risk at all of inconsistent obligations, because the unions would have no need to rely on or enforce any MOU's provisions if the Reorganization Plan itself were stopped.[4] Nor have Defendants even come close to demonstrating the specific impairment of rights that, as a legal matter, might support an argument that the non-party unions were necessary parties in a manner that would render the supplemental complaint futile. They point to no contractual provision at all (nor could they) that they claim would be impaired by Plaintiffs' requested relief. *Cf. Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 882 (9th Cir. 2004) (even where litigation might have changed underlying conditions of a contract with non-party, non-party's interests were not impaired or impeded under Rule 19(a)(1)(B) because the litigation did not challenge the contract itself).

There is no reasonable basis for this Court to hold that non-plaintiff unions are required parties and need to be joined under Rule 19.

**4.     Plaintiffs' Proposed Complaint Is Not Futile.**

Defendants' argument that the supplemental complaint is futile merely incorporates by reference their objections to the preliminary injunction, and Plaintiffs therefore likewise incorporate by reference their reply arguments. Additionally, Plaintiffs note that the standard for futility of amending pleadings is not the same as the standard for reviewing a request for preliminary injunctive relief, a difference that Defendants wholly fail to address. *See Watson v. Ford Motor Co.*, No. 18-CV-00928-SI, 2018 WL 3869563, at *3 (N.D. Cal. Aug. 15, 2018) (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)). Defendants offer no argument that would meet the exceptionally high bar set by Rule 15 to foreclose amendment.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Supplemental

---

[4] In case there was any doubt, the unions whose rights Defendants appear to be invoking would be quite happy if the entire Reorganization Plan were enjoined. Mei Reply Decl. ¶¶9-10; Rosenthal Reply Decl. ¶¶10-11, 16-17; Kotyk Reply Decl. ¶¶12-13 (filed in support of Plaintiffs' preliminary injunction reply).

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

Complaint should be granted.


DATED: August 7, 2026                         Respectfully submitted,

                                              Stacey M. Leyton
                                              Barbara J. Chisholm
                                              Danielle E. Leonard
                                              Corinne F. Johnson
                                              Robin S. Tholin
                                              Elizabeth Eshleman
                                              Jessica M. Levy
                                              ALTSHULER BERZON LLP
                                              177 Post St., Suite 300
                                              San Francisco, CA 94108
                                              Tel: (415) 421-7151
                                              sleyton@altshulerberzon.com
                                              bchisholm@altshulerberzon.com
                                              dleonard@altshulerberzon.com

                                      By: */s/ Corinne F. Johnson*

                                      *Attorneys for All Union and Non-Profit Organization
                                      Plaintiffs and Proposed Plaintiffs National WIC
                                      Association and Alliance of Crop, Soil and
                                      Environmental Science Societies*

                                              Elena Goldstein (pro hac vice)
                                              Skye Perryman (pro hac vice)
                                              Tsuki Hoshijima (pro hac vice)
                                              Andrea Matthews (pro hac vice)
                                              Gregory M. Cumming (pro hac vice)
                                              DEMOCRACY FORWARD FOUNDATION
                                              P.O. Box 34553
                                              Washington, D.C. 20043
                                              Tel: (202) 448-9090
                                              Fax: (202) 796-4426
                                              egoldstein@democracyforward.org
                                              sperryman@democracyforward.org
                                              thoshijima@democracyforward.org
                                              amatthews@democracyforward.org
                                              gcumming@democracyforward.org

                                      By: */s/ Gregory M. Cumming*

                                      *Attorneys for All Union and Non-Profit Organization
                                      Plaintiffs (except NRDC) and Plaintiffs City of
                                      Chicago, IL; Martin Luther King, Jr. County, WA;*

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

*Harris County, TX; and City of Baltimore, MD and Proposed Plaintiffs National WIC Association and Prince George's County*

Jules Torti (pro hac vice)
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038

Erica J. Newland (pro hac vice)
Jacek Pruski (pro hac vice)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel: 202-579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

By: */s/ Jules Torti*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Norman L. Eisen (pro hac vice)
Spencer W. Klein (pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

By: */s/ Norman L. Eisen*

*Attorneys for All Union and Non-Profit Organization Plaintiffs (except NRDC)*

Rushab Sanghvi (SBN 302809)
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, D.C. 20001
Tel: (202) 639-6426
Sanghr@afge.org

By: */s/ Rushab Sanghvi*

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

10

*Attorneys for Plaintiffs American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson (SBN 226659)
Matthew Blumin  (pro hac vice)
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel: (202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org

By: */s/ Teague Paterson*

*Attorneys for Plaintiff American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury (SBN 199499)
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel: (202) 730-7428
steven.ury@seiu.org

By: */s/ Steven K. Ury*

*Attorneys for Plaintiff Service Employees International Union, AFL-CIO (SEIU)*

Simi Bhat
Katherine K. Desormeau
Gavin G. McCabe
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St Fl 21,
San Francisco, CA 94104
Tel: (415) 875-6100
sbhat@nrdc.org
kdesormeau@nrdc.org
gmccabe@nrdc.org

By: */s/ Gavin G. McCabe*

*Attorneys for Plaintiff Natural Resources Defense Council*

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

11

David Chiu (SBN 189542)
City Attorney
Yvonne R. Meré (SBN 175394)
Chief Deputy City Attorney
Mollie M. Lee (SBN 251404)
Chief of Strategic Advocacy
Sara J. Eisenberg (SBN 269303)
Chief of Complex and Affirmative Litigation
Molly J. Alarcon (SBN 315244)
Alexander J. Holtzman (SBN 311813)
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By:  */s/ David Chiu*

*Attorneys for Plaintiff City and County of San
Francisco*

Tony LoPresti (SBN 289269)
COUNTY COUNSEL
Kavita Narayan (SBN 264191)
Meredith A. Johnson (SBN 291018)
Raphael N. Rajendra (SBN 255096)
Hannah M. Godbey (SBN 334475)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel: (408) 299-5900
Kavita.Narayan@cco.sccgov.org
Meredith.Johnson@cco.sccgov.org
Raphael.Rajendra@cco.sccgov.org
Hannah.Godbey@cco.sccgov.org

By:  */s/ Tony LoPresti*

*Attorneys for Plaintiff County of Santa Clara, Calif.*

Christopher Sanders (pro hac vice)
General Counsel
Erin King-Clancy (SBN 249197)
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

12

ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
chrsanders@kingcounty.gov
eclancy@kingcounty.gov

By: /s/ Erin King-Clancy

*Attorneys for Plaintiff Martin Luther King, Jr. County*

Sharanya Mohan (SBN 350675)
Eliana Greenberg (SBN 366319)
Toby Merrill (pro hac vice)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
sai@publicrightsproject.org
eliana@publicrightsproject.org
toby@publicrightsproject.org

By: /s/ Eliana Greenberg

*Attorney for Plaintiffs Baltimore, MD, Chicago, IL,*
*Harris County, TX, Martin Luther King, Jr. County,*
*WA and Proposed Plaintiff Prince George's County*

ABBIE KAMIN
Harris County Attorney
NEAL SARKAR
First Assistant County Attorney
SARAH J. UTLEY
Managing Counsel,
Affirmative and Special Litigation and Environmental
BETHANY DWYER
Deputy Division Director, Environmental
R. CHAN TYSOR (pro hac vice)
Senior Assistant County Attorney
Environmental Division
1010 Lamar, 11th Floor
Houston, Texas 77002
Tel: (713) 274 - 5150
chan.tysor@harriscountytx.gov

By: /s/ R. Chan Tysor

*Attorneys for Plaintiff Harris County, Texas*

Ebony M. Thompson

REPLY ISO PLS' MOT. TO FILE A SECOND SUPP. COMPL., No. 3:25-cv-03698-SI

13

Baltimore City Solicitor
Christopher Sousa (SBN 264874)
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel: (443) 610-8859
christopher.sousa@baltimorecity.gov

By: */s/ Christopher Sousa*

*Attorneys for Plaintiff City of Baltimore*

Anthony D. Jones (pro hac vice forthcoming)
Prince George's County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
Tel: (301) 925-5225
adjones@princegeorgescountymd.gov

By: */s/ Anthony D. Jones*

*Attorneys for Proposed Plaintiff Prince George's County*