**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 3:25-cv-03698<br><br>**DECLARATION OF KATELAND JACKSON** |

I, Kateland Jackson, declare as follows:

1. I am the Chief of Staff[1] for the Office of the General Counsel at the U.S. Department of Homeland Security, headquartered in Washington, D.C. I have served in this position since April 2025. The statements contained in this declaration are based upon my personal knowledge and information provided to me in my official capacity.

2. I am aware of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF 460), as well as the Declaration of Elizabeth Eshleman in Support of Plaintiffs' Partial Summary Judgment Reply and Opposition (ECF 461-2).

3. I make this declaration in support of Defendants' Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

4. Upon further consideration, DHS has decided to lift its Confidentiality designation on the documents filed under seal, with the exception of the specified phone numbers and attorney-client privileged communications described below. Attached to this Declaration as DHS Exhibits are redacted versions of Plaintiffs' Exhibits A–D, H–J, P, and T, which were attached to the Eshelman Declaration under seal, with redactions over the material which must remain protected.

5. Plaintiffs' Exhibits A, B, C, and D contain the work cellphone number of Karen Evans. Ms. Evans is a current DHS employee and retains the same work cellphone number that she had while at the Federal Emergency Management Agency ("FEMA"). There is a compelling need to protect this information. Disclosure of this phone number would risk subjecting Ms. Evans to harassment and annoyance in the conduct of her official duties. Because this is a cellphone number, there is no reason to believe that this harassment and annoyance would be limited to business, or even waking, hours.

6. By contrast to these manifest harms which would result from disclosure of this cellphone number, disclosure would result in zero public benefit. Further, this cellphone number is

[1] I also serve as the Principal Deputy General Counsel. I am submitting this declaration, however, in my role as Chief of Staff.

entirely irrelevant to any of Plaintiffs' claims at issue in this litigation. For these reasons, Ms. Evans' work-cellphone number should be kept under seal.

7. Plaintiffs' Exhibits H, I, J, P and T contain the personal cellphone numbers of former employees,[2] as well as cellphone numbers for third party state officials. It is unknown whether the third-party cellphone numbers are work phone numbers or personal phone numbers. There is a compelling need to protect this information. Disclosure of these phone numbers would risk subjecting former government employees and non-party state officials to harassment and annoyance. At least two, and potentially all, of these numbers are personal cellphone numbers, thus, there is no reason to believe that such harassment and annoyance would be limited to business or waking hours. Additionally, as personal cellphones are often used in connection with security features such as two-step authentication, there may be additional risk in making these numbers publicly available.

8. By contrast to these manifest harms which would result from disclosure of these cellphone numbers, disclosure would result in zero public benefit. Further, these cellphone numbers are entirely irrelevant to any of Plaintiffs' claims at issue in this litigation. For these reasons, these cellphone numbers should be kept under seal.

9. Upon preparation of this declaration, DHS identified attorney-client privileged material in Exhibit I. Defendants have requested that Plaintiffs destroy or permanently delete all versions or copies of the communications in any format in which Plaintiffs have them. Defendants will provide Plaintiffs with a replacement document. DHS will not maintain its Confidentiality designation over this replacement document, with the exception of the personal cellphone information described in paragraph 9. The proposed version of this Exhibit being submitted with Defendants' filing has both redactions for the attorney-client privileged information and the cellphone numbers.

[2] DHS has confirmed that the relevant numbers for the former employees are not DHS or FEMA issued phone numbers. Therefore, DHS believes that the numbers are personal cellphone numbers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 14, 2026

Kateland Jackson