Stacey M. Leyton (SBN 203827)
Barbara J. Chisholm (SBN 224656)
Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
sleyton@altber.com
dleonard@altber.com
bchishom@altber.com

Elena Goldstein (pro hac vice)
Skye Perryman (pro hac vice)
Tsuki Hoshijima (pro hac vice)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Tel: (202) 448-9090
Fax: (202) 796-4426
egoldstein@democracyforward.org
sperryman@democracyforward.org
thoshijima@democracyforward.org

*Attorneys for Plaintiffs*
[Additional Counsel not listed]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

Defendants.

Case No. 3:25-cv-03698-SI

**DECLARATION OF KEYWAN JOHNSON**

**DECLARATION OF KEYWAN JOHNSON**

I, Keywan Johnson, declare as follows:

1. I am over 18 years old and competent to give this declaration. This declaration is based on my personal knowledge, information provided to me in the course of my work at the American Federation of Government Employees, AFL-CIO ("AFGE" or "Union") by other union officials and employees, or information and belief.

2. I am a Labor Relations Specialist at AFGE. I regularly work with our USDA locals on issues related to USDA's Reorganization. As a result of this work, I am familiar with USDA's Reorganization and the impacts on USDA employees, and I receive updates from other union leaders about how the USDA Reorganization is affecting USDA employees.

3. I have reviewed the Supplemental Declaration of Mary Pletcher Rice filed Friday, August 28, 2026 (ECF 478-1). I understand that Ms. Rice is claiming that for the 725 USDA employees to whom MDR letters have been issued, as of August 28, 2025, 64 percent have accepted.

4. The Union and its locals have been advising USDA employees who receive management directed reassignment ("MDR") letters pursuant to USDA's Reorganization Plan. The Union also regularly communicates with the union leadership at the locals whose units are affected by the Reorganization Plan. Based on those activities, the Union understands the following.

5. To date, AFGE is aware that USDA has issued MDR letters at the Economic Research Service ("ERS"), National Institute of Food and Agriculture ("NIFA"), Agricultural Research Service, National Agricultural Statistics Service, Food Safety and Inspection Service, and Office of General Counsel. Many other USDA employees face imminent MDR letters that have yet to be issued by the agency. USDA's reported acceptance rate does not address those employees.

6. According to the information in the possession of AFGE, USDA's reported rates of "acceptance" are inflated, for several reasons.

7. USDA requires that employees must "accept" relocation in order to request hardship exemptions or reasonable accommodations that will enable them not to report to the new locations to which they have been assigned. AFGE is aware that many employees have "accepted" their relocations so that they can pursue hardship exemptions or reasonable accommodations. But due to their personal circumstances, many of those employees will not be able to relocate if their requests are denied. For instance, employees have requested hardship exemptions because their spouses work at federal agencies and cannot relocate, or because they are the sole caregiver for elderly parents who cannot relocate.

8. Some employees' requests for hardship exemptions and reasonable accommodations are still pending. Other requests have been denied. To the Union's knowledge, the only hardship exemptions that have been granted are for relatively short extensions of the reporting deadline, which often does not alleviate or address the reasons the requesting employees cannot relocate. As a result, while such employees technically "accepted" relocation, they will not in fact be able to relocate. In general, employees whose hardship exemptions or reasonable accommodations requests were denied have 60 days from the date of the decision to report to their new location. Many such employees are using that time to try to find other jobs or alternatives to avoid relocation.

9. For some NIFA employees who initially declined relocation, USDA management has unilaterally given them an extension of their reporting date. Those employees received letters from USDA stating that the employee had "accept[ed]" the relocation and been granted a hardship exemption (even though the employee had neither accepted nor requested an exemption).

10. Many employees face barriers to relocating, but "declining" relocation immediately in response to an MDR completely forecloses relocation as an option. The Union and its locals understand that some employees have "accepted" relocations by the short mandatory deadlines they were given to respond in order to keep their options open while they try to secure alternatives to relocating prior to their reporting date and evaluate the feasibility of relocating for themselves and their families.

11. For all of those reasons, the number of employees who are actually able to relocate is likely to be substantially lower than the number of employees USDA considers to have "accepted" the relocation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed August 31, 2026, in Washington, D.C.

Keywan Johnson