UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 25-cv-03698-SI

**ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT THE COMPLAINT AND DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT**

Re: Dkt. Nos. 437, 440

On September 1, 2026, the Court held a hearing on plaintiffs' motion for leave to file a second supplemental complaint and plaintiffs' motion for a preliminary injunction. Both motions concern the U.S. Department of Agriculture's implementation of a major reorganization in which, among other changes, the Department is shifting to a five hub-city organizational framework and relocating most of USDA's headquarters and staff out of the Washington D.C. area to five "hub" cities across the country.[1] For the reasons set forth below, the Court concludes that the claims plaintiffs seek to bring regarding the USDA reorganization involve new and distinct causes of action that should be the subject of a separate lawsuit, and thus the Court DENIES plaintiffs' motion for leave to supplement the complaint and DENIES the motion for a preliminary injunction as moot.[2]

**BACKGROUND**

On April 28, 2025, plaintiffs – unions, nonprofits, and local governments – filed this lawsuit

[1] The five hub cities are Raleigh, North Carolina; Kansas City, Missouri; Dallas/Fort Worth, Texas; Fort Collins, Colorado, and Salt Lake City, Utah.

[2] The Court will issue a separate order regarding the administrative motions to seal that have been filed regarding the motion for a preliminary injunction.

United States District Court
Northern District of California

against President Trump; the Office of Management and Budget ("OMB"); the Office of Personnel Management ("OPM"), the Department of Government Efficiency ("DOGE); officials with OMB, OPM, and DOGE; and 21 federal agencies or departments, including the USDA. The original complaint alleged that President Trump's Executive Order 14210, "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative," 90 Fed. Reg. 9669 (Feb. 11, 2025), is *ultra vires* and usurps Congressional authority and violates the Administrative Procedure Act, 5 U.S.C. § 706(2) ("APA"). The Executive Order directed federal department and agency heads to initiate "large scale reductions-in-force." In response to the Executive Order, the directors of the OMB and OPM sent a memorandum to heads of executive departments and agencies on February 26, 2025, instructing agency heads to submit Agency RIF and Reorganization Plans ("ARRPs") to OMB and OPM for review and approval (the "OMB/OPM Memo"). The original complaint asserted that the Executive Order violated the Constitution's separation of powers (Claim One); that OMB, OPM, and DOGE acted *ultra vires* or beyond their authority in implementing Executive Order 14210, including by issuing the OMB/OPM Memo (Claim Two); that the OMB/OPM Memo violated the APA (Claims Three through Five); and that the federal agency and department defendants' ARRPs prepared pursuant to the OMB/OPM Memo violate the APA (Claims Six and Seven).

Plaintiffs have amended the complaint twice and supplemented the complaint once. The operative complaint is over 600 paragraphs and asserts thirteen causes of action against 23 federal agencies and departments (not including defendants OMB, OPM and DOGE), and numerous federal officials, including President Trump. Dkt. No. 298.

On July 1, 2026, plaintiffs filed a motion for leave to file a second supplemental complaint arising out of USDA's implementation of a major reorganization, and a motion for a preliminary injunction to halt that reorganization. The proposed second supplemental complaint alleges that in July 2025, USDA Secretary Rollins issued a memorandum regarding the Department's reorganization plan, "which includes significant forced relocations for USDA employees," and that "USDA sought authorization for the actions in this Reorganization Plan through the budget process for Fiscal Year 2026, which Congress rejected." Proposed Second Supp. Compl. ¶¶ 615-16 (Dkt.

No. 437-1). The proposed supplemental complaint alleges that "Congress specifically directed USDA *not* to take actions restructuring the agency or downsizing staff without further congressional approval[,]" and that despite that Congressional prohibition, USDA began to implement the reorganization in 2026. *Id.* ¶¶ 616-17 (emphasis in original). Defendants oppose plaintiffs' motion for leave to file a second supplemental complaint and the motion for a preliminary injunction.

## LEGAL STANDARD

Rule 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. Proc. 15(d). The Court has "broad discretion" whether to grant or deny a party's request to supplement a complaint. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "The five factors commonly used to evaluate the propriety of a . . . motion to supplement[] are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action[.]" *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations and quotation marks omitted). In addition, "[c]ourts also consider whether allowing leave to supplement would align with the goal of Rule 15(d), which is to promote judicial efficiency." *Lyon*, 308 F.R.D. at 214.

## DISCUSSION

Plaintiffs seek to file a second supplemental complaint to (1) add three new plaintiffs directly impacted by USDA's reorganization actions (National WIC Association, a nonprofit membership-based organization; Alliance of Crop, Soil and Environmental Science Societies, a nonprofit that manages and supports three membership associations; and Prince George's County, Maryland); (2) add new factual allegations related to USDA's implementation of the reorganization; and (3) add three new claims: Claim XIV (APA, 5 U.S.C. § 706(2)(A), (B), and (C) (not in accordance with law

and exceeding statutory authority); Claim XV (*Ultra Vires* Unlawful and Unconstitutional Governmental Action); and Claim XVI (APA, 5 U.S.C. § 706(2)(A) (arbitrary and capricious government action). Plaintiffs contend that supplementation should be permitted because they claim that the current USDA reorganization flows from the same directives challenged in the initial complaint, and they assert that it is in the interest of judicial efficiency to resolve all of plaintiffs' claims regarding USDA in the same litigation.

Defendants oppose supplementation on numerous grounds. As an initial matter, defendants contend that the new proposed claims are "far removed from the lawsuit's genesis—a challenge to reductions-in-force at the beginning of this Administration" and defendants assert as a factual matter that USDA's current reorganization is "entirely distinct from its prior ARRPs[,]" Dkt. No. 458 at 1, 4. Defendants dispute plaintiffs' characterization of the reorganization as a "backdoor RIF[,]" and they assert that USDA projects a modest increase in staffing for FY 2026. Dkt. No. 451 at 2, 5. Defendants also argue that supplementation will not promote judicial efficiency, that the proposed new claims are futile, and they raise concerns about joinder of other parties and prejudice to defendants.

The Court concludes that under the particular facts of this case supplementation is not appropriate. Rule 15(d) "is a tool of judicial economy and convenience," *Volpe*, 858 F.2d at 473, but allowing supplementation here would not serve these interests because the proposed supplemental claims would inject factually and legally distinct issues into this already complicated litigation. When this case was filed in April 2025, the gravamen of the complaint alleged that Executive Order 14210 usurped Congressional Authority and violated the Constitution's separation of powers principles, and that the Executive Branch actions taken to implement that Executive Order were illegal for the same reasons. Neither the original complaint nor any of the successive complaints challenged the current USDA reorganization. At the hearing on the pending motions, plaintiffs stated that their primary legal claim challenging the USDA reorganization is that it violates the FY 2026 appropriations statutes for USDA and the Forest Service. As the extensive briefing on the USDA preliminary injunction motion demonstrates, the claims about the FY 2026 appropriations statutes involve new and distinct legal questions about whether those statutes contain

unconstitutional legislative vetoes, severability, interpretation of legislative history, whether plaintiffs can enforce Congressional appropriations restrictions and so forth – issues that are not raised by any of the claims or causes of action in the operative complaint. Plaintiffs' assertion that the current USDA reorganization is factually connected to the USDA's 2025 ARRPs proves too much because under that theory, plaintiffs would be permitted to bring a never-ending list of new claims in this lawsuit against any of the 23 agency or department defendants challenging current agency actions if they can articulate a connection to that agency's 2025 ARRP.

For these reasons, the Court concludes that plaintiffs' proposed new claims about the USDA reorganization do not belong in this case and should be filed as a separate action. *See Neely*, 130 F.3d at 402 (holding district court abused its discretion in allowing supplementation where, *inter alia*, although original and supplemental complaints both challenged Arizona's parental consent law, "the supplemental complaint challenged a different statute" and "[t]he supplemental complaint filed by plaintiffs involved a new and distinct action that should have been the subject of a separate suit.").

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion for leave to file a second supplemental complaint and DENIES AS MOOT plaintiffs' motion for a preliminary injunction.

**IT IS SO ORDERED**.

Dated: September 2, 2026

SUSAN ILLSTON
United States District Judge