United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO (AFGE), et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 25-cv-03698-SI

**ORDER RE: ADMINISTRATIVE MOTION TO SEAL DOCUMENTS IN CONNECTION WITH PARTIAL SUMMARY JUDGMENT ON FEMA**

Re: Dkt. No. 460

The Court has reviewed the Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 460), filed by Plaintiffs on July 31, 2026, in connection with Plaintiffs' Partial Summary Judgment Reply and Opposition to Defendants' Cross-Motion; as well as Defendants' Statement in Support of Plaintiffs' Administrative Motion and supporting Declarations (Dkt. No. 469); and Plaintiffs' Reply (Dkt. No. 471).

The Court finds compelling reasons to redact the personal and work cell phone numbers in Exhibits **A, B, C, D, H, I, J, P, and T** of Plaintiffs' filing at Dkt. No. 461-2 (Eshleman Decl.), as disclosure of personal and work cell phone numbers could subject a government employee, former government employee, or third party state government employee to harassment. Defendants have narrowly tailored their sealing request and have publicly filed versions of Exhibits **A, B, C, D, H, J, P, and T** with appropriate redactions. *See* Dkt. No. 469-4 (Jackson Decl., Ex. A).

As to **Exhibit I**, the Court finds defendants may redact the cell phone numbers for the reasons stated above but otherwise have not shown compelling reasons to redact two lines of substantive text. Defendants assert that this exhibit contains attorney-client privileged material that was inadvertently disclosed. On its face, however, there is no such privilege with respect to this

United States District Court
Northern District of California

exhibit. The exhibit is a Whatsapp thread between Kara Voorhies and Corey Lewandowski, neither of whom are lawyers. *See* Dkt. No. 471 at 2. The Court denies defendants' request to redact these two lines of text.

Accordingly, this Court ORDERS as follows: the proposed redactions to **Exhibits A, B, C, D, H, J, P, and T** as designated in defendants' filing at Dkt. No. 469-4 are GRANTED, and those exhibits may be publicly filed not under seal, subject to those redactions. **Exhibit I** may be publicly filed under seal with the phone numbers redacted but with no redactions to the substantive text.

Defendants have withdrawn confidentiality objections to the remaining exhibits submitted in support of plaintiffs' filing at Dkt. No. 461-2 and those documents may be publicly filed not under seal, without redactions.

Finally, the Court notes that some of the proposed redacted exhibits defendants filed at Dkt. No. 469-4 appear to have been mis-filed such that only the proposed redaction blocks appear and the substantive text is not visible. *See, e.g.*, Dkt. No. 469-4, Exs. H, I, J, T. For completeness, the parties are ordered to confer and, **no later than November 2, 2026,** to re-file a complete set of the exhibits at issue, which are the exhibits filed in support of the Eshleman declaration at Dkt. No. 461-2. **Exhibits A, B, C, D, H, I, J, P, and T** shall be publicly filed not under seal, except that work and personal cell phone numbers may be redacted. The remaining exhibits shall be publicly filed under seal, without redactions.

**IT IS SO ORDERED**.

Dated: October 21, 2026

SUSAN ILLSTON
United States District Judge